May 3, 2018

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

RE:   *State of New York, et al. v. United States Department of Commerce, et al.,*
         18-CV-2921-JMF (S.D.N.Y)

Dear Judge Furman:

Pursuant to the Court's April 5, 2018 Notice of Initial Pretrial Conference (ECF No. 18), the parties in the above-captioned matter submit a joint letter in anticipation of the initial pretrial conference scheduled for May 9, 2018 at 3:00 PM (ECF No. 43).

**(1) Brief statement of the nature of the action and the principal defenses thereto.**

Plaintiffs bring this action to enforce Defendants' constitutional obligation to conduct an "actual Enumeration" of the national population every ten years, by determining the "whole number of persons" in the United States.  U.S. Const. art. I, § 2, cl. 3; *id.* amend. XIV, § 2.  On March 26, 2018, Defendants announced their decision to use the 2020 Census to demand information on the citizenship status of every resident in the country; and on March 29, Defendants transmitted a report of that determination to Congress as required by the Census Act. 13 U.S.C. § 141(f)(2).  Plaintiffs allege that this determination will fatally undermine the accuracy of the population count; jeopardize critical federal funding needed by states and localities to provide services and support for their residents; deprive historically marginalized immigrant communities of critical public and private resources over the next ten years; and impair the right of Plaintiffs' residents to equal representation.

Plaintiffs allege that Defendants' determination violates the Constitution and the Administrative Procedure Act.  U.S. Const. art. I, § 2, cl. 3; *id.* amend. XIV, § 2; 5 U.S.C. § 706(2).  Plaintiffs accordingly seek declaratory and injunctive relief to enjoin Defendants from demanding person-by-person citizenship information on the 2020 Census.

Defendants assert that Plaintiffs' challenge to the Secretary of Commerce's decision to reinstate a citizenship question on the 2020 Census questionnaire is without merit. Defendants intend to file a motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction and under 12(b)(6) for failure to state a claim, combined with a motion in the alternative for summary judgment under Rule 56 based upon an administrative record that will be produced along with Defendant's motion.

Defendants' principal arguments and defenses will be as follows:  (1) Plaintiffs lack Article III standing because they fail to allege a sufficiently non-speculative injury-in-fact caused by the government action challenged, rather than by the independent actions of third parties not before the Court; (2) the Court lacks jurisdiction over Plaintiffs' APA claim because the

Secretary's decision as to what questions to include in the census questionnaire is committed to agency discretion by law and hence not subject to review under the APA, *see* 5 U.S.C. § 701(a)(2); (3) Defendants are entitled to dismissal of or summary judgment on Plaintiffs' Enumeration Clause claim because the Clause mandates only that an actual enumeration be conducted, with no restrictions on the form of the census questionnaire, and the Secretary makes clear in his decision that he intends to conduct an actual enumeration while following the long-established practice of requesting citizenship information, thereby fully complying with the constitutional requirement; (4) even if the Secretary's decision is reviewable under the APA, Defendants are entitled to summary judgment on Plaintiffs' APA claim because the Secretary's decision is not arbitrary/capricious or otherwise contrary to law.

The collection of citizenship data by the Census has been a long-standing historical practice: The decennial census surveys often included the question up until 1950. Then, the question was asked on the long-form survey sent to 1 in 6 households until 2000. Since 2005, the question has been asked every year on the American Community Survey, which is sent annually to 1 in 38 households.

**(2) A brief explanation of why jurisdiction and venue lie in this Court.**

Plaintiffs assert that the Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2201(a), as well as under the judicial review provisions of the APA, 5 U.S.C. § 702. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) and (e)(1). Defendants are United States agencies or officers sued in their official capacities. Plaintiffs State of New York and City of New York are residents of this judicial district, and the other Plaintiffs consent to adjudication of these issues in this district.

Defendants contend that this Court lacks subject-matter jurisdiction over all of Plaintiffs' claims because Plaintiffs lack Article III standing and that the Court lacks subject-matter jurisdiction over Plaintiffs' APA claim because the challenged decision is committed to agency discretion.

**(3) A statement of all existing deadlines, due dates, and/or cut-off dates.**

Pursuant to Rule 12(a)(2) and Rule 15(a)(3) of the Federal Rules of Civil Procedure, Defendants have until June 8, 2018 to serve an answer or file a motion to dismiss.

**(4) A brief description of any outstanding motions.**

There are currently no outstanding motions.

