# Exhibit 2



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

June 22, 2018

Peter B. Davidson
General Counsel
U.S. Department of Commerce
1401 Constitution Ave. NW, Room 5890
Washington, DC 20230

> RE:   Intent to proffer expert testimony of former Commerce Department employee in
> *State of New York, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-2921 (JMF)
> (S.D.N.Y.).

Dear Mr. Davidson,

This letter is to advise you that the Plaintiffs in *State of New York, et al. v. U.S. Department of Commerce, et al.*, No. 18-CV-2921 (JMF) (S.D.N.Y.), a lawsuit challenging the Secretary's decision to add a demand for citizenship information to the 2020 decennial census, intend to proffer expert testimony from Dr. Hermann Habermann if expert testimony is allowed by the Court in this case.  We write to request the Department's assurance that it will not seek to preclude Dr. Habermann's testimony by reliance on the Department's *Touhy* regulations at 15 C.F.R. Part 15, subpart B.

Dr. Habermann is a former employee of the Commerce Department (from 2002 to 2007). As a former employee, he is ostensibly subject to the Department's regulatory prohibition on providing expert testimony in this matter.  *See* 15 C.F.R. § 15.18(a) ("[I]n legal proceedings in which the United States is a party, . . . [a] Department employee may not testify as an expert or opinion witness for any other party other than the United States."); *see also id.* § 15.12(f) (defining "[e]mployee" to include "all current or former employees").

This regulation, as you may know, is invalid and unenforceable in these circumstances. Two months ago, a federal district court rejected the Commerce Department's effort to rely on 15 C.F.R. § 15.18 to prevent Department employees of the National Marine Fisheries Service from providing expert testimony in litigation in which the United States was a party.  *NRDC v. Zinke*, 1:05-cv-01207-LJO-EPG, 2018 WL 1899609, at *5-10 (E.D. Cal. Apr. 20, 2018) ("[T]he Court overrules the objection that the deposition should not proceed because USDOC regulations prohibit employees from testifying as an expert or opinion witness for any other party other than the United States in legal proceedings in which the United States is a party.") (magistrate's order), *aff'd*, 2018 WL 2382798 (E.D. Cal. May 25, 2018).

More generally, courts have held that *Touhy* regulations may not be enforced as to former employees like Dr. Habermann, as distinct from current employees, *see Gulf Grp. Gen. Enters. Co. W.L.L. v. United States*, 98 Fed. Cl. 639, 644 (2011); and, that *Touhy* regulations may not be

applied to limit expert testimony in matters in which the United States is a party.  *See Resource Investments, Inc. v. United States*, 93 Fed. Cl. 373, 380 (2010); *Alexander v. FBI*, 186 F.R.D. 66, 70 (D.D.C. 1998).  Further, the "housekeeping" statute that authorizes the Department's *Touhy* regulations specifically provides that the statute "does not authorize withholding information from the public or limiting the availability of records to the public."  5 U.S.C. § 301.  There would therefore be no grounds to seek to apply the Department's *Touhy* regulations to Dr. Habermann's expected testimony here.

Please confirm that the Department will not seek to enforce its *Touhy* regulations in an effort to preclude Dr. Habermann from testifying as an expert in this case.  I would appreciate your response by Monday, June 25, 2018, so that we may seek appropriate relief from the Court if you are unable to agree with this position.  You may reach me at 212-416-6057 or Matthew.Colangelo@ag.ny.gov to discuss.

Sincerely,

*/s/ Matthew Colangelo*
Matthew Colangelo
Executive Deputy Attorney General

cc:
Dominika Tarczynska
Carlotta P. Wells
Carol Federighi
Stephen Ehrlich
Kate Bailey
U.S. Department of Justice