STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**BARBARA D. UNDERWOOD**
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU
LOURDES M. ROSADO, BUREAU CHIEF

July 17, 2018

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
40 Centre Street, Room 2202
New York, NY 10007

      Re:    *State of New York, et al. v. United States Department of Commerce, et al.*, 18-cv-02921 (JMF); *New York Immigration Coalition, et al. v. United States Department of Commerce, et al.*, 18-cv-5025 (JMF)

Dear Judge Furman:

    Pursuant to Local Rule 37.2 and Rule 2(C) of this Court's Individual Rules and Practices, Plaintiffs in the two above-referenced matters (collectively, "Plaintiffs") jointly write to raise two discovery disputes with the Court. Specifically, Plaintiffs respectfully request that the Court (1) order Defendants to respond to Plaintiffs' First Discovery Requests ("Requests")[1] on a slightly expedited schedule and (2) extend the time allotted for depositions so that counsel in the six cases challenging the addition of the citizenship question can, pursuant to the Court's directive, meaningfully coordinate discovery. The parties met and conferred on these issues on July 13, 2018, but were unable to come to agreement.

    First, Plaintiffs request that the Court slightly abbreviate Defendants' time to respond to Plaintiffs' Requests to twenty days. While the Federal Rules of Civil Procedure typically grant parties thirty days to respond to discovery requests, the Rules of permit the district court to shorten that time. *See* Fed. R. Civ. P. 34(b)(2)(A). In this case, Plaintiffs served their Requests on July 12, 2018; Plaintiffs respectfully request that the Court order Defendants to respond to their Requests by August 1, 2018. This is more than a week following the Court's deadline for Defendants to produce the complete Administrative Record.

---

[1] These requests include Requests for Documents directed at all Defendants and three limited interrogatories directed to the Department of Commerce and Secretary Wilbur Ross.

Courts apply "a 'flexible standard of reasonableness and good cause in determining whether to grant a party's expedited discovery request.'" *N. Atl. Operating Co. v. Evergreen Distributors, LLC*, 293 F.R.D. 363, 367 (E.D.N.Y. 2013) (quoting *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012)). Courts permit expedited discovery where the request is reasonable under the circumstances or where the need for expedited discovery outweighs any prejudice to the objecting party. *Id.*; *see also Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (applying "reasonableness" test to request for expedited discovery, and holding that the "urgency of the need for discovery" justified an expedited schedule).

Plaintiffs' request for modestly expedited discovery is necessary to comply with the expert schedule ordered by the Court and is more than reasonable under the circumstances. Plaintiffs' expert reports and disclosures are due on September 7; several of Plaintiffs' experts must review and analyze information called for by the requests and developed at deposition. Accordingly, a slightly expedited document discovery schedule will allow Plaintiffs to conduct depositions such that their experts may – as is customary – review that testimony in formulating their opinions. *See* Transcript of Oral Argument ("Tr.") at 77 (July 3, 2018) (noting that "time is of the essence here given that the clock is running on census preparations"). Moreover, Plaintiffs' request imposes minimal incremental burden on Defendants. Defendants represent that they are already reviewing a body of documents in order to complete the Administrative Record on July 23, 2018. This is something Defendants had to do in any event and indeed it should have been completed previously. Plaintiffs anticipate that the bulk of the requested documents are, or should be, in the completed record; to the extent that Defendants have already produced responsive materials, it is not burdensome for them to simply refer Plaintiffs to the completed Administrative Record.

Second, Plaintiffs request that the Court extend the time allotted to depose Defendants' witnesses from seven hours to ten. The Federal Rules provide that the court "must allow additional time…if needed to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1). The district court has "broad discretion to set the length of depositions appropriate to the circumstances of the case." *Arista Records LLC v. Lime Grp. LLC*, No. 06 CIV. 5936 (GEL), 2008 WL 1752254, at *1 (S.D.N.Y. Apr. 16, 2008). Particularly in multi-party cases, "'the need for multiple parties to examine a witness may warrant additional time.'" *See Calderon v. Symeon*, No. 3:06CV1130 AHN, 2007 WL 735773, at *1 (D. Conn. Feb. 2, 2007) (quoting J. Moore, et al., Moore's Federal Practice, § 30.45 (3d ed. 2016)).

Additional time will ensure that coordination between plaintiffs in the six pending cases strikes the necessary balance between avoiding duplication and providing each group of plaintiffs an opportunity to develop the facts unique to each case. *See* Tr. at 94 (ordering the parties to "figure out some sort of means of coordinating").[2] These litigations encompass a range of claims, including intentional discrimination and equal protection claims, *see, e.g., NYIC v. Commerce*, 18-cv-05025 (S.D.N.Y.), conspiracy to violate civil rights, *see La Union del Pueblo Entero v. Ross*, 18-cv-01570 (D. Md.), apportionment clause claims, *see, e.g., San Jose v. Ross*,

---

[2] Plaintiffs are in the process of conferring with counsel in the other census cases and with Defendants, and anticipate filing a letter detailing Plaintiffs' proposed coordination schedule shortly. To this end, Plaintiffs have already proposed the first six deponents to Defendants.

18-cv-02279 (N.D. Cal.), as well as claims arising under the Administrative Procedure Act and the enumeration clause, *see, e.g., California v. Ross*, 18-cv-01865 (N.D. Cal.).  Plaintiffs in these cases range from governmental entities to organizational plaintiffs to individual residents.  Plaintiffs in all cases are diligently working to develop procedures designed to minimize redundant discovery and reduce the burden placed on Defendants.  While counsel will make every effort to avoid duplicative inquiries, extending the presumptive time for depositions will substantially assist the process of coordination.  Under the normal course, counsel challenging the citizenship question would *each* have seven hours for each deposition, or a total of forty-two hours per witness.  Plaintiffs here seek just ten hours, a reasonable extension designed to ensure that the parties are able to develop evidence relating to their diverse claims and theories of this case.

Accordingly, Plaintiffs respectfully request that the Court (1) abbreviate Defendants' time to respond to Plaintiffs' Requests to twenty days and (2) extend the presumptive length allotted for depositions to ten hours.

Respectfully submitted,

/s/Elena Goldstein
Elena Goldstein, Senior Trial Counsel
Civil Rights Bureau
Office of the New York State
   Attorney General
28 Liberty, 20th Floor
New York, New York 10005
Elena.Goldstein@ag.ny.gov
Tel. (212) 416-6201
Fax (212) 416-6030

*Attorney for Plaintiffs*
*New York State, et al.*


cc:  Counsel for Defendants (via ECF)
     Counsel for *New York Immigration Coalition, et al. v. United States Department of Commerce, et al.,* 18-cv-5025 (via electronic mail)