August 2, 2018

Honorable Jesse M. Furman
Thurgood Marshall Courthouse
U.S. District Court, Southern District of New York
40 Foley Square, Room 430
New York, New York 10007

      Re:    Request for Conference to Resolve Discovery Dispute
               *State of New York et al. v, U.S. Department of Commerce et al.*, No. 18-cv-2921
               <u>*NYIC et al. v. U.S. Dep't of Commerce et al.*, No. 18-cv-5025</u>

Dear Judge Furman:

Pursuant to Local Rule 37.2 and Individual Practice 2.C, Plaintiffs write to request a conference at the Court's earliest convenience to address a number of disputes arising out of Defendants' production of the completed Administrative Record and privilege logs on July 23 and 26. Plaintiffs contacted the Defendants on July 25, 26, and 30 to request a meet and confer to discuss certain deficiencies in the production. *See* Ex. 1-A-1-D. The Parties met and conferred on these and other issues on July 31. Although Defendants advised that they will be producing an additional 200 documents erroneously withheld or otherwise not produced, and committed to look into certain issues, the Parties were unable to resolve a number of other disputes.

    1. *Deliberative Process Privilege*: Defendants have withheld over 200 documents under the deliberative process privilege. *See* Ex. 2. These documents were all improperly withheld.

<u>First</u>, the deliberative process privilege does not apply at all where, as here, "the party's cause of action is directed at the government's intent in rendering its policy decision," *Children First v. Martinez*, No. 04-CV-0927, 2007 WL 4344915 at \*7 (N.D.N.Y. Dec. 10, 2007), and thus "the deliberative or decisionmaking process is the 'central issue,'" *In re Delphi Corp.*, 276 F.R.D. 81, 85 (S.D.N.Y. 2011). "The historical and overwhelming consensus and body of law within the Second Circuit is that when the decision-making process itself is the subject of the litigation, the deliberative process privilege cannot be a bar to discovery." *Children First*, 2007 WL 4344915, at \*7 (citing cases). This rule is logical: a plaintiff can hardly prove improper government intent if the government can shield evidence reflecting its true motivations. Here, the NYIC Plaintiffs must prove discriminatory purpose to establish their Equal Protection claim, and thus discovery of how and why Defendants arrived at their decision is essential. *Torres* v. *City University of N.Y.*, 1992 WL 380561, at \*8 (S.D.N.Y. Dec. 3, 1992) (deliberative process privilege did not apply to a Title VII action alleging discrimination based on Hispanic national origin). Likewise, as this Court has recognized, showing that the government's stated explanation for its decision was pretextual may alone be enough to show an APA violation. ECF 215 at 65 n. 24. Documents reflecting the "decisionmaking process," *Delphi Corp.*, 276 F.R.D. at 85, including whether and how the Defendants concocted a pretextual explanation for adding the citizenship question to the 2020 Decennial Census, therefore is critical to Plaintiffs' APA claim.

Second, even if the privilege did apply, it is limited to documents that are "predecisional, *i.e.*, prepared in order to assist an agency decisionmaker in arriving at his decision." *Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005). "A document is predecisional when it is prepared in order to assist an agency decisionmaker in arriving at his decision." *Tigue v. Dep't of Justice*, 312 F.3d 70, 80 (2d Cir. 2002). It is now clear that Secretary Ross made up his mind to add the citizenship question on or before May 1, 2017—on that date, he wrote to two top aides that he was "mystified why nothing have [sic] been done in response to my months old request that we include the citizenship question." AR 3699. In response, his aide replied "we will get that in place." AR 3710.[1] Documents created after this date were about how to implement, achieve, message, or apply his policy and are not protected by the deliberative process privilege as a matter of law. *Nat'l Immigration Project of Nat'l Lawyers Guild v. Dep't. of Homeland Sec.*, 868 F. Supp. 2d 284, 293 (S.D.N.Y. 2012). Because every deliberative privilege assertion on the log is after May 1, 2017, none of the assertions are valid. *See* Ex. 2.

Third, even if the privilege did apply to documents post-dating May 1, 2017, it is overcome in this case. The deliberative process privilege is a qualified privilege and "may be overridden in circumstances where reason and experience suggest that the claim of privilege should not be honored." *Citizens Union of City of N.Y. v. Attorney Gen. of N.Y.*, 269 F. Supp. 3d 124, 159 (S.D.N.Y. 2017). One such circumstance is where the documents "may shed light on government misconduct." *In re Sealed Case*, 121 F.3d 729, 738 (D.C. Cir. 1997). Here, the documents withheld may shed light on whether Defendants concocted a scheme to mislead the American public—and Congress under oath—about the reason for their decision, and whether the true reason was an improper one. Defendants should not be able to hide behind a privilege intended to protect good-faith government deliberations in order to cover up this scheme. *See Sealed Case*, 121 F.3d at 738 ("[T]he privilege is routinely denied" when "shielding internal government deliberations . . . does not serve 'the public's interest in honest, effective government.'"). There are other compelling reasons to overcome any privilege here as well. The withheld documents are highly relevant to understanding the decision making process, the information is not available from other sources, the case involves very serious matters, the government is a party to the litigation, and there is little risk that disclosure will deter government employees in the future. *See, e.g., Allstate Ins. Co. v. Serio*, No. 97 CIV. 0023, 1998 WL 477961, at *2 (S.D.N.Y. Aug. 13, 1998).

