August 3, 2018

Honorable Jesse M. Furman
Thurgood Marshall Courthouse
U.S. District Court, Southern District of New York
40 Foley Square, Room 430
New York, New York 10007

      Re:    Request for Conference to Resolve Discovery Dispute
                 *State of New York et al. v, U.S. Department of Commerce et al.*, No. 18-cv-2921
                 *NYIC et al. v. U.S. Dep't of Commerce et al.*, No. 18-cv-5025

Dear Judge Furman,

      Pursuant to the Court's directive on July 3, 2018, the plaintiffs in the above-referenced matters (the "New York cases") write to set forth proposed procedures to coordinate discovery in the multiple cases currently challenging Defendants' decision to add a citizenship question to the 2020 Decennial Census (the "Census Cases").  Plaintiffs in the above-referenced matters have conferred with Defendants and with counsel for the plaintiffs in the four matters currently pending in the District of Maryland and Northern District of California.[1] Except as detailed below, all parties have reviewed the procedures set forth below and concur in these recommendations.

1. *Steering Committee.*  Plaintiffs in all Census Cases have formed a steering committee comprised of representatives from each Census Case.  This steering committee will work together to minimize redundant discovery and reduce the burden placed on Defendants.  To the extent possible, plaintiffs in all Census Cases agree to coordinate discovery requests going forward to avoid duplicative inquiries and reduce the number of requests made to Defendants.  However, all plaintiffs reserve the right to conduct discovery as permitted in their respective actions and under the Federal Rules of Civil Procedure.

    *Participation of California and Maryland Counsel.*  Defendants agree that counsel in all Census Cases may fully participate in taking depositions unless the judges handling those actions enter an order (1) denying the respective Plaintiffs' requests for discovery; (2) granting Defendants' Motion to Dismiss in its entirety without leave to amend; or (3) placing limitations on discovery applicable to the particular depositions.  Plaintiffs in the Maryland and California cases shall cross-notice any deposition in which they intend to participate.  In addition, Defendants agree to serve

---

[1] *See Kravitz v. U.S. Dep't of Commerce*, No. 18-cv-1041 (D. Md.) (Judge Hazel); *La Unión del Pueblo Entero v. Ross*, No. 18-cv-1570 (D. Md.) (Judge Hazel); *California v. Ross*, No. 18-cv-1865 (N.D. Cal.) (Judge Seeborg); *City of San Jose v. Ross*, No. 18-cv-2279 (N.D. Cal.) (Judge Seeborg).

on Plaintiffs in all cases discovery responses served and produced in the New York cases, subject to the caveats noted above.  This stipulation does not waive Defendants' right to argue that (1) discovery should not be permitted in the Maryland or California Census Cases; (2) the scope of discovery in those matters should be narrower than that permitted in the New York cases; or (3) the scope of discovery should be no broader than that permitted in the New York cases.  Likewise, counsel in the Maryland[2] and California Census Cases reserve the right to seek additional discovery in their home jurisdictions beyond that which this Court has permitted in the New York cases, or which the New York plaintiffs may seek, as permitted in their respective actions and under the Federal Rules of Civil Procedure.

Defendants reserve the right to make appropriate objections as contemplated by the Federal Rules.

2. *Consolidated Discovery Responses and Production.*  Defendants agree that discovery responses in one case may be used in all Census Cases.  In order to avoid duplicative service, Defendants will produce all documents produced pursuant to discovery responses only to the New York State Plaintiffs, who will then make those responses available to all Census Cases through a secure document repository.  In addition, to the extent that other documents are produced in the California and Maryland Cases, Defendants agree that those documents can be shared with Plaintiffs in all cases through the same document management system.

3. *Coordinated Depositions.*  Defendants and all plaintiffs agree that deposition testimony obtained in any one Census Case may be used in any other Census Case.

   **Plaintiffs' position:** All plaintiffs in the Census Cases will strive to depose each witness only once; however, the California and Maryland plaintiffs reserve all rights to seek additional examination time or a separate deposition for any witness, as well as depositions of additional witnesses, in their respective actions. Counsel for plaintiffs in *La Unión del Pueblo Entero v. Ross*, No. 18-cv-1570 (D. Md.) (Judge Hazel) (referred to herein as "LUPE") have raised additional claims unique to their case (*see* footnote 2, *supra*); as such, regardless of the time allotted, LUPE counsel intend to seek leave to directly depose witnesses.

