

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530

August 7, 2018

**By ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

    Re:  *State of New York, et al., v. U.S. Department of Commerce, et al.*, 18-cv-2921 (JMF)
          *N.Y. Immigration Coalition v. U.S. Dep't of Commerce*, 18-cv-5025 (JMF)

Dear Judge Furman:

    Pursuant to Local Rule 37.2 and Individual Practice 2.C, Defendants write to oppose Plaintiffs' letter requesting a conference with the Court to address a number of discovery disputes.

I.    Deliberative Process Privilege May Apply When Plaintiffs Challenge a Government Agency's Motivation or Intent.

    Plaintiffs first seek a categorical ruling that *all* documents withheld by Defendants pursuant to the deliberative process privilege are improper because Plaintiffs challenge the intent of the decisionmaker. ECF No. 73 at 1. However, there is no such unconditional rule and Plaintiffs have failed to specify why, under the applicable legal standard, they are entitled to obtain any specific documents or categories of documents withheld under the deliberative process privilege.

    The deliberative process privilege is a subset of executive privilege and protects from disclosure documents "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). This privilege arises out of a recognition "that it would be impossible to have any frank discussion legal or policy matters in writing if all such writings were to be subjected to public scrutiny." *EPA v. Mink*, 410 U.S. 73, 87 (1973). Tellingly, the sole published opinion Plaintiffs cite, *In re Delphi Corp.*, explicitly rejected plaintiffs' claimed categorical bar and held that any deliberative process privilege claim is evaluated under a five-factor balancing test: "(1) the relevance of the evidence the agency seeks to protect; (2) the availability of other evidence; (3) the seriousness of the litigation; (4) the role of the agency in the litigation; and (5) the possibility that disclosure will inhibit future candid debate among agency decision-makers." 276 F.R.D. 81, 85 (S.D.N.Y. 2011) (citation omitted).

    Just as application of "the deliberative process privilege is . . . dependent upon the individual document and the role it plays in the administrative process," *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 867 (D.C. Cir. 1980), so too is the analysis undertaken in determining whether the privilege should be overcome. The five-factor balancing test reflects the

need for granular consideration of documents, as the precise balancing of those factors varies from document to document.  Here, Plaintiffs have not identified specific documents being wrongfully withheld in full or in part on the basis of deliberative process privilege,[1] nor have they even attempted to explain why the information withheld pursuant to the privilege is necessary.  Indeed, although Defendants have produced voluminous privilege logs cataloging each individual document over which Defendants assert deliberative process privilege, Plaintiffs have not offered any explanation as to relevance, availability, or need as to any specific document or category of documents.  Plaintiffs' blanket, generic assertion is insufficient to enable the Court to assess whether the need for a deliberative document "outweigh[s] the possibility that disclosure will inhibit future candid debate among agency decision-makers." *In re Delphi*, 276 F.R.D. at 85.

II.   The Documents Over Which Defendants Assert Deliberative Process Are Predecisional.

Plaintiffs next assert that the deliberative process privilege may not apply to any documents generated after May 1, 2017, because on that date Secretary Ross wrote that he was "mystified why "nothing ha[s] been done in response to my months old request that we include the citizenship question." ECF No. 73 at 2 (quoting AR 3699).  According to Plaintiffs, this constituted a final decision on behalf of the Commerce Secretary to reinstate a citizenship question to the 2020 Census, and therefore any document generated after this email was not predecisional.  *Id*.

Plaintiffs' argument rests upon the erroneous assumption that the email communication between Secretary Ross and a member of his staff reflected a final agency decision.  Secretary Ross explicitly notes that months ago he made a "request," not an "order," "decision," or some other term denoting finality.  He further notes confusion as to why "nothing ha[s] been done" on this request, signaling an understanding that there is a process that must be followed prior to any decision being made.  The record demonstrates that there were extensive deliberations, generating thousands of pages of documentation reflecting the agency's consideration of whether to reinstate a citizenship question before Secretary Ross's March 26, 2018 final decision.  Because the documents and communications withheld by Defendants pursuant to the deliberative process privilege were "prepared in order to assist an agency decisionmaker in arriving at his decision," *Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 80 (2d Cir. 2002), they are therefore predecisional.

III.  Defendants Properly Withheld Certain Documents Pursuant to Title XIII

Plaintiffs also challenge the withholding of census data pursuant to Section 9 of Title 13 ("Title XIII").  ECF No. 73 at 3.  This provision governs the protection of statistical data used in the development of the census and prohibits "any publication whereby the data furnished . . . can be identified."  In *Baldridge v. Shapiro*, the Supreme Court recognized that Title XIII places confidentiality protections on census data and that Sections 8(b) and 9 express an explicit Congressional intent to preclude all raw census data from the reach of civil discovery.  *Id*. at 361.

