August 10, 2018

The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      RE:    Plaintiffs' letter-motion regarding discovery dispute in *State of New York, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-2921 (JMF), and *New York Immigration Coalition, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-5025 (JMF)

Dear Judge Furman,

    Plaintiffs write pursuant to Rule 2(C) of this Court's Individual Rules and Practices to request an informal discovery conference with the Court or an order compelling Defendants to make available for deposition Acting Assistant Attorney General for Civil Rights John Gore. Plaintiffs have been unable to resolve this dispute through good faith meet-and-confer efforts with Defendants' counsel.

    On July 3, the Court authorized discovery from the Department of Justice in this action. *See* Hearing Tr. at 86 (July 3, 2018) (ECF No. 207). Pursuant to that order, on July 12, Plaintiffs requested that Defendants provide dates for the deposition of John Gore, the Acting Assistant Attorney General for Civil Rights. Ex. 1. On July 18, Defendants committed to provide a date for Mr. Gore's deposition "as quickly as we can." Ex. 2. Plaintiffs reiterated the request for dates for Mr. Gore's testimony on July 20, July 25, July 27, and July 31; and on July 31, the Defendants committed to provide dates by August 1. Ex. 3.

    Having not previously raised any objection, on August 3 – more than three weeks after Plaintiffs first requested dates for Mr. Gore's deposition – the Defendants advised that they would not be producing Mr. Gore for deposition, contending without explanation that "the information possessed by Mr. Gore is either privileged or irrelevant to Plaintiffs' APA and equal protection claims." Ex. 4. During a meet-and-confer discussion on August 8, Defendants confirmed they will not voluntarily produce Mr. Gore, and declined Plaintiffs' request even to inquire as to dates for witness availability in the event the Court compels his testimony.

    Defendants' relevance objection is unsupportable. The *NYIC* Plaintiffs specifically identified Mr. Gore as a critical witness in their June 26 letter brief on discovery because, among other reasons, FOIA productions from the Department of Justice reflect that he ghostwrote DOJ's December 12, 2017 letter requesting addition of the citizenship question. *See* 18-CV-5025 Docket No. 30, at 1-2, 5. The *State of New York* Plaintiffs similarly noted in their June 26 letter brief on discovery the inexplicable omission from the Administrative Record of materials regarding the Civil Rights Division's involvement, including from the Assistant Attorney General. *See* 18-CV-2921 Docket No. 193, at 1-2 & n.2. The Administrative Record as subsequently expanded in response to this Court's July 3 order has confirmed that after the Commerce Department solicited the December 2017 request from DOJ, Mr. Gore was DOJ's primary point of contact for communications with senior Commerce Department political appointees about the addition of the question. *See* AR 2488, 2491, 2496, 2562, 2634, 2651,

1

2688, 11193.  And Defendants have themselves admitted that Mr. Gore was a central participant here: at a hearing before Judge Seeborg in the Northern District of California in June, counsel for Defendants conceded that "any requests for citizenship data with a Voting Rights Act enforcement rationale would naturally come from the head of the Civil Rights Division.  That's expected."  Hearing Tr. at 49-50, *California v. Ross et al.*, No. 3:18-cv-01865-RS (N.D. Cal. June 28, 2018) (Ex. 5).  Having affirmatively conceded Mr. Gore's participation in key events underlying this dispute – and having characterized that participation as both "natural" and "expected" – Defendants should not now be permitted to oppose on relevance grounds Plaintiffs' effort to examine Mr. Gore about that participation.

In addition, under Rules 26 and 30 of the Federal Rules of Civil Procedure, the discovery sought from Mr. Gore is relevant to Plaintiffs' claims and is proportional to the needs of the case.  Among other matters, evidence from Mr. Gore is relevant to the issue of pretext, which bears on both the Administrative Procedure Act claims in 18-CV-2921 and 18-CV-5025, and on the Fifth Amendment equal protection claim in 18-CV-5025.

With regard to Defendants' claim of privilege, they have cited no authority to Plaintiffs supporting their position that a witness may be entirely prohibited from examination based on a broadly stated claim of anticipatory, categorical privilege.  And Mr. Gore's name is notably absent from the privilege logs Defendants have produced.  To the extent Defendants believe any particular question Mr. Gore is asked at his deposition is objectionable on privilege grounds, their appropriate course is to seek relief at that point as permitted by the Federal Rules.  *See* Fed. R. Civ. P. 30(c)(2), (d)(3).

Testimony from Mr. Gore should be compelled.

Respectfully submitted,

BARBARA D. UNDERWOOD
*Attorney General of the State of New York*

By: */s/ Matthew Colangelo*
Matthew Colangelo (MC-1746)
   *Executive Deputy Attorney General*
Elena Goldstein (EG-8586), *Senior Trial Counsel*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
Matthew.Colangelo@ag.ny.gov

Attorneys for *State of New York* Plaintiffs, 18-CV-2921

ARNOLD & PORTER KAYE SCHOLER LLP
AMERICAN CIVIL LIBERTIES UNION


By:   /s/ John A. Freedman

| | |
|---|---|
| Dale Ho | Andrew Bauer |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 125 Broad St. | 250 West 55th Street |
| New York, NY 10004 | New York, NY 10019-9710 |
| (212) 549-2693 | (212) 836-7669 |
| dho@aclu.org | Andrew.Bauer@arnoldporter.com |
| | |
| Sarah Brannon[+][**] | John A. Freedman |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 915 15th Street, NW | 601 Massachusetts Avenue, N.W. |
| Washington, DC 20005-2313 | Washington, DC 20001-3743 |
| 202-675-2337 | (202) 942-5000 |
| sbrannon@aclu.org | John.Freedman@arnoldporter.com |

Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601
pgrossman@nyclu.org

+ admitted pro hac vice
** Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(3).

Attorneys for *NYIC* Plaintiffs, 18-CV-5025