August 13, 2018

The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      RE:    Plaintiffs' fourth letter-motion regarding discovery in *State of New York, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-2921 (JMF), and *New York Immigration Coalition, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-5025 (JMF)

Dear Judge Furman,

      Plaintiffs write pursuant to Local Civil Rule 37.2 and Rule 2(C) of this Court's Individual Rules and Practices to request an informal discovery conference with the Court, or an order providing the relief described below.[1]  Plaintiffs have been unable to resolve the disputes described in this letter-brief through good faith meet-and-confer discussions with Defendants.

      *1. The Court should order review by the Census Bureau's Disclosure Review Board of the materials withheld on Title 13 grounds.*  On August 2, following an unsuccessful meet-and-confer discussion on July 31, Plaintiffs filed a letter-motion with the Court regarding Defendants' redaction of approximately 60 documents on the ground that they contained information protected by 13 U.S.C. § 9 (the "Title 13" protection).  18-CV-2921, Docket No. 220.  In opposing that motion, Defendants presented the Court with a declaration regarding the process ordinarily undertaken by the Census Bureau's Disclosure Review Board ("DRB") in deciding whether Title 13 protections should be applied.  Docket Nos. 228, 231.

      Plaintiffs share Defendants' interest in assuring the confidentiality of individual census responses and avoiding the disclosure of information that would allow for particular individuals to be identified in violation of Title 13.  Plaintiffs further agree that the DRB process is a reasonable approach to protecting sensitive data from disclosure.  But the DRB did not review any of the records or information withheld in this case on Title 13 grounds.  *See* Ex. 1 (email from counsel, in response to Plaintiffs' inquiry, confirming that "the documents protected from disclosure pursuant to Title XIII have not undergone review by the full Disclosure Review Board").  Instead, Defendants bypassed the DRB and withheld information following review by a single Disclosure Avoidance Officer.  This process is clearly not foolproof, by Defendants' own acknowledgment.  *See* Docket No. 231, ¶ 26 (identifying documents redacted by the disclosure avoidance officer that do not contain Title 13-protected information).

      On August 9, Plaintiffs proposed to Defendants that the Title 13-redacted records be submitted to the DRB for expeditious review at its next scheduled meeting, *see* Docket No. 231, ¶ 6 (the DRB meets twice a week); and Plaintiffs are prepared to work with Defendants to

---

[1] This is the fourth letter-motion submitted by the Plaintiffs in 18-CV-2921 and 18-CV-5025 pursuant to Rule 2(C) of this Court's Individual Rules.  *See* Pls.' First Letter-Motion, 18-CV-2921, Docket No. 201 (opposed at Docket No. 203, resolved by Court Order at Docket No. 204); Pls.' Second Letter-Motion, 18-CV-2921, Docket No. 220 (opposed at Docket Nos. 228 and 231); Pls.' Third Letter-Motion, 18-CV-2921, Docket No. 236 (not yet opposed).

identify documents for priority processing in the event DRB review must be sequenced.  Because Defendants have been unable to agree to this proposal to date, and because of the tight deadlines for litigating these cases, Plaintiffs respectfully request that the Court order this relief.[2]

In addition, Dr. Abowd's August 9 Corrected Declaration identifies three previously-redacted documents that he affirms "do not contain information subject to protection under Title XIII."  Docket No. 231, ¶ 26 (citing AR 10462, AR 10913, and AR 11025).  Because Defendants identified no other applicable privileges as to these documents on their privilege log, Plaintiffs asked that they be produced immediately.  Defendants produced AR 10913, but have not produced or committed to produce the other two documents.  Both documents may be pertinent to the deposition of Dr. Abowd, scheduled for this Wednesday, August 15.  (AR 10462 is a memo from Dr. Abowd, and AR 11025 is an email to Dr. Abowd.)  Because of this time-sensitivity, and because Defendants have apparently withdrawn all claims of privilege as to both documents, Plaintiffs ask the Court to order production of the unredacted versions without delay.

*2. The Court should compel production of materials as to which Defendants did not assert a timely claim of privilege.*  At the July 3 hearing in these cases, the Court directed Defendants to complete the Administrative Record and produce a privilege log by July 16, *see* Hearing Tr. at 88-89 (July 3, 2018) (Docket No. 207); a deadline that the Court extended at Defendants' request to July 23.  *See id.* at 91.  Defendants then sought a further extension to July 26, which the Court granted while making clear that "[n]o further extensions will be granted."  Docket No. 211.  On August 3 – more than a week after the July 26 deadline – Defendants made a further production of materials responsive to the Court's July 3 Order, *see* Docket No. 222; and presented Plaintiffs with an accompanying privilege log of approximately 100 records withheld in full or in part on privilege grounds.  Ex. 2.

The Court did not authorize this late production and Plaintiffs did not consent to it.  Accordingly, Plaintiffs advised Defendants by email on August 6, *see* Ex. 3, and by telephonic meet-and-confer on August 8, of Plaintiffs' position that the claims of privilege listed on the August 3 privilege log were waived for failure to assert them in compliance with the Court's extremely clear deadlines.  The parties were not able to resolve this disagreement.

