```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
                                                                          :
STATE OF NEW YORK, et al.,                                                :
                                                                          :
                              Plaintiff,                                  :
                                                                          :         18-CV-2921 (JMF)
        -v-                                                               :
                                                                          :
UNITED STATES DEPARTMENT OF COMMERCE, et al.,                             :
                                                                          :
                              Defendants.                                 :
                                                                          :
--------------------------------------------------------------------------:
                                                                          :
NEW YORK IMMIGRATION COALITION, et al.,                                   :
                                                                          :
                              Plaintiff,                                  :
                                                                          :         18-CV-5025 (JMF)
        -v-                                                               :
                                                                          :
UNITED STATES DEPARTMENT OF COMMERCE, et al.,                             :         ORDER
                                                                          :
                              Defendants.                                 :
                                                                          :
------------------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/17/2018

JESSE M. FURMAN, United States District Judge:

Two discovery-related letter motions filed by Plaintiffs in these actions remain pending, in whole or in part: one filed on August 10, 2018, seeking an order compelling Defendants to make John Gore, Acting Assistant Attorney General for Civil Rights, available for deposition, (18-CV-2921, Docket No. 236); and another filed on August 13, 2018, seeking an order compelling Defendants to produce "materials erroneously withheld" from the Administrative Record, (18-CV-2921, Docket No. 237).[1] Defendants responded in letters dated August 15, 2018.  (18-CV-2921, Docket Nos. 250, 255; *see also* 18-CV-2921, Docket Nos. 253-54).

---

[1] Plaintiffs' August 13th letter also sought other relief, which the Court addressed in an Order entered on August 14, 2018.  (18-CV-2921, Docket No. 241).

Upon review of the parties' letters and applicable case law, the Court sees no need for a conference at this time. First, the Court grants Plaintiffs' letter motion for an order compelling Defendants to make Acting Assistant Attorney General Gore available for deposition. Given the combination of AAG Gore's apparent role in drafting the Department of Justice's December 12, 2017 letter requesting that a citizenship question be added to the decennial census and the Court's prior rulings — namely, its oral ruling of July 3rd concerning discovery, (18-CV-2921, Docket No. 207), and its Opinion of July 26th concerning Defendants' motions to dismiss (18-CV-2921, Docket No. 215, at 60-68) — his testimony is plainly "relevant," within the broad definition of that term for purposes of discovery. *See, e.g.*, *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-CV-7126 (JMF), 2016 WL 6779901, at *2 (S.D.N.Y. Nov. 16, 2016) ("Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." (internal quotation marks omitted)). Moreover, given Plaintiffs' claim that AAG Gore "ghostwrote DOJ's December 12, 2017 letter requesting addition of the citizenship question," (Docket No. 236, at 1), the Court concludes that AAG Gore possesses relevant information that cannot be obtained from another source. *See Marisol A. v. Giuliani,* No. 95-CV-10533 (RJW), 1998 WL 132810, at *2 (S.D.N.Y. Mar. 23, 1998).

Further, the Court is unpersuaded that compelling AAG Gore to sit for a single deposition would meaningfully "hinder" him "from performing his numerous important duties," let alone "unduly burden" him or the Department of Justice (18-CV-2921, Docket No. 255, at 3), which is the relevant standard under Rule 45 of the Federal Rules of Civil Procedure. *See, e.g.*, *Pisani v. Westchester Cty. Health Care Corp.*, No. 05-CV-7113 (WCC), 2007 WL 107747, at *2 (S.D.N.Y. Jan. 16, 2007) (denying a Rule 45 motion to quash subpoena, but recognizing that "special considerations arise when a party attempts to depose a high level government official").

And finally, any applicable privileges can be protected through objections to particular questions at a deposition; they do not call for precluding a deposition altogether. *See, e.g.*, *In re Application of Chevron Corp.*, 749 F. Supp. 2d 135, 141 (S.D.N.Y. 2010) (denying motion to quash subpoenas and directing parties to make their specific objections during the deposition).

Second, Plaintiffs' request for an order compelling "production of materials erroneously withheld" is denied without prejudice. (18-CV-2921, Docket No. 237). Although the Court previously characterized Plaintiffs' allegations as "troubling" (18-CV-2921, Docket No. 241), it accepts Defendants' representations (backed by declarations from two relevant officials at the Department of Commerce) that they have now "taken all proper and reasonable steps to ensure that the administrative record and supplemental materials are complete," (18-CV-2921, Docket No. 250, at 2). If or when Plaintiffs have reason to believe otherwise, they may renew their letter motion in accordance with the Court's Individual Rules and Practices for Civil Cases and its Order of July 5th. (18-CV-2921, Docket No. 199). But there is no basis for relief now.

For the foregoing reasons, Plaintiffs' letter motion of August 10th is GRANTED to the extent it seeks an order compelling Defendants to make AAG Gore available for a deposition, and their letter motion of August 13th is DENIED to the extent it seeks an order compelling Defendants to produce "materials erroneously withheld." The Clerk of Court is directed to terminate 18-CV-2921, Docket Nos. 236 and 237, and 18-CV-5025, Docket Nos. 81 and 82.

SO ORDERED.

Dated: August 17, 2018
      New York, New York

                                                  JESSE M. FURMAN
                                                 United States District Judge