**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| STATE OF NEW YORK, *et. al*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-02921 (JMF) |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF COMMERCE, *et. al*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| _____ | ) | |

**PUBLIC INTEREST LEGAL FOUNDATION'S MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO FILE *AMICUS* BRIEF**

Non-party, the Public Interest Legal Foundation, pursuant to Federal Rule of Civil

Procedure 7(b)(1), respectfully requests leave to file the accompanying *amicus* brief in

opposition to Plaintiffs' request for a declaration that Defendants' decision to add a citizenship

demand to the 2020 Decennial Census is not in accordance with the law, is beyond statutory

authority, and is arbitrary and capricious. (Doc. 214 at 57.) Defendants consent to the

Foundation's Motion for Leave. Plaintiffs do not consent.

The Public Interest Legal Foundation, Inc., (the "Foundation") is a non-partisan, public

interest organization incorporated and based in Indianapolis, Indiana. The Foundation's mission

is to promote the integrity of elections nationwide through research, education, remedial

programs, and litigation. The Foundation also seeks to ensure that voter qualification laws and

election administration procedures are followed. Specifically, the Foundation seeks to ensure that

the nation's voter rolls are accurate and current, working with election administrators nationwide

and educating the public about the same. The Foundation's President and General Counsel, J.

Christian Adams, served as an attorney in the Voting Section at the Department of Justice. Mr.

1

Adams has been involved in multiple enforcement actions under the Voting Rights Act and has brought dozens of election cases relying on Census population data. Additionally, one of the members of the Foundation's Board of Directors, Hans von Spakovsky, served as counsel to the assistant attorney general for civil rights at the Department of Justice, where he provided expertise in enforcing the Voting Rights Act and the Help America Vote Act of 2002, as well as a commissioner on the Federal Election Commission. The Foundation believes that its brief— drawing from the expertise of the Foundation's counsel and the Foundation's experience itself— will aid in the Court's consideration of the purpose of collecting citizenship data in the decennial Census.

## **STANDARD**

"'There is no governing standard, rule or statute 'prescrib[ing] the procedure for obtaining leave to file an *amicus* brief in the district court.'" *C&A Carbone, Inc. v. County. of Rockland*, No. 08-cv-6459-ER, 2014 U.S. Dist. LEXIS 38658, at *12 (S.D.N.Y. Mar. 24, 2014) (quoting *Onondaga Indian Nation v. State*, No. 97-CV-445, 1997 U.S. Dist. LEXIS 9168, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997)). Therefore, "[r]esolution of a motion for leave to file an amicus brief thus lies in the 'firm discretion' of the district court." *Id*. (references omitted); *see also United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992) ("District courts have broad discretion to permit or deny the appearance of amici curiae in a given case.") "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." *Auto. Club of N.Y., Inc. v. Port Auth*., 2011 U.S. Dist. LEXIS 135391, at *6 (S.D.N.Y. Nov. 22, 2011) (citations omitted).

As explained by Judge Alito:

A restrictive policy with respect to granting leave to file may . . . create at least the perception of viewpoint discrimination.  Unless a court follows a policy of either

granting or denying motions for leave to file in virtually all cases, instances of seemingly disparate treatment are predictable.  A restrictive policy may also convey an unfortunate message about the openness of the court.

*Neonatology Assocs., P.A. v. Commissioner*, 293 F.3d 128, 133 (3d Cir. 2002).

## ARGUMENT

Plaintiffs seek a declaration that the Defendants' reinstatement of the citizenship question is not in accordance with the law, is beyond statutory authority, and is arbitrary and capricious. This case and the five similar cases across the country that also challenge the reinstatement of the citizenship question have garnered national attention and interest. That the Decennial Census is of utmost public interest is evidenced by the motions for leave to file *amicus* briefs which have already been granted by this Court. *See Andersen v. Leavitt*, No. 03-cv-6115 (DRH) (ARL), 2007 U.S. Dist. LEXIS 59108, at *7 (E.D.N.Y. Aug. 13, 2007) ("'[t]he court is more likely to grant leave to appear as an amicus curiae in cases involving matters of public interest'") (quoting 4 Am. Jur. 2d Amicus Curiae § 3.)

The Foundation, with its unique interests and expertise, is able to aid the Court in the resolution of Plaintiffs' request by offering specific insights that the parties are unable or unwilling to provide. *Auto. Club of N.Y., Inc.*, 2011 U.S. Dist. LEXIS 135391 at *6. The Foundation's brief will not be a duplication of the briefs submitted by the parties. The Foundation's brief provides arguments that the Defendants did not make. Specifically, in its proposed *amicus* brief, the Foundation covers the following relevant issues that have not been briefed by the Defendants:

1) Citizenship data from the 1950 Census was critical to a recent finding of a violation of the right to vote;

2) How citizenship data is used in the enforcement of the Voting Rights Act;

3) How citizenship data will assist in the private enforcement of federal law.

Further, the Foundation's motion is timely. The parties are presently conducting discovery. The Foundation's brief raises issues that are relevant to this ongoing discovery. Granting the Foundation's motion for leave will not cause any delay in the litigation. *See Andersen v. Leavitt*, 2007 U.S. Dist. LEXIS 59108.

## <u>CONCLUSION</u>

The Foundation believes its brief will be helpful to the Court in resolving the Plaintiffs' request for declaratory relief in their Complaint. Accordingly, the Foundation respectfully requests leave to file the attached brief.


Respectfully submitted on August 24, 2018,

<u>/s/ Edward Paltzik</u>
Edward Paltzik
Joshpe Mooney Paltzik LLP
360 Lexington Ave.
Suite 1502
New York, NY 10017
Tel: (212) 421-8100
Cell: (516) 526-0341
Fax: (212) 313-9478
epaltzik@jmpllp.com


Kaylan L. Phillips*
Public Interest Legal Foundation
32 E. Washington Street,
Ste. 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-5641
kphillips@publicinterestlegal.org

*Not admitted in this jurisdiction


*Counsel for Public Interest Legal Foundation*