

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530

---

**By ECF**                                                                August 31, 2018
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

> Re:  *State of New York, et al., v. U.S. Department of Commerce, et al.*, 18-cv-2921 (JMF)
> *N.Y. Immigration Coalition v. U.S. Dep't of Commerce,* 18-cv-5025 (JMF)

Dear Judge Furman:

     Pursuant to Local Rule 37.2 and Individual Practice 2.C, Defendants respectfully request that the Court stay discovery—at a minimum, further discovery of the Department of Justice (DOJ), particularly the deposition of Acting Assistant Attorney General (AAG) John Gore—pending resolution of Defendants' forthcoming petition for a writ of mandamus in the U.S. Court of Appeals for the Second Circuit. In a July 5 order, the Court, among other orders, authorized extra-record discovery. ECF No. 199; July 3 Tr. at pp. 81–82. Though the Court intended the scope of discovery to be limited in scope to that "necessary to effectuate the Court's judicial review," *id.* at 85, Defendants have strived to respond to Plaintiffs' voluminous requests despite their overbreadth and burdensomeness. The Court further indicated it would allow discovery of "materials from the Department of Justice," *id.* at 86, but in an August 17 order the Court granted Plaintiffs' motion to compel AAG Gore's deposition. ECF No. 261. The allowance of this deposition, in combination with the overwhelming discovery burden imposed by Plaintiffs' requests, has raised the distinct and significant issue of whether there should be discovery of an agency that did not take the action being challenged and, in particular, the deposition of a high level official at that agency. Thus, Defendants will be seeking review of these orders in a forthcoming petition for a writ of mandamus. In accordance with Federal Rule of Appellate Procedure 8(a)(1), the United States respectfully requests that the Court grant a stay of discovery as discussed above until the final resolution of that mandamus petition, and at a minimum an administrative stay while the Court considers this stay request. The *New York* and *NYIC* Plaintiffs advise that they "oppose a discovery stay, and remain willing to work with the Defendants to address or otherwise accommodate any concerns about burden associated with our discovery requests."

     In considering a motion for a stay pending mandamus, district courts consider the same factors relevant for a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (footnote omitted). The "probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury

[the applicant] will suffer absent the stay." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). "[A] movant may be granted relief even if it demonstrates something less than a likelihood of success on the merits of its appeal[, for example,] if the balance of hardships 'tips decidedly' in favor of the moving party." *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 640 (S.D.N.Y. 2012).

***1. Defendants are likely to succeed on the merits of their mandamus petition:*** The Second Circuit will issue a writ of mandamus in certain "exceptional circumstances" where there has been a "clear abuse of discretion." *In re The City of New York*, 607 F.3d 923, 932 (2d Cir. 2010) (quoting *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004)). "To determine whether mandamus is 'appropriate' in the context of a discovery ruling, [the Second Circuit] look[s] primarily for 'the presence of a novel and significant question of law ... and ... the presence of a legal issue whose resolution will aid in the administration of justice.'" *New York*, 607 F.3d at 939 (quoting *In re SEC ex rel. Glotzer*, 374 F.3d 184, 187 (2d Cir. 2004)). Mandamus is particularly appropriate where "a party will be irreparably damaged if forced to wait until final resolution of the underlying litigation" and a direct appeal. *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 236 (2d Cir. 2016) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 378 n.13 (1981)).

Defendants respectfully maintain that the Court committed legal error when it concluded that Plaintiffs made the required strong showing of "bad faith" to justify extra-record discovery. July 3 Tr. 82-83. "[T]he APA specifically contemplates judicial review on the basis of the agency record," *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985), and an agency's decision must be upheld if the record reveals a "rational" basis for that decision, *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42-43 (1983). In light of that fundamental principle of deference to an agency's objective explanation, Defendants contend that the type of "bad faith" necessary to authorize extra-record discovery under the APA, *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), requires a strong demonstration that Secretary Ross did not actually believe his stated rationale for reinstating a citizenship question. *Cf. Nat'l Sec. Archive v. CIA*, 752 F.3d 460, 462 (D.C. Cir. 2014) (Agency decision-makers "should be judged by what they decided, not for matters they considered before making up their minds."). The Court neither articulated that legal standard nor made such a factual finding. Instead, the Court inferred bad faith primarily from evidence that, before DOJ sent its letter about Voting Rights Act (VRA) enforcement, the Commerce Secretary and his staff were already considering whether to reinstate a question about citizenship, contacted DOJ to inquire whether reinstatement of a question would further enforcement of the VRA, and then, taking into account the analyses and objections of Census Bureau career staff, quickly accepted DOJ's request to reinstate a question. July 3 Tr. 82-85. Defendants respectfully contend that none of this is legally relevant to whether Secretary Ross acted in bad faith in deciding to reinstate a citizenship question, such that wide-ranging discovery into the Secretary's mental processes was justified. *See Jagers v. Fed. Crop Ins. Corp.*, 758 F.3d 1179, 1185 (10th Cir. 2014) (rejecting argument that "the agency's possible motivations to reach a particular result prove that the agency acted in bad faith … by reaching this result after finding supportive objective evidence").

