# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>           Plaintiffs,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF<br>COMMERCE, *et al.*,<br><br>           Defendants. | No. 1:18-cv-2921 (JMF)<br><br>Hon. Jesse M. Furman<br>United States District Judge<br><br>**DEFENDANTS' ANSWER TO<br>SECOND AMENDED COMPLAINT** |

Defendants United States Department of Commerce, Wilbur L. Ross, Jr., in his official capacity as Secretary of Commerce, U.S. Census Bureau, and Ron S. Jarmin, in his capacity as performing the non-exclusive functions and duties of the Director of the U.S. Census Bureau, answers and responds to each numbered paragraph of the second amended complaint (ECF No. 214) as follows:

1.      The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent an answer is required, deny.

2.      Admit.

3.      Defendants admit that on March 26, 2018, Secretary Ross directed the Census Bureau to reinstate a citizenship question on the 2020 census short-form questionnaire and that on March 29, 2018, Defendants transmitted to Congress the questions that will be asked on the 2020 census. Defendants also admit that Secretary Ross's decision memo dated March 26, 2018, stated that "[t]he Department of Commerce is not able to determine definitively how inclusion of a citizenship question on the decennial census will impact responsiveness," and respectfully refer the

Court to the decision memo for a full and accurate statement of its contents. Defendants deny the remaining allegations in this paragraph.

4.      Deny, except to admit that the decennial census short-form questionnaire last asked a citizenship question in 1950.

5.      Deny.

6.      The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent an answer is required, deny.

7.      The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required.

8.      The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required.

9.      The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required.

10.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, Defendants admit that the U.S. Department of Commerce and the Census Bureau are federal agencies and that Secretary Ross and Director Jarmin are federal officers. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations but, to the extent a response is required, deny the allegations.

11.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required.

12.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, admit, except to aver that

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 4 and, on that basis, deny the allegations.

13.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.

14.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.

15.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.

16.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.

17.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.

18.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.

19.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.

20.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.

21.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.

22.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.

23.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.

24.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations.

25.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, deny.

26.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, admit that Defendant United States Department of Commerce is a cabinet agency in the federal executive branch.

27.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, admit that Defendant Wilbur L. Ross, Jr., is the United States Secretary of Commerce, the Commerce Department is authorized to undertake the decennial census, and that the Department oversees the Census Bureau. The Court is respectfully referred to the statutes cited in this paragraph for a full and accurate statement of their contents.

28.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, admit that Defendant Census Bureau is an agency within the U.S. Department of Commerce. The Court is respectfully referred to the statute cited in this paragraph for a full and accurate statement of their contents.

29.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, admit that Defendant Ron S. Jarmin performs the non-exclusive functions and duties of the Director of the Census Bureau.

30.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required.

31.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required.

32.     Admit that census population data are used to draw electoral districts and allocate federal funds under some congressional programs. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny the allegations.

33.     The allegations in the second sentence are legal conclusions, not statements of fact to which a response is required. Admit the remaining allegations.

34.     Deny the allegations in the first sentence, except to admit that some demographic groups have historically been more difficult to count than others and that minority and immigrant populations have historically been difficult to accurately count in the decennial census and further note that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation about why those groups have historically been difficult to accurately count in the decennial census and, on that basis, deny the allegation. Defendants admit the allegations in the last sentence but deny that those undercounts were either statistically significant or affected any apportionment of Congressional representatives or any other Federal function that was not implemented by the Census Bureau.

35.     The allegations in the first sentence are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, admit. Admit the remaining allegations in this paragraph.

36.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required.

37.     The allegations in the first sentence are legal conclusions, not statements of fact to which a response is required. The allegations in the second sentence are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, admit that on March 29, 2018, Defendants transmitted to Congress the questions that will be asked on the

2020 census. Deny the third sentence, except to admit that Defendants' transmittal to Congress included Secretary Ross's decision to reinstate a citizenship question on the decennial census and that the decennial census short-form questionnaire last asked a citizenship question in 1950.

38.     Deny, except to admit that Secretary Ross's decision memo stated that "the Department [of Commerce]'s review found that limited empirical evidence exists about whether adding a citizenship question would decrease response rates materially" and to respectfully refer the Court to the memo for a full and accurate statement of its contents.

39.     Deny, except to admit that census questions about citizenship are sensitive in immigrant communities.

40.     Deny except to admit that the cited judicial opinion includes the quoted statements and respectfully refer the Court to the opinion for a full and accurate statement of its contents.

