

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530

September 5, 2018

**By ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

    Re:  *State of New York, et al., v. U.S. Department of Commerce, et al.*, 18-cv-2921 (JMF)
           *N.Y. Immigration Coalition v. U.S. Dep't of Commerce*, 18-cv-5025 (JMF)

Dear Judge Furman:

    Pursuant to Local Rule 37.2 and this Court's Rules of Individual Practice 2.C, Defendants write to oppose Plaintiffs' letter seeking leave to depose a third-party, Kansas Secretary of State Kris Kobach.

I.    <u>Defendants' Request for a Stay of Discovery Until the Petition for Writ of Mandamus Is Resolved Should Apply to Plaintiffs' Efforts to Depose Mr. Kobach.</u>

    As an initial matter, Defendants note that they have recently filed with this Court a motion to stay all discovery pending the outcome of a petition for writ of mandamus, No. 18-2921 ECF No. 292, No. 18-5025 ECF No. 116.  The petition for writ of mandamus will soon be filed with the United States Court of Appeals for the Second Circuit.  The basis for the petition is that Plaintiffs have not made the required strong showing of "bad faith," and are not entitled to extra-record discovery under the APA.  *Cf. Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42-43 (1983) (upholding agency decision so long as agency had a rational basis for decision).  Defendants' argument is, in part, that extra-record discovery about prior conversations or considerations about the possible reinstatement of a citizenship question on the 2020 Census is not relevant to whether Secretary Ross articulated a rational basis for reinstating a citizenship question, and particularly given the extreme burden, any further extra-record discovery should be stayed pending the outcome of the petition for mandamus.  Because the basis for Defendants' motion to stay discovery in the case applies with equal force to the proposed deposition of Mr. Kobach, any such deposition should be stayed pending the outcome of Defendants' petition for mandamus.

II.    <u>Plaintiffs Have Failed to Demonstrate that Deposing Mr. Kobach Is "Necessary or Appropriate."</u>

    Furthermore, Plaintiffs have failed to demonstrate that it is "necessary or appropriate" to depose Mr. Kobach.  At this Court's July 3, 2018 hearing in which the Court authorized discovery outside of the administrative record, the Court held that, while Plaintiffs are entitled to some extra-

record discovery, the Court will limit the scope of discovery consistent with the APA. Tr.[1] at 85. The Court explicitly stated that it is "mindful that discovery in an APA action, when permitted, 'should not transform the litigation into one involving all the liberal discovery available under the federal rules. Rather, the Court must permit only that discovery necessary to effectuate the Court's judicial review; i.e., *review the decision of the agency* under Section 706.'" *Id.* (quoting *Ali v. Pompeo*, 2018 WL 2058152 at *4 (E.D.N.Y. May 2, 2018)) (emphasis added). The Court went on to explicitly limit any extra-record discovery by Plaintiffs "absent agreement of the defendants or leave of Court" to the Department of Justice and the Department of Commerce, noting that "I am not persuaded that discovery from other third parties would be necessary or appropriate; to the extent that third parties may have influenced Secretary Ross's decision, one would assume that the influence would be evidenced in Commerce Department materials and witnesses themselves." *Id.* at 86.

Plaintiffs' basis for seeking leave to depose Mr. Kobach arises almost entirely from an email exchange appearing at pages 763 and 764 of the record. The emails were sent between July 14, 2017 and July 24, 2017. In a July 14, 2017 email to Secretary Ross, Mr. Kobach stated that he believed it was "essential" that a citizenship question be on the 2020 census. AR 763. On July 21, 2017, Mr. Kobach emailed Secretary Ross's chief of staff, Wendy Teramoto, to follow up on his previous email. Mr. Kobach mentioned that he and Secretary Ross had "spoken briefly on the phone" about the citizenship question "a few months earlier," and sought to schedule a call with Secretary Ross, to which Ms. Teramoto responded on July 24, 2017, setting up a call for the following day, July 25, 2017. AR 764. There is no indication in the record that Mr. Kobach spoke to Secretary Ross about a citizenship question after that call (if in fact that call ever occurred). Mr. Kobach later re-stated his views in a letter dated February 12, 2018. AR 1141.

As the Court recognized at the July 3, 2018 hearing, discovery in an APA action is generally disfavored, and, when allowed, should be narrowly tailored to the specific issue of allowing the court sufficient information to review the actual decision of the agency. Here, the decision of the agency occurred on March 26, 2018, when Secretary Ross issued the memorandum reinstating the citizenship question for the 2020 Census and explaining the basis for the decision. While the Court held that Plaintiffs have made a *prima facie* allegation that the stated basis for the decision "was pretextual," Tr. at 83, the limited extra-record discovery authorized by the Court should be targeted towards whether Secretary Ross's decision to reinstate a citizenship question was arbitrary and capricious.

Plaintiffs have not explained how being allowed to depose Mr. Kobach would reveal any material information about the basis for Secretary Ross's decision. Mr. Kobach's views on the citizenship question are not in doubt, and in fact are clearly articulated in the July 14, 2017 email and February 12, 2018 letter to Secretary Ross. AR 763, 1141. There is no reason to conclude that, apart from conveying his views on reinstating a citizenship question, Mr. Kobach would have any information relevant to the issue of whether the basis for the decision provided by Secretary Ross was rational. *Cf. Nat'l Sec. Archive v. CIA*, 752 F.3d 460, 462 (D.C. Cir. 2014) (Agency decision-makers "should be judged by what they decided, not for matters they considered before making up their minds."). As is apparent from the Administrative Record, Mr. Kobach is just one of many interested parties who conveyed their views or comments to Secretary Ross, none of whom participated in the decision itself. In short, the fact that Mr. Kobach, a high-ranking elected

---

[1] Excerpts from the July 3, 2018 hearing are attached to this response as Exhibit A.

official in the State of Kansas, participated in a brief email exchange, one or (possibly) two conversations that took place more than eight months prior to Secretary Ross's decision, and later sent an official letter, falls well short of establishing that Mr. Kobach would have "necessary or appropriate" information regarding the basis for Secretary Ross's decision to reinstate a citizenship question on the 2020 Census. Accordingly, this Court should deny Plaintiffs' request for leave to conduct extra-record third-party discovery on their APA claim.

<u>Conclusion</u>

For the foregoing reasons, Defendants request that this Court deny Plaintiffs' letter motion requesting leave to depose Kansas Secretary of State Kris Kobach.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Martin M. Tomlinson*
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL HALAINEN
MARTIN M. TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 353-4556
Fax:  (202) 616-8470
Email:  martin.m.tomlinson@usdoj.gov

*Counsel for Defendants*

CC:

All Counsel of Record (by ECF)