September 6, 2018

The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

> RE: *Joint Status Report in State of New York, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-2921 (JMF) and *New York Immigration Coalition, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-5025 (JMF)

Dear Judge Furman,

The parties submit the following status report.

**(1) A statement of all existing deadlines, due dates, and/or cut-off dates**: Plaintiffs' expert reports are due September 7, Defendants' expert reports are due September 21, Plaintiffs' rebuttal reports are due October 1, and fact and expert discovery will close on October 12, 2018.

**(2) A brief description of any outstanding motions**
a. The *NYIC* Plaintiffs' motion to amend the complaint to add additional plaintiffs and defendants. 18-CV-5025 ECF 98. Defendants opposed this motion on August 28. 18-CV-5025 ECF 108. This motion is fully briefed.

b. The Plaintiffs' sixth motion to compel: The Plaintiffs have moved for production of 32 documents withheld on the basis of deliberative privilege. 18-CV-2921 ECF 299, 18-CV-5025 ECF 123. Defendants' opposition is due September 7.

c. Defendants' Motion to Stay Discovery. 18-CV-2921 ECF 292, 18-CV-5025 ECF 116. Defendants have moved to stay discovery in this matter pending resolution for a petition for writ of mandamus in the Second Circuit filed September 5. Plaintiffs' opposition is due September 6.

**(3) A brief description of the status of discovery and of any additional discovery that needs to be completed**
Depositions: There have been six depositions to date: a Census Bureau 30(b)(6) witness, two Census Bureau and three Commerce Department witnesses. The parties agreed to leave open the Census Bureau 30(b)(6) deposition due to production of relevant materials the evening before the deposition, although Defendants note that Plaintiffs had nearly exhausted the seven hours permitted under the Federal Rules. Plaintiffs have noticed the deposition of Acting Assistant Attorney General John Gore for September 12. Plaintiffs also expect to file a motion in the next few days for leave to depose Secretary Ross. The Defendants intend to depose ten non-parties who are members of three of the *NYIC* Plaintiff organizations.

Administrative Record: The Defendants produced the Administrative Record on June 8 and June 21, and produced additional materials on July 23, July 26, and August 3 in response to this Court's order to complete the record. There is an outstanding motion regarding various

deliberative process assertions, and ongoing discussions between the parties regarding whether additional documents will be produced.

Written Discovery: The *State of New York* Plaintiffs have propounded 18 requests for production.  The *NYIC* Plaintiffs have propounded 18 requests for production to the Census Bureau, and 9 requests for production and 4 interrogatories to the Department of Commerce. The Plaintiffs expect to propound another round of interrogatories and requests for admission, and targeted requests for production.  After the initial production on August 14, Defendants made supplemental productions on August 16 and 28, and are continuing to review and produce materials responsive to the requests on a rolling basis.  Plaintiffs issued a document subpoena to the Department of Justice and received productions on August 12 and September 5.  The Department of Justice is planning to make further productions on a rolling basis.

The Defendants have propounded 46 requests for production, primarily for the purposes of challenging Plaintiffs' standing.  Defendants have conferred with NYAG Plaintiffs on these requests, and Plaintiffs' objections and responses are due on September 6.  Given that this discovery goes directly to the Court's jurisdiction to hear this case, Defendants do not believe it should be subject to any stay, if granted. And as discussed in Defendants' mandamus petition, additional written discovery is inconsistent with the judicial review provisions under the APA. Plaintiffs oppose Defendants' position that any stay of discovery should be applied unilaterally to relieve only the Defendants, and not the Plaintiffs, of discovery obligations in this case.

**(4)  Whether the case should be resolved by way of summary judgment or trial**
Plaintiffs' Position: Consistent with this Court's standard practice that "absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case," Plaintiffs' position is that the most efficient approach is to proceed directly to trial, with pretrial briefing on the key legal and factual issues, and post-trial submissions of proposed findings of fact and conclusions of law.  Given factual disputes, the *NYIC* Plaintiffs' equal protection claim cannot be resolved on the merits by summary judgment.  In addition to providing a better developed record for any appellate review, proceeding directly to trial will provide for a more expeditious resolution of the matter, which is critical given Census Bureau production deadlines.

If the Court is inclined to order summary judgment briefing, Plaintiffs propose that the Court adopt a hybrid summary judgment/trial procedure.  The parties should cross-move for summary judgment on issues that do not present material disputes of fact, and on issues where disputes of material fact may exist (for example, on issues such as pretext or the *NYIC* Plaintiffs' equal protection claim), the Court may then order narrowly-tailored trial testimony or cross-examination on those points.  However, to the extent applicable, the declarations and evidence submitted on summary judgment need not be resubmitted at trial.

