September 19, 2018

The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

> RE: Plaintiffs' letter-motion for leave to conduct discovery and depose non-party Mark Neuman in *State of New York, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-2921 (JMF).

Dear Judge Furman,

Pursuant to Rule 2(C) of this Court's Individual Rules and Practices, Plaintiffs seek leave to conduct limited document discovery and a deposition of non-party Mark Neuman. Defendants do not consent to Plaintiffs' request, and Plaintiffs have been unable to resolve this dispute through good faith meet-and-confer efforts.

The Court's July 3 order limited discovery to the Department of Commerce and Department of Justice, absent agreement of the Defendants or leave of Court. *See* July 3, 2018 Hearing Tr. at 86. However, the Court permitted Plaintiffs to seek leave to take discovery from third parties if "necessary or appropriate." *Id.* Because senior Commerce Department leadership (and apparently Justice Department staff as well, as described below) consulted Mr. Neuman as a key external advisor on legal and policy aspects of the citizenship question, and because the substance of those non-privileged consultations is largely not memorialized in the record, Plaintiffs believe his deposition is both necessary and appropriate.

*1.* Mr. Neuman is (to Plaintiffs' knowledge) currently employed by the retailer L. Brands, Inc. Ex. 1. He served on the transition team for the Department of Commerce from late 2016 to early 2017; previously chaired the Census Bureau's National Advisory Committee; and also previously worked in the Census Bureau's Congressional Affairs Office. Ex. 2; Cannon Decl. ¶ 16, Docket No. 254.

Throughout 2017 and 2018, in his capacity as a private citizen, Mr. Neuman served as a frequent external advisor to senior Commerce Department officials – and apparently the Justice Department as well – on the citizenship question. For example:

- On April 13, 2017, Earl Comstock emailed Mr. Neuman to ask him when the Census Bureau was required to notify Congress regarding the decennial census questions. Ex. 3. Mr. Comstock also testified that he consulted with Mr. Neuman more than a dozen times by telephone and in person, including on the citizenship question. Ex. 1.

- On May 2, 2017, in response to Secretary Ross's email saying he was "mystified why nothing have been done in response to my months old request that we include the citizenship question," Chief of Staff Wendy Teramoto responded: "I continue to talk frequently with Marc Neumann. . . Do you want me to set up another meeting?" Ex. 4.

- On September 8, 2017, one day after being notified that the Secretary wanted "an update on progress . . . regarding the citizenship question," James Uthmeier (a Commerce Department political appointee then working as Senior Counsel to the General Counsel) emailed Mr. Neuman to request a phone call. Mr. Uthmeier stated: "I am working on some Census legal questions for the Secretary and Peter Davidson, our new GC, and they asked me to reach out to you about some research that I have been doing." Ex. 5.

- On October 8, 2017, in response to an email from Secretary Ross with the subject line "Letter from DoJ" and asking "What is its status?," Commerce Department General Counsel Peter Davidson responded "I'm on the phone with Mark Neumann right now...he is giving me a readout of his meeting last week. I can give you an update via phone if you'd like..." Ex. 6. The Secretary responded "Please call me." *Id.*

- Secretary Ross discussed the citizenship question with Mr. Neuman as part of the Secretary's "stakeholder outreach"[1] in March 2018, Ex. 7; and the Secretary appears to have met with Mr. Neuman on the citizenship question in the period before May 2017 as well, *see* Ex. 4, in meetings not memorialized in the record.

The record therefore reflects that Mr. Neuman was an advisor on the citizenship question to the Secretary, the Chief of Staff (Teramoto), the director of the policy office (Comstock), the General Counsel (Davidson), and the General Counsel's Senior Counsel (Uthmeier). Ex. 3; Ex. 4; Ex. 5; Ex. 6; Ex. 7. Defendants have in fact acknowledged that "the record reflects Department employees consulted [Mr. Neuman] on various Census matters." Cannon Decl. ¶ 16. In addition, the email exchange between Secretary Ross and General Counsel Davidson strongly suggests that Neuman conferred with unnamed Justice Department officials on the citizenship question. Ex. 6. Mr. Neuman is not a government employee and no privileges attach to any of these consultations.[2]

    *2.* Applying the Court's standard for authorizing third-party discovery in this case, Mr. Neuman's deposition is "necessary or appropriate" given the circumstances. The Second Circuit authorizes extra-record discovery where, among other factors, it may be "necessary to determine the reasons for the agency's choice." *Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997); *accord Pub. Power Council v. Johnson*, 674 F.2d 791, 794 (9th Cir. 1982). As evidenced by his frequent consultations with senior staff on the citizenship question, Mr. Neuman was a key participant in developing the reasons for the agency's choice here. Many of these consultations were telephonic or in person, and the witnesses who have already been deposed testified that they do not recall the substance or details of those interactions. Ex. 1; Ex. 8. And although Mr. Neuman conferred with other Commerce Department employees whose

---

[1] As Plaintiffs have previously noted, Mr. Neuman's meeting with Secretary Ross in March 2018 appears to be the only such "stakeholder" meeting that was never memorialized with a file memo included in the administrative record. Docket No. 237 at 3. Defendants represented in response to Plaintiffs' previous motion that Mr. Neuman's input was not memorialized for the administrative record because he "was not seen as an external stakeholder" and "did not represent a particular constituency," and because he provided a slide presentation that was elsewhere included in the record. Cannon Decl. ¶ 16.

