UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
STATE OF NEW YORK, et al., :
:
Plaintiffs, :
: 18-CV-2921 (JMF)
-v- :
: MEMORANDUM OPINION
UNITED STATES DEPARTMENT OF COMMERCE, et al., : AND ORDER
:
Defendants. :
:
------------------------------------------------------------------------ :
X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/21/2018

JESSE M. FURMAN, United States District Judge:

On September 17, 2018, Plaintiffs filed a letter motion seeking a discovery conference or a protective order barring Defendants from taking the depositions of various individual members of the Plaintiff non-governmental organizations ("NGOs"). (Docket No. 324 ("Pls.' Letter")). Defendants responded by letter dated September 19, 2018, arguing that the depositions are appropriate to test Plaintiffs' claims of standing. (Docket No. 339 ("Defs.' Letter")).[1] Upon review of the parties' letters, the Court concludes that a conference is not necessary. Instead, Plaintiffs' request for a protective order is granted in part and denied in part.

Defendants' argument that depositions of the NGOs' members are necessary to evaluate their standing is somewhat dubious in light of *Carey v. Klutznik*, 637 F.2d 834 (2d Cir. 1980). In

---

[1] In a footnote, Defendants suggest that for five of the subpoenas at issue, Plaintiffs' motion was filed in the wrong district. (*See* Defs.' Letter 1 n.1). The Court declines to consider that suggestion, however, both because it is inadequately raised, *see Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived . . . ."), and because Defendants do not explicitly ask that the motion be denied on that basis. Moreover, Rule 26 of the Federal Rules of Civil Procedure, upon which Plaintiffs rely (*see* Pls.' Letter 1), provides that "[a] party or any person from whom discovery is sought may move for a protective order *in the court where the action is pending*." Fed. R. Civ. P. 26(c)(1).

that case, which is binding on this Court, the Second Circuit held that "citizens who challenge a census undercount" can establish standing merely by showing "that improper enumeration will result in loss of funds to their city." *Id.* at 838. Nevertheless, mindful that the law governing standing has arguably developed since *Carey* and that Plaintiffs proffer multiple theories of standing (*see* Pls.' Letter 2), the Court is not prepared at this stage to rule out the possibility that the NGOs' members' abilities to prove more — in particular, that they actually use services that would be adversely affected by a census undercount (*see* Defs.' Letter 2-3) — will prove to be critical. Additionally, given the importance and urgency of this litigation, there is a strong interest in ensuring that an adequate record is made in the first instance for both sides to make whatever arguments they want to make. For these reasons, the Court concludes that Defendants should be allowed to proceed with the depositions at issue.

That said, the Court concludes that the depositions and Defendants' use of the depositions should be limited in several respects. First, the depositions shall be limited in scope to where the individual members live and whether they use any services that could be adversely affected by a census undercount.[2] Any questions beyond those topics are irrelevant and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). Second, in light of that limited scope, each deposition is limited to no more than one hour in length. *See, e.g.*, *Arista Records LLC v. Lime*

---

[2] In a more recent letter (addressing whether the Court should entertain summary judgment practice), Defendants state that they "intend to depose members of NGO Plaintiffs and provide testimony confirming the speculativeness of these members' — and therefore NGO Plaintiffs' — alleged injuries." (Docket No. 333, at 5). It is unclear if Defendants mean to suggest that they intend to depose the NGO Plaintiffs' members about whether services they use would likely be affected by an undercount, as they themselves acknowledge that such "information is unlikely to be available from the NGO Plaintiffs themselves." (Defs.' Letter 2). But to avoid any confusion, any such questioning of NGO Plaintiffs' members would be improper. Whether a loss of funding is speculative is a matter for expert testimony or evidence from the Census Bureau, not for testimony from the NGO Plaintiffs' members themselves.

*Grp. LLC*, No. 06-CV-5936, 2008 WL 1752254, at *1 (S.D.N.Y. Apr. 16, 2008) ("A district court has broad discretion to set the length of depositions appropriate to the circumstances of the case."). Third, counsel shall confer in an effort to schedule the depositions so as to minimize the burdens on the witnesses. And finally, Defendants shall refer to the witnesses only by their initials in public filings to minimize any burden on them. (*See* Defs.' Letter 3).

The Clerk of Court is directed to terminate Docket No. 324.

SO ORDERED.

Dated: September 21, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge