

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530

September 21, 2018

**By ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Re:  *State of New York, et al., v. U.S. Department of Commerce, et al.*, 18-cv-2921 (JMF)

Dear Judge Furman:

Pursuant to Local Rule 37.2 and this Court's Rules of Individual Practice 2.C, Defendants write to oppose Plaintiffs' letter seeking leave to depose a third-party, Mark Neuman.

Plaintiffs' motion seeking leave to depose Mr. Neuman should be denied because Plaintiffs have failed to demonstrate that it is "necessary or appropriate" to depose Mr. Neuman.  At this Court's July 3, 2018 hearing in which the Court authorized discovery outside of the administrative record, the Court held that, while Plaintiffs are entitled to some extra-record discovery, the Court will limit the scope of discovery consistent with the APA.  Tr.[1] at 85.  The Court explicitly stated that it is "mindful that discovery in an APA action, when permitted, 'should not transform the litigation into one involving all the liberal discovery available under the federal rules.  Rather, the Court must permit only that discovery necessary to effectuate the Court's judicial review; i.e., *review the decision of the agency* under Section 706.'"  *Id*. (quoting *Ali v. Pompeo*, 2018 WL 2058152 at *4 (E.D.N.Y. May 2, 2018)) (emphasis added).  The Court went on to explicitly limit any extra-record discovery by Plaintiffs "absent agreement of the defendants or leave of Court" to the Department of Justice and the Department of Commerce, noting that "I am not persuaded that discovery from other third parties would be necessary or appropriate; to the extent that third parties may have influenced Secretary Ross's decision, one would assume that the influence would be evidenced in Commerce Department materials and witnesses themselves."  *Id*. at 86.

Plaintiffs' basis for seeking leave to depose Mr. Neuman arises primarily from references to conversations between Commerce officials and Mr. Neuman in the record.  The record, including the deposition testimony of Earl Comstock and Wendy Teramoto, indicates that Mr. Neuman, who was formerly chair of the Census Bureau's National Advisory Committee and later in late 2016 and early 2017 served as a member of the administration's transition team for the Department of Commerce, ECF No. 338-5 at 11329, had a handful of conversations with Secretary Wilbur Ross and other Commerce officials about Census matters.  The record indicates that such conversations were about Census matters generally and not limited to the possibility of reinstating a citizenship question to the decennial census; indeed, budgetary, operational, and personnel issues

---

[1] Excerpts from the July 3, 2018 hearing are attached to this response as Exhibit A.

predominated. *See* Earl Comstock depo., ECF No. 338-1, p. 124, ll. 14-20 (describing the "primary discussion points" of meetings with Mr. Neuman as census-related matters other than citizenship question); *id*. at p. 125 ll. 17-21; p. 126 ll. 8-9 (noting that Mr. Neuman briefed Ross on a number of census matters but only once on the citizenship question); Teramoto depo., ECF No. 338-8, p. 31, ll. 3-8 (noting that her suggestion that Secretary Ross meet with Mr. Neuman had "nothing to do with . . . the citizenship question"); *id*. at p. 34, ll. 3-6 ("[A] lot of the census focus was on the budget and how are you going to properly ramp up half a million employees in such a short amount of time."). This is entirely consistent with the reasons the Secretary consulted with Mr. Neuman during the first year of the Administration: Mr. Neuman's expertise on Census operations and administration. *See* Exhibit B (Secretary Ross, Post-Hearing Questions for the Record (Oct. 31, 2017)) at 7. Mr. Neuman has worked with multiple incoming administrations to assist leaders who are acclimating to Census Bureau management. His involvement here was no different. The record does not indicate that Mr. Neuman provided any particularly significant consultations on the citizenship question issue during his conversations with Commerce officials in 2017; indeed, the record indicates that Mr. Neuman was one of two dozen interested persons, and one of six former high-ranking Census Bureau officials, who offered to discuss census-related matters with Secretary Ross. Insofar as these 2017 conversations are the basis for Plaintiffs' motion for leave to depose Mr. Neuman, Plaintiffs fail to meaningfully distinguish how Mr. Neuman is differently situated from Kris Kobach, who was also involved in the administration's transition and who also had a few conversations with Secretary Ross about the decennial census nearly a year before the Secretary made his decision. This Court recently denied Plaintiffs' motion for leave to depose Mr. Kobach, on the basis that it was not "necessary or appropriate" to depose a third-party given the "timing and nature of the communications" and that Mr. Kobach was "one of many people" with whom Commerce had correspondence about the decennial census during the time period in question. ECF No. 303. These factors apply with equal force to Mr. Neuman's communications with Secretary Ross and other high-ranking Commerce officials in 2017.

