# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE, *et al.*,<br><br>        Defendants. | No. 1:18-cv-2921 (JMF) |
| NEW YORK IMMIGRATION COALITION, *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE, *et al.*,<br><br>        Defendants. | No. 1:18-cv-5025 (JMF)<br><br><br>**ANSWER TO COMPLAINT IN NO. 1:18-CV-5025 (JMF)** |

Defendants United States Department of Commerce, Wilbur L. Ross, Jr., in his official capacity as Secretary of Commerce, the United States Census Bureau, and Ron S. Jarmin, in his capacity as performing the non-exclusive functions and duties of the Director of the U.S. Census Bureau, answer and respond to each numbered paragraph of the Plaintiffs' Complaint (ECF No. 1) as follows:

      1.      Defendants admit that on March 26, 2018, Secretary of Commerce Wilbur L. Ross, Jr., directed the Census Bureau to reinstate a citizenship question on the 2020 census short-form questionnaire and that on March 29, 2018, Defendants transmitted to Congress the questions that

will be asked on the 2020 census.  The second sentence of this paragraph consists of Plaintiffs'

characterization of the decision memo, which speaks for itself and to which no response is required.

To the extent a response is required, Defendants deny the allegations of this sentence and

respectfully refer the Court to the Secretary's decision memo for a full and accurate statement of its

contents.  The remaining allegations in this paragraph consist of Plaintiffs' legal conclusions, to

which no response is required but, to the extent a response is required, deny.

2.      The allegations in paragraph 2 consist of plaintiffs' characterization of unspecified

testimony, which speaks for itself and to which no response is required.

3.-10.   The allegations in paragraphs 3-10 consist of plaintiffs' characterizations of the

current political climate and of the administration's policies relating to immigrants, unsupported

speculations about the actions of third parties relevant to the census, argumentative characterizations

of Secretary Ross's decision memo, and legal conclusions, as to all of which no response is required

but, to the extent an answer is deemed necessary, deny.

11.      The allegations in paragraph 11 consist of Plaintiffs' legal conclusions regarding

jurisdiction, to which no response is required.  To the extent a response is required, deny.

12.      The allegations in paragraph 12 consist of Plaintiffs' legal conclusions regarding the

authority of the court to grant the relief sought in this suit, to which no response is required.  To the

extent a response is required, deny.

13.      The allegations in the first two sentences of paragraph 13 consist of Plaintiffs' legal

conclusions regarding venue, to which no response is required.  Defendants are without knowledge

or information sufficient to form a belief as to the truth of the allegations in the last sentence of this

paragraph but, to the extent a response is required, deny.

14.-16.  Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraphs 14-16 but, to the extent a response is required, deny.

17.      Deny the first sentence of paragraph 17.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence but, to the extent a response is required, deny.

18.      Defendants admit that NYIC has been and is a participant in the decennial Partnership Program.  Defendants admit that the 2010 Decennial Census participation mail-in rate for New York City increased by three percent, but are without knowledge or information sufficient to form a belief as to the cause or causes of that increase but, to the extent a response is required as to causation, deny.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 18 but, to the extent a response is required, deny.

19.-20.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 19-20 but, to the extent a response is required, deny.

21.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 but, to the extent a response is required, deny.

22.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 22 but, to the extent a response is required, deny.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph but, to the extent a response is required, deny.

23.-24.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 23-24 but, to the extent a response is required, deny.

25.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and fourth sentences of paragraph 25 but, to the extent a response is required, deny.  Deny the third sentence.

26.     Deny.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 27 but, to the extent a response is required, deny.  Deny the third sentence.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 but, to the extent a response is required, deny.

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 29 but, to the extent a response is required, deny.  Deny the second sentence.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence but, to the extent a response is required, deny.

30.     Deny the first sentence of paragraph 30.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph but, to the extent a response is required, deny.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 but, to the extent a response is required, deny.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 but, to the extent a response is required, deny.

33.-34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 33-34 but, to the extent a response is required, deny.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 but, to the extent a response is required, deny.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 but, to the extent a response is required, deny.

