

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530

**By ECF**                                                                                          September 24, 2018

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

        Re:     *State of New York v. U.S. Dep't of Commerce*, No. 18-cv-2921 (JMF)

Dear Judge Furman:

        Defendants oppose Plaintiffs' September 20, 2018 letter motion to compel, seeking release of material in 27 documents over which third-party the Department of Justice ("DOJ") has claimed the deliberative process privilege. No. 18-cv-2921, ECF No. 343.

    **1. DOJ Has Properly Withheld Deliberative Process Material from the Challenged Documents**

        As an initial matter, before Plaintiffs filed this letter motion, DOJ had already exercised its discretion to release the entirety of Bates Number DOJ 13555, and conveyed the full document to Plaintiffs by email on September 19, 2018. *See* Email from Kate Bailey, ECF No. 343, Ex. E. Plaintiffs' attempt to dispute this document is therefore moot. In addition to other past releases during the meet-and-confer process, DOJ is also exercising its discretion to remove some redactions from six more documents challenged by Plaintiffs' motion: Bates Number DOJ 2951, DOJ 3367, DOJ 3371, DOJ 3374, DOJ 3376, and DOJ 14772. These documents will be produced to Plaintiffs beginning with Bates numbers DOJ 14778. Finally, one document, DOJ 3357, contains no *responsive* redacted material because the withheld portions have no bearing on this case or Plaintiffs' subpoena to DOJ.

        As to the remaining 25 documents Plaintiffs seeks to have this Court release, the Department has properly withheld the challenged portions on the basis of the deliberative process privilege. The deliberative process privilege protects from disclosure documents "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). This privilege arises out of a recognition "that it would be impossible to have any frank discussion legal or policy matters in writing if all such writings were to be subjected to public scrutiny." *EPA v. Mink*, 410 U.S. 73, 87 (1973). For a document to be protected by the deliberative process privilege, it must be: "(1) an inter-agency or intra-agency document; (2) 'predecisional'; and (3) deliberative." *Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 76 (2d Cir. 2002). The 25 documents at issue clearly meet that standard.[1]

---

[1] Plaintiffs' motion proceeds from the erroneous premise that anything that post-dates the December 12 Gary letter cannot be subject to the deliberative process privilege because it is post-decisional.

1. *Drafts of the Gary Letter are clearly pre-decisional and deliberative.* Plaintiffs argue that four drafts of the Gary Letter, at DOJ 2722, 2736, 2739, and 2786, are not deliberative. Draft documents are at the heart of the deliberative process privilege—they are pre-decisional because they pre-date the sending of the Gary Letter on December 12, 2017, and they reflect deliberations because they show the internal advice, opinions, and recommendations of agency personnel in the form of comments and edits to the document. Plaintiffs incorrectly suggest that DOJ reached a decision before sending the Gary Letter, based on comments from a Commerce Department aide on September 17th. That is, of course, belied by the fact that multiple drafts of the Gary Letter, including the four at issue here, exist dating from after September 17, 2017, and the fact that any decision would have been subject to revision and reconsideration until the Gary Letter was sent. *See* Declaration of John Gore ¶ 3.

2. *Internal agency discussion of pending FOIA requests is pre-decisional and deliberative.* Plaintiffs purport to challenge DOJ 3352. However, after conferring with Plaintiffs, DOJ was able to release most of that document, with the exception of one withheld portion containing exclusively deliberative material concerning pending FOIA requests, and the updated version of that document was provided to Plaintiffs as DOJ 14683. The single withheld portion of 14683 is clearly predecisional (as the FOIA requests under discussion were then pending) and is deliberative because it contains the opinion of a DOJ employee concerning the agency's decision on how to handle those requests. Gore Decl. ¶ 4.

3. *A briefing paper for the Attorney General is pre-decisional and deliberative.* DOJ 2967 is a briefing paper transmitted for the purpose of updating and advising the Attorney General concerning possible responses to questions concerning the request for the reinstatement of a citizenship question. It pre-dates any action taken by the Attorney General based on the briefing paper. It is deliberative because it contains the opinions of DOJ employees concerning how the Attorney General could respond to inquiries concerning the request for reinstatement of the citizenship question. Gore Decl. ¶ 5.

4. *Draft responses to Congress, the media, and others, as well as discussions of those drafts, are pre-decisional and deliberative.* Finally, Plaintiffs challenge several documents on the basis that they cannot be deliberative if they relate to the formulation of a messaging strategy. Specifically, Plaintiffs challenge DOJ 2924, 2925, 2926, and 2927, which contain draft talking points; DOJ 3094, 3098, 3101, 3103, 3105, 3367, 3371, 3374, and 3376, which draft a response to inquiries from the Washington Post Editorial Board; and DOJ 2951, 3365, 4457, 13556, and 14772, which include drafts and discussions of responses to questions from Congress and its members. In addition, Plaintiffs purport to challenge DOJ 3356, but after conferring with Plaintiffs DOJ released some additional portions of that document, and DOJ provided Plaintiffs with an updated version at DOJ 14687. Email of September 14 from Daniel Halainen, ECF No. 343 Ex. C. DOJ 14687 contains discussions of a response to Commissioner Kirsanow of the U.S. Civil Rights Commission. Each of these documents is pre-decisional, because it precedes the final response issued to Congress, Commissioner Kirsanow, or others. And each contains deliberative material because it includes internal DOJ opinions, edits, and analysis of how to respond. Gore Decl. ¶¶ 6-10.

