

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530

---

**By ECF** September 26, 2018

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Re: *State of New York v. U.S. Dep't of Commerce*, No. 18-cv-2921 (JMF)

Dear Judge Furman:

Defendants oppose Plaintiffs' September 24, 2018, letter motion to compel (No. 18-cv-2921, ECF No. 349), seeking release of material in 17 documents over which Defendants have claimed the attorney-client and deliberative process privileges. As an initial matter, Defendants are releasing the following contested documents in full or with redactions for personal information only: Bates Nos. 11301, 11302, 11303, 11305, 11306, 11333, 11335, and 11353. Defendants have also lifted some, but not all of the original redactions in Bates Nos. 9190 and 11312. Bates No. 12464 had already been released in full. With respect to the documents remaining at issue, Defendants have properly withheld the challenged portions on the basis of the attorney-client and deliberative-process privileges.

**1. Defendants Have Properly Withheld Material From the Challenged Documents Pursuant to the Attorney-Client Privilege**

"The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *United States. v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011). "Its purpose is to encourage attorneys and their clients to communicate fully and frankly." *In re County of Erie*, 473 F.3d 413, 418 (2d Cir. 2007). The attorney-client privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981).

The documents at issue include five versions of a legal analysis memorandum prepared in August 2017 by James Uthmeier, then working as an attorney in the Department of Commerce's ("DOC's") Office of General Counsel, containing legal advice that he submitted to Secretary of Commerce Ross (Bates Nos. 11342, 11346, 11349, 11352, and 11363). *See* Second Comstock Decl. ¶ 4 (Ex. 1). This memorandum contains attorney Uthmeier's legal analysis, recommendations, and advice concerning the legal authority for reinstating a citizenship question on the decennial census questionnaire. The memorandum was presented to Secretary Ross, his client, to provide legal advice to Secretary Ross in his ongoing deliberations on this issue. Attorney Uthmeier's memo discusses the legal authority and pertinent case law for various courses of action and the legal strengths and weaknesses of these alternatives and makes recommendations from a legal standpoint. Also at issue is material redacted from two email chains (Bates Nos. 11312 and 11355) relating to the work he performed to create the memo discussed above. *Id.*¶ 9. The redacted information in these chains consists of discussions of interim stages in the process by which attorney Uthmeier and other attorneys

at DOC were formulating their advice and communicating it to the client (11312) and information from attorney Uthmeier to another attorney about the nature of the advice sought by his client (11355). Finally, Bates No. 9190 is an email chain including an email from Sahra Park-Su in the Office of Policy and Strategic Planning, forwarding a draft response to a question. *Id.* ¶11. The draft response is redacted, as it includes language suggested by Deputy General Counsel Mike Walsh reflecting his legal analysis and advice to his clients, such as Ms. Park-Su and other parties copied or included on the email chain.

These materials are all protected by the attorney-client privilege because they consist of or contain communications between a DOC attorney or attorneys and their clients that were made for the purpose of obtaining legal advice and that were intended to be and were kept confidential. Plaintiffs' argument that the factual material in the memo, such as the historical use of citizenship questions on the census, is not covered by the privilege is mistaken. As it is used in the memorandum, this material is inextricably intertwined with attorney Uthmeier's legal analysis and advice and reflects the attorney's selection of what he viewed to be relevant to the client's request and to his provision of advice to that client. Second Comstock Decl. ¶ 4. Hence, it cannot be reasonably segregated and released without releasing confidential attorney-client communications. It is accordingly also protected by the attorney-client privilege. *See FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 32 (D.D.C. 2016) (factual work product may be subject to attorney-client privilege).

**2. Defendants Have Properly Withheld Material From the Challenged Documents Pursuant to the Deliberative-Process Privilege**

The withheld material is also covered by the deliberative process privilege. As discussed in other recent filings in this case, this privilege protects from disclosure documents "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). This privilege arises out of a recognition "that it would be impossible to have any frank discussion of legal or policy matters in writing if all such writings were to be subjected to public scrutiny." *EPA v. Mink*, 410 U.S. 73, 87 (1973). For a document to be protected by the deliberative process privilege, it must be: "(1) an inter-agency or intra-agency document; (2) 'predecisional'; and (3) deliberative." *Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 76 (2d Cir. 2002). The deliberative process privilege may be overcome in certain circumstances where "the litigation 'involves a question concerning the intent of the governmental decisionmakers or the decisionmaking process itself.'" *In re Delphi Corp.*, 276 F.R.D. 81, 85 (S.D.N.Y. 2011). Whether this exception applies is assessed under a five-factor balancing test that weighs "(1) the relevance of the evidence the agency seeks to protect; (2) the availability of other evidence; (3) the seriousness of the litigation; (4) the role of the agency in the litigation; and (5) the possibility that disclosure will inhibit future candid debate among agency decision-makers."

