September 29, 2018

The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

   RE: Plaintiffs' opposition to motion for stay in *State of New York, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-2921 (JMF).

Dear Judge Furman,

  Just days ago, Defendants advised the Second Circuit that their mandamus petition sought relief only to protect agency officials from deposition, and that Defendants were not challenging expert discovery or completion of the administrative record. Contrary to that representation in open court, Defendants now ask this Court to stay *all* discovery pending further Second Circuit and possible Supreme Court review – without even identifying the legal standard that applies to their request for a stay, much less attempting to demonstrate that they meet it. Requiring Plaintiffs to oppose – and this Court to adjudicate – a motion that does not even bother to articulate a reasoned legal position is prejudicial and does not come close to meeting the applicable standard. Defendants' motion for a stay of discovery, Docket No. 359, is frivolous and should be denied.

  District courts consider four factors in determining whether to grant a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injury the other parties . . . ; and (4) where the public interest lies." Docket No. 308, at 3 (quoting *U.S. S.E.C. v. Citigroup Glob. Mkts., Inc.*, 673 F.3d 158, 162 (2d Cir. 2012)). Defendants do not meet this standard as to any of their requests for relief.

  *1. The request for a stay of all discovery is baseless.* Defendants cannot meet the first two factors they must demonstrate to support a stay of discovery – likelihood of success, and irreparable injury absent a stay – because neither of their mandamus petitions would terminate discovery in this action even if successful. Just four days ago, Defendants conceded at the Second Circuit oral argument on their first mandamus petition that they were challenging this Court's discovery orders *only* to the extent those orders authorized the deposition of agency officials (in that case, Acting Assistant Attorney General John Gore). *See In re U.S. Dep't of Commerce*, No. 18-2652 (2d Cir. Sept. 25, 2018), oral arg. audio at 18:05 to 18:31 ("We are not here to quibble about what is and is not properly part of the administrative record. We are here about, once you draw that line, can you go beyond that. . . . The question is whether you can go beyond the administrative record and start deposing agency officials about their mental processes."); *see also* U.S. Reply Supp. Pet'n for Writ of Mandamus 17, No. 18-2652 (2d Cir. Sept. 21, 2018) ("The government is not seeking relief from those portions of the district court's July 3 order that require the government to supplement the administrative record or that permit expert discovery on collateral matters such as plaintiffs' standing . . . ."). Therefore, whatever the outcome of hypothetical Supreme Court review of the Second Circuit's order denying the

1

first petition for mandamus, any relief would be no broader than the deposition of Acting AAG Gore, because Defendants have conceded that their mandamus petition sought nothing more.

Defendants' second mandamus petition, filed two days ago, is similarly narrow: it seeks only to quash the deposition of Secretary Ross. *See* Pet'n for Writ of Mandamus 1, No. 18-2856 (2d Cir. Sept. 27, 2018). Thus, even if successful on their second mandamus petition, Defendants' relief would be limited solely to Secretary Ross's deposition. To ask this Court to stay *all* discovery pending appellate review of the allowability of two depositions is disproportionate and groundless. Defendants cannot succeed on a request they have not made, and cannot be injured absent a stay from this Court pending appellate relief they have not sought.

By contrast, a stay of all discovery would substantially injure Plaintiffs. By October 12 (nine work days from today), Plaintiffs are scheduled to take the deposition of six of Defendants' expert and fact witnesses – most of which were scheduled for the final two weeks of discovery at Defendants' express request or insistence. Defendants are also obligated by October 12 to complete their outstanding document productions – on requests that have in many instances been pending for weeks or months, *see* Ex. 1 – and respond to pending interrogatories and requests for admission. A stay of all discovery would reward Defendants' sandbagging, prejudice Plaintiffs, and hinder this Court's ultimate review on the merits of Secretary Ross's decision to demand to know the citizenship status of every resident in the country. *See* 5 U.S.C. § 706; *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266-68 (1977); *see also* Docket No. 308, at 4 (denying Defendants' previous motion to stay discovery altogether as "frivolous").

Nor should the October 12 discovery deadline, or the November 5 trial date, be extended to accommodate Defendants' unsupported request for a stay. As this Court has noted repeatedly, and as Defendants themselves concede, there is a "strong interest in resolving Plaintiffs' claims quickly given the need to prepare for the 2020 census." Docket No. 308, at 7-8. Acting Census Director Ron Jarmin has himself testified that the Census Bureau would like to have this dispute resolved this fall. *Id.* Any delay would be inconsistent with the statutory and practical deadlines in this case. Discovery should not be stayed.

*2. The deposition of Acting AAG Gore should not be stayed.* Defendants' request to stay the deposition of Acting AAG Gore is no less frivolous. This Court already denied a stay of the Gore deposition, *see* Docket No. 308 at 8-11, and Defendants offer no new grounds for the Court to revisit that order. In addition, the Second Circuit rejected Defendants' request to quash Gore's deposition, explaining that this Court did not clearly abuse its discretion in determining that Gore "possesses relevant information that cannot be obtained from another source about plaintiffs' allegations that the Secretary used" a letter written by Gore "as a pretextual legal justification for adding the citizenship question." *In re U.S. Dep't of Commerce*, No. 18-2652, slip op. at 2 (2d Cir. Sept. 25, 2018). Defendants' attempt to relitigate these issues should be rejected.

