S.D.N.Y.-N.Y.C.
18-cv-2921
18-cv-5025
Furman, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand eighteen.

Present:
> John M. Walker, Jr.,
> Raymond J. Lohier, Jr.,
> *Circuit Judges*,
> William H. Pauley III,[*]
> *District Judge*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct. 9, 2018

In Re: United States Department of Commerce, Wilbur L. Ross, in his official capacity as Secretary of Commerce, United States Census Bureau, an agency within the United States Department of Commerce, Ron S. Jarmin, in his capacity as the Director of the U.S. Census Bureau,

                     *Petitioners*.

18-2856
18-2857

Petitioners have filed petitions for a writ of mandamus to stay or preclude the deposition of Commerce Secretary Wilbur L. Ross in two consolidated district court cases. Upon due consideration, it is hereby ORDERED that the mandamus petitions are DENIED. The stay of the District Court's order compelling the deposition of Commerce Secretary Wilbur L. Ross will remain in place for 48 hours to allow the parties to seek relief from the Supreme Court and will thereafter be LIFTED.[1]

Mandamus is "a drastic and extraordinary remedy reserved for really extraordinary causes." *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004)). "We issue the writ only in 'exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion.'" *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 35 (2d Cir. 2014) (quoting *Cheney*, 542 U.S. at 380). To obtain mandamus relief, a petitioner must show that (1) it has "no other adequate means to attain the relief [it] desires," (2) "the writ is appropriate under the circumstances," and

---

[*] Judge William H. Pauley III, of the United States District Court for the Southern District of New York, sitting by designation.

[1] A prior panel of this Court previously denied the petition relating to the deposition of Acting Assistant Attorney General John Gore. *See* September 25, 2018 Order in Nos. 18-2652 & 18-2659.

(3) the "right to issuance of the writ is clear and indisputable." *Id.* (quoting *Cheney*, 542 U.S. at 380–81).

"[W]e have expressed reluctance to issue writs of mandamus to overturn discovery rulings," and will do so only "when a discovery question is of extraordinary significance or there is an extreme need for reversal of the district court's mandate before the case goes to judgment." *In re City of New York*, 607 F.3d 923, 939 (2d Cir. 2010) (internal quotation marks omitted). "Because the writ of mandamus is such an extraordinary remedy, our analysis of whether the petitioning party has a clear and indisputable right to the writ is necessarily more deferential to the district court than our review on direct appeal." *Linde v. Arab Bank, PLC*, 706 F.3d 92, 108–09 (2d Cir. 2013) (internal quotation marks omitted).

This Court has held that a "high-ranking government official should not—absent exceptional circumstances—be deposed or called to testify regarding the reasons for taking official action, including the manner and extent of his study of the record and his consultation with subordinates." *Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013). This is so because "high-ranking government officials . . . have greater duties and time constraints than other witnesses." *Id.* (internal quotation marks omitted). But we have acknowledged that such depositions, though generally disfavored, may be appropriate if the official has "unique first-hand knowledge related to the litigated claims," or "the necessary information cannot be obtained through other, less burdensome or intrusive means." *Id.*

The District Court's order requiring the deposition of Secretary Ross does not amount to "a judicial usurpation of power or a clear abuse of discretion." *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d at 35 (quoting *Cheney*, 542 U.S. at 380). We find that the District Court did not clearly abuse its discretion in authorizing extra-record discovery based on a preliminary showing of "bad faith or improper behavior." The District Court, which is intimately familiar with the voluminous record, applied controlling case law and made detailed factual findings supporting its conclusion that Secretary Ross likely possesses unique firsthand knowledge central to the Plaintiffs' claims. As the District Court noted, deposition testimony by three of Secretary Ross's aides indicated that only the Secretary himself would be able to answer the Plaintiffs' questions. We also find no clear abuse of discretion in ordering Secretary Ross's deposition rather than an alternative, such as interrogatories or a deposition under Fed. R. Civ. P. 30(b)(6). *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 n.2 (2d Cir. 2003) ("district courts have . . . typically treated oral depositions as a means of obtaining discoverable information that is preferable to written interrogatories").

Accordingly, the request for a writ of mandamus to quash the order requiring the deposition of Secretary Ross is denied. However, a stay of the deposition will remain in place for 48 hours to allow either party to seek relief from the Supreme Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit