October 15, 2018

The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Centre Street, Room 2202
New York, NY 10007

      RE:    *Joint Status Report in State of New York, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-2921 (JMF).

Dear Judge Furman,

Pursuant to the Court's September 17, 2018 Scheduling Order (Docket No. 323), the parties submit this joint status letter describing the issues to be discussed at the October 17, 2018 status conference in this matter.

Plaintiffs' Position:  Plaintiffs believe the parties and the Court should discuss three issues at the October 17 status conference: (1) the preservation of upcoming deadlines; (2) the status of discovery; and (3) various matters regarding trial and pretrial practice.

*1. Upcoming deadlines.*  Justice Ginsburg's October 9 order in *In re Department of Commerce et al.* (No. 18A375) stayed this Court's orders dated July 3, August 17 (Docket No. 261), and September 21 (Docket No. 345).  Those orders directed Defendants to complete the administrative record, authorized limited extra-record discovery, and granted Plaintiffs' motions to compel the depositions of John Gore and Secretary Wilbur L. Ross, Jr.

Justice Ginsburg's order did not stay (and Defendants did not seek to stay) any of this Court's other orders, including the September 17 Scheduling Order (Docket No. 323), and the September 30 Order concerning the appropriateness of summary judgment (Docket No. 363). Accordingly, all of the pretrial and trial deadlines remain intact where not specifically stayed by Justice Ginsburg's order, including Defendants' October 19 deadline to file a summary judgment motion (Docket No. 363); the parties' October 26 deadline to file a joint pretrial order, pretrial memoranda of law, and other pretrial submissions (Docket No. 323); the parties' October 31 deadline to file reply memoranda and other pretrial submissions (Docket No. 323, Docket No. 363); the November 1 pretrial conference (Docket No. 323); and the November 5 trial date (Docket No. 323, Docket No. 363).

If and when Justice Ginsburg lifts the administrative stay, the parties can confer regarding the immediate completion of Plaintiffs' discovery and whether to propose a schedule to this Court for supplementation of any pretrial submissions that have been filed in the meantime.

*2. Status of discovery.*  Justice Ginsburg's order has temporarily paused the resolution of four categories of discovery issues that Plaintiffs will seek to address as quickly as possible (and without changing other deadlines in this litigation) if and when the administrative stay is lifted.

First, Plaintiffs were scheduled to depose five fact witnesses between October 10 and October 12: Secretary Ross, Mr. Gore, David Langdon, Sahra Park-Su, and Mark Neuman (per

1

Docket No. 356). Following the issuance of the stay, Defendants canceled the depositions of the four Commerce Department and Justice Department fact witnesses, and Mr. Neuman's attorney canceled Mr. Neuman's deposition. Plaintiffs will seek to complete these depositions as quickly as possible if the stay is lifted, and have requested conditional dates within the next week for all five witnesses so the depositions can be concluded without undue delay. (Defendants did permit the deposition of their sole expert witness, Dr. John Abowd, on October 12.)

Second, Defendants' deadline to respond to several written discovery requests came due after Justice Ginsburg's stay. If the administrative stay is lifted, Plaintiffs believe Defendants' responses to these discovery requests should be due by 5:00 p.m. on the day of that order (or midnight, in the event that the stay is lifted after 5 p.m.).

Third, Plaintiffs have raised several disputes with Defendants regarding the adequacy of Defendants' discovery responses and privilege assertions. These include:

- Defendants' October 3 supplemental production of Justice Department records includes deliberative process and other privilege assertions over a number of documents that Plaintiffs believe are unsupported in light of this Court's October 5 order (Docket No. 369). Plaintiffs raised these issues with Defendants on October 5 and 7.
- The privilege log for DOJ's October 3 supplemental production fails to include sufficient information to allow Plaintiffs to assess the privilege claims as to four documents, and has been waived for failure to cure. Plaintiffs raised this issue with Defendants on October 5.
- Defendants have not completed the agreed-upon supplemental searches for Commerce Department and Census Bureau custodians to complete the administrative record.
- Defendants have not completed their ongoing production of records in response to Plaintiffs' first request for production of documents (served July 12), or in response to Plaintiffs' second request for production of documents (served September 11).
- Defendants have not completed their production of documents in response to the subpoenas Plaintiffs served on the Justice Department (served July 23).
- Defendants have not completed production of documents regarding attitudinal research and focus group testing conducted by the Census Bureau, despite being ordered by the Court to produce these records or assert any objections not already waived by September 20. *See* Sept. 14 Hearing Tr. at 17-22; Docket No. 323; Docket No. 313.

The parties have not concluded the meet-and-confer process with respect to these disputes in light of Justice Ginsburg's October 9 order, but Plaintiffs will seek to do so immediately after any relief from the administrative stay, and will thereafter seek expedited relief from this Court as to any matters not resolved by agreement.

