# Exhibit 3

| | |
|---|---|
| **From:** | Bailey, Kate (CIV) <Kate.Bailey@usdoj.gov> |
| **Sent:** | Thursday, September 27, 2018 4:45 PM |
| **To:** | Freedman, John A.; Goldstein, Elena; zzz.External.DHo@aclu.org; Federighi, Carol (CIV); Coyle, Garrett (CIV); Kopplin, Rebecca M. (CIV); Halainen, Daniel J. (CIV); Tomlinson, Martin M. (CIV); Ehrlich, Stephen (CIV); Wells, Carlotta (CIV) |
| **Cc:** | zzz.External.SBrannon@aclu.org; zzz.External.PGrossman@nyclu.org; Colangelo, Matthew; Bauer, Andrew; Gersch, David P.; Grossi, Peter T.; Weiner, David J.; Young, Dylan Scot; Kelly, Caroline; Saini, Ajay |
| **Subject:** | RE: NY v. Commerce, 18-cv-2921: outstanding discovery issues |

Counsel,

Thank you for promptly considering our proposal. We appreciate your agreement to our first three proposals below, which will allow us to more quickly process and produce the remaining documents responsive to your fifth motion to compel.

Regarding your proposal with respect to the new custodians:

- As for your requests (ii) and (iii) below, to simply search for "Kobach" and "Gore" produces a very large number of documents which appear to be nonresponsive, and we do not think we would be able to review all of them for production by the end of discovery. However, if we modify the search to look for "Kobach" and "Gore" within 50 of the relevance terms ("census" or "apportionment" or "enumerate!" or "districting" or "redistricting" or "counting") within those new custodians, this resulted in a reasonable amount of additional documents that we believe we can process, review, and produce along with the documents identified by the narrowing terms we sent yesterday. So, if agreeable, we will include those in our review.
- As for your request (i), the search as you proposed produces a very large volume of documents that more than doubles the volume for review in the next two weeks. We tried running proximity limits of "/50" and even "/20," but the total volume did not change by more than a couple of hundred documents. This is beyond our capacity to review. We also believe the vast majority of these documents would duplicate material already produced and thus constitutes a burden on attorney and technological resources out of proportion to the claims in the case. Because your proposed search (i) remains overly broad and we do not see a feasible way of culling down this volume to a reasonable, proportional number or ensuring that they do not substantially duplicate material already produced, we therefore propose to move forward with (ii) and (iii), but not (i).

In response to your inquiry of earlier today regarding the subpoenas we issued, we do not intend to depose Dr. Handley. Finally, in an effort to avoid further disputes, we have determined to produce the material relied upon or considered by Dr. Abowd in preparing his expert report, as you have requested. We will work to produce these materials as quickly as possible.

Thank you again for your consideration and flexibility.

**Kate Bailey**
Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
20 Massachusetts Avenue, NW
Room 7214

1

Washington, D.C. 20530
202.514.9239 | kate.bailey@usdoj.gov

---

**From:** Freedman, John A. [mailto:John.Freedman@arnoldporter.com]
**Sent:** Thursday, September 27, 2018 1:43 PM
**To:** Bailey, Kate (CIV) <katbaile@CIV.USDOJ.GOV>; Goldstein, Elena <Elena.Goldstein@ag.ny.gov>; DHo@aclu.org; Federighi, Carol (CIV) <CFederig@CIV.USDOJ.GOV>; Coyle, Garrett (CIV) <gcoyle@CIV.USDOJ.GOV>; Kopplin, Rebecca M. (CIV) <rkopplin@CIV.USDOJ.GOV>; Halainen, Daniel J. (CIV) <dhalaine@CIV.USDOJ.GOV>; Tomlinson, Martin M. (CIV) <mtomlins@CIV.USDOJ.GOV>; Ehrlich, Stephen (CIV) <sehrlich@CIV.USDOJ.GOV>; Wells, Carlotta (CIV) <CWells@CIV.USDOJ.GOV>
**Cc:** SBrannon@aclu.org; PGrossman@nyclu.org; Colangelo, Matthew <Matthew.Colangelo@ag.ny.gov>; Bauer, Andrew <Andrew.Bauer@arnoldporter.com>; Gersch, David P. <David.Gersch@arnoldporter.com>; Grossi, Peter T. <Peter.Grossi@arnoldporter.com>; Weiner, David J. <David.Weiner@arnoldporter.com>; Young, Dylan Scot <Dylan.Young@arnoldporter.com>; Kelly, Caroline <Caroline.Kelly@arnoldporter.com>; Saini, Ajay <Ajay.Saini@ag.ny.gov>
**Subject:** RE: NY v. Commerce, 18-cv-2921: outstanding discovery issues

Counsel --

A few things:

1.  With regard to your proposed search terms, the first three bullets are fine.  With regard to the last bullet regarding the new custodians, while it is fine to concentrate on the new terms, from the original, the following should be run: (i) term "citizenship" within proximity of "question," "topic" or "Census," (ii) Kobach, and (iii) Gore.

