

**U.S. Department of Justice**
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005

---

<u>**By ECF**</u>
The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

October 23, 2018

     Re:    *State of New York, et al. v. U.S. Dep't of Commerce, et al.*, No. 18-cv-2921 (JMF)

Dear Judge Furman:

     Pursuant to Local Rule 37.2 and Individual Practice 2.C., Defendants respectfully request that the Court stay pretrial and trial proceedings in these consolidated cases pending resolution of Defendants' forthcoming petition for a writ of mandamus or certiorari in the Supreme Court. The *New York* and *NYIC* Plaintiffs have advised that they "vigorously oppose" a stay.

     On October 22, 2018, the Supreme Court granted in part and denied in part the Defendants' application for a stay. *See* Order (attached as Exhibit to this filing). In particular, the Supreme Court granted the application as to this Court's September 21, 2018 order concerning the deposition of Secretary of Commerce Wilbur Ross, and extended the stay through October 29, 2018 at 4 p.m. The Supreme Court further explained that if Defendants file a petition for a writ of mandamus with respect to the stayed order by October 29, 2018 at 4 p.m., the stay will remain in effect until disposition of the petition by the Supreme Court. The Supreme Court further denied the stay application as to this Court's July 3, 2018 and August 17, 2018 orders, but explained that "[t]he denial of the stay with respect to the remaining orders does not preclude the applicants from making arguments with respect to those orders." In a separate opinion, Justice Gorsuch joined by Justice Thomas, confirmed that "the Court signals that it is likely to grant the government's petition," as "[i]t stays Secretary Ross's deposition after weighing . . . the likelihood of review" and "it expressly invites the government to seek review of all of the district court's orders, including those authorizing the depositions of other senior officials." Those Justices thus indicated they "would take the next logical step and simply stay all extra-record discovery pending our review." Justice Gorsuch explained that "[l]eveling an extraordinary claim of bad faith against a coordinate branch of government requires an extraordinary justification," and the asserted reasons relied upon by the Court for extra-record discovery have "never been thought enough to justify a claim of bad faith and launch an inquisition into a cabinet secretary's motives." Justice Gorsuch noted that, with respect to likelihood of success on the merits, there was no reason to distinguish the Secretary's deposition from the depositions of other senior executive officials because "each stems from the same doubtful bad faith ruling, and each seeks to explore his motives." And with respect to the balance of harms, Justice Gorsuch emphasized that "other extra-record discovery also burdens a coordinate branch in most unusual ways," while observing that the "plaintiffs would suffer no hardship from being temporarily denied that which they very likely have no right to at all." Justice Gorsuch further explained that "[o]ne would expect that the Court's order today would prompt the district court to postpone the scheduled trial and await further guidance," because "that is what normally happens when we grant certiorari or indicate that we are likely to do so in a case where trial is imminent."

In accordance with the Supreme Court's order, Defendants respectfully request that this Court stay the deadlines for the parties' pretrial submissions, as well as the upcoming trial date, pending resolution of the government's forthcoming petition for mandamus or certiorari—the resolution of which almost certainly impacts the scope of this Court's review on the merits. *See* Gorsuch Op. at 3 ("Today, the Court signals that it is likely to grant the government's petition.").

While Defendants believe this Court can and should stay the upcoming trial and all pretrial events as a discretionary matter, the same result follows under the more exacting standard for a stay pending appeal or mandamus. In considering a motion for a stay pending mandamus, district courts consider the same factors relevant for a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (footnote omitted). The "probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the applicant] will suffer absent the stay." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (quoting *Mich. Coal of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). "[A] movant may be granted relief even if it demonstrates something less than a likelihood of success on the merits of its appeal[, for example,] if the balance of hardships 'tips decidedly' in favor of the moving party." *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 640 (S.D.N.Y. 2012).

