

**U.S. Department of Justice**
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005

---

October 24, 2018

The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Centre Street, Room 2202
New York, NY 10007

>      RE:     *Defendants' Status Report in State of New York, et al. v. U.S. Dep't of Commerce, et al.,* 18-CV-2921 (JMF).

Dear Judge Furman,

Pursuant to the Court's October 23, 2018 Order (Docket No. 390), Defendants[1] submit this letter addressing: "(1) when the deposition of Mr. Gore will take place; (2) the status of any open discovery items; (3) the implications of the Supreme Court's continuing stay of the Secretary Ross deposition; and (4) any other issues the parties believe should be discussed at the conference." Those issues are addressed separately below.

>      1.   *The Deposition of John Gore.*

Mr. Gore's deposition will take place on Friday, October 26, 2018.

>      2.   *The Status of Any Other Open Discovery Items.*

After the Supreme Court's stay was lifted, except with regard to this Court's September 21, 2018 Order authorizing the deposition of the Secretary of Commerce, Defendants have taken significant steps to meet all discovery obligations that were open or outstanding at the time the stay was entered.

At the time the stay was entered, there were five witnesses whom Plaintiffs were seeking to depose that had not yet given deposition testimony: Secretary Ross, Mr. Gore, Sahra Park-Su, David Langdon, and third-party Mark Neuman. Secretary Ross's deposition is still stayed by order of the Supreme Court, so Defendants will not produce him for deposition unless and until such a stay is lifted. As noted above in Section 1, Mr. Gore's deposition has been scheduled.

---

[1] While this Court ordered the Parties to submit "a joint letter (or, if impractical, separate letters)," ECF No. 390, given the short timetable the Parties conferred and determined it would not be practical to coordinate a joint response and decided that the filing of separate letters was the only practical way for the Parties to provide the Court with the information requested.

Ms. Park-Su's deposition will take place on Thursday, October 25, 2018, and Mr. Langdon's deposition will take place on October 26, 2018.  Mr. Neuman is not represented by Defendants, but the Parties have been in contact with Mr. Neuman's counsel to schedule that deposition as soon as practically possible. Defendants understand that Mr. Neuman's deposition will proceed this Sunday, October 28.

At the time the stay was entered, there were also several written discovery matters that were subject to the stay.  Shortly after the stay lifted, on October 23, 2018, Defendants served all remaining written discovery matters and non-privileged documents. Defendants produced 779 documents, totaling 3,094 pages, from the Department of Commerce in response to Plaintiffs' requests for production of documents.  During the pendency of the stay, Defendants also produced 5,949 pages of documents from the Department of Commerce, pursuant to the Parties' agreement to resolve Plaintiffs' fifth motion to compel.  Also, on October 23, 2018, Defendants produced documents, totaling approximately 92,000 pages, from the Department of Justice in response to Plaintiffs' Rule 45 subpoena requesting the production of documents.  The document productions of both Department of Commerce and Department of Justice documents were accompanied by privilege logs identifying any documents withheld in whole or in part under any assertion of privilege.  These Department of Justice productions included 125 documents Defendants had previously withheld as protected under the deliberative process privilege that Defendants agreed to produce after meeting and conferring with Plaintiffs.  Defendants also served Plaintiffs with (1) objections and responses to Plaintiffs' 206 Requests for Admission from the Census Bureau; (2) objections and responses to Plaintiffs' 141 Requests for Admission from the Department Commerce; and (3) objections and responses to Plaintiffs' Third Set of Interrogatories, on October 23, 2018.

Plaintiffs continue to seek the production of the actual transcripts from 42 focus groups conducted as part of the 2018 Census Barriers, Attitudes and Motivators Study.  However, such material is highly sensitive to those involved, and is protected by 13 U.S.C. §§ 9 and 214. Participants in such focus groups are expressly promised that their responses will never be disclosed in such a way that could possibly identify them or their households, and protecting the privacy of any respondent is of paramount importance to the Census Bureau.  Based on the Census Bureau's research, there is no reliable way to conduct a completely effective disclosure avoidance review of full transcripts for their disclosure.  Defendants notified Plaintiffs on September 20, 2018 that such materials were protected by Title 13 and explained in detail why they would not be disclosed, *see* Exhibit 1 at 1, and Plaintiffs raised no objection to this until October 12, 2018, when Dr. Abowd mentioned them in testimony during his expert witness deposition.  Defendants have produced a number of redacted transcript summaries of CBAMS focus groups that were reviewed and approved for disclosure by the Census Bureau's Disclosure Review Board to Plaintiffs, as indicated in Defendants' September 20, 2018 email.  *Id*.

Plaintiffs have also sought additional information regarding Defendants' production of the Secretary's calendars and calendars for the Secretary's conference room.  Defendants made a further production of such material on October 23, 2018 as a response to concerns raised by Plaintiffs, and Defendants also served their objections and responses to Plaintiffs' Second Request for Documents (seeking these materials) and an accompanying privilege log, which Defendants believe completes their obligation to produce any such materials.

