October 24, 2018

The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

> RE:   Plaintiffs' status update in *State of New York, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-2921 (JMF).

Dear Judge Furman,

Pursuant to the Court's October 23, 2018 Order (Docket No. 390), the Plaintiffs submit this status letter describing the issues to be discussed at the October 24, 2018 status conference in this matter.

First, with respect to the deposition of John Gore, Defendants have represented that Mr. Gore is next available on Friday, October 26; Plaintiffs intend to depose him on that date. Plaintiffs have also scheduled the deposition of Sahra Park-Su for Thursday, October 25. The deposition of Mark Neuman has been scheduled for Sunday, October 28; Mr. Neuman's counsel has represented that this is his first availability.  The deposition of David Langdon has been scheduled for Friday, October 26.

Second, with respect to the status of open discovery items:

- Defendants produced more than 92,000 documents from the Departments of Commerce and Justice yesterday.  Plaintiffs are still assessing the privilege assertions.  Given the volume and timing of this production, as well as the scheduled depositions and ongoing discovery issues, while Plaintiffs will be prepared to submit an exhibit list by Friday, October 26 in accordance with the Court's deadlines, Plaintiffs may seek leave to supplement that list given the impossibility of reviewing all 92,000 newly-produced pages in the next two days.
- With regard to Defendants' October 16 production, Plaintiffs have raised questions about a certain deliberative privilege assertions related to other pre-December 2017 communications where the Defendants previously withdrew privilege assertions.  Plaintiffs have also questioned why this production -- which was made pursuant to an agreement to resolve Plaintiffs' fifth motion to compel for the Defendants to complete their search for Administrative Record materials by adding additional custodians and search terms — has not been designated as part of the Administrative Record;
- The privilege log for DOJ's October 3 supplemental production fails to include sufficient information to allow Plaintiffs to assess the privilege claims as to two documents provided to Mr. Gore from the Department of Commerce, and whether any applicable privilege may have been waived by providing the document to Mr. Gore.
- Defendants have declined to produce transcripts from approximately 40 focus group testing conducted by the Census Bureau, despite being ordered by the Court to produce these records or assert any objections not already waived by September 20.  Defendants have asserted that the entire transcripts must be withheld on the basis of Title 13, but have not provided a

sufficient justification why Title 13 information cannot be redacted.   *See* Sept. 14 Hearing Tr. at 17-22; Docket No. 323; Docket No. 313.

- For the reasons described in the October 15 status report, Plaintiffs intend to seek further relief with respect to Interrogatory No. 1 – the interrogatory seeking information regarding individuals referenced but not identified in Secretary Ross' June 21 memo.

Third, Plaintiffs do not believe that the Supreme Court's limited stay of the Court's September 21, 2018 Order (Dkt. 345) authorizing the testimony of Secretary Wilbur Ross bears on the parties' upcoming pre-trial or trial schedule.  As this Court has recognized, "time is of the essence" in this case.  Transcript of Oral Argument at 77:2-6 (July 3, 2018).  To the extent that the Supreme Court ultimately permits this deposition to proceed, Plaintiffs can supplement the record from trial with that deposition transcript; to the extent that Defendants ultimately file a petition for certiorari[1] and the Supreme Court precludes that deposition, Plaintiffs' trial record will be complete.  But there is no basis to further delay adjudication of this matter.

Last night, roughly 24 hours after the Supreme Court denied Defendants' request for a stay of this Court's orders authorizing extra-record discovery and the deposition of John Gore, and approximately eleven hours after the Department of Justice represented to Plaintiffs that they "will not be asking for a stay of outstanding discovery," *see* Ex. 1, Defendants filed their seventh request for a stay.  Docket No. 292, Docket No. 359, No. 18-2652 Docket No. 1 (2d Cir.), No. 18-2856 Docket No. 1 (2d Cir.), No. 18A350 (S. Ct.), No. 18A375 (S. Ct.).  Fourteen judges have thus far rejected Defendants' efforts to halt these proceedings.  Plaintiffs oppose for the same reasons stated in opposition to Defendants' six previous unsuccessful requests, and will be prepared to file an opposition to Defendants' motion by a deadline ordered by the Court.

Respectfully submitted,

BARBARA D. UNDERWOOD
*Attorney General of the State of New York*

By: */s/ Elena Goldstein*
Elena Goldstein, *Senior Trial Counsel*
Matthew Colangelo
   *Executive Deputy Attorney General*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6021
Elena.goldstein@ag.ny.gov

Attorneys for the *State of New York* Plaintiffs

---

[1] Fourteen days ago, Defendants represented that their petition for a writ of mandamus was "forthcoming." *See* Defendants' Renewed Application for a Stay Pending Disposition of a Petition for a Writ of Mandamus at 6 (October 9, 2018).  No such petition has yet been filed.

