

**U.S. Department of Justice**
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005

---

**By ECF**                                                                                                October 24, 2018

The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

**Re:**    *State of New York v. U.S. Department of Commerce*, **No. 18-cv-2921**

Dear Judge Furman:

      The Court should deny Plaintiffs' motion (ECF No. 389[1]) to allow remote video testimony from—or in the alternative, de bene esse depositions of—three Commerce Department officials: Karen Dunn Kelley, Under Secretary of Commerce for Economic Affairs, performing the nonexclusive duties of the Deputy Secretary of Commerce; Earl Comstock, Deputy Chief of Staff; and Wendy Teramoto, former Chief of Staff.

      Plaintiffs' only ground for their request is that Defendants produced additional documents after Plaintiffs deposed these three witnesses. At the outset, Plaintiffs seek to reopen these witnesses' testimony not only to ask about the few documents identified in the motion that were produced after their depositions, but for *all of their trial testimony*, including matters they already testified about at deposition. Pls.' Mot. at 1, ECF No. 389. When testimony is reopened because of newly produced information, however, "the questioning of the witness is limited to those questions relating to the newly produced information." *Dash v. Seagate Tech. (US) Holdings, Inc.*, No. 13-cv-6329, 2015 WL 4257329, at *6 (S.D.N.Y. July 14, 2015). The scope of Plaintiffs' request suggests that it is an attempt to subvert the Court's standard practice of receiving testimony from unavailable witnesses by written deposition excerpts. *See* Scheduling Order ¶ 2, ECF No. 323.

      More importantly, as explained below, a month before these witnesses were deposed, Plaintiffs had received either redacted versions of or privilege logs with descriptions of nearly all of the documents they now want to ask the witnesses about. Yet Plaintiffs did not challenge Defendants' privilege assertions until *after* the depositions. Plaintiffs were thus on notice of the risk that they might not be able to question these witnesses about withheld information and nevertheless decided to proceed with their depositions. *See Universal City Studios, Inc. v. Corley*, No. 00-cv-277, 2000 WL 621120, at *4 (S.D.N.Y. May 12, 2000) (noting that, if party "choose[s] to conduct depositions before [it] ha[s] the documents and then later seek[s] to redepose witnesses whose testimony was taken before [it] received documents," opposing party can "oppose such redepositions on the ground that [the deposing party] made [its] own bed and should be forced to lie in it").

      In any event, although subsequently discovered information can provide a basis for reopening a witness's testimony, reopening is justified only when the information is genuinely "new" such that

---

[1] For the Court's convenience, citations to docket entries and legal authorities in the PDF version of this letter brief are hyperlinked to the cited authorities in ECF and Westlaw, respectively.

it "trigger[s] questions that the discovering party would not have thought to ask at the first deposition." *Keck v. Union Bank of Switz.*, No. 94-cv-4912, 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997). Even then, reopening the witness's testimony is not warranted if the likely benefit would be outweighed by the burden that a new deposition would impose on the witness and the opposing party. *See Export-Import Bank of the U.S. v. Asia Pulp & Paper Co.*, 232 F.R.D. 103, 112 (S.D.N.Y. 2005). Here, none of the documents identified by Plaintiffs warrant reopening the questioning of Acting Deputy Secretary Kelley, Mr. Comstock, or Ms. Teramoto:

- **Unredacted portions of Mr. Comstock's memorandum dated September 8, 2017:** First, Plaintiffs seek to question Mr. Comstock about an unredacted version of his September 8, 2017 memo recounting his discussions with other federal agencies about possibly reinstating a citizenship question on the decennial census. Pls.' Mot. Ex. 1 at 0002458, 0009834, ECF No. 389-1. Defendants initially produced this memo on July 26, 2018, with redactions for limited portions protected by the deliberative process privilege. *See* ECF No. 299-1. Yet Plaintiffs did not challenge those privilege assertions until September 4, 2018, *see* ECF No. 299, *after* they deposed Mr. Comstock on August 30, 2018.[2] The subsequently unredacted portions of the memo thus do not warrant reopening Mr. Comstock's testimony when Plaintiffs proceeded with his deposition despite knowing about those redactions and not timely challenging them. *See Universal City Studios*, 2000 WL 621120, at *4. Also, after Plaintiffs filed this motion, the Department of Commerce admitted in response to Plaintiffs' requests for admission that "Mr. Comstock reported in his September 8, 2017 memorandum that the individuals with whom he spoke at the Department of Justice and the Department of Homeland Security had not expressed an interest in requesting the inclusion of a citizenship question." Ex. 1 (response to RFA no. 96). That response "conclusively establishe[s]" the matter in this case, *see* Fed. R. Civ. P. 36(b), significantly diminishing any benefit Plaintiffs might get from questioning Mr. Comstock about the unredacted portions of the memo. *See Export-Import Bank of the U.S.*, 232 F.R.D. at 112. Mr. Comstock's testimony about what other federal officials might have told him about their reasons for not wanting a citizenship question would also constitute inadmissible hearsay.

