

**U.S. Department of Justice**

Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530

---

**By ECF**                                                                                      October 30, 2018

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

      Re:    *State of New York v. U.S. Dep't of Commerce*, No. 18-cv-2921 (JMF)

Dear Judge Furman:

      Defendants oppose Plaintiffs' October 28 letter motion to compel the production of seven documents, No. 18-cv-2921, ECF No. 414, and have submitted the documents for in camera review.[1]

### 1. DOJ Properly Withheld Mr. Uthmeier's Note to AAG Gore as Deliberative, Attorney-Client Privileged, and Subject to the Attorney Work Product Doctrine

      As an initial matter, Plaintiffs' challenge to the withholding of DOJ 15197 should be denied as untimely.  At the October 24 status conference, the Court expressed skepticism of Plaintiffs' argument but nevertheless permitted Plaintiffs to challenge DOJ 15197 until 10 AM on October 25. Plaintiffs ignored that deadline and now claim opportunistically that "new information" obtained during Acting Assistant Attorney General (AAG) John Gore's deposition justifies their untimely challenge.  Contrary to Plaintiffs' suggestion, that testimony instead further supports DOJ's privilege assertions, as discussed below. Plaintiffs' request for production of this document should be denied.

      DOJ 15197 is a handwritten note from James Uthmeier, at the time an attorney in the Office of General Counsel at the Department of Commerce, to AAG Gore.  It accompanied the Uthmeier memo, which this Court has already found properly withheld as attorney-client privileged. Defendants have properly withheld the entirety of DOJ 15197 for three independently sufficient reasons: the deliberative process privilege, attorney-client privilege, and the attorney work-product doctrine.[2]

      First, the note is subject to the deliberative process privilege, as it pre-dates DOJ's December 12, 2017 letter requesting reinstatement of a citizenship question (the "Gary letter"), and was considered by AAG Gore in drafting the Gary Letter.  Decl. of John Gore (Gore Decl.) ¶ 4, Ex. A; Uncertified Draft Transcript of Dep. of John Gore 110:21-11:7, Ex. 5, ECF No. 414-5 (Uncertified Gore Transcript).  Plaintiffs agree that AAG Gore received the note "[s]hortly after" September 22, 2018, ECF No. 414 at 2, and any assertion that DOJ's actual decision preceded the Gary Letter has been squarely refuted by AAG Gore's deposition testimony.  *Cf.* Gore Decl. ¶ 4.  The note also reflects Mr. Uthmeier's deliberations and pre-dates the Commerce's March 2018 decision to reinstate the

---

[1] Plaintiffs' motion challenges documents received by Mr. Neuman from Commerce on the grounds of waiver. In some circumstances, the version of the document in Mr. Neuman's possession differs slightly from the version in Commerce's possession, because the Commerce version of a document may contain an extra page or marginalia.  Defendants provided the Court with the version of the documents in Mr. Neuman's documents.

[2] Contrary to Plaintiffs' suggestion, ECF No. 414 at 2, the note was fully identified by DOJ in the privilege log provided to plaintiffs on October 3, 2018, ECF No. 414, Ex. 1.

citizenship question.  Plaintiffs' arguments that the actual decision pre-dates the March 2018 memorandum is not supported by the record.  The note is thus classic deliberative-process material.

Second, the note is subject to the attorney-client privilege, as it sought AAG Gore's legal advice on a topic of common interest between Mr. Uthmeier and AAG Gore.  The attorney-client privilege protects communications "for the obtaining or providing of legal advice" "that are intended to be, and in fact were, kept confidential."  *Schaeffler v. United States*, 806 F.3d 34, 40 (2d Cir. 2015).  The privilege may be waived if the communications are shared with "an outsider."  *Id.*  However, the privilege is not waived when it is shared with an entity "engaged in a 'common legal enterprise' with the holder of the privilege"—for example, where "multiple clients share a common interest about a legal matter."  *Id.* (citations omitted).  Litigation need not be in progress, as long as the communications are "made in the course of an ongoing common enterprise and intended to further the enterprise."  *Id.* (citations omitted).  These requirements are met for the note, which Mr. Uthmeier shared with AAG Gore as part of a common enterprise concerning the 2020 Census.  Gore Decl.  5; Decl. of James W. Uthmeier (Uthmeier Decl.) ¶ 23, Ex. B.[3]

