UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATES OF NEW YORK, COLORADO, CONNECTICUT, DELAWARE, ILLINOIS, IOWA, MARYLAND, MINNESOTA, NEW JERSEY, NEW MEXICO, NORTH CAROLINA, OREGON, RHODE ISLAND, VERMONT, and WASHINGTON; COMMONWEALTHS OF MASSACHUSETTS, PENNSYLVANIA, and VIRGINIA; DISTRICT OF COLUMBIA; CITIES OF CENTRAL FALLS, CHICAGO, COLUMBUS, NEW YORK, PHILADELPHIA, PHOENIX, PITTSBURGH, PROVIDENCE, and SEATTLE; CITY and COUNTY of SAN FRANCISCO; COUNTIES OF CAMERON, EL PASO, HIDALGO, and MONTEREY; and the UNITED STATES CONFERENCE OF MAYORS, | Civil Action No. 1:18-cv-2921-JMF<br><br>Hon. Jesse M. Furman<br><br>**[PROPOSED] JOINT PRETRIAL ORDER** |

Plaintiffs,

NEW YORK IMMIGRATION COALITION, CASA DE MARYLAND, AMERICAN-ARAB ANTI-DISCRIMINATION COMMITTEE, ADC RESEARCH INSTITUTE, and MAKE THE ROAD NEW YORK,

Consolidated Plaintiffs,

  v.

UNITED STATES DEPARTMENT OF COMMERCE; and WILBUR L. ROSS, JR., in his official capacity as Secretary of Commerce, and

BUREAU OF THE CENSUS, an agency within the United States Department of Commerce; and RON S. JARMIN, in his capacity as performing the non-exclusive functions and duties of the Director of the U.S. Census Bureau,

Defendants.

1

The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions and agreements are adopted as the Pretrial Order herein:

## I.      Trial Counsel

The names and contact information for all counsel who will appear at trial are listed on the docket for this case, or will have entered notices prior to the final pre-trial conference.

## II.      Subject Matter Jurisdiction

Plaintiffs assert that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because it involves issues arising under the Constitution and laws of the United States.  Jurisdiction is also proper under the judicial review provisions of the Administrative Procedure Act, 5 U.S.C. § 702.

Defendants maintain their position that Plaintiffs lack standing to maintain their claims.

## III.      Claims and Defenses

The *State of New York* Plaintiffs' Second and Third Claims for Relief remain to be tried. (Docket No. 214.)  The Second Claim for Relief seeks to "hold unlawful and set aside" Defendants' decision to add a citizenship demand to the 2020 Census questionnaire, on the ground that it is "not in accordance with law," "contrary to constitutional right," "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," or is "without observance of procedure required by law," in violation of the Administrative Procedure Act.  5 U.S.C. § 706(2)(A)-(D).  The Third Claim for Relief seeks to "hold unlawful and set aside" Defendants' decision because it is "arbitrary, capricious, [or] an abuse of discretion" in violation of the Administrative Procedure Act.  5 U.S.C. § 706(2)(A).

The *NYIC* Plaintiffs' First and Third Claims for Relief remain to be tried.  (18-CV-5025, Docket No. 1.)  The First Claim for Relief alleges that in deciding to add a citizenship question to the Decennial Census, Defendants acted with discriminatory intent and denied Plaintiffs equal protection in violation of the Due Process Clause of the Fifth Amendment.  The Third Claim for Relief (like the *State of New York* Plaintiffs' Second and Third Claims for Relief) asserts that Defendants' decision to add a citizenship question was arbitrary, unconstitutional, and contrary to statute in violation of the Administrative Procedure Act, 5 U.S.C. § 706.

This Court dismissed the *State of New York* Plaintiffs' First Claim for Relief and the *NYIC* Plaintiffs' Second Claim for Relief, which alleged that Defendants' decision to add a citizenship demand to the 2020 Census questionnaire violated the Enumeration Clause of the Constitution.  (Docket No. 215.)

Defendants' position is that Plaintiffs lack standing to pursue any of their claims. Should the Court reach the merits, Defendants position is that the Secretary's March 26, 2018 decision to reinstate a citizenship question on the 2020 census questionnaire is reasonable and fully comports with the Administrative Procedure Act. In addition, Defendants maintain that Plaintiffs will be unable to demonstrate that the Secretary's stated rationale is pretextual, nor can they show that it was based on discriminatory motives.

## IV.    Number of Trial Days

This case has been set for a two week bench trial to begin on November 5, 2018. The Court will not be in session on November 8 or 12, 2018. The parties believe that the trial can be completed in the allotted time.

## V.    Trial by Magistrate

At least one party has not consented to trial by magistrate.

## VI.    Stipulations

The parties have met and conferred and will submit the first set of stipulations by October 30. The parties will continue to confer and may submit additional stipulations before trial.

## VII.    Trial Witnesses

A list of Plaintiffs' trial witnesses is attached as Exhibit A.  Defendants' only trial witnesses is Dr. John Abowd.

## VIII.    Deposition Designations

Pursuant to the Court's order at Docket No. 407, deposition designations will be provided by noon on November 2, 2018.

## IX.    Trial Exhibits

A list of Plaintiffs' trial exhibits is attached as Exhibit B. A list of Defendants' trial exhibits is attached as Exhibit C. These exhibit lists are also being provided to the Court via email, per instructions. Per the Court's instructions at the October 23 Status Conference, the Parties will submit updated lists with objections to opposing parties' lists by noon on October 29.

## X.    Requested Relief

The Plaintiffs respectfully request that the Court:

1. Declare that Defendants' addition of a citizenship demand to the questionnaire for the 2020 Decennial Census is unauthorized by and contrary to the Constitution and laws of the United States;

2. Declare that the Defendants' decision to add a citizenship question to the 2020 Decennial Census is not in accordance with law, is beyond statutory authority, and is arbitrary and capricious, in violation of the Administrative Procedure Act, 5 U.S.C. § 706;

4

3.  Preliminarily and permanently enjoin Defendants and all those acting on their behalf from adding a citizenship question to the 2020 Decennial Census questionnaire.

4.  Award Plaintiffs their reasonable fees, costs, and expenses, including attorneys' fees, pursuant to 28 U.S.C. § 2412; and

5.  Award such additional relief as the court deems proper.


Defendants respectfully request that the Court enter judgment in their favor.

The Court enters this Joint Pretrial Order as modified on the record at the Final Pretrial Conference held November 1, 2018.

**SO ORDERED.**

_____
JESSE M. FURMAN
United States District Judge


Dated: November 1, 2018
New York, New York

5