**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>     Plaintiffs,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF<br>COMMERCE, *et al.*,<br><br>     Defendants. | No. 1:18-cv-2921 (JMF)<br><br>Hon. Jesse M. Furman<br>United States District Judge<br><br>**DEFENDANTS' EVIDENTIARY**<br>**OBJECTIONS TO PLAINTIFFS'**<br>**TRIAL AFFIDAVITS** |

In accordance with paragraph 5(E)(i) of this Court's individual rules and practices in civil cases, Defendants United States Department of Commerce, Wilbur L. Ross, Jr., in his official capacity as Secretary of Commerce, Bureau of the Census, and Ron S. Jarmin, in his capacity as performing the non-exclusive functions and duties of the Director of the U.S. Census Bureau, object to the following portions of Plaintiffs' trial affidavits:

**DECLARATION OF DANIEL ALTSCHULER**

¶ **5:** Lacks foundation. Hearsay.

¶ **8:** Lacks foundation.

¶ **11:** "*Now, New York immigrant communities' heightened fear of interacting with government workers has increased even further due to the decision to add the citizenship question.*" Lacks foundation. Hearsay.

¶ **11:** "*By adding a citizenship question to the Decennial Census, the Trump Administration has taken advantage of a unique opportunity to bring their campaign to intimidate and marginalize immigrants into the home of every immigrant.*" Speculation.

¶ **12:** "*MRNY is already facing a much more challenging environment for conducting outreach and encouraging immigrants of color to respond to the 2020 Census than the 2010 Census because of our members' and constituents' heightened fear of interacting with government workers as a result of the Trump Administration's*

*persistently hostile and discriminatory actions and attitudes towards immigrants of color."* Lacks foundation. Hearsay.

**¶ 13:** Hearsay.

**¶ 14:** Hearsay.

**¶ 15:** Hearsay.

**¶ 16:** Hearsay.

**¶ 17:** Hearsay.

**¶ 18:** Hearsay.

**¶ 22:** Relevance.

**¶ 23:** Foundation.  Hearsay.

**¶ 24:** Foundation.

**¶ 25:** Foundation.  Hearsay.

**¶ 26:** Foundation. Hearsay.

**¶ 27:** Foundation.  Hearsay.

**¶ 28:** Foundation.  Hearsay.

**¶ 29:** Foundation.  Hearsay.  Speculation.

**¶ 30:** Foundation.  Hearsay.  Speculation.

## AFFIDAVIT OF TODD A. BREITBART

**¶¶ 2–12:**  Lack of Personal Knowledge.  Untimely Disclosed Expert Testimony.

## AFFIDAVIT OF SUSAN BROWER

**¶ 4:**  Speculation.

**¶ 5:**  *"One question residents have asked relates to the confidentiality of survey responses."*  Hearsay.

**¶ 6:**  Lack of Personal Knowledge.  Untimely Disclosed Expert Testimony.

2

¶ **7:** Lack of Personal Knowledge.  Untimely Disclosed Expert Testimony.

¶ **8:** *"At a meeting with the U.S. Census Bureau officials the week of July 30, 2018, in Los Angles, I conveyed that Minnesota did not want to receive citizenship stats at the block level."* Hearsay.

¶ **9**: *"I was informed by U.S. Census staff that even if the data was not published to the states in the form of a data file in connection with redistricting, if the Census gathers citizenship data, then it will make that data public on the block level."* Hearsay.

## DECLARATION OF STEVEN K. CHOI

¶ **4:** *"NYIC's nearly 200 members are dues-paying nonprofit organizations that are committed to advancing work on immigrant justice, empowerment, and integration. NYIC's member organizations—located throughout New York State and beyond—all share NYIC's mission to serve and empower immigrant communities."* Hearsay. Lacks foundation.

¶ **6:** Lacks foundation. Lacks personal knowledge. Hearsay.

¶ **7:** Lacks foundation. Speculation. Untimely disclosed expert testimony. Improper expert testimony.

¶ **9:** Lacks foundation. Lacks personal knowledge. Hearsay.

¶ **14:** Lacks foundation. Speculation. Hearsay.

¶ **15:** Lacks foundation. Hearsay.

¶ **22:** Speculation. Lack of personal knowledge. Hearsay. Hearsay within hearsay.

¶ **23:** *"If the addition of a citizenship question is permitted and diminishes the completeness and accuracy of the Census, NYIC, its members, and the immigrant communities we serve will suffer substantial losses of federal resources supporting vital social service, health, education, and other programs supported by Census-guided funds. Moreover, the immigrant communities of color that NYIC and its members serve will also suffer significant diminution*

*of their political power."* Lacks foundation. Speculation. Untimely disclosed expert testimony. Improper expert testimony.

## AFFIDAVIT OF SARA CULLINANE

**¶¶ 1–23:**  Relevance.  Not timely identified on Rule 26(a)(1) initial disclosures.

**¶ 3:**  *"Since January 2017, the immigrant communities that Make the Road NJ serves have experienced increased attacks and widespread fear of deportation, making individuals in these communities less likely to want to share their citizenship status with the government, and , consequently, less likely to complete a Census form that contains a citizenship question."*  Foundation.  Hearsay.

**¶ 3:**  *"Our clients experienced extreme fear and anxiety.  Many did not leave their homes because they were afraid of being apprehended by immigration authorities.  Others pulled their children out of school and stopped attended medical appointments and social service appointments for their children."*  Foundation.  Hearsay.

**¶ 4:**  Lack of Personal Knowledge.  Foundation.  Hearsay.

**¶ 5:**  Hearsay.  Hearsay Within Hearsay.

**¶ 6:**  Lack of Personal Knowledge.  Foundation.

**¶ 7:**  Hearsay.

**¶ 8:**  Hearsay.

**¶ 9:**  Hearsay.

**¶ 10:**  Lack of Personal Knowledge.  Foundation.  Hearsay.  Speculation.  Untimely disclosed expert opinion.

**¶ 11:**  *"City officials and community groups expressed their concern during the roundtable discussion that the inclusion of the citizenship question on the 2020 Census will cause fewer Paterson residents to complete the Census, given the large immigrant population.  Numerous social service providers that serve immigrant communities concluded that their clients, like mine, were afraid that their information would be shared with federal immigration authorities if they responded to the citizenship question on the Census."*  Hearsay.

## DECLARATION OF GEORGE ESCOBAR

**¶ 2:** "*Based on my nearly 20 years of professional experience working for Latino and immigrant serving organizations in both the public and private sectors, the current outreach to immigrant communities I oversee in my current capacity at CASA, and my conversations with individual CASA members, I believe the addition of a citizenship question to the 2020 Decennial Census short-form questionnaire will deter participation of many individuals in the Latino and immigrant communities and result in a disproportionate undercount of Latinos.*" Speculation. Untimely disclosed expert testimony. Hearsay. Improper expert testimony.

**¶ 3:** "*This undercount will also injure many CASA members, many of whom live in areas of the United States in which immigrants of color and other communities of color exceed national and state averages.*" Lacks foundation. Speculation.

**¶ 3:** "*Specifically, they will be harmed because the disproportionate undercount that will result from the citizenship question among immigrants of color will diminish their political power relative to other parts of their states. In addition, this undercount will diminish the amount of Census-related funding those areas receive for key programs, services, and facilities that our members and their families rely on to succeed in the communities in which they live.*" Lacks foundation. Speculation. Untimely disclosed expert testimony. Improper expert testimony.

**¶ 15:** "*… the addition of a citizenship question to the Decennial Census harms CASA members, as well as the organization itself. The increased fear among immigrants, caused by the Trump Administration's anti-immigrant policies and rhetoric, has led to decreased engagement with the government generally, and specific fear of participating in the Decennial Census.*" Lacks foundation. Speculation. Hearsay. Relevance.

**¶¶ 16–18:** Hearsay. Lacks foundation. Speculation. Relevance.

**¶ 19:** "*CASA and its partner providers have begun to track a decrease in the number of individuals applying for certain public benefits. Most troubling has been a decrease in the number of enrollments into benefits completely unrelated to the policies that have been announced, such as a decrease in the number of immigrants applying*

*for health insurance made available through the Affordable Care Act or a decrease in the number of Legal Permanent Residents applying for citizenship.*" Lacks foundation. Hearsay. Relevance.

¶ **19:** "*To those of us at CASA this decreased participation indicates that the Trump Administration's policies are not only affecting those individuals and communities who are directly targeted by these policies, but are increasing fear among the immigrant community more broadly.*" Speculation. Untimely disclosed expert testimony. Improper expert testimony. Relevance.

¶ **20:** "*Under the current environment, CASA members have expressed fear of even a knock on their door by a stranger given the high number of arbitrary immigration enforcement actions that have resulted in the deportation of immigrants with little or no criminal background in the communities CASA serves.*" Hearsay.

¶ **20:** "*This fear of even speaking to someone approaching their door will certainly be compounded by a request by a government official, such as a census enumerator, regarding an individual's citizenship status, or the citizenship status of others in their household.*" Speculation. Lacks foundation.

¶ **21:** Hearsay.

¶ **22:** Hearsay within hearsay.

¶ **23:** Hearsay within hearsay within hearsay. Speculation.

¶ **24:** "*Through this litigation, I have learned that block-level data can identify the characteristics of a population within a very small geographic area.*" Hearsay. Lacks foundation. Lacks personal knowledge.

¶ **24:** "*By identifying the citizenship status of individuals in such a small area, I am concerned that this could lead to immigration enforcement targeting these particular areas and communities, thus harming the privacy of CASA members. I believe this concern is* [sic] *particular will discourage CASA members from participating in the Decennial Census.*" Speculation. Untimely disclosed expert testimony. Improper expert testimony.

### AFFIDAVIT OF MARCHELLE FRANKLIN

¶ **6:** Relevance, absent evidence of how an undercount of Phoenix's population would affect Phoenix's VOCA funding. Fed. R. Evid. 104(b).

6

¶ **7:** Relevance, absent evidence of how an undercount of Phoenix's population would affect Phoenix's TANF funding. Fed. R. Evid. 104(b).

¶ **8:** Relevance, absent evidence of how an undercount of Phoenix's population would affect Phoenix's LIHEAP funding. Fed. R. Evid. 104(b).

¶ **9:** Relevance, absent evidence of how an undercount of Phoenix's population would affect Phoenix's Head Start funding. Fed. R. Evid. 104(b).

¶ **10:** Relevance, absent evidence of how an undercount of Phoenix's population would affect Phoenix's WIOA funding. Fed. R. Evid. 104(b).

### AFFIDAVIT OF EMILY FREEDMAN

¶¶ **7–14:** Untimely disclosed expert testimony.

¶ **9:** Relevance, absent evidence of how an undercount of Providence's population would affect Providence's CDBG funding. Fed. R. Evid. 104(b).

¶ **11:** Relevance, absent evidence of how an undercount of Providence's population would affect Providence's ESG funding. Fed. R. Evid. 104(b).

¶ **12:** Relevance, absent evidence of how an undercount of Providence's population would affect Providence's eligibility to receive HOME funding. Fed. R. Evid. 104(b).

### AFFIDAVIT OF JESÚS G. GARCÍA

¶ **8:** Hearsay.

¶ **8:** *"I plan to continue distributing the survey to build a better picture of how the community I represent feels about this issue and determine the best strategies to work with constituents and partners on outreach for the 2020 Census. As of October 22, 2018, total costs for my office associated with this effort, which include printing costs, transportation to events, and staff time, are approximated to be $442.61 and a total of 17.5 staff hours."* Relevance.

**¶ 9**: Hearsay.

**¶ 10**: Hearsay.

**¶ 11**: Speculation. Lack of foundation.

**¶ 12**: "*Such incidents lead to heightened fear and mistrust throughout the immigration community.*" Speculation. Lack of foundation.

**¶¶ 13–15**: Speculation. Relevance.

**¶ 17**: Hearsay.

**¶ 19**: "*Just over half of the federal funds that Cook County received and managed for Fiscal Year 2017 came from programs that allocate funding on the basis of Census Bureau data. In order to arrive at this conclusion, my staff made an analysis of federal grants Cook County received for Fiscal Year 2017, using an annual audit report and a listing of federal funds that use Census Bureau data. Various Cook County programs are funded by agencies and programs that rely on Census population data.*" Hearsay. Untimely disclosed expert testimony.

**¶ 20:** Speculative. Lack of foundation. Relevance, absent evidence of how an undercount of Cook County's population would affect funding amount received for any specific program. Fed. R. Evid. 104(b).

**¶ 21:** Lack of foundation. Untimely disclosed expert testimony.

**¶ 24: "***Furthermore, I am concerned that an undercount in the next Census could deprive communities in suburban areas and the collar counties of the Chicago region from creating districts where Latinos can become a supermajority, given that there has been significant growth of the Latino population in suburban areas.*" Lack of foundation. Untimely disclosed expert testimony.

**¶ 24**: "*I have direct knowledge of concern on this matter from partners at the Mexican American Legal Defense and Education Fund and the Latino Policy Forum. Similarly, the NAACP and the Chicago Urban League have expressed concern to me that an undercount would impact the ability to draw districts in historically*

*African American communities in the Chicago area, which have experienced dramatic population decline."* Hearsay. Lack of foundation.

¶ **25:** Hearsay. Untimely disclosed expert testimony.

¶ **26:** "*Data with respect to voting age population and population counts of African Americans/Blacks and of Hispanics/Latinos, including those who indicate that they are one race or of several races, are used to determine whether districts do not overly pack or dilute the capacity of these minority groups from electing candidates of their choice. Other factors, such as known community boundaries, boundaries of other unites of government, known boundaries of other election districts and visible or physical barriers are secondary considerations.*" Untimely disclosed expert testimony.

¶¶ **27–28:** Untimely disclosed expert testimony.

## AFFIDAVIT OF HERMANN HABERMANN

¶¶ **3–10:** Relevance.

¶¶ **5, 7:** Improper expert testimony as to ultimate issue of law.

¶¶ **12–21:** Relevance.

¶¶ **22–33:** Relevance; improper expert testimony as to ultimate issue of law.

¶¶ **34–46:** Relevance.

¶¶ **47–54:** Relevance; improper expert testimony as to ultimate issue of law.

¶¶ **55–86:** Relevance.

¶ **86:** Improper expert testimony as to ultimate issue of law.

## AFFIDAVIT OF KATHERINE HARVELL HANEY

¶¶ **4–9:** Undisclosed expert testimony.

¶¶ **5–6:** Relevance, absent evidence of how a differential undercount would impact federal funding for Vocational Rehabilitation State Grants.  Fed. R. Evid. 104(b).

9

**¶ 7:** Relevance, absent evidence of how a differential undercount would impact federal funding for Community-Based Child Abuse Prevention Grants.  Fed. R. Evid. 104(b).

**¶ 8:** Relevance, absent evidence of how a differential undercount would impact federal funding for Older Americans Act Grants.  Fed. R. Evid. 104(b).

### AFFIDAVIT OF JASON HARMON

**¶¶ 4–6:** Undisclosed expert testimony.

**¶ 9**: Speculative. Relevance, absent evidence of how the State would choose to allocate money to LEAs in the event of a reduction in federal funding.  Fed. R. Evid. 104(b).

**¶¶ 10–13:** Undisclosed expert testimony.

**¶ 13:** Speculative. Relevance, absent evidence of how the State would choose to allocate money to LEAs in the event of a reduction in federal funding.  Fed. R. Evid. 104(b).

**¶¶ 15–17:** Undisclosed expert testimony.

### DECLARATION OF SAMER E. KHALAF

**¶ 2:**  *"Based on my knowledge as a leader in the Arab-American community, ADC and ADCRI's community outreach work, and my interactions with individual ADC members, I believe the addition of a citizenship question to the 2020 Decennial Census short-form questionnaire will deter participation of many individuals in the Arab-America n community and result in a disproportionate undercount of Arab Americans."*  Untimely disclosed expert opinion.

**¶ 3:**  Untimely disclosed expert opinion.

**¶ 16:**  *"As described below, the decision stoked and continues to stoke tremendous fear in the Arab-American community and threatens to lower response rates and increase the undercount of our community."*  Hearsay. Personal Knowledge.  Untimely disclosed expert opinion.

**¶ 18:**  Lack of Personal Knowledge.  Foundation.  Hearsay.

¶ **19:** *"Specially, I know based on interactions with ADC members and people in the communities they serve that some Arab Americans would be fearful of responding and may not respond to the Census questionnaire if the citizenship question is added."* Hearsay.

¶ **19:** *"I learned from those sessions that many community members fear the addition of a citizenship question and are unwilling to participate in the 2020 Census out of the fear deriving from the citizenship question."* Hearsay.

¶ **20:** Hearsay.

¶ **21:** Hearsay. Lack of Personal Knowledge. Foundation.

¶ **22:** Hearsay.

¶ **23:** PX 251. Hearsay.

¶ **26:** *"In addition to offering their own thoughts about the citizenship question, the three panelists fielded questions from ADC members in the audience that reflected fears and concerns about the role of this question on the census."* Hearsay.

¶ **31:** PX 252. Hearsay. PX 253.6. Hearsay.

¶ **33:** PX 251.38, 39. Hearsay.

¶ **35:** Lack of Personal Knowledge. Foundation.

### AFFIDAVIT OF GREGORY E. LUCYK

¶¶ **1–10:** Untimely disclosed expert opinion.

### AFFIDAVIT OF WILLIAM P. O'HARE

¶ **9:** *"There is no evidence in the 1990, 2000 or 2010 Censuses that the Census Bureau can mitigate low response rates to avoid a net undercount."* Untimely disclosed expert testimony.

**¶ 13**: "*Moreover, the Census Bureau has estimated that the self-response rate in the 2020 Census will be lower than the self-response rate in previous Censuses, suggesting that internet and telephone response options will not be effective at improving self-response compared to past Censuses.*"  Untimely disclosed expert testimony.

## AFFIDAVIT OF CHRISTINE PIERCE

Untimely disclosed fact witness.

**¶ 5:**  Hearsay.

**¶ 9:**  Hearsay.

**¶ 10:**  Hearsay.

**¶ 11:**  Hearsay.

**¶ 12:**  Hearsay.

**¶ 13:**  Hearsay.

**¶ 17:**  Hearsay.

**¶ 18:**  Hearsay.

## DECLARATION OF ELIZABETH PLUM

**¶ 6:** Lack of foundation; hearsay.

**¶ 7:**  Lack of foundation, hearsay.

**¶ 8:**  Lack of foundation; hearsay.

**¶ 13:**  Hearsay.

**¶ 14:**  Hearsay; undisclosed expert opinion.

**¶ 15:**  Lack of foundation; hearsay.

**¶ 16:**  Lack of foundation; hearsay.

**¶ 17:**  Lack of foundation; hearsay.

**¶ 18:**  Lack of foundation; hearsay.

**¶ 19:**  Lack of foundation; hearsay.

**¶ 20:**  Lack of foundation; hearsay.

**¶ 21:**  Lack of foundation; hearsay.

**¶ 22:**  Lack of foundation; hearsay.

**¶ 23:**  Lack of foundation; hearsay.

### AFFIDAVIT OF EVELYN RODRIGUEZ

**¶ 4:**  Lack of foundation; undisclosed expert opinion.

**¶ 6:**  Lack of foundation; hearsay.

**¶ 8:**  Lack of foundation; hearsay.

**¶9:**  Lack of foundation; hearsay.

### AFFIDAVIT OF MONICA SARMIENTO

**¶ 4:** *"According to the Virginia Immigration Council, Virginia is home to over one million immigrants.1 Virginia's immigrant communities are diverse, spread throughout the Commonwealth, and often have different immigration statuses within a family, i.e. a mixed-status family. It is common to find a family of Korean, Pakistani, Salvadorian, or Honduran descendant where only some family members have legal status."* Untimely disclosed expert testimony.

*"For example, I have come across family structures where all the children and one parent are U.S. citizens, but the other parent is undocumented. I have also seen circumstances where the parents are undocumented, but the two eldest children have legal status under the Deferred Action for Childhood Arrivals ("DACA") program, and the youngest child is a U.S. citizen."* Hearsay

**¶¶ 6–9:** Hearsay

**¶ 10:** *Currently there is a great deal of confusion on how VACIR's member organizations will message the addition of the citizenship question. Some have said they will tell their community members to boycott the question,*

*others have told me it is unethical to ever ask someone to break the law by not answering every question on the census. The fear of how the citizenship question could potentially harm the immigrant community has overwhelmed community leaders, and has left both VACIR and its member organizations with no clear answer as to how to proceed if the citizenship question is in fact included in the 2020 census.*" Hearsay.

## DECLARATION OF JOHN H. THOMPSON

**¶¶ 13–15:** Relevance.

**¶ 15:** Improper expert testimony as to ultimate issue of law.

**¶¶ 43–96:** Relevance.

**¶¶ 97–126:** Relevance.

**¶¶ 106–108:** Improper expert testimony.

**¶¶ 120–126:** Improper expert testimony.

## AFFIDAVIT OF JACQUELINE TIEMA-MASSIE

**¶ 6:**  Untimely disclosed expert testimony.

**¶¶ 13–14:** Untimely disclosed expert testimony.

**¶ 15:**  "*Reducing funding to any of these programs puts these populations at greater risk to a wide range of vulnerabilities such as increased poverty, homelessness, substandard housing, hunger/food insecurity, unemployment, underemployment, lack of job skills training, social isolation, lack of access to higher education, exposure to intimate partner violence, and exposure to extreme weather.*" Untimely disclosed expert testimony.

"*Based on similar analysis I have conducted in the past to address state budget concerns, these outcomes are very likely to occur as a result of reduced funding.*" Untimely disclosed expert testimony.

**¶ 17:** "*Delegate agencies which heavily rely on government support to operate programs, including their staff and operations, and the communities in which these organizations are located would all be negatively impacted.*" Untimely disclosed expert testimony.

¶ **18:** *"For example, a reduction in funding to the CSBG would significantly impact low-income families."* Untimely disclosed expert testimony.

*"Many seniors utilize center resources for life enrichment activities, computer learning classes, internet access, fitness programming, congregate dining, caregiver services, and much more."* Hearsay.

*"Any reduction in funding could negatively impact these DFSS Centers that are integral to many Chicago neighborhoods, persons and families."* Untimely disclosed expert testimony.

¶¶ **19–20:** Untimely disclosed expert testimony.

### DECLARATION OF JENNIFER VAN HOOK

¶ **33:** *"Even though the citizenship question is not asked during follow-up interviews, the respondents would not necessarily know this when contacted for a follow-up interview. In fact, they might expect to be asked more questions about citizenship given that they were asked these questions at the first interview."* Lacks personal knowledge. Speculation.

### AFFIDAVIT OF ARTURO VARGAS

¶¶ **5–8:**  Lacks personal knowledge. Lacks foundation.

¶ **10:** Lacks personal knowledge. Lacks foundation.

¶ **11:** *"The Census Bureau and the NAC officially meet twice a year, and at working groups, which are essentially sub-committees of the NAC. A typical meeting of the NAC is held at the Suitland headquarters of the Census Bureau and presided by the Designated Federal Officer and the Chair and Co-Chair of the NAC. The agenda is set by the leadership of the Census Bureau in consultation with the Chair and Co-Chair. The meetings typically consist of presentations by Census Bureau staff, prepared reactions by a NAC member, and discussion by the full Committee. The NAC members then develop and agree on recommendations to the Census Bureau on the matters discussed. The Bureau response to the NAC's recommendations in writing, indicating whether the recommendations are accepted or rejected, and the reasons for doing so. In addition, for the decennial census, there are working groups on*

*issues such as language, the undercount of young children, and partnerships and communications."* Lacks personal knowledge. Lacks foundation.

**¶¶ 12–13:** Lacks personal knowledge. Lacks foundation. Untimely disclosed expert testimony.

**¶ 16:** *"The decision to add the citizenship question was undoubtedly rushed and made outside of the window between NAC meetings. This timeline prevented any meaningful input from NAC; a fact that was and still is alarming."* Speculation. Lacks foundation.

**¶ 18:** *"Most NAC members learned of the issue through media reports that first emerged in late December 2017."* Hearsay.

**¶ 22:** *"As mentioned above, this unusual and rushed timeline meant that the NAC was not consulted on the topic of the citizenship question, a significant deviation from prior practice on a topic of such importance."* Lacks foundation. Untimely disclosed expert testimony.

**¶ 23:** Lacks foundation.

**¶ 24:** Lacks foundation. Untimely disclosed expert testimony.

**¶ 25:** *"And any research NALEO has done to anticipate messaging strategies has shown that individuals are scared to answer the citizenship question for fear of disclosure of that information to other government entities."* Hearsay.

## DECLARATION OF CHRISTOPHER WARSHAW

None.

Dated:  November 1, 2018

JOSEPH H. HUNT
Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
JOSHUA E. GARDNER
Assistant Branch Directors

_____

KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL J. HALAINEN
MARTIN M. TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel.:  (202) 514-9239
Fax:  (202) 616-8470
Email:  kate.bailey@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>                Plaintiffs,<br><br>        v.<br><br>UNITED STATES DEPARTMENT<br>OF COMMERCE, et al.,<br><br>                Defendants. | 18-CV-2921 (JMF) |

## PLAINTIFF DISTRICT OF COLUMBIA'S FIRST AMENDED INITIAL DISCLOSURES

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the District of Columbia, by its attorneys, makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to the District of Columbia. They are made without prejudice to producing information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures during discovery or at trial.

2.      Plaintiff District of Columbia reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff District of Columbia hereby expressly reserves all objections to the use of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff District of Columbia makes no

1

representations or concessions regarding the relevancy or appropriateness of any particular document or types of documents.

4.      Plaintiff District of Columbia's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiffs from obtaining discovery of individuals not presently identified. Plaintiff District of Columbia incorporates all individuals identified by all other parties in these Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff District of Columbia's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff District of Columbia reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff District of Columbia is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff District of Columbia waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

### I.   **Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff District of Columbia may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff District of Columbia expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Fitzroy Lee, PhD Deputy CFO and Chief Economist | Office of the Attorney General for the District of Columbia, 441 4th | Witness has knowledge of the impact of decennial census population counts on District of Columbia funding and budgets. |

| | Street, N.W., Suite 630 South, Washington, DC 20001 | |
|---|---|---|
| Sam Zimbabwe<br>Chief Project Delivery Officer<br>Office of the Director<br>District Department of Transportation | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | Witness has knowledge of the impact of decennial census population counts on highway planning and construction and other funding for the District. |
| Elisabeth Morse, Division of Systems and Supports (K-12)<br>D.C. Office of the State Superintendent of Education | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | Witness has knowledge of the impact of decennial census population counts on education and other funding for the District. |
| Elizabeth Groginsky,<br>Division of Early Learning<br>D.C. Office of the State Superintendent of Education | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | Witness has knowledge of the impact of decennial census population counts on education and other funding for the District. |
| Rachel Gittinger, Director of Citizenship and Civic Engagement | Central American Resource Center, 1460 Columbia Road NW, Suite C-1, Washington, DC 20009 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. The witness has knowledge of the heightened fears surrounding the 2020 decennial census. |
| Corporate designee(s) of the D.C. Department of Human Services | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | Witness has knowledge of the impact of decennial census population counts on Supplemental Nutrition Assistance Program, Foster Care, WIC, and other funding for the District. |

3

| Joy Phillips, PhD Associate Director, D.C. State Data Center D.C. Office of Planning | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | Witness has information regarding the District of Columbia's use of census information, its previous and ongoing efforts to improve its residents' responses to the census and the District's Complete Count Committee, the presence of hard-to-count populations in the District of Columbia, and areas particularly vulnerable to undercounting. |
| --- | --- | --- |
| Lindsey Parker, Deputy Chief of Staff, Executive Office of the Mayor | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | The witness has information regarding the District of Columbia's Complete Count Committee and its efforts to mitigate the impact of the citizenship question on non-response rates.  Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff District of Columbia's possession, custody, or control that may be used to support its claims are described as follows. Plaintiff District of Columbia expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
| --- | --- |
| Demographic reports concerning hard-to-count populations | These documents are being prepared by the D.C. Office of Planning, and when in final form they will be provided to the New York Attorney General's Office to be kept in a Central Repository. |
| Proposals and plans to mitigate non-response. | These documents are being prepared by the D.C. Complete Count Committee, and when in final form they will be provided to the New York Attorney General's Office to be kept in a Central Repository. |

| | |
|---|---|
| Budget analyses of the impact of undercount. | These documents are being prepared by the D.C. Office of the Chief Financial Officer, and when in final form they will be provided to the New York Attorney General's Office to be kept in a Central Repository. |
| D.C. Code § 1-1101.01 | This document is at a central repository administered by the New York Attorney General's Office. |
| Report on Bill 19-219 the "Ward Redistricting Amendment Act of 2011" | This document is at a central repository administered by the New York Attorney General's Office. |
| THE 2010 CENSUS: HOW COMPLETE COUNT COMMITTEES, LOCAL GOVERNMENTS, PHILANTHROPIC ORGANIZATIONS, NOT-FOR-PROFITS AND THE BUSINESS COMMUNITY CAN CONTRIBUTE TO AN ACCURATE CENSUS, HEARING BEFORE THE SUBCOMMITTEE ON INFORMATION POLICY, CENSUS, AND NATIONAL ARCHIVES OF THE COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM HOUSE OF REPRESENTATIVES (Dec. 2, 2009) | This document is at a central repository administered by the New York Attorney General's Office. |
| Subcommittee Report on Bill 14-137, the "Ward Redistricting Amendment Act of 2001" | This document is at a central repository administered by the New York Attorney General's Office. |
| D.C. Code § 1-1041.02 | This document is at a central repository administered by the New York Attorney General's Office. |
| D.C. Code § 1-309.03 | This document is at a central repository administered by the New York Attorney General's Office. |
| D.C. Code § 2-1010 | This document is at a central repository administered by the New York Attorney General's Office. |
| D.C. Code § 6-1502 | This document is at a central repository administered by the New York Attorney General's Office. |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff District of Columbia will provide disclosures of expert testimony as required by Rule

26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal

Rules of Civil Procedure.

DATED this 31st day of August, 2018.

**KARL A. RACINE**
**Attorney General for the District of Columbia**

ROBYN R. BENDER*
Deputy Attorney General,
Public Advocacy Division

By: */s/ Valerie M. Nannery*

Valerie M. Nannery, Assistant Attorney General
(admitted *pro hac vice*)
Public Advocacy Division
441 4th Street, NW
Suite 650 North
Washington, DC 20001
valerie.nannery@dc.gov
Tel. (202) 442-9596
Fax (202) 730-1465

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the Commonwealth of Massachusetts, by and through its Attorney General, Maura Healey, hereby amends with the following its Initial Disclosures of July 19, 2018, as additional information has become known to the Commonwealth in the interim.

## <u>INTRODUCTION</u>

1.      These Amended Initial Disclosures are based upon information presently known to the Commonwealth of Massachusetts.  They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff the Commonwealth of Massachusetts reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff the Commonwealth of Massachusetts hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures,

1

Plaintiff the Commonwealth of Massachusetts makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff the Commonwealth of Massachusetts's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff the Commonwealth of Massachusetts incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff the Commonwealth of Massachusetts's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Plaintiff the Commonwealth of Massachusetts reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff the Commonwealth of Massachusetts is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff the Commonwealth of Massachusetts waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## <u>AMENDED INITIAL DISCLOSURES</u>

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff the Commonwealth of Massachusetts may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff the Commonwealth of Massachusetts expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| Michelle K. Tassinari, Director/Legal Counsel, Elections Division, Office of the Secretary of the Commonwealth of Massachusetts | Contact through Counsel for the Commonwealth of Massachusetts | Witness has knowledge of:<br><br>-Complete Count activities within Massachusetts<br><br>-State-level grant making to community groups to fund outreach to hard-to-count populations and expand census participation<br><br>- The impact of the decennial census population count on the municipal re-precincting process, which creates the building blocks for redistricting in Massachusetts |
| Katherine Harvell, Chief Financial Officer, Massachusetts Executive Office of Health and Human Services (EOHHS). | Contact through Counsel for the Commonwealth of Massachusetts | Witness has knowledge of:<br><br>-How federal funding for health related issues received in Massachusetts is calculated<br><br>-How an undercount of the population of Massachusetts could impact the amount of funding received<br><br>-How a reduction in federal funding would impact Massachusetts programs |
| Liza Ryan, Organizing Director, Massachusetts Immigrant and Refugee Advocacy Coalition (MIRA) | Contact through Counsel for the Commonwealth of Massachusetts | Witness has knowledge of:<br><br>-The impact of the citizenship question on community members' willingness to participate in the decennial census process<br><br>-The heightened fears surrounding the 2020 decennial census<br><br>-Outreach efforts conducted to encourage participation in the census and complete count activities |
| Beth Huang Director, | Contact through Counsel for the Commonwealth of Massachusetts | Witness has knowledge of: |

| | | |
|---|---|---|
| Massachusetts Voter Table | | -The impact of the citizenship question on community members' willingness to participate in the decennial census process<br><br>-The heightened fears surrounding the 2020 decennial census<br><br>-Outreach efforts conducted to encourage participation in the census and complete count activities |
| Phillip Granberry, PhD | Contact through Counsel for the Commonwealth of Massachusetts | Witness has knowledge of:<br><br>-The presence of hard-to-count populations in Massachusetts<br><br>-Areas particularly vulnerable to undercounting<br><br>-Surveying hard-to-count populations in Massachusetts |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

Plaintiff the Commonwealth of Massachusetts expressly reserves its right to supplement this disclosure with documents or electronically stored information.

