**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>     Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT<br>OF COMMERCE, et al.,<br><br>     Defendants. | 18-CV-2921 (JMF) |

**PLAINTIFF DISTRICT OF COLUMBIA'S FIRST AMENDED INITIAL DISCLOSURES**

   Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff the District of Columbia, by its attorneys, makes the following Initial Disclosures.

**INTRODUCTION**

   1.  These Initial Disclosures are based upon information presently known to the District of Columbia. They are made without prejudice to producing information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures during discovery or at trial.

   2.  Plaintiff District of Columbia reserves the right at any time to revise and/or supplement these Initial Disclosures.

   3.  Plaintiff District of Columbia hereby expressly reserves all objections to the use of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff District of Columbia makes no

representations or concessions regarding the relevancy or appropriateness of any particular document or types of documents.

4.     Plaintiff District of Columbia's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiffs from obtaining discovery of individuals not presently identified. Plaintiff District of Columbia incorporates all individuals identified by all other parties in these Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.     Plaintiff District of Columbia's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff District of Columbia reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff District of Columbia is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff District of Columbia waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

### I.  **Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff District of Columbia may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff District of Columbia expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Fitzroy Lee, PhD Deputy CFO and Chief Economist | Office of the Attorney General for the District of Columbia, 441 4th | Witness has knowledge of the impact of decennial census population counts on District of Columbia funding and budgets. |

| | | |
|---|---|---|
| | Street, N.W., Suite 630 South, Washington, DC 20001 | |
| Sam Zimbabwe<br>Chief Project Delivery Officer<br>Office of the Director<br>District Department of Transportation | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | Witness has knowledge of the impact of decennial census population counts on highway planning and construction and other funding for the District. |
| Elisabeth Morse, Division of Systems and Supports (K-12)<br>D.C. Office of the State Superintendent of Education | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | Witness has knowledge of the impact of decennial census population counts on education and other funding for the District. |
| Elizabeth Groginsky, Division of Early Learning<br>D.C. Office of the State Superintendent of Education | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | Witness has knowledge of the impact of decennial census population counts on education and other funding for the District. |
| Rachel Gittinger, Director of Citizenship and Civic Engagement | Central American Resource Center, 1460 Columbia Road NW, Suite C-1, Washington, DC 20009 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. The witness has knowledge of the heightened fears surrounding the 2020 decennial census. |
| Corporate designee(s) of the D.C. Department of Human Services | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | Witness has knowledge of the impact of decennial census population counts on Supplemental Nutrition Assistance Program, Foster Care, WIC, and other funding for the District. |

| | | |
|---|---|---|
| Joy Phillips, PhD<br>Associate Director, D.C.<br>State Data Center<br>D.C. Office of Planning | Office of the<br>Attorney General<br>for the District of<br>Columbia, 441 4th Street, N.W., Suite<br>630 South,<br>Washington, DC<br>20001 | Witness has information regarding the District of Columbia's use of census information, its previous and ongoing efforts to improve its residents' responses to the census and the District's Complete Count Committee, the presence of hard-to-count populations in the District of Columbia, and areas particularly vulnerable to undercounting. |
| Lindsey Parker, Deputy<br>Chief of Staff, Executive<br>Office of the Mayor | Office of the<br>Attorney General<br>for the District of<br>Columbia, 441 4th Street, N.W., Suite<br>630 South,<br>Washington, DC<br>20001 | The witness has information regarding the District of Columbia's Complete Count Committee and its efforts to mitigate the impact of the citizenship question on non-response rates.  Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff District of Columbia's possession, custody, or control that may be used to support its claims are described as follows. Plaintiff District of Columbia expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| Demographic reports concerning hard-to-count populations | These documents are being prepared by the D.C. Office of Planning, and when in final form they will be provided to the New York Attorney General's Office to be kept in a Central Repository. |
| Proposals and plans to mitigate non-response. | These documents are being prepared by the D.C. Complete Count Committee, and when in final form they will be provided to the New York Attorney General's Office to be kept in a Central Repository. |

4

| | |
|---|---|
| Budget analyses of the impact of undercount. | These documents are being prepared by the D.C. Office of the Chief Financial Officer, and when in final form they will be provided to the New York Attorney General's Office to be kept in a Central Repository. |
| D.C. Code § 1-1101.01 | This document is at a central repository administered by the New York Attorney General's Office. |
| Report on Bill 19-219 the "Ward Redistricting Amendment Act of 2011" | This document is at a central repository administered by the New York Attorney General's Office. |
| THE 2010 CENSUS: HOW COMPLETE COUNT COMMITTEES, LOCAL GOVERNMENTS, PHILANTHROPIC ORGANIZATIONS, NOT-FOR-PROFITS AND THE BUSINESS COMMUNITY CAN CONTRIBUTE TO AN ACCURATE CENSUS, HEARING BEFORE THE SUBCOMMITTEE ON INFORMATION POLICY, CENSUS, AND NATIONAL ARCHIVES OF THE COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM HOUSE OF REPRESENTATIVES (Dec. 2, 2009) | This document is at a central repository administered by the New York Attorney General's Office. |
| Subcommittee Report on Bill 14-137, the "Ward Redistricting Amendment Act of 2001" | This document is at a central repository administered by the New York Attorney General's Office. |
| D.C. Code § 1-1041.02 | This document is at a central repository administered by the New York Attorney General's Office. |
| D.C. Code § 1-309.03 | This document is at a central repository administered by the New York Attorney General's Office. |
| D.C. Code § 2-1010 | This document is at a central repository administered by the New York Attorney General's Office. |
| D.C. Code § 6-1502 | This document is at a central repository administered by the New York Attorney General's Office. |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

      Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

      Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

      Plaintiff District of Columbia will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 31st day of August, 2018.

                                   **KARL A. RACINE**
                                   **Attorney General for the District of Columbia**

                                   ROBYN R. BENDER*
                                   Deputy Attorney General,
                                   Public Advocacy Division

                                   By: */s/ Valerie M. Nannery*

                                   Valerie M. Nannery, Assistant Attorney General
                                   (admitted *pro hac vice*)
                                   Public Advocacy Division
                                   441 4th Street, NW
                                   Suite 650 North
                                   Washington, DC 20001
                                   valerie.nannery@dc.gov
                                   Tel. (202) 442-9596
                                   Fax (202) 730-1465

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the Commonwealth of Massachusetts, by and through its Attorney General, Maura Healey, hereby amends with the following its Initial Disclosures of July 19, 2018, as additional information has become known to the Commonwealth in the interim.

## <u>INTRODUCTION</u>

1.      These Amended Initial Disclosures are based upon information presently known to the Commonwealth of Massachusetts.  They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff the Commonwealth of Massachusetts reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff the Commonwealth of Massachusetts hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures,

1

Plaintiff the Commonwealth of Massachusetts makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff the Commonwealth of Massachusetts's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff the Commonwealth of Massachusetts incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff the Commonwealth of Massachusetts's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Plaintiff the Commonwealth of Massachusetts reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff the Commonwealth of Massachusetts is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff the Commonwealth of Massachusetts waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## AMENDED INITIAL DISCLOSURES

