**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiffs Hidalgo and Cameron Texas Counties by its attorney, Special Counsel Rolando L. Rios,  makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to Plaintiffs Hidalgo and Cameron Counties. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiffs Hidalgo and Cameron Counties reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiffs Hidalgo and Cameron Counties hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiffs

Hidalgo and Cameron Counties make no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.     Plaintiffs Hidalgo and Cameron Counties' identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiffs from obtaining discovery of individuals not presently identified. Plaintiffs Hidalgo and Cameron Counties incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.     Plaintiffs Hidalgo and Cameron Counties' identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.   Plaintiffs Hidalgo and Cameron Counties reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiffs Hidalgo and Cameron Counties are not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor do Plaintiffs Hidalgo and Cameron Counties waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiffs Hidalgo and Cameron Counties may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiffs Hidalgo and Cameron Counties expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|------|---------------------|-------------------------------------|
| Maria Arcelia Duran, CPA, Hidalgo County Auditor | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | Maria Arcela Duran has knowledge of the impact of decennial census population counts on local funding and budgets. |
| Martha Galarza, CPA, Cameron County Auditors Office) | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | Martha Galarza has knowledge of the impact of decennial census population counts on local funding and budgets. |
| Ramon Garcia, Hidalgo County Judge | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census. |
| Eddie Trevino Jr., Cameron County Judge | Attorney Rolando L. Rios rrios@rolandorioslaw.com 210-413-7347 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census. |

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

Plaintiffs  Hidalgo and Cameron Counties  have no documents to disclose at this time but expressly reserves its right to supplement this disclosure:

**III. Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V. Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

DATED this 20th day of July, 2018.

Respectfully Submitted,

_Rolando L. Rios_
ROLANDO L. RIOS
Texas State Bar # 16935900
Special Counsel
115 E. Travis, Suite 1645
San Antonio, Texas  78205
Telephone:     (210) 222-2102
Facsimile:      (210) 222-2898
E-Mail:          rrios@rolandorioslaw.com


Attorney for Plaintiffs HIDALGO AND
CAMERON COUNTIES OF TEXAS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff, the City of Central Falls (the "State of Rhode Island"), by its attorney, Matthew T. Jerzyk, Bar Number 7945 of the State of Rhode Island, makes the following Initial Disclosures.

## INTRODUCTION

1.    These Initial Disclosures are based upon information presently known to the City of Central Falls. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.    Plaintiff City of Central Falls reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.    Plaintiff City of Central Falls hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of Central Falls

1

makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff City of Central Falls's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Central Falls incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff City of Central Falls's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Central Falls reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Central Falls is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Central Falls waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

### I.  **Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of Central Falls may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of Central Falls expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Mayor James Diossa, City of Central Falls | Contact through Counsel: City Solicitor City of Central Falls 580 Broad Street Central Falls, | The witness has knowledge of how the addition of the citizenship question has spread fear and confusion among city residents who have been asked to |

| | RI 02863<br>MJerzyk@CentralFallsRI.us | participate in the Census "Test Run" and whether ICE would be notified. |
|---|---|---|
| Rachel Flum, Economic Progress Institute | Contact through Counsel:<br>City Solicitor<br>City of Central Falls 580 Broad Street Central Falls, RI 02863<br>MJerzyk@CentralFallsRI.us | The witness has knowledge of the impact of decennial census population counts on local funding and budgets. |
| Mario Bueno, Executive Director, Progreso Latino | Contact through Counsel:<br>City Solicitor<br>City of Central Falls 580 Broad Street Central Falls, RI 02863<br>MJerzyk@CentralFallsRI.us | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census.  Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |
| Gabriela Domenzain | Contact through Counsel:<br>City Solicitor<br>City of Central Falls 580 Broad Street Central Falls, RI 02863<br>MJerzyk@CentralFallsRI.us | Witness has information regarding the presence of hard-to-count populations in Central Falls and areas particularly vulnerable to undercounting. |
| Kim Brace | Contact through Counsel:<br>City Solicitor<br>City of Central Falls 580 Broad Street Central Falls, RI 02863<br>MJerzyk@CentralFallsRI.us | Witness has information regarding the impact of the decennial census population count on the state redistricting process. |
| John Marion, Common Cause of Rhode Island | Contact through Counsel:<br>City Solicitor<br>City of Central Falls 580 Broad Street Central Falls, RI 02863<br>MJerzyk@CentralFallsRI.us | The witness has information regarding Central Falls's efforts to mitigate the impact of the citizenship question on non-response rates.  Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff City of Central Falls's possession, custody, or control that may be used by Plaintiff City of Central Falls to support its claims are described as follows.  Plaintiff City of Central Falls expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---|---|
| "Census on Trial," OpEd by Mayor James Diossa Providence | This document will be uploaded to the central repository administered by the New York Attorney General's Office. |
| Statement of Former Census Directors on Adding a New Question to the 2010 Census (Oct. 16, 2009) | This document will be uploaded to the central repository administered by the New York Attorney General's Office. |
| Press Conference Memo on Citizenship Question | This document will be uploaded to the central repository administered by the New York Attorney General's Office. |
| U.S. Census Bureau, How a Question Becomes a Part of the American Communities Survey (2017) | This document will be uploaded to the central repository administered by the New York Attorney General's Office. |

**III.  Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 17th day of July, 2018.

The City of Central Falls
by and through its City Solicitor
Matthew T. Jerzyk

*/s/ Matthew T. Jerzyk*
NAME
Matthew T. Jerzyk, Esq. (R.I. Bar No. 7945)
City Solicitor
City of Central Falls
580 Broad St.
Central Falls, RI 02863
401-556-7412
MJerzyk@CentralFallsRI.us

5

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, et al.,

               Plaintiffs,

    v.                           18-CV-2921 (JMF)

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

               Defendants.

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff City of Chicago (the "City of Chicago"), by its attorney, Edward N. Siskel, the Corporation Counsel of the City of Chicago, makes the following Initial Disclosures.

### INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to the City of Chicago. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff City of Chicago reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff City of Chicago hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of Chicago

makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff City of Chicago's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Chicago incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff City of Chicago's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Chicago reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Chicago is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Chicago waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of Chicago may use to support Plaintiffs' claims as detailed in the First Amended Complaint. Plaintiff City of Chicago expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|------|---------------------|-------------------------------------|
| Evelyn Rodriguez, Office of the Mayor of the City of Chicago | Contact through Counsel for the City of Chicago | Evelyn Rodriguez is an advisor for neighborhood development and community engagement and serves as a conduit to all communities and manages partnerships with |

| | | external stakeholders including those from the civic, faith-based, cultural and business communities.  Appointed by the Mayor of Chicago, she serves as the City's designee on the Illinois Complete Count Commission.  The Commission is developing and will recommend a 2020 Census outreach strategy and will be chaired by the IL Secretary of State.  The witness has knowledge of Chicago's involvement and efforts in census outreach, which seeks to combat the undercount projected for the 2020 Census. |
|---|---|---|
| Bryan Esenberg, Deputy Commissioner of the Multi-Family Finance and Housing Preservation Division of the Chicago Department of Planning and Development | Contact through Counsel for the City of Chicago | The witness has knowledge on issues related to how the City of Chicago's grant funding and tax credits are affected by the decennial Census count. |
| Dr. Julie Morita, Commissioner of the Chicago Department of Public Health | Contact through Counsel for the City of Chicago | The witness has knowledge about how inaccurate figures from the 2020 Census will harm the ability of the Chicago Department of Public Health to serve local communities and to identify and treat communities with the greatest need, particularly in the area of disease prevention and control.  The witness also has knowledge about how the City of Chicago's grant funding, particularly the Immunization Program, will be affected by the decennial Census count. |
| Jackie Tiema, Director of Grants Management for the Chicago Department of Family & Support Services | Contact through Counsel for the City of Chicago | This witness has knowledge about the Chicago Department of Family & Support Services ("DFSS")'s federal grant application process. |
| John Young, Political Director for Common Cause Illinois | Contact through Counsel for the City of Chicago | This witness has knowledge about local funding and budgets. |
| Celina Villanueva, NADP & Youth Engagement Manager for the Illinois Coalition for Immigrant | Contact through Counsel for the City of Chicago | This witness has knowledge about impact of the citizenship question on community members' willingness to participate in the decennial Census. |

| and Refugee Rights | | |
|---|---|---|
| Lawrence Benito, CEO & Executive Director of the Illinois Coalition for Immigrant and Refugee Rights | Contact through Counsel for the City of Chicago | This witness has knowledge about impact of the citizenship question on community members' willingness to participate in the decennial Census. |
| Selma D'Souza, Executive Director of the Indo American Center | Contact through Counsel for the City of Chicago | This witness has knowledge about impact of the citizenship question on community members' willingness to participate in the decennial Census and local funding and budgets. |
| Judith Gethner, Executive Director of Illinois Partners for Human Services | Contact through Counsel for the City of Chicago | This witness has knowledge about local funding and budgets. |
| Jeff Raines, Communications and Engagement Director for Change Illinois | Contact through Counsel for the City of Chicago | This witness has knowledge regarding the impact of the decennial Census population count on the state redistricting process. |
| Jesus Garcia, Cook County Commissioner | Contact through Counsel for the City of Chicago | This witness has knowledge about the impact of the citizenship question, local funding and budgets, as well as the state redistricting process. |
| Anita Banerji, Director of the Democracy Initiative for Forefront | Contact through Counsel for the City of Chicago | This witness has been leading, facilitating and making collaborative efforts with Illinois advocates and grant-makers across the state for a fair and accurate Census in 2020, and has knowledge about the same. |

## II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

Plaintiff City of Chicago expressly reserves its right to supplement these initial disclosures by later identifying documents and electronically stored information in Plaintiff City of Chicago's possession, custody, or control that may be used by Plaintiff City of Chicago to support its claims.

## III. Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV. Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

## V. Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 18th day of July, 2018.

Edward N. Siskel
CORPORATION COUNSEL
CITY OF CHICAGO

/s/ Christie Starzec

Christie L. Starzec
Assistant Corporation Counsel
City of Chicago Department of Law
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-7864
Christie.Starzec@cityofchicago.org

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, et al.,

            Plaintiffs,

    v.

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

            Defendants.

18-CV-2921 (JMF)

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the State of Colorado (the "State of Colorado"), by its attorney, Jacqueline Cooper Melmed, Chief Legal Counsel to Governor John Hickenlooper of the State of Colorado, makes the following Initial Disclosures.

## INTRODUCTION

1.     These Initial Disclosures are based upon information presently known to the State of Colorado. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.     Plaintiff State of Colorado reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.     Plaintiff State of Colorado hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Colorado makes

1

no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff State of Colorado's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of Colorado incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff State of Colorado's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff State of Colorado reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Colorado is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of Colorado waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Colorado may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Colorado expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|------|-------------------|-------------------------------------|
| Elizabeth Garner, State Demographer, Colorado Department of Local Affairs | Governor's Office of Legal Counsel jackie.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on state funding and regarding the presence of hard-to-count populations in Colorado and areas particularly vulnerable to undercounting. |
| Debra Perkins-Smith, Director of Transportation Development, Colorado Department of Transportation | Governor's Office of Legal Counsel jackie.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on state transportation funding. |
| Melissa Wavelet, Director, Office of Performance Management and Strategic Outcomes, Colorado Department of Human Services | Governor's Office of Legal Counsel jackie.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on state human services funding. |
| Carrie Kronberg, Housing Programs Manager, Division of Housing, Colorado Department of Local Affairs | Governor's Office of Legal Counsel jackie.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on state housing funding. |
| Alison Williams Helm, Financial Assistance Manager, Colorado Department of Local Affairs | Governor's Office of Legal Counsel jackie.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on federal funding from Community Service and Community Development Block Grant programs. |
| John Bartholomew, Chief Financial Officer, Colorado Department of Health Care Policy & Financing | Governor's Office of Legal Counsel jackie.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on federal funding to states for Medicaid. |

| | | |
|---|---|---|
| Jamie Torres, Deputy Director, Agency for Human Rights & Community Partnerships; Director, Office of Immigrant & Refugee Affairs, City and County of Denver | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. |
| Stephanie Adams, Budget and Management Director, Department of Finance, City and County of Denver | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on local government funding. |
| Karen Hancock, Planning Supervisor/Data Services, City of Aurora | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on city funding and knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. |
| Phillip Supino, Principal Long-Range Planner, City of Aspen | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on local government funding and knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. |
| Jon Stavney, Executive Director, Northwest Colorado Council of Governments | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the decennial census population count on local government funding and knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. |
| Nicole Melaku, Executive Director, | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us | The witness has knowledge of engagement with the Latino community and other immigrant communities in Colorado regarding |

4

| | | |
|---|---|---|
| Colorado Immigrant Rights Coalition | (303) 866-6390 | the 2020 decennial census, and knowledge of the electoral impact of the decennial census population count on the state redistricting process. |
| Gillian Winbourn, Together We Count | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process, of the heightened fears surrounding the 2020 decennial census, and of outreach efforts conducted by the Census Bureau. |
| Rosemary Rodriguez, Together We Count | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process, of the heightened fears surrounding the 2020 decennial census, and of outreach efforts conducted by the Census Bureau. |
| Mark Turner, Senior Director of Public Policy, Colorado Nonprofit Association | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. |
| Jim Chavez, Executive Director, Latin American Educational Foundation | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process, and of the heightened fears surrounding the 2020 decennial census. |
| Nancy Olson, Executive Director, Project Safeguard | Governor's Office of Legal Counsel jackic.melmed@state.co.us jenna.goldstein@state.co.us (303) 866-6390 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process, of the heightened fears surrounding the 2020 decennial census, and of the impact of the decennial census population count on state funding. |

| Chris Barge, Vice President of Strategic Initiatives, The Community Foundation of Boulder County | Governor's Office of Legal Counsel<br>jackic.melmed@state.co.us<br>jenna.goldstein@state.co.us<br>(303) 866-6390 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process, and of the heightened fears surrounding the 2020 decennial census. |
| --- | --- | --- |
| Monica Bies, Child, Youth, and Family Specialist, University of Colorado-Denver Center on Domestic Violence | Governor's Office of Legal Counsel<br>jackic.melmed@state.co.us<br>jenna.goldstein@state.co.us<br>(303) 866-6390 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process, and of the heightened fears surrounding the 2020 decennial census. |

## II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Colorado's possession, custody, or control that may be used by Plaintiff State of Colorado to support its claims are described as follows. Plaintiff State of Colorado expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---|---|
| Executive Order B 2018 007, Continuing and Reorganizing the Colorado Complete Count Campaign (Executive Order signed by Governor John Hickenlooper on June 15, 2018 continuing and reorganizing the Colorado Complete Count Campaign for the 2020 Census) | This document is at a central repository administered by the New York Attorney General's Office. |
| Questions and Answers about Colorado Census 2020 (state-created outreach document for local governments outlining the importance of the 2020 Census as well as the timeline for preparation) | This document is at a central repository administered by the New York Attorney General's Office. |
| CUNY Mapping Service, Center for Urban Research, CUNY Graduate Center, Mapping Hard to Count (HTC) Communities for a Fair and Accurate 2020 Census (web link) | This document is at a central repository administered by the New York Attorney General's Office. |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

    Not applicable.

**IV.  Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

    Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

    Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 16th day of July, 2018.


                          Jacqueline Cooper Melmed
                          Chief Legal Counsel
                          Governor John Hickenlooper
                          State of Colorado

                          /s/

                          Jacqueline Cooper Melmed
                          Chief Legal Counsel
                          Governor
                          Governor John Hickenlooper
                          136 State Capitol Building
                          Denver, Colorado 80203
                          Tel:  (303) 866-3788
                          jackic.melmed@state.co.us

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the City of Columbus, by its attorney, Zachary M. Klein of the City Attorney's Office of Columbus, makes the following Initial Disclosures.

