

**U.S. Department of Justice**
Civil Division
Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005

**By ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York

      Re:  *State of New York, et al., v. U.S. Department of Commerce, et al.*, 18-cv-2921 (JMF)

Dear Judge Furman:

      Pursuant to Federal Rule of Civil Procedure 37(c)(1), Defendants move for the exclusion of "supplemental" expert disclosures produced by Plaintiffs on the eve of trial, as well as any testimony related to those disclosures. Specifically, four days before trial, Plaintiffs served two "supplements" to the expert reports of Matthew Barreto and Sunshine Hillygus addressing various aspects of imputation. These supplements are untimely under Rules 26(a)(2) and 26(e)(2), and prejudicial under Rule 37(c)(1). The supplements and any testimony concerning those supplements should therefore be excluded.

      As relevant here, Plaintiffs produced expert reports of Matthew Barreto and Sunshine Hillygus on September 7, 2018. On September 21, 2018, Defendants disclosed the facts and opinions of Dr. John Abowd pursuant to Rule 26(a)(2)(C), and both Dr. Barreto and Dr. Hillygus served rebuttal reports on October 1, 2018. Although not required by Rule 26(a)(2)(C), Defendants nonetheless produced the documents underlying Dr. Abowd's opinions on October 5, 2018. Plaintiffs then deposed Dr. Abowd in his capacity as an expert witness on October 12, 2018.[1] One week later, Plaintiffs moved to exclude certain portions of Dr. Abowd's testimony. *See* ECF 387. Defendants responded on October 26, 2018, arguing that Defendants' Rule 26(a)(2)(C) disclosure, along with Defendants' subsequent (unrequired) production of documents, provided Plaintiffs more than sufficient notice of Dr. Abowd's anticipated testimony. *See* ECF 404. Plaintiffs filed a reply in further support of their motion on October 29, 2018, and for the first time noted:

> Should the Court decide to permit Dr. Abowd to testify about imputation beyond what is specified in his September 21 report, to the extent that such testimony includes opinions and reliance upon materials that were not disclosed in that report and only disclosed after the October 1, 2018 deadline for Plaintiffs' rebuttal reports, Plaintiffs reserve the right to object and respond to his untimely opinions, and will provide any supplemental opinions to be offered in connection with that response within two days of the Court's ruling on this motion.

ECF 422 at 3. The next day, the Court denied Plaintiffs' motion to exclude certain portions of Dr. Abowd's testimony "substantially for the reasons set forth in Defendants' opposition," explaining that "[t]he Court is unpersuaded that Defendants violated Rule 26 of the Federal Rules of Civil Procedure

---

[1] Plaintiffs previously deposed Dr. Abowd as a fact witness and twice as a Rule 30(b)(6) witness.

and, to the extent there was a violation, it was harmless." ECF 452. Plaintiffs then served their "supplements" to the expert reports of Drs. Barreto and Hillygus on November 1, 2018.

Plaintiffs have failed to timely supplement as mandated by the Federal Rules of Civil Procedure. Specifically, Rules 26(a)(2)(E) and 26(e)(2) require experts to supplement their disclosures "by the time [of] the party's pretrial disclosures". And pursuant to the Court's September 17, 2018 Order, the Parties' pretrial disclosures were due October 26, 2018. *See* ECF 323. Plaintiffs' experts should be precluded from offering these improper "supplemental opinions" as untimely, and any testimony related to Plaintiffs' November 1, 2018 "supplements" should be excluded under Rule 37. *See Sandata Techs., Inc. v. Infocrossing, Inc.*, 2007 WL 4157163, at *5 (S.D.N.Y. Nov. 16, 2007) ("Fed. R. Civ. P. 26(e) does not grant a license to supplement a previously filed expert report because a party wants to, but instead imposes an obligation to supplement the report when a party discovers the information it has disclosed is incomplete or incorrect." (citation omitted)).

Rule 37(c)(1) provides that, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Courts in the Second Circuit look to four factors in determining whether to exclude a witnesses' testimony under Rule 37: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Eastwood v. City of New York*, 2009 WL 3459206, at *3 (S.D.N.Y. Oct. 27, 2009). All of these factors weigh in favor of excluding Plaintiffs' "supplemental" disclosures and related testimony.

