November 4, 2018

The Honorable Jesse M. Furman
Thurgood Marshall U.S. Courthouse
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

   RE: Plaintiffs' opposition to Defendants' motion to exclude testimony in *State of New York, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-2921 (JMF).

Dear Judge Furman,

  Defendants' motion to exclude the supplemental expert disclosures and related testimony of Dr. Matthew Barreto and Dr. D. Sunshine Hillygus, Docket No. 475, should be denied. Preclusion of testimony is an "extreme sanction" that should be ordered only in rare circumstances not present here. *Outley v. New York*, 837 F.2d 587, 591 (2d Cir. 1988).

  Defendants identified Dr. Abowd as their expert witness on September 21. Plaintiffs asked to depose him before our October 1 deadline for rebuttal expert disclosures, but Defendants refused to make him available until October 12. (Docket No. 387-1). Nor did Defendants produce the documents underlying Dr. Abowd's opinions before the October 1 deadline, despite Plaintiffs' requests (Docket No. 387-1, Docket No. 387-2); instead, those materials were produced on October 5, also after Plaintiffs' rebuttal deadline.

  Plaintiffs timely filed an expert exclusion motion on October 19 (Docket No. 387) and advised Defendants in our reply that we would serve supplemental opinions if that motion was denied (Docket No. 422). The Court denied Plaintiffs' exclusion motion on October 30 (Docket No. 452), and Plaintiffs served supplemental opinions of Dr. Barreto and Dr. Hillygus two days later, on November 1. Those supplemental opinions elaborate on topics already disclosed in the earlier expert reports of both Dr. Barreto and Dr. Hillygus, as informed by new information provided in the October 12 Abowd deposition and October 5 document production.

  Preclusion of expert testimony under Fed. R. Civ. P. 37(c)(1) is a discretionary remedy. *Leong v. 127 Glen Head Inc.*, No. CV-13-5528, 2016 WL 845325, at *3 (E.D.N.Y. Mar. 2, 2016). "Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Outley*, 837 F.2d at 591. The Second Circuit has identified four factors that bear on this Court's exercise of its discretion: (1) the party's explanation for the timing of the disclosure; (2) the importance of the testimony; (3) prejudice suffered by the opposing party; and (4) the possibility of a continuance. *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). Applying these factors, the supplemental opinions of Drs. Barreto and Hillygus should not be excluded.

  First, Plaintiffs disclosed the supplemental analysis of Drs. Barreto and Hillygus just two days after the Court denied Plaintiffs' motion to exclude Dr. Abowd's testimony, and in response to information that Defendants acknowledge was not disclosed before the October 12 Abowd

deposition and the October 5 document production. (Docket No. 475, at 1). Defendants suggest that Plaintiffs should have prepared their responsive analysis at the same time that they sought to exclude Dr. Abowd's opinions – or perhaps immediately after learning Dr. Abowd's new opinions at his October 12 deposition – but this is effectively a difference in time of only nine days: Discovery in this action was stayed from October 9 to October 22 as a result of Defendants' application for a stay from the Supreme Court. *See* Docket, No. 18A375 (S. Ct.). The harm Defendants complain of is therefore the nine-day lapse in time from October 23 to November 1, when the supplemental analysis was disclosed. Defendants can hardly object to Plaintiffs' failure to produce discovery materials during the pendency of a discovery stay that Defendants themselves sought and received.

In addition, Defendants themselves delayed in producing the materials needed for Drs. Barreto and Hillygus to supplement their expert opinions. Plaintiffs asked on September 22 for Dr. Abowd's underlying materials, but did not receive the responsive production until October 5 (after the rebuttal disclosure deadline); and Plaintiffs further asked to depose Dr. Abowd immediately after his report was disclosed, but he was not made available until October 12. (Docket No. 387-1, Docket No. 387-2). Because Defendants stalled Plaintiffs' discovery of underlying information regarding imputation that was uniquely in Defendants' possession, the timing of Plaintiffs' supplemental disclosure was not unreasonable.

As to the second factor, Defendants argue that the testimony should be excluded because "it is not important at all." (Docket No. 475, at 2). Setting aside that this assertion undermines any claim of prejudice (because Defendants cannot be prejudiced by the consideration of unimportant testimony), Defendants themselves have put the effectiveness of the Census Bureau's imputation methods at issue in this case. Defendants argue, *inter alia*, that Plaintiffs cannot establish Article III standing because imputation can address any decline in self-response caused by the citizenship question. (Defs.' Pretrial Mem., Docket No. 412, at 1-2, 12-16). Plaintiffs disagree, and should not have their hands tied in responding to the full scope of the evidence Defendants intend to present on imputation, including evidence that was only first disclosed on October 12.

