UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, *et al.*, | No. 1:18-cv-2921 (JMF) |
| Plaintiffs, | Hon. Jesse M. Furman<br>United States District Judge |
| v. | |
| | **DEFENDANTS' REVISED EVIDENTIARY OBJECTIONS TO PLAINTIFFS' TRIAL AFFIDAVITS** |
| UNITED STATES DEPARTMENT OF COMMERCE, *et al.*, | |
| Defendants. | |

In accordance with paragraph 5(E)(i) of this Court's individual rules and practices in civil cases, Defendants United States Department of Commerce, Wilbur L. Ross, Jr., in his official capacity as Secretary of Commerce, Bureau of the Census, and Ron S. Jarmin, in his capacity as performing the non-exclusive functions and duties of the Director of the U.S. Census Bureau, object to the following portions of Plaintiffs' trial affidavits:

## DECLARATION OF DANIEL ALTSCHULER

**¶ 22:** Relevance.  This paragraph discusses "diverted resources with regard to [MRNY's] participation in this lawsuit."  To the extent this paragraph seeks to establish MRNY's standing to sue based upon its expenditure of funds on this litigation, such an allegation is insufficient as a matter of law to establish standing.  *See Steel Co. v. Citizens for a Better Envt.*, 523 U.S. 83, 108 (1998) (holding that "reimbursement of the costs of litigation cannot alone support standing"); *Nat. Assoc. of Home Builders v. Envtl Prot. Agency*, 667 F.3d 6 (D.C Cir. 2011) ("[T]his litigation's expenses do not qualify as an injury in fact.").  Because the expenditure of funds on this litigation do not qualify as an injury-in-fact as a matter of law, this paragraph describing an alleged injury as a result of MRNY's expenditure of resources on the litigation is irrelevant.

**AFFIDAVIT OF TODD A. BREITBART**

**¶¶ 2–12:** Untimely Disclosed Expert Testimony.  Mr. Brietbart offers the predictive opinion that "[b]y causing an underreporting of the non-citizen population, the proposed citizenship question will impair the constitutionally protected right of ***minority-group voting-age citizens*** to be represented in Congress equally with all other persons in their respective states of residence." *See* Breittbart Decl. ¶ 8 (emphasis in original).  Mr. Breitbart proceeds to discuss legal cases and then purports to analyze the results of the American Community Survey five-year estimates.  *Id.* at ¶¶ 9-10, 12.  These opinions are based on specialized knowledge and, as such, they are subject to Federal Rule of Evidence 702.

As this Court has explained, a lay witness may offer opinion testimony under appropriate conditions. *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 4410008, at *2 (S.D.N.Y. Aug. 18, 2016).

> Rule 701 of the Federal Rules of Evidence provides that lay witnesses may offer opinions only if they are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  The first requirement "is the familiar requirement of first-hand knowledge or observation." Fed. R. Evid. 701 advisory committee's note to 1972 Proposed Rules.  The purpose of the third requirement "is to prevent a party from conflating expert and lay opinion testimony thereby conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony set forth in Rule 702 and the pre-trial disclosure requirements set forth in . . . [Federal Rule of Civil Procedure] 26." *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005).  As a result, if the purported lay opinion "rests in any way upon scientific, technical, or other specialized knowledge, its admissibility must be determined by reference to Rule 702, not Rule 701." *Id.* (quoting 4 Weinstein's Federal Evidence § 701.03[1] ).

Here, Mr. Breitbart is not offering a lay opinion based on personal perception; rather, he purports to conduct an analysis based on his specialized knowledge through reliance upon Census data and offers a predictive opinion about the outcome of the 2020 decennial census.  Under these circumstances, Mr Breitbart's opinions are subject to the relevance and reliability criteria of Rule 702, and Plaintiffs' failure to disclose his testimony under Rule 26(a)(2)(C) should result in its

exclusion.  *See United States v. Tomasetta*, No. 10 CR 1205 PAC, 2012 WL 1080293, at *4 (S.D.N.Y. Mar. 30, 2012) (holding that testimony by research analysts about predictions about the effect of making different disclosures or opinions based on generalized knowledge about the industry constituted expert testimony); *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 4410008, at *2 (S.D.N.Y. Aug. 18, 2016) (holding that testimony by an EMT and a state trooper about why air bags didn't deploy in a crash required specialized or technical knowledge and thus constituted expert testimony).