**(5) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.**

Defendants' view is that discovery is inappropriate because this case challenges a discrete, final agency action and thus should be decided on the administrative record compiled by the agency. *See* 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)

("The factfinding capacity of the district court is thus typically unnecessary to judicial review of agency decisionmaking."); *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Sharkey v. Quarantillo*, 541 F.3d 75, 93 n.15 (2d Cir. 2008). Plaintiffs' assertion of a constitutional claim does not alter this analysis. *See Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 186-87 (D.C. Cir. 2006) (holding that APA provides waiver of sovereign immunity for "all equitable actions for specific relief against a Federal agency or officer acting in an official capacity," regardless whether suit is brought under the APA itself); *Harkness v. Sec. of Navy*, 858 F.3d 437, 451 & n.9 (6th Cir. 2017) (rejecting as meritless argument that presence of constitutional claim warranted extra-record discovery and explaining that constitutional claim "is properly reviewed on the administrative record" absent showing of bad faith). Defendants do not join Plaintiffs' proposed Case Management Plan and do not submit their own because it is unnecessary to resolution of this case. *See* Fed. R. Civ. P. 16(b); Fed. R. Civ. P. 26(a)(1)(B)(i) & (f)(1); Local Civil Rule 16.1.

In order to expedite resolution of this matter, Defendants intend to produce the administrative record on or before June 8, 2018, along with their motion to dismiss or in the alternative for summary judgment. Since Plaintiffs have not yet seen the administrative record, their requests for discovery at this time are premature. *See Hoffman*, 132 F.3d at 14 (evaluating adequacy of record in making determination whether to consider extra-record evidence). This is particularly true here because Defendants have strong arguments and intend to move expeditiously for dismissal on the ground that the Court lacks subject-matter jurisdiction to adjudicate this challenge. *See In re United States*, 138 S. Ct. 443, 445 (2017) (granting writ of mandamus and directing district court to rule on Government's threshold arguments for dismissal before requiring completion of administrative record because "those arguments, if accepted, likely would eliminate the need for the District Court to examine a complete administrative record"); *Rivera v. Heyman*, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("A stay [of discovery] pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."); *Boelter v. Hearst Comm'n, Inc.*, No. 15 Civ. 03934, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting motion to stay discovery during pendency of motion to dismiss in part because "none [of the arguments] are frivolous" and resolution of the motion may result in dismissal of the entire action).

Plaintiffs believe that discovery outside of the administrative record is both appropriate and necessary. It is well-established that "courts permit discovery in APA cases if plaintiffs seek to demonstrate bad faith, bias, or improper behavior on the part of the agency." *Outdoor Amusement Bus. Ass'n, Inc. v. Dep't of Homeland Sec.*, No. CV ELH-16-1015, 2017 WL 3189446, at *18 (D. Md. July 27, 2017); *see also, e.g.*, *Tummino v. Von Eschenbach*, 427 F. Supp. 2d 212, 230 (E.D.N.Y. 2006) (recognizing that "bad faith or improper behavior by agency decisionmakers serves as a basis for expanding the scope of review, and thereby the scope of discovery"). Here, Plaintiffs allege, among other things, that Defendants' demand for citizenship information was undertaken in bad faith. Specifically, while Defendants contend that they seek citizenship information in order to enforce the Voting Rights Act, *see* Am. Compl. ¶ 94, substantial evidence suggests that Defendants' stated rationale is, in fact, pretextual. *See id*. ¶¶ 93-102. For example, Plaintiffs have identified specific communications suggesting that Defendants added the citizenship question not because of a desire to enforce the Voting Rights Act, but because they were "officially mandated" to do so by President Trump for reasons

3

unrelated to the Voting Rights Act. *See id.* ¶¶ 101-2.  Moreover, additional discovery is warranted, where as is likely here, the parties dispute the appropriate scope of the administrative record. *See e.g., Camp*, 411 U.S. at 143.  For these and other reasons, Plaintiffs are entitled to seek discovery outside of the administrative record.

Particularly given that the parties agree that "expeditious resolution of this case will benefit all parties," *see infra* at (8), Plaintiffs respectfully request to begin discovery forthwith.  In the alternative, to the extent that the Court wishes to delay any decision on the propriety of discovery until after Defendants have produced the administrative record, Plaintiffs request that Defendants expedite production of the record.  Defendants made the decision to add the citizenship question in late March; Census Bureau officials previously indicated that they anticipate having the administrative record complete by Memorial Day.[1]  Accordingly, to the extent that the Court declines to allow Plaintiffs to initiate discovery without delay, Plaintiffs request that Defendants produce the administrative record no later than May 25, 2018.

**(6) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any.**

To date, there have been no settlement discussions.

**(7) A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms**

The parties confirm that they have discussed the use of alternate dispute resolution mechanisms and due to the nature of this action, do not believe that a settlement conference before a Magistrate Judge; participation in the District's Mediation Program; and/or retention of a privately retained mediator would be appropriate.