Fourth, many of the documents over which Defendants have asserted privilege do not appear to be "deliberative, *i.e.*, actually related to the process by which policies are formulated." *La Raza*, 411 F.3d at 356. Some appear to be about communications strategy, such as talking points. Others are factual or part of the fact gathering process, such as stakeholder interviews or drafts of the historical timeline. *See, e.g.,* AR 3379, 3677, 1799-1802, 3578-80, 4329, 10274-76. Such materials are not deliberative in nature.

   2. *Title 13*: Defendants have withheld or redacted approximately 60 documents under a claim of "proprietary information" under Title 13. *See* Ex. 3. Most of these documents are the analysis

---

[1] Two weeks prior to this exchange, Secretary Ross wrote that he wanted the issue resolved before an Advisory Committee meeting on April 29, 2017. AR 3694. Afterward, Ross repeatedly demanded to know why the citizenship question had not yet been added and why the Department of Justice was delayed in making its request, ultimately discussing it with the Attorney General. *See* AR 3702, 4004, 2424, 2935, 2636, 2637, 2497, 11193.

conducted by Census Department scientists concerning critical issues that go to the heart of the case, such as the Census Bureau's estimate as to how much "the presence of a question on citizenship suppressed response[s]" among noncitizens to the ACS—a survey that includes a question on citizenship; the information redacted is aggregated statistical information or analysis. Ex. 4-A. *See also* Exs. 4-B & 4-C. Title 13 has no application to these redactions—it limits "publication whereby the data furnished by any particular establishment or individual under this title can be identified." 13 U.S.C. § 9(a)(2); *Baldrige v. Shapiro*, 455 U.S. 345, 358 (1982) (protection extends to "raw census data"). Defendants do not contend that the redacted information is "raw census data" about individuals, and they concede that the redacted aggregate statistics "may not reveal personally identifiable information." Ex. 5. Rather, Defendants, in an unsigned memo, contend that these aggregate statistics, if "combined with *other* [unspecified] information," can be used "to derive personally identifiable information." *Id.* This defies logic and common sense. Unsurprisingly, there is no case law that supports Defendants' ambitious interpretation of Title 13. The redaction of this data is impeding the work of Plaintiffs' experts to meet the September 7 deadline. Unredacted documents should be re-produced forthwith.

  3. *Local Rule 26.2 and Federal Rule 26(b)(5)(A)*: The privilege logs produced by the Defendants contain over 300 entries that fail to meet the requirements of the Federal Rules in that they fail to disclose the documents' author, date, or other custodial information, or other information that "will enable other parties to assess the claim," including the identity of counsel for assertions of work product or attorney-client privilege or the identity of third parties who may have received the document. *See* Ex 6. During the meet and confer, Defendants insisted their logs were sufficient. Defendants subsequently agreed to "correct and update the log" with "anticipated completion" by the end of this week, some ten days after the Court's initial deadline and after the Court advised there would be no further extensions. ECF No. 84. This Court should treat Defendants' failure to comply with the July 5 order by providing a log compliant with Rule 26(b)(5) or Local Civil Rule 26.2 as a waiver of privilege. *See*, *e.g.*, *SEC v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 157 (S.D.N.Y. 2014); *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.* No. 97-4978, 2000 WL 1538003, at *3 (S.D.N.Y. Oct. 17, 2000) (same).

  4. *Work Product*: Finally, Defendants also seek to withhold a number of documents based on the work product doctrine despite the fact that those documents were prepared well before any reasonable anticipation of litigation. For example, Defendants assert work product as early as May 24, 2017, almost a full year before they claim Secretary Ross made his decision to add the citizenship question. AR 3888. Their log entry concerning this item fails to identify any lawyer. *See* Ex. 7.[2] These early work product assertions are also concerning because Plaintiffs have identified significant gaps and missing documents in Defendants' production prior to December 12, 2017; while Defendants have agreed to look into these issues, Plaintiffs expect to raise them with the Court in the near future. In the meantime, Plaintiffs would request that the Court review *in camera* the eight work product assertions made prior to December 12, 2017.

\* \* \* \* \*

For the foregoing reasons, Plaintiffs request a conference at the Court's earliest convenience.

---

[2] To the extent Defendants were anticipating litigation in May 2017, that reinforces the conclusion that a decision had been made to add the citizenship question at that time, and any subsequent materials are post-decisional.

Census Motion to Compel.docx

Respectfully submitted,

BARBARA D. UNDERWOOD
*Attorney General of the State of New York*

By: */s/ Matthew Colangelo*
Matthew Colangelo (MC-1746)
   *Executive Deputy Attorney General*
Elena Goldstein (EG-8586)
   *Senior Trial Counsel*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
Matthew.Colangelo@ag.ny.gov

ARNOLD & PORTER KAYE SCHOLER LLP
AMERICAN CIVIL LIBERTIES UNION

By: /s/ John A. Freedman

| | |
|---|---|
| Dale Ho | Andrew Bauer |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 125 Broad St. | 250 West 55th Street |
| New York, NY 10004 | New York, NY 10019-9710 |
| (212) 549-2693 | (212) 836-7669 |
| dho@aclu.org | Andrew.Bauer@arnoldporter.com |
| | |
| Sarah Brannon[+][**] | John A. Freedman |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 915 15th Street, NW | 601 Massachusetts Avenue, N.W. |
| Washington, DC 20005-2313 | Washington, DC 20001-3743 |
| 202-675-2337 | (202) 942-5000 |
| sbrannon@aclu.org | John.Freedman@arnoldporter.com |

Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601
pgrossman@nyclu.org

+ admitted pro hac vice
** Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(3).

*Attorneys for NYIC Plaintiffs*