   Pursuant to the Court's Order dated July 19, 2018, if the steering committee has a reasonable belief that a particular deposition will call for more than seven hours of testimony, counsel for plaintiffs in the Census Cases shall confer with Defendants.

---

[2] *La Unión del Pueblo Entero v. Ross*, No. 18-cv-1570 (D. Md.) (Judge Hazel) alleges a claim  that is unique to that case under 42 U.S.C. § 1985(3), in addition to the claims in common with the other five cases, and the intentional discrimination claim in common with *New York Immigration Coalition, et al. v. United States Department of Commerce*,et al., 18-cv-5025 (JMF).

To the extent that counsel cannot come to an agreement regarding the length of the deposition, either counsel for the New York cases will raise this matter with this Court, which will make a specific determination as to the length of that deposition, or the California and Maryland plaintiffs will raise the issue with their respective home judges.

**Defendants' position:** Defendants will oppose requests for depositions unique to the LUPE case. Defendants' position is that no witness should be deposed more than once, nor should the time allowed for the deposition of each witness exceed the seven hours permitted by the Federal Rules of Civil Procedure. Defendants propose that any Plaintiff who seeks additional time must seek authorization: (1) from this Court, with respect to the depositions noticed in the New York cases or (2) from the respective Court for the Maryland or California cases, with respect to any additional depositions noticed by Plaintiffs in those cases, should the Courts in those cases authorize discovery.

4. *Procedures for Raising Discovery Disputes.* Counsel for Defendants and all plaintiffs in the Census Cases propose that discovery disputes arising *during* any deposition noticed or cross-noticed by a New York plaintiff may be raised with this Court by any plaintiffs in the Maryland or California cases (in addition to the New York plaintiffs). The parties propose that this Court allow counsel for the plaintiffs in the Maryland and California cases to file notices of appearance in the New York matters for this limited purpose, as needed.

   Discovery issues arising outside of depositions, including but not limited to attempts to depose in the California or Maryland cases witnesses who have already been deposed in the New York cases, shall be raised only in a case in which at least one of the parties to the dispute is a Plaintiff therein.

   **Plaintiffs' position**: Plaintiffs contend that rulings issued in this Court do not waive the rights of litigants that are not parties to this dispute. Accordingly, Plaintiffs take the position that they do not waive their rights to seek relief on discovery issues, where appropriate, in their home jurisdiction.

   **Defendants' position**: Defendants contend that should this Court issue a ruling on a discovery dispute adverse to Plaintiffs, that this same dispute should not be raised in a different jurisdiction.

                Respectfully submitted,

                /s/Elena S. Goldstein
                Elena S. Goldstein, Senior Trial Counsel
                Civil Rights Bureau
                Office of the New York State

Attorney General
28 Liberty, 20th Floor
New York, New York 10005
Tel. (212) 416-6201
Elena.Goldstein@ag.ny.gov
*Counsel for the Government Plaintiffs*

ARNOLD & PORTER KAYE SCHOLER LLP
AMERICAN CIVIL LIBERTIES UNION

By:  /s/ John A. Freedman

| | |
|---|---|
| Dale Ho | Andrew Bauer |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 125 Broad St. | 250 West 55th Street |
| New York, NY 10004 | New York, NY 10019-9710 |
| (212) 549-2693 | (212) 836-7669 |
| dho@aclu.org | Andrew.Bauer@arnoldporter.com |
| | |
| Sarah Brannon[+][**] | John A. Freedman |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 915 15th Street, NW | 601 Massachusetts Avenue, N.W. |
| Washington, DC 20005-2313 | Washington, DC 20001-3743 |
| 202-675-2337 | (202) 942-5000 |
| sbrannon@aclu.org | John.Freedman@arnoldporter.com |

Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601
pgrossman@nyclu.org

+ admitted pro hac vice
** Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(3).

*Attorneys for NYIC Plaintiffs*