As explained more fully in the attached declaration of Dr. John M. Abowd, Associate Director for Research and Methodology and Chief Scientist of the Census Bureau, Title XIII applies not only to individually-identifiable information, but also to any type of disclosure from

---

[1] Plaintiffs do list 12 pages within the supplemental materials as "examples" of documents that were wrongfully designated as deliberative because they are primarily factual in nature, ECF No. 73 at 2, but this point appears to be separate from their categorical argument as to the deliberative process privilege.

which anyone could possibly derive individually-identifiable information, which includes many types of summaries, microdata, and summaries prepared based on confidential data.  Abowd Decl. ¶¶ 4-22.  Defendants are therefore precluded from releasing documents containing information from which individuals may be identified and matched with sensitive personal information, and such documents are properly withheld from being produced in civil discovery.

IV.     Defendants Have Not Waived Privilege as to Certain Documents on Their Privilege Logs.

Plaintiffs next claim that Defendants have waived work product protection and/or attorney-client privilege for "over 300 entries" in violation of Local Rule 26.2 and Federal Rule 26(b)(5)(A).  The authorities cited by Plaintiffs involve factual circumstances very different from the present.  *See, e.g.*, *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 162-65 (S.D.N.Y. 2014) (holding that privilege was waived because privilege logs contained no entries for individual documents, no entries for either authors or recipients, and contained only four entries, each of which purported to represent a broad category of documents).  Here, Defendants produced privilege logs totaling approximately 1600 individual documents.  Further, after Plaintiffs raised claims that the logs were insufficient, Defendants have worked diligently and in good faith to resolve those differences, within ten days of the court's deadline, by producing revised logs.  This approach is consistent with the committee note to Local Rule 26.2, which encourages parties to cooperate to resolve differences.  Plaintiffs did not identify the more than 300 "deficient" privilege log entries until after 10:00 p.m. on July 31, and filed their letter two days later on August 2, before Defendants had an adequate opportunity to review and respond.  The district court has broad discretion on matters of local rules, *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001), and Defendants have not only produced detailed privilege logs, but have worked (and continue to work) in good faith to supplement those logs with additional information sought by Plaintiffs.

V.      Work Product

Finally, Plaintiffs argue that any document generated prior to Secretary Ross's final decision to reinstate a citizenship question would not have been in anticipation of litigation and therefore not subject to work product protection.  ECF No. 73 at 3.  The law is clear that reasonable anticipation may predate the action giving rise to litigation, or even a certainty that the action will occur, *see U.S. v. Adlman*, 68 F.3d 1495, 1501 (2d Cir. 1995), and given the extensive media scrutiny devoted to the census, agency officials would have had little doubt that there would be some sort of legal challenge if and when a decision was made to reinstate the citizenship question.  The Court has ordered Defendants to produce the eight challenged documents for *in camera* review so that it may evaluate the basis for work product protection on a document-by-document basis.  After further review, Defendants are withdrawing the assertion of work product protection (but not any other privilege assertion that applies to the documents, which Plaintiffs have not specifically challenged) from five of these eight documents: 1594, 1595, 2051, 2057, and 2507.  Defendants are concurrently producing the other three documents: 2034, 3888, and 3984, to chambers for *in camera* review as ordered by the Court.

## Conclusion

For the foregoing reasons, Defendants request that this Court deny Plaintiffs' letter motion requesting a status conference to address several discovery disputes.

        Respectfully submitted,

        CHAD A. READLER
        Acting Assistant Attorney General

        BRETT A. SHUMATE
        Deputy Assistant Attorney General

        JOHN R. GRIFFITHS
        Director, Federal Programs Branch

        CARLOTTA P. WELLS
        Assistant Branch Director

        */s/ Martin M. Tomlinson*
        KATE BAILEY
        GARRETT COYLE
        STEPHEN EHRLICH
        CAROL FEDERIGHI
        DANIEL HALAINEN
        REBECCA KOPPLIN
        MARTIN M. TOMLINSON
        Trial Attorneys
        United States Department of Justice
        Civil Division, Federal Programs Branch
        20 Massachusetts Ave., N.W.
        Washington, DC  20530
        Tel.:  (202) 514-9239
        Fax:  (202) 616-8470
        Email: kate.bailey@usdoj.gov

        *Counsel for Defendants*

CC:

All Counsel of Record (by ECF)