This Court has the discretion to conclude that waiver should result from Defendants' untimeliness.  *See* 6 Moore's Federal Practice § 26.90[2] & n.11 (3d ed. 2018).  Courts in this district regularly conclude that a party has waived any assertions of privilege – including governmental privileges like deliberative process – by failing to comply with deadlines for asserting and justifying those assertions.  *See, e.g.*, *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 167–68 (S.D.N.Y. 2014) (holding that "the SEC waived its privilege protections by failing to produce in a timely manner a privilege log that complied with the applicable rules") (citing cases); *FG Hemisphere Assocs., L.L.C. v. Republique du Congo*, No. 01-CV-8700 (SAS) (HBP), 2005 WL 545218, at *6 (S.D.N.Y. Mar. 8, 2005) ("As other judges in this District and I have repeatedly held, the unjustified failure to list privileged documents on the required log of

---

[2] This request modifies the relief sought in Plaintiffs' Second Letter-Motion, Docket No. 220.  In addition, based on the representations in Dr. Abowd's Corrected Declaration, Plaintiffs do not seek disclosure or DRB review of the documents containing redactions of proprietary information technology information.  *See* Docket No. 231, ¶ 25 (referencing AR 10407 and AR 10995).

Case 1:18-cv-02921-JMF   Document 237   Filed 08/13/18   Page 3 of 5

withheld documents in a timely and proper manner operates as a waiver of any applicable privilege.") (citing cases).

A holding that Defendants have waived the claims of privilege on their August 3 log is warranted in the circumstances of this case. The deadlines set at the July 3 hearing gave the parties just over fourteen weeks to conduct all fact and expert discovery in these cases, and gave Plaintiffs just over nine weeks for their initial expert disclosures. On such a truncated discovery schedule, Defendants' failure to identify and assert timely claims of privilege – regarding what appear to be highly pertinent records showing how the decision to demand citizenship status was reached and justified – is particularly burdensome for Plaintiffs. This is especially so where the deadline to complete the record had already been extended twice, and with clear notice that no extensions past July 26 would be granted. Plaintiffs therefore respectfully request that the Court compel production of the materials listed on Defendants' August 3 privilege log.

*3. The Court should compel production of materials erroneously withheld.* In addition, Plaintiffs continue to identify additional gaps in the Administrative Record, nearly six weeks after the Court's July 3 order. By email dated August 6, *see* Ex. 3, and during the parties' August 8 meet-and-confer call, Plaintiffs noted that an email between Mr. Uthmeier and Acting Deputy Secretary Karen Dunn Kelley referenced "review materials" prepared for a meeting with the Secretary, but those review materials were neither produced nor logged as privileged. *See* Ex. 4 (AR 1996). Defendants would not commit to any deadline for locating or producing these materials. Plaintiffs ask that the Court order their production without further delay.

This instance illustrates a broader concern Plaintiffs have raised with Defendants regarding conspicuous omissions from the Administrative Record, which includes notable omissions regarding Defendants' communications with third parties, including A. Mark Neuman, Steve Bannon, Kris Kobach, and staff with the Department of Justice and Department of Homeland Security. For example, the record shows that Mr. Neuman spoke frequently with several senior Commerce Department officials (AR 2497, 3699, 3709), but his input is nowhere memorialized in the Administrative Record.[3] And although Mr. Neuman appears to be one of the stakeholders the Secretary consulted in March 2018 (AR 1815, 3421, 3491), the Administrative Record contains no memorialization of that discussion – despite the presence of file memos memorializing what appear to be all of the other stakeholder calls. Similarly, substantive input from Messrs. Kobach and Bannon, as well as that of key individuals at other federal agencies, is similarly referenced but not memorialized (AR 763, 2458, 2488, 2491, 2496, 2561, 2634, 11160, 11193). Defendants are still in the process of confirming to Plaintiffs that all likely custodians were adequately identified, their records adequately searched and reviewed, and no custodians used non-governmental accounts. Plaintiffs wish to make the Court aware that pending these assurances regarding the adequacy of Defendants' search, Plaintiffs may seek further relief from the Court, including authorization for targeted third-party discovery as necessary. See Hearing Tr. at 86 (July 3, 2018) (Docket No. 207) (declining to authorize discovery beyond the Commerce and Justice Departments "[a]t this stage").

---

[3] In their supplemental productions, Defendants withheld on the basis of attorney-client privilege two communications between Mr. Uthmeier and Mr. Neuman (who is a non-government employee); although the Government has withdrawn these assertions, to date, they have not produced one of the documents. AR 11329.

3

Respectfully submitted,

BARBARA D. UNDERWOOD
*Attorney General of the State of New York*

By: */s/ Matthew Colangelo*
Matthew Colangelo (MC-1746)
　*Executive Deputy Attorney General*
Elena Goldstein (EG-8586), *Senior Trial Counsel*
Ajay Saini (AS-7014), *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
Matthew.Colangelo@ag.ny.gov

Attorneys for *State of New York* Plaintiffs, 18-CV-2921


ARNOLD & PORTER KAYE SCHOLER LLP
AMERICAN CIVIL LIBERTIES UNION



By:   /s/ John A. Freedman


| | |
|---|---|
| Dale Ho | Andrew Bauer |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 125 Broad St. | 250 West 55th Street |
| New York, NY 10004 | New York, NY 10019-9710 |
| (212) 549-2693 | (212) 836-7669 |
| dho@aclu.org | Andrew.Bauer@arnoldporter.com |
| | |
| Sarah Brannon[+**] | John A. Freedman |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 915 15th Street, NW | 601 Massachusetts Avenue, N.W. |
| Washington, DC 20005-2313 | Washington, DC 20001-3743 |
| 202-675-2337 | (202) 942-5000 |
| sbrannon@aclu.org | John.Freedman@arnoldporter.com |
| | |
| Perry M. Grossman | |
| New York Civil Liberties Union Foundation | |
| 125 Broad St. | |

New York, NY 10004
(212) 607-3300 601
pgrossman@nyclu.org

+ admitted pro hac vice
\*\* Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(3).

                        Attorneys for *NYIC* Plaintiffs, 18-CV-5025