Equally, if not more, importantly, even if some discovery was warranted, the Court committed a second, independent legal error when it entered an order compelling the deposition of AAG Gore. Aug. 17 Order. There is no demonstrable need to compel the testimony of AAG

2

Gore. *See Lederman v. N.Y. City Dep't of Parks & Rec.*, 731 F.3d 199, 203 (2d Cir. 2013) (judicial orders compelling testimony of high-ranking officials are highly disfavored and are justified only under "exceptional circumstances"). The decision Plaintiffs challenge was made by the Secretary of Commerce, not the Department of Justice, and the linchpin of the Court's ruling permitting discovery was its view that the evidence suggests that Commerce Secretary Ross's "stated rationale [for reinstating a citizenship question] was pre-textual." July 3 Tr. 84. At no point in this litigation has this Court found, or have Plaintiffs provided any basis to find, that DOJ did not officially stand behind its recommendation that reinstating a citizenship question to the census would be useful for VRA enforcement, regardless of how it got there, or even that DOJ had additional, unstated reasons for its recommendation. The mental processes of a DOJ Acting Assistant Attorney General are thus irrelevant to assessing the Commerce Secretary's reasons for adopting a citizenship question.

Moreover, Plaintiffs have at this point received thousands of pages of discovery documents from the Department of Commerce, including communications between the Secretary and his closest advisers. Plaintiffs have also deposed six high-ranking Commerce and Census Bureau officials. The Court failed to consider whether these extensive discovery materials provide an alternate, less burdensome means through which Plaintiffs could evaluate the Secretary's subjective intent in reinstating a citizenship question (to the limited extent that intent may be relevant). At the very least, the Court was required to explore that possibility before taking the extraordinary step of requiring an official from a separate agency to appear for a deposition.

***2. Defendants will be irreparably injured absent a stay:*** Without a stay, Defendants will be required to expend significant time and resources to collect, review, and produce additional discovery materials which are not necessary in order for Plaintiffs to pursue their claims. In addition, Acting Assistant Attorney General Gore will be compelled to prepare for and attend an inherently burdensome deposition. Once those resources are expended, they cannot be recovered.

***3. Issuance of a short stay will not substantially injure Plaintiffs:*** Plaintiffs' need for additional discovery immediately is low. Defendants have already completed an administrative record consisting of 1,300 pages, produced an administrative record supplement of over 11,000 pages, provided a discovery production of almost 10,000 pages, and made six witnesses available for depositions (including Commerce officials and a Rule 30(b)(6) witness from Census).

***4. The public interest supports a stay***: If the Defendants' petition for a writ of mandamus is successful, the costs and scope of discovery stand to be significantly and meaningfully constrained. "[C]onsiderations of judicial economy counsel, as a general matter, against investment of court resources in proceedings that may prove to have been unnecessary." *Sutherland*, 856 F. Supp. 2d at 644.

\*\*\*

Defendants have raised at least serious questions on the merits of the discovery disputes identified above, and the balance of hardships tilts decidedly in Defendants' favor. Notwithstanding Plaintiffs' contentions to the contrary, Defendants have produced ample materials in compliance with the Court's order to supplement the record and, therefore, it would be more prudent to stay discovery more generally until the scope of the remaining discovery to be conducted can be defined through Defendants' petition for a writ of mandamus. At a minimum, the Court should stay discovery of DOJ, particularly the deposition of AAG Gore.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
JOSHUA E. GARDNER
Assistant Branch Directors

*/s/Carol Federighi*
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
MARTIN TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 514-1903
Email: carol.federighi@usdoj.gov

*Counsel for Defendants*

CC:

All Counsel of Record (by ECF)