41.     Deny except to admit that Census Bureau officials testified before Congress in 1988 and 1989 regarding proposed legislation about counting immigrants in census, and respectfully refer the Court to the congressional testimony cited in footnote 8 for a full and accurate statement of its contents.

42.     Deny except to admit that Census Bureau officials made the quoted statements, and respectfully refer the Court to the congressional testimony cited in footnote 8 for a full and accurate statement of its contents.

43.     Deny except to admit that the 2000 census short-form questionnaire did not contain a citizenship question and that former Census Bureau Director Kenneth Prewitt made the quoted statements, and respectfully refer the Court to the congressional testimony cited in footnote 10 for a full and accurate statement of its contents.

44.     Deny except to admit that eight former Census Bureau Directors made the quoted statements, and respectfully refer the Court to the letter cited in footnote 11 for a full and accurate statement of its contents.

45.     Deny except to admit that the 2010 census short-form questionnaire did not contain a citizenship question and that former Census Bureau Director Robert Groves made the quoted statements, and respectfully refer the Court to the C-SPAN video cited in footnote 12 for a full and accurate statement of his remarks.

46.     Deny except to admit that four former Census Bureau Directors filed a brief containing the quoted statements and respectfully refer the Court to the cited brief for a full and accurate statement of its contents.

47.      Deny except to admit that four former Census Bureau Directors filed a brief containing the quoted statements and respectfully refer the Court to the cited brief for a full and accurate statement of its contents.

48.     The allegations in this paragraph consist of plaintiffs' characterizations of the current political climate and the administration's policies relating to immigrants to which no response is required, but to the extent an answer is deemed necessary, denied.

49.     Defendants admit that U.S. Immigration and Customs Enforcement Acting Director Thomas Homan made the quoted statement, and respectfully refer the Court to the congressional testimony cited in footnote 13 for a full and accurate statement of its contents. The remaining allegations in this paragraph consist of plaintiffs' characterizations of the current political climate and the administration's policies relating to immigrants to which no response is required, but to the extent an answer is deemed necessary, denied.

50.     The allegations in this paragraph consist of plaintiffs' characterizations of the current political climate and the administration's policies relating to immigrants to which no response is required, but to the extent an answer is deemed necessary, denied.

51.     The allegations in this paragraph consist of plaintiffs' characterizations of the Census Bureau Memorandum on *Respondent Confidentiality Concerns* to which no response is required, but to the extent an answer is deemed necessary, denied. Defendants respectfully refer the Court to the Census Bureau memo cited in footnote 14 for a full and accurate statement of its contents.

52.     The allegations in this paragraph consist of plaintiffs' characterizations of the Census Bureau Memorandum on *Respondent Confidentiality Concerns* to which no response is required, but to the extent an answer is deemed necessary, denied. Defendants respectfully refer the Court to the Census Bureau memo cited in footnote 14 for a full and accurate statement of its contents.

53.     Deny.

54.     Deny, except to admit that the Census Bureau will expend all necessary resources, which may be significant, for nonresponse follow-up.

55.     Deny, except to admit that a citizenship question has been reinstated on the 2020 census short-form questionnaire.

56.     Deny.

57.     Deny the allegations in the first sentence, except to admit that the Census Bureau develops and tests the content, language, sequence, and layout of the questionnaire for the decennial census in order to facilitate a complete and accurate count of the population. The allegations in the second sentence are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, admit that the Census Bureau's testing of the questionnaire involves multiple steps designed to improve the accuracy, reliability, and objectivity of the final data.

58.     The allegations in this paragraph are legal conclusions and plaintiffs'
characterizations of OMB's *Statistical Policy Directive No. 2*, not statements of fact to which a response
is required. Defendants respectfully refer the Court to the policy directive cited in footnote 16 for a
full and accurate statement of its content.

59.     Deny except to admit that the process for developing questions for census
questionnaires often takes several years and depends in part on analysis of individual responses to
such questions.

60.     Deny the first sentence except to admit that the Census Bureau has spent almost ten
years developing, researching, and testing a proposed change to the 2020 census short-form
questionnaire regarding questions on race and ethnicity. Deny the second and third sentences except
to admit that, from 2008 to 2012, the Census Bureau focused its research and analysis of the
proposed change to the questions on race and ethnicity on whether revised language would improve
understanding of the question and improve the accuracy of the data collected.

61.     Deny the first and second sentences except to admit that the Census Bureau
designed and conducted tests on the different alternatives to the proposed revised question on race
and ethnicity referenced in paragraph 60 to assess the accuracy and reliability of different
alternatives. Admit the third sentence.