Defendants' Position: Defendants maintain their position that this challenge to a final agency action should be decided on the basis of the administrative record produced by the agency pursuant to a motion for summary judgment. Notwithstanding that position, and even if the Court determines that it will consider extra-record evidence in resolving this case, Defendants contend that this case should be decided on summary judgment. Defendants do not understand this Court's general practice of preferring trial over summary judgment in a non-jury case as

applicable to challenges to agency action under the APA, regardless of the presence of an Equal Protection claim.

Plaintiffs' proposed "hybrid summary judgment/trial procedure" makes little sense. Pursuant to Federal Rule of Civil Procedure 56, summary judgment is only warranted where there are no material factual disputes. Accordingly, Defendants do not intend to move for summary judgment on issues where they believe there are "limited disputes of material fact." Rather, Defendants intend to move on summary judgment on all issues where there are no material issues of fact in dispute. Defendants' current view is that their summary judgment motion includes every claim in the cases.

**(5)  Whether the cases should be consolidated for summary judgment and trial**
Plaintiffs' Position: To the extent the Court authorizes any summary judgment briefing, Plaintiffs will need to submit separate briefs addressing distinct aspects of their case, such as any standing arguments and the *NYIC* Plaintiffs' equal protection claims. The Plaintiffs will commit to joint briefing on common issues. Plaintiffs believe the cases should be consolidated for trial.

Defendants' Position: Defendants do not agree that Plaintiffs should be permitted to submit separate briefs at summary judgment. Plaintiffs' claims challenge the same agency decision and will be decided on the same record. To the extent Plaintiffs' standing arguments differ, those distinctions could easily be addressed in separate subsections, as could *NYIC* Plaintiffs' equal-protection claim. Consolidated briefing will most efficiently resolve these cases.

**(6) A statement of the anticipated length of trial**
Plaintiffs' Position: Plaintiffs believe the Plaintiffs' direct case can be tried in a week. Plaintiffs currently intend to present eight expert witnesses, four senior Department of Commerce adverse witnesses (Secretary Ross, Ms. Teramoto, Ms. Dunn Kelley, and Mr. Comstock), and a representative sample of the Plaintiff groups. To avoid cumulative live testimony, Plaintiffs will use deposition excerpts or sworn witness affidavits for the balance of the case.

Defendants' Position: Defendants assert that trial is unnecessary in these APA actions. Should this Court disagree, Defendants contend that trial should last no more than 10 days, with the time being divided equally by side.

**(7) A statement of whether the parties anticipate filing motions for summary judgment**
Plaintiffs' Position: Plaintiffs do not believe the cases can be entirely resolved on summary judgment, and at most, partial summary judgment motions should be submitted. In that event, Plaintiffs would cross-move for partial summary judgment.

Defendants' Position: Defendants believe his case can and should be decided on summary judgment.

**(8) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to resolution.**

Dated: September 6, 2018                    Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
Assistant Branch Director

*/s/   Kate Bailey*
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
MARTIN TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 514-9239
Fax:  (202) 616-8470
Email: kate.bailey@usdoj.gov

*Counsel for Defendants*

ARNOLD & PORTER KAYE SCHOLER LLP
AMERICAN CIVIL LIBERTIES UNION

By:   /s/ John A. Freedman

| | |
|---|---|
| Dale Ho | Andrew Bauer |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 125 Broad St. | 250 West 55th Street |
| New York, NY 10004 | New York, NY 10019-9710 |
| (212) 549-2693 | (212) 836-7669 |
| dho@aclu.org | Andrew.Bauer@arnoldporter.com |
| | |
| Sarah Brannon[+]** | John A. Freedman |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 915 15th Street, NW | 601 Massachusetts Avenue, N.W. |

Washington, DC 20005-2313  
202-675-2337  
sbrannon@aclu.org

Washington, DC 20001-3743  
(202) 942-5000  
John.Freedman@arnoldporter.com

Perry M. Grossman  
New York Civil Liberties Union Foundation  
125 Broad St.  
New York, NY 10004  
(212) 607-3300 601  
pgrossman@nyclu.org

+ admitted pro hac vice  
\*\* Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(3).

Attorneys for *NYIC* Plaintiffs, 18-CV-5025

BARBARA D. UNDERWOOD  
Attorney General of the State of New York

By: /s/ Matthew Colangelo  
Matthew Colangelo (MC-1746)  
  Executive Deputy Attorney General  
Elena Goldstein (EG-8586), Senior Trial Counsel  
Ajay Saini (AS-7014), Assistant Attorney General  
Office of the New York State Attorney General  
28 Liberty Street  
New York, NY 10005  
Phone: (212) 416-6057  
Matthew.Colangelo@ag.ny.gov

Attorneys for *State of New York* Plaintiffs, 18-CV-2921