[2] Defendants originally withheld several communications between Mr. Neuman and Mr. Uthmeier on attorney-client privilege grounds before later withdrawing those privilege claims in response to Plaintiffs' objections and a motion to compel. Docket No. 237 at 3 n.3; Docket No. 236-4; Docket No. 220-1.

depositions have not been taken in this case (including Secretary Ross, Mr. Davidson, and Mr. Uthmeier), discovering this information from Mr. Neuman is warranted both because it is more efficient to seek this information from one source rather than many, and because of the Court's presumptive limit on the number of fact depositions in this case.

Mr. Neuman's deposition is also "appropriate" under the Court's standard. Although the Court recently denied Plaintiffs' request to depose third-party Kris Kobach, the factors the Court cited in doing so weigh in favor of allowing Plaintiffs to depose Mr. Neuman. *See* Docket No. 303. Mr. Neuman is not just "one of many people outside the Commerce Department who communicated with Secretary Ross about the citizenship question," *id.*; but is instead someone whose input Defendants solicited on multiple occasions and through multiple, senior points of contact. Cannon Decl. ¶ 16; Ex. 3; Ex. 4; Ex. 5; Ex. 6; Ex. 7. Nor is the substance of Mr. Neuman's views "already reflected in the record," Docket No. 303; to the contrary, although the record contains some information from Mr. Neuman – including a presentation submitted at his March 2018 meeting with the Secretary, which Defendants have represented the Secretary did not consider, *see* Cannon Decl. ¶ 16 – most interactions with Mr. Neuman are not memorialized anywhere and appear to have been conducted by phone or in person.[3] Ex. 4; Ex. 5; Ex. 6. Finally, although the Court did not cite this consideration in denying Plaintiffs' earlier request for a third-party deposition, Mr. Neuman is not – unlike Secretary Kobach – a high-ranking official in another state who is generally subject to the "exceptional circumstances" test. *See Fish v. Kobach*, 320 F.R.D. 566, 579 (D. Kan. 2017).

Mr. Neuman's involvement in the process of adding the citizenship question appears to relate to central factual and legal issues in this case. Plaintiffs respectfully request that the Court authorize Plaintiffs to seek a Rule 45 deposition of and limited document discovery from Mr. Neuman.

                    Respectfully submitted,

                    BARBARA D. UNDERWOOD
                    *Attorney General of the State of New York*

                    By: */s/ Matthew Colangelo*
                    Matthew Colangelo
                      *Executive Deputy Attorney General*
                    Elena Goldstein, *Senior Trial Counsel*
                    Ajay Saini, *Assistant Attorney General*
                    Office of the New York State Attorney General
                    28 Liberty Street
                    New York, NY 10005
                    Phone: (212) 416-6057

---

[3] Standing alone, Defendants' conspicuous decision not to memorialize Mr. Neuman's input from the March 2018 stakeholder meeting in the same form as all other stakeholder meetings weighs in favor of authorizing Mr. Neuman's deposition to, at minimum, allow the Court to review "the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 420 (1971); *see* 5 U.S.C. § 706 (in evaluating agency action, "the court shall review the whole record").

matthew.colangelo@ag.ny.gov

Attorneys for the *State of New York* Plaintiffs


ARNOLD & PORTER KAYE SCHOLER LLP
AMERICAN CIVIL LIBERTIES UNION

By: */s/ John A. Freedman*

| | |
|---|---|
| Dale Ho | Andrew Bauer |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 125 Broad St. | 250 West 55th Street |
| New York, NY 10004 | New York, NY 10019-9710 |
| (212) 549-2693 | (212) 836-7669 |
| dho@aclu.org | Andrew.Bauer@arnoldporter.com |
| | |
| Sarah Brannon* | John A. Freedman |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 915 15th Street, NW | 601 Massachusetts Avenue, N.W. |
| Washington, DC 20005-2313 | Washington, DC 20001-3743 |
| 202-675-2337 | (202) 942-5000 |
| sbrannon@aclu.org | John.Freedman@arnoldporter.com |
| *\* Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(3).* | |

Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601
pgrossman@nyclu.org

Attorneys for the *NYIC* Plaintiffs