To the extent that Plaintiffs are seeking leave to depose Mr. Neuman based upon Mr. Neuman's conversations with Secretary Ross in March 2018 in the lead-up to Secretary Ross's final decision reinstating a citizenship question on the 2020 Census, that argument is also unavailing. As an initial matter, Defendants note that the exhibits Plaintiffs attach to their letter motion show that there were a large number of persons from outside Commerce with whom Secretary Ross held discussions about the census. For example, on March 15, 2018, Mr. Neuman was listed as the final of eight separate persons with whom Secretary Ross was scheduled to speak with by telephone – a list that also includes one of Plaintiffs' experts – with all calls being allocated for either five or ten minute blocks. ECF No. 338-7 at 3491. On March 22, 2018, Mr. Neuman was scheduled to be the final of three separate calls or meetings about the decennial census; his meeting was scheduled for forty-five minutes. ECF No. 338-7 at 1815. Mr. Neuman's inclusion as one of just several calls or meetings between elected officials, business leaders, and others with Secretary Ross to discuss the decennial census indicates that he was not acting as a high-level advisor to Secretary Ross, but rather was one of a large number of people who communicated information or opinions about the census to Secretary Ross before Secretary Ross's decision to reinstate a citizenship question.[2] This was confirmed by the declaration of Michael A. Cannon, who stated that the information and opinions provided by Mr. Neuman at the March 22, 2018

---

[2] To the extent Mr. Neuman did participate in any high-level deliberations, the substance of such deliberations could be protected by the deliberative process privilege.

meeting were "not considered by the Secretary in his decision to reinstate the citizenship question." ECF No. 254 at 3 ¶ 16.

Finally, this Court should deny Plaintiffs' motion for leave to depose Mr. Neuman because, like Mr. Kobach, his views are adequately represented by materials provided to Plaintiffs. Although Mr. Neuman provided officials his views on a range of Census matters, his views on reinstating a citizenship question in particular are already memorialized in the record. Mr. Neuman met with Secretary Ross to discuss a citizenship question on March 22, 2018. ECF No. 338-7 at 1815. At the meeting, Mr. Neuman gave Secretary Ross a PowerPoint presentation explaining how he believed that using the decennial census to gather block-level citizen voting age population data would be helpful in ensuring that Latino voters were not underrepresented by their elected officials. This PowerPoint presentation has been provided to Plaintiffs, as Plaintiffs concede in their letter motion, ECF No. 338 at 3, and is attached to this response as Exhibit C. Plaintiffs also have a September 13, 2017 communication from Mr. Neuman to Commerce attorney James Uthmeier, in which Mr. Neuman broadly outlines his concerns with differential undercounts and the need to "count every person living in America." ECF No. 338-5 at 11329. These documents reflect the substance of Mr. Neuman's views and concerns about reinstating a citizenship question on the decennial census. Plaintiffs note that Mr. Neuman also spoke with officials by phone or in person but offer no explanation as to why the documentary evidence of Mr. Neuman's views in the record is inadequate to understand the views he presented. ECF No. 338 at 3. Furthermore, this Court has ruled that Plaintiffs may depose Secretary Ross as part of this litigation. ECF No. 345. While Defendants anticipate seeking mandamus review of this decision, if Secretary Ross were to be deposed, Plaintiffs would have the opportunity to ask him about conversations with Mr. Neuman, and if and to what extent those conversations impacted his decision to reinstate a citizenship question, rendering any deposition of Mr. Neuman unnecessary. Therefore, just as this Court denied Plaintiffs' motion for leave to depose Mr. Kobach in part because of "the fact that the substance of Mr. Kobach's views is already reflected in the record," ECF No. 303, it should deny Plaintiffs' motion for leave to depose Mr. Neuman because such a deposition is not "necessary or appropriate."

## Conclusion

For the foregoing reasons, Defendants request that this Court deny Plaintiffs' letter motion requesting leave to depose Mark Neuman.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Martin M. Tomlinson*
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL HALAINEN
MARTIN M. TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 353-4556
Fax:  (202) 616-8470
Email: martin.m.tomlinson@usdoj.gov

*Counsel for Defendants*

CC:

All Counsel of Record (by ECF)