37.     Deny the first three sentences of paragraph 37.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of this paragraph but, to the extent a response is required, deny.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 but, to the extent a response is required, deny.

39.     Defendants deny that ADC will conduct training for census enumerators. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 but, to the extent a response is required, deny.

40.     Deny.

41.     Deny the first sentence of paragraph 41.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph but, to the extent an answer is deemed necessary, deny.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 but, to the extent an answer is deemed necessary, deny.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 but, to the extent an answer is deemed necessary, deny.

44.-45.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 44-45 but, to the extent a response is required, deny.

46.     Deny the second sentence of paragraph 46.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 but, to the extent an answer is deemed necessary, deny.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 but, to the extent an answer is deemed necessary, deny.

48.-51.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 48-51 but, to the extent a response is required, deny.

52.      Deny the first sentence of paragraph 52.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence but, to the extent an answer is deemed necessary, deny.

53.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 53 but, to the extent a response is required, deny.  Deny the third sentence.

54.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of paragraph 54 but, to the extent a response is required, deny.  Deny the fourth sentence.

55.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 but, to the extent a response is required, deny.

56.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and last sentences of paragraph 56.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph but, to the extent a response is required, deny.

57.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 57, but to the extent a response is required, deny.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph but, to the extent a response is required, deny.

58.-59.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 58 and 59 but, to the extent a response is required, deny.

6

60.     Admit.

61.     Defendants admit that Defendant Wilbur L. Ross, Jr., is the United States Secretary of Commerce and the head of the United States Department of Commerce, which includes the United States Census Bureau.  The remaining allegations of this paragraph consist of Plaintiffs' characterization of Secretary Ross's legal authority and of this lawsuit, to which no response is required.

62.     Admit.

63.     Admit the first sentence of paragraph 63.  The second sentence of this paragraph consists of Plaintiffs' characterization of this lawsuit, to which no response is required.

64.     The allegations in paragraph 64 consist of Plaintiffs' characterizations of the U.S. Constitution and Plaintiffs' legal conclusions, to which no response is required.

65.     The allegations in paragraph 65 consist of Plaintiffs' characterizations of statutes and regulations and Plaintiffs' legal conclusions, to which no response is required.

66.     The allegations in paragraph 66 consist of Plaintiffs' characterizations of statutes, regulations, and case law, and Plaintiffs' legal conclusions, to which no response is required.

67.     The allegations in the second sentence are legal conclusions, not statements of fact to which a response is required.  Admit the remaining allegations.

68.     The allegations in paragraph 68 are legal conclusions to which no response is required but, to the extent a response is required, deny.

69.     The allegations in paragraph 69 are legal conclusions and characterizations of the decision in *Evenwel v. Abbott* to which no response is required but, to the extent a response is required, deny.

70.     Admits that population data is one factor that is used in determining the number of electoral votes for each state, in so far as the House of Representatives representation is combined with Senate representation to calculate each state's electoral vote.  Otherwise deny.

71.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 but, to the extent a response is required, deny.

72.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 72 but, to the extent a response is required, deny.  The remainder of the allegations in paragraph 72 constitute legal conclusions to which no response is required but, to the extent a response is required, deny.

73.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 73 but, to the extent a response is required, deny.  The second sentence of this paragraph consists of Plaintiffs' characterization of the statutes cited in the footnote and Plaintiffs' legal conclusions, to which no response is required. Defendants deny the remaining sentences of this paragraph.

74.     Defendants admit the first sentence of paragraph 74.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences but, to the extent a response is required, deny.

75.     Deny the allegations of paragraph 75, except to admit that some demographic groups have historically been more difficult to count than others and that minority and immigrant populations have historically been difficult to accurately count in the decennial census and further note that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation about why those groups have historically been difficult to accurately count in the decennial census and, on that basis, deny the allegation.

76.     Admits that racial and ethnic minorities and persons who do not speak English fluently are among groups that have typically been reader to reach and enumerate.  The allegations of the second sentence consist of Plaintiffs' characterizations of the report cited in footnote 13, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited report for a complete and accurate statement of its contents.