Plaintiffs assert that these documents are not covered by the privilege because they are post-decisional "messaging communications." This Circuit has not yet decided the question of if, and when, "messaging communications" are covered by the deliberative-process privilege. *Seife v. U.S. Dep't of State*, 298 F. Supp. 3d 592, 614 (S.D.N.Y. 2018). However, that court found that the Second Circuit had "previewed its position on this issue" in *American Civil Liberties Union v. Department of Justice*, 844 F.3d 126, 133 (2d Cir. 2016), where it suggested that, if faced with the question of whether decisions regarding press strategy may be protected under the deliberative process privilege, the Second Circuit's answer would be "yes." 298 F. Supp. 3d at 616. Other courts to have addressed the

issue have held that deliberations about messaging can be protected by the deliberative process privilege. *See, e.g.*, *N.H. Right to Life v. U.S. Dep't of Health & Human Servs.*, 778 F.3d 43, 54 (1st Cir. 2015); *Access Reports v. Dep't of Justice*, 926 F.2d 1192, 1196-97 (D.C. Cir. 1991).

### 2. The Privilege Should Not Be Overcome

Plaintiffs have not shown that their need for the documents outweighs the harm to the deliberative process from the release of the documents. As this Court has previously recognized, the deliberative process privilege may be overcome in certain circumstances where "the litigation 'involves a question concerning the intent of the governmental decisionmakers or the decisionmaking process itself.'" *In re Delphi Corp.*, 276 F.R.D. 81, 85 (S.D.N.Y. 2011); *see* No. 18-cv-2921, ECF No. 241, at 2. Whether this exception applies is assessed under a five-factor balancing test that weighs "(1) the relevance of the evidence the agency seeks to protect; (2) the availability of other evidence; (3) the seriousness of the litigation; (4) the role of the agency in the litigation; and (5) the possibility that disclosure will inhibit future candid debate among agency decision-makers."

Here, the information Plaintiffs seek from non-party DOJ is irrelevant to their APA and equal protection claims against the Commerce Department because the role of DOJ in this litigation was relatively minor and, as a result, Plaintiffs cannot demonstrate need sufficient to overcome the privilege as a matter of law. The Court has already rejected Plaintiffs' argument that DOJ is a proper defendant in this case, *see* No. 18-cv-05025, ECF No. 133, and there is no legal basis to conclude that probing DOJ's motivations for submitting the Gary letter has any legal relevance to the sole inquiries in this case—namely, whether the *Commerce Department's decision* to reinstate the citizenship question was arbitrary or capricious or otherwise violative of equal protection. Specifically, Plaintiffs offer no explanation for why (1) the deliberative material concerning FOIA requests withheld from DOJ 14683; (2) drafts of responses to reporters; or (3) the Gary Letter shed any light on Secretary Ross's decisionmaking process. Plaintiffs' attempted fishing expedition directed towards a third-party in this APA cases should be rejected. *See* Transcript (Sept. 14, 2018) at 10 (finding similar materials "not particularly relevant or probative of the issues at the heart of this case").

Furthermore, disclosure of the withheld material would discourage open and candid discussion between DOJ decisionmakers and subordinates. Gore Decl. ¶ 3. Plaintiffs request several drafts of the Gary Letter, yet the DOJ attorneys editing, commenting on, and critiquing those drafts would be chilled from openly sharing their views—especially any dissenting views—if these intermediate drafts were released. Similarly, if DOJ employees are aware that their opinions, deliberations, and recommendations set forth in a briefing paper may be subject to public disclosure and scrutiny, the quality and volume of input offered and received with regard to these matters could be adversely affected. Gore Decl. ¶ 5. Agency officials would thus be hindered in their ability to solicit and receive honest opinions and recommendations, which would inhibit the desired goal of sound decision making. *See ACLU*, 844 F.3d at 133 (upholding assertion of privilege as to "informal and preliminary" documents); *Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999) ("The [deliberative process] privilege protects recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency."); *see also* Transcript (Sept. 14, 2018), at 9. The chilling effect of disclosure greatly outweighs any relevance of the challenged documents, and Plaintiffs' letter motion should be denied.

### Conclusion

For the foregoing reasons, Defendants request that this Court deny Plaintiffs' letter seeking the release of material over which the Department of Justice has asserted deliberative process privilege.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
Assistant Branch Director

/s/ *Martin M. Tomlinson*
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL HALAINEN
MARTIN M. TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 353-4556
Fax:  (202) 616-8470
Email:  martin.m.tomlinson@usdoj.gov

*Counsel for Defendants*

CC: All Counsel of Record (by ECF)