The material at issue includes the five versions of the memo drafted by attorney Uthmeier, reflecting advice and recommendations provided by a subordinate (attorney Uthmeier) to the decisionmaker (Secretary Ross), before the decision being made, reviewing various alternatives and analyzing their strengths and weaknesses. Second Comstock Decl. ¶ 5. Some or all of these versions may have been early drafts of the memorandum, but even the version that eventually was forwarded to Secretary Ross was considered a "draft" by attorney Uthmeier as he intended to revise it upon receiving further feedback. The material redacted from Bates No. 9190 is also a draft, specifically, draft language proposed by Deputy General Counsel Walsh before finalization of the document on which he was commenting. *Id.* ¶ 12. Also included is material redacted from two email chains,

consisting of attorneys' and advisers' interim back-and-forth discussions of how to proceed with formulating their advice and communicating it to the client, before the decision was made. *Id.* ¶ 10.

All of the foregoing material is deliberative and predecisional, and hence covered by the deliberative-process privilege. The privilege should not be overcome here. Plaintiffs have not established how the advice provided by DOC's attorneys or communications between attorneys and the decisionmaker are relevant to their claims in this litigation. And disclosure of the withheld material would discourage open and candid discussion between DOJ decisionmakers and subordinates. Second Comstock Decl. ¶¶ 6-7, 10, 12-13. If DOC employees are aware that their opinions, deliberations, and recommendations may be subject to public disclosure and scrutiny, the quality and volume of input offered and received with regard to these matters could be adversely affected. Agency officials would thus be hindered in their ability to solicit and receive honest opinions and recommendations, which would inhibit the desired goal of sound decision making. *See ACLU v. U.S. Dep't of Justice*, 844 F.3d 126, 133 (2d Cir. 2016) (upholding assertion of privilege as to "informal and preliminary" documents); *Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999) ("The [deliberative process] privilege protects recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency."). The chilling effect on disclosure greatly outweighs the relevance, if any, of the challenged documents, and the assertion of the deliberative-process privilege should be upheld.

**3. The Attorney Work-Product Doctrine Also Applies**

Defendants respectfully request that, if the Court finds the privileges discussed in the text do not apply, it also consider whether the memo drafted by attorney Uthmeier is properly protected from disclosure by the attorney work-product doctrine. Upon review of the memo by DOC's declarant, Deputy Chief of Staff and Director Policy Comstock, and based on his discussions with their author, DOC now believes that this doctrine applies to the multiple versions of this memo. Second Comstock Decl. ¶ 8. As Mr. Comstock states, he was informed that attorney Uthmeier was asked to prepare his memorandum in anticipation that litigation would follow if the Secretary decided to reinstate a citizenship question and because of the recognition of this probability. Mr. Comstock states that attorney Uthmeier would not have been tasked with preparing such a comprehensive review if not for the threat of litigation. This memo embodies attorney Uthmeier's "mental impressions, conclusions, opinions, or legal theories," which is classic attorney work-product discoverable only upon a showing of "substantial need for the materials" and inability, "without undue hardship, [to] obtain their substantial equivalent elsewhere." Fed. R. Civ. P. 26(b)(3); *see United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998)). The Court should decline to find waiver of this privilege, as Plaintiffs have not been prejudiced by any delay in Defendants' assertion thereof. *See Wilder v. World of Boxing LLC,* 324 F.R.D. 57, 62 n.7 (S.D.N.Y. 2018) (declining to find waiver of work-product protection even though party initially identified emails only as attorney-client privilege protected and not as work-product protected in their privilege log); *see also United States v. Stewart*, 287 F. Supp. 2d 461, 470 (S.D.N.Y. 2003) (finding no waiver despite defects in privilege log and noting that current version of Local Rule 26.2 makes no reference to waiver). The Court should therefore conclude that this doctrine applies here. *See Am. Civil Liberties Union v. U.S. Dep't of Justice*, 210 F. Supp. 3d 467, 482 (S.D.N.Y. 2016).

**Conclusion**

For the foregoing reasons, Defendants request that this Court deny Plaintiffs' letter seeking the release of the material over which Defendants claim the attorney-client and deliberative-process privileges.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Carol Federighi*
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL HALAINEN
MARTIN TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel.: (202) 514-1903
Email: carol.federighi@usdoj.gov

*Counsel for Defendants*

CC: All Counsel of Record (by ECF)