In addition, *before* filing this motion for stay, Defendants sought a stay of the Gore deposition from the Second Circuit (again), Ex. 2; and that court referred the renewed Gore request to the panel that heard Defendants' first mandamus petition. *In re U.S. Dep't of Commerce*, No. 18-2856 (2d Cir. Sept. 28, 2018) (Hall, J.), attached as Ex. 3. There is no cause to litigate this issue simultaneously in multiple fora, and without even advising this Court that the Second Circuit motions panel was concurrently considering this aspect of Defendants' request.

2

In any event, Gore's deposition is not scheduled to occur until October 10 – a date set at Defendants' request. Defendants have not yet bestirred themselves to seek the Supreme Court review they say is forthcoming, and the Court should not authorize a stay of Gore's deposition in the meantime.

*3. Secretary Ross's deposition should not be stayed.* As to Defendants' request to stay Secretary Ross's deposition, no intervention from this Court is necessary, because the Second Circuit already ordered the Secretary's deposition stayed pending resolution of Defendants' second petition for mandamus. *In re U.S. Dep't of Commerce*, No. 18-2856 (2d Cir. Sept. 28, 2018) (Hall, J.) (order granting administative stay). Defendants' motion is therefore academic as to Secretary Ross. Defendants cite no authority for their request that this Court enter a duplicative and contingent stay that would become operative only in the event that multiple future events occur (including that the Second Circuit stay is later lifted, and that Defendants thereafter decide to seek Supreme Court review).

In addition, the Secretary's deposition is currently scheduled for October 11, and the Second Circuit can resolve Defendants' second mandamus petition before that date. Plaintiffs' opposition is due on October 4, and the petition will be heard by the motions panel sitting on October 9. There is nothing this Court needs to or should do now.

Defendants' stay request fails on the merits as well. Defendants make no attempt to demonstrate that this Court's order compelling Secretary Ross's deposition amounts to "a judicial usurpation of power" that warrants "a drastic and extraordinary remedy reserved for really extraordinary causes." *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 35 (2d Cir. 2014). Given this extremely high burden, Defendants cannot demonstrate both that this Court clearly erred *and* that the Second Circuit is likely to grant mandamus. The Court's order authorizing Secretary Ross's deposition applied controlling law and carefully reviewed the record in this case to determine that the Secretary's deposition was warranted and justified under both the APA and the equal protection claims in this case. Docket No. 345. That Defendants disagree with this decision does not establish a "judicial usurpation of power."

The remaining factors weigh in favor of denying the motion as well. In particular, the public interest is best served by denying a stay of Secretary Ross's deposition: transparency regarding the Secretary's decision is necessary to preserve confidence in the integrity of the census process. Docket No. 345, at 11 (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 818 (1992) (Stevens, J., concurring in part and concurring in the judgment)); Docket No. 308, at 8.

Finally, Defendants appear to be advising the Court that they filed this request for a stay solely so they can later tell the Supreme Court they did so. Docket No. 359 (quoting S. Ct. R. 23.3). Exhaustion requirements are not box-checking exercises; they serve the important purposes of, among others, promoting judicial efficiency and allowing for development of a complete record for subsequent review. *Cf. Polera v. Bd. of Educ.*, 288 F.3d 478, 487 (2d Cir. 2002). Defendants' pro forma motion – which states no basis for relief and fails to disclose that parts of the request are simultaneously pending before the Second Circuit – is an inappropriate burden on the Court and the Plaintiffs, and is inconsistent with Supreme Court Rule 23.3 in any event (which requires an applicant for a stay to "set out with particularity why the relief sought is not available from any other court or judge"). The motion should be denied.

Respectfully submitted,

BARBARA D. UNDERWOOD
*Attorney General of the State of New York*

By: */s/ Matthew Colangelo*
Matthew Colangelo
  *Executive Deputy Attorney General*
Elena Goldstein, *Senior Trial Counsel*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
matthew.colangelo@ag.ny.gov

Attorneys for the *State of New York* Plaintiffs


AMERICAN CIVIL LIBERTIES UNION
ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ John A. Freedman*


Dale Ho
American Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 549-2693
dho@aclu.org

Sarah Brannon*
American Civil Liberties Union Foundation
915 15th Street, NW
Washington, DC 20005-2313
202-675-2337
sbrannon@aclu.org
*\* Not admitted in the District of Columbia;
practice limited pursuant to D.C. App. R.
49(c)(3).*

Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601

Andrew Bauer
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-7669
Andrew.Bauer@arnoldporter.com

John A. Freedman
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, DC 20001-3743
(202) 942-5000
John.Freedman@arnoldporter.com

pgrossman@nyclu.org

Attorneys for the *NYIC* Plaintiffs