Fourth, Plaintiffs intend to seek further relief with respect to Interrogatory No. 1 – the interrogatory seeking information regarding individuals referenced but not identified in Secretary Ross's June 21 Supplemental Memorandum – to ensure that all responsive information is produced. As the Court is aware, Plaintiffs served interrogatories on July 12 to discover the

2

identity of the "senior Administration officials" with whom Secretary Ross discussed the citizenship question, and the dates of those communications. (Docket No. 313-10, at 8-9.) Defendants first responded on August 13 that "Defendants have not to date been able to identify individuals responsive to" this interrogatory. (Docket No. 313-1, at 14). Plaintiffs moved to compel a complete response on August 31 (Docket No. 293), but withdrew that motion when Defendants represented that they would provide a further response (Docket No. 301, Docket No. 302). On September 5, Defendants served a supplemental response to Plaintiffs' interrogatories, attesting both that "the Defendants cannot confirm that the Secretary spoke to Steve Bannon," and that Secretary Ross spoke with Attorney General Sessions about the citizenship question in August 2017 and in a "possible" conversation "earlier in 2017." (Docket No. 313-2, at 2-3.)

On September 10, Plaintiffs again moved to compel a full response to this interrogatory. (Docket No. 313.) In opposing that motion, Defendants represented to the Court that "[t]here is simply no additional information that Commerce has after a reasonably diligent search to respond to this interrogatory." (Docket No. 319, at 1-2.) And at the September 14 status conference, Defendants' counsel categorically asserted to the Court that "[a]dditional information isn't available," even after consultation with the Secretary. Sept. 14 Hearing Tr. at 16. The Court relied on defense counsel's representations in denying the motion to compel. *See id.* at 17 (denying Plaintiffs' motion "based on defendants' representation that they have provided everything they have to provide"); *see also id.* at 16 ("[O]ne cannot draw blood from a stone.").

It now appears that Defendants' representations were false. On October 11 (after requesting and receiving a discovery stay from the Supreme Court), Defendants served a second supplemental response to interrogatories that modified their earlier answer regarding the "senior Administration officials" with whom Secretary Ross conferred regarding the citizenship question. Ex. 1. Defendants now admit that "Steven Bannon called Secretary Ross in the Spring of 2017 to ask Secretary Ross if he would be willing to speak to then-Kansas Secretary of State Kris Kobach about Secretary Kobach's ideas about a possible citizenship question on the decennial census." Defendants also changed their representations regarding the extent of Secretary Ross's consultations with Attorney General Sessions, now admitting that Secretary Ross discussed the citizenship question with Attorney General Sessions "in the Spring of 2017 and at subsequent times." Given these circumstances, Plaintiffs intend to seek further relief to ensure that all responsive information is produced with no further delay; and to the extent appropriate, Plaintiffs reserve our right to seek additional relief under Rule 37 for discovery violations if warranted.

Plaintiffs believe Defendants have completed almost all affirmative discovery, including fifteen depositions: nine expert depositions (three of which were conducted last week after Justice Ginsburg's stay order) and six fact depositions of the NYIC Plaintiffs' members (three of which were conducted last week after the stay). The NYIC Plaintiffs have agreed to make one NYIC Plaintiff member who was ill available for deposition when the witness is healthy.

*3. Trial and Pretrial Matters.* Plaintiffs also intend to raise with the Court several matters regarding pretrial and trial proceedings that will facilitate the parties' trial preparations. First, Plaintiffs may seek leave to present direct testimony live for a small number of Plaintiffs' witnesses, and will seek the Court's guidance on how best to present that question for the Court's

3

resolution.  Second, because Defendants have not responded to repeated inquiries regarding whether they will make Commerce Department witnesses available for trial (including Secretary Ross, Karen Dunn Kelley, Wendy Teramoto, and Earl Comstock), Plaintiffs intend to seek leave from the Court to conduct *de bene esse* depositions of these witnesses.[1]  Third, Plaintiffs wish to confirm that Point 1 of the Court's September 17 Scheduling Order (Docket No. 323) (directing the parties to file a pretrial memorandum addressing the principal legal and factual issues for trial), supersedes Rule 5(B)(iii) of the Court's standard Individual Rules and Practices (requiring proposed findings of fact and conclusions of law to be filed and served with the joint pretrial order).

Finally, Plaintiffs propose that the Court schedule a presumptive deadline for amicus briefs following the parties' pretrial briefs (which are due on October 26).  Plaintiffs anticipate significant amicus interest in these proceedings.  To minimize the burden on the parties, the Court, and amici from the obligation to seek consent of the parties and leave of Court, Plaintiffs propose that the parties presumptively consent and the Court grant leave to file amicus briefs in support of either party that are filed by Monday, October 29 (where otherwise compliant with the federal and local rules).

Defendants' Position:  Defendants agree that the parties and the Court should discuss three issues at the October 17 status conference: (1) the preservation of upcoming deadlines; (2) the status of discovery; and (3) various matters regarding trial and pretrial practice.

1.     *Upcoming deadlines.* Defendants agree with Plaintiffs that the pretrial submission, pretrial conference, and trial dates set by this Court remain intact notwithstanding Justice Ginsburg's administrative stay. Defendants are in the process of confirming and providing to Plaintiffs provisional dates on which Plaintiffs' remaining fact depositions can take place if the administrative stay is lifted. In particular, Defendants have advised Plaintiffs that Secretary Ross is on international travel, but should the Supreme Court ultimately permit his deposition to proceed, the Secretary will be made available at a mutually agreeable time.