2.  We are reviewing the draft protective order and will get back to you tomorrow.

Thanks & best regards,

John

---

**From:** Bailey, Kate (CIV) [mailto:Kate.Bailey@usdoj.gov]
**Sent:** Wednesday, September 26, 2018 9:57 PM
**To:** Goldstein, Elena; zzz.External.DHo@aclu.org; Freedman, John A.; Federighi, Carol (CIV); Coyle, Garrett (CIV); Kopplin, Rebecca M. (CIV); Halainen, Daniel J. (CIV); Tomlinson, Martin M. (CIV); Ehrlich, Stephen (CIV); Wells, Carlotta (CIV)
**Cc:** zzz.External.SBrannon@aclu.org; zzz.External.PGrossman@nyclu.org; Colangelo, Matthew; Bauer, Andrew; Gersch, David P.; Grossi, Peter T.; Weiner, David J.; Young, Dylan Scot; Kelly, Caroline; Saini, Ajay
**Subject:** RE: NY v. Commerce, 18-cv-2921: outstanding discovery issues

Counsel,

As we discussed on this afternoon's meet and confer, the previously proposed search terms resulted in tens of thousands of documents. Given our limited resources, both technological and human, as well as the technical issues we have experienced, we are unfortunately simply unable to process, review, and produce this volume of materials prior to the close of discovery. In the interests of identifying the documents we believe most likely to be responsive and get those documents to you by the close of discovery, we propose to narrow the search terms you provided for different configurations of custodians as follows:

- On the previously-proposed search for "Bannon" and any of the following terms: "census" or "apportionment" or "enumerate!" or "districting" or "redistricting" or "counting", we propose to keep all of those terms, but use a proximity search that will return all documents in which any of those terms appear within 50 words of "Bannon."
- On the previously-proposed searches for the names "McHenry," "Cutrona," "Hankey," and a number of different misspellings or iterations of Kobach, Neuman, Hamilton, Zadrozny, and Sherk, we plan to narrow this search by using a proximity search that will return all documents that contain any of those names within 50 words of the relevance terms listed above ("census" or "apportionment" or "enumerate!" or "districting" or "redistricting" or "counting")
- On the previously-proposed search for certain subject-matter related terms ("aliens" or "immigrants" or "illegals" or "noncitizen*" or "non-citizen!" or "democrat!") in combination with certain other "relevance terms" ("census" or "apportionment" or "enumerate*" or "districting" or "redistricting" or "counting"), we propose to narrow this search by
    - (a) removing the term "democrat!" from the list, because it produces a very large volume of material, does not seem reasonably calculated to lead to proportional, responsive documents, and was not discussed by the parties until *after* Defendants had agreed to perform searches in response to Plaintiffs' Fifth MTC;
    - and (b) using a proximity search that will return all documents from all custodians that contain any of those remaining subject-matter related terms within 50 words of any of the "relevance terms."
- For the new custodians, the volume of potentially responsive material including the original search terms (from the Cannon declaration) is extremely large and impossible to process given the short time allotted for discovery. The previously produced materials include any responsive documents from the new custodians in which the original custodians, i.e., the higher-level Commerce officials, were included in the communication. Running the original search terms would thus be very duplicative. For these custodians, we propose running the searches listed above—i.e., the "name" and "subject-matter" searches, rather than repeating all of the searches.

As we stated, once we perform these narrowing searches we are certainly willing to prioritize documents from the custodians you have identified. We look forward to hearing your thoughts.

**Kate Bailey**
Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
20 Massachusetts Avenue, NW
Room 7214
Washington, D.C. 20530
202.514.9239 | kate.bailey@usdoj.gov

---

**From:** Bailey, Kate (CIV)
**Sent:** Wednesday, September 26, 2018 5:23 PM
**To:** 'Goldstein, Elena' <Elena.Goldstein@ag.ny.gov>; 'Dale Ho' <dho@aclu.org>; 'Freedman, John A.' <John.Freedman@arnoldporter.com>; Federighi, Carol (CIV) <CFederig@CIV.USDOJ.GOV>; Coyle, Garrett (CIV) <gcoyle@CIV.USDOJ.GOV>; Kopplin, Rebecca M. (CIV) <rkopplin@CIV.USDOJ.GOV>; Halainen, Daniel J. (CIV) <dhalaine@CIV.USDOJ.GOV>; Tomlinson, Martin M. (CIV) <mtomlins@CIV.USDOJ.GOV>; Ehrlich, Stephen (CIV) <sehrlich@CIV.USDOJ.GOV>; Wells, Carlotta (CIV) <CWells@CIV.USDOJ.GOV>
**Cc:** 'Sarah Brannon' <sbrannon@aclu.org>; 'Perry Grossman' <PGrossman@nyclu.org>; 'Colangelo, Matthew' <Matthew.Colangelo@ag.ny.gov>; 'Bauer, Andrew' <Andrew.Bauer@arnoldporter.com>; 'Gersch, David P.' <David.Gersch@arnoldporter.com>; 'Grossi, Peter T.' <Peter.Grossi@arnoldporter.com>; 'Weiner, David J.'