In light of the Supreme Court's order, it also would be prudent for the Court to stay all extra-record discovery pending the Supreme Court's consideration of the government's forthcoming petition. *See* Order at 1 ("The denial of the stay with respect to the remaining orders does not preclude the applicants from making arguments with respect to those orders."); *see also* Gorsuch Op. at 2-3 ("Unsurprisingly, the government tells us that it intends to file a petition seeking review of the district court's bad faith determination and its orders allowing extra-record discovery. Toward that end, it has asked us to stay temporarily all extra-record discovery until we may consider its petition for review."). Defendants recognize that the Supreme Court has not, at this time, continued the stay of discovery *other* than the deposition of Secretary Ross. Accordingly, to the extent this Court does not stay the remaining discovery, Defendants will comply with all outstanding discovery orders. But proceeding with the parties' pretrial memoranda as scheduled this Friday, October 26th, as well as the November 5th trial, would be inefficient and potentially waste significant resources of both the parties and the Court. The full Supreme Court has expressly provided that the government's mandamus petition may include arguments with respect to this Court's previous discovery orders, and Justices Gorsuch and Thomas made plain that "the Court signals that it is likely to grant the government's petition." Any order granting the government's petition would substantially affect the further proceedings in this Court, including whether extra-record discovery would be permissible or whether review would take place on the administrative record. And the burden on the government of preparing for trial in light of that uncertainty is substantial: Both trial counsel and agency personnel must prepare detailed trial submissions, prepare witnesses, including high-level agency officials, produce exhibits, and respond to the numerous motions to compel Plaintiffs already have indicated they intend to file—all without knowing the scope of this Court's ultimate review. This Court should therefore grant the requested stay of all trial proceedings, and pretrial submissions pending resolution of Defendants' forthcoming petition for mandamus or certiorari in the Supreme Court.

## 1. Defendants are likely to succeed on the merits of their petition for mandamus or certiorari:

The Supreme Court will issue a writ of mandamus "to confine the court against which mandamus is sought to a lawful exercise of its prescribed jurisdiction" or to correct errors "amounting to a judicial

'usurpation of power'" or a "clear abuse of discretion." *Cheney v. U.S. District Court*, 542 U.S. 367, 380 (2004) (brackets and citations omitted). The Supreme Court may issue a writ of mandamus when (1) the petitioner's "right to issuance of the writ is 'clear and indisputable'"; (2) "no other adequate means [exist] to attain the relief he desires"; and (3) "the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (quoting *Cheney*, 542 U.S. at 380-81).

In issuing its October 22 order granting in part and denying in part Defendants' application for a stay, the Supreme Court necessarily concluded that Defendants have a fair prospect of obtaining relief from the Supreme Court for a writ of mandamus with respect to this Court's order authorizing the deposition of Secretary Ross. A stay pending the disposition of a petition for a writ of mandamus is warranted only if there is (1) "a fair prospect that a majority of the Court will vote to grant mandamus" and (2) "a likelihood that irreparable harm will result from the denial of a stay." *Perry*, 558 U.S. at 190. A stay pending the disposition of a writ of certiorari is governed by similar standards. *Conkright v. Frommert*, 556 U.S. 1401, 1402 (2009) (Ginsburg, J., in chambers). Thus, as Justice Gorsuch confirmed, this Court can only conclude that there is a fair prospect that the Supreme Court will quash the order authorizing the deposition of Secretary Ross.

As to this Court's July 3 order authorizing extra-record discovery, the Supreme Court invited Defendants to "mak[e] arguments" with respect to that order notwithstanding the denial of a stay, and, as noted above, Justices Gorsuch and Thomas observed that there was little reason to distinguish the Court's September 21 order concerning the deposition of Secretary Ross from other extra-record discovery authorized by this Court's July 3 order. *See* Gorsuch Op. at 3. Indeed, the Court's July 3 order was rooted in the asserted need to probe the Secretary's subjective decisionmaking process to examine whether his stated justification was "pretextual," which is essentially the same analysis supporting the order authorizing the Secretary's deposition. Hr'g Tr. at 83, ECF 205; Opinion & Order, ECF 345. And the improper authorization of extra-record discovery was the principal basis upon which Defendants challenged the deposition of Secretary Ross in their Supreme Court stay application.