Accordingly, Defendants have complied with all outstanding discovery orders other than upcoming depositions, which are scheduled to take place by the end of the week.

3. *The Implications of the Supreme Court's Order Continuing the Stay of the Deposition of Secretary Ross.*

On October 22, 2018 the Supreme Court issued a decision continuing the stay of the deposition of Secretary Ross until the resolution of Defendants' anticipated filing of a petition for a writ of certiorari or a writ of mandamus, and inviting Defendants to argue for review of this Court's July 3, 2018 order authorizing extra-record discovery, ECF No. 199, and this Court's August 17, 2018 order authorizing the deposition of Mr. Gore, ECF No. 261, in any such petition, although the Court declined to stay such discovery. In a separate opinion, Justice Gorsuch, joined by Justice Thomas, noted that "[t]oday, the Court signals that it is likely to grant the government's petition [challenging extra-record discovery]" and noting that "[o]ne would expect that the Court's order today would prompt the district court to postpone the scheduled trial and await further guidance." In light of this order, Defendants believe that, for the reasons set forth by Justice Gorsuch, an order staying trial and staying all pre-trial matters is appropriate pending the Supreme Court's consideration of the government's forthcoming petition. On October 23, 2018, Defendants filed a motion seeking such a stay, ECF No. 397, which sets forth Defendants' position in more detail.

4. *Any Other Issues.*

Defendants are not aware of any other issues that the Court needs to address at today's status conference, other than those outlined above or that are the subject of currently-pending motions.[2]

Dated: October 24, 2018                          Respectfully submitted,

                                                JOSEPH H. HUNT
                                                Assistant Attorney General

                                                BRETT A. SHUMATE
                                                Deputy Assistant Attorney General

                                                JOHN R. GRIFFITHS
                                                Director, Federal Programs Branch

                                                CARLOTTA P. WELLS
                                                JOSHUA E. GARDNER
                                                Assistant Branch Directors

---

[2] Plaintiffs have three motions currently pending before the Court: a motion for leave to present live direct testimony, ECF No. 386; a motion to preclude expert testimony, ECF No. 387; and a motion to authorize remote trial testimony or *de bene esse* trial depositions of Department of Commerce officials, ECF No. 389.

*/s/ Martin M. Tomlinson*
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL HALAINEN
MARTIN M. TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel.: (202) 353-4556
Fax: (202) 616-8470
Email: martin.m.tomlinson@usdoj.gov

*Counsel for Defendants*

| From: | Bailey, Kate (CIV) |
| --- | --- |
| To: | Freedman, John A.; DHo@aclu.org; Federighi, Carol (CIV); Coyle, Garrett (CIV); Kopplin, Rebecca M. (CIV); Halainen, Daniel J. (CIV); Tomlinson, Martin M. (CIV); Ehrlich, Stephen (CIV); Wells, Carlotta (CIV) |
| Cc: | SBrannon@aclu.org; PGrossman@nyclu.org; Colangelo, Matthew; Bauer, Andrew; Gersch, David P.; Grossi, Peter T.; Weiner, David J.; Young, Dylan Scot; Kelly, Caroline; Saini, Ajay; Goldstein, Elena |
| Subject: | State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921, outstanding request for focus group materials |
| Date: | Thursday, September 20, 2018 8:30:42 PM |
| Attachments: | Census Discovery Prod005_Zip1.zip |

Counsel,

We will obtain and provide you dates for Dr. Abowd's third deposition (second deposition in his capacity as a 30(b)(6) witness) as soon as possible. Regarding your request for additional time to depose him on documents other than the white paper, we repeatedly made clear before providing dates for various witnesses (not only Dr. Abowd) that, due to the extremely broad scope of Plaintiffs' document requests, it would not be possible for Defendants to complete production of all documents potentially relevant to these depositions in the timeframe in which Plaintiffs wished to take those depositions. Because of this, we specifically advised that, should the depositions proceed during the timeframe Plaintiffs requested, we would not make witnesses available multiple times simply because Plaintiffs wished to question individuals about documents that later became available. Although we maintain this position, in an effort to avoid further disputes, **we agree to make Dr. Abowd available for an additional two hours total,** and that the scope of that deposition may relate to other documents recently produced, rather than only the white paper itself**.**

We also have several updates regarding your request for documents related to focus group testing:

- Attached to this email is Part One of Six sets of documents we are producing tonight. Most of these materials were provided to you last week, but now includes Bates stamps. We have located and included two additional emails that were not part of last week's materials.
- Below is a list of focus-group-related materials that were submitted to the DRB for Title XIII review and clearance this Monday, September 17th. Because no DAO has DRB bypass authority for this type of data, the DRB itself will have to clear each document, and they estimate completing this review between Sept 26th – October 1st. We will produce cleared material as promptly as possible.
  - o The "audience summaries" listed below each summarize transcripts roughly 1100 pages in length, which would not be producible post-DRB in any useable form. I have been advised that the summaries are an attempt by the DRB and census to release as much data as possible. The Census Bureau has an approved protocol for disclosure avoidance review of summaries of qualitative research produced from activities like focus groups. It does not have, and does not anticipate developing, a protocol for disclosure avoidance review of full transcripts. Full transcripts thus have the same data protection as other micro-data products for which the Census Bureau does not have an approved disclosure avoidance protocol. Review of these summaries will be finished by October 1, if not earlier.
  - o Raw data from the focus groups is Title XIII-protected material not subject to release but there is, however, a Public Use Microsample file that is created from the Focus Group Surveys, which will be produced.

- There is a DRB-approved public-use micro-data file from the 2018 CBAMS survey. Census did not anticipate releasing this file for public use prior to the 2020 Census; therefore, there is only limited documentation which has been cleared by the DRB. We are still waiting for a time estimate on this material.
- We have thoroughly searched for, and consider this a complete response to, your request for focus-group testing material. Collection and production of these materials, including DRB disclosure-avoidance review, takes substantial time and must be completed by individuals with significant responsibilities unrelated to this litigation. Specifically, we will not be searching for, or producing, emails relating to this testing, as such material would be overly burdensome and disproportionate with the needs of this case, consistent with our earlier responses and objections to your RFPs.

Materials undergoing review:

1. **After Action Reports**
   a. T13_2020 CBAMS Focus Group After Action Report - Cayey Spanish Puerto Rico 4-19
   b. T13_2020 CBAMS Focus Group After Action Report - DET BAA April 12 V.20
   c. T13_2020 CBAMS Focus Group After Action Report - DET MENA April 11_v2.0
   d. T13_2020 CBAMS Focus Group After Action Report - Honolulu NHPI April 9
   e. T13_2020 CBAMS Focus Group After Action Report - LA Chinese  April 3
   f. T13_2020 CBAMS Focus Group After Action Report - LA MENA April 4
   g. T13_2020 CBAMS Focus Group After Action Report - LA NHPI April 5
   h. T13_2020 CBAMS Focus Group After Action Report - LA Spanish April 3
   i. T13_2020 CBAMS Focus Group After Action Report - Montgomery BAA April 16
   j. T13_2020 CBAMS Focus Group After Action Report - NYC Spanish 3.27.18
   k. T13_2020 CBAMS Focus Group After Action Report - San Juan PR - Spanish - April 18
   l. T13_2020 CBAMS Focus Group After Action Report - Vietnamese 3.19.18
   m. T13_2020 CBAMS Focus Group After Action Report_ABQ AIAN March 14
   n. T13_2020 CBAMS Focus Group After Action Report_ABQ Low Internet Proficiency March 15
   o. T13_2020 CBAMS Focus Group After Action Report_ANC AIAN March 28
   p. T13_2020 CBAMS Focus Group After Action Report_Bristol_Rural_March 22
   q. T13_2020 CBAMS Focus Group After Action Report_CHI Young Mobile April 10_v2.0
   r. T13_2020 CBAMS Focus Group After Action Report_HOU Spanish April 3
   s. T13_2020 CBAMS Focus Group After Action Report_HOU Vietnamese April 4
   t. T13_2020 CBAMS Focus Group After Action Report_MEM Low Internet Proficiency March 20
   u. T13_2020 CBAMS Focus Group After Action Report_NYC Chinese March 20
   v. T13_2020 CBAMS Focus Group After Action Report_SD AIAN March 29
2. **Audience Summaries**
   a. T13_2020 CBAMS Focus Group Audience Summary – AIAN
   b. T13_2020 CBAMS Focus Group Audience Summary – BAA
   c. T13_2020 CBAMS Focus Group Audience Summary – Chinese
   d. T13_2020 CBAMS Focus Group Audience Summary - Low Internet Proficiency
   e. T13_2020 CBAMS Focus Group Audience Summary – MENA
   f. T13_2020 CBAMS Focus Group Audience Summary – NHPI
   g. T13_2020 CBAMS Focus Group Audience Summary – Rural

   h.  T13_2020 CBAMS Focus Group Audience Summary - Spanish PR
   i.  T13_2020 CBAMS Focus Group Audience Summary - Spanish US Mainland
   j.  T13_2020 CBAMS Focus Group Audience Summary – Vietnamese
   k.  T13_2020 CBAMS Focus Group Audience Summary - Young & Mobile

Thank you,

**Kate Bailey**
Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
20 Massachusetts Avenue, NW
Room 7214
Washington, D.C. 20530
202.514.9239 | kate.bailey@usdoj.gov