ARNOLD & PORTER KAYE SCHOLER LLP
AMERICAN CIVIL LIBERTIES UNION

By: */s/ John A. Freedman*

Dale Ho
American Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 549-2693
dho@aclu.org

Sarah Brannon*
American Civil Liberties Union Foundation
915 15th Street, NW
Washington, DC 20005-2313
202-675-2337
sbrannon@aclu.org
* *Not admitted in the District of Columbia;*
*practice limited pursuant to D.C. App. R.*
*49(c)(3).*

Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601
pgrossman@nyclu.org

Andrew Bauer
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-7669
Andrew.Bauer@arnoldporter.com

John A. Freedman
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, DC 20001-3743
(202) 942-5000
John.Freedman@arnoldporter.com

Attorneys for the *NYIC* Plaintiffs

3

# Ex. 1

| From: | Bailey, Kate (CIV) |
|---|---|
| To: | Dale Ho; Federighi, Carol (CIV); Ehrlich, Stephen (CIV); Coyle, Garrett (CIV); Wells, Carlotta (CIV); Khan, Sania; asenteno@MALDEF.org; Todd Grabarsky; Raines, Chase; Thomas, Tina; Goldstein, Elena; Colangelo, Matthew; Gabrielle.Boutin@doj.ca.gov; Duraiswamy, Shankar; Freedman, John A.; Matthew Wise; Rosenberg, Ezra; "Case, Andrew" |
| Subject: | RE: Deposition Dates for John Gore |
| Date: | Tuesday, October 23, 2018 10:00:20 AM |

Counsel,

Thank you for your email. We have requested and are working to provide availability as soon as possible for the remaining fact witnesses. Consistent with Judge Furman's order, we also will be serving outstanding written discovery today. We will courier CDs and a flash drive to A&Ps DC offices and FedEx the same to the NYAG's office. I will also be sending you additional material by email later today.

Given that the Court's order specifically stayed Secretary Ross's deposition pending a forthcoming petition for mandamus, which the government intends to file, we do not think it makes sense for the parties to move forward with their pretrial submissions on Friday and trial on the 5th until that matter is resolved. Should Secretary Ross's deposition proceed, we feel confident that testimony would feature in the parties' case in chief. And regardless of the ultimate outcome, the Court's opinion seems likely to shape the scope of review for the district court. Given these facts, we intend to ask Judge Furman for a stay of trial proceedings and the parties' pretrial submissions this morning, as the most efficient course of action. To reiterate—we will not be asking for a stay of outstanding discovery—only to stay the trial and related pretrial filings until the Supreme Court has resolved the forthcoming petition.

I apologize for the tight turnaround, but given the time-sensitive nature of our request for a stay, we would appreciate knowing your position on our request **by noon today.**

Thank you for your consideration.

**Kate Bailey**
Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
20 Massachusetts Avenue, NW
Room 7214
Washington, D.C. 20530
202.514.9239 | kate.bailey@usdoj.gov

---

**From:** Dale Ho [mailto:dho@aclu.org]
**Sent:** Monday, October 22, 2018 9:01 PM
**To:** Bailey, Kate (CIV) <katbaile@CIV.USDOJ.GOV>; Federighi, Carol (CIV) <CFederig@CIV.USDOJ.GOV>; Ehrlich, Stephen (CIV) <sehrlich@CIV.USDOJ.GOV>; Coyle, Garrett

(CIV) <gcoyle@CIV.USDOJ.GOV>; Wells, Carlotta (CIV) <CWells@CIV.USDOJ.GOV>; Cc: Khan, Sania <Sania.Khan@ag.ny.gov>; asenteno@MALDEF.org; Todd Grabarsky <Todd.Grabarsky@doj.ca.gov>; Raines, Chase <Chase.Raines@arnoldporter.com>; Thomas, Tina <TThomas@cov.com>; Goldstein, Elena <Elena.Goldstein@ag.ny.gov>; Colangelo, Matthew <Matthew.Colangelo@ag.ny.gov>; Gabrielle.Boutin@doj.ca.gov; Duraiswamy, Shankar <sduraiswamy@cov.com>; Freedman, John A. <John.Freedman@arnoldporter.com>; Matthew Wise <Matthew.Wise@doj.ca.gov>; Rosenberg, Ezra <erosenberg@lawyerscommittee.org>; 'Case, Andrew' <ACase@manatt.com>
**Subject:** Deposition Dates for John Gore

Counsel.

In light of today's order, please provide dates for John Gore's availability for his deposition. Consistent with Judge Furman's instructions at the October 17 pre-trial conference that discovery will now be open for an additional 72 hours (see Tr. at 5-6), please provide dates for Mr. Gore's availability through Thursday October 25.

Regards,

Dale Ho
Director, Voting Rights Project
American Civil Liberties Union
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2693
dale.ho@aclu.org
www.aclu.org