- **Unredacted portion of Mr. Comstock's email to Secretary Ross:** Second, Plaintiffs seek to question Mr. Comstock about an unredacted version of his email to Secretary Ross stating that "[s]ince this issue will go to the Supreme Court we need to be diligent in preparing the administrative record." Pls.' Mot. Ex. 1 at 0003984, ECF No. 389-1. But as with the September 8, 2017 memo, Defendants produced a redacted version of this email on July 26, 2018 (*see* ECF No. 299-1), yet Plaintiffs did not challenge those privilege assertions until *after* Mr. Comstock's deposition on August 30, 2018. *See* ECF No. 299; *Universal City Studios*, 2000 WL 621120, at *4. Also, Plaintiffs contend that Mr. Comstock's email reflects "an apparent proposal to whitewash the administrative record because of likely judicial review." Pls.' Mot. at 3, ECF No. 389. But instead of showing some nefarious motive on Mr. Comstock's part,

---

[2] The Court concluded that Plaintiffs' showing of need was sufficient to overcome the privilege and ordered Defendants to produce an unredacted version of the memo. Scheduling Order at 1, Sept. 17, 2018, ECF No. 323.

the statement is much more plausibly read to mean exactly what it says: the Commerce Department should carefully prepare the administrative record—a reading consistent with fidelity to good-government principles and the "presumption of regularity" that applies to federal employees' official duties. *See Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004).

- **Emails about communications with Mark Neuman:** Third, Plaintiffs seek to question Acting Deputy Secretary Kelley, Mr. Comstock, and Ms. Teramoto about five emails produced after their depositions reflecting conversations they had with Mark Neuman about the census. Pls.' Mot. Ex. 3, ECF No. 389-3. But Plaintiffs can ask Mr. Neuman directly about those conversations at his upcoming deposition on October 28, 2018. *See* ECF No. 399 at 1. Instead of burdening the Acting Deputy Secretary, Deputy Chief of Staff, and former Chief of Staff by reopening their depositions, Plaintiffs should seek that information from another source that is more convenient and less burdensome. *See Export-Import Bank of the U.S.*, 232 F.R.D. at 112.

- **Email to Acting Deputy Secretary Kelley:** Fourth, Plaintiffs seek to question Acting Deputy Secretary Kelley about an email she received from Aaron Willard, with the subject line "notes from drive," stating: "1) must come from DOJ; 2) court cases you can hang your hat on; 3) every Census since 1880, except 2000." Pls.' Mot. Ex. 4 at 0001403, ECF No. 389-4. But Defendants listed this email on the privilege log produced on July 26, 2018 (*see* ECF No. 299-1), yet Plaintiffs did not challenge the privilege assertion until *after* Acting Deputy Secretary Kelley's deposition on August 28, 2018. *See* ECF No. 299; *Universal City Studios*, 2000 WL 621120, at *4. Also, Plaintiffs contend that this email contradicts Acting Deputy Secretary Kelley's deposition testimony that she did not know the details about whether Secretary Ross wanted the Justice Department to support a request for citizenship information. Pls.' Mot. at 3–4, ECF No. 389. But Acting Deputy Secretary Kelley testified unequivocally at deposition that she knew there were conversations between the Commerce Department and the Justice Department about the citizenship question. Ex. 2 (Kelley Dep. 126:18–127:4). She further testified that she did not participate in any of the conversations between Secretary Ross and the Justice Department and that Secretary Ross did not brief her on the content of those conversations. Ex. 2 (Kelley Dep. 127:13–128:3). There is therefore nothing inconsistent between that deposition testimony and the email from Mr. Willard—and no basis to reopen her testimony.

- **Email to Mr. Comstock:** Finally, Plaintiffs seek to question Mr. Comstock about a May 2017 email he received from David Langdon discussing Mr. Langdon's research. Pls.' Mot. Ex. 4 at 0003888, ECF No. 389-4. But as with the email to Acting Deputy Secretary Kelley, Defendants listed this email on the privilege log produced on July 26, 2018 (*see* ECF No. 299-1), yet Plaintiffs did not challenge the privilege assertion until *after* Mr. Comstock's deposition on August 30, 2018. *See* ECF No. 299; *Universal City Studios*, 2000 WL 621120, at *4. Also, Plaintiffs can ask Mr. Langdon directly about his email at his upcoming deposition on October 26, 2018 (*see* ECF No. 399 at 1)—a more convenient and less burdensome alternative to reopening the deposition of the Deputy Chief of Staff. *See Export-Import Bank of the U.S.*, 232 F.R.D. at 112.