Third, the note is subject to the attorney work-product doctrine, as it contains Mr. Uthmeier's mental impressions in anticipation of litigation.  Uthmeier Decl. ¶ 24.  Nor would such protection be waived by AAG Gore's receipt of the note, because Mr. Uthmeier's and AAG Gore's interests were aligned such that sending the note did not increase the odds of widespread dissemination.  *See Williams v. Bridgeport Music, Inc.*, 300 F.R.D. 120, 123 (S.D.N.Y. 2014) (noting that "work-product protection is not necessarily waived by disclosure to third parties," but is waived "only if the disclosure substantially increases the opportunity for potential adversaries to obtain the information" (citation omitted)).  Here, AAG Gore was consulted for the express purpose of assisting Commerce, at a time when Mr. Uthmeier anticipated litigation.  Uthmeier Decl. ¶¶ 23-24.  (Contrary to Plaintiffs' suggestion, Commerce *did* anticipate litigation in this matter very early on.  *See* ECF No. 414, Ex. 4, Bates No. 12476 (statement by Earl Comstock on August 9, 2017 that "this issue will go to the Supreme Court")).

Nor should the deliberative process or work-product doctrine be overcome as to the note.  (Plaintiffs do not attempt a showing of need for the documents discussed below.)  In considering the balancing factors to overcome the deliberative-process privilege, Plaintiffs contend that the note contains relevant evidence "not available from another source."  ECF No. 414 at 3.  But the note at best reflects *Mr. Uthmeier's* mental processes, and cannot shed light on Secretary Ross's intent, which is reflected in his March 2018 memorandum.  Plaintiffs further ignore the voluminous discovery in this case, including the production of more than 140,000 pages of documents, hundreds of responses to requests for admissions, numerous interrogatory responses, and 11 depositions of high-level Commerce and DOJ employees.  The suggestion that this note contains "important" evidence not already produced defies credulity.  Furthermore, Plaintiffs acknowledge that "disclosure may inhibit future candid debate among agency actors," ECF No. 414 at 2, a critical factor weighing against disclosure.  Finally, the note contains *opinion* work product, or documents that "'tend[] to reveal the attorney's mental process'" and Plaintiffs have not come close to meeting the high bar to overcome the "special protection" for such material.  *United States v. Adlman*, 134 F.3d 1194, 1197 (2d Cir. 1998) (citing *Upjohn Co. v. United States*, 449 U.S. 399, 339 (1981)); Fed. R. Civ. P. 26(b)(3)(B) (requiring a

---

[3] Plaintiffs characterize AAG Gore's testimony as "conflicting" because he initially stated that the note did not solicit legal advice, before immediately noting—twice—that he provided legal advice *in response* to the note, Uncertified Gore Transcript 108:5-109:8, and clarifying that it sought his legal advice, 110:14-19.  And, contrary to Plaintiffs' suggestion, the fact that AAG Gore is not "counsel of record" and has not drafted briefs or pleadings in this case, Uncertified Gore Transcript 35:16-36-13, has no relevance to whether Mr. Uthmeier sought confidential legal advice from Mr. Gore before Plaintiffs filed their lawsuit.

court to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.").

### 2. Defendants Properly Withheld the Remaining Six Documents as Deliberative, Attorney-Client Privileged, and Subject to the Attorney Work Product Doctrine

Plaintiffs also challenge Commerce's withholding of six documents (AR 2021, AR 3731, AR 10249, AR 10285, AR 10296, and COM_DIS 20920) incorrectly contending that any privilege attaching to the documents has been waived by their disclosure to A. Mark Neuman. ECF 414 at 1. Mr. Neuman is a subject-matter expert who worked on three censuses, served on the Census's advisory committee and the Presidential Transition Team, and regularly advised Secretary Ross and other senior Commerce officials both during and after the transition as a trusted adviser. Uthmeier Decl. ¶¶ 3-4.