## III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

## V.  Fed R. Civ. P. 26(a)(2)(A) – Expert Testimony:

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 17th day of August, 2018.

**MAURA HEALEY**
**Attorney General for the Commonwealth of Massachusetts**

By:     */s Jonathan Miller*

Jonathan Miller, Assistant Attorney General
Miranda Cover, Assistant Attorney General
Ann E. Lynch, Assistant Attorney General
Public Protection & Advocacy Bureau
Massachusetts Attorney General's Office
One Ashburton Place
Boston, MA 02108
Jonathan.Miller@state.ma.us
Mercy.Cover@state.ma.us
Ann.Lynch@state.ma.us
Tel. (617) 727-2200
Fax (617) 727-5762

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the City of Columbus, by its attorney, Zachary M. Klein of the City Attorney's Office of Columbus, makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to the City of Columbus. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff City of Columbus reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff City of Columbus hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of Columbus makes

no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.     Plaintiff City of Columbus's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Columbus incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.     Plaintiff City of Columbus's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Columbus reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Columbus is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Columbus waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

## I.  **Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of Columbus may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of Columbus expressly reserves the right to supplement this disclosure:

| **Name** | **Subjects of Discoverable Information** |
|---|---|
| Anita Clark, fiscal manager in the Columbus Department of Health | This witness has knowledge of how census driven funds are distributed to various City organizations and how such decisions are made. Witness also has information about how much money was expended by each City organization. |

| | |
|---|---|
| Carolyn Thurman, Grants management coordinator, department of finance and management for the City of Columbus | This witness has information regarding the grant formulas that are used to calculate how much funding the City of Columbus will receive based on census data. |
| Doug Murray, Policy Advisor, Mayor's Office | This witness has knowledge of the City's efforts to prepare for the 2020 census. |
| Inna Kinney, CEO of Economic Community Development Institute | This witness has knowledge of the impact census driven funds have on the City of Columbus. Witness can also speak on the hardship the city will face if such funds are not representative of our population. |
| Mohamud Jama, Director of the New American Political Action Committee | This witness also has information regarding how an additional citizenship question will affect Somali turnout in the census and how a decrease in census-driven funds will affect this community. |
| Ramona Reyes, Director of Our Lady of Guadalope Center | This witness has information regarding how adding a citizenship question to the census will affect Latino turnout. Witness also has information regarding how a decrease in census-driven funds will affect the Latino population in Columbus. |
| Roger Cloern, fiscal division at the Columbus Department of Health | This witness has information regarding the grant formulas that are used to calculate how much funding the City of Columbus will receive based on census data. |
| Steve Fireman, GC of Economic Community Development Institute | This witness has knowledge of the impact census driven funds have on the City of Columbus. Witness can also speak on the hardship the city will face if such funds are not representative of our population. |

Each of the above listed witnesses can be contacted through counsel at the Columbus

City Attorney's office. Contact information for counsel is:

Alexandra Pickerill or Richard Coglianese
77 North Front Street
Columbus, Ohio 43215
(614)645-6945 (phone)
(614)645-0818 (phone)
(614)645-6949 (fax)
anpickerill@columbus.gov
rncoglianese@columbus.gov

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff City of Columbus's possession, custody, or control that may be used by Plaintiff City of Columbus to support its claims are described as follows.  Plaintiff City of Columbus expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
| --- | --- |
| 2015 Comprehensive Annual Financial Report<br><br>Details how much money was received in federal funds and where those funds were allocated in fiscal year 2015. | This document is at a central repository administered by the New York Attorney General's Office |
| 2016 Comprehensive Annual Financial Report<br><br>Details how much money was received in federal funds and where those funds were allocated in fiscal year 2016. | This document is at a central repository administered by the New York Attorney General's Office |
| 2017 Comprehensive Annual Financial Report<br><br>Details how much money was received in federal funds and where those funds were allocated in fiscal year 2017. | This document is at a central repository administered by the New York Attorney General's Office |
| Assistance Data Catalog of Federal Domestic Assistance | This document is at a central repository administered by the New York Attorney General's Office |
| 2017 Schedule of Expenditure and Federal Awards | This document is at a central repository administered by the New York Attorney General's Office |

| | |
|---|---|
| 2017 Schedule of Expenditure and Federal Awards with hand-written department allocations.<br><br>Details which departments within the City are given federal funds based on the census data. | This document is at a central repository administered by the New York Attorney General's Office |
| Census Driven Federal Funds_Columbus<br><br>This excel spreadsheet shows where census-driven funds have been allocated in the City of Columbus. | This document is at a central repository administered by the New York Attorney General's Office |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 4th day of September, 2018.

Zach Klein
City Attorney of the City of Ohio

*/s/ Zach Klein*
Zach Klein
Columbus City Attorney
77 North Front Street
Columbus Ohio, 43215
(614)645-7385
zmklein@columbus.gov

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the City of New York by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, makes the following Initial Disclosures.

## <u>INTRODUCTION</u>

1.      These Initial Disclosures are based upon information presently known to City of New York. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff City of New York reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff City of New York hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of New

1

York makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff City of New York's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of New York incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff City of New York's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of New York reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of New York is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of New York waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

### I.  **Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of New York may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of New York expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Joseph Salvo, Director of Population Division, NYC Department of City Planning | Ajay Saini Assistant Attorney General Civil Rights Bureau | Witness has information regarding the presence of hard-to-count populations in NYC, and areas particularly vulnerable to undercounting. Witness has knowledge |

| | New York State Office of the Attorney General 28 Liberty Street, 20th Floor New York, NY 10271 (212) 416-8714 | concerning the outreach efforts conducted by the Census Bureau. |
|---|---|---|
| Peter Lobo, Deputy Director of Population Division, NYC Department of City Planning | Ajay Saini Assistant Attorney General Civil Rights Bureau New York State Office of the Attorney General 28 Liberty Street, 20th Floor New York, NY 10271 (212) 416-8714 | Witness has information regarding the presence of hard-to-count populations in NYC, and areas particularly vulnerable to undercounting. |
| Nicolas Storellicastro, Associate Director, NYC Office of Management and Budget | Ajay Saini Assistant Attorney General Civil Rights Bureau New York State Office of the Attorney General 28 Liberty Street, 20th Floor New York, NY 10271 (212) 416-8714 | Witness has knowledge of the impact of decennial census population counts on New York City's federal grant funding and budgets. |
| Bitta Mostofi, Commissioner, New York City Mayor's Office of Immigrant Affairs | Ajay Saini Assistant Attorney General Civil Rights Bureau New York State Office of the Attorney General 28 Liberty Street, 20th Floor New York, NY 10271 (212) 416-8714 | Witness has knowledge of the impact the addition of a citizenship question will have on response rates among immigrant New Yorkers. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff City of New York's possession, custody, or control that may be used by Plaintiff City of New York to support its claims are described as follows.  Plaintiff City of New York expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
| --- | --- |
| *The City of New York's 2000 Census Appeal Documentation*<br>Submitted to the Census Address List Appeals Office by the New York City Department of City Planning, February 8, 2000. | This document is at a central repository administered by the New York Attorney General's Office. |
| *2010 Census Local Review of Census Addresses (LUCA) Documentation*<br>Submitted by the City of New York on December 17, 2009. | This document is at a central repository administered by the New York Attorney General's Office. |
| https://www.census.gov/programs-surveys/decennial-census/2020-census/planning-management/planning-docs/operational-plan.html | This document is at a central repository administered by the New York Attorney General's Office. |

**III.  Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 4th day of September, 2018.

ZACHARY W. CARTER
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
Tel: (212) 356-4055


By: _____/s/_____
Tonya Jenerette
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-4055
tjeneret@law.nyc.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

Defendants.

18-CV-2921 (JMF)

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the City of Seattle, by its attorneys, Peter S. Holmes, Seattle City Attorney, and Gary T. Smith, Assistant City Attorney, makes the following First Amended Initial Disclosures to identify additional persons likely to have discoverable information that Plaintiff City of Seattle may use to support Plaintiff's claims as detailed in the First Amended Complaint.

**INTRODUCTION**

1.      These Initial Disclosures are based upon information presently known to the City of Seattle. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff City of Seattle reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff City of Seattle hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in

1

this case. By referring to documents in the Initial Disclosures, Plaintiff City of Seattle makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff City of Seattle's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Seattle incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff City of Seattle's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Seattle reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Seattle is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Seattle waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **AMENDED INITIAL DISCLOSURES**

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of Seattle may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of Seattle expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Kelsey Beck, Regional Affairs Director, Office of Intergovernmental | c/o Gary Smith – Gary.Smith@seattle.gov | The witness has knowledge of the impact of decennial census |

| | | |
|---|---|---|
| Relations (OIR), City of Seattle | | population counts on state/local funding and budgets. |
| Ben Noble, Director of the City Budget Office, City of Seattle | c/o Gary Smith – Gary.Smith@seattle.gov | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |
| Joaquin Uy, Communications and Outreach Manager, Office of Immigrant and Refugee Affairs, City of Seattle | c/o Gary Smith – Gary.Smith@seattle.gov | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census.  Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |
| Mahnaz Eshetu, Executive Director of Refugee Women's Alliance | c/o Gary Smith – Gary.Smith@seattle.gov | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census.  Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |
| Diana Canzoneri, Demographer, Office of Planning and Community Development (OPCD), City of Seattle | c/o Gary Smith – Gary.Smith@seattle.gov | Witness has information regarding the presence of hard-to-count populations in Seattle, and areas particularly vulnerable to undercounting. |
| Sierra Howlett Browne, Federal Affairs Director, Office of Intergovernmental | c/o Gary Smith – Gary.Smith@seattle.gov | Witness has information regarding the impact of the decennial census population count on the state redistricting process. |

| | | |
|---|---|---|
| Relations (OIR), City of Seattle | | |
| Kenny Pittman, Senior Policy Advisor, Office of Intergovernmental Relations (OIR), City of Seattle | c/o Gary Smith – Gary.Smith@seattle.gov | Witness has information regarding the impact of the decennial census population count on the City of Seattle redistricting process. |
| Amy Nguyen, Community Programs Strategic Advisor, Department of Neighborhoods, City of Seattle | c/o Gary Smith – Gary.Smith@seattle.gov | The witness has information regarding Seattle's efforts to mitigate the impact of the citizenship question on non-response rates.  Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff City of Seattle's possession, custody, or control that may be used by Plaintiff City of Seattle to support its claims are described as follows. Plaintiff City of Seattle expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| Census Committee Proposal.pptx: City Proposed Census Committee Structure | This document is at a central repository administered by the New York Attorney General's Office |
| MEMO re 2020 Census CCC.PDF: Briefing Memorandum: 2020 Census Complete Count Committee Proposal | This document is at a central repository administered by the New York Attorney General's Office |
| \Webpages\About Seattle - OPCD  seattle_gov.htm: Webpage providing Seattle's Population and Household Statistics | This document is at a central repository administered by the New York Attorney General's Office |
| Census Open House Working Planning Outline DATA COLLAB.docx: Draft Outline and Agenda City of Seattle Census Open House | This document is at a central repository administered by the New York Attorney General's Office |
| Copy of OPCD Mayor's Transition Section II Issue List sa dc.xlsx: Spreadsheet provided by OPCD to support Mayor's transition | This document is at a central repository administered by the New York Attorney General's Office |
| Data Disagg_ A Summary of Best Practice Examples and Challenges from the Pop-Level Subcmte.pptx: A Summary of Best Practice Examples and Challenges: Analyzing and Reporting Population Demographic Data - Produced by the Data Disaggregation Task Force Population-Level Subcommittee | This document is at a central repository administered by the New York Attorney General's Office |
| ACS_12_5YR_Foreign Born incl East African estim.xls: S0502: Selected Characteristics of the Foreign-Born Population by Period of Entry into the United States | This document is at a central repository administered by the New York Attorney General's Office |

| | |
|---|---|
| GESCNA Committee DDTF Briefing Draft V2.pptx: Demographic Data Disaggregation Task Force: Gender Equity, Safe Communities, and New Americans Committee - December 14, 2016 | This document is at a central repository administered by the New York Attorney General's Office |
| Demographic Data Task Force Report-FINAL.pdf: Memorandum: Demographic Data Task Force Report (Resolution 31613) | This document is at a central repository administered by the New York Attorney General's Office |
| Dear Seattle Complete Count Committee members.docx: Subject Line:  Census 2010 Open House for local govt. and non-profits March 1st at Seattle City Hall | This document is at a central repository administered by the New York Attorney General's Office |
| Demog Data Task Force resources.txt: Subject: Demog Data Task Force resources | This document is at a central repository administered by the New York Attorney General's Office |
| Demographics & Disparities RSJI 2011 Summit Canzoneri Presentation.pptx: Demographics and Disparities: Updated Data on Seattle - 2011 Race and Social Justice Initiative (RSJI) Summit October 6, 2011 Workshop Presentation | This document is at a central repository administered by the New York Attorney General's Office |
| Disaggregated data for race ethnicity and ancestry groups gg edits 3-28 dc 6 10 2018.docx: Accessing Disaggregated Data for Race/Ethnic Groups - Guidance from the City of Seattle Demographer | This document is at a central repository administered by the New York Attorney General's Office |
| GESCNA Committee DDTF Briefing FINAL.pptx: Demographic Data Disaggregation Task Force: Gender Equity, Safe Communities, and New Americans Committee - December 14, 2016 | This document is at a central repository administered by the New York Attorney General's Office |
| Presentation to CEP Class 4 30 2012.ppt: New Demographic Data on Seattle and Its Neighborhoods - Presentation to UW CEP303 Social Structures and Processes | This document is at a central repository administered by the New York Attorney General's Office |
| http://www.seattle.gov/opcd/population-and-demographics: Population & Demographics - OPCD seattle_gov_files | This document is at a central repository administered by the New York Attorney General's Office |
| http://www.seattle.gov/census2010/committee.htm: Seattle Census 2010 Complete Count Committee_files | This document is at a central repository administered by the New York Attorney General's Office |

| | |
|---|---|
| WSDC_Agenda_2017.pdf: Washington State Stat Center Annual Meeting - Agenda | This document is at a central repository administered by the New York Attorney General's Office |
| Final Demographic Data Task Force memo.docx: Memorandum: Demographic Data Task Force Report (Resolution 31613) | This document is at a central repository administered by the New York Attorney General's Office |
| Using the 2010 Census and ACS to Understand Seattle's Demographics for Kenny Backgroundf.ppt: Using the ACS and Census to Understand Local Demographics - Presentation to City Council Central Staff | This document is at a central repository administered by the New York Attorney General's Office |

**III. Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

    Not applicable.

**IV. Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

    Not applicable.

**V. Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

    Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 27th day of August, 2018.

                      PETER S. HOLMES
                      Seattle City Attorney

By:

                      Gary T. Smith, WSBA # 29718
                      Assistant City Attorney
                      Seattle City Attorney's Office
                      701 Fifth Avenue, Suite 2050
                      Seattle, WA 98104-7097
                      206.684.8200
                      gary.smith@seattle.gov

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the State of Illinois (the "State of Illinois"), by its attorney, Lisa Madigan, Attorney General of the State of Illinois, makes the following Initial Disclosures.

**INTRODUCTION**

1.      These Initial Disclosures are based upon information presently known to the State of Illinois. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff State of Illinois reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff State of Illinois hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Illinois makes no

1

representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff State of Illinois's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of Illinois incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff State of Illinois's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody, or control. Plaintiff State of Illinois reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Illinois is not identifying documents protected from disclosure by the attorney-client, work product, or other applicable privileges. Nor does Plaintiff State of Illinois waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

## I.   **Fed R. Civ. P. 26(a)(1)(A)(i) Disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Illinois may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Illinois expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|------|---------------------|-------------------------------------|
| Erin Aleman, Director of Planning and Programming, Illinois Department of Transportation | Office of the Illinois Attorney General Matthew J. Martin mmartin@atg.state.il.us (312) 814-8735 | The witness has knowledge of the impact of decennial census population counts on state transportation funding and budgets. |
| Annie Brooks, Federal Liaison and Director of Title Grants, Illinois State Board of Education | Office of the Illinois Attorney General Matthew J. Martin mmartin@atg.state.il.us (312) 814-8735 | The witness has knowledge of the impact of decennial census population counts on state education funding and budgets. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) Disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Illinois's possession, custody, or control that may be used by Plaintiff State of Illinois to support its claims are described as follows.  Plaintiff State of Illinois expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|----------------------|-------------------|
| *U.S. Unauthorized Immigration Population Estimates*, PEW RESEARCH CTR. (Nov. 3, 2016) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Census 2020: Hard-to-Count Communities in Illinois*, CUNY MAPPING SERVICE | This document is at a central repository administered by the New York Attorney General's Office. |
| *Quick Facts: Illinois 2018*, U.S. CENSUS BUREAU | This document is at a central repository administered by the New York Attorney General's Office. |
| *Grants to Local Educational Agencies*, U.S. DEP'T OF EDUC. (July 3, 2018) | This document is at a central repository administered by the New York Attorney General's Office. |
| GW INSTITUTE OF PUBLIC POLICY, COUNTING FOR DOLLARS 2020: THE ROLE OF THE DECENNIAL CENSUS IN | This document is at a central repository administered by the New York Attorney General's Office. |

| | |
|---|---|
| THE GEOGRAPHIC DISTRIBUTION OF FEDERAL FUNDS (2018) | |
| GW INSTITUTE OF PUBLIC POLICY: COUNTING FOR DOLLARS 2020 #16: CHILD CARE AND DEVELOPMENT FUND—ENTITLEMENT (2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Immigrants in Illinois*, AM. IMMIGRATION COUNCIL (Oct. 4, 2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Notice: Revised Apportionment of Federal-Aid Highway Program Funds for Fiscal Year (FY) 2017*, FED. HIGHWAY ADMIN. (Dec. 21, 2016) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Table 3: FY 2017 Section 5307 and 5340 Urbanized Area Formula Appropriations (Full Year)*, FED. TRANSIT ADMIN. | This document is at a central repository administered by the New York Attorney General's Office. |
| 20 Ill. Comp. Stat. 5100/15 | This document is at a central repository administered by the New York Attorney General's Office. |

## III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

## V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 27th day of August, 2018.

LISA MADIGAN
Attorney General of the State of Illinois

*/s/ Matthew J. Martin*

Matthew J. Martin
Public Interest Counsel
Office of the Illinois Attorney General
100 West Randolph Street, 11th Floor
Chicago, Illinois 60601
(312) 814-8735
mmartin@atg.state.il.us

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff State of Maryland, by its attorney, John Grimm, Assistant Attorney General makes the following Initial Disclosures.

## INTRODUCTION

1.     These Initial Disclosures are based upon information presently known to the State of Maryland. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.     Plaintiff State of Maryland reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.     Plaintiff State of Maryland hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Maryland makes

no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff State of Maryland's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery from individuals not presently identified. Plaintiff State of Maryland incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff State of Maryland's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff State of Maryland reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Maryland is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of Maryland waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## <u>INITIAL DISCLOSURES</u>

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of State of Maryland may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of State of Maryland expressly reserves the right to supplement this disclosure:

| <u>**Name**</u> | <u>**Contact Information**</u> | <u>**Subjects of Discoverable Information**</u> |
|---|---|---|
| Robert S. McCord<br>Secretary,<br>Maryland Department of Planning | John R. Grimm<br>Assistant Attorney General<br>Maryland Office of the Attorney General<br>200 St. Paul Place<br>Baltimore, MD 21202<br>410-576-6339<br>410-576-6955 (fax)<br>jgrimm@oag.state.md.us | The Maryland Department of Planning has census-related responsibilities including pre-census activities, allocation of incarcerated individuals to their pre-incarceration jurisdiction for census purposes, developing outreach programs and preparing recommendations for a state-wide Complete Count Committee. Secretary McCord is knowledgeable about these efforts. |
| Corey Stottlemyer<br>Senior Policy Analyst,<br>Maryland Department of Transportation | | Mr. Stottlemyer is knowledgeable about population-based federal transportation aid that Maryland receives. |
| Staff of the Maryland Department of Education | | Staff of the Maryland Department of Education may be knowledgeable about Maryland's receipt of population-based federal education funds including Title I funds.  Staff knowledgeable about these matters may include Marcia Sprankle, Assistant Superintendent, and James Clark. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Maryland's possession, custody, or control that may be used by Plaintiff State of Maryland to support its claims are described as follows.  Plaintiff State of Maryland expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
| --- | --- |
| Md. Dep't of Legislative Servs., Federal Funds History (Jan. 2016) | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at http://mgaleg.maryland.gov/Pubs/BudgetFiscal/2016-Federal-Funds-History.pdf |
| Md. FY2018 to FY2020 Consolidated Transportation Program, 2018 State Report on Transportation | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at http://www.mdot.maryland.gov/newMDOT/Planning/CTP/CTP_18_23_Final/CTP_FY2018-2023.pdf |
| Md, Proposed Operating Budget, FY 2019 | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at http://www.dbm.maryland.gov/budget/Pages/operbudhome.aspx |
| United States Census Bureau, Use of Census Bureau Data in Federal Funds Distribution (Sept. 2017) | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at https://www2.census.gov/programs-surveys/decennial/2020/program-management/working-papers/Uses-of-Census-Bureau-Data-in-Federal-Funds-Distribution.pdf |
| Maryland Senate Bill 855 | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at http://mgaleg.maryland.gov/webmga/frmMain.aspx?id=sb0855&stab=01&pid=billpage&tab=subject3&ys=2018RS |
| GW Institute of Public Policy, Counting for Dollars 2020: The Role of the Decennial Census in the Geographic Distribution of Federal Funds | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at https://gwipp.gwu.edu/counting-dollars-2020-role-decennial-census-geographic-distribution-federal-funds |

| United States Census Bureau, 2020 Census Operational Plan | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at https://www.census.gov/programs-surveys/decennial-census/2020-census/planning-management/planning-docs/operational-plan.html |
| United States Census Bureau, Press Release, Census Bureau Releases the Response Outreach Area Mapper Web Application (Feb. 7, 2018) | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at https://www.census.gov/newsroom/press-releases/2018/roam-app.html |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 4th day of September, 2018.


BRIAN E. FROSH
Attorney General of Maryland


_____/s/ *John R. Grimm*_____
JOHN R. GRIMM
Assistant Attorney General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6339 (tel.)
410-576-6955 (fax)
jgrimm@oag.state.md.us

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the State of New York (the "State of New York"), by its attorney, Barbara Underwood, Attorney General of the State of New York, makes the following Initial Disclosures.

## <u>INTRODUCTION</u>

1.      These Initial Disclosures are based upon information presently known to the State of New York. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff State of New York reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff State of New York hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of New York makes

1

no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff State of New York's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of New York incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff State of New York's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody, or control. Plaintiff State of New York reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of New York is not identifying documents protected from disclosure by the attorney-client, work product, or other applicable privileges. Nor does Plaintiff State of New York waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) Disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of New York may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of New York expressly reserves the right to supplement this disclosure:

| __Name__ | __Contact Information__ | __Subjects of Discoverable Information__ |
|---|---|---|
| John C. Traylor, Executive Deputy Comptroller, Office of Operations, New York State Office of the Comptroller | New York State Office of the Attorney General Ajay Saini ajay.saini@ag.ny.gov (212) 416-8714 | The witness has knowledge of the impact of decennial census population counts on federal funding to the State of New York, and knowledge of resources expended by the State of New York to mitigate potential undercounting during the decennial census. |
| Elizabeth OuYang, Coordinator, NYCounts2020 | New York State Office of the Attorney General Ajay Saini ajay.saini@ag.ny.gov (212) 416-8714 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process, knowledge of the heightened fears surrounding the 2020 decennial census, and knowledge of efforts to mitigate potential undercounting during the decennial census. |
| Individuals with whom Secretary Ross "personally had specific conversations on the citizenship question," as referenced in the March 26, 2018 decision memo (AR001314) | Contact information is within the custody and control of Defendants | These witnesses have knowledge of the accuracy of representations made in the decision memo about their conversations with Secretary Ross, and their positions on the citizenship question, including its potential impact on response rates, and the importance of testing a citizenship question before adding it to the census questionnaire |
| Members of the Census Scientific Advisory Committee and the National Advisory Committee | Contact information is within the custody and control of Defendants | These witnesses have knowledge of the typical processes for researching, designing, testing and vetting questions before adding them to census surveys, knowledge of the recommendations made to the Census Bureau about concerns related to immigrant anxiety and its potential impact on non-response, and knowledge of the concerns expressed about adding a citizenship question to the 2020 Census questionnaire. |

| Employees of the Department of Commerce, including the Census Bureau, and Department of Justice | Contact information is within the custody and control of Defendants | These witnesses have knowledge of Defendants' decision making process, history of the citizenship question, policies and procedures, testing protocols, and testing conducted relating to the decennial census and American Community Survey.<br><br>These witnesses have information relating to the purported need for citizenship information, including alternative sources of data, and policies and practices relating to the enforcement of Section 2 of the Voting Rights Act.<br><br>These witnesses have knowledge of the impact of the citizenship question on census participation, barriers to response rates, and Defendants' follow-up efforts. |
| Representative from the New York State Education Department | New York State Office of the Attorney General<br>Ajay Saini<br>ajay.saini@ag.ny.gov<br>(212) 416-8714 | The witness has knowledge of the impact of decennial census population counts on federal education funding to the State of New York. |
| Todd Brietbart, former Sr. Research Analyst/Reapportionment, New York State Senate. | New York State Office of the Attorney General<br>Ajay Saini<br>ajay.saini@ag.ny.gov<br>(212) 416-8714 | Witness has information regarding the impact of the decennial census population count on the state redistricting process. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) Disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of New York's possession, custody, or control that may be used by Plaintiff State of New York to support its claims are described as follows.  Plaintiff State of New York expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
| --- | --- |
| *A Portrait of Immigrants in New York*, Office of the New York State Comptroller (Nov. 2016) | This document is at a central repository administered by the New York Attorney General's Office. |

| | |
|---|---|
| *U.S. Unauthorized Immigration Population Estimates*, Pew Research Ctr. (Nov. 3, 2016) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Census 2020: Hard-to-Count Communities in New York*, CUNY Mapping Service | This document is at a central repository administered by the New York Attorney General's Office. |
| *Quick Facts: New York 2018*, U.S. Census Bureau | This document is at a central repository administered by the New York Attorney General's Office. |
| *Grants to Local Educational Agencies*, U.S. Dep't of Educ. (July 3, 2018) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Counting for Dollars 2020: The Role of the Decennial Census in the Geographic Distribution of Federal Funds*, GW Institute of Public Policy (2018) | This document is at a central repository administered by the New York Attorney General's Office. |
| *FTA Allocations for Formula and Discretionary Programs by State FY 1998-2018*, Federal Transit Administration | This document is at a central repository administered by the New York Attorney General's Office. |
| *GW Institute of Public Policy: Counting for Dollars 2020 – New York*, GW Institute of Public Policy (2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Immigrants in New York*, Am. Immigration Council (Oct. 4, 2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Notice: Revised Apportionment of Federal-Aid Highway Program Funds for Fiscal Year (FY) 2017*, Fed. Highway Admin. (Dec. 21, 2016) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Table 3: FY 2017 Section 5307 and 5340 Urbanized Area Formula Appropriations (Full Year)*, Fed. Transit Admin. | This document is at a central repository administered by the New York Attorney General's Office. |
| Publically available operational planning documents for the 2020 Census from the U.S. Census Bureau, including all versions of the *2020 Census Operation Plans*, all *2020 Census Program Briefings* and *2020 Census Program Management Reviews*, and all *2020 Census Monthly Status Reports*, U.S. Census Bureau | These documents are available at a central repository administered by the New York Attorney General's Office. |
| Publically available documents from the U.S. Census Bureau regarding its historic practices, including Procedural Histories of the 1980 Census, 1990 Census, the History of the 2000 Census, documents relating to the history of the | These documents are available at a central repository administered by the New York Attorney General's Office. |

5

| | |
|---|---|
| 2010 Census, the Index of Questions from previous decennial censuses, and previous decennial census questionnaires | |
| Publically available documents of memoranda and recommendations made by the Census Scientific Advisory Committee and the National Advisory Committee, and responses and updates from the U.S. Census Bureau to Advisory Committees, as well as charters of those committees | These documents are available at a central repository administered by the New York Attorney General's Office. |
| Publically available documents from the Census Bureau regarding the Bureau's typical process for making changes to decennial census questions, including documents containing standards for research, testing, and evaluation of proposed changes to questions on the 2020 Census, and documents containing information about proposed changes to the Race and Ethnicity question, and proposals to add a Middle Eastern and North African category to the Race and Ethnicity question | These documents are available at a central repository administered by the New York Attorney General's Office. |
| Publically available documents from the Census Bureau regarding previous and proposed efforts to mitigate non-response during the decennial census, and to follow-up on non-response, including documents summarizing outreach efforts, planning and assessing non-response follow-up operations, and researching, designing and describing imputation methods | These documents are available at a central repository administered by the New York Attorney General's Office. |
| Publically available documents from the Census Bureau regarding testing for the 2020 Census, including documents planning, designing, and describing the implementation of tests from 2012 to the present | These documents are available at a central repository administered by the New York Attorney General's Office |
| Publically available documents from the Census Bureau regarding rates of non-response to questions and surveys, including the rates of non-response on the annual American Community Survey | These documents are available at a central repository administered by the New York Attorney General's Office |
| *Respondent Confidentiality Concerns and Possible Effects on Response Rates and Data Quality for the 2020 Census*, National Advisory Committee on Racial, Ethnic and Other Populations (Nov. 2, 2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Respondent Confidentiality Concerns in Multilingual Pretesting Studies and Possible Effects on Response Rates and Data Quality for the 2020 Census*, U.S. Census Bureau (May 16-19, 2018) | This document is at a central repository administered by the New York Attorney General's Office. |

6

| | |
|---|---|
| *Respondent Confidentiality Concerns*, Memorandum for Associate Directorate for Research and Methodology (ADRM) from Center for Survey Management, U.S. Census Bureau (Sept. 20, 2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Uses of Census Bureau Data in Federal Funds Distribution*, U.S. Census Bureau, (Sept. 2017) | These documents are available at a central repository administered by the New York Attorney General's Office |
| Documents relating to statistical policy issued by federal agencies, including the Office of Management and Budget and the Census Bureau, including but not limited to Statistical Policy Directives No. 1 and 2. | These documents are publicly available. |
| Documents included in the Administrative Record produced by Defendants | |
| All documents identified by Defendants in their initial disclosures | |
| Documents relating to efforts to mitigate non-response during decennial censuses. | These documents are available at a central repository administered by the New York Attorney General's Office |

## III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – **Computation of Damages**:

Not applicable.

## IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – **Insurance Statements**:

Not applicable.

## V.  Fed. R. Civ. P. 26(a)(2)(A) – **Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 23rd day of July, 2018.

Barbara Underwood
Attorney General of the State of New York

*/s/ Elena Goldstein*
Elena Goldstein
Senior Trial Counsel
New York State Office of the Attorney General
28 Liberty Street, 20th Fl.
New York, NY 10005

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the State of New Jersey, by its attorney, Rachel Wainer Apter, of the Office of the Attorney General, makes the following Initial Disclosures.