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff the Commonwealth of Massachusetts may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff the Commonwealth of Massachusetts expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| Michelle K. Tassinari, Director/Legal Counsel, Elections Division, Office of the Secretary of the Commonwealth of Massachusetts | Contact through Counsel for the Commonwealth of Massachusetts | Witness has knowledge of:<br><br>-Complete Count activities within Massachusetts<br><br>-State-level grant making to community groups to fund outreach to hard-to-count populations and expand census participation<br><br>- The impact of the decennial census population count on the municipal re-precincting process, which creates the building blocks for redistricting in Massachusetts |
| Katherine Harvell, Chief Financial Officer, Massachusetts Executive Office of Health and Human Services (EOHHS). | Contact through Counsel for the Commonwealth of Massachusetts | Witness has knowledge of:<br><br>-How federal funding for health related issues received in Massachusetts is calculated<br><br>-How an undercount of the population of Massachusetts could impact the amount of funding received<br><br>-How a reduction in federal funding would impact Massachusetts programs |
| Liza Ryan, Organizing Director, Massachusetts Immigrant and Refugee Advocacy Coalition (MIRA) | Contact through Counsel for the Commonwealth of Massachusetts | Witness has knowledge of:<br><br>-The impact of the citizenship question on community members' willingness to participate in the decennial census process<br><br>-The heightened fears surrounding the 2020 decennial census<br><br>-Outreach efforts conducted to encourage participation in the census and complete count activities |
| Beth Huang Director, | Contact through Counsel for the Commonwealth of Massachusetts | Witness has knowledge of: |

| | | |
|---|---|---|
| Massachusetts Voter Table | | -The impact of the citizenship question on community members' willingness to participate in the decennial census process<br><br>-The heightened fears surrounding the 2020 decennial census<br><br>-Outreach efforts conducted to encourage participation in the census and complete count activities |
| Phillip Granberry, PhD | Contact through Counsel for the Commonwealth of Massachusetts | Witness has knowledge of:<br><br>-The presence of hard-to-count populations in Massachusetts<br><br>-Areas particularly vulnerable to undercounting<br><br>-Surveying hard-to-count populations in Massachusetts |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

Plaintiff the Commonwealth of Massachusetts expressly reserves its right to supplement this disclosure with documents or electronically stored information.

## III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

## V.  Fed R. Civ. P. 26(a)(2)(A) – Expert Testimony:

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 17th day of August, 2018.

**MAURA HEALEY**
**Attorney General for the Commonwealth of Massachusetts**

By:   */s Jonathan Miller*

Jonathan Miller, Assistant Attorney General
Miranda Cover, Assistant Attorney General
Ann E. Lynch, Assistant Attorney General
Public Protection & Advocacy Bureau
Massachusetts Attorney General's Office
One Ashburton Place
Boston, MA 02108
Jonathan.Miller@state.ma.us
Mercy.Cover@state.ma.us
Ann.Lynch@state.ma.us
Tel. (617) 727-2200
Fax (617) 727-5762

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the City of Columbus, by its attorney, Zachary M. Klein of the City Attorney's Office of Columbus, makes the following Initial Disclosures.

## **INTRODUCTION**

1.      These Initial Disclosures are based upon information presently known to the City of Columbus. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff City of Columbus reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff City of Columbus hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of Columbus makes

1

no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff City of Columbus's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Columbus incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff City of Columbus's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Columbus reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Columbus is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Columbus waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

## I.  **Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of Columbus may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of Columbus expressly reserves the right to supplement this disclosure:

| **Name** | **Subjects of Discoverable Information** |
|---|---|
| Anita Clark, fiscal manager in the Columbus Department of Health | This witness has knowledge of how census driven funds are distributed to various City organizations and how such decisions are made. Witness also has information about how much money was expended by each City organization. |

| | |
|---|---|
| Carolyn Thurman, Grants management coordinator, department of finance and management for the City of Columbus | This witness has information regarding the grant formulas that are used to calculate how much funding the City of Columbus will receive based on census data. |
| Doug Murray, Policy Advisor, Mayor's Office | This witness has knowledge of the City's efforts to prepare for the 2020 census. |
| Inna Kinney, CEO of Economic Community Development Institute | This witness has knowledge of the impact census driven funds have on the City of Columbus. Witness can also speak on the hardship the city will face if such funds are not representative of our population. |
| Mohamud Jama, Director of the New American Political Action Committee | This witness also has information regarding how an additional citizenship question will affect Somali turnout in the census and how a decrease in census-driven funds will affect this community. |
| Ramona Reyes, Director of Our Lady of Guadalope Center | This witness has information regarding how adding a citizenship question to the census will affect Latino turnout. Witness also has information regarding how a decrease in census-driven funds will affect the Latino population in Columbus. |
| Roger Cloern, fiscal division at the Columbus Department of Health | This witness has information regarding the grant formulas that are used to calculate how much funding the City of Columbus will receive based on census data. |
| Steve Fireman, GC of Economic Community Development Institute | This witness has knowledge of the impact census driven funds have on the City of Columbus. Witness can also speak on the hardship the city will face if such funds are not representative of our population. |

Each of the above listed witnesses can be contacted through counsel at the Columbus

City Attorney's office. Contact information for counsel is:

Alexandra Pickerill or Richard Coglianese
77 North Front Street
Columbus, Ohio 43215
(614)645-6945 (phone)
(614)645-0818 (phone)
(614)645-6949 (fax)
anpickerill@columbus.gov
rncoglianese@columbus.gov

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff City of Columbus's possession, custody, or control that may be used by Plaintiff City of Columbus to support its claims are described as follows.  Plaintiff City of Columbus expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---|---|
| 2015 Comprehensive Annual Financial Report<br><br>Details how much money was received in federal funds and where those funds were allocated in fiscal year 2015. | This document is at a central repository administered by the New York Attorney General's Office |
| 2016 Comprehensive Annual Financial Report<br><br>Details how much money was received in federal funds and where those funds were allocated in fiscal year 2016. | This document is at a central repository administered by the New York Attorney General's Office |
| 2017 Comprehensive Annual Financial Report<br><br>Details how much money was received in federal funds and where those funds were allocated in fiscal year 2017. | This document is at a central repository administered by the New York Attorney General's Office |
| Assistance Data Catalog of Federal Domestic Assistance | This document is at a central repository administered by the New York Attorney General's Office |
| 2017 Schedule of Expenditure and Federal Awards | This document is at a central repository administered by the New York Attorney General's Office |

| | |
|---|---|
| 2017 Schedule of Expenditure and Federal Awards with hand-written department allocations.<br><br>Details which departments within the City are given federal funds based on the census data. | This document is at a central repository administered by the New York Attorney General's Office |
| Census Driven Federal Funds_Columbus<br><br>This excel spreadsheet shows where census-driven funds have been allocated in the City of Columbus. | This document is at a central repository administered by the New York Attorney General's Office |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 4th day of September, 2018.

Zach Klein
City Attorney of the City of Ohio

*/s/ Zach Klein*
Zach Klein
Columbus City Attorney
77 North Front Street
Columbus Ohio, 43215
(614)645-7385
zmklein@columbus.gov

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff the People of the City of New York by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to City of New York. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff City of New York reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff City of New York hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of New

1

York makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff City of New York's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of New York incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff City of New York's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of New York reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of New York is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of New York waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

### I.   **Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of New York may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of New York expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|----------|-------------------------|------------------------------------------|
| Joseph Salvo, Director of Population Division, NYC Department of City Planning | Ajay Saini Assistant Attorney General Civil Rights Bureau | Witness has information regarding the presence of hard-to-count populations in NYC, and areas particularly vulnerable to undercounting. Witness has knowledge |

| | New York State Office of the Attorney General 28 Liberty Street, 20th Floor New York, NY 10271 (212) 416-8714 | concerning the outreach efforts conducted by the Census Bureau. |
|---|---|---|
| Peter Lobo, Deputy Director of Population Division, NYC Department of City Planning | Ajay Saini Assistant Attorney General Civil Rights Bureau New York State Office of the Attorney General 28 Liberty Street, 20th Floor New York, NY 10271 (212) 416-8714 | Witness has information regarding the presence of hard-to-count populations in NYC, and areas particularly vulnerable to undercounting. |
| Nicolas Storellicastro, Associate Director, NYC Office of Management and Budget | Ajay Saini Assistant Attorney General Civil Rights Bureau New York State Office of the Attorney General 28 Liberty Street, 20th Floor New York, NY 10271 (212) 416-8714 | Witness has knowledge of the impact of decennial census population counts on New York City's federal grant funding and budgets. |
| Bitta Mostofi, Commissioner, New York City Mayor's Office of Immigrant Affairs | Ajay Saini Assistant Attorney General Civil Rights Bureau New York State Office of the Attorney General 28 Liberty Street, 20th Floor New York, NY 10271 (212) 416-8714 | Witness has knowledge of the impact the addition of a citizenship question will have on response rates among immigrant New Yorkers. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff City of New York's possession, custody, or control that may be used by Plaintiff City of New York to support its claims are described as follows.  Plaintiff City of New York expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| *The City of New York's 2000 Census Appeal Documentation*<br>Submitted to the Census Address List Appeals Office by the New York City Department of City Planning, February 8, 2000. | This document is at a central repository administered by the New York Attorney General's Office. |
| *2010 Census Local Review of Census Addresses (LUCA) Documentation*<br>Submitted by the City of New York on December 17, 2009. | This document is at a central repository administered by the New York Attorney General's Office. |
| https://www.census.gov/programs-surveys/decennial-census/2020-census/planning-management/planning-docs/operational-plan.html | This document is at a central repository administered by the New York Attorney General's Office. |

**III.  Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

    Not applicable.