## **INTRODUCTION**

1.    These Initial Disclosures are based upon information presently known to the City of Columbus. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.    Plaintiff City of Columbus reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.    Plaintiff City of Columbus hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of

1

Columbus makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.     Plaintiff City of Columbus's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Columbus incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.     Plaintiff City of Columbus's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Columbus reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Columbus is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Columbus waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

## I.  **Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of Columbus may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of Columbus expressly reserves the right to supplement this disclosure:

| **Name** | **Subjects of Discoverable Information** |
|---|---|
| Anita Clark, fiscal manager in the Columbus Department of Health | This witness has knowledge of how census driven funds are distributed to various City organizations and how such decisions are made. Witness also has information about how much money was expended by each City organization. |

| | |
|---|---|
| Carolyn Thurman, Grants management coordinator, department of finance and management for the City of Columbus | This witness has information regarding the grant formulas that are used to calculate how much funding the City of Columbus will receive based on census data. |
| Inna Kinney, CEO of Economic Community Development Institute | This witness has knowledge of the impact census driven funds have on the City of Columbus. Witness can also speak on the hardship the city will face if such funds are not representative of our population. |
| Mohamud Jama, Director of the New American Political Action Committee | This witness also has information regarding how an additional citizenship question will affect Somali turnout in the census and how a decrease in census-driven funds will affect this community. |
| Ramona Reyes, Director of Our Lady of Guadalope Center | This witness has information regarding how adding a citizenship question to the census will affect Latino turnout. Witness also has information regarding how a decrease in census-driven funds will affect the Latino population in Columbus. |
| Roger Cloern, fiscal division at the Columbus Department of Health | This witness has information regarding the grant formulas that are used to calculate how much funding the City of Columbus will receive based on census data. |
| Steve Fireman, GC of Economic Community Development Institute | This witness has knowledge of the impact census driven funds have on the City of Columbus. Witness can also speak on the hardship the city will face if such funds are not representative of our population. |

Each of the above listed witnesses can be contacted through counsel at the Columbus

City Attorney's office. Contact information for counsel is:

Alexandra Pickerill or Richard Coglianese
77 North Front Street
Columbus, Ohio 43215
(614)645-6945 (phone)
(614)645-0818 (phone)
(614)645-6949 (fax)
anpickerill@columbus.gov
rncoglianese@columbus.gov

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff City of Columbus's possession, custody, or control that may be used by Plaintiff City of Columbus to support its claims are described as follows.  Plaintiff City of Columbus expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| 2015 Comprehensive Annual Financial Report<br><br>Details how much money was received in federal funds and where those funds were allocated in fiscal year 2015. | This document is at a central repository administered by the New York Attorney General's Office |
| 2016 Comprehensive Annual Financial Report<br><br>Details how much money was received in federal funds and where those funds were allocated in fiscal year 2016. | This document is at a central repository administered by the New York Attorney General's Office |
| 2017 Comprehensive Annual Financial Report<br><br>Details how much money was received in federal funds and where those funds were allocated in fiscal year 2017. | This document is at a central repository administered by the New York Attorney General's Office |
| Assistance Data Catalog of Federal Domestic Assistance | This document is at a central repository administered by the New York Attorney General's Office |
| 2017 Schedule of Expenditure and Federal Awards | This document is at a central repository administered by the New York Attorney General's Office |
| 2017 Schedule of Expenditure and Federal Awards with hand-written department allocations.<br><br>Details which departments within the City are given | This document is at a central repository administered by the New York Attorney General's Office |

| | |
|---|---|
| federal funds based on the census data. | |
| Census Driven Federal Funds_Columbus<br><br>This excel spreadsheet shows where census-driven funds have been allocated in the City of Columbus. | This document is at a central repository administered by the New York Attorney General's Office |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 12th day of July, 2018.

Zach Klein
City Attorney of the City of Ohio

*/s/ Zach Klein*
Zach Klein
Columbus City Attorney
77 North Front Street
Columbus Ohio, 43215
(614)645-7385
zmklein@columbus.gov

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the State of Connecticut ("Connecticut"), by its attorney, Mark F. Kohler, Assistant Attorney General, of the Connecticut Office of the Attorney General, makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to Plaintiff Connecticut. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff Connecticut reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff Connecticut hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff Connecticut makes no

representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff Connecticut's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff Connecticut incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff Connecticut's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Plaintiff Connecticut reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff Connecticut is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff Connecticut waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Connecticut may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Connecticut expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| Paul Potamianos, Executive Budget Director, State of Connecticut Office of Policy & Management | c/o Mark F. Kohler Assistant Attorney General Connecticut Office of the Attorney General 55 Elm St., P.O. Box 120 Hartford, CT 06141-0120 860-808-5020 Mark.Kohler@ct.gov | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

Plaintiff Connecticut does not have any documents or electronically stored information to disclose at this time. Plaintiff Connecticut expressly reserves its right to supplement this disclosure.

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.


DATED this 19th day of July, 2018.


GEORGE JEPSEN
Attorney General of the State of Connecticut

*/s/ Mark F. Kohler*
Mark F. Kohler
Assistant Attorney General
Connecticut Office of the Attorney General
55 Elm St., P.O. Box 120
Hartford, CT 06141-0120
860-808-5020
Mark.Kohler@ct.gov

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

**PLAINTIFF DISTRICT OF COLUMBIA'S INITIAL DISCLOSURES**

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the District of Columbia, by its attorneys, makes the following Initial Disclosures.

**INTRODUCTION**

1.      These Initial Disclosures are based upon information presently known to the District of Columbia. They are made without prejudice to producing information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures during discovery or at trial.

2.      Plaintiff District of Columbia reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff District of Columbia hereby expressly reserves all objections to the use of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff District of Columbia makes no

1

representations or concessions regarding the relevancy or appropriateness of any particular document or types of documents.

4.      Plaintiff District of Columbia's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiffs from obtaining discovery of individuals not presently identified. Plaintiff District of Columbia incorporates all individuals identified by all other parties in these Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff District of Columbia's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff District of Columbia reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff District of Columbia is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff District of Columbia waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

### I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures:

The below listed persons are likely to have discoverable information that Plaintiff District of Columbia may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff District of Columbia expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Fitzroy Lee, PhD Deputy CFO and Chief Economist | Office of the Attorney General for the District of Columbia, 441 4th | Witness has knowledge of the impact of decennial census population counts on District of Columbia funding and budgets. |

| | Street, N.W., Suite 630 South, Washington, DC 20001 | |
|---|---|---|
| Sam Zimbabwe Chief Project Delivery Officer Office of the Director District Department of Transportation | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | Witness has knowledge of the impact of decennial census population counts on highway planning and construction and other funding for the District. |
| Elisabeth Morse, Division of Systems and Supports (K-12) D.C. Office of the State Superintendent of Education | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | Witness has knowledge of the impact of decennial census population counts on education and other funding for the District. |
| Elizabeth Groginsky, Division of Early Learning D.C. Office of the State Superintendent of Education | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | Witness has knowledge of the impact of decennial census population counts on education and other funding for the District. |
| Gretchen Brumley, Division of Student Transportation D.C. Office of the State Superintendent of Education | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | Witness has knowledge of the impact of decennial census population counts on education and other funding for the District. |
| Corporate designee(s) of the D.C. Department of Human Services | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, | Witness has knowledge of the impact of decennial census population counts on Supplemental Nutrition Assistance Program, Foster Care, WIC, and other funding for the District. |

3

| | Washington, DC 20001 | |
|---|---|---|
| Joy Phillips, PhD Associate Director, D.C. State Data Center D.C. Office of Planning | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | Witness has information regarding the District of Columbia's use of census information, its previous and ongoing efforts to improve its residents' responses to the census and the District's Complete Count Committee, the presence of hard-to-count populations in the District of Columbia, and areas particularly vulnerable to undercounting. |
| Corporate designee(s) of the Executive Office of the Mayor | Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Suite 630 South, Washington, DC 20001 | The witness has information regarding the District of Columbia's Complete Count Committee and its efforts to mitigate the impact of the citizenship question on non-response rates.  Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:**

The documents and electronically stored information (collectively, "Documents") in Plaintiff District of Columbia's possession, custody, or control that may be used to support its claims are described as follows. Plaintiff District of Columbia expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| Demographic reports concerning hard-to-count populations | These documents are being prepared by the D.C. Office of Planning, and when in final form they will be provided to the New York Attorney General's Office to be kept in a Central Repository. |
| Proposals and plans to mitigate non-response. | These documents are being prepared by the D.C. Complete Count Committee, and when in final form they will be provided to the New York Attorney General's |

| | |
|---|---|
| | Office to be kept in a Central Repository. |
| Budget analyses of the impact of undercount. | These documents are being prepared by the D.C. Office of the Chief Financial Officer, and when in final form they will be provided to the New York Attorney General's Office to be kept in a Central Repository. |
| D.C. Code § 1-1101.01 | This document is at a central repository administered by the New York Attorney General's Office. |
| Report on Bill 19-219 the "Ward Redistricting Amendment Act of 2011" | This document is at a central repository administered by the New York Attorney General's Office. |
| THE 2010 CENSUS: HOW COMPLETE COUNT COMMITTEES, LOCAL GOVERNMENTS, PHILANTHROPIC ORGANIZATIONS, NOT-FOR-PROFITS AND THE BUSINESS COMMUNITY CAN CONTRIBUTE TO AN ACCURATE CENSUS, HEARING BEFORE THE SUBCOMMITTEE ON INFORMATION POLICY, CENSUS, AND NATIONAL ARCHIVES OF THE COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM HOUSE OF REPRESENTATIVES (Dec. 2, 2009) | This document is at a central repository administered by the New York Attorney General's Office. |
| Subcommittee Report on Bill 14-137, the "Ward Redistricting Amendment Act of 2001" | This document is at a central repository administered by the New York Attorney General's Office. |
| D.C. Code § 1-1041.02 | This document is at a central repository administered by the New York Attorney General's Office. |
| D.C. Code § 1-309.03 | This document is at a central repository administered by the New York Attorney General's Office. |
| D.C. Code § 2-1010 | This document is at a central repository administered by the New York Attorney General's Office. |

| D.C. Code § 6-1502 | This document is at a central repository administered by the New York Attorney General's Office. |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

    Not applicable.

**IV.  Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

    Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

    Plaintiff District of Columbia will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 19th day of July, 2018.

                        **KARL A. RACINE**
                        **Attorney General for the District of Columbia**

                        ROBYN R. BENDER*
                        Deputy Attorney General,
                        Public Advocacy Division

                        By: */s/ Valerie M. Nannery*

                        Valerie M. Nannery, Assistant Attorney General
                        (admitted *pro hac vice*)
                        Public Advocacy Division
                        441 4th Street, NW
                        Suite 650 North
                        Washington, DC 20001
                        valerie.nannery@dc.gov
                        Tel. (202) 442-9596
                        Fax (202) 730-1465

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| V. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a) (1), Plaintiff the People of the State of Delaware, by its attorney, David J. Lyons, Deputy Attorney General, (DE BAR ID 2341) of the State of Delaware, Department of Justice, makes the following Initial Disclosures.

**<u>INTRODUCTION</u>**

1.      These Initial Disclosures are based upon information presently known to the State of Delaware. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff Delaware reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff Delaware hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff Delaware makes no

1

representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff Delaware's identification of individuals pursuant to Rule 26(a) (1) (A) (i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff Delaware incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff Delaware's identification or production of documents pursuant to Rule 26(a) (1) (A) (ii) is limited to those documents within its possession, custody or control.  Plaintiff Delaware reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff Delaware is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff Delaware waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures:**

The below listed persons are likely to have discoverable information that Plaintiff State of Delaware may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Delaware expressly reserves the right to supplement this disclosure:

| __Name__ | __Contact Information__ | __Subjects of Discoverable Information__ |
|---|---|---|
| **Stephen G. Bayer,** Delaware Office of Management and Budget | David J. Lyons, David.lyons@state.de.us (302) 577-8413 | The witness has knowledge of documented research concerning estimates of the number of undocumented immigrants in Delaware as of 2014, the prevalence of hard to count populations in Delaware's three counties:  New Castle, Kent, and |

| | | |
|---|---|---|
| | | Sussex, as well as the number of people living in hard to count communities. |
| **Stephen G. Bayer,** Delaware Office of Management and Budget | David J. Lyons, David.lyons@state.de.us (302) 577-8413 | The witness has knowledge of documented research concerning per capita benefits of $2214 in federal funding based on 16 large federal assistance programs that distribute funds based on Decennial Census derived statistics. |
| **Steven E. Yeatman,** Deputy Secretary Department of Services for Children, Youth and Their Families | David J. Lyons, David.lyons@state.de.us (302) 577-8413 | The witness has knowledge of documents and/or information that address the following programs in Delaware, which use Census information for the formula for funds entitlement: 1. Title 1 part D, Neglected and Delinquent Children This  program provides formula grants to SEAs for supplementary education services to help provide education continuity for children and youths in state-run institutions for juveniles and in adult correctional institutions 2.Individuals with Disabilities Education Act (IDEA) Part B, Section 611 (Supports ages 3 – 21) 3.IDEA Part B, Section 619 (Supports ages 3-5) 4.Stephanie Tubbs Jones Child Welfare Services:  Title IV-B, Subpart 1 of the Social Security Act - Under the Stephanie Tubbs Jones Child Welfare Services (CWS) program, states may provide a broad range of services designed to support, preserve, and/or reunite children and their families. States are required to use funding received under the Promoting Safe and Stable Families Program (PSSF) |
| **Stephen G. Bayer,** Delaware Office of Management and Budget | David J. Lyons, David.lyons@state.de.us (302) 577-8413 | The witness has knowledge of documented census statistics concerning Delaware's   percentage of initial self-response, as well as the costly follow required to obtain an accurate count. |
| **Stephen G. Bayer,** Delaware Office of Management and Budget | David J. Lyons, David.lyons@state.de.us (302) 577-8413 | The witness has knowledge of Delaware statutes concerning the necessity of accurate census data in state voter redistricting. At the federal level, Delaware's current population only allows for one representative to the U.S. House of Representatives. |

| Stephen G. Bayer, Delaware Office of Management and Budget | David J. Lyons, David.lyons@state.de.us (302) 577-8413 | The witness has knowledge of Delaware's expending additional resources to mitigate any harm caused by an inaccurate census count to the extent Delaware will be convening a "State Complete Count Commission" pursuant to a pending Executive Order of Delaware Governor John Carney. |

## II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Delaware's possession, custody, or control that may be used by Plaintiff State of Delaware to support its claims are described as follows. Plaintiff State of Delaware expressly reserves its right to supplement this disclosure:

| **Document Description** | **Documents Location** |
| --- | --- |
| Prevalence of Hard to Count Populations. Immigrants in Delaware. The American Immigration Council. 331 G St. NW, Suite 200, Washington, D.C. 20005 ( a nonpartisan nonprofit organization ) ; 2010 Census Coverage Measurement; | http://www.censushardtocountmaps2020.us/ - U.S. Census Bureau American Community Survey , 2012-2016  These documents are located at a central repository administered by the New York Attorney General's Office. |
| Losses in Federal Funding Due To An Inaccurate Census Count. Source: "Counting for Dollars". The George Washington Institute for Public Policy, The George Washington University, Washington, DC | This document is located at a central repository administered by the New York Attorney General's Office. |
| Populations at Risk of Being Undercounted - U.S. Census Tract examples based on latest Census estimates -2012-2016 - depicting Census Self Response and Hardest to Count (HTC) 2020 Tracts in the Nation. The Leadership Conference Education Fund citing: U.S. Census Bureau, 2011-2015 American Community Survey Estimates; Funders' Committee for Civic Participation; "Census 2020, "What's At Stake for Delaware Funders", Keely Monroe, Funders' Committee for Civic Participation; | http://www.censushardtocountmaps2020.us/  These documents are located at a central repository administered by the New York Attorney General's Office. |

4

| Necessity of Accurate Census Data in Redistricting. Source: Delaware Code, Title 29, Chapter 8 | This document is located at a central repository administered by the New York Attorney General's Office. |
|---|---|
| Expending Additional Resources to Mitigate Harm. Source: **Pending Issuance and Receipt of Order:** State Complete Count Commission via an Executive Order of Delaware Governor John Carney. | Upon receipt, this document will be placed at a central repository located at and administered by the New York Attorney General's Office. |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a) (2) on the schedule directed by the Court and as required by Rule 26(a) (2)(D) of the Federal Rules of Civil Procedure.