First, Plaintiffs' "explanation for the failure to comply with the discovery order" is evident from their conduct: they sought to exclude Dr. Abowd's imputation testimony, and the Court rejected that letter motion. Both Drs. Barreto and Hillygus base their "supplemental opinions" on Memo J-12—a memorandum discussing imputation—that Defendants produced on October 5, 2018, almost a full month before Plaintiffs' "supplements". Rather than attempting to promptly address this "new" information, Plaintiffs tried to build a record for exclusion by deposing Dr. Abowd on imputation the following week. *See* ECF 387, 404 (describing Dr. Abowd's testimony on Memo J-12). Over two weeks later—after the deadline for pretrial submissions and after Defendants' opposed Plaintiffs' motion to exclude—Plaintiffs raised, for the first time, the possibility of providing "supplemental opinions" if the Court ruled against them. ECF 422 at 3. And it was only after the Court denied Plaintiffs' motion in no uncertain terms, ECF 452, that Plaintiffs served their "supplemental opinions" addressing the exact topic the Court found adequately disclosed over a month earlier. Put simply, this heads-we-win-tails-you-lose strategy is the very definition of sandbagging rejected by Rule 37. *See Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000) ("The purpose of [Rule 37(c)(1)] is to prevent the practice of 'sandbagging' an adversary with new evidence."). The Court should therefore reject Plaintiffs' not-so-subtle attempt to conduct "trial by ambush", and should concomitantly preclude the opinions of Drs. Barreto and Hillygus expressed in their November 1, 2018 "supplements". *Kunstler v. City of New York*, 242 F.R.D. 261, 264 (S.D.N.Y. 2007) (Rule 37 "is designed to avoid surprise or trial by ambush." (quotation marks omitted)); *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (same).

Second, "the importance of the testimony of the precluded witness" also weighs heavily in favor of exclusion—it is not important at all. After the self-response phase of the census, and after nonresponse followup operations, the Census Bureau uses a well-accepted statistical method called imputation to supply missing data for occupied addresses. *See Utah v. Evans*, 536 U.S. 452, 457 (2002).

Dr. Barreto's September 7, 2018 expert report noted that "the worse the initial non-response is, the worse the initial undercount is, making it increasingly more difficult to convert those cases into responding cases, and increasing more difficult to impute missing units;" Defendants do not object to his imputation testimony insofar as it relates to that initial opinion. And Plaintiffs may cross-examine Dr. Abowd regarding his imputation testimony. But Dr. Barreto and Dr. Hillygus—who barely mentioned imputation before her November 1, 2018 "supplement"—should be barred from expressing "supplemental" opinions about the intricacies of imputation and its speculative impact on differential net undercount.[2]

Third, Defendants will be prejudiced "as a result of having to prepare to meet the new testimony". Given the disclosure of these "supplemental opinions" on the eve of trial, Defendants have little time to counter the extremely-technical assertions of Drs. Barreto and Hillygus. Indeed, Plaintiffs seek to capitalize on this prejudice by having Dr. Hillygus testify on the very first day of trial. ECF 470. Accordingly, the prejudice that would result from permitting this untimely supplementation is manifest.

Fourth, the Court has made clear that trial shall commence on November 5, 2018, so there is little possibility of a continuance. *See* ECF 405.

All four factors weigh in favor of precluding the untimely-disclosed testimony of Drs. Barreto and Hillygus. Indeed, it is not uncommon for courts to preclude expert testimony where, as here, a party does not comply with Rule 26. *See, e.g.*, *AT&T Corp. v. Microsoft Corp.*, 2004 WL 307302, at *1 (S.D.N.Y. Feb. 18, 2004) (precluding testimony by an undisclosed expert); *Fleet Capital Corp. v. Yamaha Motor Corp., U.S.A.*, 2002 WL 31108380, at *3 (S.D.N.Y. Sept. 23, 2002) (precluding the testimony of an untimely disclosed expert). And some courts in this jurisdiction have even precluded supplemental expert reports *prior* to the deadline for pretrial disclosures due to prejudice. *See Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 2010 WL 11597882, at *2 (S.D.N.Y. Aug. 26, 2010) (reasoning that "allowing [defendant's experts] to supplement their expert reports at this point would severely prejudice Plaintiffs," and noting that, "[i]n addition to needing to depose both men again, Plaintiffs would likely need to conduct their own additional testing and perhaps even provide their own additional expert reports"). Here, Plaintiffs made the tactical decision to move for exclusion of Dr. Abowd's testimony rather than provide timely "supplemental opinions". Under these circumstances, exclusion of Plaintiffs' untimely "supplemental" reports and associated testimony is warranted.

---

[2] For example, Dr. Barreto now relies on Memo J-12—produced on October 5, 2018—to go "back to [his] original dataset, tables and analysis included in the initial report to provide estimates of the overall net undercounts due to a less accurate imputation in 2020." As discussed further below, Defendants have little time to counter Dr. Barreto's flawed methodology and no time to re-depose him on these and other baseless "supplemental opinions".

| | |
|---|---|
| Dated: November 3, 2018 | Respectfully submitted, |

                                        JOSEPH H. HUNT
Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel, Federal Programs Branch

CARLOTTA P. WELLS
Assistant Director, Federal Programs Branch

*/s/   Stephen Ehrlich*
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL HALAINEN
MARTIN TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Tel.:  (202) 305-9803
Email:  stephen.ehrlich@usdoj.gov

*Counsel for Defendants*

CC:   All Counsel of Record (by ECF)