Third, Defendants have not demonstrated any prejudice that would warrant exclusion. Defendants' argument is that they will not have sufficient time to counter the November 1 disclosures. But as noted, given the discovery stay Defendants procured from the Supreme Court, the additional time they believe they should have had amounts to little more than a week. Plaintiffs should not be subjected to the "extreme sanction of preclusion" on a claim of prejudice amounting to a nine-day difference in time. *Outley*, 837 F.2d at 591 (reversing for abuse of discretion the district court's decision to preclude two eyewitnesses for the defense where counsel, by oversight, failed to disclose those witnesses until her opening statement). In addition, Dr. Abowd will apparently be present in the courtroom for the entirety of the trial, *see* Nov. 1 Tr. at 21-24, and can observe Dr. Barreto's and Dr. Hillygus's testimony live. Defendants can adduce any responsive testimony from Dr. Abowd when he testifies as Defendants' expert.

Defendants' claim of prejudice also fails because they have known since October 1 that both Dr. Barreto and Dr. Hillygus were rebuttal witnesses to Dr. Abowd's testimony, including on the topic of imputation. Defendants therefore cannot claim surprise, as both experts provided

an opinion on imputation in their previous reports.  *See New York v. Solvent Chem. Co.*, 685 F. Supp. 2d 357, 414-16 (W.D.N.Y. 2010), *rev'd in part on other grounds*, 664 F.3d 22 (2d Cir. 2011); *see also S.W. v. City of New York*, No. CV-2009-1777, 2011 WL 3038776, at *3-4 (E.D.N.Y. July 25, 2011) (denying motion to exclude supplemental expert analysis that directly addressed the opposing party's expert testimony, because "the rules do not require an expert to anticipate every argument made by an opposing expert or risk preclusion").  In addition, the underlying data for Dr. Barreto's supplemental opinion was disclosed to Defendants on September 7, and Dr. Barreto's supplemental analysis simply uses that data as informed by Defendants' own recent disclosures.  Dr. Barreto's supplement also describes exactly how his figures were derived, enabling Defendants to replicate the analysis.  As to Dr. Hillygus, her short supplement merely expands upon her previous opinions on imputation expressed in her rebuttal report in response to Defendants' delayed production of relevant materials.  The supplements for both experts simply provide more detail and notice to Defendants of these witnesses' expected testimony, based on materials produced after Plaintiffs' rebuttal report deadline.  Plaintiffs should not be punished for giving additional notice of their experts' views.

As to the fourth factor, the parties agree there is no possibility of a continuance.  (Docket No. 475, at 3).  The Court has recognized that time is of the essence.

Consideration of these four factors in full establishes that Plaintiffs' disclosure of the supplemental analyses of Drs. Barreto and Hillygus is not, in the circumstances of this case, sufficiently tardy or prejudicial as to warrant preclusion.  *See Exo-Pro, Inc. v. Seirus Innovative Accessories, Inc.*, No. CV 05-3629, 2008 WL 4878513, at * 2 (E.D.N.Y. Feb. 19, 2008) (noting that in the Second Circuit, "even where the failure to disclose is neither justified nor harmless, district courts generally do not order preclusion") (citing cases); *see also* 7 Moore's Federal Practice § 37.60[2][b] (3d ed. 2018) ("[M]any judges are reluctant to exclude evidence that is important to the merits of the case without a showing of substantial and largely irremediable prejudice, as well as bad faith, willfulness, or some other substantial fault.").

Defendants' motion to exclude this testimony should be denied.

Respectfully submitted,

BARBARA D. UNDERWOOD
*Attorney General of the State of New York*

By: */s/ Matthew Colangelo*
Matthew Colangelo, *Executive Deputy Attorney General*
Elena Goldstein, *Senior Trial Counsel*
Elizabeth Morgan, *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
matthew.colangelo@ag.ny.gov

Attorneys for the *State of New York* Plaintiffs

3

ARNOLD & PORTER KAYE SCHOLER LLP
AMERICAN CIVIL LIBERTIES UNION

By: */s/ John A. Freedman*

Dale Ho
American Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 549-2693
dho@aclu.org

Sarah Brannon*
American Civil Liberties Union Foundation
915 15th Street, NW
Washington, DC 20005-2313
202-675-2337
sbrannon@aclu.org
*Not admitted in the District of Columbia;
practice limited pursuant to D.C. App. R.
49(c)(3).*

Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601
pgrossman@nyclu.org

Andrew Bauer
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-7669
Andrew.Bauer@arnoldporter.com

John A. Freedman
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, DC 20001-3743
(202) 942-5000
John.Freedman@arnoldporter.com

Attorneys for the *NYIC* Plaintiffs