## AFFIDAVIT OF SARA CULLINANE

¶ 4:  *Furthermore, in 2017, Immigration and Customs Enforcement ("ICE") increased arrests and detentions of immigrants in New Jersey by 42%, outpacing the national average of an approximately 30%."*  Lack of Personal Knowledge.  Foundation.  Hearsay.  As reflected in paragraph 3 of Ms. Cullinane's supplemental declaration, the basis for her knowledge is two newspaper articles.  Those newspaper articles constitute inadmissible hearsay.  *See Century Pacific, Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 217 (SD.N.Y. 2007) ("Newspaper articles offered for the truth of the matter asserted are inadmissible hearsay.").  To the extent Ms. Cullinane is simply repeating statements in newspaper articles and relying upon those articles for the truth of the matters asserted therein, Defendants' object to this sentence.

¶ 10:  Untimely disclosed expert opinion.  Ms. Cullinane purports to offer a predictive opinion, "based on my experience and observations," that she anticipates that "many immigrants and their U.S. citizen family members will choose not to respond to the citizenship question or the Census as a whole because they are scared to share their citizenship status with the federal government.  This will lead to vast undercounting in communities of color, immigrant communities, and low-income communities across New Jersey."  For the reasons discussed above concerning Mr. Breitbart, Ms. Cullinane is not offer lay opinion testimony but instead, based on her specialized

knowledge, is offering an untimely expert opinion under Rule 702.  As such, this testimony should be excluded.

### DECLARATION OF GEORGE ESCOBAR

¶ 2: *"Based on my nearly 20 years of professional experience working for Latino and immigrant serving organizations in both the public and private sectors, the current outreach to immigrant communities I oversee in my current capacity at CASA, and my conversations with individual CASA members, I believe the addition of a citizenship question to the 2020 Decennial Census short-form questionnaire will deter participation of many individuals in the Latino and immigrant communities and result in a disproportionate undercount of Latinos."* Untimely disclosed expert testimony.  For the reasons discussed above concerning Mr. Breitbart, Mr. Escobar is offering a predictive opinion based on his specialized knowledge.  Because this expert opinion was not timely disclosed, it should be excluded.

¶ 3: *"Specifically, they will be harmed because the disproportionate undercount that will result from the citizenship question among immigrants of color will diminish their political power relative to other parts of their states. In addition, this undercount will diminish the amount of Census-related funding those areas receive for key programs, services, and facilities that our members and their families rely on to succeed in the communities in which they live."* Untimely disclosed expert testimony, for the same reasons noted above.

### AFFIDAVIT OF EMILY FREEDMAN

¶¶ 7–14: Untimely disclosed expert testimony.

Ms. Freedman is the Director of Community Development for the City of Providence, Rhode Island.  In her declaration, she discusses the federal funding received from the U.S. Department of Housing and Urban Development and how Community Development Block Grants, Emergency Solution Grants, and Home Investment Partnership Programs operate.  Ms. Freedman's understanding of these federal funding programs is plainly based upon the specialized knowledge

she has developed by virtue of her job, and opinions about the consequences of a loss of funding constitute Rule 702 testimony.  Because Plaintiffs did not timely disclosure this expert opinion, it should be excluded for the reasons discussed above concerning Mr. Breitbart.

## AFFIDAVIT OF JESÚS G. GARCÍA

¶ 19: "*Just over half of the federal funds that Cook County received and managed for Fiscal Year 2017 came from programs that allocate funding on the basis of Census Bureau data. In order to arrive at this conclusion, my staff made an analysis of federal grants Cook County received for Fiscal Year 2017, using an annual audit report and a listing of federal funds that use Census Bureau data. Various Cook County programs are funded by agencies and programs that rely on Census population data.*"  Untimely disclosed expert testimony.  This testimony is not based upon personal perception but rather an analysis that he directed his staff to conduct.  For the reasons discussed above concerning Mr. Breitbart, this untimely disclosed expert testimony should be excluded.