**(8) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

Plaintiffs contend that, given the unique circumstances of the decennial census, timing is of the essence in this case.  There is a risk that Census Bureau preparations for the 2020 Census will be finalized or significantly advanced during the pendency of this litigation, which would make Defendants' compliance with any eventual remedial order by this Court much more difficult or expensive.  Indeed, the Census Bureau has indicated in its public planning documents that it intends to start printing the physical 2020 Census questionnaire by May 2019.  Preparations for the online 2020 Census questionnaire may be conducted earlier.  Further, Defendant Ron Jarmin, performing the non-exclusive functions and duties of the Director of the U.S. Census Bureau, testified under oath before Congress on April 18, 2018, that the Census

---

[1] *See* https://apps.npr.org/documents/document.html?id=4445787-House-Oversight-Democrats-Letter-to-Rep-Trey-Gowdy (letter from House Committee on Oversight and Government Reform, referencing briefing from the Commerce Department and Census Bureau).

Bureau would like to "have everything settled for the questionnaire this fall."[2] He noted that the Census Bureau wants to resolve this issue "very quickly," because if the Census questionnaire is not finalized by Spring 2019 or early Summer 2019, changes are going to "cost money."

In addition, Plaintiffs are concerned that protracted litigation could exacerbate nonresponse and reduce participation in the 2020 Census within immigrant communities. This deterrent effect began on March 26, 2018, when immigrant communities learned that Census Bureau Secretary Wilbur Ross, Jr. directed the Census Bureau to add a citizenship demand to the 2020 Census. Plaintiffs respectfully seek an expedited review of this dispute, as the longer Defendants' decision to add a citizenship question on the 2020 Census stands, the more challenging it will be to conduct meaningful outreach in these communities to counteract this deterrent effect and resulting harms.

Defendants generally agree with Plaintiffs that expeditious resolution of this case will benefit all parties, but disagree with Plaintiffs' assertions in their Proposed Case Management Schedule to the effect that initial disclosures and discovery should be required. As indicated above, this case presents a challenge to a discrete agency action that can and should be resolved on the basis of the agency record to be produced by June 8, 2018.

Regarding novel and dispositive issues presented by this case, Defendants note that, although challenges to census *methodologies* are justiciable, Plaintiffs' attempt to challenge the form of the actual census questionnaire appears to be unprecedented. That decision, which is committed to the discretion of the Secretary of Commerce, *see* 13 U.S.C. § 141, is not justiciable.

---

[2] *House Appropriations Committee, Commerce, Justice, Science and Related Agencies Subcommittee Hearing on Bureau of the Census*, 115th Cong. 20 (April 18, 2018).

Respectfully submitted,

By: */s Lourdes M. Rosado*
    Lourdes M. Rosado, Bureau Chief
    Matthew Colangelo, Executive Deputy
    Attorney General
    Laura Wood, Special Counsel
    Elena Goldstein, Senior Trial Counsel
    Ajay Saini, Assistant Attorney General
    Diane Lucas, Assistant Attorney General
    Sania Khan, Assistant Attorney General
    Alex Finkelstein, Volunteer Assistant
    Attorney General
    Civil Rights Bureau
    Office of the New York State Attorney
    General
    28 Liberty, 20th Floor
    New York, NY 10005
    Lourdes.Rosado@ag.ny.gov
    Diane.Lucas@ag.ny.gov
    Ajay.Saini@ag.ny.gov
    Tel. (212) 416-6348
    Fax (212) 416-8074

*Attorney for Plaintiffs*

- and -

| | |
|---|---|
| CHAD A. READLER<br>Acting Assistant Attorney General | GEOFFREY S. BERMAN<br>United States Attorney |
| BRETT A. SHUMATE<br>Deputy Assistant Attorney General | By:      /s/ Dominika Tarczynska<br>DOMINIKA TARCZYNSKA<br>Assistant United States Attorney |
| JOHN R. GRIFFITHS<br>Director, Federal Programs Branch | 86 Chambers Street, 3rd Floor<br>New York, NY 10007<br>Tel. (212) 637-2748 |
| CARLOTTA P. WELLS<br>Assistant Branch Director | Fax (212) 637-2686<br>dominika.tarczynska@usdoj.gov |

CAROL FEDERIGHI
Senior Trial Counsel

KATE BAILEY
STEPHEN EHRLICH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 514-9239
Fax:  (202) 616-8470

*Attorneys for Defendants*

cc: Counsel for all parties in *State of New York, et al. v. United States Department of Commerce, et al.* (by ECF)