62.     The allegations in this paragraph consist of plaintiffs' characterizations of the Census
Bureau Memorandum on *Using Two Separate Questions for Race and Ethnicity in 2018 End-to-End Census
Test and 2020 Census,* to which no response is required. Defendants respectfully refer the Court to the
Census Bureau memo cited in footnote 17 for a full and accurate statement of its contents.

63.     Deny, except to admit that Secretary Ross directed the Census Bureau to reinstate a
citizenship question on the 2020 census short-form questionnaire.

64.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, deny, and respectfully refer the Court to the OMB directive cited in footnote 18 for a full and accurate statement of its contents.

65.     Deny the first and second sentences except to admit that the Census Bureau conducted major testing of several proposed changes to the 2020 decennial census questionnaire in 2014. Admit the third sentence.

66.     Admit that in the 2015 National Content Test, the Census Bureau compared different versions of questions before making final decisions about the form and content of the 2020 census short-form questionnaire, and respectfully refer the Court to the Federal Register entry cited in footnote 19 for a full and accurate statement of its contents.

67.     Deny except to admit that the Census Bureau conducted the National Content Test in 2015, which tested the changes to questions related to race and ethnicity but did not test a potential citizenship question, and reported the results in 2017.

68.     Deny the first sentence. Admit the second sentence. Deny the third sentence except to admit that the Census Bureau did not begin considering whether to reinstate a citizenship question on the 2020 decennial census questionnaire until after it received a December 12, 2017, letter from the U.S. Department of Justice requesting reinstatement of such a question.

69.     Deny the first and second sentences, except to admit that the Census Bureau collected data for its 2018 End-to-End Census Test in Providence County, Rhode Island, earlier this year to test and validate most major components of the census. Defendants admit the third sentence and deny the fourth sentence.

70.     The allegations in this paragraph consist of plaintiffs' characterizations of the cited decision memo, which speaks for itself and to which no response is required. Defendants

respectfully refer the Court to the cited memo for a complete and accurate statement of its contents and deny any allegations in this paragraph that are not consistent with the memo.

71.     Deny the allegations in the first sentence. In response to the second sentence, admit that one purpose of Census Bureau questionnaire testing is to promote accuracy. Deny the allegations in the third sentence. The allegations in the fourth sentence are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, deny. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence and, on that basis, deny the allegations.

72.     Deny the allegations in the first sentence. Admit the allegations in the second, third, and fourth sentences and respectfully refer the Court to the Census Bureau web page cited in footnote 22 for a full and accurate statement of its contents.

73.     Deny.

74.     Deny, except to admit that the current version of the American Community Survey includes a citizenship question and that the American Community Survey is sent to about 3.5 million households each year.

75.     Deny, except to admit that the Census Bureau has conducted testing on the citizenship question included on the current version of the American Community Survey.

76.     Admit the allegations in the first and second sentences, and respectfully refer the Court to the report cited in footnote 24 for a full and accurate statement of its contents. The allegations in the third sentence are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, deny. In response to the last sentence, deny.

77.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence because plaintiffs do not define what they mean by "test," "contemporary environment," "high immigrant anxiety," and "concerns over privacy," and, on that

basis, deny the allegations. The second sentence consists of plaintiffs' characterization of the cited decision memo, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the cited memo for a complete and accurate statement of its contents and deny any allegations in this sentence that are not consistent with the memo. The third sentence consists of plaintiffs' characterization of the cited newspaper article, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the cited article for a complete and accurate statement of its contents.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence because plaintiffs do not provide a source for their allegations but, to the extent the allegations in this paragraph consist of plaintiffs' characterizations of the Census Bureau Memorandum on *Respondent Confidentiality Concerns* referenced in paragraphs 51 and 52, the memorandum speaks for itself and no response is necessary. To the extent an answer is deemed necessary, denied. Deny the remaining allegations.

79.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required.

80.     Deny the allegations in the first sentence. The remaining allegations consist of plaintiffs' characterization of the cited congressional testimony, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the testimony cited in footnote 30 for a full and accurate statement of its contents.

81.     The allegations in this paragraph consist of plaintiffs' characterization of the cited congressional testimony, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the testimony cited in footnote 32 for a full and accurate statement of its contents.

82.     The allegations in this paragraph consist of plaintiffs' characterization of the cited decision memo, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the cited memo for a complete and accurate statement of its contents and deny any allegations in this sentence that are not consistent with the memo.

83.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, deny.