77.     Defendants admit the allegations of paragraph 77 but deny that those undercounts were either statistically significant or affected any apportionment of Congressional representatives or any other Federal function that was not implemented by the Census Bureau.

78.     Defendants admit the allegations of paragraph 78 but deny that the referenced overcounts were either statistically significant or affected any apportionment of Congressional representatives or any other Federal function that was not implemented by the Census Bureau.

79.     Admit.

80.     Admit.

81.     Deny, except to admit that census questions about citizenship are sensitive in immigrant communities.

82.     Deny, except to admit that the decennial census short-form questionnaire last asked a citizenship question in 1950 and that the question currently appears on the American Community Survey ("ACS"), sent every year to a sample of households.

83.     The allegations of paragraph 83 consist of Plaintiffs' characterizations of the report mentioned in the affidavit cited in footnote 16, which both speak for themselves and to which no response is required.  To the extent a response is required, Defendants admit that the cited affidavit was submitted in the referenced litigation and respectfully refer the Court to the affidavit and report discussed therein for a full and accurate statement of their contents.

84. Deny, except to admit that the judicial opinion cited in footnote 17 includes the quoted statements and respectfully refer the Court to the opinion for a full and accurate statement of its contents.

85. Deny except to admit that Census Bureau officials testified before Congress in 1985, 1988, and 1989 regarding proposed legislation about counting immigrants in the census and made the quoted statements, and respectfully refer the Court to the congressional testimony cited in footnotes 18-20 for a full and accurate statement of the contents.

86. Deny except to admit that neither the 2000 census short-form questionnaire nor the 2010 census questionnaire contained a citizenship question and that former Census Bureau Director Kenneth Prewitt testified before Congress in 2005 about counting non-citizens in the census, and respectfully refer the Court to the testimony cited in footnote 21 for a full and accurate statement of its contents.

87. Deny except to admit that eight former Census Bureau Directors issued the referenced statement, and respectfully refer the Court to the statement cited in footnote 22 for a full and accurate statement of its contents.

88. Deny except to admit that former Census Bureau Director Robert Groves made the quoted statements, and respectfully refer the Court to the C-SPAN video cited in footnote 23 for a full and accurate recording of his remarks.

89. Deny except to admit that four former Census Bureau Directors filed a brief containing the quoted statements and respectfully refer the Court to the brief cited in footnote 24 for a full and accurate statement of its contents.

90. Paragraph 90 contains Plaintiffs' legal conclusions, to which no response is required, but, to the extent a response is required, deny.

91.     Deny except to admit that the Census Bureau gathers citizenship data through other surveys than the decennial census.

92.     Deny except to admit that the Census Bureau sent a long-form questionnaire in lieu of the short-form questionnaire to approximately one in six households from 1970 through the 2000 decennial census, that the long-form questionnaire contained additional questions, and that from 1970 to 2000, one of the questions on the long-form questionnaire concerned citizenship status.

93.     Admit.

94.     The allegations contained in paragraph 94 are a characterization of the report cited, which speaks for itself and to which no response is required.

95.     Admit the first sentence of paragraph 95.  The remaining allegations of this paragraph consist of Plaintiffs' characterization of the citizenship question as it currently appears on the ACS, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the question, reproduced in this paragraph of the Complaint, for a complete and accurate statement of its contents.

96.     Admit.

97.     Deny the first two sentence of paragraph 97, except to admit that the current version of the ACS includes a citizenship question and that the ACS is a distinct and separate survey from the decennial census.  Admits that the ACS is based on a sample to produced reliable estimates for the overall population, but denies that the data is "adjusted" in the technical definition of that term.

98.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98, for which no source is provided but, to the extent a response is required, deny.

99.     Paragraph 99 contains Plaintiffs' characterizations of statements reported in the news article cited in footnote 26, which speaks for itself and to which no response is required.

Defendants respectfully refer the Court to the article for a complete and accurate statement of its contents. Defendants further state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Christopher Stanley's position with Senator Vitter but, to the extent a response is required, deny.