2.     *Status of discovery.* As stated above, Defendants are in the process of confirming provisional dates for the conclusion of Plaintiffs' fact depositions.

Defendants intend to serve their written responses to any discovery requests to which they have not yet responded, along with any responsive documentary materials, within 24 hours of any order lifting the administrative stay. Defendants contend that the deadline requested by Plaintiffs—5 p.m. of the same day the stay is lifted—is unreasonable because the parties do not know at what time the stay may be lifted.  In particular, Plaintiffs' assertion that Defendants should produce discovery materials by midnight the same day should the stay be lifted at any point after 5pm is not reasonable.

Regarding the disputes referenced by Plaintiffs above:

---

[1] Since these witnesses were originally deposed, Defendants have produced a substantial number of documents, including (1) materials that should have been included in the original Administrative Record, (2) documents responsive to Plaintiffs' discovery requests, and (3) materials previously withheld as privileged.

4

- Defendants are in the process of reviewing the challenges Plaintiffs have raised regarding certain deliberative process privilege assertions made with regard to one email appearing in several email chains included in Defendants' October 3, 2018, production of materials from DOJ. Defendants are prepared to respond to Plaintiffs' challenges promptly if the stay is lifted, and will also provide further information about the four documents as to which Plaintiffs claim the privilege log fails to provide sufficient detail.  Plaintiffs' claim that Defendants have waived privilege as to these documents is therefore baseless.
- The parties negotiated a more reasonable scope to the search terms requested in Plaintiffs' Fifth Motion to Compel. Defendants completed their review and are preparing to produce materials within the parameters agreed upon by the parties.
- As for the remaining discovery material responsive to Plaintiffs' requests for production and the subpoena issued to the Department of Justice, Defendants have completed processing those materials and are ready to produce them to Plaintiffs promptly should the administrative stay of discovery be lifted.

3. *Trial and Pretrial Matters.* Defendants maintain their position that Secretary Ross should neither be subject to deposition nor compelled to provide testimony at trial. Should the Supreme Court ultimately permit the Secretary's deposition to proceed, however, Plaintiffs should arrange to conduct his deposition *de bene esse* and should not expect to call the Secretary for live testimony at trial. In addition, Defendants do not intend to call Earl Comstock, Karen Dunn Kelley, or Wendy Teramoto at trial.  Plaintiffs have provided no basis to seek a second deposition from Earl Comstock, the deputy chief of staff, and Karen Dunn Kelley, the acting Deputy Commerce Secretary.  Their depositions, which each lasted seven hours, were videotaped.  To the extent Plaintiffs wish to use their testimony, they should be required to designate their already existing testimony under Federal Rule of Civil Procedure 32 rather than burden these officials with a second deposition or requiring them to appear for an out-of-town trial.  With respect to Wendy Teramoto, Secretary Ross's former Chief of Staff, she has left government service and no longer works for the Department of Commerce. Given her limited involvement in the decision to reinstate a citizenship question, as made clear during her deposition, Plaintiffs have no need of her testimony regardless. To the extent they wish to rely upon her testimony, however, Plaintiffs should designate her testimony rather than recall her for a second deposition or have her appear live at trial.

Defendants consent to the filing of amicus briefs and agree with Plaintiffs that such briefs should be filed no later than October 29.

                              Respectfully submitted,

                              BARBARA D. UNDERWOOD
                              Attorney General of the State of New York

                              By: */s/ Matthew Colangelo*
                              Matthew Colangelo
                                *Executive Deputy Attorney General*

                    Elena Goldstein, *Senior Trial Counsel*
                    Ajay Saini, *Assistant Attorney General*
                    Office of the New York State Attorney General
                    28 Liberty Street
                    New York, NY 10005
                    Phone: (212) 416-6057
                    matthew.colangelo@ag.ny.gov

                    Attorney for the *State of New York* Plaintiffs


                    ARNOLD & PORTER KAYE SCHOLER LLP
                    AMERICAN CIVIL LIBERTIES UNION

                    By: */s/ John A. Freedman*

| | |
|---|---|
| Dale Ho | Andrew Bauer |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 125 Broad St. | 250 West 55th Street |
| New York, NY 10004 | New York, NY 10019-9710 |
| (212) 549-2693 | (212) 836-7669 |
| dho@aclu.org | Andrew.Bauer@arnoldporter.com |
| | |
| Sarah Brannon* | John A. Freedman |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 915 15th Street, NW | 601 Massachusetts Avenue, N.W. |
| Washington, DC 20005-2313 | Washington, DC 20001-3743 |
| 202-675-2337 | (202) 942-5000 |
| sbrannon@aclu.org | John.Freedman@arnoldporter.com |
| * *Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(3).* | |

Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601
pgrossman@nyclu.org

Attorneys for the *NYIC* Plaintiffs

*Counsel for Defendants*

                    JOSEPH H. HUNT
                    Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Kate Bailey*
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 514-9239
Fax:  (202) 616-8470
Email: kate.bailey@usdoj.gov