Although the Supreme Court did not stay all extra-record discovery at this time, the Court appears to have based that decision on equitable factors rather than a conclusion that Defendants were unlikely to succeed on the merits of their challenge to the July 3 order authorizing extra-record discovery—as evidenced by the Court's express invitation to present this issue to the full Court and Justice Gorsuch's separate opinion. Given the Supreme Court's disposition of the request for a stay of the September 21 order and the similarity of the issues to be presented in Defendants' forthcoming petition, Defendants are sufficiently likely to succeed on their petition concerning both orders to warrant a stay of all further pretrial and trial proceedings pending resolution of that petition, which will go to the heart of the case that will be presented at trial.

*2. Defendants will be irreparably injured absent a stay:* Absent a stay, the government will be forced to expend enormous resources engaging in pretrial and trial activities that may ultimately prove to be unnecessary if the Supreme Court grants the government's mandamus petition, in which case any trial on record review evidence would have been improper and the Court's review of the decision will be limited to the administrative record. Plaintiffs have indicated that they intend to call 28 witnesses at trial, ECF 386, and have identified 523 exhibits, and the more tangible costs of these proceedings should not be ignored. The Department of Justice alone has already devoted thousands of attorney and paralegal hours and spent thousands of taxpayer dollars on litigation and travel expenses fees defending against plaintiffs' claims. Defendants conservatively estimate that the Department of Justice will devote 3,520 attorney hours to pretrial and trial preparation between now

and the anticipated end of a two-week trial beginning on November 5, much of which would be unnecessary should the government prevail on its mandamus petition.  Prior to the beginning of trial, Defendants must prepare for the cross-examination of at least 28 of plaintiffs' witnesses.  Indeed, plaintiffs' witnesses include ten purported experts who explicitly seek to second-guess the Secretary's decision – testimony that would be plainly irrelevant if the government prevails in the Supreme Court. Absent a stay of pretrial and trial proceedings, Defendants will need to file motions to exclude the extra-record exhibits and witnesses that Plaintiffs intend to introduce at trial, which would consume not just the parties' resources, but the Court's as well.  Other pretrial activities Defendants must accomplish include preparing the Defendants' exhibit list and reviewing and objecting to numerous exhibits that plaintiffs likely will try to admit into evidence concerning the merits of their claims; and reviewing, objecting and responding to deposition designations designed to do the same.  And on top of the cost of this enormous expenditure of time is the substantial monetary expenditure on travel and hotel stays for approximately twelve attorneys and professional staff for a two-week trial in New York City, among other things.  The government, of course, recognizes the need to devote resources to defend its interests at trial and, in the ordinary course, it does not seek extraordinary relief simply because it disagrees with a district court's case-management decisions.  But the real-world costs that proceeding to trial would impose on the government, if the trial is permitted to proceed, would unavoidably distract the government, including the Commerce Department, "from the energetic performance of its constitutional duties" in a manner that warrants a stay.  *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 369 (2004).

Among the 28 witnesses Plaintiffs intends to call at trial are various high-level agency officials such as the number two official at Commerce, Karen Dunn Kelley, the Deputy Chief of Staff and head of policy, Earl Comstock, and the former Chief of Staff, Wendy Teramoto. Proceeding with this trial would potentially subject these government witnesses to examination regarding their internal decisions and even their own personal thought processes, material which is at least in part protected by the deliberative process privilege and in any event irrelevant to this Court's review of the decision at issue, and whose pertinence will be at issue in the petition for writ of mandamus or certiorari to be filed in the Supreme Court.  The harm from requiring these witnesses' attendance, and the elicitation of this unnecessary and immaterial testimony, cannot be undone once the trial takes place.  *See Hollingsworth v. Perry*, 558 U.S. 183, 196 (2010).