Even if Plaintiffs were entitled to reopen the testimony of Acting Deputy Secretary Kelley,

3

Mr. Comstock, or Ms. Teramoto, Plaintiffs should not be permitted to do so by live video transmission at trial. Plaintiffs contend that Federal Rule of Civil Procedure 43(a) authorizes the Court to "permit testimony in open court by contemporaneous transmission from a different location," and that as long as that remote location is within the geographic scope of Rule 45(c), the witness's appearance can be compelled by subpoena.[3] Pls.' Mot. at 2–3, ECF No. 389. But Rule 43(a) allows testimony by remote contemporaneous transmission only "*[f]or good cause in compelling circumstances.*" Fed. R. Civ. P. 43(a) (emphasis added). In all other circumstances, "depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment. Here, the only purported "good cause" and "compelling circumstances" identified by Plaintiffs is a desire to question these witnesses about documents produced after their depositions. But the remedy for that situation (if it were founded) would be to allow Plaintiffs to reopen the witnesses' depositions—Rule 43's preferred means of securing testimony from witnesses beyond a trial subpoena's reach. It does not constitute "good cause" or "compelling circumstances" justifying trial testimony by remote transmission.

More practically, allowing Plaintiffs to call these witnesses at trial by remote video transmission would be inefficient. Plaintiffs have not provided estimates of the length of these witnesses' proposed live trial testimony, preventing the Court from gauging exactly how much longer the trial would be if their request were granted. But a conservative estimate is two additional trial days, given that (a) Plaintiffs' alternative request is for 12 hours of de bene esse depositions from these three witnesses, and (b) Plaintiffs have indicated that, if their request is denied, they intend to offer over 6,000 lines of deposition testimony from these witnesses.

Plaintiffs' alternative request for de bene esse depositions of these three witnesses should also be denied. Plaintiffs already took videotaped depositions of these witnesses during discovery. Like Plaintiffs' request for live trial testimony by video transmission, Plaintiffs' request for de bene esse depositions is not limited to testimony about the few documents identified in Plaintiffs' motion that were produced after the discovery depositions. Instead, Plaintiffs seek de bene esse depositions for *all* of these witnesses' trial testimony, including matters they already testified about at deposition. Plaintiffs provide no reason why offering designated excerpts from those deposition transcripts would be insufficient. Nor do they provide any reason why their desire for a second bite at the apple outweighs the burden on the witnesses of sitting for a second deposition and the burden on defense counsel of preparing for and defending those depositions instead of preparing for a trial scheduled to start in under two weeks.

Any request to reopen these three witnesses' discovery depositions for the limited purpose of asking about the few documents produced afterwards should also be denied. As a threshold matter, Plaintiffs did not conduct a meet-and-confer on such a request as required by paragraph 2(C) of this Court's individual rules and this Court's specific order.[4] *See* Order, July 19, 2018, ECF No. 204

---

[3] In support of this contention, Plaintiffs rely on two out-of-circuit cases but acknowledge that their contention was rejected in *Lin v. Horan Capital Management, LLC*, No. 14-cv-5202, 2014 WL 3974585, at *1–2 (S.D.N.Y. Aug. 13, 2014). Other courts have also rejected Plaintiffs' contention. *E.g.*, *Atkinson v. MacKinnon*, No. 14-cv-736, 2016 WL 3566278, at *1–2 (W.D. Wis. June 24, 2016).

[4] When a similar issue arose with new documents produced shortly before the Rule 30(b)(6) deposition of Census Bureau Chief Scientist Dr. John M. Abowd, Defendants agreed to make him available for two additional hours of deposition testimony about the new documents.

(denying request to extend time for depositions without prejudice to renewed request "only after conferring with defense counsel"). Also, of the five specific documents cited in Plaintiffs' motion, four were produced over a month ago. *See* Pls.' Mot. Ex. 1, ECF No. 389-1 (produced Sept. 17, 2018); Pls.' Mot. Ex. 4, ECF No. 389-4 (produced Sept. 11, 2018). Yet Plaintiffs offer no explanation for why they waited until the close of discovery to seek this relief, which they contend was unaffected by the Supreme Court's stay. *See* Pls.' Mot. at 5, ECF No. 389. Finally, Plaintiffs already questioned Acting Deputy Secretary Kelley and Mr. Comstock for the full seven hours permitted under Rule 30(d)(1) without saving any time for questioning about the information they knew had been withheld as privileged. In all events, if any of these witnesses' depositions were reopened, they should be restricted to one hour and limited to questions about documents produced after the witness's prior deposition.

Dated: October 24, 2018

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
JOSHUA E. GARDNER
Assistant Branch Directors

*/s/ Garrett Coyle*
KATE BAILEY
KERI L. BERMAN
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL J. HALAINEN
MARTIN M. TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel.: (202) 616-8016
Fax: (202) 616-8470
Email: garrett.coyle@usdoj.gov

*Counsel for Defendants*