Five of the documents have been properly withheld pursuant to the deliberative-process privilege (AR 3731, AR 10249, AR 10285, AR 10296, and COM_DIS 20920). The privilege is not waived by providing them to Mr. Neuman because he functioned as a trusted adviser and consultant to the agency. Uthmeier Decl. ¶¶ 5-7. The deliberative-process privilege's protections for intra-agency communications apply where an agency consults with an outside advisor who acts analogously to an agency employee (the "consultant corollary" doctrine). *See, e.g., Nat'l Inst. of Military Justice v. Dep't of Def. (NIMJ)*, 512 F.3d 677, 679 (D.C. Cir. 2008) (opinions solicited by the Department of Defense from non-governmental academics were protected); *Formaldehyde Inst. v. HHS*, 889 F.2d 1118, 1120 (D.C. Cir. 1989) (comments sent to HHS from an epidemiology journal's outside reviewers were protected); *cf. Dep't of Interior v. Klamath Water Users Prot. Ass'n*, 532 U.S. 1, 10 (2001). This rule exists because "efficient government operation requires open discussions among all government policy-makers and advisors, whether those giving advice are officially part of the agency or are solicited to give advice only for specific projects." *NIMJ*, 512 F.3d at 680. Plaintiffs do not disagree with this well-established rule, but argue that Mr. Neuman was not acting as a consultant. But, having successfully argued to the Court that Mr. Neuman was "a key external advisor on legal and policy aspects of the citizenship question . . . whose input Defendants solicited on multiple occasions and through multiple, senior points of contact," in connection with seeking his deposition, ECF No. 338 at 1, 3, Plaintiffs should be judicially estopped from now contending that Mr. Neuman is not a trusted advisor covered by the "consultant corollary." *See Intellivision v. Microsoft Corp.*, 484 F. App'x 616, 619 (2d Cir. 2012) (citing *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)).

Three of the documents are shielded by the attorney work-product doctrine (AR 10249, AR 10285, and AR 3731), which is likewise unaffected by Mr. Neuman's access. As discussed above, work product privileged is generally waved "only if the disclosure substantially increases the opportunity for potential adversaries to obtain the information," *Williams*, 300 F.R.D. at 123—for example, when a business shares a memorandum with a government investigator. Here, Mr. Neuman was clearly not an adversary to the Department of Commerce, indeed he was a trusted advisor and these documents were shared with him in anticipation and furtherance of litigation. Uthmeier Decl. ¶ 8, 21.

Four of the documents are withheld pursuant to the attorney-client privilege (AR 2021, AR 10249, AR 10285, and AR 3731). That privilege also has not been waived by sharing the documents with Mr. Neuman. As discussed above, although sharing attorney-client materials with "an outsider" may waive the privilege, no waiver is effected if the entity is acting toward a common enterprise with the holder of the privilege. *Schaeffler*, 806 F.3d at 40. Here, because Mr. Neuman was operating as a trusted advisor to Commerce, he and Commerce were engaged in a common enterprise of seeking to improve the 2020 Census. Uthmeier Decl. ¶ 7, 19; *cf. Trs. of Elec. Workers Local No. 26 v. Tr. Fund Advisors*, 266 F.R.D. 1, 7-9 (D.D.C. 2010). Contrary to Plaintiffs' argument, the common-interest doctrine does not apply only when the recipient is a "lawyer, paid advisor, or fiduciary," ECF No. 414 at 1, indeed, in *Schaeffler* the recipient was a consortium of banks. *Schaeffler*, 806 F.3d at 38.

<u>Conclusion</u>

For the foregoing reasons, Defendants request that this Court deny Plaintiffs' letter motion.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
Assistant Branch Director

<u>/s/Martin M. Tomlinson</u>
MARTIN M. TOMLINSON
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL HALAINEN
KATE BAILEY
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. N.W.
Washington, DC  20530
Tel.:  (202) 353-4556
Fax:  (202) 616-8470
Email:  martin.m.tomlinson@usdoj.gov

*Counsel for Defendants*

CC: All Counsel of Record (by ECF)