## <u>INTRODUCTION</u>

1.      These Initial Disclosures are based upon information presently known to the State of New Jersey. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff New Jersey reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff New Jersey hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff New Jersey makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff New Jersey's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff New Jersey incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

1

5.     Plaintiff New Jersey's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Plaintiff New Jersey reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff New Jersey is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff New Jersey waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

### I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures:

The below listed persons are likely to have discoverable information that Plaintiff State of New Jersey may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of New Jersey expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| Leonard Preston<br>Bureau Chief, Labor Market Information<br>NJ State Data Center<br>Division of Economic and Demographic Research<br>Office of Research and Information<br>Department of Labor and Workforce Development | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice Complex<br>25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | The witness has knowledge of New Jersey's efforts to encourage participation in the decennial census in the past. |
| Lauren M. Zyriek<br>Director of Intergovernmental Affairs<br>Office of the Secretary of State<br>Department of State | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice Complex<br>25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | The witness has knowledge of how N.J. Assembly No. 4208, an Act establishing the New Jersey Complete Count Commission, which was passed by the legislature on June 30, 2018, will be implemented if signed by the Governor. She also has knowledge of New Jersey's efforts to encourage participation in the 2020 census. |
| Lynn Azarchi<br>Deputy Director, Office of Management and Budget | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice Complex | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |

2

| Or<br><br>Dave Ridolfino<br>Department of the Treasury<br>Acting Director, Office of<br>Management and Budget | 25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | |
| --- | --- | --- |
| Scott Novakowski<br>Associate Counsel and<br>Debevoise Legal Fellow<br>New Jersey Institute for<br>Social Justice | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice<br>Complex<br>25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | The witness has knowledge of outreach efforts that are being undertaken by non-profit organizations in New Jersey to ensure an accurate count. |
| Sara Cullinane<br>Executive Director<br>Make the Road New Jersey | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice<br>Complex<br>25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the 2020 census and heightened fears surrounding the 2020 census. She also has knowledge of outreach efforts that are being undertaken by non-profit organizations in New Jersey to ensure an accurate count. |
| Robert Asaro-Angelo<br>Commissioner<br>Department of Labor and<br>Workforce Development | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice<br>Complex<br>25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | The witness has knowledge of the impact of a decennial census undercount on Department of Labor and Workforce Development programs. |
| Brian Francz<br>Chief Financial Officer<br>Department of Human<br>Services | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice<br>Complex<br>25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | The witness has knowledge of the impact of a decennial census undercount on Department Human Services programs. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff New Jersey's possession, custody, or control that may be used by Plaintiff New Jersey to support its claims are described as follows.  Plaintiff New Jersey expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
| --- | --- |
| State of New Jersey, Assembly No. 4208, 218th Legislature, an Act establishing the New Jersey Complete Count Commission | This document is at a central repository administered by the New York Attorney General's Office |

**III.  Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 24th day of August, 2018.

GURBIR S. GREWAL
Attorney General of New Jersey


*/s/ Rachel Wainer Apter*
Rachel Wainer Apter
Assistant Attorney General
Office of the Attorney General
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor, West Wing
Trenton, New Jersey 08625-0080
Tel: (609) 376-2702
Fax: (609) 777-4015
Rachel.Apter@njoag.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

**STATE OF CONNECTICUT'S AMENDED DISCLOSURES**

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the State of Connecticut ("Connecticut"), by its attorney, Mark F. Kohler, Assistant Attorney General, of the Connecticut Office of the Attorney General, makes the following Amended Initial Disclosures.

**INTRODUCTION**

1.       These Amended Initial Disclosures are based upon information presently known to Plaintiff Connecticut. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.       Plaintiff Connecticut reserves the right at any time to revise and/or supplement these Amended Initial Disclosures.

3.       Plaintiff Connecticut hereby expressly reserves all objections to the use for any purpose of these Amended Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Amended Initial Disclosures,

1

Plaintiff Connecticut makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff Connecticut's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff Connecticut incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff Connecticut's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Plaintiff Connecticut reserves the right to use all documents produced by any party or non-party to this action. With these Amended Initial Disclosures, Plaintiff Connecticut is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff Connecticut waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## AMENDED INITIAL DISCLOSURES

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State

of Connecticut may use to support Plaintiff's claims as detailed in the First Amended Complaint.

Plaintiff State of Connecticut expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
| --- | --- | --- |
| Benjamin Barnes, Secretary, State of Connecticut Office of Policy & Management | c/o Mark F. Kohler Assistant Attorney General Connecticut Office of the Attorney General 55 Elm St., P.O. Box 120 Hartford, CT 06141-0120 860-808-5020 Mark.Kohler@ct.gov | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |
| Paul Potamianos, Executive Budget Director, State of Connecticut Office of Policy & Management | c/o Mark F. Kohler Assistant Attorney General Connecticut Office of the Attorney General 55 Elm St., P.O. Box 120 Hartford, CT 06141-0120 860-808-5020 Mark.Kohler@ct.gov | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

Plaintiff Connecticut does not have any documents or electronically stored information to

disclose at this time. Plaintiff Connecticut expressly reserves its right to supplement this

disclosure.

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.


DATED this 22nd day of August, 2018.


GEORGE JEPSEN
Attorney General of the State of Connecticut

/s/ Mark F. Kohler
Mark F. Kohler
Assistant Attorney General
Connecticut Office of the Attorney General
55 Elm St., P.O. Box 120
Hartford, CT 06141-0120
860-808-5020
Mark.Kohler@ct.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | AMENDED INITIAL DISCLOSURES |
| Plaintiffs, | (Plaintiff State of Oregon) |
| v. | |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | 18-CV-2921 (JMF) |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the State of Oregon (the "State of Oregon") makes the following Initial Disclosures.

**<u>INTRODUCTION</u>**

1.      These Initial Disclosures are based upon information presently known to the State of Oregon. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff State of Oregon reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff State of Oregon hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Oregon makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff State of Oregon's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of Oregon incorporates all individuals identified by all other

1

parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.     Plaintiff State of Oregon's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff State of Oregon reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Oregon is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of Oregon waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

### I.     Fed R. Civ. P. 26(a)(1)(A)(i) disclosures:

The below listed persons are likely to have discoverable information that Plaintiff State of Oregon may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Oregon expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|------|---------------------|--------------------------------------|
| Irma Linda Castillo, Chair<br><br>Dr. Daniel Lopez-Ceballos, Vice Chair<br><br>Dr. Joseph Gallegos, Commission Member<br><br>Alberto Moreno, Past Chair | Oregon Commission on Hispanic Affairs<br>c/o Scott Kaplan<br>Oregon Department of Justice<br>100 Market St.<br>Portland, OR 97201<br>(971) 673-5037 | The witnesses have knowledge of the impact of the decennial census and citizenship questioning on the Hispanic population and the related impact on public services available to the Hispanic population.  The witnesses have knowledge of the risk and impact of undercount of the Hispanic population should a citizenship question be included in the decennial census. The witnesses have knowledge that Oregon's Hispanic population is a hard-to-count population for the census. The witnesses have knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. |
| Chanpone Sinlapasai-Okamura, J.D., Chair | Oregon Commission on Asian and Pacific Islander Affairs | The witness has knowledge of the impact of the decennial census and citizenship questioning on the Asian and Pacific Islander |

| | c/o Scott Kaplan<br>Oregon Department of Justice<br>100 Market St.<br>Portland, OR 97201<br>(971) 673-5037 | population and the related impact on public services available to these populations. The witness has knowledge that Oregon's Asian and Pacific Islander population is a hard-to-count population for the census. The witness has knowledge of the risk and impact of undercount of the Asian and Pacific Islander population should a citizenship question be included in the decennial census. The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. |
|---|---|---|
| Emily Nazarov, Government and Legal Affairs Manager | Oregon Department of Education<br>c/o Scott Kaplan<br>Oregon Department of Justice<br>100 Market St.<br>Portland, OR 97201<br>(971) 673-5037 | The witness has knowledge of the impact of decennial census population counts on school funding and budgets, including the existence of unauthorized immigrants (including U.S. citizen children) in Oregon's K-12 school population, ODE's policies and practices towards the same and the census impact on ODE programs including meal programs. |
| Belit Burke, Self-Sufficiency Design Administrator | Oregon Department of Human Services<br>c/o Scott Kaplan<br>Oregon Department of Justice<br>100 Market St.<br>Portland, OR 97201<br>(971) 673-5037 | The witness has knowledge of the presence of populations in Hispanic, Alaska Native and Native American communities, and other areas and communities particularly vulnerable to undercounting. The witness has information regarding Oregon's reliance on the decennial census statistics for important supplemental nutrition (SNAP) and food stamps programs, which currently serves about 20% of Oregon's residents, and the Child Care and Development Fund. |
| John T. Baker, Transportation Economist | Oregon Department of Transportation<br>c/o Scott Kaplan<br>Oregon Department of Justice<br>100 Market St.<br>Portland, OR 97201<br>(971) 673-5037 | The witness has information regarding the impact of an undercount on funding for highway construction and maintenance within the State through the Highway Trust Fund and other federal infrastructure funding programs, including crucial North-South and East-West highways such as Interstates 5 and 84. |
| Kristine Kautz, Deputy Director | Oregon Health Authority<br>c/o Scott Kaplan<br>Oregon Department of Justice<br>100 Market St.<br>Portland, OR 97201<br>(971) 673-5037 | The witness has information regarding Oregon's reliance on the federal Health Center Program for medical care to migrant and other underserved communities within the State, as well as Oregon's reliance on the Medical Assistance Program ("Medicaid"). The witness has information regarding Oregon's reliance on the decennial census for |

| | | |
|---|---|---|
| | | funding of this program, and the impact an undercount of Oregon's population could have on this funding and program. |
| Charles Rynerson, Coordinator | State Data Center, Population Research Center, Portland State University | The witness has knowledge of the impact of decennial census population counts on state and local funding and budgets.  The witness has information regarding demographic, economic, and social statistics produced by the Census Bureau relating to the State of Oregon.  The witness is knowledgeable about Oregon state and local outreach efforts and census data. |
| Erin Seiler, former Liaison to the U.S. Census Bureau | Oregon Lottery c/o Scott Kaplan Oregon Department of Justice 100 Market St. Portland, OR 97201 (971) 673-5037 | The witness has knowledge of the impact of census data on redistricting in Oregon and its reliance upon accurate information. |
| Officers, employees and representatives of defendants identified by defendants and by plaintiffs herein | Contact information not currently known | Information regarding the processes by which defendants proposed a citizenship question for the 2020 census, the stated and actual reasons for adding this question, the persons involved in this decision, and the likely effects of the decision. |

## II.     Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Oregon's possession, custody, or control that may be used by Plaintiff State of Oregon to support its claims are described as follows.   Plaintiff State of Oregon expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| Documents relating to current school funding and budgets, Special Education funding and the School Breakfast and National School Lunch Programs. | From Oregon Department of Education.  The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |
| Documents relating to Oregon's use of and funding source(s) for supplemental nutrition (SNAP) and food stamps programs and the Child Care and Development Fund. | From Oregon Department of Human Services.  The document(s) will be made available at a central document repository administered by the New |

4

| | York Attorney General's Office. |
|---|---|
| Documents relating to funding for highway construction and maintenance within the State through the Highway Trust Fund and other federal infrastructure funding programs. | From Oregon Department of Transportation.  The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |
| Documents relating to Oregon's use of funds from the federal Health Center Program for medical care to migrant and other underserved communities within the State, and the Medical Assistance Program ("Medicaid"). | From Oregon Health Authority.  The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |
| Documents related to duties and budget of Oregon's Census Project Manager in the Office of the Oregon Governor. | From the Oregon Governor's Office. The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |
| Oregon legislative materials related to redistricting. | From Oregon legislative records.  The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |

**III.     Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.     Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.      Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff State of Oregon will provide disclosures of expert testimony as required by Rule

26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal

Rules of Civil Procedure.

DATED this  30th  day of  August  , 2018.


Ellen Rosenblum
Attorney General of the State of Oregon

                 *s/ Scott J. Kaplan*
_____
Scott J. Kaplan. *pro hac vice*
Senior Assistant Attorney General
Oregon Department of Justice
100 Market St.
Portland, OR 97201
971-673-5037
Scott.j.kaplan@doj.state.or.us

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, et al.,

                Plaintiffs,

      v.                       18-CV-2921 (JMF)

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

                Defendants.

 

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the City of Providence, by its attorney, Jeffrey Dana, City Solicitor of the City of Providence, makes the following Initial Disclosures.

## **<u>INTRODUCTION</u>**

1.     These Initial Disclosures are based upon information presently known to the City of Providence. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.     Plaintiff City of Providence reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.     Plaintiff City of Providence hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of

Providence, makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff City of Providence's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Providence incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff City of Providence's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Providence reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Providence is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Providence waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of Providence may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of Providence expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Gabriela Domenzain, Latino Policy Institute | City of Providence<br>Office of the City Solicitor<br>444 Westminster Street,<br>Suite 220<br>Providence, RI 02903<br>(401) 680-5333 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census. Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |
| David DosReis, GIS Manager | City of Providence<br>Office of the City Solicitor<br>444 Westminster Street,<br>Suite 220<br>Providence, RI 02903<br>(401) 680-5333 | Witness has information regarding the presence of hard-to-count populations in Providence, and areas particularly vulnerable to undercounting. |
| Emily Freedman, Director of Community Development | City of Providence<br>Office of the City Solicitor<br>444 Westminster Street,<br>Suite 220<br>Providence, RI 02903<br>(401) 680-5333 | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The City of Providence does not have documents that may be used to support its claims at this time.  The City of Providence reserves the right to supplement this disclosure.

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 31st day of August, 2018.

Jeffrey Dana
City Solicitor of the City of Providence

*/s/Jeffrey Dana*
Jeffrey Dana
City Solicitor
City of Providence
444 Westminster Street, Suite 220
Providence, RI 02903
(401) 680-5333
Jdana@providenceri.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiffs Hidalgo and Cameron Texas Counties by its attorney, Special Counsel Rolando L. Rios,  makes the following Supplemental Disclosures.

## **INTRODUCTION**

1.      These Disclosures are based upon information presently known to Plaintiffs Hidalgo and Cameron Counties. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiffs Hidalgo and Cameron Counties reserves the right at any time to revise and/or supplement these Disclosures.

3.      Plaintiffs Hidalgo and Cameron Counties hereby expressly reserves all objections to the use for any purpose of these Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Disclosures, Plaintiffs Hidalgo

and Cameron Counties make no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.     Plaintiffs Hidalgo and Cameron Counties' identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiffs from obtaining discovery of individuals not presently identified. Plaintiffs Hidalgo and Cameron Counties incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.     Plaintiffs Hidalgo and Cameron Counties' identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Plaintiffs Hidalgo and Cameron Counties reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiffs Hidalgo and Cameron Counties are not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor do Plaintiffs Hidalgo and Cameron Counties waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## DISCLOSURES

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiffs Hidalgo and Cameron Counties may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiffs Hidalgo and Cameron Counties expressly reserves the right to supplement this disclosure:

| <u>Name</u> | <u>Contact Information</u> | <u>Subjects of Discoverable Information</u> |
|---|---|---|
| Maria Arcelia Duran, CPA, Hidalgo County Auditor | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | Maria Arcela Duran has knowledge of the impact of decennial census population counts on local funding and budgets. |
| Diana R. Serna<br><br>Director Hidalgo County Urban County Program | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | Diana R. Serna has knowledge of the impact of decennial census population counts on local funding and budgets. |
| Erika Reyna<br><br>Assistant Chief of Staff, Hidalgo County Judges Office | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | Erika Reyna has of the mitigation efforts undertaken by the county and local government and non-governmental agencies directed at minimizing the undercount and educate/encourage the public to fill out the census forms. |
| Martha Galarza, CPA, Cameron County Auditors Office) | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | Martha Galarza has knowledge of the impact of decennial census population counts on local funding and budgets. |
| Ramon Garcia, Hidalgo County Judge | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. The witness has knowledge of the heightened fears surrounding the 2020 decennial census. |
| Eddie Trevino Jr., Cameron County Judge | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. The witness has knowledge of the heightened fears surrounding the 2020 decennial census. |

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

Plaintiffs  Hidalgo and Cameron Counties  have no documents to disclose at this time but

expressly reserves its right to supplement this disclosure:

**III. Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

DATED this 4th day of September, 2018.

Respectfully Submitted,

_Rolando L. Rios_
ROLANDO L. RIOS
Texas State Bar # 16935900
Special Counsel
115 E. Travis, Suite 1645
San Antonio, Texas  78205
Telephone:      (210) 222-2102
Facsimile:      (210) 222-2898
E-Mail:         rrios@rolandorioslaw.com

Attorney for Plaintiffs HIDALGO AND
CAMERON COUNTIES OF TEXAS

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | AMENDED INITIAL DISCLOSURES FOR PLAINTIFF STATE OF WASHINGTON |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the State of Washington, by its attorney, Assistant Attorney General Laura K. Clinton, makes the following Amended Initial Disclosures, to supplement those already provided in this litigation.

## **INTRODUCTION**

1.      These Amended Initial Disclosures are based upon information presently known to Washington. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Washington reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Washington hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Washington makes no representations or

1

concessions regarding the relevance or appropriateness of any particular documents or types of documents.

4.       Washington's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Washington incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.       Washington's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Washington reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Washington is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Washington waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

### **I. Fed R. Civ. P. 26(a)(1)(A)(i) disclosures:**

The below listed persons are likely to have discoverable information that Plaintiff State of Washington may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Washington expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Mark Baldwin<br>Assistant Director of Forecasting and Research, Office of Financial Management | c/o Laura Clinton<br>Assistant Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle WA 98104 | The witness has knowledge of Washington's planning and outreach regarding the 2020 Census, potential financial impacts to the State of Washington arising from an |

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| | | inaccurate count, and related issues. |
| Yi Zhao, Office of Financial Management | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of Washington's planning and outreach regarding the 2020 Census, potential financial impacts to the State of Washington arising from an inaccurate count, and related issues. |
| Erica Gardner, Office of Financial Management | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of Washington's planning and outreach regarding the 2020 Census, potential financial impacts to the State of Washington arising from an inaccurate count, and related issues. |
| Mike Mohrman, Office of Financial Management | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of Washington's planning and outreach regarding the 2020 Census, potential financial impacts to the State of Washington arising from an inaccurate count, and related issues. |
| Jim Crawford, Office of Financial Management | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of Washington's budgeting process and the potential financial impacts to the State of Washington arising from an inaccurate count, and related issues. |
| Complete County Committee Coordinator, Office of Financial Management | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of Washington's planning and outreach regarding the 2020 Census, potential financial impacts to the State of Washington arising from an |

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| | | inaccurate count, and related issues. |
| Records custodian, Office of Financial Management | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness(es) have knowledge sufficient to identify and authenticate Washington's records concerning the decennial Census and related issues |
| Robert Chang Seattle University School of Law | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge regarding the history of the Census Bureau's past breaches of trust where Census information was used to harm individuals and communities, and the reasonable fear or concern that respondents might have when facing the citizenship question now. |
| Laura Pierce Washington Nonprofits | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of the concerns that many nonprofit organizations have about the impact of the citizenship question. Nonprofits working with hard to count populations are concerned that adding the citizenship question instills fear and makes those communities harder to count because they are likely to voluntarily opt out of the Census.  The witness has knowledge of the impact an undercount would have on how funds for services are distributed and on the data available for nonprofits to target their services. |
| David Streeter Washington Nonprofits | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 | The witness has knowledge of the concerns that many nonprofit organizations have about the |

4

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| | Seattle WA 98104 | impact of the citizenship question. Nonprofits working with hard to count populations are concerned that adding the citizenship question instills fear and makes those communities harder to count because they are likely to voluntarily opt out of the Census.  The witness has knowledge of the impact an undercount would have on how funds for services are distributed and on the data available for nonprofits to target their services. |
| Laura Armstrong Executive Director La Casa Hogar | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of already existing barriers facing immigrant, low-income, Limited English Proficient residents ("hard-to-count" populations) throughout Washington state's Yakima Valley in participating in the Census. The witness has further knowledge as to how the citizenship question will worsen those existing barriers for aforementioned community members' participation in the decennial Census process.  The witness has knowledge of immigrant families' heightened fears surrounding government institutions, and understands this as one of the already existing barriers that is being worsened because of the citizenship question. The witness has knowledge regarding community education and awareness efforts regarding the Census in the Yakima Valley region. The |

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| | | witness represents an organization with knowledge and experience working with immigrant families and agricultural workers throughout the region for over two decades. |
| Linda Moore CEO\|President Yakima Valley Community Foundation | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of the impact of the citizenship question and the disproportionate impact of funding and services to low income and people of color and children. The witness has knowledge of the impact of the citizenship questions on "mixed households" where children are citizens and others in the household, including their parents are not which also impacts the count of children. The witness has knowledge of the demographics of Yakima County. |
| Elsa Batres-Boni Census Program Manager Win\|Win Action | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | Win/Win is committed to building a civically powerful network that advances racial, social and economic equity and thriving communities across Washington State.<br><br>The witness has knowledge of the universal harm that a citizenship question will cause to communities that are already at greater risk of being undercounted – including people of color, young children, and low-income rural and urban residents. |

| Name | Contact Information | Subjects of Discoverable Information |
|------|--------------------|--------------------------------------|
|  |  | The witness has knowledge of how an untested citizenship question will drive up costs as the Census Bureau struggles to develop new communications and outreach strategies with little time remaining, plan for an expanded field operation, and track down the millions of households that will be more reluctant to participate because of this controversial question. |

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

All materials requested in discovery or that Washington intends to use at trial are described below. Washington expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|----------------------|-------------------|
| Documents concerning the 2020 Census and mitigating non-response in the State of Washington. | Office of Financial Management, Washington Nonprofits – These documents will be uploaded to the central repository administered by the New York Attorney General's Office. |

**III. Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV. Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

      Washington will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 16th day of July, 2018.

                                      ROBERT W. FERGUSON
                                      Attorney General of the State of Washington

                                      /s/ *Laura K. Clinton*
                                      Laura K. Clinton
                                      Assistant Attorney General
                                      Complex Litigation Division
                                      800 Fifth Avenue, Suite 2000
                                      Seattle, WA 98104
                                      LauraC5@atg.wa.gov
                                      (206) 233-3383
                                      Peter Gonick,
                                      Deputy Solicitor General Office of the Attorney
                                      General PO Box 40100
                                      Olympia, WA 98504-0100
                                      peterg@atg.wa.gov
                                      Tel. (360) 753-6245

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | **CERTIFICATE OF SERVICE RULE 26 DISCLOSURES** |
| Defendants. | |

I hereby certify that on this 4th day of September 2018, I served amendments to Plaintiffs' Initial Disclosures for *New York et al., v. Commerce et al.*, 18-cv-2921, via e-mail to kate.bailey@usdoj.gov, Stephen.Ehrlich@usdoj.gov, and Carol.Federighi@usdoj.gov, pursuant to the parties' electronic service agreement under Federal Rule of Civil Procedure 5(b)(2)(E). These disclosures supplement and amend Plaintiffs' original Initial Disclosures.

Dated this 4th day of September, 2018.

_____/s/_____
Elena Goldstein

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK IMMIGRATION COALITION, *et. al*,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE, *et. al*,<br><br>Defendant. | Civil Action No. 1:18-cv-05025-JMF<br>[r: 1:18-cv-02921-JMF]<br><br>Hon. Jesse M. Furman<br><br>**PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO FRCP 26(A)(1)** |

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs New York Immigration Coalition ("NYIC"), Casa de Maryland ("Casa"), American-Arab Anti-Discrimination Committee ("ADC"), ADC Research Institute, and Make the Road New York ("MRNY") (collectively, "Plaintiffs") hereby make the following initial disclosures. Plaintiffs have made a reasonable and good faith effort to prepare the disclosures set forth herein. However, Plaintiffs have not completed their review of the evidence in connection with this case. Consequently, other potential witnesses, subjects of information, and/or categories of documents within the scope of these disclosures may be identified as discovery proceeds and as the case develops. Therefore, Plaintiffs reserve the right to modify, amend, or supplement these disclosures at a later time as appropriate, and at any time before trial in this matter.

These disclosures are made without waiving: (i) the right to object on the grounds of competency, the attorney-client privilege, attorney work-product protections, undue burden, relevancy, materiality, hearsay or any other proper ground; (ii) the right to object to the

1

production or use of any information, for any purpose, in whole or in part, in any proceeding in this or any other action; or (iii) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

I.     <u>Rule 26(a)(1)(A)(i): Individuals Likely to Have Discoverable Information that Plaintiffs May Use to Support Their Claims or Defenses</u>

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), the chart below sets forth (1) the individuals, not including expert witnesses, that Plaintiffs have identified who are likely to have discoverable information that Plaintiffs may use to support their claims; and (2) to the extent reasonably determinable by Plaintiffs at this time, the subjects of the information about which these individuals may have knowledge. Plaintiffs have attempted to provide complete information regarding the subjects about which the identified individual has knowledge, but the individual may have knowledge of subjects in addition to, or other than, those listed. References to an individual's

employment title refers either to the individual's current or prior title.

A.     <u>Plaintiffs</u>

| Name | Title | Subject Matter | Contact Information |
|---|---|---|---|
| Steven K. Choi | Executive Director, New York Immigration Coalition | Mr. Choi is likely to have information about NYIC's Census education and outreach efforts; Census-guided funding streams; and organizational mission, programs, services, and membership. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Elizabeth (Betsy) Plum | Vice-President of Policy, New York | Ms. Plum is likely to have information about NYIC's Census | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 |

| | Immigration Coalition | education and outreach efforts; Census-guided funding streams; and organizational mission, programs, services, and membership. | 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
|---|---|---|---|
| Elizabeth Ouyang | Coordinator, New York Counts 2020, New York Immigration Coalition | Ms. Ouyang is likely to have information about NYIC's Census education and outreach efforts. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Lindolfo Carballo | Director of Workforce Development, Education, and Employment, CASA de Maryland | Mr. Carballo is likely to have information about CASA's outreach effort made in 2010, its planning for the Census outreach effort in 2020, any anticipated diversion of its resources because of the increased effort, and the increased fear of interactions with the government on the part of its communities. | c/o Arnold & Porter Kaye Scholer LLP 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| George Escobar | Senior Director of Health and Human Services, CASA de Maryland | Mr. Escobar is likely to have information about CASA's outreach effort made in 2010, its planning for the Census outreach effort in 2020, any anticipated diversion of its resources because of the increased effort, and the increased fear of interactions with the government on the part of its | c/o Arnold & Porter Kaye Scholer LLP 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |

| | | communities. | |
|---|---|---|---|
| Kimberley Propeack | Chief of Politics and Communications, CASA de Maryland | Ms. Propeack is likely to have information about CASA's outreach effort made in 2010, its planning for the Census outreach effort in 2020, any anticipated diversion of its resources because of the increased effort, and the increased fear of interactions with the government on the part of its communities. | c/o Arnold & Porter Kaye Scholer LLP 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Gustavo Torres | Executive Director, CASA de Maryland | Mr. Torres is likely to have information about CASA's planning for the Census outreach effort in 2020, any anticipated diversion of its resources because of the increased effort, and the increased fear of interactions with the government on the part of its communities. | c/o Arnold & Porter Kaye Scholer LLP 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Samer Khalaf | President, American-Arab Anti-Discrimination Committee | Mr. Khalaf is likely to have information about ADC's Census education and outreach efforts; and organizational mission, programs, and membership; and the anticipated diversion of its resources because of the increased effort, because of the | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |

| | | increased fear of interactions with the government on the part of its communities. | |
|---|---|---|---|
| Abed A. Ayoub | National Legal and Policy Director of the American-Arab Anti-Discrimination Committee | Mr. Ayoub is likely to have information about ADC's Census education and outreach efforts; and organizational mission, programs, and membership; and the anticipated diversion of its resources because of the increases in this effort because of the increased fear of interactions with the government on the part of its communities. Mr. Ayoub is also likely to have information about reports from ADC members who have expressed fear and concern about census participation because of the addition of the citizenship question. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Nabil Mohamad | Vice-President of the American-Arab Anti-Discrimination Committee | Mr. Mohamad is likely to have information about ADC's Census education and outreach efforts; and organizational mission, programs, and membership; and the anticipated diversion of its resources because of the increases in this | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |

| | | effort because of the increased fear of interactions with the government on the part of its communities.. | |
|---|---|---|---|
| ADC Research Institute | Same individuals as named for ADC | Mr. Khalaf, Mr. Ayoub and Mr. Mohamad are likely to have information about ADCRI's Census education and outreach efforts, and organizational mission. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Javier Valdes | Co-Executive Director, Make the Road New York | Mr. Valdes is likely to have information about MRNY's Census education and outreach efforts; Census-guided funding streams; organizational mission, programs, services, and membership. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Daniel Altschuler | Director of Civic Engagement and Research, Make the Road New York | Mr. Altschuler is likely to have information about MRNY's Census education and outreach efforts; Census-guided funding streams; organizational mission, programs, services, and membership. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Yaritza Mendez | Immigration & Civil Rights Coordinator, Make the Road New York | Ms. Mendez is likely to have information about MRNY's Census education and outreach efforts and organizational mission, programs, services, and | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |

| | | membership. | |
|---|---|---|---|
| Natalia Aristizabal | Co-Director of Organizing, Make the Road New York | Ms. Aristizabal is likely to have information about MRNY's Census education and outreach efforts; Census-guided funding streams; and organizational mission, programs, services, and membership. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |

Other parties and individuals are also likely to have discoverable information that Plaintiffs may use to support their claims. These include the individuals listed below. In addition to those individuals, Plaintiffs expressly incorporate into these Initial Disclosures all of the individuals and entities that have been identified in the initial disclosures or other discovery responses of any other party in this action or related actions as individuals or entities likely to have discoverable information.