**IV.  Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

    Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

    Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 4th day of September, 2018.

           ZACHARY W. CARTER
           Corporation Counsel of the City of New York
           100 Church Street
           New York, NY 10007
           Tel: (212) 356-4055

           By: _____/s/_____
              Tonya Jenerette
              Assistant Corporation Counsel
              New York City Law Department
              100 Church Street
              New York, NY 10007
              (212) 356-4055
              tjeneret@law.nyc.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

Defendants.

18-CV-2921 (JMF)

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the City of Seattle, by its attorneys, Peter S. Holmes, Seattle City Attorney, and Gary T. Smith, Assistant City Attorney, makes the following First Amended Initial Disclosures to identify additional persons likely to have discoverable information that Plaintiff City of Seattle may use to support Plaintiff's claims as detailed in the First Amended Complaint.

**INTRODUCTION**

1.    These Initial Disclosures are based upon information presently known to the City of Seattle. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.    Plaintiff City of Seattle reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.    Plaintiff City of Seattle hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in

1

this case. By referring to documents in the Initial Disclosures, Plaintiff City of Seattle makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4. Plaintiff City of Seattle's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Seattle incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5. Plaintiff City of Seattle's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Seattle reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Seattle is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Seattle waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **AMENDED INITIAL DISCLOSURES**

**I. Fed R. Civ. P. 26(a)(1)(A)(i) disclosures:**

The below listed persons are likely to have discoverable information that Plaintiff City of Seattle may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of Seattle expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Kelsey Beck, Regional Affairs Director, Office of Intergovernmental | c/o Gary Smith – Gary.Smith@seattle.gov | The witness has knowledge of the impact of decennial census |

| | | |
|---|---|---|
| Relations (OIR), City of Seattle | | population counts on state/local funding and budgets. |
| Ben Noble, Director of the City Budget Office, City of Seattle | c/o Gary Smith – Gary.Smith@seattle.gov | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |
| Joaquin Uy, Communications and Outreach Manager, Office of Immigrant and Refugee Affairs, City of Seattle | c/o Gary Smith – Gary.Smith@seattle.gov | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. The witness has knowledge of the heightened fears surrounding the 2020 decennial census. Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |
| Mahnaz Eshetu, Executive Director of Refugee Women's Alliance | c/o Gary Smith – Gary.Smith@seattle.gov | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. The witness has knowledge of the heightened fears surrounding the 2020 decennial census. Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |
| Diana Canzoneri, Demographer, Office of Planning and Community Development (OPCD), City of Seattle | c/o Gary Smith – Gary.Smith@seattle.gov | Witness has information regarding the presence of hard-to-count populations in Seattle, and areas particularly vulnerable to undercounting. |
| Sierra Howlett Browne, Federal Affairs Director, Office of Intergovernmental | c/o Gary Smith – Gary.Smith@seattle.gov | Witness has information regarding the impact of the decennial census population count on the state redistricting process. |

| | | |
|---|---|---|
| Relations (OIR), City of Seattle | | |
| Kenny Pittman, Senior Policy Advisor, Office of Intergovernmental Relations (OIR), City of Seattle | c/o Gary Smith – Gary.Smith@seattle.gov | Witness has information regarding the impact of the decennial census population count on the City of Seattle redistricting process. |
| Amy Nguyen, Community Programs Strategic Advisor, Department of Neighborhoods, City of Seattle | c/o Gary Smith – Gary.Smith@seattle.gov | The witness has information regarding Seattle's efforts to mitigate the impact of the citizenship question on non-response rates.  Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff City of Seattle's possession, custody, or control that may be used by Plaintiff City of Seattle to support its claims are described as follows.  Plaintiff City of Seattle expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---|---|
| Census Committee Proposal.pptx: City Proposed Census Committee Structure | This document is at a central repository administered by the New York Attorney General's Office |
| MEMO re 2020 Census CCC.PDF: Briefing Memorandum: 2020 Census Complete Count Committee Proposal | This document is at a central repository administered by the New York Attorney General's Office |
| \Webpages\About Seattle - OPCD  seattle_gov.htm: Webpage providing Seattle's Population and Household Statistics | This document is at a central repository administered by the New York Attorney General's Office |
| Census Open House Working Planning Outline DATA COLLAB.docx: Draft Outline and Agenda City of Seattle Census Open House | This document is at a central repository administered by the New York Attorney General's Office |
| Copy of OPCD Mayor's Transition Section II Issue List sa dc.xlsx: Spreadsheet provided by OPCD to support Mayor's transition | This document is at a central repository administered by the New York Attorney General's Office |
| Data Disagg_ A Summary of Best Practice Examples and Challenges from the Pop-Level Subcmte.pptx: A Summary of Best Practice Examples and Challenges: Analyzing and Reporting Population Demographic Data - Produced by the Data Disaggregation Task Force Population-Level Subcommittee | This document is at a central repository administered by the New York Attorney General's Office |
| ACS_12_5YR_Foreign Born incl East African estim.xls: S0502: Selected Characteristics of the Foreign-Born Population by Period of Entry into the United States | This document is at a central repository administered by the New York Attorney General's Office |

| | |
|---|---|
| GESCNA Committee DDTF Briefing Draft V2.pptx: Demographic Data Disaggregation Task Force: Gender Equity, Safe Communities, and New Americans Committee - December 14, 2016 | This document is at a central repository administered by the New York Attorney General's Office |
| Demographic Data Task Force Report-FINAL.pdf: Memorandum: Demographic Data Task Force Report (Resolution 31613) | This document is at a central repository administered by the New York Attorney General's Office |
| Dear Seattle Complete Count Committee members.docx: Subject Line:  Census 2010 Open House for local govt. and non-profits March 1st at Seattle City Hall | This document is at a central repository administered by the New York Attorney General's Office |
| Demog Data Task Force resources.txt: Subject: Demog Data Task Force resources | This document is at a central repository administered by the New York Attorney General's Office |
| Demographics & Disparities RSJI 2011 Summit Canzoneri Presentation.pptx: Demographics and Disparities: Updated Data on Seattle - 2011 Race and Social Justice Initiative (RSJI) Summit October 6, 2011 Workshop Presentation | This document is at a central repository administered by the New York Attorney General's Office |
| Disaggregated data for race ethnicity and ancestry groups gg edits 3-28 dc 6 10 2018.docx: Accessing Disaggregated Data for Race/Ethnic Groups - Guidance from the City of Seattle Demographer | This document is at a central repository administered by the New York Attorney General's Office |
| GESCNA Committee DDTF Briefing FINAL.pptx: Demographic Data Disaggregation Task Force: Gender Equity, Safe Communities, and New Americans Committee - December 14, 2016 | This document is at a central repository administered by the New York Attorney General's Office |
| Presentation to CEP Class 4 30 2012.ppt: New Demographic Data on Seattle and Its Neighborhoods - Presentation to UW CEP303 Social Structures and Processes | This document is at a central repository administered by the New York Attorney General's Office |
| http://www.seattle.gov/opcd/population-and-demographics: Population & Demographics - OPCD seattle_gov_files | This document is at a central repository administered by the New York Attorney General's Office |
| http://www.seattle.gov/census2010/committee.htm: Seattle Census 2010 Complete Count Committee_files | This document is at a central repository administered by the New York Attorney General's Office |

| | |
|---|---|
| WSDC_Agenda_2017.pdf: Washington State Stat Center Annual Meeting - Agenda | This document is at a central repository administered by the New York Attorney General's Office |
| Final Demographic Data Task Force memo.docx: Memorandum: Demographic Data Task Force Report (Resolution 31613) | This document is at a central repository administered by the New York Attorney General's Office |
| Using the 2010 Census and ACS to Understand Seattle's Demographics for Kenny Backgroundf.ppt: Using the ACS and Census to Understand Local Demographics - Presentation to City Council Central Staff | This document is at a central repository administered by the New York Attorney General's Office |

**III. Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

    Not applicable.