DATED this 19th day of July, 2018.

DAVID J. LYONS,
Deputy Attorney General of the State of Delaware

*/s/ David J. Lyons*
David J. Lyons
Deputy Attorney General
Delaware Department of Justice
Wilmington, DE 19801
303-577-8413
David.Lyons@state.de.us

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the County of El Paso, Texas, by its attorney, Ian R. Kaplan, Assistant County Attorney of the El Paso County Attorney's Office, makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to Ian R. Kaplan. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff, El Paso County Texas, reserves the right at any time to revise and/or supplement these Initial Disclosures.

1

3.      Plaintiff, El Paso County Texas, hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff El Paso County Texas, makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff El Paso County Texas, identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff El Paso County Texas, incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff El Paso County Texas, identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff El Paso County Texas, reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff El Paso County Texas, is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff, El Paso County Texas, waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff El Paso County Texas, may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff El Paso County Texas, expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| El Paso County Judge Ruben J. Vogt/El Paso, Texas | El Paso County Attorney's Office 500 E. San Antonio, Ste. 503 El Paso, Texas  79901 Telephone: 915.546.2050 | The witness has knowledge of the workings of El Paso County Government. |
| County Chief Administrator Betsy C. Keller/El Paso, Texas | El Paso County Attorney's Office 500 E. San Antonio, Ste. 503 El Paso, Texas  79901 Telephone: 915.546.2050 | The witness has knowledge of the workings of El Paso County Government and Budget. |
| County Budget and Fiscal Policy Department Wallace Hardgrove/El Paso, Texas | El Paso County Attorney's Office 500 E. San Antonio, Ste. 503 El Paso, Texas  79901 Telephone: 915.546.2050 | The witness has knowledge of the workings of County Budget. |

**Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

Plaintiff El Paso County has nothing to disclose at this time but expressly reserves its right to supplement should any documents be found.

**II.   Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**III.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**IV. Fed R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this the 19th day of July, 2018.


**JO ANN BERNAL**
**El Paso County Attorney**
500 E. San Antonio, Ste. 503
El Paso, Texas  79901

*/s/ Ian R. Kaplan*

**IAN R. KAPLAN**
**Assistant County Attorney**
El Paso County Attorney's Office
500 E. San Antonio, Ste. 503
El Paso, Texas  79901
Telephone: 915.546.2050
Facsimile: 915.546.2133
Ian.Kaplan@epcounty.com

New York Bar No. 3976529
Texas Bar No. 24043747

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>UNITED STATES DEPARTMENT<br>OF COMMERCE, et al.,<br><br>                    Defendants. | 18-CV-2921 (JMF) |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the State of Illinois (the "State of Illinois"), by its attorney, Lisa Madigan, Attorney General of the State of Illinois, makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to the State of Illinois. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff State of Illinois reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff State of Illinois hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Illinois makes no

1

representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff State of Illinois's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of Illinois incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff State of Illinois's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody, or control. Plaintiff State of Illinois reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Illinois is not identifying documents protected from disclosure by the attorney-client, work product, or other applicable privileges. Nor does Plaintiff State of Illinois waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

### I.  **Fed R. Civ. P. 26(a)(1)(A)(i) Disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Illinois may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Illinois expressly reserves the right to supplement this disclosure:

2

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Erin Aleman, Director of Planning and Programming, Illinois Department of Transportation | Office of the Illinois Attorney General Matthew J. Martin mmartin@atg.state.il.us (312) 814-8735 | The witness has knowledge of the impact of decennial census population counts on state transportation funding and budgets. |
| Annie Brooks, Federal Liaison and Director of Title Grants, Illinois State Board of Education | Office of the Illinois Attorney General Matthew J. Martin mmartin@atg.state.il.us (312) 814-8735 | The witness has knowledge of the impact of decennial census population counts on state education funding and budgets. |
| Celina Villanueva, NADP and Youth Engagement Manager, Illinois Coalition for Immigrant and Refugee Rights | Office of the Illinois Attorney General Matthew J. Martin mmartin@atg.state.il.us (312) 814-8735 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) Disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Illinois's possession, custody, or control that may be used by Plaintiff State of Illinois to support its claims are described as follows.  Plaintiff State of Illinois expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| *U.S. Unauthorized Immigration Population Estimates*, PEW RESEARCH CTR. (Nov. 3, 2016) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Census 2020: Hard-to-Count Communities in Illinois*, CUNY MAPPING SERVICE | This document is at a central repository administered by the New York Attorney General's Office. |
| *Quick Facts: Illinois 2018*, U.S. CENSUS BUREAU | This document is at a central repository administered by the New York Attorney General's Office. |

| | |
|---|---|
| *Grants to Local Educational Agencies*, U.S. DEP'T OF EDUC. (July 3, 2018) | This document is at a central repository administered by the New York Attorney General's Office. |
| GW INSTITUTE OF PUBLIC POLICY, COUNTING FOR DOLLARS 2020: THE ROLE OF THE DECENNIAL CENSUS IN THE GEOGRAPHIC DISTRIBUTION OF FEDERAL FUNDS (2018) | This document is at a central repository administered by the New York Attorney General's Office. |
| GW INSTITUTE OF PUBLIC POLICY: COUNTING FOR DOLLARS 2020 #16: CHILD CARE AND DEVELOPMENT FUND—ENTITLEMENT (2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Immigrants in Illinois*, AM. IMMIGRATION COUNCIL (Oct. 4, 2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Notice: Revised Apportionment of Federal-Aid Highway Program Funds for Fiscal Year (FY) 2017*, FED. HIGHWAY ADMIN. (Dec. 21, 2016) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Table 3: FY 2017 Section 5307 and 5340 Urbanized Area Formula Appropriations (Full Year)*, FED. TRANSIT ADMIN. | This document is at a central repository administered by the New York Attorney General's Office. |
| 20 Ill. Comp. Stat. 5100/15 | This document is at a central repository administered by the New York Attorney General's Office. |

## III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

## V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 16th day of July, 2018.


LISA MADIGAN
Attorney General of the State of Illinois

*/s/ Matthew J. Martin*
Matthew J. Martin
Public Interest Counsel
Office of the Illinois Attorney General
100 West Randolph Street, 11th Floor
Chicago, Illinois 60601
(312) 814-8735
mmartin@atg.state.il.us

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the Iowa (the "State of Iowa"), by its attorney, Nathan Blake, Deputy Attorney General of the State of Iowa, makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to the State of Iowa. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff State of Iowa reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff State of Iowa hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Iowa makes no

1

representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

      4.     Plaintiff State of Iowa's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of Iowa incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

      5.     Plaintiff State of Iowa's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff State of Iowa reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Iowa is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of Iowa waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures:**

      The below listed persons are likely to have discoverable information that Plaintiff State of Iowa may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Iowa expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| Joel Lunde<br>Iowa Department of Management | Nathan Blake<br>Office of the Iowa<br>Attorney General<br>1305 E. Walnut St.<br>Des Moines, IA 50314<br>515-281-4325 | The witness has knowledge of the impact of decennial census population counts on state funding and budgets. |

| | nathan.blake@ag.iowa.gov | |
|---|---|---|
| Gary Krob<br>State Data Center | Nathan Blake<br>Office of the Iowa<br>Attorney General<br>1305 E. Walnut St.<br>Des Moines, IA 50314<br>515-281-4325<br>nathan.blake@ag.iowa.gov | Witness has information regarding the presence of hard-to-count populations in Iowa, and areas particularly vulnerable to undercounting. Witness also has knowledge concerning outreach efforts in Iowa. |
| Ed Cook<br>Legislative Services<br>Agency | Nathan Blake<br>Office of the Iowa<br>Attorney General<br>1305 E. Walnut St.<br>Des Moines, IA 50314<br>515-281-4325<br>nathan.blake@ag.iowa.gov | Witness has information regarding the impact of the decennial census population count on the state redistricting process. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Iowa's possession, custody, or control that may be used by Plaintiff State of Iowa to support its claims are described as follows.  Plaintiff State of Iowa expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---|---|
| Plaintiff State of Iowa plans to utilize the documents declared by other Plaintiffs in this litigation. | These documents are at a central repository administered by the New York Attorney General's Office. |

## III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

## V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:

3

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 20th day of July, 2018.

THOMAS J. MILLER
Attorney General of the State of Iowa

Nathan Blake
Deputy Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St.
Des Moines, IA  50314
515-281-4325
nathan.blake@ag.iowa.gov

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff State of Maryland, by its attorney, John Grimm, Assistant Attorney General makes the following Initial Disclosures.

**INTRODUCTION**

1.      These Initial Disclosures are based upon information presently known to the State of Maryland. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff State of Maryland reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff State of Maryland hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Maryland makes

no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff State of Maryland's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of Maryland incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff State of Maryland's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff State of Maryland reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Maryland is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of Maryland waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of State of Maryland may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of State of Maryland expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| Marc Nicole<br>Deputy Secretary,<br>Maryland Department of<br>Budget and Management | John R. Grimm<br>Assistant Attorney General<br>Maryland Office of the<br>Attorney General<br>200 St. Paul Place<br>Baltimore, MD 21202<br>410-576-6339<br>410-576-6955 (fax)<br>jgrimm@oag.state.md.us | This individual has knowledge of the state budget including how a decrease in federal aid could affect the State of Maryland. |
| Staff at the Maryland<br>Department of Planning | | The Maryland Department of Planning provides guidance, analysis, outreach, and support to ensure the state's public assets are preserved and protected, and to achieve the state's goals for economic, community, and environmental vitality. Individuals within the Department of Planning may have knowledge of Maryland's redistricting process, and outreach efforts Maryland will undertake with respect to the 2020 decennial census. |

## II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Maryland's possession, custody, or control that may be used by Plaintiff State of Maryland to support its claims are described as follows.  Plaintiff State of Maryland expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---|---|
| Md. Dep't of Legislative Servs., Federal Funds History (Jan. 2016) | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at http://mgaleg.maryland.gov/Pubs/BudgetFiscal/2016-Federal-Funds-History.pdf |
| Md. FY2018 to FY2020 Consolidated Transportation Program, 2018 State Report on Transportation | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at http://www.mdot.maryland.gov/newMDOT/Planning/CTP/CTP_18_23_Final/CTP_FY2018-2023.pdf |
| Md, Proposed Operating Budget, FY 2019 | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at http://www.dbm.maryland.gov/budget/Pages/operbudhome.aspx |

| | |
|---|---|
| United States Census Bureau, Use of Census Bureau Data in Federal Funds Distribution (Sept. 2017) | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at https://www2.census.gov/programs-surveys/decennial/2020/program-management/working-papers/Uses-of-Census-Bureau-Data-in-Federal-Funds-Distribution.pdf |
| Maryland Senate Bill 855 | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at http://mgaleg.maryland.gov/webmga/ frmMain.aspx?id=sb0855&stab=01&pid=billpage&tab=subject3&ys=2018RS |
| GW Institute of Public Policy, Counting for Dollars 2020: The Role of the Decennial Census in the Geographic Distribution of Federal Funds | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at https://gwipp.gwu.edu/counting-dollars-2020-role-decennial-census-geographic-distribution-federal-funds |
| United States Census Bureau, 2020 Census Operational Plan | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at https://www.census.gov/programs-surveys/decennial-census/2020-census/planning-management/planning-docs/operational-plan.html |
| United States Census Bureau, Press Release, Census Bureau Releases the Response Outreach Area Mapper Web Application (Feb. 7, 2018) | This document is at a central repository administered by the New York Attorney General's Office and is publicly available at https://www.census.gov/newsroom/press-releases/2018/roam-app.html |

## III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 23rd day of June, 2018.

BRIAN E. FROSH
Attorney General of Maryland

_____/s/ *John R. Grimm*_____
JOHN R. GRIMM
Assistant Attorney General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6339 (tel.)
410-576-6955 (fax)
jgrimm@oag.state.md.us

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the Commonwealth of Massachusetts, by its attorney, Maura Healey, Attorney General of the Commonwealth of Massachusetts, makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to the Commonwealth of Massachusetts.  They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff the Commonwealth of Massachusetts reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff the Commonwealth of Massachusetts hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures,

1

Plaintiff the Commonwealth of Massachusetts makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff the Commonwealth of Massachusetts's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff the Commonwealth of Massachusetts incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff the Commonwealth of Massachusetts's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Plaintiff the Commonwealth of Massachusetts reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff the Commonwealth of Massachusetts is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff the Commonwealth of Massachusetts waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

### I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures:

The below listed persons are likely to have discoverable information that Plaintiff the Commonwealth of Massachusetts may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff the Commonwealth of Massachusetts expressly reserves the right to supplement this disclosure:

2

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| Michelle K. Tassinari, Director/Legal Counsel, Elections Division, Office of the Secretary of the Commonwealth of Massachusetts | Miranda M. Cover<br>Ann E. Lynch<br>Assistant Attorneys General<br>Massachusetts Attorney General's Office,<br>One Ashburton Place, 18th Floor<br>Boston, MA 02108<br>Tel. (617) 727-2200<br>Fax (617) 727-5762<br>mercy.cover@state.ma.us<br>ann.lynch@state.ma.us | Witness has knowledge of:<br><br>-Complete Count activities within Massachusetts<br><br>-State-level grant making to community groups to fund outreach to hard-to-count populations and expand census participation |
| Massachusetts Immigrant and Refugee Advocacy Coalition (MIRA) | Miranda M. Cover<br>Ann E. Lynch<br>Assistant Attorneys General<br>Massachusetts Attorney General's Office,<br>One Ashburton Place, 18th Floor<br>Boston, MA 02108<br>Tel. (617) 727-2200<br>Fax (617) 727-5762<br>mercy.cover@state.ma.us<br>ann.lynch@state.ma.us | Witness organization has knowledge of:<br><br>-The impact of the citizenship question on community members' willingness to participate in the decennial census process<br><br>-The heightened fears surrounding the 2020 decennial census<br><br>-Outreach efforts conducted to encourage participation in the census and complete count activities |
| Phillip Granberry, PhD | Miranda M. Cover<br>Ann E. Lynch<br>Assistant Attorneys General<br>Massachusetts Attorney General's Office,<br>One Ashburton Place, 18th Floor<br>Boston, MA 02108<br>Tel. (617) 727-2200<br>Fax (617) 727-5762<br>mercy.cover@state.ma.us<br>ann.lynch@state.ma.us | Witness has knowledge of:<br><br>-The presence of hard-to-count populations in Massachusetts<br><br>-Areas particularly vulnerable to undercounting<br><br>-Surveying hard-to-count populations in Massachusetts |

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

Plaintiff the Commonwealth of Massachusetts expressly reserves its right to supplement this disclosure with documents or electronically stored information.

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

    Not applicable.


**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

    Not applicable.


**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

    Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.


DATED this 19th day of July, 2018.



        **MAURA HEALEY**
        **Attorney General for the Commonwealth of Massachusetts**


    By:    */s Jonathan Miller*
        Jonathan Miller, Assistant Attorney General
        Miranda Cover, Assistant Attorney General
        Ann E. Lynch, Assistant Attorney General
        Public Protection & Advocacy Bureau
        Massachusetts Attorney General's Office
        One Ashburton Place
        Boston, MA 02108
        Jonathan.Miller@state.ma.us
        Mercy.Cover@state.ma.us
        Ann.Lynch@state.ma.us
        Tel. (617) 727-2200
        Fax (617) 727-5762

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the State of Minnesota makes the following Initial Disclosures.