## AFFIDAVIT OF KATHERINE HARVELL HANEY

¶¶ 4–9: Undisclosed expert testimony.  Ms. Haney is the Chief Financial Officer of the Massachusetts Executive Office of Health and Human Services.  She notes that her declaration is based upon "personal knowledge" or that she has "reviewed information gathered for me in my capacity as Chief Financial Officer."  ¶ 2.  Ms. Haney proceeds to explain various federal funds received by Massachusetts and explains the complicated methods in which those funds are distributed based, at least in part, on the outcomes of the decennial census.  For the reasons discussed above concerning Mr. Breitbart, this is not a lay opinion, but rather an opinion based on specialized knowledge.  Because Plaintiffs did not timely disclose this expert testimony, it should be excluded.

### AFFIDAVIT OF JASON HARMON

**¶¶ 4–6:** Undisclosed expert testimony.  Mr. Harman is the Director of the Office of the Every Student Succeeds Act Funded Programs at the New York State Education Department.  Mr. Harman explains in his declaration the various federal funds his agency receives, and how those funds could be impacted by the census.  Mr. Harman plainly has specialized knowledge based upon his job and is utilizing that specialized knowledge in explaining the complicated federal funding formulae used by his agency.  Because this testimony exceeds the permissible bounds of lay opinion testimony and was not timely disclosed, it should be excluded.

### AFFIDAVIT OF GREGORY E. LUCYK

**¶¶ 1–10:**  Untimely disclosed expert opinion.  Mr. Lucyk is an attorney who works as a volunteer member of the Board of Directors for One Virginia 2021: Virginians for Fair Redistricting.  Mr. Lucyk purports to explain the Constitution of Virginia, its relationship to redistricting, and provides statistics concerning Virginia's immigrant population.  This testimony is plainly based on specialized knowledge and this untimely disclosed expert testimony should be excluded for the reasons discussed above concerning Mr. Breitbart.

### AFFIDAVIT OF CHRISTINE PIERCE

Untimely disclosed fact witness.  Plaintiffs acknowledge that they failed to identify Ms. Piece by name on their initial disclosures.  Rather, they generically identified "[i]ndividuals with whom Secretary Ross 'personally had specific conversations on the citizenship question,' as referenced in the March 26, 2018 decision memo."  Indeed, Plaintiffs admit that this generic description covered at least 24 individuals.  Such a disclosure failed to put Defendants on notice that Plaintiffs intended to rely upon Ms. Pierce in support of their claims.  Accordingly, Ms. Pierce's declaration should be excluded under Rule 37 because she was not timely disclosed.

**AFFIDAVIT OF JACQUELINE TIEMA-MASSIE**

¶ **6, 13-14:**  Untimely disclosed expert testimony.

¶ **15:** *"Based on similar analysis I have conducted in the past to address state budget concerns, these outcomes are very likely to occur as a result of reduced funding."*  Untimely disclosed expert testimony.

¶ **17:** *"Delegate agencies which heavily rely on government support to operate programs, including their staff and operations, and the communities in which these organizations are located would all be negatively impacted."*  Untimely disclosed expert testimony.

¶ **18:** *"For example, a reduction in funding to the CSBG would significantly impact low-income families."*  Untimely disclosed expert testimony.

¶¶ **19–20:** Untimely disclosed expert testimony.

For the same reasons as discussed above for the other witnesses, this testimony is based upon specialized knowledge and because it was not timely disclosed, it should be excluded.

Dated:  November 5, 2018        JOSEPH H. HUNT
                                Assistant Attorney General

                                BRETT A. SHUMATE
                                Deputy Assistant Attorney General

                                JOHN R. GRIFFITHS
                                Director, Federal Programs Branch

                                JOSHUA E. GARDNER
                                Special Counsel, Federal Programs Branch

                                CARLOTTA P. WELLS
                                Assistant Branch Director, Federal Programs Branch

                                       */s/ Stephen Ehrlich*
                                KATE BAILEY
                                GARRETT COYLE
                                STEPHEN EHRLICH
                                CAROL FEDERIGHI
                                DANIEL J. HALAINEN
                                MARTIN M. TOMLINSON
                                Trial Attorneys
                                United States Department of Justice
                                Civil Division, Federal Programs Branch
                                1100 L Street NW
                                Washington, DC 20005
                                Tel.:  (202) 305-9803
                                Fax:  (202) 616-8470
                                Email:  stephen.ehrlich@usdoj.gov

                                *Counsel for Defendants*