84.     The allegations in this paragraph consist of plaintiffs' characterization of comments received from stakeholders, which speak for themselves and to which no response is required. Defendants respectfully refer the Court to the stakeholders' comments, included in the Administrative Record, for a complete and accurate statement of their contents.

85.     The allegations in this paragraph consist of plaintiffs' characterization of the cited letter, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the cited letter for a complete and accurate statement of its contents.

86.     The allegations in this paragraph consist of plaintiffs' characterization of the cited letter, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the cited letter for a complete and accurate statement of its contents

87.     The allegations in this paragraph consist of plaintiffs' characterization of the cited letter, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the cited letter for a complete and accurate statement of its contents.

88.     The allegations in this paragraph consist of plaintiffs' characterization of the cited letter, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the cited letter for a complete and accurate statement of its contents.

89.     The allegations in the first two sentences consist of plaintiffs' characterization of the cited newspaper article, which speaks for itself and to which no response is required. Defendants

respectfully refer the Court to the cited article for a complete and accurate statement of its contents. The allegations in the third sentence consist of plaintiffs' characterization of Secretary Ross's decision memo, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited memo for a complete and accurate statement of its contents and deny any allegations in this sentence that are not consistent with the memo.

90.     The allegations in the first sentence consist of plaintiffs' characterization of the cited decision memo, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the cited memo for a complete and accurate statement of its contents. The allegations in the second sentence consist of plaintiffs' characterization of the cited newspaper article, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the cited article for a complete and accurate statement of its contents.

91.     The allegations in the first sentence consist of plaintiffs' characterization of the cited decision memo, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the cited memo for a complete and accurate statement of its contents. The allegations in the second sentence consist of plaintiffs' characterization of the cited newspaper article, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the cited article for a complete and accurate statement of its contents.

92.     The allegations in the first and second sentences are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, deny. Admit the allegations in the third sentence.

93.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, deny.

94.     The allegations in this paragraph consist of plaintiffs' characterization of Secretary Ross's decision memo, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the memo for a complete and accurate statement of its contents.

95.     The allegations in this paragraph consist of plaintiffs' characterization of the cited DOJ Letter, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the cited letter for a complete and accurate statement of its contents.

96.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, deny.

97.     The allegations in the first sentence of this paragraph are legal conclusions, not statements of fact to which a response is required. Deny the second sentence.

98.     Deny the allegations in the first sentence, except to admit that the American Community Survey collects citizenship information annually. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence and, on that basis, deny the allegations. Admit the allegations in footnote 43.

99.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, deny.

100.     Deny the allegations in the first sentence. The remaining allegations in this paragraph consist of plaintiffs' characterization of the cited decision memo, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the cited memo for a complete and accurate statement of its contents.

101.     Deny.

102.     Deny the first sentence. The remaining allegations in this paragraph consist of plaintiffs' characterization of the cited news reports, which speak for themselves and to which no

response is required. Defendants respectfully refer the Court to the cited news reports for a complete and accurate statement of their contents.

103.    Deny.

104.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences and, on that basis, deny the allegations. Deny the third sentence.

105.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 24.2% of households in New York State did not mail back their 2010 census short-form questionnaire.

106.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 20.9% of households in Colorado did not mail back their 2010 census short-form questionnaire.

107.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 20.9% of households in Connecticut did not mail back their 2010 census short-form questionnaire.

108.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 20% of households in Delaware did not mail back their 2010 census short-form questionnaire.

109.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 21.7% of households in the District of Columbia did not mail back their 2010 census short-form questionnaire.

110.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 19.3% of households in Illinois did not mail back their 2010 census short-form questionnaire.

111.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 16.7% of households in Iowa did not mail back their 2010 census short-form questionnaire.

112.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 19.7% of households in Maryland did not mail back their 2010 census short-form questionnaire.

113.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 21.1% of households in Massachusetts did not mail back their 2010 census short-form questionnaire.

114.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 14.4% of households in Minnesota did not mail back their 2010 census short-form questionnaire.

115.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 21.9% of households in New Jersey did not mail back their 2010 census short-form questionnaire.

116.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 26.2% of households in New Mexico did not mail back their 2010 census short-form questionnaire.

117.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that

19.3% of households in North Carolina did not mail back their 2010 census short-form questionnaire.

118.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 20.2% of households in Oregon did not mail back their 2010 census short-form questionnaire.

119.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 17.7% of households in Pennsylvania did not mail back their 2010 census short-form questionnaire.

120.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 22.3% of households in Rhode Island did not mail back their 2010 census short-form questionnaire.

121.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 20.3% of households in Vermont did not mail back their 2010 census short-form questionnaire.