100-102.    Paragraphs 100-102 contain Plaintiffs' characterizations of statements made or reported in the articles and blogs cited in footnotes 27-30, which speak for themselves and to which no response is required. Defendants respectfully refer the Court to the cited articles for a complete and accurate statement of their contents.

103.    Deny, except to admit that, as set forth in the webpage cited in footnote 31 and accompanying Washington Post article, the Washington Post reported obtaining a draft Executive Order proposing census questions to determine immigration and citizenship status, accompanied by a memorandum with Andrew Bremberg's name in the "from" line.

104.    The allegations in the first sentence of paragraph 104 consist of plaintiffs' characterizations of the administration's policies relating to immigrants, as to which Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations and as to which no response is required, but to the extent an answer is deemed necessary, denied. The second sentence consists of Plaintiffs' characterization of the data posted on the webpage listed in footnote 32, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the cited webpage for a complete and accurate statement of its contents.

105.    The allegations in the first sentence of paragraph 105 consist of Plaintiffs' argumentative conclusion about whether certain rhetoric implies a particular goal, to which no response is required, but to the extent an answer is deemed necessary, denied. The second sentence consists of Plaintiffs' characterization of and quotation of statements made in the article cited in

footnote 34, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited article for a complete and accurate statement of its contents.

106.-110.     Paragraphs 106-110 contain Plaintiffs' characterizations of the current political climate and the administration's policies, actions, and purported statements relating to immigrants, as to which Defendants have no direct knowledge or information and to which no response is required, but to the extent an answer is deemed necessary, denied.  To the extent Plaintiffs refer to or cite from various sources, those sources speak for themselves and Defendants respectfully refer the Court to those sources for a complete and accurate statement of their contents.

111.     Paragraph 111 consists of Plaintiffs' legal conclusions and argumentative characterizations of Defendants' actions, to which no response is required, but to the extent a response is required, deny.

112.     Deny.

113.-126.     The allegations in paragraphs 113-126 consist of Plaintiffs' characterizations of the current political climate, the administration's policies, actions, and statements relating to immigrants, the reactions of individuals to the foregoing, and various referenced documents (articles, reports, surveys, webpages), as to which Defendants have no direct knowledge or information and to which no response is required, but to the extent an answer is deemed necessary, denied.  To the extent Plaintiffs refer to or cite from various sources, those sources speak for themselves and Defendants respectfully refer the Court to those sources for a complete and accurate statement of their contents.

127.     The first sentence of paragraph 127 contains Plaintiffs' characterizations of the current political and social climate and the administration's policies, actions, and purported statements relating to immigrants, as to which Defendants have no direct knowledge or information and to which no response is required, but to the extent an answer is deemed necessary, denied.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, for which no source is provided but, to the extent a response is required, deny.

128.-132.       Paragraphs 128-132 contain Plaintiffs' characterizations of the Census Bureau memorandum cited in footnotes 67-70, which speaks for itself and to which no response is required, except to admit that the memorandum contains the quoted passages.  Defendants respectfully refer the Court to the cited memorandum for a complete and accurate statement of its contents.

133.    Paragraph 133 contains Plaintiffs' characterizations of the presentation cited in footnote 71 which speaks for itself and to which no response is required, except to admit that the presentation contains the quoted passages.  Defendants respectfully refer the Court to the cited presentation for a complete and accurate statement of its contents.

134.-136.       Paragraph 134-136 contains Plaintiffs' characterizations of the presentations cited in footnote 72-75 which speak for themselves and to which no response is required, except to admit that the presentation contains the quoted passages.  Defendants respectfully refer the Court to the cited presentations for a complete and accurate statement of their contents.

137.    Admit that the Census Bureau conducted forty-two focus groups about the questions on the 2020 Decennial Census.  Admit that thirty of those focus groups occurred after the reinstatement of the citizenship question was announced, and that the moderator guide was modified to include discussions of the citizenship question.  Admit that many participants expressed concern about the citizenship question.  Admit that the Secretary of Commerce was briefed on the results of these focus groups on September 19, 2018.  Otherwise denies the allegations of paragraph 137.