### 3. Issuance of a short stay will not substantially injure Plaintiffs:  In contrast to the obvious harms to the government, a temporary stay of the trial and pretrial activities will cause Plaintiffs no substantial injury.  While there is no doubt that resolving this issue is a matter of some urgency given the Census Bureau's need to finalize the Decennial Census well in advance of its actual 2020 rollout, the Supreme Court's order indicates a willingness to consider whether any trial in this matter should include extra-record materials, and it would be more efficient for the parties and the Court to proceed once the Supreme Court has resolved these issues.  Indeed, in the event the Supreme Court grants Defendants' forthcoming petition for mandamus or certiorari, *Plaintiffs* would have suffered harm in the absence of a stay by themselves expending resources on a trial that may ultimately prove unnecessary.  In his separate opinion, Justice Gorsuch expressly recognized this lack of harm to plaintiffs from an order staying trial, stating that the "plaintiffs would suffer *no hardship* from being temporarily denied that which they very likely have no right to at all."  Gorsuch Op. at 3 (emphasis added).  There is no ongoing or imminent harm that would justify an urgent need for a trial before the forthcoming petition is resolved.  Contrasted with the substantial risk of irreparable harm that was explicitly acknowledged by two Justices of the Supreme Court if this trial goes forward as planned before the Supreme Court has an opportunity to consider the proper scope of such a trial, the balance of the hardships here tilts decidedly towards granting a temporary stay of trial and pretrial activities.

**4. The public interest supports a stay:** If Defendants' petition for a writ of mandamus or certiorari is successful, the costs and scope of trial will be significantly limited. If the Supreme Court ultimately concludes that the Court's order authorizing extra-record discovery was in error, the need for a trial may be obviated altogether. "[C]onsiderations of judicial economy counsel, as a general matter, against investment of court resources in proceedings that may prove to have been unnecessary." *Sutherland*, 856 F. Supp. 2d at 644. There is no need to further tax the resources of the Court and the parties by proceeding with a trial on evidence that the Supreme Court may ultimately deem improper.

Defendants have raised serious questions on the merits of the scope of judicial review in this case that are likely to succeed in the Supreme Court, and the balance of hardships accordingly tips sharply in Defendants' favor. A stay of pretrial, and trial proceedings is thus appropriate. Should the Court disagree, however, Defendants respectfully request a stay of further proceedings so that they may seek appellate review, including in the Supreme Court.

Dated: October 23, 2018

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
JOSHUA E. GARDNER
Assistant Branch Directors

*/s/ Martin M. Tomlinson*
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL HALAINEN
MARTIN M. TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel.: (202) 616-8016
Fax: (202) 616-8470
Email: garrett.coyle@usdoj.gov

*Counsel for Defendants*

# SUPREME COURT OF THE UNITED STATES

## IN RE DEPARTMENT OF COMMERCE, ET AL.

ON APPLICATION FOR STAY

No. 18A375.   Decided October 22, 2018

The application for stay presented to JUSTICE GINSBURG and by her referred to the Court is granted in part and denied in part.  The application is granted as to the order of the United States District Court for the Southern District of New York dated September 21, 2018, which is stayed through October 29, 2018 at 4 p.m.  The application is denied as to the orders of the United States District Court for the Southern District of New York dated July 3, 2018 and August 17, 2018.

If the applicants file a petition for a writ of certiorari or a petition for a writ of mandamus with respect to the stayed order by or before October 29, 2018 at 4 p.m., the stay will remain in effect until disposition of such petition by this Court.  Should the petition be denied, this stay shall terminate automatically.  In the event the petition is granted, the stay shall terminate upon the sending down of the judgment of this Court.  The denial of the stay with respect to the remaining orders does not preclude the applicants from making arguments with respect to those orders.

JUSTICE GORSUCH, with whom JUSTICE THOMAS joins, concurring in part and dissenting in part.