### B.  Defendants

| Name | Title | Subject Matter | Contact Information |
|---|---|---|---|
| Brooke Alexander | Senior Advisor, Department of Commerce | Mr. Alexander is likely to have information regarding the motivation for adding the citizenship question to the Decennial Census, the necessity of Decennial Census data for VRA enforcement, the process by which the decision was | c/o Department of Justice |

| | | made to add the citizenship question to the Decennial Census, the normal process and procedures for adding questions to the Decennial Census, communications outside the Commerce Department regarding the citizenship question, the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts, and the impact of undercounts on other federal programs and political apportionment. | |
|---|---|---|---|
| Karen Dunn Kelly | Under Secretary of Commerce for Economic Affairs, Commerce Department | Ms. Dunn Kelly is likely to have information regarding the motivation for adding the citizenship question to the Decennial Census, the necessity of Decennial Census data for VRA enforcement, the process by which the decision was made to add the citizenship question | c/o Department of Justice |

| | | to the Decennial Census, the normal process and procedures for adding questions to the Decennial Census, communications outside the Commerce Department regarding the citizenship question, the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts, and the impact of undercounts on other federal programs and political apportionment. | |
|---|---|---|---|
| Brian Lenihan | Senior Advisor to the Chief of Staff to the Secretary of Commerce; Former Acting Assistant Secretary for Legislative and Intergovernmental Affairs | Mr. Lenihan is likely to have information regarding the motivation for adding the citizenship question to the Decennial Census. | c/o Department of Justice |
| Kevin Manning | Senior Public Affairs Coordinator, Department of Commerce | Mr. Manning is likely to have information regarding the motivation for adding the citizenship question to the Decennial Census. | c/o Department of Justice |

| Wilbur Ross | Secretary of Commerce | Mr. Ross is likely to have information regarding the motivation for adding the citizenship question to the Decennial Census, the necessity of Decennial Census data for VRA enforcement, the process by which the decision was made to add the citizenship question to the Decennial Census, the normal process and procedures for adding questions to the Decennial Census, communications outside the Commerce Department regarding the citizenship question, the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts, and the impact of undercounts on other federal programs and political apportionment. | c/o Department of Justice |
| Wendy Teramoto | Chief of Staff to Secretary of Commerce | Ms. Teramoto is likely to have information | c/o Department of Justice |

| | Wilbur Ross | regarding communications within and outside the Commerce Department regarding the citizenship question. | |
|---|---|---|---|
| Michael Walsh | Deputy General Counsel, Department of Commerce | Mr. Walsh is likely to have information regarding the motivation for adding the citizenship question to the Decennial Census, the necessity of Decennial Census data for VRA enforcement, the process by which the decision was made to add the citizenship question to the Decennial Census, the normal process and procedures for adding questions to the Decennial Census, communications outside the Commerce Department regarding the citizenship question, the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts, and the impact of | c/o Department of Justice |

| | | undercounts on other federal programs and political apportionment. | |
|---|---|---|---|
| John Abowd | Chief Scientist and Associate Director for Research and Methodology, Census Bureau | Mr. Abowd is likely to have information regarding the motivation for adding the citizenship question to the Decennial Census, the necessity of Decennial Census data for VRA enforcement, the process by which the decision was made to add the citizenship question to the Decennial Census, the normal process and procedures for adding questions to the Decennial Census, communications outside the Commerce Department regarding the citizenship question, the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts, and the impact of undercounts on other federal | c/o Department of Justice |

| | | programs and political apportionment. | |
|---|---|---|---|
| Karen Battle | Division Chief, Population Division, Census Bureau | Ms. Battle is likely to have information regarding communications within and outside the Commerce Department regarding the citizenship question, and the decision making process regarding the same. | c/o Department of Justice |
| Michael Berning | Acting Chief, Center for Administrative Records Research and Applications, Census Bureau | Mr. Berning is likely to have information regarding the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts, and the process by which the decision to add the citizenship question to the Decennial Census was made. | c/o Department of Justice |
| Robert Bernstein | Stakeholder Relations Staff, Decennial Communications Coordination Office, Census Bureau | Mr. Bernstein is likely to have information regarding communications within and outside the Commerce Department regarding the citizenship question, and the decision making process regarding | c/o Department of Justice |

| | | the same. | |
|---|---|---|---|
| Kaile Bower | Chief, Integrated Partnership and Communications Branch, Census Bureau | Ms. Bower is likely to have information regarding the normal process and procedures for adding questions to the Decennial Census, the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts, and the process by which the decision to add the citizenship question to the Decennial Census was made. | c/o Department of Justice |
| Steven Buckner | Assistant Director of Communications, Census Bureau | Mr. Buckner is likely to have information regarding the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts, and the process by which the decision to add the citizenship question to the Decennial Census was made. | c/o Department of Justice |
| Cheryl V. Chambers | Chief, Internal Communications Staff, Decennial Communications Coordination Office, Census Bureau | Ms. Chambers is likely to have information regarding communications within and outside the Commerce | c/o Department of Justice |

| | | Department regarding the citizenship question, and the decision making process regarding the same. | |
|---|---|---|---|
| Jennifer Hunter Childs | Statistician, Census Bureau | Ms Childs is likely to have information regarding the normal process and procedures for adding questions to the Decennial Census, the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts and the process by which the decision to add the citizenship question to the Decennial Census was made. | c/o Department of Justice |
| Michael C. Cook Sr. | Division Chief, Public Information Office, Census Bureau | Mr. Cook is likely to have information regarding communications within and outside the Commerce Department regarding the citizenship question, and the decision making process regarding the same. | c/o Department of Justice |
| Joanne Buenzli Crane | Associate Director for Administration and Chief Financial Officer, | Ms. Crane is likely to have information regarding motivations of the defendants in | c/o Department of Justice |

| | Census Bureau | deciding to add the citizenship question to the Decennial Census and the process by which the decision to add the citizenship question to the Decennial Census was made. | |
|---|---|---|---|
| Aref N. Dajani | Mathematical Statistician Center for Disclosure Avoidance Research, Census Bureau | Mr. Dajani is likely to have information regarding how providing the citizenship data at the block level would affect disclosure avoidance plans for the 2020 Census and to what extent this was considered prior to any decision that was made on adding the citizenship question. | c/o Department of Justice |
| James Dinwiddle | Office of the Associate Director for Decennial Census Programs, Census Bureau | Mr. Dinwiddle is likely to have information regarding communications within and outside the Commerce Department regarding the citizenship question, and the decision making process regarding the same. | c/o Department of Justice |
| John Eltinge | Assistant Director for Research and Methodology, Census Bureau | Mr. Eltinge is likely to have information regarding the normal process and | c/o Department of Justice |

| | | procedures for adding questions to the Decennial Census, the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts and the process by which the decision to add the citizenship question to the Decennial Census was made. | |
|---|---|---|---|
| Naomi Evangelista | Chief, Media Relations Branch, Public Information Office, Census Bureau | Ms. Evangelista is likely to have information regarding communications within and outside the Commerce Department regarding the citizenship question, and the decision making process regarding the same. | c/o Department of Justice |
| Albert Fontenot | Associate Director for Decennial Programs, Census Bureau | Mr. Fontenot is likely to have information regarding the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts, and the process by which the decision to add the citizenship question | c/o Department of Justice |

| | | to the Decennial Census was made. | |
|---|---|---|---|
| Simson L. Garfinkel | Chief, Center for Disclosure Avoidance Research, Census Bureau | | c/o Department of Justice |
| Misty Heggeness | Branch Chief, Social, Economic, and Housing Statistics Division, Census Bureau | Ms. Heggeness is likely to have information regarding the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts, and the process by which the decision to add the citizenship question to the Decennial Census was made. | c/o Department of Justice |
| Ron Jarmin | Acting Director, Census Bureau | Mr. Jarmin is likely to have information regarding the motivation for adding the citizenship question to the Decennial Census, the necessity of Decennial Census data for VRA enforcement, the process by which the decision was made to add the citizenship question to the Decennial Census, the normal process and procedures for adding questions to the Decennial | c/o Department of Justice |

| | | Census, communications outside the Commerce Department regarding the citizenship question, the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts, and the impact of undercounts on other federal programs and political apportionment. | |
|---|---|---|---|
| Christa Jones | Deputy Chief, Congressional and Intergovernmental Affairs at US Census Bureau | Ms. Jones is likely to have information regarding the motivation for adding the citizenship question to the Decennial Census and the normal process and procedures for adding questions to the Decennial Census. | c/o Department of Justice |
| Shawn Klimek | Director of Research, Center for Economic Studies, Census Bureau | Mr. Klimek is likely to have information regarding the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts, and the process by | c/o Department of Justice |

| | | which the decision to add the citizenship question to the Decennial Census was made. | |
|---|---|---|---|
| Francine Krasowska | Customer Experience Analyst, Center for New Media & Promotion, Census Bureau | Ms. Krasowka is likely to have information regarding communications within and outside the Commerce Department regarding the citizenship question, and the decision making process regarding the same. | c/o Department of Justice |
| Enrique Lamas | Deputy Director and Chief Operating Officer, Census Bureau | Mr. Lamas is likely to have information regarding the motivation for adding the citizenship question to the Decennial Census, the necessity of Decennial Census data for VRA enforcement, the process by which the decision was made to add the citizenship question to the Decennial Census, the normal process and procedures for adding questions to the Decennial Census, communications outside the Commerce Department | c/o Department of Justice |

| | | regarding the citizenship question, the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts, and the impact of undercounts on other federal programs and political apportionment. | |
|---|---|---|---|
| Tim Olson | Director for Field Operations, Census Bureau | Mr. Olson is likely to have information regarding communications within and outside the Commerce Department regarding the citizenship question, and the decision making process regarding the same. | c/o Department of Justice |
| Eloise Parker | Assistant Director, Demographic Programs, Census Bureau | Ms. Parker is likely to have information regarding the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts, and the process by which the decision to add the citizenship question to the Decennial Census was made. | c/o Department of Justice |
| Sonya Rastogi | Assistant Center | Ms. Porter is likely | c/o Department of |

| Porter | Chief for Research, Center for Administrative Records Research and Applications, Census Bureau | to have information regarding the normal process and procedures for adding questions to the Decennial Census, the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts and the process by which the decision to add the citizenship question to the Decennial Census was made. | Justice |
| --- | --- | --- | --- |
| Roberto Ramirez | Branch Chief, Ethnicity and Ancestry Statistics Branch, Population Division, Census Bureau | Mr. Ramirez is likely to have information regarding the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts, and the process by which the decision to add the citizenship question to the Decennial Census was made. | c/o Department of Justice |
| Burton Reist | Decennial Communications & Stakeholder Relations, Census Bureau | Mr. Reist is likely to have information regarding motivations of the defendants in deciding to add the citizenship question to the Decennial Census and the | c/o Department of Justice |

| | | | |
|---|---|---|---|
| | | process by which the decision to add the citizenship question to the Decennial Census was made. | |
| Moniqua L. Roberts-Gray | Deputy Chief, Media Relations, Public Information Office, Census Bureau | Ms. Roberts-Gray is likely to have information regarding communications within and outside the Commerce Department regarding the citizenship question, and the decision making process regarding the same. | c/o Department of Justice |
| James Rockas | Former press Secretary and Deputy Director of Public Affairs, Department of Commerce | Mr. Rockas is likely to have information regarding the motivation for adding the citizenship question to the Decennial Census. | |
| Jennifer C. Shopkorn | Senior Advisor, Communications Directorate, Census Bureau | Ms. Shopkorn is likely to have information regarding communications within and outside the Commerce Department regarding the citizenship question, and the decision making process regarding the same. | c/o Department of Justice |
| Tara Tadlock | Congressional Affairs Office | Ms. Tadlock is likely to have | c/o Department of Justice |

| | Branch Chief, Office of Congressional and Intergovernmental Affairs, Census Bureau | information regarding communications within and outside the Commerce Department regarding the citizenship question, and the decision making process regarding the same. | |
|---|---|---|---|
| Christine Taylor | Assistant Division Chief, Public Information Office, Census Bureau | Ms. Taylor is likely to have information regarding communications within and outside the Commerce Department regarding the citizenship question, and the decision making process regarding the same. | c/o Department of Justice |
| Neilan Timberlake | Program Analyst, Stakeholder Relations Staff, Decennial Communications Coordination Office, Census Bureau | Ms. Timberlake is likely to have information regarding communications within and outside the Commerce Department regarding the citizenship question, and the decision making process regarding the same. | c/o Department of Justice |
| James Treat | Assistant Director of Decennial Census Programs Directorate, Census Bureau | Mr. Treat is likely to have information regarding the impact of the citizenship question of responsiveness among certain | c/o Department of Justice |

| | | populations, foreseeable undercounts, and the process by which the decision to add the citizenship question to the Decennial Census was made. | |
|---|---|---|---|
| Victoria Velkoff | Chief, American Community Survey Office, U.S. Census Bureau | Ms. Velkoff is likely to have information regarding the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts, and the process by which the decision to add the citizenship question to the Decennial Census was made. | c/o Department of Justice |
| James Whitehorne | Chief, Redistricting Data Program, Census Bureau | Mr. Whitehorne is likely to have information regarding the necessity of Decennial Census data for VRA enforcement. | c/o Department of Justice |
| Lisa Wolfisch | Acting Director, Center for New Media & Promotion, Census Bureau | Ms. Wolfish is likely to have information regarding communications within and outside the Commerce Department regarding the citizenship question, and the decision making | c/o Department of Justice |

| | | process regarding the same. | |
|---|---|---|---|

### C.  Non-Parties

| Name | Title | Subject Matter | Contact Information |
|---|---|---|---|
| Fahd Ahmed | Executive Director, Desis Rising Up and Moving ("DRUM") | Mr. Ahmed is likely to have information about DRUM's Census education and outreach efforts; and organizational mission, programs and services. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Steve Bannon | Former White House Chief Strategist | Mr. Bannon is likely to have information around the motivations of the defendants in adding the citizenship question to the Decennial Census, and the impact of undercounts on other federal programs and political apportionment. | |
| Robert Berman | Deputy Chief, Voting Section, Civil Rights Division, Department of Justice | Mr. Berman is likely to have information around the motivations of the defendants in adding the citizenship question to the Decennial Census, as well as the necessity of Decennial Census date to VRA enforcement. | c/o Department of Justice |
| Lisa Blumerman | Former Acting Associate Director for 2020 Census, Census Bureau | Ms. Blumerman is likely to have information regarding the decision to add the citizenship | Lisa Blumerman |

| | | question to the Decennial Census, the necessity of Decennial Census data for VRA enforcement, the process by which the decision was made to add the citizenship question to the Decennial Census, the normal process and procedures for adding questions to the Decennial Census, communications outside the Commerce Department regarding the citizenship question, the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts, and the impact of undercounts on other federal programs and political apportionment. | |
| Eric Branstad | Former Senior White House Advisor, Department of Commerce | Mr. Branstad is likely to have information regarding the motivation for adding the citizenship question to the Decennial Census, the necessity of Decennial Census data for VRA enforcement, the the process by which the | Eric Branstad |

| | | decision was made to add the citizenship question to the Decennial Census, the normal process and procedures for adding questions to the Decennial Census, communications outside the Commerce Department regarding the citizenship question, the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts, and the impact of undercounts on other federal programs and political apportionment. | |
| --- | --- | --- | --- |
| Andrew Bremberg | Assistant to the President and the Director of the Domestic Policy Council | Mr. Bremberg is likely to have information around the motivations of the defendants in adding the citizenship question to the Decennial Census, and the impact of undercounts on other federal programs and political apportionment. | |
| Sarah Brinegar | Social Science Analyst, Civil Rights Division, Department of Justice | Ms. Brinegar is likely to have information around the motivations of the defendants in adding the citizenship | c/o Department of Justice |

| | | question to the Decennial Census, as well as the necessity of Decennial Census date to VRA enforcement. | |
|---|---|---|---|
| Steven Camarota | Director of Research, Center for Immigration Studies (CIS) | Mr. Camarota is likely to have information around the motivations of the defendants in adding the citizenship question to the Decennial Census, and the impact of undercounts on other federal programs and political apportionment. | Steven Camarota |
| Carlyn Cowen | Chief Policy & Public Affairs Officer, Chinese American Planning Council ("CPC") | Ms. Cowen is likely to have information about CPC's Census education and outreach efforts; Census-guided funding streams; and organizational mission, programs and services. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Marlenis de los Santos | N/A | Ms. de los Santos is likely to have information about the state and political subdivision in which she resides and the facilities, programs, and services that she uses that may benefit from Census-guided funding. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Arthur E. Gary | General Counsel, Justice Management Division, Department of Justice | Mr. Gary is likely to have information around the motivations of the defendants in adding the citizenship | c/o Department of Justice |

| | | question to the decennial census, as well as the necessity of decennial census date to VRA enforcement. | |
|---|---|---|---|
| John Gore | Acting Assistant Attorney General John Gore, Civil Rights Division, Department of Justice | Mr. Gore is likely to have information around the motivations of the defendants in adding the citizenship question to the Decennial Census, as well as the necessity of Decennial Census date to VRA enforcement. | c/o Department of Justice |
| Robert Groves | Former Director, Census Bureau | Mr. Groves is likely to have information on the impact of the citizenship question on responsive rates, the history of the census bureau's analysis of including the citizenship question, and the normal practices of the Census Bureau in adding a question to the Decennial Census. | Robert Groves |
| Hermann Habermann | Former Deputy Director, Census Bureau | Mr. Haberman is likely to have information on the impact of the citizenship question on responsive rates, the history of the census bureau's analysis of including the citizenship question, and the normal practices of the Census Bureau in | Hermann Habermann |

| | | adding a question to the Decennial Census. | |
|---|---|---|---|
| Israel ("Izzy") Hernandez | Former Acting Undersecretary of International Trade, Department of Commerce | Mr. Hernandez is likely to have information regarding the motivation for adding the citizenship question to the Decennial Census. | Israel ("Izzy") Hernandez |
| T. Christian Herren | Chief, Voting Section, Civil Rights Division, Department of Justice | Mr. Herron is likely to have information around the motivations of the defendants in adding the citizenship question to the Decennial Census, as well as the necessity of Decennial Census date to VRA enforcement. | c/o Department of Justice |
| Rama Issa-Ibrahim | Executive Director, Arab-American Association of New York ("AAANY") | Ms. Issa-Ibrahim is likely to have information about AAANY's Census education and outreach efforts; and organizational mission, programs and services. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Steve King | United States Representative, 4th District of Iowa | Mr. King is likely to have information around the motivations of the defendants in adding the citizenship question to the Decennial Census. | |
| Ditas Kitague | California Census Coordinator | Ms. Kitague is likely to have information on the effects on response rates of adding a citizenship question to Census. | |
| Kris Kobach | Secretary of | Mr. Kobach is likely | |

| | State of Kansas | to have information around the motivations of the defendants in adding the citizenship question to the Decennial Census, and the impact of undercounts on other federal programs and political apportionment. | |
|---|---|---|---|
| Linda Lee | Executive Director, Korean Community Services of Metropolitan New York ("KCSMNY") | Ms. Lee is likely to have information about KCSMNY's Census-guided funding streams; and organizational mission, programs and services. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Mae Lee | Chinese Progressive Association ("CPA") | Ms. Lee is likely to have information about CPA's Census education and outreach efforts; Census-guided funding streams; and organizational mission, programs and services. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Perla Lopez | N/A | Ms. Lopez is likely to have information about the state and political subdivision in which she resides and the facilities, programs, and services that she uses that may benefit from Census-guided funding. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Ray López | Director of Programs and Director of Environmental Health, LSA | Mr. Lopez is likely to have information about LSA's Census-guided funding streams; and | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 |

| | Family Health Services ("LSA") | organizational mission, programs and services. | (202) 942-5000 |
|---|---|---|---|
| Aracelis Lucero | Executive Director, Masa | Ms. Lucero is likely to have information about Masa's Census education and outreach efforts; Census-guided funding streams; and organizational mission, programs and services. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Alejandra Martin | N/A | Ms. Martin is likely to have information about the state and political subdivision in which she resides and the facilities, programs, and services that she uses that may benefit from Census-guided funding. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Laura McQuade | President and Chief Executive Officer, Planned Parenthood of New York City ("PPNYC") | Ms. McQuade is likely to have information about KCSMNY's Census-guided funding streams; and organizational mission, programs and services. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Larry McReynolds | Executive Director, Family Health Centers at NYU Langone | Mr. McReynolds is likely to have information about Family Health Centers at NYU Langone's Census-guided funding streams; and organizational mission, programs and services. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Stephen Miller | Senior Advisor to the President | Mr. Miller is likely to have information | |

| | | around the motivations of the defendants in adding the citizenship question to the Decennial Census, and the impact of undercounts on other federal programs and political apportionment. | |
|---|---|---|---|
| Amy O'Hara | Former Head of Census Bureau's Center for Administrative Records Research and Applications | Ms. O'Hara is likely to have information on Census' ability to use administrative match data to fulfill the equest for citizenship data in order to help enforce the VRA. | |
| Ben Overholt | Statistician, Civil Rights Division, Department of Justice | Mr. Overholt is likely to have information around the motivations of the defendants in adding the citizenship question to the Decennial Census, as well as the necessity of Decennial Census date to VRA enforcement. | c/o Department of Justice |
| John Park | Executive Director, MinKwon Center for Community Action ("MinKwon") | Mr. Park is likely to have information about MinKwon's Census education and outreach efforts; Census-guided funding streams; and organizational mission, programs and services. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Nancy Potok | Chief statistician of the United States, within the Office of | Ms. Potok is likely to have information regarding the necessity of | |

| | Management and Budget | Decennial Census data for VRA enforcement, the normal process and procedures for adding questions to the Decennial Census, communications outside the Commerce Department regarding the citizenship question, the impact of the citizenship question of responsiveness among certain populations, foreseeable undercounts, and the impact of undercounts on other federal programs and political apportionment. | |
|---|---|---|---|
| William Spisak | Program Director, Chhaya Community Development Corporation ("Chhaya") | Mr. Spisak is likely to have information about Chhaya's Census education and outreach efforts; Census-guided funding streams; and organizational mission, programs and services. | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 (202) 942-5000 |
| Dan Torres | Director of Immigrant Integration | Mr. Torres is likely to have information on the effects on response rates of adding a citizenship question to Census. | |
| Yatziri Tovar | N/A | Ms. Tovar is likely to have information about the state and political subdivision in which she resides | c/o Arnold & Porter Kaye Scholer LLP (212) 607-3300 601 Massachusetts Ave, N.W. Washington, DC 20001-3743 |

| | | and the facilities, programs, and services that she uses that may benefit from Census-guided funding. | (202) 942-5000 |
|---|---|---|---|
| Arturo Vargas | Executive Director of NALEO Educational Fund | Mr. Vargas is likely to have information on the effects on response rates of adding a citizenship question to Census. | |
| Rebecca Wertz | Deputy Chief, Voting Section, Civil Rights Division, Department of Justice | Ms. Wertz is likely to have information around the motivations of the defendants in adding the citizenship question to the Decennial Census, as well as the necessity of Decennial Census date to VRA enforcement. | c/o Department of Justice |

## II.    FRCP 26(a)(1)(A)(ii): Documents

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Plaintiffs identify the following categories and

locations of documents as likely to contain information relevant to disputed matters in this case

that Plaintiffs may use to support their claims, unless solely for impeachment. These disclosures

relate solely to documents within Plaintiffs' possession, custody, or control. The categories

below reflect those that Plaintiffs have identified as of the date of this disclosure and may not

reflect all categories of documents in Plaintiffs' possession, custody, or control. Plaintiffs reserve

the right to supplement or amend these categories. By setting forth this information, Plaintiffs do

not admit the relevance or admissibility of any category or any document in any category; nor do

Plaintiffs acknowledge that any request for documents comprising all or part of any of these

categories would be reasonably calculated to lead the discovery of admissible evidence in this

case, or that the request is otherwise appropriate. Plaintiffs expressly reserve the right to object to and/or withhold production of any documents in any of the categories set forth below. These documents are in the form of electronically stored information or hard copy documents. Plaintiffs reserve the right to use any relevant evidence in support of its claims, regardless of the categories listed below.

### A.  Categories of Documents

- Documents related to Plaintiffs' Census education and outreach efforts and the effect of the citizenship question on those efforts

- Documents related to Plaintiffs' Census-guided funded streams

- Documents related to Plaintiffs' organizational missions, programs, membership, and services, and the immigrant communities of color that Plaintiffs serve.

### B.  Location of Documents

The above categories of documents include Plaintiffs' electronic and hard-copy documents.  The electronic documents are located on the computer systems for Plaintiffs and on individual media.  Documents potentially related to Plaintiffs' complaints are located at Plaintiffs' offices, whose addresses are as follows:

| Plaintiff | Location of Documents |
|---|---|
| New York Immigration Coalition | 131 W 33rd Street, Ste 610, New York, NY 10001 |
| Casa de Maryland | 8151 15th Ave Langley Park, MD 20783 |
| American-Arab Discrimination Committee | 1705 DeSales St., NW, Suite 500, Washington DC 20036 |
| ADC Research Institute | 1705 DeSales St., NW, Suite 500, Washington DC 20036 |
| Make the Road New York | 301 Grove Street, Brooklyn, NY 11237 |

Plaintiffs' investigation is ongoing. If, as the case develops, Plaintiffs identify additional documents or categories of documents in their possession, custody or control that supports their claims, Plaintiffs will identify them in supplemental disclosures as required under Fed. R. Civ. P. 26(e).

### III.    Rule 26(a)(1)(A)(iii): Computation of Plaintiffs' Damages

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), other than fees and costs to which it may be entitled under applicable law, Plaintiffs do not seek damages for this matter from Defendants at this time.

### IV.    Rule 26(a)(1)(A)(iv): Insurance Policies

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv), Plaintiffs have no applicable insurance agreements to disclose.

Dated: July 23, 2018

ARNOLD & PORTER KAYE SCHOLER LLP
AMERICAN CIVIL LIBERTIES UNION

By:  /s/ John A. Freedman

Dale Ho
David Hausman[+]
American Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 549-2693
dho@aclu.org
dhausman@aclu.org

Sarah Brannon[+]**

Andrew Bauer
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-7669
Andrew.Bauer@arnoldporter.com

John A. Freedman
David P. Gersch*
Peter T. Grossi, Jr*

Davin Rosborough**
Ceridwen Cherry[+]
American Civil Liberties Union Foundation
915 15th Street, NW
Washington, DC 20005-2313
202-675-2337
sbrannon@aclu.org
drosborough@aclu.org
ccherry@aclu.org

Arthur N. Eisenberg
Christopher T. Dunn
Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601
pgrossman@nyclu.org

Samer E. Khalaf*
American-Arab Anti-Discrimination Committee
1705 DeSales Street, N.W., Suite 500
Washington, DC 20036
202-244-2990
skhalaf@adc.org

Nicholas Katz*
CASA de Maryland
8151 15th Avenue
Hyattsville, MD 20783
(240) 491-5743
nkatz@wearecasa.org

R. Stanton Jones*
Eric A. Rubel*
David J. Weiner*
Robert N. Weiner*
Barbara H. Wootton*
Elisabeth S. Theodore*
Daniel F. Jacobson*
Caroline D. Kelly[+]
Christine G. Lao-Scott*
Jay Z. Leff[+]
Chase R. Raines[+]
Dylan S. Young[+]
Arnold & Porter Kaye Scholer LLP
Massachusetts Avenue, N.W.
Washington, DC 20001-3743
(202) 942-5000
John.Freedman@arnoldporter.com

+ admitted pro hac vice
* designates pro hac vice application forthcoming.
** Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(3).

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, et al.,

               Plaintiffs,

       v.                                  18-CV-2921 (JMF)

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

               Defendants.

 

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiffs Hidalgo and Cameron Texas Counties by its attorney, Special Counsel Rolando L. Rios,  makes the following Initial Disclosures.

## <u>INTRODUCTION</u>

1.      These Initial Disclosures are based upon information presently known to Plaintiffs Hidalgo and Cameron Counties. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiffs Hidalgo and Cameron Counties reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiffs Hidalgo and Cameron Counties hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiffs

1

Hidalgo and Cameron Counties make no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiffs Hidalgo and Cameron Counties' identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiffs from obtaining discovery of individuals not presently identified. Plaintiffs Hidalgo and Cameron Counties incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiffs Hidalgo and Cameron Counties' identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Plaintiffs Hidalgo and Cameron Counties reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiffs Hidalgo and Cameron Counties are not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor do Plaintiffs Hidalgo and Cameron Counties waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

## **I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiffs Hidalgo and Cameron Counties may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiffs Hidalgo and Cameron Counties expressly reserves the right to supplement this disclosure:

2

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Maria Arcelia Duran, CPA, Hidalgo County Auditor | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | Maria Arcela Duran has knowledge of the impact of decennial census population counts on local funding and budgets. |
| Martha Galarza, CPA, Cameron County Auditors Office) | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | Martha Galarza has knowledge of the impact of decennial census population counts on local funding and budgets. |
| Ramon Garcia, Hidalgo County Judge | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. The witness has knowledge of the heightened fears surrounding the 2020 decennial census. |
| Eddie Trevino Jr., Cameron County Judge | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. The witness has knowledge of the heightened fears surrounding the 2020 decennial census. |

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

Plaintiffs  Hidalgo and Cameron Counties  have no documents to disclose at this time but expressly reserves its right to supplement this disclosure:

**III. Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV. Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V. Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

DATED this 20th day of July, 2018.

Respectfully Submitted,

*Rolando L. Rios*
ROLANDO L. RIOS
Texas State Bar # 16935900
Special Counsel
115 E. Travis, Suite 1645
San Antonio, Texas  78205
Telephone:      (210) 222-2102
Facsimile:      (210) 222-2898
E-Mail:          rrios@rolandorioslaw.com


Attorney for Plaintiffs HIDALGO AND
CAMERON COUNTIES OF TEXAS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff, the City of Central Falls (the "State of Rhode Island"), by its attorney, Matthew T. Jerzyk, Bar Number 7945 of the State of Rhode Island, makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to the City of Central Falls. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff City of Central Falls reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff City of Central Falls hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of Central Falls

1

makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4. Plaintiff City of Central Falls's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Central Falls incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5. Plaintiff City of Central Falls's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Central Falls reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Central Falls is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Central Falls waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

## **I. Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of Central Falls may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of Central Falls expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Mayor James Diossa, City of Central Falls | Contact through Counsel: City Solicitor City of Central Falls 580 Broad Street Central Falls, | The witness has knowledge of how the addition of the citizenship question has spread fear and confusion among city residents who have been asked to |

| | RI 02863<br>MJerzyk@CentralFallsRI.us | participate in the Census "Test Run" and whether ICE would be notified. |
|---|---|---|
| Rachel Flum, Economic Progress Institute | Contact through Counsel:<br>City Solicitor<br>City of Central Falls 580 Broad Street Central Falls, RI 02863<br>MJerzyk@CentralFallsRI.us | The witness has knowledge of the impact of decennial census population counts on local funding and budgets. |
| Mario Bueno, Executive Director, Progreso Latino | Contact through Counsel:<br>City Solicitor<br>City of Central Falls 580 Broad Street Central Falls, RI 02863<br>MJerzyk@CentralFallsRI.us | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census. Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |
| Gabriela Domenzain | Contact through Counsel:<br>City Solicitor<br>City of Central Falls 580 Broad Street Central Falls, RI 02863<br>MJerzyk@CentralFallsRI.us | Witness has information regarding the presence of hard-to-count populations in Central Falls and areas particularly vulnerable to undercounting. |
| Kim Brace | Contact through Counsel:<br>City Solicitor<br>City of Central Falls 580 Broad Street Central Falls, RI 02863<br>MJerzyk@CentralFallsRI.us | Witness has information regarding the impact of the decennial census population count on the state redistricting process. |
| John Marion, Common Cause of Rhode Island | Contact through Counsel:<br>City Solicitor<br>City of Central Falls 580 Broad Street Central Falls, RI 02863<br>MJerzyk@CentralFallsRI.us | The witness has information regarding Central Falls's efforts to mitigate the impact of the citizenship question on non-response rates.  Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff City of Central Falls's possession, custody, or control that may be used by Plaintiff City of Central Falls to support its claims are described as follows.  Plaintiff City of Central Falls expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---|---|
| "Census on Trial," OpEd by Mayor James Diossa Providence | This document will be uploaded to the central repository administered by the New York Attorney General's Office. |
| Statement of Former Census Directors on Adding a New Question to the 2010 Census (Oct. 16, 2009) | This document will be uploaded to the central repository administered by the New York Attorney General's Office. |
| Press Conference Memo on Citizenship Question | This document will be uploaded to the central repository administered by the New York Attorney General's Office. |
| U.S. Census Bureau, How a Question Becomes a Part of the American Communities Survey (2017) | This document will be uploaded to the central repository administered by the New York Attorney General's Office. |

**III.  Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 17th day of July, 2018.

The City of Central Falls
by and through its City Solicitor
Matthew T. Jerzyk

*/s/ Matthew T. Jerzyk* _____
NAME
Matthew T. Jerzyk, Esq. (R.I. Bar No. 7945)
City Solicitor
City of Central Falls
580 Broad St.
Central Falls, RI 02863
401-556-7412
MJerzyk@CentralFallsRI.us

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, et al.,

              Plaintiffs,

    v.                            18-CV-2921 (JMF)

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

              Defendants.

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff City of Chicago (the "City of Chicago"), by its attorney, Edward N. Siskel, the Corporation Counsel of the City of Chicago, makes the following Initial Disclosures.

## **INTRODUCTION**

1.      These Initial Disclosures are based upon information presently known to the City of Chicago. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff City of Chicago reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff City of Chicago hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of Chicago

1

makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.     Plaintiff City of Chicago's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Chicago incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.     Plaintiff City of Chicago's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Chicago reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Chicago is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Chicago waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

### I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures:

The below listed persons are likely to have discoverable information that Plaintiff City of Chicago may use to support Plaintiffs' claims as detailed in the First Amended Complaint. Plaintiff City of Chicago expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| Evelyn Rodriguez, Office of the Mayor of the City of Chicago | Contact through Counsel for the City of Chicago | Evelyn Rodriguez is an advisor for neighborhood development and community engagement and serves as a conduit to all communities and manages partnerships with |

| | | external stakeholders including those from the civic, faith-based, cultural and business communities.  Appointed by the Mayor of Chicago, she serves as the City's designee on the Illinois Complete Count Commission.  The Commission is developing and will recommend a 2020 Census outreach strategy and will be chaired by the IL Secretary of State.  The witness has knowledge of Chicago's involvement and efforts in census outreach, which seeks to combat the undercount projected for the 2020 Census. |
|---|---|---|
| Bryan Esenberg, Deputy Commissioner of the Multi-Family Finance and Housing Preservation Division of the Chicago Department of Planning and Development | Contact through Counsel for the City of Chicago | The witness has knowledge on issues related to how the City of Chicago's grant funding and tax credits are affected by the decennial Census count. |
| Dr. Julie Morita, Commissioner of the Chicago Department of Public Health | Contact through Counsel for the City of Chicago | The witness has knowledge about how inaccurate figures from the 2020 Census will harm the ability of the Chicago Department of Public Health to serve local communities and to identify and treat communities with the greatest need, particularly in the area of disease prevention and control.  The witness also has knowledge about how the City of Chicago's grant funding, particularly the Immunization Program, will be affected by the decennial Census count. |
| Jackie Tiema, Director of Grants Management for the Chicago Department of Family & Support Services | Contact through Counsel for the City of Chicago | This witness has knowledge about the Chicago Department of Family & Support Services ("DFSS")'s federal grant application process. |
| John Young, Political Director for Common Cause Illinois | Contact through Counsel for the City of Chicago | This witness has knowledge about local funding and budgets. |
| Celina Villanueva, NADP & Youth Engagement Manager for the Illinois Coalition for Immigrant | Contact through Counsel for the City of Chicago | This witness has knowledge about impact of the citizenship question on community members' willingness to participate in the decennial Census. |

| and Refugee Rights | | |
|---|---|---|
| Lawrence Benito, CEO & Executive Director of the Illinois Coalition for Immigrant and Refugee Rights | Contact through Counsel for the City of Chicago | This witness has knowledge about impact of the citizenship question on community members' willingness to participate in the decennial Census. |
| Selma D'Souza, Executive Director of the Indo American Center | Contact through Counsel for the City of Chicago | This witness has knowledge about impact of the citizenship question on community members' willingness to participate in the decennial Census and local funding and budgets. |
| Judith Gethner, Executive Director of Illinois Partners for Human Services | Contact through Counsel for the City of Chicago | This witness has knowledge about local funding and budgets. |
| Jeff Raines, Communications and Engagement Director for Change Illinois | Contact through Counsel for the City of Chicago | This witness has knowledge regarding the impact of the decennial Census population count on the state redistricting process. |
| Jesus Garcia, Cook County Commissioner | Contact through Counsel for the City of Chicago | This witness has knowledge about the impact of the citizenship question, local funding and budgets, as well as the state redistricting process. |
| Anita Banerji, Director of the Democracy Initiative for Forefront | Contact through Counsel for the City of Chicago | This witness has been leading, facilitating and making collaborative efforts with Illinois advocates and grant-makers across the state for a fair and accurate Census in 2020, and has knowledge about the same. |

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

Plaintiff City of Chicago expressly reserves its right to supplement these initial disclosures by later identifying documents and electronically stored information in Plaintiff City of Chicago's possession, custody, or control that may be used by Plaintiff City of Chicago to support its claims.