**IV. Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

    Not applicable.

**V. Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

    Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 27th day of August, 2018.

                    PETER S. HOLMES
                    Seattle City Attorney

By:                   _____
                    Gary T. Smith, WSBA # 29718
                    Assistant City Attorney
                    Seattle City Attorney's Office
                    701 Fifth Avenue, Suite 2050
                    Seattle, WA 98104-7097
                    206.684.8200
                    gary.smith@seattle.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STATE OF NEW YORK, et al.,

                Plaintiffs,

        v.                              18-CV-2921 (JMF)

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

                Defendants.

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the State of Illinois (the "State of Illinois"), by its attorney, Lisa Madigan, Attorney General of the State of Illinois, makes the following Initial Disclosures.

## INTRODUCTION

1.     These Initial Disclosures are based upon information presently known to the State of Illinois. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.     Plaintiff State of Illinois reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.     Plaintiff State of Illinois hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Illinois makes no

1

representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff State of Illinois's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of Illinois incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff State of Illinois's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody, or control. Plaintiff State of Illinois reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Illinois is not identifying documents protected from disclosure by the attorney-client, work product, or other applicable privileges. Nor does Plaintiff State of Illinois waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

## I.  **Fed R. Civ. P. 26(a)(1)(A)(i) Disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Illinois may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Illinois expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Erin Aleman, Director of Planning and Programming, Illinois Department of Transportation | Office of the Illinois Attorney General Matthew J. Martin mmartin@atg.state.il.us (312) 814-8735 | The witness has knowledge of the impact of decennial census population counts on state transportation funding and budgets. |
| Annie Brooks, Federal Liaison and Director of Title Grants, Illinois State Board of Education | Office of the Illinois Attorney General Matthew J. Martin mmartin@atg.state.il.us (312) 814-8735 | The witness has knowledge of the impact of decennial census population counts on state education funding and budgets. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) Disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Illinois's possession, custody, or control that may be used by Plaintiff State of Illinois to support its claims are described as follows.  Plaintiff State of Illinois expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| *U.S. Unauthorized Immigration Population Estimates*, PEW RESEARCH CTR. (Nov. 3, 2016) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Census 2020: Hard-to-Count Communities in Illinois*, CUNY MAPPING SERVICE | This document is at a central repository administered by the New York Attorney General's Office. |
| *Quick Facts: Illinois 2018*, U.S. CENSUS BUREAU | This document is at a central repository administered by the New York Attorney General's Office. |
| *Grants to Local Educational Agencies*, U.S. DEP'T OF EDUC. (July 3, 2018) | This document is at a central repository administered by the New York Attorney General's Office. |
| GW INSTITUTE OF PUBLIC POLICY, COUNTING FOR DOLLARS 2020: THE ROLE OF THE DECENNIAL CENSUS IN | This document is at a central repository administered by the New York Attorney General's Office. |

| | |
|---|---|
| THE GEOGRAPHIC DISTRIBUTION OF FEDERAL FUNDS (2018) | |
| GW INSTITUTE OF PUBLIC POLICY: COUNTING FOR DOLLARS 2020 #16: CHILD CARE AND DEVELOPMENT FUND—ENTITLEMENT (2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Immigrants in Illinois*, AM. IMMIGRATION COUNCIL (Oct. 4, 2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Notice: Revised Apportionment of Federal-Aid Highway Program Funds for Fiscal Year (FY) 2017*, FED. HIGHWAY ADMIN. (Dec. 21, 2016) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Table 3: FY 2017 Section 5307 and 5340 Urbanized Area Formula Appropriations (Full Year)*, FED. TRANSIT ADMIN. | This document is at a central repository administered by the New York Attorney General's Office. |
| 20 Ill. Comp. Stat. 5100/15 | This document is at a central repository administered by the New York Attorney General's Office. |

## III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

## V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 27th day of August, 2018.


                                      LISA MADIGAN
                                      Attorney General of the State of Illinois

                                       */s/ Matthew J. Martin*
                                      Matthew J. Martin
                                      Public Interest Counsel
                                      Office of the Illinois Attorney General
                                      100 West Randolph Street, 11th Floor
                                      Chicago, Illinois 60601
                                      (312) 814-8735
                                      mmartin@atg.state.il.us

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, et al.,

               Plaintiffs,

      v.

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

            Defendants.

18-CV-2921 (JMF)

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff State of Maryland, by its attorney, John Grimm, Assistant Attorney General makes the following Initial Disclosures.

## **INTRODUCTION**

1.    These Initial Disclosures are based upon information presently known to the State of Maryland. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.    Plaintiff State of Maryland reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.    Plaintiff State of Maryland hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Maryland makes

1

no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff State of Maryland's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery from individuals not presently identified. Plaintiff State of Maryland incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff State of Maryland's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff State of Maryland reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Maryland is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of Maryland waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

## I.  **Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of State of Maryland may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of State of Maryland expressly reserves the right to supplement this disclosure:

2

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Robert S. McCord Secretary, Maryland Department of Planning | John R. Grimm Assistant Attorney General Maryland Office of the Attorney General 200 St. Paul Place Baltimore, MD 21202 410-576-6339 410-576-6955 (fax) jgrimm@oag.state.md.us | The Maryland Department of Planning has census-related responsibilities including pre-census activities, allocation of incarcerated individuals to their pre-incarceration jurisdiction for census purposes, developing outreach programs and preparing recommendations for a state-wide Complete Count Committee. Secretary McCord is knowledgeable about these efforts. |
| Corey Stottlemyer Senior Policy Analyst, Maryland Department of Transportation | | Mr. Stottlemyer is knowledgeable about population-based federal transportation aid that Maryland receives. |
| Staff of the Maryland Department of Education | | Staff of the Maryland Department of Education may be knowledgeable about Maryland's receipt of population-based federal education funds including Title I funds.  Staff knowledgeable about these matters may include Marcia Sprankle, Assistant Superintendent, and James Clark. |

3

## II. **Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Maryland's possession, custody, or control that may be used by Plaintiff State of Maryland to support its claims are described as follows.  Plaintiff State of Maryland expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
| --- | --- |
| Md. Dep't of Legislative Servs., Federal Funds History (Jan. 2016) | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at http://mgaleg.maryland.gov/Pubs/BudgetFiscal/2016-Federal-Funds-History.pdf |
| Md. FY2018 to FY2020 Consolidated Transportation Program, 2018 State Report on Transportation | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at http://www.mdot.maryland.gov/newMDOT/Planning/CTP/CTP_18_23_Final/CTP_FY2018-2023.pdf |
| Md, Proposed Operating Budget, FY 2019 | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at http://www.dbm.maryland.gov/budget/Pages/operbudhome.aspx |
| United States Census Bureau, Use of Census Bureau Data in Federal Funds Distribution (Sept. 2017) | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at https://www2.census.gov/programs-surveys/decennial/2020/program-management/working-papers/Uses-of-Census-Bureau-Data-in-Federal-Funds-Distribution.pdf |
| Maryland Senate Bill 855 | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at http://mgaleg.maryland.gov/webmga/frmMain.aspx?id=sb0855&stab=01&pid=billpage&tab=subject3&ys=2018RS |
| GW Institute of Public Policy, Counting for Dollars 2020: The Role of the Decennial Census in the Geographic Distribution of Federal Funds | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at https://gwipp.gwu.edu/counting-dollars-2020-role-decennial-census-geographic-distribution-federal-funds |

| United States Census Bureau, 2020 Census Operational Plan | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at https://www.census.gov/programs-surveys/decennial-census/2020-census/planning-management/planning-docs/operational-plan.html |
|---|---|
| United States Census Bureau, Press Release, Census Bureau Releases the Response Outreach Area Mapper Web Application (Feb. 7, 2018) | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at https://www.census.gov/newsroom/press-releases/2018/roam-app.html |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

    Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

    Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

    Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 4th day of September, 2018.