## **INTRODUCTION**

1.      These Initial Disclosures are based upon information presently known to the State of Minnesota. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff State of Minnesota reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff State of Minnesota hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Minnesota makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

1

4.      Plaintiff State of Minnesota's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of Minnesota incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff State of Minnesota's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff State of Minnesota reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Minnesota is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of Minnesota waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Minnesota may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Minnesota expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Susan Brower, Minnesota State Demographer, Minnesota State Demographic Center | May be contacted through counsel for the State of Minnesota. | Witness has information regarding the presence of hard-to-count populations in Minnesota, and areas particularly vulnerable to undercounting. The witness also has knowledge of the impact of decennial census population counts on state/local funding and budgets, the impact of the citizenship question on community members' willingness to participate in the decennial census process, heightened fears surrounding the 2020 decennial census, Minnesota's efforts to mitigate the impact of the citizenship question on non-response rates, outreach efforts conducted by the Census Bureau, and the impact of the decennial census population count on the state redistricting process. |
| Denise Anderson, Chief Financial Officer, Minnesota Department of Education | May be contacted through counsel for the State of Minnesota. | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |
| Daron Korte, Assistant Commissioner, Minnesota Department of Education | May be contacted through counsel for the State of Minnesota. | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |
| Leigh Schleicher, Federal Program Division Director, Minnesota Department of Education | May be contacted through counsel for the State of Minnesota. | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |
| Nick Greene, Director of Property Tax Research, Minnesota Department of Revenue | May be contacted through counsel for the State of Minnesota. | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |

3

Discovery is ongoing.  Other individuals with relevant knowledge may be identified in documents reference below or produced in discovery.

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Minnesota's possession, custody, or control that may be used by Plaintiff State of Minnesota to support its claims are described as follows.  Plaintiff State of Minnesota expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
| --- | --- |
| Documents that support the allegations in the First Amended Complaint. | These documents are at a central repository administered by the New York Attorney General's Office. |
| Demographic reports regarding Minnesota, including its hard-to-count populations | Many of these documents are publicly available.  These documents are also either at the U.S. Census Bureau, at a central repository administered by the New York Attorney General's Office, or both. |
| The State of Minnesota's outreach plans for the 2020 census. | These documents are at a central repository administered by the New York Attorney General's Office. |
| Documents regarding the role of the decennial census in the distribution of federal and state funds. | Many of these documents are publicly available.  The U.S. Census Bureau also has some documents.  Additional documents would be in the possession of federal governmental entities that implement the affected program, at a central repository administered by the New York Attorney General's Office, or both. |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 19th day of July, 2018.

OFFICE OF THE ATTORNEY GENERAL
State of Minnesota

s/ **Jacob Campion**

JACOB CAMPION
Assistant Attorney General
Atty. Reg. No. 0391274

445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 757-1459 (Voice)
(651) 282-5832 (Fax)
jacob.campion@ag.state.mn.us

ATTORNEY FOR STATE OF MINNESOTA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, et al.,

          Plaintiffs,

      v.

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

          Defendants.

18-CV-2921 (JMF)

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff County of Monterey, California ("Monterey County"), by its attorney, William Litt, Deputy County Counsel, of the Office of the Monterey County Counsel, makes the following Initial Disclosures.

## <u>INTRODUCTION</u>

1.     These Initial Disclosures are based upon information presently known to Monterey County. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.     Plaintiff Monterey County reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.     Plaintiff Monterey County hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff Monterey

County makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff Monterey County's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff Monterey County incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff Monterey County's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff Monterey County reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff Monterey County is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff Monterey County waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

### I.  **Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff Monterey County may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff Monterey County expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Dewayne Woods, Assistant County | 168 West Alisal Street, 3rd Floor, Salinas, CA 93901; please contact through counsel | The witness has knowledge of the impact of decennial census population counts on Monterey County funding and budgets. |

| Administrative Officer, County of Monterey, Budget & Analysis Division, | | |
|---|---|---|
| Elliott Robinson, Director, Monterey County Department of Social Services | 1000 South Main St., Ste. 301, Salinas, CA 93901; please contact through counsel | The witness has knowledge of the potential impact of depressed decennial census population counts on Monterey County SNAP funding and on individuals and families receiving aid under SNAP. |
| Brent R. Heberlee; federal lobbyist for Monterey County; | Nossaman, LLP, 1666 K Street, NW, Suite 500, Washington, DC 20006; 202-887-1423; fax: 202-466-3215; bheberlee@nossaman.com | The witness has knowledge of the sources and amounts of federal funding dependent on decennial census population counts received by Monterey County and the impact of decennial census population counts on Monterey County funding and budgets. |
| Rosemary Y. Soto, Management Analyst III , CAO/Office of Community Engagement and Strategic Advocacy | 168 West Alisal Street, 3rd Floor, Salinas, CA 93901; please contact through counsel | The witness is a leader for the County's Complete Count Committee as a partner with the U.S. Census Bureau. She will be convening a group of Monterey County departmental staff and community partners to develop a strategy for a full communications and outreach plan to increase participation. |
| Juan P. Rodriguez, Monterey County Civil Rights Officer | 168 West Alisal Street, 3rd Floor, Salinas, CA 93901; please contact through counsel | The witness has knowledge of Monterey County demographic information and the potential impact that undercounting the population will have on the services provided to the community, regardless of immigration status. The witness is aware of the anxiety and fear the potential use of this question has on Monterey County |

| | | residents and the negative effects – non-participation, among others – it will have. |
|---|---|---|
| Sabino F. Lopez, Center For Community Advocacy, Interim Executive Director | 22 West Gabilan Street, Salinas, Ca 93901; 831-753-2324 x 12; slopez@cca-viva.org | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census.  The witness has information regarding community groups' efforts to mitigate the impact of the citizenship question on non-response rates.  The witness has knowledge concerning outreach efforts conducted by the Census Bureau, and by community groups. |
| Cesar Lara, Monterey Bay Central Labor Council, Executive Director | 831-444-5060; director@mbclc.org | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census.  The witness has information regarding community groups' efforts to mitigate the impact of the citizenship question on non-response rates.  The witness has knowledge concerning outreach efforts conducted by the Census Bureau, and by community groups. |
| Andrea Manzo, Building Healthy Communities - East Salinas, Regional Equity Director | 606 Williams Road, Salinas, CA 93905; 831-717-1384; andreabhc@actioncouncil.org | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census.  The witness has information regarding community groups' efforts to mitigate the impact of the citizenship question on non-response rates.  The witness has knowledge concerning outreach efforts conducted by the Census Bureau, and by community groups. |
| Larry Imwalle, Action Council, | 295 Main Street, Suite 300 | The witness has knowledge of the impact of the citizenship question on community |

| | | |
|---|---|---|
| Executive Director | Salinas, CA  93901; 831-783-1244; larry@actioncouncil.org | members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census.  The witness has information regarding community groups' efforts to mitigate the impact of the citizenship question on non-response rates.  The witness has knowledge concerning outreach efforts conducted by the Census Bureau, and by community groups. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff Monterey County's possession, custody, or control that may be used by Plaintiff Monterey County to support its claims are described as follows.  Plaintiff Monterey County expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| County of Monterey Schedule of Expenditures of Federal Awards for the Year Ended June 30, 2016 | Monterey County Counsel and State of New York Attorney General's Office |
| County of Montey Schedule of Expenditures of Federal Awards for the Year Ended June 30, 2017 | Monterey County Counsel and State of New York Attorney General's Office |
| Uses of census Bureau Data in Federal Funds Distribution: A New Design for the 21st Century; version 1.0; issued September 2017 by U.S. Census Bureau; prepared by Marisa Hotchkiss, Jessica Phelan. | Monterey County Counsel and State of New York Attorney General's Office |

## III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

**V. Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 17th day of July, 2018.

_____*/s/*_____
Charles J. McKee
County Counsel
William M. Litt
Deputy County Counsel
Office of the County Counsel
County of Monterey
168 West Alisal St., 3rd Fl.
Salinas, CA 93901
McKeeCJ@co.monterey.ca.us
LittWM@co.monterey.ca.us
Tel. (831) 755-5045
Fax (831) 755-5283

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STATE OF NEW YORK, et al.,

              Plaintiffs,

        v.                             18-CV-2921 (JMF)

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

              Defendants.

Pursuant to Fed R. Civ. P. 26(a)(1), the State of North Carolina, by its attorney, Joshua H. Stein and Ryan Y. Park of the North Carolina Department of Justice, makes the following Initial Disclosures.

**<u>INTRODUCTION</u>**

1.     These Initial Disclosures are based upon information presently known to the State of North Carolina. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.     Plaintiff State of North Carolina reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.     Plaintiff State of North Carolina hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of North

1

Carolina makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.     Plaintiff State of North Carolina's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of North Carolina incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.     Plaintiff State of North Carolina's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Plaintiff State of North Carolina reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of North Carolina is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of North Carolina waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

### I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures:

The below listed persons are likely to have discoverable information that Plaintiff State of North Carolina may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of North Carolina expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Michael E. Cline, PhD, State Demographer, Demographic and Economic Analysis | 114 W. Edenton St. Raleigh, NC 27603 rpark@ncdoj.gov | The witness has knowledge relating to the impact of the decennial census population count on the federal and state post-decennial census population estimates |

| | | |
|---|---|---|
| Section,<br>North Carolina Office of<br>State Budget and<br>Management | (919) 716-6400 | process, the presence of hard-to-count populations in North Carolina, areas particularly vulnerable to undercounting, 2020 Census planning, and the impacts of the decennial census counts on socioeconomic and demographic estimates (such as those derived through the Census Bureau's American Community Survey and various Bureau of Labor Statistics surveys). |
| Debbie Collins,<br>Director,<br>Public Transportation<br>Division,<br>North Carolina<br>Department of<br>Transportation | 114 W. Edenton St.<br>Raleigh, NC 27603<br>rpark@ncdoj.gov<br>(919) 716-6400 | The witness has knowledge relating to the impact of the decennial census population counts on state transit funding and budgets. |
| Kevin Rich,<br>Budget Development<br>Analyst—Health and<br>Human Services,<br>North Carolina Office of<br>State Budget and<br>Management | 114 W. Edenton St.<br>Raleigh, NC 27603<br>rpark@ncdoj.gov<br>(919) 716-6400 | The witness has knowledge relating to the impact of the decennial census population counts on state health, housing, and human services funding and budgets. |
| Jennifer Neisner,<br>Budget Development<br>Analyst—Education,<br>North Carolina Office of<br>State Budget and<br>Management | 114 W. Edenton St.<br>Raleigh, NC 27603<br>rpark@ncdoj.gov<br>(919) 716-6400 | The witness has knowledge relating to the impact of the decennial census population counts on state K-12 education funding and budgets. |

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of North Carolina's possession, custody, or control that may be used by Plaintiff State of North Carolina to support its claims are described as follows.  Plaintiff State of North Carolina expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| Analysis of hard-to-count populations, demographic reports relating to hard-to-count populations, budget requests related to Census promotional material, preparation of plans to mitigate non-response and subsequent undercounting, and budget analyses of the impact of undercount. | These documents will be at a central repository administered by the New York Attorney General's Office. |

**III.  Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

    Not applicable.

**IV.  Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

    Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

    Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.


DATED this 18th day of July, 2018.



               JOSHUA H. STEIN
               Attorney General of the State of North Carolina

               */s Ryan Y. Park*
               Ryan Y. Park
               Deputy Solicitor General
               North Carolina Department of Justice
               114 W. Edenton Street
               Raleigh, NC 27603
               RPark@ncdoj.gov
               Tel. (919) 716-6400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, et al.,

         Plaintiffs,

    v.

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

         Defendants.

18-CV-2921 (JMF)

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff State of New Mexico, by its attorney Tania Maestas, Deputy Attorney General of the Office of Attorney General Hector Balderas, makes the following Initial Disclosures.

## INTRODUCTION

1.    These Initial Disclosures are based upon information presently known to the State of New Mexico. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.    Plaintiff State of New Mexico reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.    Plaintiff State of New Mexico hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of New

1

Mexico makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

    4.    Plaintiff State of New Mexico's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of New Mexico incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

    5.    Plaintiff State of New Mexico's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff State of New Mexico reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of New Mexico is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of New Mexico waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

    The below listed persons are likely to have discoverable information that Plaintiff State of New Mexico may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of New Mexico expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| Brian Sanderoff President | New Mexico Attorney General 408 Galisteo St. | The witness has completed redistricting plans for New Mexico's courts and its legislature for the past 37 years and, therefore, has information on the strengths |

| | Villagra Bldg.<br>Santa Fe NM 87501 | and weaknesses of previous census instruments as applied to getting an accurate count of New Mexico's population. As the hardest-to-count State because of its rural and remote geographic areas, its tribal members and others who may lack U.S. birth certificates, New Mexico's population is unique and uniquely challenging for demographers. Sanderoff's experience in analyzing and using the census count for the past 37 years has given him background on the importance of census data for the State's redistricting efforts. |
| Robert Rhatigan<br>Sr. Research Scientist<br>Geospatial Population Studies | New Mexico<br>Attorney General<br>408 Galisteo St.<br>Villagra Bldg.<br>Santa Fe NM 87501 | The witness is the New Mexico state demographer and the state's demographic liaison to the US Bureau of the Census through the Federal State Cooperative for Population Estimates. The witness was appointed by New Mexico Governor Susana Martinez as the state's liaison to the "Local Update of Census Address" (LUCA) program which aims to ensure that a complete and accurate address list is available to census enumerators. The witness is someone who has knowledge of New Mexico's history of census undercount including the demographic cohorts and geographic areas vulnerable to undercount. Witness also has information regarding New Mexico's efforts to mitigate the impact of the citizenship question on non-response rates. |

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:**

Plaintiff State of New Mexico does not list any specific documents in its possession, custody, or control necessary to support its claim, but expressly reserves its right to supplement this disclosure.

**III. Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:**

Not applicable.

**IV. Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:**

Not applicable.

**V. Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 11th day of July, 2018.

HECTOR BALDERAS
Attorney General of the State of New Mexico

TANIA MAESTAS
DEPUTY ATTORNEY GENERAL
New Mexico Office of the Attorney General
SANTA FE, NM 87501
(505) 490-4060
TMaestas@nmag.gov

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STATE OF NEW YORK, et al.,

               Plaintiffs,

       v.                                18-CV-2921 (JMF)

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

               Defendants.

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the State of New York (the "State of New York"), by its attorney, Barbara Underwood, Attorney General of the State of New York, makes the following Initial Disclosures.