122.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 19.2% of households in Virginia did not mail back their 2010 census short-form questionnaire.

123.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that over 20% of households in Washington State did not mail back their 2010 census short-form questionnaire.

124.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

125.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

126.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

127.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

128.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 22.4% of households in Maricopa County, Arizona did not mail back their 2010 census short-form questionnaire.

129.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 17.5% of households in Allegheny County, Pennsylvania did not mail back their 2010 census short-form questionnaire.

130.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 24.8% of households in Providence County, Rhode Island did not mail back their 2010 census short-form questionnaire.

131.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 22.6% of households in San Francisco County, California did not mail back their 2010 census short-form questionnaire.

132.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

133.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 26.5% of households in Cameron County, Texas did not mail back their 2010 census short-form questionnaire.

134.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 22.9% of households in El Paso County, Texas did not mail back their 2010 census short-form questionnaire.

135.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 29.3% of households in Hidalgo County, Texas did not mail back their 2010 census short-form questionnaire.

136.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that 24.2% of households in Monterey County, California did not mail back their 2010 census short-form questionnaire.

137.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

138.     Deny.

139.     Admit the allegations in the first sentence. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences and, on that basis, deny the allegations. Deny the allegations in the last sentence.

140.     Admit the allegations in the first sentence. The allegations in the second sentence are legal conclusions, not statements of fact to which a response is required. Defendants lack knowledge

or information sufficient to form a belief as to the truth of the allegations in the third sentence and subparagraphs (a)–(x) and, on that basis, deny the allegations.

141. Deny.

142. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and, on that basis, deny the allegations. Deny the allegations in the second sentence. The allegations in the third and fourth sentences are legal conclusions, not statements of fact to which a response is required. Deny the allegations in the last sentence.

143. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and subparagraphs (a)–(v) and, on that basis, deny the allegations.

144. Deny.

145. Admit the allegations in the first and second sentences. The allegations in the third and fourth sentences are legal conclusions, not statements of fact to which a response is required. Deny the allegations in the fifth sentence. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in subparagraphs (a)–(j) and, on that basis, deny the allegations.

146. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

147. The allegations in the first sentence are legal conclusions, not statements of fact to which a response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in subparagraphs (a)–(s) and, on that basis, deny the allegations.

148. The allegations in the first, second, and third sentences are legal conclusions, not statements of fact to which a response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny the allegations.

149.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

150.     Deny.

151.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

152.     Deny.

153.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

154.     The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required.

155.     Deny.

156.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

157.     Deny the first sentence. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny the allegations.

158.     Deny.

159.     Deny.

160.     Deny the allegations in the first sentence. Admit the allegations in the second, third, and fourth sentences. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence.

161.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161.

162.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162.

163.    Deny the allegations in the first sentence. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence and subparagraphs (a)–(g).

164.    Deny.

165.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

166.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

167.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

168.    Deny.

169.    Admit.

170.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

171.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

172.    Admit.

173.    Admit to the extent plaintiffs are citing to Defendant Census Bureau's publicly available previous estimates.  *See, e.g.*, https://www.commerce.gov/news/fact-sheets/2014/07/fostering-innovation-creating-jobs-driving-better-decisions-value.   Otherwise deny.

174.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

175.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

176.    Deny.

177.    Deny.

178–182.    The Enumeration Clause claim has been dismissed and thus no answer is required to these paragraphs.

183.    Defendants incorporate by reference their responses to the preceding paragraphs.

184.    The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required.

185.    The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, deny.

186.    The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, deny.

187.    The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, deny.

188.    Deny.

189.    Defendants incorporate by reference their responses to the preceding paragraphs.

190.    The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required.

191.    The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, deny.

192.    The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, deny.

193.    The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, deny.

194.    The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, deny.

195.    The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, deny.

196.    The allegations in this paragraph are legal conclusions, not statements of fact to which a response is required. To the extent a response is required, deny.

197.    Deny.

The prayer for relief contains no statements of fact to which a response is required. To the extent a response is required, Defendants deny the allegations and deny that plaintiffs are entitled to any of the relief requested or to any relief whatsoever.

Defendants deny all allegations not specifically admitted or denied above.

Dated:  August 31, 2018

CHAD A. READLER
Acting Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

JOSHUA E. GARDNER
CARLOTTA P. WELLS
Assistant Branch Directors

*s/ Carol Federighi*
KATE BAILEY
GARRETT GOYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL HALAINEN
MARTIN TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 514-1903
Email:  carol.federighi@usdoj.gov

*Counsel for Defendants*