138.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138, for which no sources is provided but, to the extent a response is required, deny.

139.     Paragraph 139 contains Plaintiffs' characterizations of the news article cited in footnote 26, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the article for a complete and accurate statement of its contents.

140.     The first sentence of paragraph 140 contains Plaintiffs' characterizations of Secretary Ross's final decision memo directing reinstatement of a citizenship question on the decennial census, which speaks for itself and to which no response is required but, to the extent a response is required, deny.  Defendants respectfully refer the Court to the decision memo for a complete and accurate statement of its contents.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph, for which no source is provided, but, to the extent a response is necessary, deny.

141.     Deny.

142.     Paragraph 142 contains Plaintiffs' characterizations of the testimony cited in footnote 77, which speaks for itself and to which no response is required, except to admit that the testimony contains the quoted passages.  Defendants respectfully refer the Court to the cited testimony for a complete and accurate statement of its contents.

143.     Paragraph 143 contains Plaintiffs' characterizations of the statements reported in the news article cited in footnote 78, which speaks for itself and to which no response is required, except to admit that the article contains the quoted passages.  Defendants respectfully refer the Court to the cited article for a complete and accurate statement of its contents.

144.     Paragraph 144 contains Plaintiffs' characterizations of the testimony cited in footnote 79, which speaks for itself and to which no response is required, except to admit that the

testimony contains the quoted passages.  Defendants respectfully refer the Court to the cited testimony for a complete and accurate statement of its contents.

145.     Paragraph 145 contains Plaintiffs' characterizations of the testimony cited in footnote 80, which speaks for itself and to which no response is required, except to admit that the testimony contains the quoted passage.  Defendants respectfully refer the Court to the cited testimony for a complete and accurate statement of its contents.

146.     Deny.

147.     Deny.

148.     Deny the first sentence of paragraph 148.  The second sentence contains Plaintiffs' characterizations of the press statement cited in footnote 81, which speaks for itself and to which no response is required, except to admit that the statement contains the quoted passage.  Defendants respectfully refer the Court to the cited statement for a complete and accurate statement of its contents.

149.     Deny the first sentence of paragraph 149.  Admits that the Census Bureau is not hiring enumerators who are not U.S. citizens for the 2020 Decennial Census; otherwise denies the allegations of the second sentence.  The allegations of the third sentence are a characterization of a newspaper article cited in footnote 82, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the cited statement for a complete and accurate statement of its contents.

150.     Deny the first sentence of paragraph 150.  The remainder of the allegations of paragraph 150 contains Plaintiffs' characterizations of the GAO report cited in footnote 83, which speaks for itself to which no response is required, except to admit that the report contains the quoted passages.  Defendants respectfully refer to the Court to the cited report for a complete and accurate statement of its contents.

151.     Deny the first sentence of paragraph 151.  Deny the second sentence and aver that the Census Bureau has conducted testing on the citizenship question included on the current version of the American Community Survey, and that addition to the 2020 Census questionnaire without further testing, based on its testing and production use in the ACS, is consistent with the Census Bureau's Quality Standards.

152.     The allegations of the first two sentences of paragraph 152 consist of plaintiffs' legal conclusions, to which no response is required.  Defendants admit the third sentence and deny the fourth sentence.

153.     The allegations in paragraph 153 consist of Plaintiffs' characterizations of the cited statutes and agency guidance, and Plaintiffs' legal conclusions, to which no response is required. Defendants respectfully refer the Court to the cited authorities for a complete and accurate statement of their contents.

154.     The allegations in paragraph 154 consist of Plaintiffs' characterizations of OMB's *Standards and Guidelines for Statistical Surveys* and *OMB Statistical Policy Directive No. 1*, which are cited in footnotes 86 and 87, which speak for themselves and to which no response is required, and Plaintiffs' legal conclusions, to which no response is required.  Defendants respectfully refer the Court to the cited authorities for a complete and accurate statement of their contents.