To implement the constitutional requirement for an "actual Enumeration" of the people every 10 years, Art. I, §2, cl. 3, Congress has instructed the Secretary of Commerce to "take a decennial census . . . in such form and content as he may determine." 13 U. S. C. §141(a).  Most censuses in our history have asked about citizenship, and Commerce Secretary Wilbur Ross recently decided to

reinstate a citizenship question in the 2020 census, citing a statement from the Department of Justice indicating that citizenship data would help it enforce the Voting Rights Act of 1965.  Normally, judicial review of an agency action like this is limited to the record the agency has compiled to support its decision.  But in the case before us the district court held that the plaintiffs—assorted States and interest groups—had made a "strong showing" that Secretary Ross acted in "bad faith" and were thus entitled to explore his subjective motivations through "extra-record discovery," including depositions of the Secretary, an Acting Assistant Attorney General, and other senior officials.  In two weeks, the district court plans to hold a trial to probe the Secretary's mental processes.

This is all highly unusual, to say the least.  Leveling an extraordinary claim of bad faith against a coordinate branch of government requires an extraordinary justification.  As evidence of bad faith here, the district court cited evidence that Secretary Ross was predisposed to reinstate the citizenship question when he took office; that the Justice Department hadn't expressed a desire for more detailed citizenship data until the Secretary solicited its views; that he overruled the objections of his agency's career staff; and that he declined to order more testing of the question given its long history.  But there's nothing unusual about a new cabinet secretary coming to office inclined to favor a different policy direction, soliciting support from other agencies to bolster his views, disagreeing with staff, or cutting through red tape.  Of course, some people may disagree with the policy and process.  But until now, at least, this much has never been thought enough to justify a claim of bad faith and launch an inquisition into a cabinet secretary's motives.

Unsurprisingly, the government tells us that it intends to file a petition seeking review of the district court's bad faith determination and its orders allowing extra-record

discovery.  Toward that end, it has asked us to stay tem-
porarily all extra-record discovery until we may consider
its petition for review.

Today, the Court signals that it is likely to grant the
government's petition.  It stays Secretary Ross's deposition
after weighing, among other things, the likelihood of
review and the injury that could occur without a stay.
And it expressly invites the government to seek review of
all of the district court's orders allowing extra-record
discovery, including those authorizing the depositions of
other senior officials.

Respectfully, I would take the next logical step and
simply stay all extra-record discovery pending our review.
When it comes to the likelihood of success, there's no
reason to distinguish between Secretary Ross's deposition
and those of other senior executive officials: each stems
from the same doubtful bad faith ruling, and each seeks to
explore his motives.  As to the hardships, the Court ap-
parently thinks the deposition of a cabinet secretary espe-
cially burdensome.  But the other extra-record discovery
also burdens a coordinate branch in most unusual ways.
Meanwhile and by comparison, the plaintiffs would suffer
no hardship from being temporarily denied that which
they very likely have no right to at all.

There is another factor here, too, weighing in favor of a
more complete stay: the need to protect the very review we
invite.  One would expect that the Court's order today
would prompt the district court to postpone the scheduled
trial and await further guidance.  After all, that is what
normally happens when we grant certiorari or indicate
that we are likely to do so in a case where trial is immi-
nent.  But because today's order technically leaves the
plaintiffs able to pursue much of the extra-record discov-
ery they seek, it's conceivable they might withdraw their
request to depose Secretary Ross, try to persuade the trial
court to proceed quickly to trial on the basis of the remain-

4          IN RE DEPARTMENT OF COMMERCE

Opinion of GORSUCH, J.

ing extra-record evidence they can assemble, and then
oppose certiorari on the ground that their discovery dis-
pute has become "moot."  To ensure that the Court's offer
of prompt review is not made meaningless by such ma-
neuvers, I would have thought it simplest to grant the
requested extra-record discovery stay in full.  Of course,
other, if more involved, means exist to ensure that this
Court's review of the district court's bad faith finding is
not frustrated.  I only hope they are not required.