**III. Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV. Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V. Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 18th day of July, 2018.

Edward N. Siskel
CORPORATION COUNSEL
CITY OF CHICAGO

/s/ Christie Starzec

Christie L. Starzec
Assistant Corporation Counsel
City of Chicago Department of Law
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-7864
Christie.Starzec@cityofchicago.org

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the State of Colorado (the "State of Colorado"), by its attorney, Jacqueline Cooper Melmed, Chief Legal Counsel to Governor John Hickenlooper of the State of Colorado, makes the following Initial Disclosures.

### INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to the State of Colorado. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff State of Colorado reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff State of Colorado hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Colorado makes

1

no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff State of Colorado's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of Colorado incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff State of Colorado's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff State of Colorado reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Colorado is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of Colorado waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Colorado may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Colorado expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| Elizabeth Garner, State Demographer, Colorado Department of Local Affairs | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on state funding and regarding the presence of hard-to-count populations in Colorado and areas particularly vulnerable to undercounting. |
| Debra Perkins-Smith, Director of Transportation Development, Colorado Department of Transportation | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on state transportation funding. |
| Melissa Wavelet, Director, Office of Performance Management and Strategic Outcomes, Colorado Department of Human Services | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on state human services funding. |
| Carrie Kronberg, Housing Programs Manager, Division of Housing, Colorado Department of Local Affairs | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on state housing funding. |
| Alison Williams Helm, Financial Assistance Manager, Colorado Department of Local Affairs | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on federal funding from Community Service and Community Development Block Grant programs. |
| John Bartholomew, Chief Financial Officer, Colorado Department of Health Care Policy & Financing | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on federal funding to states for Medicaid. |

3

| | | |
|---|---|---|
| Jamie Torres, Deputy Director, Agency for Human Rights & Community Partnerships; Director, Office of Immigrant & Refugee Affairs, City and County of Denver | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. |
| Stephanie Adams, Budget and Management Director, Department of Finance, City and County of Denver | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on local government funding. |
| Karen Hancock, Planning Supervisor/Data Services, City of Aurora | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on city funding and knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. |
| Phillip Supino, Principal Long-Range Planner, City of Aspen | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on local government funding and knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. |
| Jon Stavney, Executive Director, Northwest Colorado Council of Governments | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on local government funding and knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. |
| Nicole Melaku, Executive Director, | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us | The witness has knowledge of engagement with the Latino community and other immigrant communities in Colorado regarding |

| Colorado Immigrant Rights Coalition | (303) 866-6390 | the 2020 decennial census, and knowledge of the electoral impact of the decennial census population count on the state redistricting process. |
|---|---|---|
| Gillian Winbourn, Together We Count | Governor's Office of Legal Counsel<br>jackic.melmed@state.co.us<br>jenna.goldstein@state.co.us<br>(303) 866-6390 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process, of the heightened fears surrounding the 2020 decennial census, and of outreach efforts conducted by the Census Bureau. |
| Rosemary Rodriguez, Together We Count | Governor's Office of Legal Counsel<br>jackic.melmed@state.co.us<br>jenna.goldstein@state.co.us<br>(303) 866-6390 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process, of the heightened fears surrounding the 2020 decennial census, and of outreach efforts conducted by the Census Bureau. |
| Mark Turner, Senior Director of Public Policy, Colorado Nonprofit Association | Governor's Office of Legal Counsel<br>jackic.melmed@state.co.us<br>jenna.goldstein@state.co.us<br>(303) 866-6390 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. |
| Jim Chavez, Executive Director, Latin American Educational Foundation | Governor's Office of Legal Counsel<br>jackic.melmed@state.co.us<br>jenna.goldstein@state.co.us<br>(303) 866-6390 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process, and of the heightened fears surrounding the 2020 decennial census. |
| Nancy Olson, Executive Director, Project Safeguard | Governor's Office of Legal Counsel<br>jackic.melmed@state.co.us<br>jenna.goldstein@state.co.us<br>(303) 866-6390 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process, of the heightened fears surrounding the 2020 decennial census, and of the impact of the decennial census population count on state funding. |

| Chris Barge, Vice President of Strategic Initiatives, The Community Foundation of Boulder County | Governor's Office of Legal Counsel<br>jackic.melmed@state.co.us<br>jenna.goldstein@state.co.us<br>(303) 866-6390 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process, and of the heightened fears surrounding the 2020 decennial census. |
| Monica Bies, Child, Youth, and Family Specialist, University of Colorado-Denver Center on Domestic Violence | Governor's Office of Legal Counsel<br>jackic.melmed@state.co.us<br>jenna.goldstein@state.co.us<br>(303) 866-6390 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process, and of the heightened fears surrounding the 2020 decennial census. |

6

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Colorado's possession, custody, or control that may be used by Plaintiff State of Colorado to support its claims are described as follows. Plaintiff State of Colorado expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---|---|
| Executive Order B 2018 007, Continuing and Reorganizing the Colorado Complete Count Campaign (Executive Order signed by Governor John Hickenlooper on June 15, 2018 continuing and reorganizing the Colorado Complete Count Campaign for the 2020 Census) | This document is at a central repository administered by the New York Attorney General's Office. |
| Questions and Answers about Colorado Census 2020 (state-created outreach document for local governments outlining the importance of the 2020 Census as well as the timeline for preparation) | This document is at a central repository administered by the New York Attorney General's Office. |
| CUNY Mapping Service, Center for Urban Research, CUNY Graduate Center, Mapping Hard to Count (HTC) Communities for a Fair and Accurate 2020 Census (web link) | This document is at a central repository administered by the New York Attorney General's Office. |

**III. Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV. Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V. Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 16th day of July, 2018.

Jacqueline Cooper Melmed
Chief Legal Counsel
Governor John Hickenlooper
State of Colorado

/s/ _____

Jacqueline Cooper Melmed
Chief Legal Counsel
Governor
Governor John Hickenlooper
136 State Capitol Building
Denver, Colorado 80203
Tel:  (303) 866-3788
jackic.melmed@state.co.us

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff the People of the City of Columbus, by its attorney, Zachary M. Klein of the City Attorney's Office of Columbus, makes the following Initial Disclosures.

## INTRODUCTION

1.     These Initial Disclosures are based upon information presently known to the City of Columbus. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.     Plaintiff City of Columbus reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.     Plaintiff City of Columbus hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of

Columbus makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.     Plaintiff City of Columbus's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Columbus incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.     Plaintiff City of Columbus's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Columbus reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Columbus is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Columbus waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of Columbus may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of Columbus expressly reserves the right to supplement this disclosure:

| **Name** | **Subjects of Discoverable Information** |
|---|---|
| Anita Clark, fiscal manager in the Columbus Department of Health | This witness has knowledge of how census driven funds are distributed to various City organizations and how such decisions are made. Witness also has information about how much money was expended by each City organization. |

| | |
|---|---|
| Carolyn Thurman, Grants management coordinator, department of finance and management for the City of Columbus | This witness has information regarding the grant formulas that are used to calculate how much funding the City of Columbus will receive based on census data. |
| Inna Kinney, CEO of Economic Community Development Institute | This witness has knowledge of the impact census driven funds have on the City of Columbus. Witness can also speak on the hardship the city will face if such funds are not representative of our population. |
| Mohamud Jama, Director of the New American Political Action Committee | This witness also has information regarding how an additional citizenship question will affect Somali turnout in the census and how a decrease in census-driven funds will affect this community. |
| Ramona Reyes, Director of Our Lady of Guadalope Center | This witness has information regarding how adding a citizenship question to the census will affect Latino turnout. Witness also has information regarding how a decrease in census-driven funds will affect the Latino population in Columbus. |
| Roger Cloern, fiscal division at the Columbus Department of Health | This witness has information regarding the grant formulas that are used to calculate how much funding the City of Columbus will receive based on census data. |
| Steve Fireman, GC of Economic Community Development Institute | This witness has knowledge of the impact census driven funds have on the City of Columbus. Witness can also speak on the hardship the city will face if such funds are not representative of our population. |

Each of the above listed witnesses can be contacted through counsel at the Columbus

City Attorney's office. Contact information for counsel is:

> Alexandra Pickerill or Richard Coglianese
> 77 North Front Street
> Columbus, Ohio 43215
> (614)645-6945 (phone)
> (614)645-0818 (phone)
> (614)645-6949 (fax)
> anpickerill@columbus.gov
> rncoglianese@columbus.gov

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff City of Columbus's possession, custody, or control that may be used by Plaintiff City of Columbus to support its claims are described as follows.  Plaintiff City of Columbus expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| 2015 Comprehensive Annual Financial Report<br><br>Details how much money was received in federal funds and where those funds were allocated in fiscal year 2015. | This document is at a central repository administered by the New York Attorney General's Office |
| 2016 Comprehensive Annual Financial Report<br><br>Details how much money was received in federal funds and where those funds were allocated in fiscal year 2016. | This document is at a central repository administered by the New York Attorney General's Office |
| 2017 Comprehensive Annual Financial Report<br><br>Details how much money was received in federal funds and where those funds were allocated in fiscal year 2017. | This document is at a central repository administered by the New York Attorney General's Office |
| Assistance Data Catalog of Federal Domestic Assistance | This document is at a central repository administered by the New York Attorney General's Office |
| 2017 Schedule of Expenditure and Federal Awards | This document is at a central repository administered by the New York Attorney General's Office |
| 2017 Schedule of Expenditure and Federal Awards with hand-written department allocations.<br><br>Details which departments within the City are given | This document is at a central repository administered by the New York Attorney General's Office |

| | |
|---|---|
| federal funds based on the census data. | |
| Census Driven Federal Funds_Columbus<br><br>This excel spreadsheet shows where census-driven funds have been allocated in the City of Columbus. | This document is at a central repository administered by the New York Attorney General's Office |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

     Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

     Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

     Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 12th day of July, 2018.

                     Zach Klein
                     City Attorney of the City of Ohio

                     */s/ Zach Klein*
                     Zach Klein
                     Columbus City Attorney
                     77 North Front Street
                     Columbus Ohio, 43215
                     (614)645-7385
                     zmklein@columbus.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the State of Connecticut ("Connecticut"), by its attorney, Mark F. Kohler, Assistant Attorney General, of the Connecticut Office of the Attorney General, makes the following Initial Disclosures.

## INTRODUCTION

1. These Initial Disclosures are based upon information presently known to Plaintiff Connecticut. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2. Plaintiff Connecticut reserves the right at any time to revise and/or supplement these Initial Disclosures.

3. Plaintiff Connecticut hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff Connecticut makes no

1

representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.    Plaintiff Connecticut's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff Connecticut incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.    Plaintiff Connecticut's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Plaintiff Connecticut reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff Connecticut is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff Connecticut waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## <u>INITIAL DISCLOSURES</u>

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State

of Connecticut may use to support Plaintiff's claims as detailed in the First Amended Complaint.

Plaintiff State of Connecticut expressly reserves the right to supplement this disclosure:

| <u>Name</u> | <u>Contact Information</u> | <u>Subjects of Discoverable Information</u> |
|---|---|---|
| Paul Potamianos, Executive Budget Director, State of Connecticut Office of Policy & Management | c/o Mark F. Kohler Assistant Attorney General Connecticut Office of the Attorney General 55 Elm St., P.O. Box 120 Hartford, CT 06141-0120 860-808-5020 Mark.Kohler@ct.gov | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

Plaintiff Connecticut does not have any documents or electronically stored information to

disclose at this time. Plaintiff Connecticut expressly reserves its right to supplement this

disclosure.

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 19th day of July, 2018.

GEORGE JEPSEN
Attorney General of the State of Connecticut

 */s/ Mark F. Kohler*
Mark F. Kohler
Assistant Attorney General
Connecticut Office of the Attorney General
55 Elm St., P.O. Box 120
Hartford, CT 06141-0120
860-808-5020
Mark.Kohler@ct.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

**PLAINTIFF DISTRICT OF COLUMBIA'S INITIAL DISCLOSURES**

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the District of Columbia, by its attorneys, makes the following Initial Disclosures.

**INTRODUCTION**

1.    These Initial Disclosures are based upon information presently known to the District of Columbia. They are made without prejudice to producing information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures during discovery or at trial.

2.    Plaintiff District of Columbia reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.    Plaintiff District of Columbia hereby expressly reserves all objections to the use of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff District of Columbia makes no

1

representations or concessions regarding the relevancy or appropriateness of any particular document or types of documents.

4.      Plaintiff District of Columbia's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiffs from obtaining discovery of individuals not presently identified. Plaintiff District of Columbia incorporates all individuals identified by all other parties in these Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff District of Columbia's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff District of Columbia reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff District of Columbia is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff District of Columbia waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

### I.   **Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff District of Columbia may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff District of Columbia expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Fitzroy Lee, PhD Deputy CFO and Chief Economist | Office of the Attorney General for the District of Columbia, 441 4th | Witness has knowledge of the impact of decennial census population counts on District of Columbia funding and budgets. |

| | | |
|---|---|---|
| | Street, N.W., Suite 630 South, Washington, DC 20001 | |
| Sam Zimbabwe Chief Project Delivery Officer Office of the Director District Department of Transportation | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | Witness has knowledge of the impact of decennial census population counts on highway planning and construction and other funding for the District. |
| Elisabeth Morse, Division of Systems and Supports (K-12) D.C. Office of the State Superintendent of Education | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | Witness has knowledge of the impact of decennial census population counts on education and other funding for the District. |
| Elizabeth Groginsky, Division of Early Learning D.C. Office of the State Superintendent of Education | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | Witness has knowledge of the impact of decennial census population counts on education and other funding for the District. |
| Gretchen Brumley, Division of Student Transportation D.C. Office of the State Superintendent of Education | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | Witness has knowledge of the impact of decennial census population counts on education and other funding for the District. |
| Corporate designee(s) of the D.C. Department of Human Services | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, | Witness has knowledge of the impact of decennial census population counts on Supplemental Nutrition Assistance Program, Foster Care, WIC, and other funding for the District. |

3

| | Washington, DC 20001 | |
|---|---|---|
| Joy Phillips, PhD Associate Director, D.C. State Data Center D.C. Office of Planning | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | Witness has information regarding the District of Columbia's use of census information, its previous and ongoing efforts to improve its residents' responses to the census and the District's Complete Count Committee, the presence of hard-to-count populations in the District of Columbia, and areas particularly vulnerable to undercounting. |
| Corporate designee(s) of the Executive Office of the Mayor | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | The witness has information regarding the District of Columbia's Complete Count Committee and its efforts to mitigate the impact of the citizenship question on non-response rates.  Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff District of Columbia's possession, custody, or control that may be used to support its claims are described as follows. Plaintiff District of Columbia expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| Demographic reports concerning hard-to-count populations | These documents are being prepared by the D.C. Office of Planning, and when in final form they will be provided to the New York Attorney General's Office to be kept in a Central Repository. |
| Proposals and plans to mitigate non-response. | These documents are being prepared by the D.C. Complete Count Committee, and when in final form they will be provided to the New York Attorney General's |

| | |
|---|---|
| | Office to be kept in a Central Repository. |
| Budget analyses of the impact of undercount. | These documents are being prepared by the D.C. Office of the Chief Financial Officer, and when in final form they will be provided to the New York Attorney General's Office to be kept in a Central Repository. |
| D.C. Code § 1-1101.01 | This document is at a central repository administered by the New York Attorney General's Office. |
| Report on Bill 19-219 the "Ward Redistricting Amendment Act of 2011" | This document is at a central repository administered by the New York Attorney General's Office. |
| THE 2010 CENSUS: HOW COMPLETE COUNT COMMITTEES, LOCAL GOVERNMENTS, PHILANTHROPIC ORGANIZATIONS, NOT-FOR-PROFITS AND THE BUSINESS COMMUNITY CAN CONTRIBUTE TO AN ACCURATE CENSUS, HEARING BEFORE THE SUBCOMMITTEE ON INFORMATION POLICY, CENSUS, AND NATIONAL ARCHIVES OF THE COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM HOUSE OF REPRESENTATIVES (Dec. 2, 2009) | This document is at a central repository administered by the New York Attorney General's Office. |
| Subcommittee Report on Bill 14-137, the "Ward Redistricting Amendment Act of 2001" | This document is at a central repository administered by the New York Attorney General's Office. |
| D.C. Code § 1-1041.02 | This document is at a central repository administered by the New York Attorney General's Office. |
| D.C. Code § 1-309.03 | This document is at a central repository administered by the New York Attorney General's Office. |
| D.C. Code § 2-1010 | This document is at a central repository administered by the New York Attorney General's Office. |

| D.C. Code § 6-1502 | This document is at a central repository administered by the New York Attorney General's Office. |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

    Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

    Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

    Plaintiff District of Columbia will provide disclosures of expert testimony as required by Rule

26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal

Rules of Civil Procedure.

DATED this 19th day of July, 2018.

**KARL A. RACINE**
**Attorney General for the District of Columbia**

ROBYN R. BENDER*
Deputy Attorney General,
Public Advocacy Division

By: */s/ Valerie M. Nannery*

Valerie M. Nannery, Assistant Attorney General
(admitted *pro hac vice*)
Public Advocacy Division
441 4th Street, NW
Suite 650 North
Washington, DC 20001
valerie.nannery@dc.gov
Tel. (202) 442-9596
Fax (202) 730-1465

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| V. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a) (1), Plaintiff the People of the State of Delaware, by its attorney, David J. Lyons, Deputy Attorney General, (DE BAR ID 2341) of the State of Delaware, Department of Justice, makes the following Initial Disclosures.

## <u>INTRODUCTION</u>

1.      These Initial Disclosures are based upon information presently known to the State of Delaware. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff Delaware reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff Delaware hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff Delaware makes no

representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff Delaware's identification of individuals pursuant to Rule 26(a) (1) (A) (i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff Delaware incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff Delaware's identification or production of documents pursuant to Rule 26(a) (1) (A) (ii) is limited to those documents within its possession, custody or control.  Plaintiff Delaware reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff Delaware is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff Delaware waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Delaware may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Delaware expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| **Stephen G. Bayer,** Delaware Office of Management and Budget | David J. Lyons, David.lyons@state.de.us (302) 577-8413 | The witness has knowledge of documented research concerning estimates of the number of undocumented immigrants in Delaware as of 2014, the prevalence of hard to count populations in Delaware's three counties:  New Castle, Kent, and |

| | | |
|---|---|---|
| | | Sussex, as well as the number of people living in hard to count communities. |
| **Stephen G. Bayer,** Delaware Office of Management and Budget | David J. Lyons, David.lyons@state.de.us (302) 577-8413 | The witness has knowledge of documented research concerning per capita benefits of $2214 in federal funding based on 16 large federal assistance programs that distribute funds based on Decennial Census derived statistics. |
| **Steven E. Yeatman,** Deputy Secretary Department of Services for Children, Youth and Their Families | David J. Lyons, David.lyons@state.de.us (302) 577-8413 | The witness has knowledge of documents and/or information that address the following programs in Delaware, which use Census information for the formula for funds entitlement: 1. Title 1 part D, Neglected and Delinquent Children This  program provides formula grants to SEAs for supplementary education services to help provide education continuity for children and youths in state-run institutions for juveniles and in adult correctional institutions

2.Individuals with Disabilities Education Act (IDEA) Part B, Section 611 (Supports ages 3 – 21)

3.IDEA Part B, Section 619 (Supports ages 3-5)

4.Stephanie Tubbs Jones Child Welfare Services:  Title IV-B, Subpart 1 of the Social Security Act - Under the Stephanie Tubbs Jones Child Welfare Services (CWS) program, states may provide a broad range of services designed to support, preserve, and/or reunite children and their families. States are required to use funding received under the Promoting Safe and Stable Families Program (PSSF) |
| **Stephen G. Bayer,** Delaware Office of Management and Budget | David J. Lyons, David.lyons@state.de.us (302) 577-8413 | The witness has knowledge of documented census statistics concerning Delaware's   percentage of initial self-response, as well as the costly follow required to obtain an accurate count. |
| **Stephen G. Bayer,** Delaware Office of Management and Budget | David J. Lyons, David.lyons@state.de.us (302) 577-8413 |  The witness has knowledge of Delaware statutes concerning the necessity of accurate census data in state voter redistricting. At the federal level, Delaware's current population only allows for one representative to the U.S. House of Representatives. |

3

| **Stephen G. Bayer,** Delaware Office of Management and Budget | David J. Lyons, David.lyons@state.de.us (302) 577-8413 | The witness has knowledge of Delaware's expending additional resources to mitigate any harm caused by an inaccurate census count to the extent Delaware will be convening a "State Complete Count Commission" pursuant to a pending Executive Order of Delaware Governor John Carney. |

## II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Delaware's possession, custody, or control that may be used by Plaintiff State of Delaware to support its claims are described as follows. Plaintiff State of Delaware expressly reserves its right to supplement this disclosure:

| **Document Description** | **Documents Location** |
| --- | --- |
| Prevalence of Hard to Count Populations. Immigrants in Delaware. The American Immigration Council. 331 G St. NW, Suite 200, Washington, D.C. 20005 ( a nonpartisan nonprofit organization ) ; 2010 Census Coverage Measurement; | http://www.censushardtocountmaps2020.us/ - U.S. Census Bureau American Community Survey , 2012-2016 These documents are located at a central repository administered by the New York Attorney General's Office. |
| Losses in Federal Funding Due To An Inaccurate Census Count. Source: "Counting for Dollars". The George Washington Institute for Public Policy, The George Washington University, Washington, DC | This document is located at a central repository administered by the New York Attorney General's Office. |
| Populations at Risk of Being Undercounted - U.S. Census Tract examples based on latest Census estimates -2012-2016 - depicting Census Self Response and Hardest to Count (HTC) 2020 Tracts in the Nation. The Leadership Conference Education Fund citing: U.S. Census Bureau, 2011-2015 American Community Survey Estimates; Funders' Committee for Civic Participation; "Census 2020, "What's At Stake for Delaware Funders", Keely Monroe, Funders' Committee for Civic Participation; | http://www.censushardtocountmaps2020.us/ These documents are located at a central repository administered by the New York Attorney General's Office. |

| Necessity of Accurate Census Data in Redistricting. Source: Delaware Code, Title 29, Chapter 8 | This document is located at a central repository administered by the New York Attorney General's Office. |
|---|---|
| Expending Additional Resources to Mitigate Harm. Source: **Pending Issuance and Receipt of Order:** State Complete Count Commission via an Executive Order of Delaware Governor John Carney. | Upon receipt, this document will be placed at a central repository located at and administered by the New York Attorney General's Office. |

## III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

## V.  Fed R. Civ. P. 26(a)(2)(A) – Expert Testimony:

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a) (2) on the schedule directed by the Court and as required by Rule 26(a) (2)(D) of the Federal Rules of Civil Procedure.

DATED this 19th day of July, 2018.

DAVID J. LYONS,
Deputy Attorney General of the State of Delaware

*/s/ David J. Lyons*
David J. Lyons
Deputy Attorney General
Delaware Department of Justice
Wilmington, DE 19801
303-577-8413
David.Lyons@state.de.us

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the County of El Paso, Texas, by its attorney, Ian R. Kaplan, Assistant County Attorney of the El Paso County Attorney's Office, makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to Ian R. Kaplan. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff, El Paso County Texas, reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.     Plaintiff, El Paso County Texas, hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff El Paso County Texas, makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.     Plaintiff El Paso County Texas, identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff El Paso County Texas, incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.     Plaintiff El Paso County Texas, identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff El Paso County Texas, reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff El Paso County Texas, is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff, El Paso County Texas, waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff El Paso County Texas, may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff El Paso County Texas, expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|------|---------------------|-------------------------------------|
| El Paso County Judge Ruben J. Vogt/El Paso, Texas | El Paso County Attorney's Office 500 E. San Antonio, Ste. 503 El Paso, Texas  79901 Telephone: 915.546.2050 | The witness has knowledge of the workings of El Paso County Government. |
| County Chief Administrator Betsy C. Keller/El Paso, Texas | El Paso County Attorney's Office 500 E. San Antonio, Ste. 503 El Paso, Texas  79901 Telephone: 915.546.2050 | The witness has knowledge of the workings of El Paso County Government and Budget. |
| County Budget and Fiscal Policy Department Wallace Hardgrove/El Paso, Texas | El Paso County Attorney's Office 500 E. San Antonio, Ste. 503 El Paso, Texas  79901 Telephone: 915.546.2050 | The witness has knowledge of the workings of County Budget. |

**Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

Plaintiff El Paso County has nothing to disclose at this time but expressly reserves its right to supplement should any documents be found.

**II.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**III.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**IV. Fed R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this the 19th day of July, 2018.

**JO ANN BERNAL**
**El Paso County Attorney**
500 E. San Antonio, Ste. 503
El Paso, Texas  79901

*/s/ Ian R. Kaplan*
_____
**IAN R. KAPLAN**
**Assistant County Attorney**
El Paso County Attorney's Office
500 E. San Antonio, Ste. 503
El Paso, Texas  79901
Telephone: 915.546.2050
Facsimile: 915.546.2133
Ian.Kaplan@epcounty.com

New York Bar No. 3976529
Texas Bar No. 24043747

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the State of Illinois (the "State of Illinois"), by its attorney, Lisa Madigan, Attorney General of the State of Illinois, makes the following Initial Disclosures.

**<u>INTRODUCTION</u>**

1.     These Initial Disclosures are based upon information presently known to the State of Illinois. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.     Plaintiff State of Illinois reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.     Plaintiff State of Illinois hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Illinois makes no

representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff State of Illinois's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of Illinois incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff State of Illinois's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody, or control. Plaintiff State of Illinois reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Illinois is not identifying documents protected from disclosure by the attorney-client, work product, or other applicable privileges. Nor does Plaintiff State of Illinois waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

### I.  **Fed R. Civ. P. 26(a)(1)(A)(i) Disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Illinois may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Illinois expressly reserves the right to supplement this disclosure:

2

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Erin Aleman, Director of Planning and Programming, Illinois Department of Transportation | Office of the Illinois Attorney General Matthew J. Martin mmartin@atg.state.il.us (312) 814-8735 | The witness has knowledge of the impact of decennial census population counts on state transportation funding and budgets. |
| Annie Brooks, Federal Liaison and Director of Title Grants, Illinois State Board of Education | Office of the Illinois Attorney General Matthew J. Martin mmartin@atg.state.il.us (312) 814-8735 | The witness has knowledge of the impact of decennial census population counts on state education funding and budgets. |
| Celina Villanueva, NADP and Youth Engagement Manager, Illinois Coalition for Immigrant and Refugee Rights | Office of the Illinois Attorney General Matthew J. Martin mmartin@atg.state.il.us (312) 814-8735 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) Disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Illinois's possession, custody, or control that may be used by Plaintiff State of Illinois to support its claims are described as follows.  Plaintiff State of Illinois expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| *U.S. Unauthorized Immigration Population Estimates*, PEW RESEARCH CTR. (Nov. 3, 2016) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Census 2020: Hard-to-Count Communities in Illinois*, CUNY MAPPING SERVICE | This document is at a central repository administered by the New York Attorney General's Office. |
| *Quick Facts: Illinois 2018*, U.S. CENSUS BUREAU | This document is at a central repository administered by the New York Attorney General's Office. |

3

| | |
|---|---|
| *Grants to Local Educational Agencies*, U.S. DEP'T OF EDUC. (July 3, 2018) | This document is at a central repository administered by the New York Attorney General's Office. |
| GW INSTITUTE OF PUBLIC POLICY, COUNTING FOR DOLLARS 2020: THE ROLE OF THE DECENNIAL CENSUS IN THE GEOGRAPHIC DISTRIBUTION OF FEDERAL FUNDS (2018) | This document is at a central repository administered by the New York Attorney General's Office. |
| GW INSTITUTE OF PUBLIC POLICY: COUNTING FOR DOLLARS 2020 #16: CHILD CARE AND DEVELOPMENT FUND—ENTITLEMENT (2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Immigrants in Illinois*, AM. IMMIGRATION COUNCIL (Oct. 4, 2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Notice: Revised Apportionment of Federal-Aid Highway Program Funds for Fiscal Year (FY) 2017*, FED. HIGHWAY ADMIN. (Dec. 21, 2016) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Table 3: FY 2017 Section 5307 and 5340 Urbanized Area Formula Appropriations (Full Year)*, FED. TRANSIT ADMIN. | This document is at a central repository administered by the New York Attorney General's Office. |
| 20 Ill. Comp. Stat. 5100/15 | This document is at a central repository administered by the New York Attorney General's Office. |

## III. Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV. Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

## V. Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 16th day of July, 2018.

                              LISA MADIGAN
                              Attorney General of the State of Illinois

                              */s/ Matthew J. Martin*
                              Matthew J. Martin
                              Public Interest Counsel
                              Office of the Illinois Attorney General
                              100 West Randolph Street, 11th Floor
                              Chicago, Illinois 60601
                              (312) 814-8735
                              mmartin@atg.state.il.us

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the Iowa (the "State of Iowa"), by its attorney, Nathan Blake, Deputy Attorney General of the State of Iowa, makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to the State of Iowa. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff State of Iowa reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff State of Iowa hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Iowa makes no

1

representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff State of Iowa's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of Iowa incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff State of Iowa's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff State of Iowa reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Iowa is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of Iowa waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.   Fed. R. Civ. P. 26(a)(1)(A)(i) disclosures:**

The below listed persons are likely to have discoverable information that Plaintiff State of Iowa may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Iowa expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|------|---------------------|--------------------------------------|
| Joel Lunde<br>Iowa Department of Management | Nathan Blake<br>Office of the Iowa<br>Attorney General<br>1305 E. Walnut St.<br>Des Moines, IA 50314<br>515-281-4325 | The witness has knowledge of the impact of decennial census population counts on state funding and budgets. |

2

|  | nathan.blake@ag.iowa.gov |  |
|---|---|---|
| Gary Krob<br>State Data Center | Nathan Blake<br>Office of the Iowa<br>Attorney General<br>1305 E. Walnut St.<br>Des Moines, IA 50314<br>515-281-4325<br>nathan.blake@ag.iowa.gov | Witness has information regarding the presence of hard-to-count populations in Iowa, and areas particularly vulnerable to undercounting. Witness also has knowledge concerning outreach efforts in Iowa. |
| Ed Cook<br>Legislative Services<br>Agency | Nathan Blake<br>Office of the Iowa<br>Attorney General<br>1305 E. Walnut St.<br>Des Moines, IA 50314<br>515-281-4325<br>nathan.blake@ag.iowa.gov | Witness has information regarding the impact of the decennial census population count on the state redistricting process. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Iowa's possession, custody, or control that may be used by Plaintiff State of Iowa to support its claims are described as follows.  Plaintiff State of Iowa expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---|---|
| Plaintiff State of Iowa plans to utilize the documents declared by other Plaintiffs in this litigation. | These documents are at a central repository administered by the New York Attorney General's Office. |

## III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

## V.  Fed R. Civ. P. 26(a)(2)(A) – Expert Testimony:

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 20th day of July, 2018.