                        BRIAN E. FROSH
                        Attorney General of Maryland

                            /s/ *John R. Grimm*
                        JOHN R. GRIMM
                        Assistant Attorney General
                        200 St. Paul Place, 20th Floor
                        Baltimore, Maryland 21202
                        410-576-6339 (tel.)
                        410-576-6955 (fax)
                        jgrimm@oag.state.md.us

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff the People of the State of New York (the "State of New York"), by its attorney, Barbara Underwood, Attorney General of the State of New York, makes the following Initial Disclosures.

**<u>INTRODUCTION</u>**

1.      These Initial Disclosures are based upon information presently known to the State of New York. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff State of New York reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff State of New York hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of New York makes

1

no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.    Plaintiff State of New York's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of New York incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.    Plaintiff State of New York's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody, or control. Plaintiff State of New York reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of New York is not identifying documents protected from disclosure by the attorney-client, work product, or other applicable privileges. Nor does Plaintiff State of New York waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) Disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of New York may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of New York expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| John C. Traylor, Executive Deputy Comptroller, Office of Operations, New York State Office of the Comptroller | New York State Office of the Attorney General Ajay Saini ajay.saini@ag.ny.gov (212) 416-8714 | The witness has knowledge of the impact of decennial census population counts on federal funding to the State of New York, and knowledge of resources expended by the State of New York to mitigate potential undercounting during the decennial census. |
| Elizabeth OuYang, Coordinator, NYCounts2020 | New York State Office of the Attorney General Ajay Saini ajay.saini@ag.ny.gov (212) 416-8714 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process, knowledge of the heightened fears surrounding the 2020 decennial census, and knowledge of efforts to mitigate potential undercounting during the decennial census. |
| Individuals with whom Secretary Ross "personally had specific conversations on the citizenship question," as referenced in the March 26, 2018 decision memo (AR001314) | Contact information is within the custody and control of Defendants | These witnesses have knowledge of the accuracy of representations made in the decision memo about their conversations with Secretary Ross, and their positions on the citizenship question, including its potential impact on response rates, and the importance of testing a citizenship question before adding it to the census questionnaire |
| Members of the Census Scientific Advisory Committee and the National Advisory Committee | Contact information is within the custody and control of Defendants | These witnesses have knowledge of the typical processes for researching, designing, testing and vetting questions before adding them to census surveys, knowledge of the recommendations made to the Census Bureau about concerns related to immigrant anxiety and its potential impact on non-response, and knowledge of the concerns expressed about adding a citizenship question to the 2020 Census questionnaire. |

| Employees of the Department of Commerce, including the Census Bureau, and Department of Justice | Contact information is within the custody and control of Defendants | These witnesses have knowledge of Defendants' decision making process, history of the citizenship question, policies and procedures, testing protocols, and testing conducted relating to the decennial census and American Community Survey.<br><br>These witnesses have information relating to the purported need for citizenship information, including alternative sources of data, and policies and practices relating to the enforcement of Section 2 of the Voting Rights Act.<br><br>These witnesses have knowledge of the impact of the citizenship question on census participation, barriers to response rates, and Defendants' follow-up efforts. |
| Representative from the New York State Education Department | New York State Office of the Attorney General Ajay Saini ajay.saini@ag.ny.gov (212) 416-8714 | The witness has knowledge of the impact of decennial census population counts on federal education funding to the State of New York. |
| Todd Brietbart, former Sr. Research Analyst/Reapportionment, New York State Senate. | New York State Office of the Attorney General Ajay Saini ajay.saini@ag.ny.gov (212) 416-8714 | Witness has information regarding the impact of the decennial census population count on the state redistricting process. |

## II. Fed R. Civ. P. 26(a)(1)(A)(ii) Disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of New York's possession, custody, or control that may be used by Plaintiff State of New York to support its claims are described as follows. Plaintiff State of New York expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
| --- | --- |
| *A Portrait of Immigrants in New York*, Office of the New York State Comptroller (Nov. 2016) | This document is at a central repository administered by the New York Attorney General's Office. |

4

| | |
|---|---|
| *U.S. Unauthorized Immigration Population Estimates*, Pew Research Ctr. (Nov. 3, 2016) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Census 2020: Hard-to-Count Communities in New York*, CUNY Mapping Service | This document is at a central repository administered by the New York Attorney General's Office. |
| *Quick Facts: New York 2018*, U.S. Census Bureau | This document is at a central repository administered by the New York Attorney General's Office. |
| *Grants to Local Educational Agencies*, U.S. Dep't of Educ. (July 3, 2018) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Counting for Dollars 2020: The Role of the Decennial Census in the Geographic Distribution of Federal Funds*, GW Institute of Public Policy (2018) | This document is at a central repository administered by the New York Attorney General's Office. |
| *FTA Allocations for Formula and Discretionary Programs by State FY 1998-2018*, Federal Transit Administration | This document is at a central repository administered by the New York Attorney General's Office. |
| *GW Institute of Public Policy: Counting for Dollars 2020 – New York*, GW Institute of Public Policy (2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Immigrants in New York*, Am. Immigration Council (Oct. 4, 2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Notice: Revised Apportionment of Federal-Aid Highway Program Funds for Fiscal Year (FY) 2017*, Fed. Highway Admin. (Dec. 21, 2016) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Table 3: FY 2017 Section 5307 and 5340 Urbanized Area Formula Appropriations (Full Year)*, Fed. Transit Admin. | This document is at a central repository administered by the New York Attorney General's Office. |
| Publically available operational planning documents for the 2020 Census from the U.S. Census Bureau, including all versions of the *2020 Census Operation Plans*, all *2020 Census Program Briefings* and *2020 Census Program Management Reviews*, and all *2020 Census Monthly Status Reports*, U.S. Census Bureau | These documents are available at a central repository administered by the New York Attorney General's Office. |
| Publically available documents from the U.S. Census Bureau regarding its historic practices, including Procedural Histories of the 1980 Census, 1990 Census, the History of the 2000 Census, documents relating to the history of the | These documents are available at a central repository administered by the New York Attorney General's Office. |

| | |
|---|---|
| 2010 Census,  the Index of Questions from previous decennial censuses, and previous decennial census questionnaires | |
| Publically available documents of memoranda and recommendations made by the Census Scientific Advisory Committee and the National Advisory Committee, and responses and updates from the U.S. Census Bureau to Advisory Committees, as well as charters of those committees | These documents are available at a central repository administered by the New York Attorney General's Office. |
| Publically available documents from the Census Bureau regarding the Bureau's typical process for making changes to decennial census questions, including documents containing standards for research, testing, and evaluation of proposed changes to questions on the 2020 Census, and documents containing information about proposed changes to the Race and Ethnicity question, and proposals to add a Middle Eastern and North African category to the Race and Ethnicity question | These documents are available at a central repository administered by the New York Attorney General's Office. |
| Publically available documents from the Census Bureau regarding previous and proposed efforts to mitigate non-response during the decennial census, and to follow-up on non-response, including documents summarizing outreach efforts, planning and assessing non-response follow-up operations, and researching, designing and describing imputation methods | These documents are available at a central repository administered by the New York Attorney General's Office. |
| Publically available documents from the Census Bureau regarding testing for the 2020 Census, including documents planning, designing, and describing the implementation of tests from 2012 to the present | These documents are available at a central repository administered by the New York Attorney General's Office |
| Publically available documents from the Census Bureau regarding rates of non-response to questions and surveys, including the rates of non-response on the annual American Community Survey | These documents are available at a central repository administered by the New York Attorney General's Office |
| *Respondent Confidentiality Concerns and Possible Effects on Response Rates and Data Quality for the 2020 Census*, National Advisory Committee on Racial, Ethnic and Other Populations (Nov. 2, 2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Respondent Confidentiality Concerns in Multilingual Pretesting Studies and Possible Effects on Response Rates and Data Quality for the 2020 Census*, U.S. Census Bureau (May 16-19, 2018) | This document is at a central repository administered by the New York Attorney General's Office. |

| | |
|---|---|
| *Respondent Confidentiality Concerns*, Memorandum for Associate Directorate for Research and Methodology (ADRM) from Center for Survey Management, U.S. Census Bureau (Sept. 20, 2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Uses of Census Bureau Data in Federal Funds Distribution*, U.S. Census Bureau, (Sept. 2017) | These documents are available at a central repository administered by the New York Attorney General's Office |
| Documents relating to statistical policy issued by federal agencies, including the Office of Management and Budget and the Census Bureau, including but not limited to Statistical Policy Directives No. 1 and 2. | These documents are publicly available. |
| Documents included in the Administrative Record produced by Defendants | |
| All documents identified by Defendants in their initial disclosures | |
| Documents relating to efforts to mitigate non-response during decennial censuses. | These documents are available at a central repository administered by the New York Attorney General's Office |