## **INTRODUCTION**

1.      These Initial Disclosures are based upon information presently known to the State of New York. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff State of New York reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff State of New York hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of New York makes

1

no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.     Plaintiff State of New York's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of New York incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.     Plaintiff State of New York's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody, or control. Plaintiff State of New York reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of New York is not identifying documents protected from disclosure by the attorney-client, work product, or other applicable privileges. Nor does Plaintiff State of New York waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) Disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of New York may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of New York expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| John C. Traylor, Executive Deputy Comptroller, Office of Operations, New York State Office of the Comptroller | New York State Office of the Attorney General Ajay Saini ajay.saini@ag.ny.gov (212) 416-8714 | The witness has knowledge of the impact of decennial census population counts on federal funding to the State of New York, and knowledge of resources expended by the State of New York to mitigate potential undercounting during the decennial census. |
| Elizabeth OuYang, Coordinator, NYCounts2020 | New York State Office of the Attorney General Ajay Saini ajay.saini@ag.ny.gov (212) 416-8714 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process, knowledge of the heightened fears surrounding the 2020 decennial census, and knowledge of efforts to mitigate potential undercounting during the decennial census. |
| Individuals with whom Secretary Ross "personally had specific conversations on the citizenship question," as referenced in the March 26, 2018 decision memo (AR001314) | Contact information is within the custody and control of Defendants | These witnesses have knowledge of the accuracy of representations made in the decision memo about their conversations with Secretary Ross, and their positions on the citizenship question, including its potential impact on response rates, and the importance of testing a citizenship question before adding it to the census questionnaire |
| Members of the Census Scientific Advisory Committee and the National Advisory Committee | Contact information is within the custody and control of Defendants | These witnesses have knowledge of the typical processes for researching, designing, testing and vetting questions before adding them to census surveys, knowledge of the recommendations made to the Census Bureau about concerns related to immigrant anxiety and its potential impact on non-response, and knowledge of the concerns expressed about adding a citizenship question to the 2020 Census questionnaire. |

| Employees of the Department of Commerce, including the Census Bureau, and Department of Justice | Contact information is within the custody and control of Defendants | These witnesses have knowledge of Defendants' decision making process, history of the citizenship question, policies and procedures, testing protocols, and testing conducted relating to the decennial census and American Community Survey.<br><br>These witnesses have information relating to the purported need for citizenship information, including alternative sources of data, and policies and practices relating to the enforcement of Section 2 of the Voting Rights Act.<br><br>These witnesses have knowledge of the impact of the citizenship question on census participation, barriers to response rates, and Defendants' follow-up efforts. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) Disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of New York's possession, custody, or control that may be used by Plaintiff State of New York to support its claims are described as follows.  Plaintiff State of New York expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
| --- | --- |
| *A Portrait of Immigrants in New York*, Office of the New York State Comptroller (Nov. 2016) | This document is at a central repository administered by the New York Attorney General's Office. |
| *U.S. Unauthorized Immigration Population Estimates*, Pew Research Ctr. (Nov. 3, 2016) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Census 2020: Hard-to-Count Communities in New York*, CUNY Mapping Service | This document is at a central repository administered by the New York Attorney General's Office. |
| *Quick Facts: New York 2018*, U.S. Census Bureau | This document is at a central repository administered by the New York Attorney General's Office. |

4

| | |
|---|---|
| *Grants to Local Educational Agencies*, U.S. Dep't of Educ. (July 3, 2018) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Counting for Dollars 2020: The Role of the Decennial Census in the Geographic Distribution of Federal Funds*, GW Institute of Public Policy (2018) | This document is at a central repository administered by the New York Attorney General's Office. |
| *FTA Allocations for Formula and Discretionary Programs by State FY 1998-2018*, Federal Transit Administration | This document is at a central repository administered by the New York Attorney General's Office. |
| *GW Institute of Public Policy: Counting for Dollars 2020 – New York*, GW Institute of Public Policy (2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Immigrants in New York*, Am. Immigration Council (Oct. 4, 2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Notice: Revised Apportionment of Federal-Aid Highway Program Funds for Fiscal Year (FY) 2017*, Fed. Highway Admin. (Dec. 21, 2016) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Table 3: FY 2017 Section 5307 and 5340 Urbanized Area Formula Appropriations (Full Year)*, Fed. Transit Admin. | This document is at a central repository administered by the New York Attorney General's Office. |
| Publically available operational planning documents for the 2020 Census from the U.S. Census Bureau, including all versions of the *2020 Census Operation Plans*, all *2020 Census Program Briefings* and *2020 Census Program Management Reviews*, and all *2020 Census Monthly Status Reports*, U.S. Census Bureau | These documents are available at a central repository administered by the New York Attorney General's Office. |
| Publically available documents from the U.S. Census Bureau regarding its historic practices, including Procedural Histories of the 1980 Census, 1990 Census, the History of the 2000 Census, documents relating to the history of the 2010 Census,  the Index of Questions from previous decennial censuses, and previous decennial census questionnaires | These documents are available at a central repository administered by the New York Attorney General's Office. |
| Publically available documents of memoranda and recommendations made by the Census Scientific Advisory Committee and the National Advisory Committee, and responses and updates from the U.S. Census Bureau to Advisory Committees, as well as charters of those committees | These documents are available at a central repository administered by the New York Attorney General's Office. |

| | |
|---|---|
| Publically available documents from the Census Bureau regarding the Bureau's typical process for making changes to decennial census questions, including documents containing standards for research, testing, and evaluation of proposed changes to questions on the 2020 Census, and documents containing information about proposed changes to the Race and Ethnicity question, and proposals to add a Middle Eastern and North African category to the Race and Ethnicity question | These documents are available at a central repository administered by the New York Attorney General's Office. |
| Publically available documents from the Census Bureau regarding previous and proposed efforts to mitigate non-response during the decennial census, and to follow-up on non-response, including documents summarizing outreach efforts, planning and assessing non-response follow-up operations, and researching, designing and describing imputation methods | These documents are available at a central repository administered by the New York Attorney General's Office. |
| Publically available documents from the Census Bureau regarding testing for the 2020 Census, including documents planning, designing, and describing the implementation of tests from 2012 to the present | These documents are available at a central repository administered by the New York Attorney General's Office |
| Publically available documents from the Census Bureau regarding rates of non-response to questions and surveys, including the rates of non-response on the annual American Community Survey | These documents are available at a central repository administered by the New York Attorney General's Office |
| *Respondent Confidentiality Concerns and Possible Effects on Response Rates and Data Quality for the 2020 Census*, National Advisory Committee on Racial, Ethnic and Other Populations (Nov. 2, 2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Respondent Confidentiality Concerns in Multilingual Pretesting Studies and Possible Effects on Response Rates and Data Quality for the 2020 Census*, U.S. Census Bureau (May 16-19, 2018) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Respondent Confidentiality Concerns*, Memorandum for Associate Directorate for Research and Methodology (ADRM) from Center for Survey Management, U.S. Census Bureau (Sept. 20, 2017) | This document is at a central repository administered by the New York Attorney General's Office. |
| *Uses of Census Bureau Data in Federal Funds Distribution*, U.S. Census Bureau, (Sept. 2017) | These documents are available at a central repository administered by the New York Attorney General's Office |
| Documents relating to statistical policy issued by federal agencies, including the Office of Management and Budget | These documents are publicly available. |

| | |
|---|---|
| and the Census Bureau, including but not limited to Statistical Policy Directives No. 1 and 2. | |
| Documents included in the Administrative Record produced by Defendants | |
| All documents identified by Defendants in their initial disclosures | |

## III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

## V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 23rd day of July, 2018.

Barbara Underwood
Attorney General of the State of New York

*/s/ Elena Goldstein*
Elena Goldstein
Senior Trial Counsel
New York State Office of the Attorney General
28 Liberty Street, 20th Fl.
New York, NY 10005

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff the People of the State of New Jersey, by its attorney, Rachel Wainer Apter, of the Office of the Attorney General, makes the following Initial Disclosures.

**<u>INTRODUCTION</u>**

1.      These Initial Disclosures are based upon information presently known to the State of New Jersey. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff New Jersey reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff New Jersey hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff New Jersey makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff New Jersey's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff New

1

Jersey incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff New Jersey's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Plaintiff New Jersey reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff New Jersey is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff New Jersey waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of New Jersey may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of New Jersey expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Leonard Preston Bureau Chief, Labor Market Information NJ State Data Center Division of Economic and Demographic Research Office of Research and Information Department of Labor and Workforce Development | Rachel Wainer Apter Assistant Attorney General Richard J. Hughes Justice Complex 25 Market Street, 8th Floor Trenton, New Jersey 08625 Desk: (609) 376-2702 Rachel.Apter@njoag.gov | The witness has knowledge of New Jersey's efforts to encourage participation in the decennial census in the past. |
| Lauren M. Zyriek Director of Intergovernmental Affairs Office of the Secretary of State Department of State | Rachel Wainer Apter Assistant Attorney General Richard J. Hughes Justice Complex 25 Market Street, 8th Floor Trenton, New Jersey 08625 Desk: (609) 376-2702 Rachel.Apter@njoag.gov | The witness has knowledge of how N.J. Assembly No. 4208, an Act establishing the New Jersey Complete Count Commission, which was passed by the legislature on June 30, 2018, will be implemented if signed by the Governor. She also has knowledge of New Jersey's efforts to encourage participation in the 2020 census. |

| | | |
|---|---|---|
| Lynn Azarchi<br>Deputy Director, Office of<br>Management and Budget<br><br>Or<br><br>Dave Ridolfino<br>Department of the Treasury<br>Acting Director, Office of<br>Management and Budget | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice<br>Complex<br>25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | The witness has knowledge of the<br>impact of decennial census population<br>counts on state/local funding and<br>budgets. |
| Scott Novakowski<br>Associate Counsel and<br>Debevoise Legal Fellow<br>New Jersey Institute for<br>Social Justice | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice<br>Complex<br>25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | The witness has knowledge of outreach<br>efforts that are being undertaken by<br>non-profit organizations in New Jersey<br>to ensure an accurate count. |
| Sara Cullinane<br>Executive Director<br>Make the Road New Jersey | Rachel Wainer Apter<br>Assistant Attorney General<br>Richard J. Hughes Justice<br>Complex<br>25 Market Street, 8th Floor<br>Trenton, New Jersey 08625<br>Desk: (609) 376-2702<br>Rachel.Apter@njoag.gov | The witness has knowledge of the<br>impact of the citizenship question on<br>community members' willingness to<br>participate in the 2020 census and<br>heightened fears surrounding the 2020<br>census. She also has knowledge of<br>outreach efforts that are being<br>undertaken by non-profit organizations<br>in New Jersey to ensure an accurate<br>count. |

## II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff New Jersey's possession, custody, or control that may be used by Plaintiff New Jersey to support its claims are described as follows. Plaintiff New Jersey expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---|---|
| State of New Jersey, Assembly No. 4208, 218th Legislature, an Act establishing the New Jersey Complete Count Commission | This document is at a central repository administered by the New York Attorney General's Office |

**III.   Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

      Not applicable.

**IV.   Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

      Not applicable.

**V.   Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

      Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.


DATED this 20th day of July, 2018.


                GURBIR S. GREWAL
                Attorney General of the State of New Jersey

                              _/s/_
                _____
                Rachel Wainer Apter
                Assistant Attorney General
                Office of the Attorney General
                Richard J. Hughes Justice Complex
                25 Market Street, 8th Floor, West Wing
                Trenton, New Jersey 08625-0080
                Desk: (609) 376-2702 | Cell: (609) 331-6401
                Rachel.Apter@njoag.gov

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, et al.,

Plaintiffs,

v.

18-CV-2921 (JMF)

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

Defendants.

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff the People of the City of New York by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, makes the following Initial Disclosures.

## **INTRODUCTION**

1.      These Initial Disclosures are based upon information presently known to City of New York. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff City of New York reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff City of New York hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of New York makes

no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff City of New York's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of New York incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff City of New York's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of New York reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of New York is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of New York waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of New York may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of New York expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Joseph Salvo, Director of Population Division, NYC Department of City Planning | Ajay Saini Assistant Attorney General Civil Rights Bureau | Witness has information regarding the presence of hard-to-count populations in NYC, and areas particularly vulnerable to undercounting. Witness has knowledge |

2

| | New York State Office of the Attorney General 28 Liberty Street, 20th Floor New York, NY 10271 (212) 416-8714 | concerning the outreach efforts conducted by the Census Bureau. |
|---|---|---|
| Peter Lobo, Deputy Director of Population Division, NYC Department of City Planning | Ajay Saini Assistant Attorney General Civil Rights Bureau New York State Office of the Attorney General 28 Liberty Street, 20th Floor New York, NY 10271 (212) 416-8714 | Witness has information regarding the presence of hard-to-count populations in NYC, and areas particularly vulnerable to undercounting. |

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff City of New York's possession, custody, or control that may be used by Plaintiff City of New York to support its claims are described as follows.  Plaintiff City of New York expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| *The City of New York's 2000 Census Appeal Documentation* Submitted to the Census Address List Appeals Office by the New York City Department of City Planning, February 8, 2000. | This document is at a central repository administered by the New York Attorney General's Office. |
| *2010 Census Local Review of Census Addresses (LUCA) Documentation* Submitted by the City of New York on December 17, 2009. | This document is at a central repository administered by the New York Attorney General's Office. |

3

| https://www.census.gov/programs-surveys/decennial-census/2020-census/planning-management/planning-docs/operational-plan.html | This document is at a central repository administered by the New York Attorney General's Office. |
|---|---|

### III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – **Computation of Damages**:

Not applicable.

### IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – **Insurance Statements**:

Not applicable.

### V.  Fed. R. Civ. P. 26(a)(2)(A) – **Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 20th day of July, 2018.

ZACHARY W. CARTER
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
Tel: (212) 356-4055

By:  _____/s/_____

Tonya Jenerette
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-4055
tjeneret@law.nyc.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | INITIAL DISCLOSURES (Plaintiff State of Oregon) |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the State of Oregon (the "State of Oregon") makes the following Initial Disclosures.

**<u>INTRODUCTION</u>**

1.      These Initial Disclosures are based upon information presently known to the State of Oregon. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff State of Oregon reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff State of Oregon hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Oregon makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

1

4.      Plaintiff State of Oregon's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of Oregon incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff State of Oregon's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff State of Oregon reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Oregon is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of Oregon waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Oregon may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Oregon expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
| --- | --- | --- |
| Irma Linda Castillo, Chair<br><br>Dr. Daniel Lopez-Ceballos, Vice Chair<br><br>Dr. Joseph Gallegos, Commission Member<br><br>Alberto Moreno, Past | Oregon Commission on Hispanic Affairs c/o Scott Kaplan Oregon Department of Justice 100 Market St. Portland, OR 97201 (971) 673-5037 | The witnesses have knowledge of the impact of the decennial census and citizenship questioning on the Hispanic population and the related impact on public services available to the Hispanic population.  The witnesses have knowledge of the risk and impact of undercount of the Hispanic population should a citizenship question be included in the decennial census. The witnesses have |

2

| | | |
|---|---|---|
| Chair | | knowledge that Oregon's Hispanic population is a hard-to-count population for the census. The witnesses have knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. |
| Chanpone Sinlapasai-Okamura, J.D., Chair | Oregon Commission on Asian and Pacific Islander Affairs c/o Scott Kaplan Oregon Department of Justice 100 Market St. Portland, OR 97201 (971) 673-5037 | The witness has knowledge of the impact of the decennial census and citizenship questioning on the Asian and Pacific Islander population and the related impact on public services available to these populations. The witnesses have knowledge that Oregon's Asian and Pacific Islander population is a hard-to-count population for the census. The witness has knowledge of the risk and impact of undercount of the Asian and Pacific Islander population should a citizenship question be included in the decennial census. The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. |
| Emily Nazarov, Government and Legal Affairs Manager | Oregon Department of Education c/o Scott Kaplan Oregon Department of Justice 100 Market St. Portland, OR 97201 (971) 673-5037 | The witness has knowledge of the impact of decennial census population counts on school funding and budgets, including the existence of unauthorized immigrants (including U.S. citizen children) in Oregon's K-12 school population, ODE's policies and practices towards the same and the census impact on ODE programs including meal programs. |
| Belit Burke, Self-Sufficiency Design Administrator | Oregon Department of Human Services c/o Scott Kaplan Oregon Department of Justice 100Market St. Portland, OR 97201 (971) 673-5037 | The witness has knowledge of the presence of populations in Hispanic, Alaska Native and Native American communities, and other areas and communities particularly vulnerable to undercounting. The witness has information regarding Oregon's reliance on the decennial census statistics for important supplemental nutrition (SNAP) and food stamps programs, which currently serves about 20% of Oregon's residents, and the Child Care and Development Fund. |
| John T. Baker, Transportation Economist | Oregon Department of Transportation c/o Scott Kaplan Oregon Department of Justice 100 Market St. | The witness has information regarding the impact of an undercount on funding for highway construction and maintenance within the State through the Highway Trust Fund and other federal infrastructure funding programs, including crucial North-South and East-West |