155.     The allegations in paragraph 155 consist of Plaintiffs' characterizations of a transcript of the Census Bureau's 2018 Program Management Review and of the 2020 Census Operational Plan, which are cited in footnotes 88 and 89, which speak for themselves and to which no response is required.  Defendants respectfully refer the Court to the cited sources for a complete and accurate statement of their contents.

156.     Deny the allegations of the first sentence except to admit that in 2007 the Census Bureau conducted the 2010 Census Race and Hispanic Origin Alternative Questionnaire Experiment (AQE) focused on improving the race and Hispanic origin questions by testing a

number of different questionnaire design strategies.  Deny the second sentence except to admit that, from 2008 to 2012, the Census Bureau focused its research and analysis of the proposed change to the questions on race and ethnicity on whether revised language would improve understanding of the question and improve the accuracy of the data collected.  Deny the third sentence except to admit that the Census Bureau conducted major testing of several proposed changes to the 2020 decennial census questionnaire 2013, 2014, and in the 2015 National Content Test, which was sent to 1.2 million housing units.  Admit the third sentence except to deny the characterization that three end-to-end tests are traditionally conducted**.**  Admit the fourth sentence.  Admit the fifth sentence except to deny that it was due to "underfunding;" Census Bureau only received sufficient appropriations to conduct the end-to-end test in one location.

157.    Deny, except to admit that a citizenship question has been included and tested on the ACS since 2005.

158.    Admit.

159.    Admit the first sentence of paragraph 159.  The second sentence of this paragraph consists of Plaintiffs' characterization of statements reported in the cited news article, which speak for themselves and to which no response is required.  Defendants respectfully refer the Court to the cited news article for a complete and accurate statement of its contents.

160.    Deny.

161.    Paragraph 161 consists of Plaintiffs' characterization of the cited statute and legal conclusions, to which no response is required.

162.    Deny, except to admit that the Census Bureau set internal deadlines, primarily aimed at receiving requests for ACS content, and to aver that the congressional report requirement in Section 141 of Title XIII provides the Secretary of Commerce with a continuing authorization to change content.

163.    Admit.

164.    Defendants admit that the United States Department of Justice ("DOJ") sent the referenced letter to the U.S. Census Bureau requesting that a citizenship question be included on the 2020 decennial census questionnaire. The remaining allegations of paragraph 164 consist of Plaintiffs' characterization of this letter, which speaks for itself and to which no response is required. The Court is respectfully referred to the cited letter, which can be found in the Administrative Record ("A.R.") at 663, for a complete and accurate statement of its contents.

165.    Deny.

166.    The first sentence of paragraph 166 includes Plaintiffs' legal conclusions, to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph concerning John Gore but, to the extent a response is required, deny.

167.    Paragraph 167 consists of Plaintiffs' characterization of the referenced testimony, for which Plaintiffs cite no source but which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the testimony itself for a complete and accurate statement of its contents.

168.-170.    Paragraphs 168-170 consist of Plaintiffs' characterization of the DOJ letter, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited letter for a complete and accurate statement of its contents and deny any allegations inconsistent with the letter.

171.    Admit.

172.-175.    Paragraphs 172-175 consist of Plaintiffs' characterization of Ross's decision memo, which speaks for itself and to which no response is required, and Plaintiffs' legal conclusions, to which no response is required.  Defendants respectfully refer the Court to the cited decision

19

memo for a complete and accurate statement of its contents and deny any allegations inconsistent with the memo.

176.   The first and third sentences of paragraph 176 consists of Plaintiffs' characterization of Ross's decision memo, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited decision memo for a complete and accurate statement of its contents and deny any allegations inconsistent with the memo.  The second sentence of this paragraph consists of Plaintiffs' characterization of statements reported in the article cited in footnote 100, which speaks for itself and to which no response is required.

177.   Paragraph 177 consists of Plaintiffs' characterization of statements reported in the article cited in footnote 101, which speaks for itself and to which no response is required.