THOMAS J. MILLER
Attorney General of the State of Iowa

Nathan Blake
Deputy Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St.
Des Moines, IA  50314
515-281-4325
nathan.blake@ag.iowa.gov

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff State of Maryland, by its attorney, John Grimm, Assistant Attorney General makes the following Initial Disclosures.

**INTRODUCTION**

1.      These Initial Disclosures are based upon information presently known to the State of Maryland. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff State of Maryland reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff State of Maryland hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Maryland makes

1

no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff State of Maryland's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of Maryland incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff State of Maryland's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff State of Maryland reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Maryland is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of Maryland waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of State of Maryland may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of State of Maryland expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Marc Nicole<br>Deputy Secretary,<br>Maryland Department of<br>Budget and Management | John R. Grimm<br>Assistant Attorney General<br>Maryland Office of the<br>Attorney General<br>200 St. Paul Place<br>Baltimore, MD 21202<br>410-576-6339<br>410-576-6955 (fax)<br>jgrimm@oag.state.md.us | This individual has knowledge of the state budget including how a decrease in federal aid could affect the State of Maryland. |
| Staff at the Maryland Department of Planning | | The Maryland Department of Planning provides guidance, analysis, outreach, and support to ensure the state's public assets are preserved and protected, and to achieve the state's goals for economic, community, and environmental vitality. Individuals within the Department of Planning may have knowledge of Maryland's redistricting process, and outreach efforts Maryland will undertake with respect to the 2020 decennial census. |

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Maryland's possession, custody, or control that may be used by Plaintiff State of Maryland to support its claims are described as follows. Plaintiff State of Maryland expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| Md. Dep't of Legislative Servs., Federal Funds History (Jan. 2016) | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at http://mgaleg.maryland.gov/Pubs/BudgetFiscal/2016-Federal-Funds-History.pdf |
| Md. FY2018 to FY2020 Consolidated Transportation Program, 2018 State Report on Transportation | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at http://www.mdot.maryland.gov/newMDOT/Planning/CTP/CTP_18_23_Final/CTP_FY2018-2023.pdf |
| Md, Proposed Operating Budget, FY 2019 | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at http://www.dbm.maryland.gov/budget/Pages/operbudhome.aspx |

| United States Census Bureau, Use of Census Bureau Data in Federal Funds Distribution (Sept. 2017) | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at https://www2.census.gov/programs-surveys/decennial/2020/program-management/working-papers/Uses-of-Census-Bureau-Data-in-Federal-Funds-Distribution.pdf |
|---|---|
| Maryland Senate Bill 855 | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at http://mgaleg.maryland.gov/webmga/ frmMain.aspx?id=sb0855&stab=01&pid=billpage&tab=subject3&ys= 2018RS |
| GW Institute of Public Policy, Counting for Dollars 2020: The Role of the Decennial Census in the Geographic Distribution of Federal Funds | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at https://gwipp.gwu.edu/counting-dollars-2020-role-decennial-census-geographic-distribution-federal-funds |
| United States Census Bureau, 2020 Census Operational Plan | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at https://www.census.gov/programs-surveys/decennial-census/2020-census/planning-management/planning-docs/operational-plan.html |
| United States Census Bureau, Press Release, Census Bureau Releases the Response Outreach Area Mapper Web Application (Feb. 7, 2018) | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at https://www.census.gov/newsroom/press-releases/2018/roam-app.html |

## III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 23rd day of June, 2018.

BRIAN E. FROSH
Attorney General of Maryland

_____/s/ *John R. Grimm*_____
JOHN R. GRIMM
Assistant Attorney General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6339 (tel.)
410-576-6955 (fax)
jgrimm@oag.state.md.us

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the Commonwealth of Massachusetts, by its attorney, Maura Healey, Attorney General of the Commonwealth of Massachusetts, makes the following Initial Disclosures.

**INTRODUCTION**

1.      These Initial Disclosures are based upon information presently known to the Commonwealth of Massachusetts.  They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff the Commonwealth of Massachusetts reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff the Commonwealth of Massachusetts hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures,

1

Plaintiff the Commonwealth of Massachusetts makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff the Commonwealth of Massachusetts's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff the Commonwealth of Massachusetts incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff the Commonwealth of Massachusetts's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Plaintiff the Commonwealth of Massachusetts reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff the Commonwealth of Massachusetts is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff the Commonwealth of Massachusetts waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

### I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures:

The below listed persons are likely to have discoverable information that Plaintiff the Commonwealth of Massachusetts may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff the Commonwealth of Massachusetts expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| Michelle K. Tassinari, Director/Legal Counsel, Elections Division, Office of the Secretary of the Commonwealth of Massachusetts | Miranda M. Cover Ann E. Lynch Assistant Attorneys General Massachusetts Attorney General's Office, One Ashburton Place, 18th Floor Boston, MA 02108 Tel. (617) 727-2200 Fax (617) 727-5762 mercy.cover@state.ma.us ann.lynch@state.ma.us | Witness has knowledge of: -Complete Count activities within Massachusetts -State-level grant making to community groups to fund outreach to hard-to-count populations and expand census participation |
| Massachusetts Immigrant and Refugee Advocacy Coalition (MIRA) | Miranda M. Cover Ann E. Lynch Assistant Attorneys General Massachusetts Attorney General's Office, One Ashburton Place, 18th Floor Boston, MA 02108 Tel. (617) 727-2200 Fax (617) 727-5762 mercy.cover@state.ma.us ann.lynch@state.ma.us | Witness organization has knowledge of: -The impact of the citizenship question on community members' willingness to participate in the decennial census process -The heightened fears surrounding the 2020 decennial census -Outreach efforts conducted to encourage participation in the census and complete count activities |
| Phillip Granberry, PhD | Miranda M. Cover Ann E. Lynch Assistant Attorneys General Massachusetts Attorney General's Office, One Ashburton Place, 18th Floor Boston, MA 02108 Tel. (617) 727-2200 Fax (617) 727-5762 mercy.cover@state.ma.us ann.lynch@state.ma.us | Witness has knowledge of: -The presence of hard-to-count populations in Massachusetts -Areas particularly vulnerable to undercounting -Surveying hard-to-count populations in Massachusetts |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

Plaintiff the Commonwealth of Massachusetts expressly reserves its right to supplement this disclosure with documents or electronically stored information.

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.


**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.


**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.


DATED this 19th day of July, 2018.


**MAURA HEALEY**
**Attorney General for the Commonwealth of Massachusetts**


By:     */s Jonathan Miller*
_____
Jonathan Miller, Assistant Attorney General
Miranda Cover, Assistant Attorney General
Ann E. Lynch, Assistant Attorney General
Public Protection & Advocacy Bureau
Massachusetts Attorney General's Office
One Ashburton Place
Boston, MA 02108
Jonathan.Miller@state.ma.us
Mercy.Cover@state.ma.us
Ann.Lynch@state.ma.us
Tel. (617) 727-2200
Fax (617) 727-5762

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, et al.,

               Plaintiffs,

     v.

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

               Defendants.

18-CV-2921 (JMF)

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the State of Minnesota makes the following Initial Disclosures.

## INTRODUCTION

1.     These Initial Disclosures are based upon information presently known to the State of Minnesota. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.     Plaintiff State of Minnesota reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.     Plaintiff State of Minnesota hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Minnesota makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.     Plaintiff State of Minnesota's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of Minnesota incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.     Plaintiff State of Minnesota's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff State of Minnesota reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Minnesota is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of Minnesota waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Minnesota may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Minnesota expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
| --- | --- | --- |
| Susan Brower, Minnesota State Demographer, Minnesota State Demographic Center | May be contacted through counsel for the State of Minnesota. | Witness has information regarding the presence of hard-to-count populations in Minnesota, and areas particularly vulnerable to undercounting. The witness also has knowledge of the impact of decennial census population counts on state/local funding and budgets, the impact of the citizenship question on community members' willingness to participate in the decennial census process, heightened fears surrounding the 2020 decennial census, Minnesota's efforts to mitigate the impact of the citizenship question on non-response rates, outreach efforts conducted by the Census Bureau, and the impact of the decennial census population count on the state redistricting process. |
| Denise Anderson, Chief Financial Officer, Minnesota Department of Education | May be contacted through counsel for the State of Minnesota. | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |
| Daron Korte, Assistant Commissioner, Minnesota Department of Education | May be contacted through counsel for the State of Minnesota. | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |
| Leigh Schleicher, Federal Program Division Director, Minnesota Department of Education | May be contacted through counsel for the State of Minnesota. | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |
| Nick Greene, Director of Property Tax Research, Minnesota Department of Revenue | May be contacted through counsel for the State of Minnesota. | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |

Discovery is ongoing.  Other individuals with relevant knowledge may be identified in documents reference below or produced in discovery.

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Minnesota's possession, custody, or control that may be used by Plaintiff State of Minnesota to support its claims are described as follows.   Plaintiff State of Minnesota expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
| --- | --- |
| Documents that support the allegations in the First Amended Complaint. | These documents are at a central repository administered by the New York Attorney General's Office. |
| Demographic reports regarding Minnesota, including its hard-to-count populations | Many of these documents are publicly available.  These documents are also either at the U.S. Census Bureau, at a central repository administered by the New York Attorney General's Office, or both. |
| The State of Minnesota's outreach plans for the 2020 census. | These documents are at a central repository administered by the New York Attorney General's Office. |
| Documents regarding the role of the decennial census in the distribution of federal and state funds. | Many of these documents are publicly available.  The U.S. Census Bureau also has some documents.  Additional documents would be in the possession of federal governmental entities that implement the affected program, at a central repository administered by the New York Attorney General's Office, or both. |

**III.  Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

    Not applicable.

**IV.  Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

    Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

    Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.


DATED this 19th day of July, 2018.

                        OFFICE OF THE ATTORNEY GENERAL
                        State of Minnesota

                        s/ **Jacob Campion**
                        JACOB CAMPION
                        Assistant Attorney General
                        Atty. Reg. No. 0391274

                        445 Minnesota Street, Suite 1100
                        St. Paul, Minnesota 55101-2128
                        (651) 757-1459 (Voice)
                        (651) 282-5832 (Fax)
                        jacob.campion@ag.state.mn.us

                        ATTORNEY FOR STATE OF MINNESOTA

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff County of Monterey, California ("Monterey County"), by its attorney, William Litt, Deputy County Counsel, of the Office of the Monterey County Counsel, makes the following Initial Disclosures.

**INTRODUCTION**

1.     These Initial Disclosures are based upon information presently known to Monterey County. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.     Plaintiff Monterey County reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.     Plaintiff Monterey County hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff Monterey

County makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

    4.    Plaintiff Monterey County's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff Monterey County incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

    5.    Plaintiff Monterey County's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff Monterey County reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff Monterey County is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff Monterey County waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

## I. **Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

    The below listed persons are likely to have discoverable information that Plaintiff Monterey County may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff Monterey County expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Dewayne Woods, Assistant County | 168 West Alisal Street, 3rd Floor, Salinas, CA 93901; please contact through counsel | The witness has knowledge of the impact of decennial census population counts on Monterey County funding and budgets. |

| | | |
|---|---|---|
| Administrative Officer, County of Monterey, Budget & Analysis Division, | | |
| Elliott Robinson, Director, Monterey County Department of Social Services | 1000 South Main St., Ste. 301, Salinas, CA 93901; please contact through counsel | The witness has knowledge of the potential impact of depressed decennial census population counts on Monterey County SNAP funding and on individuals and families receiving aid under SNAP. |
| Brent R. Heberlee; federal lobbyist for Monterey County; | Nossaman, LLP, 1666 K Street, NW, Suite 500, Washington, DC 20006; 202-887-1423; fax: 202-466-3215; bheberlee@nossaman.com | The witness has knowledge of the sources and amounts of federal funding dependent on decennial census population counts received by Monterey County and the impact of decennial census population counts on Monterey County funding and budgets. |
| Rosemary Y. Soto, Management Analyst III , CAO/Office of Community Engagement and Strategic Advocacy | 168 West Alisal Street, 3rd Floor, Salinas, CA 93901; please contact through counsel | The witness is a leader for the County's Complete Count Committee as a partner with the U.S. Census Bureau. She will be convening a group of Monterey County departmental staff and community partners to develop a strategy for a full communications and outreach plan to increase participation. |
| Juan P. Rodriguez, Monterey County Civil Rights Officer | 168 West Alisal Street, 3rd Floor, Salinas, CA 93901; please contact through counsel | The witness has knowledge of Monterey County demographic information and the potential impact that undercounting the population will have on the services provided to the community, regardless of immigration status. The witness is aware of the anxiety and fear the potential use of this question has on Monterey County |

| | | residents and the negative effects – non-participation, among others – it will have. |
|---|---|---|
| Sabino F. Lopez, Center For Community Advocacy, Interim Executive Director | 22 West Gabilan Street, Salinas, Ca 93901; 831-753-2324 x 12; slopez@cca-viva.org | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census.  The witness has information regarding community groups' efforts to mitigate the impact of the citizenship question on non-response rates.  The witness has knowledge concerning outreach efforts conducted by the Census Bureau, and by community groups. |
| Cesar Lara, Monterey Bay Central Labor Council, Executive Director | 831-444-5060; director@mbclc.org | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census.  The witness has information regarding community groups' efforts to mitigate the impact of the citizenship question on non-response rates.  The witness has knowledge concerning outreach efforts conducted by the Census Bureau, and by community groups. |
| Andrea Manzo, Building Healthy Communities - East Salinas, Regional Equity Director | 606 Williams Road, Salinas, CA 93905; 831-717-1384; andreabhc@actioncouncil.org | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census.  The witness has information regarding community groups' efforts to mitigate the impact of the citizenship question on non-response rates.  The witness has knowledge concerning outreach efforts conducted by the Census Bureau, and by community groups. |
| Larry Imwalle, Action Council, | 295 Main Street, Suite 300 | The witness has knowledge of the impact of the citizenship question on community |

4

| Executive Director | Salinas, CA  93901; 831-783-1244; larry@actioncouncil.org | members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census.  The witness has information regarding community groups' efforts to mitigate the impact of the citizenship question on non-response rates.  The witness has knowledge concerning outreach efforts conducted by the Census Bureau, and by community groups. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff Monterey County's possession, custody, or control that may be used by Plaintiff Monterey County to support its claims are described as follows.  Plaintiff Monterey County expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
| --- | --- |
| County of Monterey Schedule of Expenditures of Federal Awards for the Year Ended June 30, 2016 | Monterey County Counsel and State of New York Attorney General's Office |
| County of Montey Schedule of Expenditures of Federal Awards for the Year Ended June 30, 2017 | Monterey County Counsel and State of New York Attorney General's Office |
| Uses of census Bureau Data in Federal Funds Distribution: A New Design for the 21st Century; version 1.0; issued September 2017 by U.S. Census Bureau; prepared by Marisa Hotchkiss, Jessica Phelan. | Monterey County Counsel and State of New York Attorney General's Office |

## III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.


DATED this 17th day of July, 2018.


> _____*/s/*_____
> Charles J. McKee
> County Counsel
> William M. Litt
> Deputy County Counsel
> Office of the County Counsel
> County of Monterey
> 168 West Alisal St., 3rd Fl.
> Salinas, CA 93901
> McKeeCJ@co.monterey.ca.us
> LittWM@co.monterey.ca.us
> Tel. (831) 755-5045
> Fax (831) 755-5283

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), the State of North Carolina, by its attorney, Joshua H. Stein and Ryan Y. Park of the North Carolina Department of Justice, makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to the State of North Carolina. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff State of North Carolina reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff State of North Carolina hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of North

Carolina makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff State of North Carolina's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of North Carolina incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff State of North Carolina's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Plaintiff State of North Carolina reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of North Carolina is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of North Carolina waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of North Carolina may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of North Carolina expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| Michael E. Cline, PhD, State Demographer, Demographic and Economic Analysis | 114 W. Edenton St. Raleigh, NC 27603 rpark@ncdoj.gov | The witness has knowledge relating to the impact of the decennial census population count on the federal and state post-decennial census population estimates |

| Section,<br>North Carolina Office of<br>State Budget and<br>Management | (919) 716-6400 | process, the presence of hard-to-count populations in North Carolina, areas particularly vulnerable to undercounting, 2020 Census planning, and the impacts of the decennial census counts on socioeconomic and demographic estimates (such as those derived through the Census Bureau's American Community Survey and various Bureau of Labor Statistics surveys). |
|---|---|---|
| Debbie Collins,<br>Director,<br>Public Transportation<br>Division,<br>North Carolina<br>Department of<br>Transportation | 114 W. Edenton St.<br>Raleigh, NC 27603<br>rpark@ncdoj.gov<br>(919) 716-6400 | The witness has knowledge relating to the impact of the decennial census population counts on state transit funding and budgets. |
| Kevin Rich,<br>Budget Development<br>Analyst—Health and<br>Human Services,<br>North Carolina Office of<br>State Budget and<br>Management | 114 W. Edenton St.<br>Raleigh, NC 27603<br>rpark@ncdoj.gov<br>(919) 716-6400 | The witness has knowledge relating to the impact of the decennial census population counts on state health, housing, and human services funding and budgets. |
| Jennifer Neisner,<br>Budget Development<br>Analyst—Education,<br>North Carolina Office of<br>State Budget and<br>Management | 114 W. Edenton St.<br>Raleigh, NC 27603<br>rpark@ncdoj.gov<br>(919) 716-6400 | The witness has knowledge relating to the impact of the decennial census population counts on state K-12 education funding and budgets. |

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of North Carolina's possession, custody, or control that may be used by Plaintiff State of North Carolina to support its claims are described as follows.  Plaintiff State of North Carolina expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| Analysis of hard-to-count populations, demographic reports relating to hard-to-count populations, budget requests related to Census promotional material, preparation of plans to mitigate non-response and subsequent undercounting, and budget analyses of the impact of undercount. | These documents will be at a central repository administered by the New York Attorney General's Office. |

**III.  Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

    Not applicable.

**IV.  Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

    Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

    Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 18th day of July, 2018.

                                      JOSHUA H. STEIN
                                      Attorney General of the State of North Carolina

                                      */s Ryan Y. Park*
                                      Ryan Y. Park
                                      Deputy Solicitor General
                                      North Carolina Department of Justice
                                      114 W. Edenton Street
                                      Raleigh, NC 27603
                                      RPark@ncdoj.gov
                                      Tel. (919) 716-6400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, et al.,

               Plaintiffs,

        v.

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

               Defendants.

18-CV-2921 (JMF)

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff State of New Mexico, by its attorney Tania Maestas, Deputy Attorney General of the Office of Attorney General Hector Balderas, makes the following Initial Disclosures.

## INTRODUCTION

1.     These Initial Disclosures are based upon information presently known to the State of New Mexico. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.     Plaintiff State of New Mexico reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.     Plaintiff State of New Mexico hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of New

1

Mexico makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff State of New Mexico's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of New Mexico incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff State of New Mexico's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff State of New Mexico reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of New Mexico is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of New Mexico waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of New Mexico may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of New Mexico expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|------|---------------------|-------------------------------------|
| Brian Sanderoff President | New Mexico Attorney General 408 Galisteo St. | The witness has completed redistricting plans for New Mexico's courts and its legislature for the past 37 years and, therefore, has information on the strengths |

| | Villagra Bldg.<br>Santa Fe NM 87501 | and weaknesses of previous census instruments as applied to getting an accurate count of New Mexico's population.  As the hardest-to-count State because of its rural and remote geographic areas, its tribal members and others who may lack U.S. birth certificates, New Mexico's population is unique and uniquely challenging for demographers.  Sanderoff's experience in analyzing and using the census count for the past 37 years has given him background on the importance of census data for the State's redistricting efforts. |
| Robert Rhatigan<br>Sr. Research Scientist<br>Geospatial Population Studies | New Mexico<br>Attorney General<br>408 Galisteo St.<br>Villagra Bldg.<br>Santa Fe NM 87501 | The witness is the New Mexico state demographer and the state's demographic liaison to the US Bureau of the Census through the Federal State Cooperative for Population Estimates.  The witness was appointed by New Mexico Governor Susana Martinez as the state's liaison to the "Local Update of Census Address" (LUCA) program which aims to ensure that a complete and accurate address list is available to census enumerators. The witness is someone who has knowledge of New Mexico's history of census undercount including the demographic cohorts and geographic areas vulnerable to undercount.  Witness also has information regarding New Mexico's efforts to mitigate the impact of the citizenship question on non-response rates. |

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:**

Plaintiff State of New Mexico does not list any specific documents in its possession, custody, or control necessary to support its claim, but expressly reserves its right to supplement this disclosure.

**III. Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:**

Not applicable.

**IV. Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:**

Not applicable.

**V. Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 11th day of July, 2018.

HECTOR BALDERAS
Attorney General of the State of New Mexico

TANIA MAESTAS
DEPUTY ATTORNEY GENERAL
New Mexico Office of the Attorney General
SANTA FE, NM 87501
(505) 490-4060
TMaestas@nmag.gov

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff the People of the State of New York (the "State of New York"), by its attorney, Barbara Underwood, Attorney General of the State of New York, makes the following Initial Disclosures.

**<u>INTRODUCTION</u>**

1.      These Initial Disclosures are based upon information presently known to the State of New York. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff State of New York reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff State of New York hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of New York makes

1

no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.     Plaintiff State of New York's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of New York incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.     Plaintiff State of New York's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody, or control. Plaintiff State of New York reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of New York is not identifying documents protected from disclosure by the attorney-client, work product, or other applicable privileges. Nor does Plaintiff State of New York waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) Disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of New York may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of New York expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| John C. Traylor, Executive Deputy Comptroller, Office of Operations, New York State Office of the Comptroller | New York State Office of the Attorney General Ajay Saini ajay.saini@ag.ny.gov (212) 416-8714 | The witness has knowledge of the impact of decennial census population counts on federal funding to the State of New York, and knowledge of resources expended by the State of New York to mitigate potential undercounting during the decennial census. |
| Elizabeth OuYang, Coordinator, NYCounts2020 | New York State Office of the Attorney General Ajay Saini ajay.saini@ag.ny.gov (212) 416-8714 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process, knowledge of the heightened fears surrounding the 2020 decennial census, and knowledge of efforts to mitigate potential undercounting during the decennial census. |
| Individuals with whom Secretary Ross "personally had specific conversations on the citizenship question," as referenced in the March 26, 2018 decision memo (AR001314) | Contact information is within the custody and control of Defendants | These witnesses have knowledge of the accuracy of representations made in the decision memo about their conversations with Secretary Ross, and their positions on the citizenship question, including its potential impact on response rates, and the importance of testing a citizenship question before adding it to the census questionnaire |
| Members of the Census Scientific Advisory Committee and the National Advisory Committee | Contact information is within the custody and control of Defendants | These witnesses have knowledge of the typical processes for researching, designing, testing and vetting questions before adding them to census surveys, knowledge of the recommendations made to the Census Bureau about concerns related to immigrant anxiety and its potential impact on non-response, and knowledge of the concerns expressed about adding a citizenship question to the 2020 Census questionnaire. |

| Employees of the Department of Commerce, including the Census Bureau, and Department of Justice | Contact information is within the custody and control of Defendants | These witnesses have knowledge of Defendants' decision making process, history of the citizenship question, policies and procedures, testing protocols, and testing conducted relating to the decennial census and American Community Survey. |
|---|---|---|
| | | These witnesses have information relating to the purported need for citizenship information, including alternative sources of data, and policies and practices relating to the enforcement of Section 2 of the Voting Rights Act. |
| | | These witnesses have knowledge of the impact of the citizenship question on census participation, barriers to response rates, and Defendants' follow-up efforts. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) Disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of New York's possession, custody, or control that may be used by Plaintiff State of New York to support its claims are described as follows.  Plaintiff State of New York expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| *A Portrait of Immigrants in New York*, Office of the New York State Comptroller (Nov. 2016) | This document is at a central repository administered by the New York Attorney General's Office. |
| *U.S. Unauthorized Immigration Population Estimates*, Pew Research Ctr. (Nov. 3, 2016) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Census 2020: Hard-to-Count Communities in New York*, CUNY Mapping Service | This document is at a central repository administered by the New York Attorney General's Office. |
| *Quick Facts: New York 2018*, U.S. Census Bureau | This document is at a central repository administered by the New York Attorney General's Office. |

| | |
|---|---|
| *Grants to Local Educational Agencies*, U.S. Dep't of Educ. (July 3, 2018) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Counting for Dollars 2020: The Role of the Decennial Census in the Geographic Distribution of Federal Funds*, GW Institute of Public Policy (2018) | This document is at a central repository administered by the New York Attorney General's Office. |
| *FTA Allocations for Formula and Discretionary Programs by State FY 1998-2018*, Federal Transit Administration | This document is at a central repository administered by the New York Attorney General's Office. |
| *GW Institute of Public Policy: Counting for Dollars 2020 – New York*, GW Institute of Public Policy (2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Immigrants in New York*, Am. Immigration Council (Oct. 4, 2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Notice: Revised Apportionment of Federal-Aid Highway Program Funds for Fiscal Year (FY) 2017*, Fed. Highway Admin. (Dec. 21, 2016) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Table 3: FY 2017 Section 5307 and 5340 Urbanized Area Formula Appropriations (Full Year)*, Fed. Transit Admin. | This document is at a central repository administered by the New York Attorney General's Office. |
| Publically available operational planning documents for the 2020 Census from the U.S. Census Bureau, including all versions of the *2020 Census Operation Plans*, all *2020 Census Program Briefings* and *2020 Census Program Management Reviews*, and all *2020 Census Monthly Status Reports*, U.S. Census Bureau | These documents are available at a central repository administered by the New York Attorney General's Office. |
| Publically available documents from the U.S. Census Bureau regarding its historic practices, including Procedural Histories of the 1980 Census, 1990 Census, the History of the 2000 Census, documents relating to the history of the 2010 Census,  the Index of Questions from previous decennial censuses, and previous decennial census questionnaires | These documents are available at a central repository administered by the New York Attorney General's Office. |
| Publically available documents of memoranda and recommendations made by the Census Scientific Advisory Committee and the National Advisory Committee, and responses and updates from the U.S. Census Bureau to Advisory Committees, as well as charters of those committees | These documents are available at a central repository administered by the New York Attorney General's Office. |

| | |
|---|---|
| Publically available documents from the Census Bureau regarding the Bureau's typical process for making changes to decennial census questions, including documents containing standards for research, testing, and evaluation of proposed changes to questions on the 2020 Census, and documents containing information about proposed changes to the Race and Ethnicity question, and proposals to add a Middle Eastern and North African category to the Race and Ethnicity question | These documents are available at a central repository administered by the New York Attorney General's Office. |
| Publically available documents from the Census Bureau regarding previous and proposed efforts to mitigate non-response during the decennial census, and to follow-up on non-response, including documents summarizing outreach efforts, planning and assessing non-response follow-up operations, and researching, designing and describing imputation methods | These documents are available at a central repository administered by the New York Attorney General's Office. |
| Publically available documents from the Census Bureau regarding testing for the 2020 Census, including documents planning, designing, and describing the implementation of tests from 2012 to the present | These documents are available at a central repository administered by the New York Attorney General's Office |
| Publically available documents from the Census Bureau regarding rates of non-response to questions and surveys, including the rates of non-response on the annual American Community Survey | These documents are available at a central repository administered by the New York Attorney General's Office |
| *Respondent Confidentiality Concerns and Possible Effects on Response Rates and Data Quality for the 2020 Census*, National Advisory Committee on Racial, Ethnic and Other Populations (Nov. 2, 2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Respondent Confidentiality Concerns in Multilingual Pretesting Studies and Possible Effects on Response Rates and Data Quality for the 2020 Census*, U.S. Census Bureau (May 16-19, 2018) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Respondent Confidentiality Concerns*, Memorandum for Associate Directorate for Research and Methodology (ADRM) from Center for Survey Management, U.S. Census Bureau (Sept. 20, 2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Uses of Census Bureau Data in Federal Funds Distribution*, U.S. Census Bureau, (Sept. 2017) | These documents are available at a central repository administered by the New York Attorney General's Office |
| Documents relating to statistical policy issued by federal agencies, including the Office of Management and Budget | These documents are publicly available. |

| and the Census Bureau, including but not limited to Statistical Policy Directives No. 1 and 2. | |
|---|---|
| Documents included in the Administrative Record produced by Defendants | |
| All documents identified by Defendants in their initial disclosures | |

## III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – **Computation of Damages**:

Not applicable.

## IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – **Insurance Statements**:

Not applicable.

## V.  Fed. R. Civ. P. 26(a)(2)(A) – **Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 23rd day of July, 2018.

Barbara Underwood
Attorney General of the State of New York

*/s/ Elena Goldstein*

Elena Goldstein
Senior Trial Counsel
New York State Office of the Attorney General
28 Liberty Street, 20th Fl.
New York, NY 10005

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the State of New Jersey, by its attorney, Rachel Wainer Apter, of the Office of the Attorney General, makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to the State of New Jersey. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff New Jersey reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff New Jersey hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff New Jersey makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff New Jersey's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff New

Jersey incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.       Plaintiff New Jersey's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Plaintiff New Jersey reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff New Jersey is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff New Jersey waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of New Jersey may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of New Jersey expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Leonard Preston Bureau Chief, Labor Market Information NJ State Data Center Division of Economic and Demographic Research Office of Research and Information Department of Labor and Workforce Development | Rachel Wainer Apter Assistant Attorney General Richard J. Hughes Justice Complex 25 Market Street, 8th Floor Trenton, New Jersey 08625 Desk: (609) 376-2702 Rachel.Apter@njoag.gov | The witness has knowledge of New Jersey's efforts to encourage participation in the decennial census in the past. |
| Lauren M. Zyriek Director of Intergovernmental Affairs Office of the Secretary of State Department of State | Rachel Wainer Apter Assistant Attorney General Richard J. Hughes Justice Complex 25 Market Street, 8th Floor Trenton, New Jersey 08625 Desk: (609) 376-2702 Rachel.Apter@njoag.gov | The witness has knowledge of how N.J. Assembly No. 4208, an Act establishing the New Jersey Complete Count Commission, which was passed by the legislature on June 30, 2018, will be implemented if signed by the Governor. She also has knowledge of New Jersey's efforts to encourage participation in the 2020 census. |

| Lynn Azarchi<br>Deputy Director, Office of<br>Management and Budget<br><br>Or<br><br>Dave Ridolfino<br>Department of the Treasury<br>Acting Director, Office of<br>Management and Budget | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice<br>Complex<br>25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | The witness has knowledge of the<br>impact of decennial census population<br>counts on state/local funding and<br>budgets. |
| --- | --- | --- |
| Scott Novakowski<br>Associate Counsel and<br>Debevoise Legal Fellow<br>New Jersey Institute for<br>Social Justice | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice<br>Complex<br>25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | The witness has knowledge of outreach<br>efforts that are being undertaken by<br>non-profit organizations in New Jersey<br>to ensure an accurate count. |
| Sara Cullinane<br>Executive Director<br>Make the Road New Jersey | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice<br>Complex<br>25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | The witness has knowledge of the<br>impact of the citizenship question on<br>community members' willingness to<br>participate in the 2020 census and<br>heightened fears surrounding the 2020<br>census. She also has knowledge of<br>outreach efforts that are being<br>undertaken by non-profit organizations<br>in New Jersey to ensure an accurate<br>count. |

## II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff New Jersey's possession, custody, or control that may be used by Plaintiff New Jersey to support its claims are described as follows. Plaintiff New Jersey expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
| --- | --- |
| State of New Jersey, Assembly No. 4208, 218th Legislature,<br>an Act establishing the New Jersey Complete Count<br>Commission | This document is at a central<br>repository administered by the New<br>York Attorney General's Office |

3

**III. Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

 Not applicable.

**IV. Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

 Not applicable.

**V. Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

 Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule

directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 20th day of July, 2018.

       GURBIR S. GREWAL
       Attorney General of the State of New Jersey

       _____*/s/*_____
       Rachel Wainer Apter
       Assistant Attorney General
       Office of the Attorney General
       Richard J. Hughes Justice Complex
       25 Market Street, 8th Floor, West Wing
       Trenton, New Jersey 08625-0080
       Desk: (609) 376-2702 | Cell: (609) 331-6401
       Rachel.Apter@njoag.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff the People of the City of New York by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, makes the following Initial Disclosures.