## III. Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV. Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

## V. Fed R. Civ. P. 26(a)(2)(A) – Expert Testimony:

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 23rd day of July, 2018.


Barbara Underwood
Attorney General of the State of New York

*/s/ Elena Goldstein*
Elena Goldstein
Senior Trial Counsel
New York State Office of the Attorney General
28 Liberty Street, 20th Fl.
New York, NY 10005

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the State of New Jersey, by its attorney, Rachel Wainer Apter, of the Office of the Attorney General, makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to the State of New Jersey. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff New Jersey reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff New Jersey hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff New Jersey makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff New Jersey's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff New Jersey incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

1

5.      Plaintiff New Jersey's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Plaintiff New Jersey reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff New Jersey is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff New Jersey waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

## I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures:

The below listed persons are likely to have discoverable information that Plaintiff State of New Jersey may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of New Jersey expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
| --- | --- | --- |
| Leonard Preston<br>Bureau Chief, Labor Market Information<br>NJ State Data Center<br>Division of Economic and Demographic Research<br>Office of Research and Information<br>Department of Labor and Workforce Development | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice Complex<br>25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | The witness has knowledge of New Jersey's efforts to encourage participation in the decennial census in the past. |
| Lauren M. Zyriek<br>Director of Intergovernmental Affairs<br>Office of the Secretary of State<br>Department of State | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice Complex<br>25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | The witness has knowledge of how N.J. Assembly No. 4208, an Act establishing the New Jersey Complete Count Commission, which was passed by the legislature on June 30, 2018, will be implemented if signed by the Governor. She also has knowledge of New Jersey's efforts to encourage participation in the 2020 census. |
| Lynn Azarchi<br>Deputy Director, Office of Management and Budget | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice Complex | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |

| | | |
|---|---|---|
| Or<br><br>Dave Ridolfino<br>Department of the Treasury<br>Acting Director, Office of<br>Management and Budget | 25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | |
| Scott Novakowski<br>Associate Counsel and<br>Debevoise Legal Fellow<br>New Jersey Institute for<br>Social Justice | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice<br>Complex<br>25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | The witness has knowledge of outreach efforts that are being undertaken by non-profit organizations in New Jersey to ensure an accurate count. |
| Sara Cullinane<br>Executive Director<br>Make the Road New Jersey | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice<br>Complex<br>25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the 2020 census and heightened fears surrounding the 2020 census. She also has knowledge of outreach efforts that are being undertaken by non-profit organizations in New Jersey to ensure an accurate count. |
| Robert Asaro-Angelo<br>Commissioner<br>Department of Labor and<br>Workforce Development | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice<br>Complex<br>25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | The witness has knowledge of the impact of a decennial census undercount on Department of Labor and Workforce Development programs. |
| Brian Francz<br>Chief Financial Officer<br>Department of Human<br>Services | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice<br>Complex<br>25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | The witness has knowledge of the impact of a decennial census undercount on Department Human Services programs. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff New Jersey's possession, custody, or control that may be used by Plaintiff New Jersey to support its claims are described as follows.  Plaintiff New Jersey expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---|---|
| State of New Jersey, Assembly No. 4208, 218th Legislature, an Act establishing the New Jersey Complete Count Commission | This document is at a central repository administered by the New York Attorney General's Office |

**III.  Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 24th day of August, 2018.


GURBIR S. GREWAL
Attorney General of New Jersey


*/s/ Rachel Wainer Apter*
Rachel Wainer Apter
Assistant Attorney General
Office of the Attorney General
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor, West Wing
Trenton, New Jersey 08625-0080
Tel: (609) 376-2702
Fax: (609) 777-4015
Rachel.Apter@njoag.gov

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>                Plaintiffs,<br><br>      v.<br><br>UNITED STATES DEPARTMENT<br>OF COMMERCE, et al.,<br><br>                Defendants. | 18-CV-2921 (JMF) |

## STATE OF CONNECTICUT'S AMENDED DISCLOSURES

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the State of Connecticut ("Connecticut"), by its attorney, Mark F. Kohler, Assistant Attorney General, of the Connecticut Office of the Attorney General, makes the following Amended Initial Disclosures.

## INTRODUCTION

1.     These Amended Initial Disclosures are based upon information presently known to Plaintiff Connecticut. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.     Plaintiff Connecticut reserves the right at any time to revise and/or supplement these Amended Initial Disclosures.

3.     Plaintiff Connecticut hereby expressly reserves all objections to the use for any purpose of these Amended Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Amended Initial Disclosures,

1

Plaintiff Connecticut makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff Connecticut's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff Connecticut incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff Connecticut's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Plaintiff Connecticut reserves the right to use all documents produced by any party or non-party to this action. With these Amended Initial Disclosures, Plaintiff Connecticut is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff Connecticut waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## <u>AMENDED INITIAL DISCLOSURES</u>

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Connecticut may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Connecticut expressly reserves the right to supplement this disclosure:

| <u>Name</u> | <u>Contact Information</u> | <u>Subjects of Discoverable Information</u> |
|---|---|---|
| Benjamin Barnes, Secretary, State of Connecticut Office of Policy & Management | c/o Mark F. Kohler Assistant Attorney General Connecticut Office of the Attorney General 55 Elm St., P.O. Box 120 Hartford, CT 06141-0120 860-808-5020 Mark.Kohler@ct.gov | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |
| Paul Potamianos, Executive Budget Director, State of Connecticut Office of Policy & Management | c/o Mark F. Kohler Assistant Attorney General Connecticut Office of the Attorney General 55 Elm St., P.O. Box 120 Hartford, CT 06141-0120 860-808-5020 Mark.Kohler@ct.gov | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |

## **II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

Plaintiff Connecticut does not have any documents or electronically stored information to disclose at this time. Plaintiff Connecticut expressly reserves its right to supplement this disclosure.

## **III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

## **IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V. Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 22nd day of August, 2018.