3

| | Portland, OR 97201<br>(971) 673-5037 | highways such as Interstates 5 and 84. |
|---|---|---|
| Person most knowledgeable (to be determined) | Oregon Health Authority c/o Scott Kaplan Oregon Department of Justice 100 Market St. Portland, OR 97201 (971) 673-5037 | The witness has information regarding Oregon's reliance on the federal Health Center Program for medical care to migrant and other underserved communities within the State, as well as Oregon's reliance on the Medical Assistance Program ("Medicaid"). The witness has information regarding Oregon's reliance on the decennial census for funding of this program, and the impact an undercount of Oregon's population could have on this funding and program. |
| Charles Rynerson, Coordinator | State Data Center, Population Research Center, Portland State University | The witness has knowledge of the impact of decennial census population counts on state and local funding and budgets. The witness has information regarding demographic, economic, and social statistics produced by the Census Bureau relating to the State of Oregon.  The witness is knowledgeable about Oregon state and local outreach efforts and census data. |
| Officers, employees and representatives of defendants identified by defendants and by plaintiffs herein | Contact information not currently known | Information regarding the processes by which defendants proposed a citizenship question for the 2020 census, the stated and actual reasons for adding this question, the persons involved in this decision, and the likely effects of the decision. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Oregon's possession, custody, or control that may be used by Plaintiff State of Oregon to support its claims are described as follows.  Plaintiff State of Oregon expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| Documents relating to current school funding and budgets, including the number of unauthorized immigrants (including U.S. citizen children) in Oregon's K-12 school population, Special Education funding and the School Breakfast and | From Oregon Department of Education. The document(s) will be made available at a central document repository administered by the New |

| | |
|---|---|
| National School Lunch Programs. | York Attorney General's Office. |
| Documents relating to the presence of hard-to-count populations in Hispanic, Alaska Native and Native American communities, and other areas particularly vulnerable to undercounting, as well as documents relating to Oregon's use of and funding source(s) for supplemental nutrition (SNAP) and food stamps programs and the Child Care and Development Fund. | From Oregon Department of Human Services. The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |
| Documents relating to funding for highway construction and maintenance within the State through the Highway Trust Fund and other federal infrastructure funding programs. | From Oregon Department of Transportation. The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |
| Documents relating to Oregon's use of funds from the federal Health Center Program for medical care to migrant and other underserved communities within the State, and the Medical Assistance Program ("Medicaid"). | From Oregon Health Authority. The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |
| Documents relating to the Oregons past practice of expending resources towards community outreach and encouraging participation in the Census. | The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |
| Documents relating to the impact of decennial census population counts on state and local funding and budgets. | From Oregon State Treasurer. The document(s) will be made available at a central document repository administered by the New York Attorney General's Office. |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

      Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

      Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

      Plaintiff State of Oregon will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 20th day of July, 2018.

                        Ellen Rosenblum
                        Attorney General of the State of Oregon

                        */s/ Scott J. Kaplan*
                        Scott J. Kaplan. p*ro hac vice*
                        Senior Assistant Attorney General
                        Oregon Department of Justice
                        100 Market St.
                        Portland, OR 97201
                        971-673-5037
                        Scott.j.kaplan@doj.state.or.us

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the Commonwealth of Pennsylvania, by its attorney, Michael  J. Fischer, Chief Deputy Attorney General, makes the following Initial Disclosures.

## **INTRODUCTION**

1.     These Initial Disclosures are based upon information presently known to the Commonwealth of Pennsylvania. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.     Plaintiff Commonwealth of Pennsylvania reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.     Plaintiff Commonwealth of Pennsylvania hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff

1

Commonwealth of Pennsylvania makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.     Plaintiff Commonwealth of Pennsylvania's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff Commonwealth of Pennsylvania incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.     Plaintiff Commonwealth of Pennsylvania's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.   Plaintiff Commonwealth of Pennsylvania reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff Commonwealth of Pennsylvania is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff Commonwealth of Pennsylvania waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

**I.  Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff Commonwealth of Pennsylvania may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff Commonwealth of Pennsylvania expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|------|--------------------|--------------------------------------|
| Anne Baloga<br>Deputy Secretary<br>Pennsylvania Office of the Budget | c/o Michael Fischer<br>Pennsylvania Office of Attorney General<br>1600 Arch St., Suite 300<br>Philadelphia, PA 19103<br><br>(215) 560-2171 | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets as well as knowledge of Pennsylvania's efforts to ensure an accurate 2020 decennial census, including efforts to identify hard-to-count populations. |
| David Brinton<br>Local Government Policy Manager<br>Pennsylvania Department of Community & Economic Development | c/o Michael Fischer<br>Pennsylvania Office of Attorney General<br>1600 Arch St., Suite 300<br>Philadelphia, PA 19103<br><br>(215) 560-2171 | The witness has knowledge of Pennsylvania's efforts to ensure an accurate 2020 decennial census, including efforts to identify hard-to-count populations, as well as knowledge of outreach efforts conducted by the Census Bureau. |
| Richard Vilello<br>Deputy Secretary for Community Affairs and Development<br>Pennsylvania Department of Community & Economic Development | c/o Michael Fischer<br>Pennsylvania Office of Attorney General<br>1600 Arch St., Suite 300<br>Philadelphia, PA 19103<br><br>(215) 560-2171 | The witness has knowledge Pennsylvania's efforts to ensure an accurate 2020 decennial census, including efforts to identify hard-to-count populations, as well as knowledge of outreach efforts conducted by the Census Bureau. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

At this time, Plaintiff Commonwealth of Pennsylvania does not identify any documents and electronically stored information pursuant to Fed R. Civ. P. 26(a)(1)(A)(ii). Plaintiff Commonwealth of Pennsylvania expressly reserves its right to supplement this disclosure.

## III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

3

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.


DATED this 19th day of July, 2018.



JOSH SHAPIRO
Attorney General
Commonwealth of Pennsylvania

*/s/ Michael J. Fischer*
Michael J. Fischer
Chief Deputy Attorney General
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(215) 560-2171
mfischer@attorneygeneral.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STATE OF NEW YORK, et al.,

              Plaintiffs,

        v.

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

              Defendants.

18-CV-2921 (JMF)

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the City of Philadelphia, by its attorney, Benjamin H. Field, Deputy City Solicitor of the City of Philadelphia, makes the following Initial Disclosures.

## **INTRODUCTION**

1.    These Initial Disclosures are based upon information presently known to the City of Philadelphia. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.    Plaintiff City of Philadelphia reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.    Plaintiff City of Philadelphia hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of Philadelphia

1

makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff City of Philadelphia's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Philadelphia incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff City of Philadelphia's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Philadelphia reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Philadelphia is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Philadelphia waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I. Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of Philadelphia may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of Philadelphia expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Vaugh Ross<br>Deputy Chief of Staff<br>Mayor's Office<br>City of Philadelphia | Benjamin H. Field<br>Deputy City Solicitor<br>Philadelphia Law Department<br>(215) 683-5024<br>Benjamin.Field@phila.gov | The witness has knowledge of the actions Philadelphia has taken and will need to take to attempt to minimize an undercount resulting from the addition of a citizenship question and meetings the City has had with Census Bureau officials on the issue. |
| Ashley del Bianco<br>Chief Grants Officer<br>City of Philadelphia | Benjamin H. Field<br>Deputy City Solicitor<br>Philadelphia Law Department<br>(215) 683-5024<br>Benjamin.Field@phila.gov | The witness has knowledge of the grants funds the City receives from the state and federal government that are dependent on census population counts and how an undercount would affect the amount of funds received by Philadelphia. |
| Ajeenah S. Amir<br>Director<br>Mayor's Office of Public Engagement (OPE)<br>City of Philadelphia | Benjamin H. Field<br>Deputy City Solicitor<br>Philadelphia Law Department<br>(215) 683-5024<br>Benjamin.Field@phila.gov | The witness knowledge related to her role in coordinating the City's outreach efforts to avoid an undercount in the 2020 census if the citizenship question is added. |

| Miriam E. Enriquez, Esq.<br>Director<br>Office of Immigrant Affairs<br>City of Philadelphia | Benjamin H. Field<br>Deputy City Solicitor<br>Philadelphia Law Department<br>(215) 683-5024<br>Benjamin.Field@phila.gov | The witness has knowledge related to the populations of hard-to-count populations including documented and undocumented immigrants in Philadelphia, and the heightened climate of fear among those populations resulting from the current administration's immigration actions, including the proposal to add a citizenship question to the census/ |

## II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff City of Philadelphia's possession, custody, or control that may be used by Plaintiff City of Philadelphia to support its claims are described as follows.  Plaintiff City of Philadelphia expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| Annual grant award documents | These documents will be provided to the NYAG's and kept at a central repository administered by that office. |
| Philadelphia Research Initiative, Pew Charitable Trusts, *Philadelphia's Immigrants* (June 7, 2018). | http://www.pewtrusts.org/en/research-and-analysis/reports/2018/06/07/philadelphias-immigrants |

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

    Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

    Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

    Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 19th day of July, 2018.

                        MARCEL S. PRATT
                        CITY SOLICITOR for the CITY OF
                        PHILADELPHIA

                        */s/ Benjamin H. Field*
                        Benjamin H. Field
                        Deputy City Solicitor
                        City of Philadelphia Law Department
                        1515 Arch Street, 15th Floor
                        Philadelphia, PA  19102
                        (215) 683-5024
                        Benjamin.Field@phila.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff City of Pittsburgh makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to the City of Pittsburgh. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff City of Pittsburgh reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff City of Pittsburgh hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of Pittsburgh makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

1

4.      Plaintiff City of Pittsburgh's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Pittsburgh incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff City of Pittsburgh's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Pittsburgh reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Pittsburgh is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Pittsburgh waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

### I. **Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of Pittsburgh may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of Pittsburgh expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Mike Petrucci<br>Assistant Director,<br>Community Development<br>Office of Management and<br>Budget | c/o City of Pittsburgh<br>Law Dept., 414 Grant<br>Street, Pittsburgh, PA<br>15219 | The witness has knowledge of the impact of decennial census population counts on City of Pittsburgh funding/budgets, including the City's reliance on funding from Community Development Block Grant programs. |
| Feyisola Alabi<br>Special Initiatives Manager, | c/o City of Pittsburgh<br>Law Dept., 414 Grant | The witness is the City of Pittsburgh's representative on the Complete Count |

| | | |
|---|---|---|
| Welcoming Pittsburgh (Manager) Office of the Mayor | Street, Pittsburgh, PA 15219 | Commission being formed by the City of Pittsburgh and Allegheny County, and has knowledge of the presence of hard-to-count populations in the City, the City's efforts to reach them, and the City's efforts to mitigate the impact of a citizenship question on response rates. |

**Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff City of Pittsburgh's possession, custody, or control that may be used by Plaintiff City of Pittsburgh to support its claims are described as follows. Plaintiff City of Pittsburgh expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| Information as to funds received by the City of Pittsburgh pursuant to the CDBG program. | This information is at a central repository administered by the New York Attorney General's Office, and/or maintained by Defendants and available via HUD's Integrated Disbursement and Information System (IDIS). |
| Any documents related to the formation and activities of the anticipated City-County Complete Count Commission, relating to efforts to mitigate impact of the citizenship question. | This information will be at a central repository administered by the New York Attorney General's Office. |

II.  **Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

III. **Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**IV. Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 23d day of July, 2018.


YVONNE S. HILTON
Acting City Solicitor

s/ Matthew S. McHale, Esq.
Matthew S. McHale, Esq. (Pa. ID No. 91880)
Admitted *pro hac vice*
Associate City Solicitor
City of Pittsburgh Law Department
414 Grant Street, Pittsburgh, PA 15219
(412) 255-2015
matthew.mchale@pittsburghpa.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the City of Providence, by its attorney, Jeffrey Dana, City Solicitor of the City of Providence, makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to the City of Providence. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff City of Providence reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff City of Providence hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of

1

Providence, makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff City of Providence's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Providence incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff City of Providence's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Providence reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Providence is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Providence waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

### **I.  Fed. R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff City of Providence may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of Providence expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Gabriela Domenzain, Latino Policy Institute | City of Providence Office of the City Solicitor 444 Westminster Street, Suite 220 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears |

| | Providence, RI 02903<br>(401) 680-5333 | surrounding the 2020 decennial census. Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |
|---|---|---|
| John Marion, Common Cause Rhode Island | City of Providence<br>Office of the City Solicitor<br>444 Westminster Street, Suite 220<br>Providence, RI 02903<br>(401) 680-5333 | The witness has information regarding the Complete Count Committee's efforts to mitigate the impact of the citizenship question on non-response rates.  Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |
| Henrietta White-Holder, Higher Ground International | City of Providence<br>Office of the City Solicitor<br>444 Westminster Street, Suite 220<br>Providence, RI 02903<br>(401) 680-5333 | The witness has knowledge of the impact of the citizenship question on community members' in hard to count communities willingness to participate in the decennial census process.  The witness has knowledge of the heightened fears surrounding the 2020 decennial census. Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |
| David DosReis, GIS Manager | City of Providence<br>Office of the City Solicitor<br>444 Westminster Street, Suite 220<br>Providence, RI 02903<br>(401) 680-5333 | Witness has information regarding the presence of hard-to-count populations in Providence, and areas particularly vulnerable to undercounting. |
| Emily Freedman, Director of Community Development | City of Providence<br>Office of the City Solicitor<br>444 Westminster Street, Suite 220<br>Providence, RI 02903<br>(401) 680-5333 | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |

3

**II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The City of Providence does not have documents that may be used to support its claims at this time.  The City of Providence reserves the right to supplement this disclosure.

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 17th day of July, 2018.

Jeffrey Dana
City Solicitor of the City of Providence

*/s/Jeffrey Dana*
Jeffrey Dana
City Solicitor
City of Providence
444 Westminster Street, Suite 220
Providence, RI 02903
(401) 680-5333
Jdana@providenceri.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STATE OF NEW YORK, et al.,

              Plaintiffs,

       v.                              18-CV-2921 (JMF)

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

              Defendants.

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the State of Rhode Island, by its attorney, Peter F. Kilmartin, Attorney General of the State of Rhode Island, makes the following Initial Disclosures.

**<u>INTRODUCTION</u>**

1.     These Initial Disclosures are based upon information presently known to the Plaintiff State of Rhode Island. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.     Plaintiff State of Rhode Island reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.     Plaintiff State of Rhode Island hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff State of Rhode

1

Island makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff State of Rhode Island's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff State of Rhode Island incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff State of Rhode Island's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff State of Rhode Island reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff State of Rhode Island is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff State of Rhode Island waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

### I.   **Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Rhode Island may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Rhode Island expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| John Marion, Executive Director, Common Cause RI | 245 Waterman Street, Suite 400A, Providence, RI 02906, (401) 861-2322 | The witness has knowledge of the impact of decennial census population counts on Rhode Island federal representation and federal funding. |

2

| | | |
|---|---|---|
| Robert Rapoza, Executive Director, Rhode Island Board of Elections | 150 South Main Street, Providence, RI 02903, (401) 274-4400 | The witness has knowledge of the impact of decennial census population counts on statewide redistricting plans for Rhode Island state legislative districts. |
| Omar Bah, Founder & Executive Director, Refugee Dream Center | 150 South Main Street, Providence, RI 02903, (401) 274-4400 | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. The witness has knowledge of the heightened fears surrounding the 2020 decennial census. |

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Rhode Island's possession, custody, or control that may be used by Plaintiff State of Rhode Island to support its claims are described as follows.  Plaintiff State of Rhode Island expressly reserves its right to supplement this disclosure:

| **Document Description** | **Document Location** |
|---|---|
| Election Data Services study: Kimball W. Brace, "Some Change in Apportionment Allocations With New 2017 Census Estimates; But Greater Change Likely by 2020", https://www.electiondataservices.com/wp-content/uploads/2017/12/NR_Appor17c3wTablesMapsC2.pdf (accessed March 23, 2018). | This document is at a central repository administered by the New York Attorney General's Office. |

4

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

    Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

    Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

    Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this Eighteenth day of July, 2018.