178.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178, for which Plaintiffs cite no source, but, to the extent a response is required, deny.

179.   Paragraph 179 consists of Plaintiffs' characterization of statements appearing in the article and press statement cited in footnotes 102 and 103, which speak for themselves and to which no response is required.

180.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180, for which Plaintiffs cite no source but, to the extent a response is required, deny.

181.   Paragraph 181 consists of Plaintiffs' characterization of statements reported in the article cited in footnote 104, which speaks for itself and to which no response is required.

182.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182, for which Plaintiffs cite no source but, to the extent a response is required, deny.

183.     Deny the first sentence of paragraph 183.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph but, to the extent a response is required, deny.

184.     Deny the first sentence of paragraph 184.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph but, to the extent a response is required, deny.

185.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph but, to the extent a response is required, deny.  The second sentence of this paragraph consists of Plaintiffs' characterization of the cited judicial decision, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited decision for a complete and accurate statement of its contents.

186.     Deny the first sentence of paragraph 184.  The second sentence of this paragraph consists of Plaintiffs' characterization of the cited Washington Post article, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited article for a complete and accurate statement of its contents.

187.     Paragraph 187 consists of Plaintiffs' characterization of the testimony cited in footnote 107, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited testimony for a complete and accurate statement of its contents.

188.     Deny the first sentence of paragraph 188.  The second sentence of this paragraph consists of Plaintiffs' characterization of the testimony cited in footnote 108, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited testimony for a complete and accurate statement of its contents.

189.    Paragraph 189 consists of Plaintiffs' characterization of document cited in footnote 109, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

190.    The first and third sentences of paragraph 190 consist of Plaintiffs' legal conclusions, to which no response is required.  Admit that the citizenship question provides options intended to remind respondents that persons born in the United States or its territories, or to a United States citizen abroad, are United States citizens, and thus elicit more accurate information.

191.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, for which Plaintiffs cite no source but, to the extent a response is required, deny.

192.    The first sentence of paragraph 192 consists of Plaintiffs' characterization of the testimony cited in footnote 107, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the cited testimony for a complete and accurate statement of its contents.

193.    Defendants incorporate by reference their responses to the preceding paragraphs.

194.    The allegations in paragraph 194 are legal conclusions, to which no response is required, but, to the extent a response is required, deny.

195.    Deny.

196.    Deny.

197.    Deny.

198.    Deny.

199.    The allegations in paragraph 194 are legal conclusions, to which no response is required, but, to the extent a response is required, deny.

200.    Deny.

201.    Defendants incorporate by reference their responses to the preceding paragraphs.

202.    The allegations in paragraph 202 are legal conclusions, to which no response is required, but, to the extent a response is required, deny.

203.    The allegations in paragraph 203 are legal conclusions, to which no response is required, but, to the extent a response is required, deny.

204.    Admit.

205    The allegations in paragraph 205 are legal conclusions, to which no response is required, but, to the extent a response is required, deny.

206.    Deny.

207.    Deny.

208.    Defendants incorporate by reference their responses to the preceding paragraphs.

209.    The allegations in paragraph 209 are legal conclusions, to which no response is required but, to the extent a response is required, deny.

210.    The allegations in paragraph 210 are legal conclusions, to which no response is required but, to the extent a response is required, deny.

211.    The allegations in paragraph 211 are legal conclusions, to which no response is required, but, to the extent a response is required, deny.

212.    Deny.

The prayer for relief contains no statements of fact to which a response is required. To the extent a response is required, Defendants deny the allegations and deny that Plaintiffs are entitled to any of the relief requested or to any relief whatsoever.

Defendants deny all allegations not specifically admitted or denied above.

Dated:  September 21, 2018

JOSEPH H. HUNT
Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

JOSHUA E. GARDNER
CARLOTTA P. WELLS
Assistant Branch Directors

*s/ Carol Federighi*
KATE BAILEY
GARRETT GOYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL HALAINEN
MARTIN TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 514-1903
Email:  carol.federighi@usdoj.gov

*Counsel for Defendants*