## **INTRODUCTION**

1.      These Initial Disclosures are based upon information presently known to City of New York. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff City of New York reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff City of New York hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of New York makes

no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff City of New York's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of New York incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff City of New York's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of New York reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of New York is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of New York waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

### I.  **Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of New York may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of New York expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Joseph Salvo, Director of Population Division, NYC Department of City Planning | Ajay Saini Assistant Attorney General Civil Rights Bureau | Witness has information regarding the presence of hard-to-count populations in NYC, and areas particularly vulnerable to undercounting. Witness has knowledge |

2

|  | New York State Office of the Attorney General 28 Liberty Street, 20th Floor New York, NY 10271 (212) 416-8714 | concerning the outreach efforts conducted by the Census Bureau. |
|---|---|---|
| Peter Lobo, Deputy Director of Population Division, NYC Department of City Planning | Ajay Saini Assistant Attorney General Civil Rights Bureau New York State Office of the Attorney General 28 Liberty Street, 20th Floor New York, NY 10271 (212) 416-8714 | Witness has information regarding the presence of hard-to-count populations in NYC, and areas particularly vulnerable to undercounting. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff City of New York's possession, custody, or control that may be used by Plaintiff City of New York to support its claims are described as follows.  Plaintiff City of New York expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---|---|
| *The City of New York's 2000 Census Appeal Documentation* Submitted to the Census Address List Appeals Office by the New York City Department of City Planning, February 8, 2000. | This document is at a central repository administered by the New York Attorney General's Office. |
| *2010 Census Local Review of Census Addresses (LUCA) Documentation* Submitted by the City of New York on December 17, 2009. | This document is at a central repository administered by the New York Attorney General's Office. |

3

| https://www.census.gov/programs-surveys/decennial-census/2020-census/planning-management/planning-docs/operational-plan.html | This document is at a central repository administered by the New York Attorney General's Office. |
|---|---|

**III. Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV. Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V. Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 20th day of July, 2018.

ZACHARY W. CARTER
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
Tel: (212) 356-4055

By: _____/s/_____
Tonya Jenerette
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-4055
tjeneret@law.nyc.gov

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | INITIAL DISCLOSURES (Plaintiff State of Oregon) |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the State of Oregon (the "State of Oregon") makes the following Initial Disclosures.

## **INTRODUCTION**

1.    These Initial Disclosures are based upon information presently known to the State of Oregon. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.    Plaintiff State of Oregon reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.    Plaintiff State of Oregon hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Oregon makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

1

4.     Plaintiff State of Oregon's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of Oregon incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.     Plaintiff State of Oregon's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff State of Oregon reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Oregon is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of Oregon waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Oregon may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Oregon expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Irma Linda Castillo, Chair<br><br>Dr. Daniel Lopez-Ceballos, Vice Chair<br><br>Dr. Joseph Gallegos, Commission Member<br><br>Alberto Moreno, Past | Oregon Commission on Hispanic Affairs c/o Scott Kaplan Oregon Department of Justice 100 Market St. Portland, OR 97201 (971) 673-5037 | The witnesses have knowledge of the impact of the decennial census and citizenship questioning on the Hispanic population and the related impact on public services available to the Hispanic population.  The witnesses have knowledge of the risk and impact of undercount of the Hispanic population should a citizenship question be included in the decennial census. The witnesses have |

2

| Chair | | knowledge that Oregon's Hispanic population is a hard-to-count population for the census. The witnesses have knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. |
|---|---|---|
| Chanpone Sinlapasai-Okamura, J.D., Chair | Oregon Commission on Asian and Pacific Islander Affairs c/o Scott Kaplan Oregon Department of Justice 100 Market St. Portland, OR 97201 (971) 673-5037 | The witness has knowledge of the impact of the decennial census and citizenship questioning on the Asian and Pacific Islander population and the related impact on public services available to these populations.  The witnesses have knowledge that Oregon's Asian and Pacific Islander population is a hard-to-count population for the census.  The witness has knowledge of the risk and impact of undercount of the Asian and Pacific Islander population should a citizenship question be included in the decennial census. The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. |
| Emily Nazarov, Government and Legal Affairs Manager | Oregon Department of Education c/o Scott Kaplan Oregon Department of Justice 100 Market St. Portland, OR 97201 (971) 673-5037 | The witness has knowledge of the impact of decennial census population counts on school funding and budgets, including the existence of unauthorized immigrants (including U.S. citizen children) in Oregon's K-12 school population, ODE's policies and practices towards the same and the census impact on ODE programs including meal programs. |
| Belit Burke, Self-Sufficiency Design Administrator | Oregon Department of Human Services c/o Scott Kaplan Oregon Department of Justice 100Market St. Portland, OR 97201 (971) 673-5037 | The witness has knowledge of the presence of populations in Hispanic, Alaska Native and Native American communities, and other areas and communities particularly vulnerable to undercounting.  The witness has information regarding Oregon's reliance on the decennial census statistics for important supplemental nutrition (SNAP) and food stamps programs, which currently serves about 20% of Oregon's residents, and the Child Care and Development Fund. |
| John T. Baker, Transportation Economist | Oregon Department of Transportation c/o Scott Kaplan Oregon Department of Justice 100 Market St. | The witness has information regarding the impact of an undercount on funding for highway construction and maintenance within the State through the Highway Trust Fund and other federal infrastructure funding programs, including crucial North-South and East-West |

| | Portland, OR 97201 (971) 673-5037 | highways such as Interstates 5 and 84. |
|---|---|---|
| Person most knowledgeable (to be determined) | Oregon Health Authority c/o Scott Kaplan Oregon Department of Justice 100 Market St. Portland, OR 97201 (971) 673-5037 | The witness has information regarding Oregon's reliance on the federal Health Center Program for medical care to migrant and other underserved communities within the State, as well as Oregon's reliance on the Medical Assistance Program ("Medicaid"). The witness has information regarding Oregon's reliance on the decennial census for funding of this program, and the impact an undercount of Oregon's population could have on this funding and program. |
| Charles Rynerson, Coordinator | State Data Center, Population Research Center, Portland State University | The witness has knowledge of the impact of decennial census population counts on state and local funding and budgets. The witness has information regarding demographic, economic, and social statistics produced by the Census Bureau relating to the State of Oregon.  The witness is knowledgeable about Oregon state and local outreach efforts and census data. |
| Officers, employees and representatives of defendants identified by defendants and by plaintiffs herein | Contact information not currently known | Information regarding the processes by which defendants proposed a citizenship question for the 2020 census, the stated and actual reasons for adding this question, the persons involved in this decision, and the likely effects of the decision. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Oregon's possession, custody, or control that may be used by Plaintiff State of Oregon to support its claims are described as follows.  Plaintiff State of Oregon expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| Documents relating to current school funding and budgets, including the number of unauthorized immigrants (including U.S. citizen children) in Oregon's K-12 school population, Special Education funding and the School Breakfast and | From Oregon Department of Education. The document(s) will be made available at a central document repository administered by the New |

| | |
|---|---|
| National School Lunch Programs. | York Attorney General's Office. |
| Documents relating to the presence of hard-to-count populations in Hispanic, Alaska Native and Native American communities, and other areas particularly vulnerable to undercounting, as well as documents relating to Oregon's use of and funding source(s) for supplemental nutrition (SNAP) and food stamps programs and the Child Care and Development Fund. | From Oregon Department of Human Services.  The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |
| Documents relating to funding for highway construction and maintenance within the State through the Highway Trust Fund and other federal infrastructure funding programs. | From Oregon Department of Transportation.  The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |
| Documents relating to Oregon's use of funds from the federal Health Center Program for medical care to migrant and other underserved communities within the State, and the Medical Assistance Program ("Medicaid"). | From Oregon Health Authority.  The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |
| Documents relating to the Oregons past practice of expending resources towards community outreach and encouraging participation in the Census. | The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |
| Documents relating to the impact of decennial census population counts on state and local funding and budgets. | From Oregon State Treasurer. The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

    Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

    Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

    Plaintiff State of Oregon will provide disclosures of expert testimony as required by Rule

26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal

Rules of Civil Procedure.

DATED this 20th day of July, 2018.

Ellen Rosenblum
Attorney General of the State of Oregon

*/s/ Scott J. Kaplan*
Scott J. Kaplan. p*ro hac vice*
Senior Assistant Attorney General
Oregon Department of Justice
100 Market St.
Portland, OR 97201
971-673-5037
Scott.j.kaplan@doj.state.or.us

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the Commonwealth of Pennsylvania, by its attorney, Michael   J. Fischer, Chief Deputy Attorney General, makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to the Commonwealth of Pennsylvania. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff Commonwealth of Pennsylvania reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff Commonwealth of Pennsylvania hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff

1

Commonwealth of Pennsylvania makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.    Plaintiff Commonwealth of Pennsylvania's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff Commonwealth of Pennsylvania incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.    Plaintiff Commonwealth of Pennsylvania's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Plaintiff Commonwealth of Pennsylvania reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff Commonwealth of Pennsylvania is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff Commonwealth of Pennsylvania waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff Commonwealth of Pennsylvania may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff Commonwealth of Pennsylvania expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Anne Baloga<br>Deputy Secretary<br>Pennsylvania Office of the Budget | c/o Michael Fischer<br>Pennsylvania Office of Attorney General<br>1600 Arch St., Suite 300<br>Philadelphia, PA 19103<br><br>(215) 560-2171 | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets as well as knowledge of Pennsylvania's efforts to ensure an accurate 2020 decennial census, including efforts to identify hard-to-count populations. |
| David Brinton<br>Local Government Policy Manager<br>Pennsylvania Department of Community & Economic Development | c/o Michael Fischer<br>Pennsylvania Office of Attorney General<br>1600 Arch St., Suite 300<br>Philadelphia, PA 19103<br><br>(215) 560-2171 | The witness has knowledge of Pennsylvania's efforts to ensure an accurate 2020 decennial census, including efforts to identify hard-to-count populations, as well as knowledge of outreach efforts conducted by the Census Bureau. |
| Richard Vilello<br>Deputy Secretary for Community Affairs and Development<br>Pennsylvania Department of Community & Economic Development | c/o Michael Fischer<br>Pennsylvania Office of Attorney General<br>1600 Arch St., Suite 300<br>Philadelphia, PA 19103<br><br>(215) 560-2171 | The witness has knowledge Pennsylvania's efforts to ensure an accurate 2020 decennial census, including efforts to identify hard-to-count populations, as well as knowledge of outreach efforts conducted by the Census Bureau. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

At this time, Plaintiff Commonwealth of Pennsylvania does not identify any documents and electronically stored information pursuant to Fed R. Civ. P. 26(a)(1)(A)(ii). Plaintiff Commonwealth of Pennsylvania expressly reserves its right to supplement this disclosure.

## III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

3

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 19th day of July, 2018.


JOSH SHAPIRO
Attorney General
Commonwealth of Pennsylvania

*/s/ Michael J. Fischer*
Michael J. Fischer
Chief Deputy Attorney General
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(215) 560-2171
mfischer@attorneygeneral.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the City of Philadelphia, by its attorney, Benjamin H. Field, Deputy City Solicitor of the City of Philadelphia, makes the following Initial Disclosures.

## **INTRODUCTION**

1.      These Initial Disclosures are based upon information presently known to the City of Philadelphia. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff City of Philadelphia reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff City of Philadelphia hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of Philadelphia

1

makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff City of Philadelphia's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Philadelphia incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff City of Philadelphia's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Philadelphia reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Philadelphia is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Philadelphia waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of

Philadelphia may use to support Plaintiff's claims as detailed in the First Amended Complaint.

Plaintiff City of Philadelphia expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Vaugh Ross<br>Deputy Chief of Staff<br>Mayor's Office<br>City of Philadelphia | Benjamin H. Field<br>Deputy City Solicitor<br>Philadelphia Law<br>Department<br>(215) 683-5024<br>Benjamin.Field@phila.gov | The witness has knowledge of the actions Philadelphia has taken and will need to take to attempt to minimize an undercount resulting from the addition of a citizenship question and meetings the City has had with Census Bureau officials on the issue. |
| Ashley del Bianco<br>Chief Grants Officer<br>City of Philadelphia | Benjamin H. Field<br>Deputy City Solicitor<br>Philadelphia Law<br>Department<br>(215) 683-5024<br>Benjamin.Field@phila.gov | The witness has knowledge of the grants funds the City receives from the state and federal government that are dependent on census population counts and how an undercount would affect the amount of funds received by Philadelphia. |
| Ajeenah S. Amir<br>Director<br>Mayor's Office of Public<br>Engagement (OPE)<br>City of Philadelphia | Benjamin H. Field<br>Deputy City Solicitor<br>Philadelphia Law<br>Department<br>(215) 683-5024<br>Benjamin.Field@phila.gov | The witness knowledge related to her role in coordinating the City's outreach efforts to avoid an undercount in the 2020 census if the citizenship question is added. |

| Miriam E. Enriquez, Esq. Director Office of Immigrant Affairs City of Philadelphia | Benjamin H. Field Deputy City Solicitor Philadelphia Law Department (215) 683-5024 Benjamin.Field@phila.gov | The witness has knowledge related to the populations of hard-to-count populations including documented and undocumented immigrants in Philadelphia, and the heightened climate of fear among those populations resulting from the current administration's immigration actions, including the proposal to add a citizenship question to the census/ |

## II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff City of Philadelphia's possession, custody, or control that may be used by Plaintiff City of Philadelphia to support its claims are described as follows.  Plaintiff City of Philadelphia expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
| --- | --- |
| Annual grant award documents | These documents will be provided to the NYAG's and kept at a central repository administered by that office. |
| Philadelphia Research Initiative, Pew Charitable Trusts, *Philadelphia's Immigrants* (June 7, 2018). | http://www.pewtrusts.org/en/research-and-analysis/reports/2018/06/07/philadelphias-immigrants |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

   Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

   Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

   Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.


DATED this 19th day of July, 2018.


                              MARCEL S. PRATT
                              CITY SOLICITOR for the CITY OF
                              PHILADELPHIA

                               */s/ Benjamin H. Field*
                              Benjamin H. Field
                              Deputy City Solicitor
                              City of Philadelphia Law Department
                              1515 Arch Street, 15th Floor
                              Philadelphia, PA  19102
                              (215) 683-5024
                              Benjamin.Field@phila.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff City of Pittsburgh makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to the City of Pittsburgh. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff City of Pittsburgh reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff City of Pittsburgh hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of Pittsburgh makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

1

4.      Plaintiff City of Pittsburgh's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Pittsburgh incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff City of Pittsburgh's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Pittsburgh reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Pittsburgh is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Pittsburgh waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

## I.  **Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of Pittsburgh may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of Pittsburgh expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Mike Petrucci Assistant Director, Community Development Office of Management and Budget | c/o City of Pittsburgh Law Dept., 414 Grant Street, Pittsburgh, PA 15219 | The witness has knowledge of the impact of decennial census population counts on City of Pittsburgh funding/budgets, including the City's reliance on funding from Community Development Block Grant programs. |
| Feyisola Alabi Special Initiatives Manager, | c/o City of Pittsburgh Law Dept., 414 Grant | The witness is the City of Pittsburgh's representative on the Complete Count |

| | | |
|---|---|---|
| Welcoming Pittsburgh (Manager) Office of the Mayor | Street, Pittsburgh, PA 15219 | Commission being formed by the City of Pittsburgh and Allegheny County, and has knowledge of the presence of hard-to-count populations in the City, the City's efforts to reach them, and the City's efforts to mitigate the impact of a citizenship question on response rates. |

**Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff City of Pittsburgh's possession, custody, or control that may be used by Plaintiff City of Pittsburgh to support its claims are described as follows. Plaintiff City of Pittsburgh expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| Information as to funds received by the City of Pittsburgh pursuant to the CDBG program. | This information is at a central repository administered by the New York Attorney General's Office, and/or maintained by Defendants and available via HUD's Integrated Disbursement and Information System (IDIS). |
| Any documents related to the formation and activities of the anticipated City-County Complete Count Commission, relating to efforts to mitigate impact of the citizenship question. | This information will be at a central repository administered by the New York Attorney General's Office. |

**II. Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**III. Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**IV. Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

      Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 23d day of July, 2018.


                      YVONNE S. HILTON
                      Acting City Solicitor

                      s/ Matthew S. McHale, Esq.
                      Matthew S. McHale, Esq. (Pa. ID No. 91880)
                      Admitted *pro hac vice*
                      Associate City Solicitor
                      City of Pittsburgh Law Department
                      414 Grant Street, Pittsburgh, PA 15219
                      (412) 255-2015
                      matthew.mchale@pittsburghpa.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the City of Providence, by its attorney, Jeffrey Dana, City Solicitor of the City of Providence, makes the following Initial Disclosures.

**<u>INTRODUCTION</u>**

1.      These Initial Disclosures are based upon information presently known to the City of Providence. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff City of Providence reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff City of Providence hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of

1

Providence, makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff City of Providence's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Providence incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff City of Providence's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Providence reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Providence is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Providence waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

### **I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of Providence may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of Providence expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Gabriela Domenzain, Latino Policy Institute | City of Providence Office of the City Solicitor 444 Westminster Street, Suite 220 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears |

2

| | Providence, RI 02903<br>(401) 680-5333 | surrounding the 2020 decennial census. Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |
|---|---|---|
| John Marion, Common Cause Rhode Island | City of Providence<br>Office of the City Solicitor<br>444 Westminster Street, Suite 220<br>Providence, RI 02903<br>(401) 680-5333 | The witness has information regarding the Complete Count Committee's efforts to mitigate the impact of the citizenship question on non-response rates.  Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |
| Henrietta White-Holder, Higher Ground International | City of Providence<br>Office of the City Solicitor<br>444 Westminster Street, Suite 220<br>Providence, RI 02903<br>(401) 680-5333 | The witness has knowledge of the impact of the citizenship question on community members' in hard to count communities willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census. Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |
| David DosReis, GIS Manager | City of Providence<br>Office of the City Solicitor<br>444 Westminster Street, Suite 220<br>Providence, RI 02903<br>(401) 680-5333 | Witness has information regarding the presence of hard-to-count populations in Providence, and areas particularly vulnerable to undercounting. |
| Emily Freedman, Director of Community Development | City of Providence<br>Office of the City Solicitor<br>444 Westminster Street, Suite 220<br>Providence, RI 02903<br>(401) 680-5333 | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The City of Providence does not have documents that may be used to support its claims at this time.  The City of Providence reserves the right to supplement this disclosure.

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 17th day of July, 2018.

Jeffrey Dana
City Solicitor of the City of Providence

*/s/Jeffrey Dana*
Jeffrey Dana
City Solicitor
City of Providence
444 Westminster Street, Suite 220
Providence, RI 02903
(401) 680-5333
Jdana@providenceri.gov

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, et al.,

                    Plaintiffs,

        v.

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

                    Defendants.

18-CV-2921 (JMF)

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the State of Rhode Island, by its attorney, Peter F. Kilmartin, Attorney General of the State of Rhode Island, makes the following Initial Disclosures.

## <u>INTRODUCTION</u>

1.      These Initial Disclosures are based upon information presently known to the Plaintiff State of Rhode Island. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff State of Rhode Island reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff State of Rhode Island hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Rhode

1

Island makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff State of Rhode Island's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of Rhode Island incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff State of Rhode Island's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff State of Rhode Island reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Rhode Island is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of Rhode Island waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

### I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures:

The below listed persons are likely to have discoverable information that Plaintiff State of Rhode Island may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Rhode Island expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| John Marion, Executive Director, Common Cause RI | 245 Waterman Street, Suite 400A, Providence, RI 02906, (401) 861-2322 | The witness has knowledge of the impact of decennial census population counts on Rhode Island federal representation and federal funding. |

| Robert Rapoza, Executive Director, Rhode Island Board of Elections | 150 South Main Street, Providence, RI 02903, (401) 274-4400 | The witness has knowledge of the impact of decennial census population counts on statewide redistricting plans for Rhode Island state legislative districts. |
|---|---|---|
| Omar Bah, Founder & Executive Director, Refugee Dream Center | 150 South Main Street, Providence, RI 02903, (401) 274-4400 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. The witness has knowledge of the heightened fears surrounding the 2020 decennial census. |

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Rhode Island's possession, custody, or control that may be used by Plaintiff State of Rhode Island to support its claims are described as follows.  Plaintiff State of Rhode Island expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| Election Data Services study: Kimball W. Brace, "Some Change in Apportionment Allocations With New 2017 Census Estimates; But Greater Change Likely by 2020", https://www.electiondataservices.com/wp-content/uploads/2017/12/NR_Appor17c3wTablesMapsC2.pdf (accessed March 23, 2018). | This document is at a central repository administered by the New York Attorney General's Office. |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this Eighteenth day of July, 2018.

**PETER F. KILMARTIN**
Attorney General of the State of Rhode Island

By: /s Adam D. Roach
        Adam D. Roach
        Special Assistant Attorney General
        RI Office of the Attorney General
        150 South Main Street
        Providence, RI 02903
        (401) 274-4400
        aroach@riag.ri.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the City and County of San Francisco ("San Francisco"), by its attorney, Dennis J. Herrera, City Attorney of the City and County of San Francisco, makes the following Initial Disclosures.

## __INTRODUCTION__

1.      These Initial Disclosures are based upon information presently known to San Francisco.  They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff San Francisco reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff San Francisco hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff San Francisco makes no

representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff San Francisco's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff San Francisco incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff San Francisco's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff San Francisco reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff San Francisco is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff San Francisco waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff San Francisco may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff San Francisco expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Adrienne Pon, Executive Director, City and County of San Francisco's Immigrant Rights Commission and the Mayor's Office of Civic Engagement and Immigrant Affairs | The witness may be contacted through the San Francisco City Attorney's Office, Deputy City Attorney Mollie Lee at (415) 554-4290 or mollie.lee@sfcityatty.org. | The witness has knowledge of outreach efforts for the 2010 and 2020 decennial censuses, including San Francisco's efforts to mitigate the impact of the citizenship question on participation in the 2020 Census. |
| Ben Rosenfield, City Controller, City and County of San Francisco | The witness may be contacted through the San Francisco City Attorney's Office, Deputy City Attorney Mollie Lee at (415) 554-4290 or mollie.lee@sfcityatty.org. | The witness has knowledge of the impact of decennial census population counts on local funding and budgets. |

## II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff San Francisco's possession, custody, or control that may be used by Plaintiff San Francisco to support its claims are described as follows. Plaintiff San Francisco expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| U.S. Department of Transportation Federal Transit Administration Grant Award to the City & County of San Francisco for FY 2017 49 U.S.C. § 5307 Formula Funds (Federal Award Identification No. CA-2017-117-00) | This document is at a central repository administered by the New York Attorney General's Office. |
| February 21, 2018 memorandum from Adrienne Pon to Mayor Mark Farrell titled "Ensuring an Accurate, Complete, Fair and Inclusive 2020 Census Count" and attachment | This document is at a central repository administered by the New York Attorney General's Office. |

| Document Description | Document Location |
|---|---|
| March 8, 2011 Press Release from Mayor Edwin M. Lee titled "Mayor Lee Announces U.S. Census Bureau Results for San Francisco Population" | This document is at a central repository administered by the New York Attorney General's Office. |
| August 30, 2010 memorandum from Adrienne Pon to Ditas Katague, Louis Stewart, and Susan McAuliffe titled "Final Report, California State Census 2010 Outreach Grant" | This document is at a central repository administered by the New York Attorney General's Office. |
| April 14, 2010 memorandum from Adrienne Pon to City Administrator Edwin Lee titled "CENSUS/OCEIA Budget Needs for FY2010-11" | This document is at a central repository administered by the New York Attorney General's Office. |
| February 26, 2010 Resolution authorizing the Office of Civic Engagement & Immigrant Affairs to accept and expand a grant in the amount of $32,250 from the State of California, Governor's Office of Planning and Research, to support San Francisco's complete count outreach and education activities related to the 2010 Census – File Number 100190 | This document is at a central repository administered by the New York Attorney General's Office. |
| January 1, 2010 SF Counts: 2010 Census Strategic Plan – General and Implementation | This document is at a central repository administered by the New York Attorney General's Office. |
| October 2009 Information Packet – Request for Proposals #2009-01 for SF 2010 Census Outreach | This document is at a central repository administered by the New York Attorney General's Office. |
| June 19, 2009 Resolution calling for an accurate, fair and inclusive count of all San Francisco residents in the 2010 Census – File number 090744 | This document is at a central repository administered by the New York Attorney General's Office. |
| May 27, 2009 Executive Directive 09-02 titled "2010 Census Complete and Inclusive Count" | This document is at a central repository administered by the New York Attorney General's Office. |
| U.S. Census Bureau Report S0501 – Selected Characteristics of the Native and Foreign-Born Populations; 2012-2016 American Community Survey 5-Year Estimates for San Francisco County, California | This document is at a central repository administered by the New York Attorney General's Office. |

4

| Document Description | Document Location |
|---|---|
| Screenshot of report on San Francisco County, California from www.censushardtocountmaps2020.us displaying census self-response rates and data | This document is at a central repository administered by the New York Attorney General's Office. |
| Profile of the Unauthorized Population: San Francisco County, CA from the Migration Policy Institute | This document is at a central repository administered by the New York Attorney General's Office. |

**III.  Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

    Not applicable.

**IV.  Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

    Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

    Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 17th day of July, 2018.

                     DENNIS J. HERRERA
                     City Attorney

                     */s/ Mollie M. Lee*
                     MOLLIE M. LEE, California SBN 251404
                     Deputy City Attorney
                     SAN FRANCISCO CITY ATTORNEY'S OFFICE
                     City Hall, Room 234
                     1 Dr. Carlton B. Goodlett Place
                     San Francisco, CA  94102-4602
                     (415) 554-4290
                     mollie.lee@sfcityatty.org

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, et al.,

               Plaintiffs,

    v.

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

               Defendants.

18-CV-2921 (JMF)

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the City of Seattle, by its attorney, Peter S. Holmes, Seattle City Attorney, makes the following Initial Disclosures.

## INTRODUCTION

1.    These Initial Disclosures are based upon information presently known to the City of Seattle. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.    Plaintiff City of Seattle reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.    Plaintiff City of Seattle hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of Seattle makes no

1

representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff City of Seattle's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Seattle incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff City of Seattle's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Seattle reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Seattle is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Seattle waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

## I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures:

The below listed persons are likely to have discoverable information that Plaintiff City of Seattle may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of Seattle expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Kelsey Beck, Regional Affairs Director, Office of Intergovernmental | c/o Gary Smith – Gary.Smith@seattle.gov | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |

2

| | | |
|---|---|---|
| Relations (OIR), City of Seattle | | |
| Joaquin Uy, Communications and Outreach Manager, Office of Immigrant and Refugee Affairs, City of Seattle | c/o Gary Smith – Gary.Smith@seattle.gov | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. The witness has knowledge of the heightened fears surrounding the 2020 decennial census. Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |
| Diana Canzoneri, Demographer, Office of Planning and Community Development (OPCD), City of Seattle | c/o Gary Smith – Gary.Smith@seattle.gov | Witness has information regarding the presence of hard-to-count populations in Seattle, and areas particularly vulnerable to undercounting. |
| Sierra Howlett Browne, Federal Affairs Director, Office of Intergovernmental Relations (OIR), City of Seattle | c/o Gary Smith – Gary.Smith@seattle.gov | Witness has information regarding the impact of the decennial census population count on the state redistricting process. |
| Amy Nguyen, Community Programs Strategic Advisor, Department of Neighborhoods, City of Seattle | c/o Gary Smith – Gary.Smith@seattle.gov | The witness has information regarding Seattle's efforts to mitigate the impact of the citizenship question on non-response rates. Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:**

The documents and electronically stored information (collectively, "Documents") in Plaintiff City of Seattle's possession, custody, or control that may be used by Plaintiff City of Seattle to support its claims are described as follows. Plaintiff City of Seattle expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---|---|
| Census Committee Proposal.pptx: City Proposed Census Committee Structure | This document is at a central repository administered by the New York Attorney General's Office |
| MEMO re 2020 Census CCC.PDF: Briefing Memorandum: 2020 Census Complete Count Committee Proposal | This document is at a central repository administered by the New York Attorney General's Office |
| \Webpages\About Seattle - OPCD  seattle_gov.htm: Webpage providing Seattle's Population and Household Statistics | This document is at a central repository administered by the New York Attorney General's Office |
| Census Open House Working Planning Outline DATA COLLAB.docx: Draft Outline and Agenda City of Seattle Census Open House | This document is at a central repository administered by the New York Attorney General's Office |
| Copy of OPCD Mayor's Transition Section II Issue List sa dc.xlsx: Spreadsheet provided by OPCD to support Mayor's transition | This document is at a central repository administered by the New York Attorney General's Office |
| Data Disagg_ A Summary of Best Practice Examples and Challenges from the Pop-Level Subcmte.pptx: A Summary of Best Practice Examples and Challenges: Analyzing and Reporting Population Demographic Data - Produced by the Data Disaggregation Task Force Population-Level Subcommittee | This document is at a central repository administered by the New York Attorney General's Office |
| ACS_12_5YR_Foreign Born incl East African estim.xls: S0502: Selected Characteristics of the Foreign-Born Population by Period of Entry into the United States | This document is at a central repository administered by the New York Attorney General's Office |

| | |
|---|---|
| GESCNA Committee DDTF Briefing Draft V2.pptx: Demographic Data Disaggregation Task Force: Gender Equity, Safe Communities, and New Americans Committee - December 14, 2016 | This document is at a central repository administered by the New York Attorney General's Office |
| Demographic Data Task Force Report-FINAL.pdf: Memorandum: Demographic Data Task Force Report (Resolution 31613) | This document is at a central repository administered by the New York Attorney General's Office |
| Dear Seattle Complete Count Committee members.docx: Subject Line:  Census 2010 Open House for local govt. and non-profits March 1st at Seattle City Hall | This document is at a central repository administered by the New York Attorney General's Office |
| Demog Data Task Force resources.txt: Subject: Demog Data Task Force resources | This document is at a central repository administered by the New York Attorney General's Office |
| Demographics & Disparities RSJI 2011 Summit Canzoneri Presentation.pptx: Demographics and Disparities: Updated Data on Seattle - 2011 Race and Social Justice Initiative (RSJI) Summit October 6, 2011 Workshop Presentation | This document is at a central repository administered by the New York Attorney General's Office |
| Disaggregated data for race ethnicity and ancestry groups gg edits 3-28 dc 6 10 2018.docx: Accessing Disaggregated Data for Race/Ethnic Groups - Guidance from the City of Seattle Demographer | This document is at a central repository administered by the New York Attorney General's Office |
| GESCNA Committee DDTF Briefing FINAL.pptx: Demographic Data Disaggregation Task Force: Gender Equity, Safe Communities, and New Americans Committee - December 14, 2016 | This document is at a central repository administered by the New York Attorney General's Office |
| Presentation to CEP Class 4 30 2012.ppt: New Demographic Data on Seattle and Its Neighborhoods - Presentation to UW CEP303 Social Structures and Processes | This document is at a central repository administered by the New York Attorney General's Office |
| http://www.seattle.gov/opcd/population-and-demographics: Population & Demographics - OPCD seattle_gov_files | This document is at a central repository administered by the New York Attorney General's Office |
| http://www.seattle.gov/census2010/committee.htm: Seattle Census 2010 Complete Count Committee_files | This document is at a central repository administered by the New York Attorney General's Office |

| | |
|---|---|
| WSDC_Agenda_2017.pdf: Washington State Stat Center Annual Meeting - Agenda | This document is at a central repository administered by the New York Attorney General's Office |
| Final Demographic Data Task Force memo.docx: Memorandum: Demographic Data Task Force Report (Resolution 31613) | This document is at a central repository administered by the New York Attorney General's Office |
| Using the 2010 Census and ACS to Understand Seattle's Demographics for Kenny Backgroundf.ppt: Using the ACS and Census to Understand Local Demographics - Presentation to City Council Central Staff | This document is at a central repository administered by the New York Attorney General's Office |

**III. Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

   Not applicable.

**IV. Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

   Not applicable.

**V. Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

   Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.


DATED this 9 th day of July, 2018.