GEORGE JEPSEN
Attorney General of the State of Connecticut

*/s/ Mark F. Kohler*
Mark F. Kohler
Assistant Attorney General
Connecticut Office of the Attorney General
55 Elm St., P.O. Box 120
Hartford, CT 06141-0120
860-808-5020
Mark.Kohler@ct.gov

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | AMENDED INITIAL DISCLOSURES (Plaintiff State of Oregon) |
| v. | |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | 18-CV-2921 (JMF) |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the State of Oregon (the "State of Oregon") makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to the State of Oregon. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff State of Oregon reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff State of Oregon hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Oregon makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff State of Oregon's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of Oregon incorporates all individuals identified by all other

1

parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.     Plaintiff State of Oregon's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff State of Oregon reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Oregon is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of Oregon waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

## I.     **Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Oregon may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Oregon expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Irma Linda Castillo, Chair<br><br>Dr. Daniel Lopez-Ceballos, Vice Chair<br><br>Dr. Joseph Gallegos, Commission Member<br><br>Alberto Moreno, Past Chair | Oregon Commission on Hispanic Affairs c/o Scott Kaplan Oregon Department of Justice 100 Market St. Portland, OR 97201 (971) 673-5037 | The witnesses have knowledge of the impact of the decennial census and citizenship questioning on the Hispanic population and the related impact on public services available to the Hispanic population.  The witnesses have knowledge of the risk and impact of undercount of the Hispanic population should a citizenship question be included in the decennial census. The witnesses have knowledge that Oregon's Hispanic population is a hard-to-count population for the census. The witnesses have knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. |
| Chanpone Sinlapasai-Okumura, J.D., Chair | Oregon Commission on Asian and Pacific Islander Affairs | The witness has knowledge of the impact of the decennial census and citizenship questioning on the Asian and Pacific Islander |

| | c/o Scott Kaplan Oregon Department of Justice 100 Market St. Portland, OR 97201 (971) 673-5037 | population and the related impact on public services available to these populations. The witness has knowledge that Oregon's Asian and Pacific Islander population is a hard-to-count population for the census. The witness has knowledge of the risk and impact of undercount of the Asian and Pacific Islander population should a citizenship question be included in the decennial census. The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. |
|---|---|---|
| Emily Nazarov, Government and Legal Affairs Manager | Oregon Department of Education c/o Scott Kaplan Oregon Department of Justice 100 Market St. Portland, OR 97201 (971) 673-5037 | The witness has knowledge of the impact of decennial census population counts on school funding and budgets, including the existence of unauthorized immigrants (including U.S. citizen children) in Oregon's K-12 school population, ODE's policies and practices towards the same and the census impact on ODE programs including meal programs. |
| Belit Burke, Self-Sufficiency Design Administrator | Oregon Department of Human Services c/o Scott Kaplan Oregon Department of Justice 100 Market St. Portland, OR 97201 (971) 673-5037 | The witness has knowledge of the presence of populations in Hispanic, Alaska Native and Native American communities, and other areas and communities particularly vulnerable to undercounting. The witness has information regarding Oregon's reliance on the decennial census statistics for important supplemental nutrition (SNAP) and food stamps programs, which currently serves about 20% of Oregon's residents, and the Child Care and Development Fund. |
| John T. Baker, Transportation Economist | Oregon Department of Transportation c/o Scott Kaplan Oregon Department of Justice 100 Market St. Portland, OR 97201 (971) 673-5037 | The witness has information regarding the impact of an undercount on funding for highway construction and maintenance within the State through the Highway Trust Fund and other federal infrastructure funding programs, including crucial North-South and East-West highways such as Interstates 5 and 84. |
| Kristine Kautz, Deputy Director | Oregon Health Authority c/o Scott Kaplan Oregon Department of Justice 100 Market St. Portland, OR 97201 (971) 673-5037 | The witness has information regarding Oregon's reliance on the federal Health Center Program for medical care to migrant and other underserved communities within the State, as well as Oregon's reliance on the Medical Assistance Program ("Medicaid"). The witness has information regarding Oregon's reliance on the decennial census for |

| | | |
|---|---|---|
| | | funding of this program, and the impact an undercount of Oregon's population could have on this funding and program. |
| Charles Rynerson, Coordinator | State Data Center, Population Research Center, Portland State University | The witness has knowledge of the impact of decennial census population counts on state and local funding and budgets. The witness has information regarding demographic, economic, and social statistics produced by the Census Bureau relating to the State of Oregon. The witness is knowledgeable about Oregon state and local outreach efforts and census data. |
| Erin Seiler, former Liaison to the U.S. Census Bureau | Oregon Lottery c/o Scott Kaplan Oregon Department of Justice 100 Market St. Portland, OR 97201 (971) 673-5037 | The witness has knowledge of the impact of census data on redistricting in Oregon and its reliance upon accurate information. |
| Officers, employees and representatives of defendants identified by defendants and by plaintiffs herein | Contact information not currently known | Information regarding the processes by which defendants proposed a citizenship question for the 2020 census, the stated and actual reasons for adding this question, the persons involved in this decision, and the likely effects of the decision. |

## II.     Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Oregon's possession, custody, or control that may be used by Plaintiff State of Oregon to support its claims are described as follows.   Plaintiff State of Oregon expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| Documents relating to current school funding and budgets, Special Education funding and the School Breakfast and National School Lunch Programs. | From Oregon Department of Education. The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |
| Documents relating to Oregon's use of and funding source(s) for supplemental nutrition (SNAP) and food stamps programs and the Child Care and Development Fund. | From Oregon Department of Human Services. The document(s) will be made available at a central document repository administered by the New |

4

|  | York Attorney General's Office. |
|---|---|
| Documents relating to funding for highway construction and maintenance within the State through the Highway Trust Fund and other federal infrastructure funding programs. | From Oregon Department of Transportation. The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |
| Documents relating to Oregon's use of funds from the federal Health Center Program for medical care to migrant and other underserved communities within the State, and the Medical Assistance Program ("Medicaid"). | From Oregon Health Authority. The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |
| Documents related to duties and budget of Oregon's Census Project Manager in the Office of the Oregon Governor. | From the Oregon Governor's Office. The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |
| Oregon legislative materials related to redistricting. | From Oregon legislative records. The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |

**III.    Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.    Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.**      **Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff State of Oregon will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this _30th_ day of _August_, 2018.


Ellen Rosenblum
Attorney General of the State of Oregon

_____*s/ Scott J. Kaplan*_____
Scott J. Kaplan. *pro hac vice*
Senior Assistant Attorney General
Oregon Department of Justice
100 Market St.
Portland, OR 97201
971-673-5037
Scott.j.kaplan@doj.state.or.us

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the City of Providence, by its attorney, Jeffrey Dana, City Solicitor of the City of Providence, makes the following Initial Disclosures.

**<u>INTRODUCTION</u>**

1.      These Initial Disclosures are based upon information presently known to the City of Providence. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff City of Providence reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff City of Providence hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of

1

Providence, makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.       Plaintiff City of Providence's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Providence incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.       Plaintiff City of Providence's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Providence reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Providence is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Providence waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of Providence may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of Providence expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| Gabriela Domenzain, Latino Policy Institute | City of Providence Office of the City Solicitor 444 Westminster Street, Suite 220 Providence, RI 02903 (401) 680-5333 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census. Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |
| David DosReis, GIS Manager | City of Providence Office of the City Solicitor 444 Westminster Street, Suite 220 Providence, RI 02903 (401) 680-5333 | Witness has information regarding the presence of hard-to-count populations in Providence, and areas particularly vulnerable to undercounting. |
| Emily Freedman, Director of Community Development | City of Providence Office of the City Solicitor 444 Westminster Street, Suite 220 Providence, RI 02903 (401) 680-5333 | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The City of Providence does not have documents that may be used to support its claims at this time.  The City of Providence reserves the right to supplement this disclosure.

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 31st day of August, 2018.

Jeffrey Dana
City Solicitor of the City of Providence

*/s/Jeffrey Dana*
Jeffrey Dana
City Solicitor
City of Providence
444 Westminster Street, Suite 220
Providence, RI 02903
(401) 680-5333
Jdana@providenceri.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiffs Hidalgo and Cameron Texas Counties by its attorney, Special Counsel Rolando L. Rios,  makes the following Supplemental Disclosures.

## **INTRODUCTION**

1.     These Disclosures are based upon information presently known to Plaintiffs Hidalgo and Cameron Counties. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.     Plaintiffs Hidalgo and Cameron Counties reserves the right at any time to revise and/or supplement these Disclosures.