**PETER F. KILMARTIN**
Attorney General of the State of Rhode Island

By: /s Adam D. Roach
    Adam D. Roach
    Special Assistant Attorney General
    RI Office of the Attorney General
    150 South Main Street
    Providence, RI 02903
    (401) 274-4400
    aroach@riag.ri.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STATE OF NEW YORK, et al.,

                Plaintiffs,

        v.                            18-CV-2921 (JMF)

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

                Defendants.

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the City and County of San Francisco ("San Francisco"), by its attorney, Dennis J. Herrera, City Attorney of the City and County of San Francisco, makes the following Initial Disclosures.

## **INTRODUCTION**

1.     These Initial Disclosures are based upon information presently known to San Francisco.  They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.     Plaintiff San Francisco reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.     Plaintiff San Francisco hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff San Francisco makes no

representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff San Francisco's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff San Francisco incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff San Francisco's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff San Francisco reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff San Francisco is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff San Francisco waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff San Francisco may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff San Francisco expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|------|--------------------|-----------------------------------|
| Adrienne Pon, Executive Director, City and County of San Francisco's Immigrant Rights Commission and the Mayor's Office of Civic Engagement and Immigrant Affairs | The witness may be contacted through the San Francisco City Attorney's Office, Deputy City Attorney Mollie Lee at (415) 554-4290 or mollie.lee@sfcityatty.org. | The witness has knowledge of outreach efforts for the 2010 and 2020 decennial censuses, including San Francisco's efforts to mitigate the impact of the citizenship question on participation in the 2020 Census. |
| Ben Rosenfield, City Controller, City and County of San Francisco | The witness may be contacted through the San Francisco City Attorney's Office, Deputy City Attorney Mollie Lee at (415) 554-4290 or mollie.lee@sfcityatty.org. | The witness has knowledge of the impact of decennial census population counts on local funding and budgets. |

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff San Francisco's possession, custody, or control that may be used by Plaintiff San Francisco to support its claims are described as follows. Plaintiff San Francisco expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---------------------|-------------------|
| U.S. Department of Transportation Federal Transit Administration Grant Award to the City & County of San Francisco for FY 2017 49 U.S.C. § 5307 Formula Funds (Federal Award Identification No. CA-2017-117-00) | This document is at a central repository administered by the New York Attorney General's Office. |
| February 21, 2018 memorandum from Adrienne Pon to Mayor Mark Farrell titled "Ensuring an Accurate, Complete, Fair and Inclusive 2020 Census Count" and attachment | This document is at a central repository administered by the New York Attorney General's Office. |

| Document Description | Document Location |
|---|---|
| March 8, 2011 Press Release from Mayor Edwin M. Lee titled "Mayor Lee Announces U.S. Census Bureau Results for San Francisco Population" | This document is at a central repository administered by the New York Attorney General's Office. |
| August 30, 2010 memorandum from Adrienne Pon to Ditas Katague, Louis Stewart, and Susan McAuliffe titled "Final Report, California State Census 2010 Outreach Grant" | This document is at a central repository administered by the New York Attorney General's Office. |
| April 14, 2010 memorandum from Adrienne Pon to City Administrator Edwin Lee titled "CENSUS/OCEIA Budget Needs for FY2010-11" | This document is at a central repository administered by the New York Attorney General's Office. |
| February 26, 2010 Resolution authorizing the Office of Civic Engagement & Immigrant Affairs to accept and expand a grant in the amount of $32,250 from the State of California, Governor's Office of Planning and Research, to support San Francisco's complete count outreach and education activities related to the 2010 Census – File Number 100190 | This document is at a central repository administered by the New York Attorney General's Office. |
| January 1, 2010 SF Counts: 2010 Census Strategic Plan – General and Implementation | This document is at a central repository administered by the New York Attorney General's Office. |
| October 2009 Information Packet – Request for Proposals #2009-01 for SF 2010 Census Outreach | This document is at a central repository administered by the New York Attorney General's Office. |
| June 19, 2009 Resolution calling for an accurate, fair and inclusive count of all San Francisco residents in the 2010 Census – File number 090744 | This document is at a central repository administered by the New York Attorney General's Office. |
| May 27, 2009 Executive Directive 09-02 titled "2010 Census Complete and Inclusive Count" | This document is at a central repository administered by the New York Attorney General's Office. |
| U.S. Census Bureau Report S0501 – Selected Characteristics of the Native and Foreign-Born Populations; 2012-2016 American Community Survey 5-Year Estimates for San Francisco County, California | This document is at a central repository administered by the New York Attorney General's Office. |

4

| Document Description | Document Location |
|---|---|
| Screenshot of report on San Francisco County, California from www.censushardtocountmaps2020.us displaying census self-response rates and data | This document is at a central repository administered by the New York Attorney General's Office. |
| Profile of the Unauthorized Population: San Francisco County, CA from the Migration Policy Institute | This document is at a central repository administered by the New York Attorney General's Office. |

**III.  Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

Not applicable.

**IV.  Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 17th day of July, 2018.

DENNIS J. HERRERA
City Attorney

*/s/ Mollie M. Lee*
MOLLIE M. LEE, California SBN 251404
Deputy City Attorney
SAN FRANCISCO CITY ATTORNEY'S OFFICE
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, CA  94102-4602
(415) 554-4290
mollie.lee@sfcityatty.org

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the City of Seattle, by its attorney, Peter S. Holmes, Seattle City Attorney, makes the following Initial Disclosures.

## INTRODUCTION

1.     These Initial Disclosures are based upon information presently known to the City of Seattle. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.     Plaintiff City of Seattle reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.     Plaintiff City of Seattle hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff City of Seattle makes no

1

representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff City of Seattle's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff City of Seattle incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff City of Seattle's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff City of Seattle reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff City of Seattle is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff City of Seattle waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

### I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures:

The below listed persons are likely to have discoverable information that Plaintiff City of Seattle may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff City of Seattle expressly reserves the right to supplement this disclosure:

| Name | Contact Information | Subjects of Discoverable Information |
|------|---------------------|-------------------------------------|
| Kelsey Beck, Regional Affairs Director, Office of Intergovernmental | c/o Gary Smith – Gary.Smith@seattle.gov | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets. |

| | | |
|---|---|---|
| Relations (OIR), City of Seattle | | |
| Joaquin Uy, Communications and Outreach Manager, Office of Immigrant and Refugee Affairs, City of Seattle | c/o Gary Smith – Gary.Smith@seattle.gov | The witness has knowledge of the impact of the citizenship question on community members' willingness to participate in the decennial census process. The witness has knowledge of the heightened fears surrounding the 2020 decennial census. Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |
| Diana Canzoneri, Demographer, Office of Planning and Community Development (OPCD), City of Seattle | c/o Gary Smith – Gary.Smith@seattle.gov | Witness has information regarding the presence of hard-to-count populations in Seattle, and areas particularly vulnerable to undercounting. |
| Sierra Howlett Browne, Federal Affairs Director, Office of Intergovernmental Relations (OIR), City of Seattle | c/o Gary Smith – Gary.Smith@seattle.gov | Witness has information regarding the impact of the decennial census population count on the state redistricting process. |
| Amy Nguyen, Community Programs Strategic Advisor, Department of Neighborhoods, City of Seattle | c/o Gary Smith – Gary.Smith@seattle.gov | The witness has information regarding Seattle's efforts to mitigate the impact of the citizenship question on non-response rates. Witness has knowledge concerning outreach efforts conducted by the Census Bureau. |

**II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

      The documents and electronically stored information (collectively, "Documents") in Plaintiff City of Seattle's possession, custody, or control that may be used by Plaintiff City of Seattle to support its claims are described as follows.  Plaintiff City of Seattle expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---|---|
| Census Committee Proposal.pptx: City Proposed Census Committee Structure | This document is at a central repository administered by the New York Attorney General's Office |
| MEMO re 2020 Census CCC.PDF: Briefing Memorandum: 2020 Census Complete Count Committee Proposal | This document is at a central repository administered by the New York Attorney General's Office |
| \Webpages\About Seattle - OPCD  seattle_gov.htm: Webpage providing Seattle's Population and Household Statistics | This document is at a central repository administered by the New York Attorney General's Office |
| Census Open House Working Planning Outline DATA COLLAB.docx: Draft Outline and Agenda City of Seattle Census Open House | This document is at a central repository administered by the New York Attorney General's Office |
| Copy of OPCD Mayor's Transition Section II Issue List sa dc.xlsx: Spreadsheet provided by OPCD to support Mayor's transition | This document is at a central repository administered by the New York Attorney General's Office |
| Data Disagg_ A Summary of Best Practice Examples and Challenges from the Pop-Level Subcmte.pptx: A Summary of Best Practice Examples and Challenges: Analyzing and Reporting Population Demographic Data - Produced by the Data Disaggregation Task Force Population-Level Subcommittee | This document is at a central repository administered by the New York Attorney General's Office |
| ACS_12_5YR_Foreign Born incl East African estim.xls: S0502: Selected Characteristics of the Foreign-Born Population by Period of Entry into the United States | This document is at a central repository administered by the New York Attorney General's Office |

| | |
|---|---|
| GESCNA Committee DDTF Briefing Draft V2.pptx: Demographic Data Disaggregation Task Force: Gender Equity, Safe Communities, and New Americans Committee - December 14, 2016 | This document is at a central repository administered by the New York Attorney General's Office |
| Demographic Data Task Force Report-FINAL.pdf: Memorandum: Demographic Data Task Force Report (Resolution 31613) | This document is at a central repository administered by the New York Attorney General's Office |
| Dear Seattle Complete Count Committee members.docx: Subject Line:  Census 2010 Open House for local govt. and non-profits March 1st at Seattle City Hall | This document is at a central repository administered by the New York Attorney General's Office |
| Demog Data Task Force resources.txt: Subject: Demog Data Task Force resources | This document is at a central repository administered by the New York Attorney General's Office |
| Demographics & Disparities RSJI 2011 Summit Canzoneri Presentation.pptx: Demographics and Disparities: Updated Data on Seattle - 2011 Race and Social Justice Initiative (RSJI) Summit October 6, 2011 Workshop Presentation | This document is at a central repository administered by the New York Attorney General's Office |
| Disaggregated data for race ethnicity and ancestry groups gg edits 3-28 dc 6 10 2018.docx: Accessing Disaggregated Data for Race/Ethnic Groups - Guidance from the City of Seattle Demographer | This document is at a central repository administered by the New York Attorney General's Office |
| GESCNA Committee DDTF Briefing FINAL.pptx: Demographic Data Disaggregation Task Force: Gender Equity, Safe Communities, and New Americans Committee - December 14, 2016 | This document is at a central repository administered by the New York Attorney General's Office |
| Presentation to CEP Class 4 30 2012.ppt: New Demographic Data on Seattle and Its Neighborhoods - Presentation to UW CEP303 Social Structures and Processes | This document is at a central repository administered by the New York Attorney General's Office |
| http://www.seattle.gov/opcd/population-and-demographics: Population & Demographics - OPCD seattle_gov_files | This document is at a central repository administered by the New York Attorney General's Office |
| http://www.seattle.gov/census2010/committee.htm: Seattle Census 2010 Complete Count Committee_files | This document is at a central repository administered by the New York Attorney General's Office |

| | |
|---|---|
| WSDC_Agenda_2017.pdf: Washington State Stat Center Annual Meeting - Agenda | This document is at a central repository administered by the New York Attorney General's Office |
| Final Demographic Data Task Force memo.docx: Memorandum: Demographic Data Task Force Report (Resolution 31613) | This document is at a central repository administered by the New York Attorney General's Office |
| Using the 2010 Census and ACS to Understand Seattle's Demographics for Kenny Backgroundf.ppt: Using the ACS and Census to Understand Local Demographics - Presentation to City Council Central Staff | This document is at a central repository administered by the New York Attorney General's Office |

**III.  Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

    Not applicable.

**IV.  Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

    Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

    Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the

schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil

Procedure.

DATED this 9 th day of July , 2018.

PETER S. HOLMES
Seattle City Attorney

By:

Peter S. Holmes
Seattle City Attorney
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104-7097
206.684.8200
Peter.holmes@seattle.gov
WSBA # 15787

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATES OF NEW YORK, COLORADO, CONNECTICUT, DELAWARE, ILLINOIS, IOWA, MARYLAND, MINNESOTA, NEW JERSEY, NEW MEXICO, NORTH CAROLINA, OREGON, RHODE ISLAND, VERMONT, and WASHINGTON; COMMONWEALTHS OF MASSACHUSETTS, PENNSYLVANIA, and VIRGINIA; DISTRICT OF COLUMBIA; CITIES OF CENTRAL FALLS, CHICAGO, COLUMBUS, NEW YORK, PHILADELPHIA, PITTSBURGH, PROVIDENCE, and SEATTLE; CITY and COUNTY of SAN FRANCISCO; COUNTIES OF CAMERON, EL PASO, HIDALGO, and MONTEREY; and the UNITED STATES CONFERENCE OF MAYORS, | CIVIL ACTION NO. 1:18-cv-2921 (JMF) **PLAINTIFF UNITED STATES CONFERENCE OF MAYORS INITIAL DISCLOSURES** |
| Plaintiffs, | |
| v. | |
| UNITED STATES DEPARTMENT OF COMMERCE; and UNITED STATES OF AMERICA, THOMAS E. PRICE, in his official capacity as Secretary of the United States Department of Health and Human Services, and PATRICK CONWAY, in his official capacity as the Acting Administrator of the Centers for Medicare & MedicaidWILBUR L. ROSS, JR., in his official capacity as Secretary of Commerce, | |
| and | |
| BUREAU OF THE CENSUS, an agency within the United States Department of Commerce; and RON S. JARMIN, in his capacity as performing the non-exclusive functions and duties of the Director of the U.S. Census Bureau, | |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the People of the United States Conference of Mayor by its attorney, John Daniel Reaves, General Counsel, of the United States Conference of Mayors, makes the following Initial Disclosures.

## **INTRODUCTION**

1. These Initial Disclosures are based upon information presently known to the United States Conference of Mayors. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2. Plaintiff the United States Conference of Mayors reserves the right at any time to revise and/or supplement these Initial Disclosures.

3. Plaintiff the United States Conference of Mayors hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff United States Conference of Mayors makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4. Plaintiff the United States Conference of Mayors' identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff the United States Conference of Mayors incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5. Plaintiff the United States Conference of Mayors' identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its

possession, custody or control.  Plaintiff State of New York reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff United States Conference of Mayors is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff United States Conference of Mayors waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

I.    **Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

Plaintiff United States Conference of Mayors has no individual fact witnesses at this time but reserves the right to supplement this disclosure.

II.   **Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures**:

The documents and electronically stored information (collectively, "Documents") in Plaintiff United States Conference of Mayors' possession, custody, or control that may be used by Plaintiff United States Conference of Mayors to support its claims are described as follows.  Plaintiff United States Conference of Mayors expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---|---|
| Declaration of John Daniel Reaves as to the United States Conference of Mayor's Two Adopted Resolutions Opposing Citizenship Question; Bipartisan Letter to Census Director Opposing Use of Citizenship Question  and Press Releases. All are matters of public record and found at www.usmayors.org | The documents are at a central repository administered by the State of New York's Attorney General's Office. |

**III.**    **Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

     Not applicable.

**IV.**    **Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

     Not applicable.

DATED this 20th day of July, 2018.