                                        PETER S. HOLMES
                                        Seattle City Attorney


                          By:

                                        Peter S. Holmes
                                        Seattle City Attorney
                                        Seattle City Attorney's Office
                                        701 Fifth Avenue, Suite 2050
                                        Seattle, WA 98104-7097
                                        206.684.8200
                                        Peter.holmes@seattle.gov
                                        WSBA # 15787

7

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATES OF NEW YORK, COLORADO, CONNECTICUT, DELAWARE, ILLINOIS, IOWA, MARYLAND, MINNESOTA, NEW JERSEY, NEW MEXICO, NORTH CAROLINA, OREGON, RHODE ISLAND, VERMONT, and WASHINGTON; COMMONWEALTHS OF MASSACHUSETTS, PENNSYLVANIA, and VIRGINIA; DISTRICT OF COLUMBIA; CITIES OF CENTRAL FALLS, CHICAGO, COLUMBUS, NEW YORK, PHILADELPHIA, PITTSBURGH, PROVIDENCE, and SEATTLE; CITY and COUNTY of SAN FRANCISCO; COUNTIES OF CAMERON, EL PASO, HIDALGO, and MONTEREY; and the UNITED STATES CONFERENCE OF MAYORS, | CIVIL ACTION NO. 1:18-cv-2921 (JMF) **PLAINTIFF UNITED STATES CONFERENCE OF MAYORS INITIAL DISCLOSURES** |
| Plaintiffs, | |
| v. | |
| UNITED STATES DEPARTMENT OF COMMERCE; and UNITED STATES OF AMERICA, THOMAS E. PRICE, in his official capacity as Secretary of the United States Department of Health and Human Services, and PATRICK CONWAY, in his official capacity as the Acting Administrator of the Centers for Medicare & MedicaidWILBUR L. ROSS, JR., in his official capacity as Secretary of Commerce, | |
| and | |
| BUREAU OF THE CENSUS, an agency within the United States Department of Commerce; and RON S. JARMIN, in his capacity as performing the non-exclusive functions and duties of the Director of the U.S. Census Bureau, | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the United States Conference of Mayor by its attorney, John Daniel Reaves, General Counsel, of the United States Conference of Mayors, makes the following Initial Disclosures.

# INTRODUCTION

1. These Initial Disclosures are based upon information presently known to the United States Conference of Mayors. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2. Plaintiff the United States Conference of Mayors reserves the right at any time to revise and/or supplement these Initial Disclosures.

3. Plaintiff the United States Conference of Mayors hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff United States Conference of Mayors makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4. Plaintiff the United States Conference of Mayors' identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff the United States Conference of Mayors incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5. Plaintiff the United States Conference of Mayors' identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its

possession, custody or control.  Plaintiff State of New York reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff United States Conference of Mayors is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff United States Conference of Mayors waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

I. **Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

Plaintiff United States Conference of Mayors has no individual fact witnesses at this time but reserves the right to supplement this disclosure.

II. **Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff United States Conference of Mayors' possession, custody, or control that may be used by Plaintiff United States Conference of Mayors to support its claims are described as follows.  Plaintiff United States Conference of Mayors expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---|---|
| Declaration of John Daniel Reaves as to the United States Conference of Mayor's Two Adopted Resolutions Opposing Citizenship Question; Bipartisan Letter to Census Director Opposing Use of Citizenship Question  and Press Releases. All are matters of public record and found at www.usmayors.org | The documents are at a central repository administered by the State of New York's Attorney General's Office. |

**III.**      **Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

         Not applicable.

**IV.**      **Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

         Not applicable.

DATED this 20th day of July, 2018.

*/s/*
_____
John Daniel Reaves, General Counsel
United States Conference of Mayors
1200 New Hampshire Avenue, N.W.,
Third Floor
Washington D.C., 20036
PHONE: (202) 974-5931
EMAIL: jdreavesoffice@gmail.com

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, et al.,

                Plaintiffs,

        v.

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

                Defendants.

18-CV-2921 (JMF)

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff the Commonwealth of Virginia, by Mark R. Herring, Attorney General of the Commonwealth of Virginia, makes the following Initial Disclosures.

## INTRODUCTION

1.   These Initial Disclosures are based upon information presently known to The Commonwealth of Virginia. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.   Plaintiff Commonwealth of Virginia reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.   Plaintiff Commonwealth of Virginia hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to

1

documents in the Initial Disclosures, Plaintiff Commonwealth of Virginia makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.   Plaintiff Commonwealth of Virginia's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff Commonwealth of Virginia incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.   Plaintiff Commonwealth of Virginia's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody, or control. Plaintiff Commonwealth of Virginia reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff Commonwealth of Virginia does not identify documents protected from disclosure by the attorney-client, work product, or other applicable privileges. Nor does Plaintiff Commonwealth of Virginia waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

### **I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff Commonwealth of Virginia may use to support Plaintiff's claims as

2

detailed in the First Amended Complaint. Plaintiff Commonwealth of Virginia

expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| **Qian Cai**, Director, Demographics Research Group, Weldon Cooper Center for Public Service, University of Virginia | Contact through counsel: 202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has information regarding the presence of hard-to-count populations in Virginia, and areas particularly vulnerable to undercounting. |
| **Michael Cassidy**, President and Chief Executive Officer of the Commonwealth Institute for Fiscal Analysis | Contact through counsel: 202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of (1) the impact of decennial census population counts on state/local funding and budgets, and (2) the presence of hard-to-count populations in the Virginia, and areas particularly vulnerable to undercounting. |
| **Robyn M. de Socio**, Executive Secretary, Commonwealth of Virginia Compensation Board | Contact through counsel: 202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of the impact of the decennial census population counts on state/local funding and budgets in public safety and law enforcement coverage in localities. |

| | | |
|---|---|---|
| **Julie Emery**, Executive Director, Virginia Civic Engagement Table | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge (1) of the impact of the citizenship question on community members' willingness to participate in the decennial census process in Virginia, (2) of the heightened fears surrounding the 2020 decennial census in Virginia, and (3) concerning outreach efforts conducted by the Census Bureau in Virginia. |
| **Megan Healy**, Chief Workforce Development Advisor, Office of the Governor | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets in state workforce development programs. |
| **John Lawson**, Chief Financial Officer, Virginia Department of Transportation | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets for the Virginia Department of Transportation. |

| | | |
|---|---|---|
| **Jennifer Lee**, Director, Department of Medical Assistance Services | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219<br>(804) 786-1068 | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets in state medical assistance services programs. |
| **Greg Lucyk**, Board President, One Virginia 2021 | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219<br>(804) 786-1068 | The witness has information regarding the impact of the decennial census population count on the state redistricting process. |
| **Fernando Mercado-Violand**, Director of Latino Outreach, Office of the Governor | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219<br>(804) 786-1068 | The witness has knowledge of (1) the impact of the citizenship question on community members' willingness to participate in the decennial census process in Virginia, and (2) the heightened fears surrounding the 2020 decennial census in Virginia. |
| **Tram Nguyen**, Co-Executive Director, New Virginia Majority | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219<br>(804) 786-1068 | The witness has knowledge (1) of the impact of the citizenship question on community members' willingness to participate in the decennial census process in Virginia, (2) of the heightened fears surrounding the 2020 decennial census in Virginia, and (3) concerning outreach efforts conducted by the Census Bureau in Virginia. |

| | | |
|---|---|---|
| **Sookyung Oh**, D.C. Area Director, **National Korean American Service & Education Consortium** | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of (1) the impact of the citizenship question on community members' willingness to participate in the decennial census process in Virginia, and (2) the heightened fears surrounding the 2020 decennial census in Virginia. |
| **M. Norman Oliver**, State Commissioner of Health, Virginia Department of Health | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets in state health programs. |
| **Atif Qarni**, Secretary of Education, Office of the Governor | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets in Virginia public education programs. |
| **Simon Sandoval-Moshenburg**, Legal Director, Immigrant Advocacy Program, Legal Aid Justice Center | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of (1) the impact of the citizenship question on community members' willingness to participate in the decennial census process in Virginia, and (2) the heightened fears surrounding the 2020 decennial census in Virginia. |

| **Monica Sarmiento**, Executive Director, Virginia Coalition for Immigrant Rights | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of (1) the impact of the citizenship question on community members' willingness to participate in the decennial census process in Virginia, and (2) the heightened fears surrounding the 2020 decennial census in Virginia. |
| **Stephen Duke Storen**, State Commissioner, Virginia Department of Social Services | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets in state social services programs. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information in Plaintiff Commonwealth of Virginia's possession, custody, or control that may be used by Plaintiff Commonwealth of Virginia to support its claims are described as follows. All such documents are or will be at a central repository administered by the New York Attorney General's Office. Plaintiff Commonwealth of Virginia expressly reserves its right to supplement this disclosure:

| **Document Description** |
| --- |
| Documents regarding demography of hard to count populations in Virginia, and areas particularly vulnerable to undercounting. |
| Documents regarding the impact of decennial census population counts on state or local funding and budgets in Virginia. |
| Documents regarding the use of federal funds in state health programs and medical services in Virginia. |

| |
|---|
| Documents regarding the use of federal funds in public education programs and services in Virginia. |
| Documents regarding the use of federal funds in state social services programs and services in Virginia. |
| Documents regarding the use of federal funds in transportation programs and services in Virginia. |
| Documents regarding the use of federal funds in workforce development programs and services in Virginia. |
| Documents regarding the redistricting process in Virginia. |
| Documents regarding community members' willingness to participate in the decennial census process in Virginia. |
| Documents regarding heightened fears surrounding the 2020 decennial census in Virginia. |
| Documents regarding outreach efforts conducted by the Census Bureau in Virginia. |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule

26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D)

of the Federal Rules of Civil Procedure.


DATED this 23rd day of July, 2018.


MARK R. HERRING
Attorney General of the
Commonwealth of Virginia

*/s/  Matthew R. McGuire*
Matthew R. McGuire
Deputy Solicitor General
Office of the Attorney General of
Virginia
202 North 9th Street
Richmond, Virginia 23219
(804) 786-7773
MMcGuire@oag.state.va.us

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STATE OF NEW YORK, et al.,

                Plaintiffs,

        v.                        18-CV-2921 (JMF)

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

                Defendants.

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff State of Vermont, by its attorney, Thomas J. Donovan, Jr, Attorney General of the State of Vermont, makes the following Initial Disclosures.

## <u>INTRODUCTION</u>

1.      These Initial Disclosures are based upon information presently known to Plaintiff State of Vermont. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff State of Vermont reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff State of Vermont hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff makes no representations

or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.     Plaintiff State of Vermont's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude the State from obtaining discovery of individuals not presently identified. Plaintiff incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.     Plaintiff State of Vermont's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures Plaintiff is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Vermont may use to support the Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| John Adams, Director, Vermont Center for Geographic Information | Julio A. Thompson Assistant Attorney General Office of the Vermont Attorney General 109 State Street Montpelier, Vermont 05609 (802) 828-3171 julio.thompson@vermont.gov | The witness has knowledge of (1) methods for population counting; (2) challenges in counting historically underrepresented populations; and (3) financial impacts of undercounting on Vermont Medicaid and other federal funding. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Vermont's possession, custody, or control that may be used by the State to support its claims are described as follows.  Plaintiff expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---|---|
| Reamer, *Counting for Dollars 2020: The Role of the Decennial Census in the Geographic Distribution of Federal Funds* (March 18, 2018) | This document is at a central repository administered by the New York Attorney General's Office. |
| Vermont Center for Geographic Information, *High Cost of a Low Count:  Census 2020, Medicaid Payments to States, and Why Every Person Counts* | This document is at a central repository administered by the New York Attorney General's Office |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff State of Vermont will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.


DATED this 17th day of July 2018.


STATE OF VERMONT

THOMAS J. DONOVAN, JR.
ATTORNEY GENERAL


By:  /s Julio A. Thompson
Benjamin D. Battles
  Solicitor General
Julio A. Thompson
  Assistant Attorney General
  Civil Rights Unit
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-3171
julio.thompson@vermont.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | INITIAL DISCLOSURES OF PLAINTIFF STATE OF WASHINGTON |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the State of Washington, by its attorney, Assistant Attorney General Laura K. Clinton, makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to Washington. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Washington reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Washington hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Washington makes no representations or concessions regarding the relevance or appropriateness of any particular documents or types of documents.

1

4.      Washington's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Washington incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Washington's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Washington reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Washington is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Washington waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Washington may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Washington expressly reserves the right to supplement this disclosure:

| <u>Name</u> | <u>Contact Information</u> | <u>Subjects of Discoverable Information</u> |
|---|---|---|
| Mark Baldwin Assistant Director of Forecasting and Research, Office of Financial Management | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of Washington's planning and outreach regarding the 2020 Census, potential financial impacts to the State of Washington arising from an inaccurate count, and related issues. |

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| Yi Zhao, Office of Financial Management | c/o Laura Clinton<br>Assistant Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle WA 98104 | The witness has knowledge of Washington's planning and outreach regarding the 2020 Census, potential financial impacts to the State of Washington arising from an inaccurate count, and related issues. |
| Erica Gardner, Office of Financial Management | c/o Laura Clinton<br>Assistant Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle WA 98104 | The witness has knowledge of Washington's planning and outreach regarding the 2020 Census, potential financial impacts to the State of Washington arising from an inaccurate count, and related issues. |
| Mike Mohrman, Office of Financial Management | c/o Laura Clinton<br>Assistant Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle WA 98104 | The witness has knowledge of Washington's planning and outreach regarding the 2020 Census, potential financial impacts to the State of Washington arising from an inaccurate count, and related issues. |
| Records custodian, Office of Financial Management | c/o Laura Clinton<br>Assistant Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle WA 98104 | The witness(es) have knowledge sufficient to identify and authenticate Washington's records concerning the decennial Census and related issues |
| Robert Chang<br>Seattle University School of Law | c/o Laura Clinton<br>Assistant Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle WA 98104 | The witness has knowledge regarding the history of the Census Bureau's past breaches of trust where Census information was used to harm individuals and communities, and the reasonable fear or concern that respondents might have when facing the citizenship question now. |

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| Laura Pierce<br>Washington Nonprofits | c/o Laura Clinton<br>Assistant Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle WA 98104 | The witness has knowledge of the concerns that many nonprofit organizations have about the impact of the citizenship question. Nonprofits working with hard to count populations are concerned that adding the citizenship question instills fear and makes those communities harder to count because they are likely to voluntarily opt out of the Census.  The witness has knowledge of the impact an undercount would have on how funds for services are distributed and on the data available for nonprofits to target their services. |
| David Streeter<br>Washington Nonprofits | c/o Laura Clinton<br>Assistant Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle WA 98104 | The witness has knowledge of the concerns that many nonprofit organizations have about the impact of the citizenship question. Nonprofits working with hard to count populations are concerned that adding the citizenship question instills fear and makes those communities harder to count because they are likely to voluntarily opt out of the Census.  The witness has knowledge of the impact an undercount would have on how funds for services are distributed and on the data available for nonprofits to target their services. |
| Laura Armstrong<br>Executive Director<br>La Casa Hogar | c/o Laura Clinton<br>Assistant Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle WA 98104 | The witness has knowledge of already existing barriers facing immigrant, low-income, Limited English Proficient |

4

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| | | residents ("hard-to-count" populations) throughout Washington state's Yakima Valley in participating in the Census. The witness has further knowledge as to how the citizenship question will worsen those existing barriers for aforementioned community members' participation in the decennial Census process.  The witness has knowledge of immigrant families' heightened fears surrounding government institutions, and understands this as one of the already existing barriers that is being worsened because of the citizenship question. The witness has knowledge regarding community education and awareness efforts regarding the Census in the Yakima Valley region. The witness represents an organization with knowledge and experience working with immigrant families and agricultural workers throughout the region for over two decades. |
| Linda Moore CEO\|President Yakima Valley Community Foundation | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of the impact of the citizenship question and the disproportionate impact of funding and services to low income and people of color and children. The witness has knowledge of the impact of the citizenship questions on "mixed households" where children are citizens and others in the household, including |

| Name | Contact Information | Subjects of Discoverable Information |
|------|--------------------|--------------------------------------|
|      |                    | their parents are not which also impacts the count of children. The witness has knowledge of the demographics of Yakima County. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

All materials requested in discovery or that Washington intends to use at trial are described below. Washington expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|----------------------|-------------------|
| Documents concerning the 2020 Census and mitigating non-response in the State of Washington. | Office of Financial Management, Washington Nonprofits – These documents will be uploaded to the central repository administered by the New York Attorney General's Office. |

## III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

## V.  Fed R. Civ. P. 26(a)(2)(A) – Expert Testimony:

Washington will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 16th day of July, 2018.

ROBERT W. FERGUSON
Attorney General of the State of Washington

/s/ *Laura K. Clinton*
Laura K. Clinton
Assistant Attorney General
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
 LauraC5@atg.wa.gov
(206) 233-3383
Peter Gonick,
Deputy Solicitor General Office of the Attorney
General PO Box 40100
Olympia, WA 98504-0100
 peterg@atg.wa.gov
Tel. (360) 753-6245

OFFICE OF THE CITY ATTORNEY
BRAD HOLM, City Attorney
State Bar No. 011237
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
Telephone (602) 262-6761
Email:  law.civil.minute.entries@phoenix.gov

PATRICIA J. BOLAND, #007347
Assistant Chief Counsel

Attorney for City of Phoenix

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATES OF NEW YORK, COLORADO, CONNECTICUT, DELAWARE, ILLINOIS, IOWA, MARYLAND, MINNESOTA, NEW JERSEY, NEW MEXICO, NORTH CAROLINA, OREGON, RHODE ISLAND, VERMONT, and WASHINGTON; COMMONWEALTHS OF MASSACHUSETTS, PENNSYLVANIA, and VIRGINIA; DISTRICT OF COLUMBIA; CITIES OF CENTRAL FALLS, CHICAGO, COLUMBUS, NEW YORK, PHILADELPHIA, PHOENIX, PITTSBURGH, PROVIDENCE, and SEATTLE; CITY and COUNTY of SAN FRANCISCO; COUNTIES OF CAMERON, EL PASO, HIDALGO, and MONTEREY; and the UNITED STATES CONFERENCE OF MAYORS,<br><br>                     Plaintiffs,<br><br>        v. | CIVIL ACTION NO. 1:18-cv-2921 (JMF)<br><br>**PLAINTIFF CITY OF PHOENIX'S INITIAL DISCLOSURES** |

UNITED STATES DEPARTMENT
OF COMMERCE; and WILBUR L.
ROSS, JR., in his official capacity as
Secretary of Commerce,

    and

BUREAU OF THE CENSUS, an
agency within the United States
Department of Commerce; and RON S.
JARMIN, in his capacity as performing
the non-exclusive functions and duties
of the Director of the U.S. Census
Bureau,

            Defendants.

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the City of Phoenix (the "City of Phoenix"), by its attorney, Patricia J. Boland, Assistant Chief Counsel, makes the following Initial Disclosures.

## **INTRODUCTION**

1.     These Initial Disclosures are based upon information presently known to the City of Phoenix. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.     Plaintiff City of Phoenix reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.     Plaintiff City of Phoenix hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of Phoenix makes no representations or concessions regarding the relevancy or appropriateness of any particular

documents or types of documents.

4.      Plaintiff City of Phoenix's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified.  Plaintiff City of Phoenix incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff City of Phoenix's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Phoenix reserves the right to use all documents produced by any party or non-party to this action.  With these Initial Disclosures, Plaintiff City of Phoenix is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges.  Nor does Plaintiff City of Phoenix waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of Phoenix may use to support Plaintiff's claims as detailed in the Second Amended Complaint. Plaintiff City of Phoenix expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subject of Discoverable Information |
|---|---|---|
| U.S. Congressman Ruben Gallego | Contact through Counsel for the City of Phoenix | Elected in 2014, Congressman Gallego represents Arizona's 7th district, a majority of which is within Phoenix.  Congressman Gallego has been highly involved |

| | | |
|---|---|---|
| | | with the issues of adding a citizenship question to the decennial questionnaire and how it will impact the constituents he represents. |
| Amanda Bernal-Ransom, Vice President of Resource Development with Chicanos Por La Causa, Inc. ("CPLC") | Contact through Counsel for the City of Phoenix | As the Vice President of Resource Development, Ms. Bernal-Ransom is responsible for responding to requests for proposals from foundation, local, State and Federal agencies. Ms. Bernal-Ransom has knowledge of the importance to CPLC that Phoenix get a correct census count.  Many of the requests submitted by CPLC require data that speaks to economic and social factors that rely on census data to collect as that is considered an unbiased and accurate count. Without a truly comprehensive census count, CPLC has a diminished chance of truly showing the need for services and therefore being awarded grant dollars for those services provided. |
| Martin Quintana, President and CEO, Friendly House, Inc. | Contact through Counsel for the City of Phoenix | Friendly House, Inc. is a longstanding non-profit organization that was established in 1920 to serve the immigrant community with workforce development and job skills training services.  Friendly House continues to provide those services, and has now expanded its service offerings to include elementary education, family support services, and workforce readiness & education.  Via these services, Family House serves over 15,000 individuals per year |

| | | |
|---|---|---|
| | | throughout the Phoenix area. As such, Mr. Quintana has knowledge on these topics, including the impact of a citizenship question in the census on the immigrant community in Phoenix. |
| Terry Benelli, Executive Director, Local Initiatives Support Corporation ("LISC") Phoenix | Contact through Counsel for the City of Phoenix | Terry Benelli is responsible for raising capital and resources locally that are leveraged by National LISC's support, providing the strategic direction and guidance for all aspects of LISC Phoenix local operations and programs as well as determining key priorities that equip talent in underinvested communities with the skills and credentials to compete successfully for quality income and wealth opportunities.  As such, Ms. Benelli has knowledge of these topics, including the impact of a citizenship question in the census on the immigrant community in Phoenix. |
| Petra Falcon, Executive Director, Promise Arizona, ("PAZ") | Contact through Counsel for the City of Phoenix | Petra Falcon leads Promise Arizona with over 25 years working in the non-profit community and her organization aims to unite millions of Arizonans who believe in treating all of their neighbors with fairness, and dignity. These like-minded individuals share a common interest in good jobs, a robust economy, quality education and safe communities in which to raise children. Ms. Falcon has knowledge of these topics, including the impact of a citizenship question in the census |

| | | |
|---|---|---|
| | | on the immigrant community in Phoenix. |
| Patricia K. Hibbeler, ABD, MA<br><br>CEO of the Phoenix Indian Center | Contact through Counsel for the City of Phoenix | Patricia K. Hibbeler is the Chief Executive Officer of the Phoenix Indian Center, Inc., an organization with a 71-year history and the first urban based Indian Center in the nation. Ms. Hibbeler works on behalf of the American Indian people living in urban based Phoenix/Maricopa County, focusing on workforce development, prevention, youth development and language/cultural revitalization and community engagement. Ms. Hibbeler has knowledge of the impact of a citizenship question in the census on the American Indian and immigrant community in Phoenix. |
| Jeffery Barton, Budget and Research Director, City of Phoenix | Contact through Counsel for the City of Phoenix | Mr. Barton is responsible to the oversight, planning, forecasting and overall executive management of the City's multibillion dollar capital and operation budget.  He has knowledge of the financial impacts that an undercounted census will have on Phoenix. |
| Kenneth Kessler, Acting Public Transit Director, City of Phoenix | Contact through Counsel for the City of Phoenix | Mr. Kessler is responsible for the operations of the City's Public Transit Department, which is largely dependent on federal funding to maintain the department's capital and operation daily functions.  The department is also the Federal Transit Administration Grant Designee; as such, the department is responsible for the |

| | | |
|---|---|---|
| | | oversight of billions of dollars to support transit operations and infrastructure.  Mr. Kessler has knowledge of these topics, including the funding impacts to the City of a citizenship question on the census. |
| Marchelle Franklin, Human Services Director, City of Phoenix | Contact through Counsel for the City of Phoenix | Ms. Franklin is the city executive responsible for our human service programs, which are largely supported by federal funding and grants.  Working on these types of programs for many years, Ms. Franklin has knowledge of the major impacts an undercount in Phoenix would have as programs could potentially not have adequate levels of funding for the people they serve daily. |
| Anubhav Bagley, Regional Analytics Director, Maricopa Association of Governments ("MAG") | Contact through Counsel for the City of Phoenix | Mr. Bagley has been with MAG in various roles for 18 years and is the Regional Analytics Director at the Maricopa Association of Governments.  He is responsible for regional socioeconomic datasets, geographic information systems, census activities, population projections and estimates, and the development and maintenance of regional land use models.  Mr. Bagley has knowledge of the impact the census has on redistricting in Maricopa County and the demographics of the City of Phoenix. |
| Albert Santana, Census Director, City of Phoenix | Contact through Counsel for the City of Phoenix | Mr. Santana is responsible for the overall execution of the Phoenix Census 2020 campaign.  In this role he also is leading efforts, with the community, on |

| | | |
|---|---|---|
| | | proactively developing a plan and needed resources to mitigate any issues/barriers that may occur when educating and motivating all people living in Phoenix to participate and ultimately respond to the 2020 census. Also, prior to this role, he oversaw the city's light rail transit and bus rapid transit program, as such, he also understands the importance and direct relationship an accurate census count has on federal funding support for high capacity transit in Phoenix.  Mr. Santana has knowledge of these topics, including the mitigation efforts needed to be undertaken by the City of Phoenix in the upcoming census and the demographics of the City of Phoenix. |
| Joshua S. Sellers, JD, Ph.D.<br><br>Associate Professor of Law, Arizona State University, Sandra Day O'Connor College of Law | Contact through Counsel for the City of Phoenix | Professor Sellers is an Associate Professor of Law at Sandra Day O'Connor College of Law, Arizona State University.  He holds a B.A. from the University of Michigan, and a Ph.D. and J.D. from the University of Chicago.  His principal areas of research and teaching are in election law, legislation and regulation, constitutional law, and civil procedure.  Professor Sellers has knowledge regarding the negative impact an undercount will have on the City of Phoenix's representational interests. |

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

Plaintiff City of Phoenix hereby incorporates by reference all documents or electronically stored information disclosed by other Plaintiffs.  In addition, the City of Phoenix discloses the following documents.

Plaintiff City of Phoenix expressly reserves it right to supplement this disclosure.

| Document Description | Document Location |
|---|---|
| Map that shows how much of the City of Phoenix is in low-moderate income census tracks along with every neighborhood group in those areas | Counsel for the City of Phoenix will produce this document when received |

**III.  Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Disclosure of Expert Testimony:**

Plaintiff City of Phoenix will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) supplement if and when experts are retained.

**VI. Fed. R. Civ. P. 26(a)(2)(B) – Summary of Expert:**

Plaintiff City of Phoenix will supplement if and when experts are retained.

DATED this 10th day of August, 2018.

**Office of the Phoenix City Attorney**

Brad Holm, City Attorney


By:  */s/ Patricia J. Boland*
     Patricia J. Boland
     Assistant Chief Counsel
     City of Phoenix Law Department
     200 West Washington, Suite 1300
     Phoenix, Arizona 85003-1611
     patricia.boland@phoenix.gov

2058496_1.docx

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2018, a copy of the Plaintiff City of

Phoenix's Initial Disclosures were served via electronically to the parties as follows:

Adam Roach     aroach@riag.ri.gov

Ajay Paul Saini     ajay.saini@ag.ny.gov

Alan Schoenfeld     alan.schoenfeld@wilmerhale.com, whdocketing@wilmerhale.com

Alexandra Pickerill     anpickerill@columbus.gov

Andrew Worseck     andrew.worseck@cityofchicago.org

Andrew Claude Case     acase@manatt.com, astaltari@manatt.com

Ann E. Lynch     ann.lynch@state.ma.us

Benjamin Daniel Battles     benjamin.battles@vermont.gov, karen.farnsworth@vermont.gov

Benjamin H. Field     benjamin.field@phila.gov

Brett Shumate     brett.a.shumate@usdoj.gov

Carol Federighi     carol.federighi@usdoj.gov, fedprog.ecf@usdoj.gov,
Rachel.E.Chrisinger@usdoj.gov, Tracey.L.Urban@usdoj.gov

Christie Starzec     christie.starzec@cityofchicago.org

Christopher Hajec     chajec@irli.org

Christopher A. Ferrara, ferrara@acla-inc.org, ca.ferrara@verizon.net

Claire M. Guehenno     claire.guehenno@wilmerhale.com

David H. Gans     david@theusconstitution.org, brian@theusconstitution.org,
brianne@theusconstitution.org, elizabeth@theusconstitution.org

David J. Lyons     david.lyons@state.de.us

Dennis J. Herrera     brittany.feitelberg@sfcityatty.org

Eleanor Ewing     eleanor.ewing@phila.gov

Elena Stacy Goldstein     elena.goldstein@ag.ny.gov

Elizabeth Morgan     Elizabeth.Morgan@ag.ny.gov

Gail Phyllis Rubin     grubin@law.nyc.gov, ecf@law.nyc.gov

Gary T. Smith     gary.smith@seattle.gov, carlton.seu@seattle.gov, janet.francisco@seattle.gov,

lise.kim@seattle.gov, marisa.johnson@seattle.gov

Ian R. Kaplan      ian.kaplan@epcounty.com, AdChaparro@epcounty.com,
Isela.Lozano@epcounty.com, juntereker@epcounty.com, mcontreras@epcounty.com

Ilona Kirshon      ilona.kirshon@state.de.us

Jacob Campion      jacob.campion@ag.state.mn.us, pamela.hewitt@ag.state.mn.us

Jacqueline Melmed      jackie.melmed@state.co.us, jenna.goldstein@state.co.us

Jeffrey Dana      jdana@providenceri.gov

Jo Anne Bernal      joanne.bernal@epcounty.com, MWatt@epcounty.com

John Hendricks      john.hendricks@cityofchicago.org

John Daniel Reaves      jdreavesoffice@gmail.com

John Robert Grimm      jgrimm@oag.state.md.us

Jonathan Benjamin Miller      jonathan.miller@state.ma.us

Julia Alejandra Gomez Hernandez      jgomez@maldef.org, Ivanegas@MALDEF.org,
rontiveros@maldef.org

Julio A Thompson      julio.thompson@vermont.gov

Lara Baker-Morrish      lnbaker@columbus.gov

Laura Jane Wood      laura.wood@ag.ny.gov

Laura Kristine Clinton      laurac5@atg.wa.gov, comcec@atg.wa.gov,
GraceS1@ATG.WA.GOV, jennahw@atg.wa.gov

Lourdes Maria Rosado      lourdes.rosado@ag.ny.gov

Margaret Sobota      maggie.sobota@cityofchicago.org

Mark Francis Kohler      mark.kohler@ct.gov

Martin M Tomlinson      martin.m.tomlinson@usdoj.gov

Matthew Colangelo      Matthew.Colangelo@ag.ny.gov

Matthew McHale      matthew.mchale@pittsburghpa.gov

Matthew J. Martin      mmartin@atg.state.il.us

Matthew Robert McGuire      mmcguire@oag.state.va.us, ktaylor@oag.state.va.us,
theytens@oag.state.va.us

Matthew Timothy Jerzyk      matt@jerzyklaw.com

Michael Fischer     mfischer@attorneygeneral.gov

Michael Hun Park     park@consovoymccarthy.com

Michael Wu-Kung Pfautz     michael.pfautz@phila.gov

Miranda Mercedes Cover     mercy.cover@massmail.state.ma.us

Mithun Mansingham     mithun.mansinghani@oag.ok.gov, docket@oag.ok.gov

Mollie Mindes Lee     mollie.lee@sfcityatty.org, alison.wong.lambert@sfcityatty.org, catheryn.daly@sfcityatty.org, martina.hassett@sfcityatty.org

Nathanael Blake     nathan.blake@ag.iowa.gov

Patricia Jean Boland     patricia.boland@phoenix.gov

Peter Benjamin DeWitt Duke     pbduke@cov.com, ben-duke-1883@ecf.pacerpro.com, maony@cov.com

Peter S. Holmes     peter.holmes@seattle.gov

Rachel Wainer Apter     rachel.apter@njoag.gov

Richard Coglianese     rncoglianese@columbus.gov

Rolando L. Rios     rrios@rolandorioslaw.com

Ryan Young Park     rpark@ncdoj.gov

Sabita Lakshmi Krishnan     skrishna@law.nyc.gov, ecf@law.nyc.gov

Sania Waheed Khan     sania.khan@ag.ny.gov

Scott J Kaplan     scott.kaplan@doj.state.or.us, aislinn.price@doj.state.or.us, carla.scott@doj.state.or.us, joshua.belville@doj.state.or.us

Stephen Ehrlich     stephen.ehrlich@usdoj.gov

Tania Maestas     tmaestas@nmag.gov

Tonya Jenerette     tjeneret@law.nyc.gov

Valerie M. Nannery     valerie.nannery@dc.gov, joan.hungerford@dc.gov

William Merrill Litt     littwm@co.monterey.ca.us, quebecdl@co.monterey.ca.us

Yvonne S. Hilton     yvonne.hilton@pittsburghpa.gov, leslie.stephens@pittsburghpa.gov, natalie.mays@pittsburghpa.gov

Zachary M Klein     zmklein@columbus.gov

                                           /s/ Robert A. Hyde
                                          Robert A. Hyde