3.     Plaintiffs Hidalgo and Cameron Counties hereby expressly reserves all objections to the use for any purpose of these Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Disclosures, Plaintiffs Hidalgo

1

and Cameron Counties make no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.     Plaintiffs Hidalgo and Cameron Counties' identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiffs from obtaining discovery of individuals not presently identified. Plaintiffs Hidalgo and Cameron Counties incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.     Plaintiffs Hidalgo and Cameron Counties' identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Plaintiffs Hidalgo and Cameron Counties reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiffs Hidalgo and Cameron Counties are not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor do Plaintiffs Hidalgo and Cameron Counties waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## DISCLOSURES

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiffs Hidalgo and Cameron Counties may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiffs Hidalgo and Cameron Counties expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Maria Arcelia Duran, CPA, Hidalgo County Auditor | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | Maria Arcela Duran has knowledge of the impact of decennial census population counts on local funding and budgets. |
| Diana R. Serna Director Hidalgo County Urban County Program | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | Diana R. Serna has knowledge of the impact of decennial census population counts on local funding and budgets. |
| Erika Reyna Assistant Chief of Staff, Hidalgo County Judges Office | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | Erika Reyna has of the mitigation efforts undertaken by the county and local government and non-governmental agencies directed at minimizing the undercount and educate/encourage the public to fill out the census forms. |
| Martha Galarza, CPA, Cameron County Auditors Office) | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | Martha Galarza has knowledge of the impact of decennial census population counts on local funding and budgets. |
| Ramon Garcia, Hidalgo County Judge | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census. |
| Eddie Trevino Jr., Cameron County Judge | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

Plaintiffs  Hidalgo and Cameron Counties  have no documents to disclose at this time but expressly reserves its right to supplement this disclosure:

**III. Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

DATED this 4th day of September, 2018.

Respectfully Submitted,

_Rolando L. Rios_
ROLANDO L. RIOS
Texas State Bar # 16935900
Special Counsel
115 E. Travis, Suite 1645
San Antonio, Texas  78205
Telephone:      (210) 222-2102
Facsimile:      (210) 222-2898
E-Mail:         rrios@rolandorioslaw.com

Attorney for Plaintiffs HIDALGO AND
CAMERON COUNTIES OF TEXAS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | AMENDED INITIAL DISCLOSURES FOR PLAINTIFF STATE OF WASHINGTON |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the State of Washington, by its attorney, Assistant Attorney General Laura K. Clinton, makes the following Amended Initial Disclosures, to supplement those already provided in this litigation.

## **INTRODUCTION**

1.     These Amended Initial Disclosures are based upon information presently known to Washington. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.     Washington reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.     Washington hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Washington makes no representations or

1

concessions regarding the relevance or appropriateness of any particular documents or types of documents.

4.      Washington's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Washington incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Washington's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Washington reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Washington is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Washington waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Washington may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Washington expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Mark Baldwin Assistant Director of Forecasting and Research, Office of Financial Management | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of Washington's planning and outreach regarding the 2020 Census, potential financial impacts to the State of Washington arising from an |

| Name | Contact Information | Subjects of Discoverable Information |
|------|---------------------|-------------------------------------|
| | | inaccurate count, and related issues. |
| Yi Zhao, Office of Financial Management | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of Washington's planning and outreach regarding the 2020 Census, potential financial impacts to the State of Washington arising from an inaccurate count, and related issues. |
| Erica Gardner, Office of Financial Management | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of Washington's planning and outreach regarding the 2020 Census, potential financial impacts to the State of Washington arising from an inaccurate count, and related issues. |
| Mike Mohrman, Office of Financial Management | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of Washington's planning and outreach regarding the 2020 Census, potential financial impacts to the State of Washington arising from an inaccurate count, and related issues. |
| Jim Crawford, Office of Financial Management | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of Washington's budgeting process and the potential financial impacts to the State of Washington arising from an inaccurate count, and related issues. |
| Complete County Committee Coordinator, Office of Financial Management | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of Washington's planning and outreach regarding the 2020 Census, potential financial impacts to the State of Washington arising from an |

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| | | inaccurate count, and related issues. |
| Records custodian, Office of Financial Management | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness(es) have knowledge sufficient to identify and authenticate Washington's records concerning the decennial Census and related issues |
| Robert Chang Seattle University School of Law | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge regarding the history of the Census Bureau's past breaches of trust where Census information was used to harm individuals and communities, and the reasonable fear or concern that respondents might have when facing the citizenship question now. |
| Laura Pierce Washington Nonprofits | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of the concerns that many nonprofit organizations have about the impact of the citizenship question. Nonprofits working with hard to count populations are concerned that adding the citizenship question instills fear and makes those communities harder to count because they are likely to voluntarily opt out of the Census.  The witness has knowledge of the impact an undercount would have on how funds for services are distributed and on the data available for nonprofits to target their services. |
| David Streeter Washington Nonprofits | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 | The witness has knowledge of the concerns that many nonprofit organizations have about the |

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| | Seattle WA 98104 | impact of the citizenship question. Nonprofits working with hard to count populations are concerned that adding the citizenship question instills fear and makes those communities harder to count because they are likely to voluntarily opt out of the Census.  The witness has knowledge of the impact an undercount would have on how funds for services are distributed and on the data available for nonprofits to target their services. |
| Laura Armstrong Executive Director La Casa Hogar | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of already existing barriers facing immigrant, low-income, Limited English Proficient residents ("hard-to-count" populations) throughout Washington state's Yakima Valley in participating in the Census. The witness has further knowledge as to how the citizenship question will worsen those existing barriers for aforementioned community members' participation in the decennial Census process.  The witness has knowledge of immigrant families' heightened fears surrounding government institutions, and understands this as one of the already existing barriers that is being worsened because of the citizenship question. The witness has knowledge regarding community education and awareness efforts regarding the Census in the Yakima Valley region. The |

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| | | witness represents an organization with knowledge and experience working with immigrant families and agricultural workers throughout the region for over two decades. |
| Linda Moore CEO\|President Yakima Valley Community Foundation | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of the impact of the citizenship question and the disproportionate impact of funding and services to low income and people of color and children. The witness has knowledge of the impact of the citizenship questions on "mixed households" where children are citizens and others in the household, including their parents are not which also impacts the count of children. The witness has knowledge of the demographics of Yakima County. |
| Elsa Batres-Boni Census Program Manager Win\|Win Action | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | Win/Win is committed to building a civically powerful network that advances racial, social and economic equity and thriving communities across Washington State. The witness has knowledge of the universal harm that a citizenship question will cause to communities that are already at greater risk of being undercounted – including people of color, young children, and low-income rural and urban residents. |

| Name | Contact Information | Subjects of Discoverable Information |
|------|---------------------|-------------------------------------|
| | | The witness has knowledge of how an untested citizenship question will drive up costs as the Census Bureau struggles to develop new communications and outreach strategies with little time remaining, plan for an expanded field operation, and track down the millions of households that will be more reluctant to participate because of this controversial question. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

All materials requested in discovery or that Washington intends to use at trial are described below. Washington expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|----------------------|-------------------|
| Documents concerning the 2020 Census and mitigating non-response in the State of Washington. | Office of Financial Management, Washington Nonprofits – These documents will be uploaded to the central repository administered by the New York Attorney General's Office. |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Washington will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 16th day of July, 2018.

ROBERT W. FERGUSON
Attorney General of the State of Washington

/s/ *Laura K. Clinton*
Laura K. Clinton
Assistant Attorney General
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
 LauraC5@atg.wa.gov
(206) 233-3383
Peter Gonick,
Deputy Solicitor General Office of the Attorney
General PO Box 40100
Olympia, WA 98504-0100
 peterg@atg.wa.gov
Tel. (360) 753-6245

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>           Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT<br>OF COMMERCE, et al.,<br><br>         Defendants. | 18-CV-2921 (JMF)<br><br>**CERTIFICATE OF SERVICE**<br>**RULE 26 DISCLOSURES** |

I hereby certify that on this 4th day of September 2018, I served amendments to Plaintiffs' Initial Disclosures for *New York et al., v. Commerce et al.*, 18-cv-2921, via e-mail to kate.bailey@usdoj.gov, Stephen.Ehrlich@usdoj.gov, and Carol.Federighi@usdoj.gov, pursuant to the parties' electronic service agreement under Federal Rule of Civil Procedure 5(b)(2)(E).  These disclosures supplement and amend Plaintiffs' original Initial Disclosures.


Dated this 4th day of September, 2018.


                                     /s/
                              Elena Goldstein