_____*/s/*_____
John Daniel Reaves, General Counsel
United States Conference of Mayors
1200 New Hampshire Avenue, N.W.,
Third Floor
Washington D.C., 20036
PHONE: (202) 974-5931
EMAIL: jdreavesoffice@gmail.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STATE OF NEW YORK, et al.,

                Plaintiffs,

      v.                      18-CV-2921 (JMF)

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

                Defendants.

      Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff the Commonwealth of Virginia, by Mark R. Herring, Attorney General of the Commonwealth of Virginia, makes the following Initial Disclosures.

**<u>INTRODUCTION</u>**

    1.  These Initial Disclosures are based upon information presently known to The Commonwealth of Virginia. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

    2.  Plaintiff Commonwealth of Virginia reserves the right at any time to revise and/or supplement these Initial Disclosures.

    3.  Plaintiff Commonwealth of Virginia hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to

1

documents in the Initial Disclosures, Plaintiff Commonwealth of Virginia makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4. Plaintiff Commonwealth of Virginia's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Plaintiff Commonwealth of Virginia incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5. Plaintiff Commonwealth of Virginia's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody, or control. Plaintiff Commonwealth of Virginia reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Plaintiff Commonwealth of Virginia does not identify documents protected from disclosure by the attorney-client, work product, or other applicable privileges. Nor does Plaintiff Commonwealth of Virginia waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## **INITIAL DISCLOSURES**

## **I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff Commonwealth of Virginia may use to support Plaintiff's claims as

2

detailed in the First Amended Complaint. Plaintiff Commonwealth of Virginia

expressly reserves the right to supplement this disclosure:

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| **Qian Cai**, Director, Demographics Research Group, Weldon Cooper Center for Public Service, University of Virginia | Contact through counsel: 202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has information regarding the presence of hard-to-count populations in Virginia, and areas particularly vulnerable to undercounting. |
| **Michael Cassidy**, President and Chief Executive Officer of the Commonwealth Institute for Fiscal Analysis | Contact through counsel: 202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of (1) the impact of decennial census population counts on state/local funding and budgets, and (2) the presence of hard-to-count populations in the Virginia, and areas particularly vulnerable to undercounting. |
| **Robyn M. de Socio**, Executive Secretary, Commonwealth of Virginia Compensation Board | Contact through counsel: 202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of the impact of the decennial census population counts on state/local funding and budgets in public safety and law enforcement coverage in localities. |

| | | |
|---|---|---|
| **Julie Emery**, Executive Director, Virginia Civic Engagement Table | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge (1) of the impact of the citizenship question on community members' willingness to participate in the decennial census process in Virginia, (2) of the heightened fears surrounding the 2020 decennial census in Virginia, and (3) concerning outreach efforts conducted by the Census Bureau in Virginia. |
| **Megan Healy**, Chief Workforce Development Advisor, Office of the Governor | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets in state workforce development programs. |
| **John Lawson**, Chief Financial Officer, Virginia Department of Transportation | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets for the Virginia Department of Transportation. |

| | | |
|---|---|---|
| **Jennifer Lee**, Director, Department of Medical Assistance Services | Contact through counsel: 202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets in state medical assistance services programs. |
| **Greg Lucyk**, Board President, One Virginia 2021 | Contact through counsel: 202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has information regarding the impact of the decennial census population count on the state redistricting process. |
| **Fernando Mercado-Violand**, Director of Latino Outreach, Office of the Governor | Contact through counsel: 202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of (1) the impact of the citizenship question on community members' willingness to participate in the decennial census process in Virginia, and (2) the heightened fears surrounding the 2020 decennial census in Virginia. |
| **Tram Nguyen**, Co-Executive Director, New Virginia Majority | Contact through counsel: 202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge (1) of the impact of the citizenship question on community members' willingness to participate in the decennial census process in Virginia, (2) of the heightened fears surrounding the 2020 decennial census in Virginia, and (3) concerning outreach efforts conducted by the Census Bureau in Virginia. |

| | | |
|---|---|---|
| **Sookyung Oh**, D.C. Area Director, **National Korean American Service & Education Consortium** | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of (1) the impact of the citizenship question on community members' willingness to participate in the decennial census process in Virginia, and (2) the heightened fears surrounding the 2020 decennial census in Virginia. |
| **M. Norman Oliver**, State Commissioner of Health, Virginia Department of Health | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets in state health programs. |
| **Atif Qarni**, Secretary of Education, Office of the Governor | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets in Virginia public education programs. |
| **Simon Sandoval-Moshenburg**, Legal Director, Immigrant Advocacy Program, Legal Aid Justice Center | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of (1) the impact of the citizenship question on community members' willingness to participate in the decennial census process in Virginia, and (2) the heightened fears surrounding the 2020 decennial census in Virginia. |

| **Monica Sarmiento**, Executive Director, Virginia Coalition for Immigrant Rights | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of (1) the impact of the citizenship question on community members' willingness to participate in the decennial census process in Virginia, and (2) the heightened fears surrounding the 2020 decennial census in Virginia. |
| **Stephen Duke Storen**, State Commissioner, Virginia Department of Social Services | Contact through counsel:<br><br>202 N. Ninth Street Richmond, VA 23219 (804) 786-1068 | The witness has knowledge of the impact of decennial census population counts on state/local funding and budgets in state social services programs. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information in Plaintiff Commonwealth of Virginia's possession, custody, or control that may be used by Plaintiff Commonwealth of Virginia to support its claims are described as follows. All such documents are or will be at a central repository administered by the New York Attorney General's Office. Plaintiff Commonwealth of Virginia expressly reserves its right to supplement this disclosure:

| **Document Description** |
| --- |
| Documents regarding demography of hard to count populations in Virginia, and areas particularly vulnerable to undercounting. |
| Documents regarding the impact of decennial census population counts on state or local funding and budgets in Virginia. |
| Documents regarding the use of federal funds in state health programs and medical services in Virginia. |

7

| |
|---|
| Documents regarding the use of federal funds in public education programs and services in Virginia. |
| Documents regarding the use of federal funds in state social services programs and services in Virginia. |
| Documents regarding the use of federal funds in transportation programs and services in Virginia. |
| Documents regarding the use of federal funds in workforce development programs and services in Virginia. |
| Documents regarding the redistricting process in Virginia. |
| Documents regarding community members' willingness to participate in the decennial census process in Virginia. |
| Documents regarding heightened fears surrounding the 2020 decennial census in Virginia. |
| Documents regarding outreach efforts conducted by the Census Bureau in Virginia. |

**III. Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

    Not applicable.

**IV. Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

    Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

Plaintiff will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.


DATED this 23rd day of July, 2018.


                              MARK R. HERRING
                              Attorney General of the
                              Commonwealth of Virginia

                              */s/  Matthew R. McGuire*
                              Matthew R. McGuire
                              Deputy Solicitor General
                              Office of the Attorney General of
                              Virginia
                              202 North 9th Street
                              Richmond, Virginia 23219
                              (804) 786-7773
                              MMcGuire@oag.state.va.us

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

STATE OF NEW YORK, et al.,

               Plaintiffs,

       v.                               18-CV-2921 (JMF)

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

               Defendants.

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff State of Vermont, by its attorney, Thomas J. Donovan, Jr, Attorney General of the State of Vermont, makes the following Initial Disclosures.

## <u>INTRODUCTION</u>

1.      These Initial Disclosures are based upon information presently known to Plaintiff State of Vermont. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Plaintiff State of Vermont reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Plaintiff State of Vermont hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Plaintiff makes no representations

1

or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      Plaintiff State of Vermont's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude the State from obtaining discovery of individuals not presently identified. Plaintiff incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Plaintiff State of Vermont's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control. Plaintiff reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures Plaintiff is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Plaintiff waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

## INITIAL DISCLOSURES

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Vermont may use to support the Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff expressly reserves the right to supplement this disclosure:

2

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| John Adams, Director, Vermont Center for Geographic Information | Julio A. Thompson Assistant Attorney General Office of the Vermont Attorney General 109 State Street Montpelier, Vermont 05609 (802) 828-3171 julio.thompson@vermont.gov | The witness has knowledge of (1) methods for population counting; (2) challenges in counting historically underrepresented populations; and (3) financial impacts of undercounting on Vermont Medicaid and other federal funding. |

## II. Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

The documents and electronically stored information (collectively, "Documents") in Plaintiff State of Vermont's possession, custody, or control that may be used by the State to support its claims are described as follows.  Plaintiff expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---|---|
| Reamer, *Counting for Dollars 2020: The Role of the Decennial Census in the Geographic Distribution of Federal Funds* (March 18, 2018) | This document is at a central repository administered by the New York Attorney General's Office. |
| Vermont Center for Geographic Information, *High Cost of a Low Count:  Census 2020, Medicaid Payments to States, and Why Every Person Counts* | This document is at a central repository administered by the New York Attorney General's Office |

3

**III.  Fed R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages**:

    Not applicable.

**IV.  Fed R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements**:

    Not applicable.

**V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:**

    Plaintiff State of Vermont will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 17th day of July 2018.

 

                    STATE OF VERMONT

                    THOMAS J. DONOVAN, JR.
                    ATTORNEY GENERAL

          By:    /s Julio A. Thompson_____
                    Benjamin D. Battles
                      Solicitor General
                    Julio A. Thompson
                      Assistant Attorney General
                      Civil Rights Unit
                    Office of the Attorney General
                    109 State Street
                    Montpelier, VT 05609-1001
                    (802) 828-3171
                    julio.thompson@vermont.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, et al., | |
| Plaintiffs, | |
| v. | 18-CV-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | INITIAL DISCLOSURES OF PLAINTIFF STATE OF WASHINGTON |
| Defendants. | |

Pursuant to Fed R. Civ. P. 26(a)(1), Plaintiff the State of Washington, by its attorney, Assistant Attorney General Laura K. Clinton, makes the following Initial Disclosures.

## INTRODUCTION

1.      These Initial Disclosures are based upon information presently known to Washington. They are made without prejudice to producing during discovery or at trial information, documents, or data that are (a) subsequently discovered or determined to be relevant for any purpose, or (b) produced as a result of ongoing investigations, or (c) subsequently determined to have been omitted from these disclosures.

2.      Washington reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      Washington hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, Washington makes no representations or concessions regarding the relevance or appropriateness of any particular documents or types of documents.

1

4.      Washington's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude Plaintiff from obtaining discovery of individuals not presently identified. Washington incorporates all individuals identified by all other parties in Plaintiff's Initial Disclosures and reserves the right to depose, and to rely upon the testimony of, all such individuals in support of its claims.

5.      Washington's identification or production of documents pursuant to Rule 26(a)(1)(A)(ii) is limited to those documents within its possession, custody or control.  Washington reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, Washington is not identifying documents protected from disclosure by the attorney-client, work product or other applicable privileges. Nor does Washington waive the right to object to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

### INITIAL DISCLOSURES

**I.   Fed R. Civ. P. 26(a)(1)(A)(i) disclosures**:

The below listed persons are likely to have discoverable information that Plaintiff State of Washington may use to support Plaintiff's claims as detailed in the First Amended Complaint. Plaintiff State of Washington expressly reserves the right to supplement this disclosure:

| <u>Name</u> | <u>Contact Information</u> | <u>Subjects of Discoverable Information</u> |
| --- | --- | --- |
| Mark Baldwin Assistant Director of Forecasting and Research, Office of Financial Management | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of Washington's planning and outreach regarding the 2020 Census, potential financial impacts to the State of Washington arising from an inaccurate count, and related issues. |

| **Name** | **Contact Information** | **Subjects of Discoverable Information** |
|---|---|---|
| Yi Zhao, Office of Financial Management | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of Washington's planning and outreach regarding the 2020 Census, potential financial impacts to the State of Washington arising from an inaccurate count, and related issues. |
| Erica Gardner, Office of Financial Management | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of Washington's planning and outreach regarding the 2020 Census, potential financial impacts to the State of Washington arising from an inaccurate count, and related issues. |
| Mike Mohrman, Office of Financial Management | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of Washington's planning and outreach regarding the 2020 Census, potential financial impacts to the State of Washington arising from an inaccurate count, and related issues. |
| Records custodian, Office of Financial Management | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness(es) have knowledge sufficient to identify and authenticate Washington's records concerning the decennial Census and related issues |
| Robert Chang Seattle University School of Law | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge regarding the history of the Census Bureau's past breaches of trust where Census information was used to harm individuals and communities, and the reasonable fear or concern that respondents might have when facing the citizenship question now. |

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| Laura Pierce<br>Washington Nonprofits | c/o Laura Clinton<br>Assistant Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle WA 98104 | The witness has knowledge of the concerns that many nonprofit organizations have about the impact of the citizenship question. Nonprofits working with hard to count populations are concerned that adding the citizenship question instills fear and makes those communities harder to count because they are likely to voluntarily opt out of the Census.  The witness has knowledge of the impact an undercount would have on how funds for services are distributed and on the data available for nonprofits to target their services. |
| David Streeter<br>Washington Nonprofits | c/o Laura Clinton<br>Assistant Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle WA 98104 | The witness has knowledge of the concerns that many nonprofit organizations have about the impact of the citizenship question. Nonprofits working with hard to count populations are concerned that adding the citizenship question instills fear and makes those communities harder to count because they are likely to voluntarily opt out of the Census.  The witness has knowledge of the impact an undercount would have on how funds for services are distributed and on the data available for nonprofits to target their services. |
| Laura Armstrong<br>Executive Director<br>La Casa Hogar | c/o Laura Clinton<br>Assistant Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle WA 98104 | The witness has knowledge of already existing barriers facing immigrant, low-income, Limited English Proficient |

| Name | Contact Information | Subjects of Discoverable Information |
|------|--------------------|--------------------------------------|
| | | residents ("hard-to-count" populations) throughout Washington state's Yakima Valley in participating in the Census. The witness has further knowledge as to how the citizenship question will worsen those existing barriers for aforementioned community members' participation in the decennial Census process.  The witness has knowledge of immigrant families' heightened fears surrounding government institutions, and understands this as one of the already existing barriers that is being worsened because of the citizenship question. The witness has knowledge regarding community education and awareness efforts regarding the Census in the Yakima Valley region. The witness represents an organization with knowledge and experience working with immigrant families and agricultural workers throughout the region for over two decades. |
| Linda Moore CEO\|President Yakima Valley Community Foundation | c/o Laura Clinton Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle WA 98104 | The witness has knowledge of the impact of the citizenship question and the disproportionate impact of funding and services to low income and people of color and children. The witness has knowledge of the impact of the citizenship questions on "mixed households" where children are citizens and others in the household, including |

| Name | Contact Information | Subjects of Discoverable Information |
|---|---|---|
| | | their parents are not which also impacts the count of children. The witness has knowledge of the demographics of Yakima County. |

## II.  Fed R. Civ. P. 26(a)(1)(A)(ii) disclosures:

All materials requested in discovery or that Washington intends to use at trial are described below. Washington expressly reserves its right to supplement this disclosure:

| Document Description | Document Location |
|---|---|
| Documents concerning the 2020 Census and mitigating non-response in the State of Washington. | Office of Financial Management, Washington Nonprofits – These documents will be uploaded to the central repository administered by the New York Attorney General's Office. |

## III.  Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosures – Computation of Damages:

Not applicable.

## IV.  Fed. R. Civ. P. 26(a)(1)(A)(iv) disclosures – Insurance Statements:

Not applicable.

## V.  Fed. R. Civ. P. 26(a)(2)(A) – Expert Testimony:

Washington will provide disclosures of expert testimony as required by Rule 26(a)(2) on the schedule directed by the Court and as required by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure.

DATED this 16th day of July, 2018.

ROBERT W. FERGUSON
Attorney General of the State of Washington

/s/ *Laura K. Clinton*
Laura K. Clinton
Assistant Attorney General
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
 LauraC5@atg.wa.gov
(206) 233-3383
Peter Gonick,
Deputy Solicitor General Office of the Attorney
General PO Box 40100
Olympia, WA 98504-0100
 peterg@atg.wa.gov
Tel. (360) 753-6245