IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>Plaintiffs,<br><br>NEW YORK IMMIGRATION COALITION, et al.,<br><br>Consolidated Plaintiffs<br><br>v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE, et al.,<br><br>Defendants. | Civil Action No. 1:18-cv-2921-JMF |

**SUPPLEMENTAL AFFIDAVIT OF EMILY FREEDMAN**

Pursuant to 28 U.S.C. § 1746, I, Emily Freedman, hereby declare as follows:

1. As explained in my October 24 Affidavit, I am Director of Community Development for the City of Providence, Rhode Island, where I have been employed since 2016. All of the statements made in my October 24 Affidavit and in this Affidavit are made based on my personal knowledge, acquired as part of my work for Providence. As Director of Community Development, I am responsible for overseeing the administration, coordination, and preparation of all work required to complete and fulfill Providence's obligations under its community development and housing programs, including but not limited to all HUD-funded programs.

2. As part of my role, and as discussed in paragraphs 2 and 3 of my October 24 Affidavit, I supervise and work closely with staff who administer several HUD-funded programs, including Community Development Block Grant funds, Emergency Solutions Grant funds, and HOME Investment Partnership Program funds. Because I oversee these programs, I am aware of

1

the kinds of services they provide to Providence residents as set forth in paragraphs 7, 10 and 13 of my October 24 Affidavit. As Director of Community Development, I am uniquely positioned to have oversight of these three HUD-funded sources that are predicated in part on decennial census data.

3. During the course of my work I regularly meet with colleagues about the administration of these programs. During these meetings, we have discussed the formulas that determine the funding that Providence will receive for these programs. It is important to my work to understand how HUD allocates these dollars, both for planning and administrative purposes. I have therefore come to have a keen understanding of the formulas used to allocate Providence's share of Community Development Block Grant funds, Emergency Solutions Grant funds, and HOME Investment Partnership Program funds. In reviewing the relevant HUD regulations, which is a necessary part of my job responsibilities, I have learned that for Emergency Solutions Grant funds, the amount Providence receives each year is dependent on the amount of Community Development Block Grant funds it received the prior federal fiscal year.

4. When preparing my October 24 Affidavit, I confirmed the specific funding amounts received under the three HUD grant programs that are predicated at least in part on decennial census data. I then confirmed these funding numbers with available public records and with my colleagues who administer these programs. I specifically verified the grant amounts discussed in paragraph 6 of my October 24 Affidavit in this manner.

5. I know that the HUD formulas dictate that changes in Providence's population count will directly impact the City's funding levels for these programs. Based on what I have learned during the course of my work as Director of Community Development, it is my

understanding that a decrease in Providence's population count will lead to a corresponding decrease in its share of funds for these programs.

6.  As I explained in my October 24 Affidavit, decreases in Providence's share of these federal dollars would result in reductions of critical social services funded by these three grant programs, such as homeless and domestic violence case management and affordable housing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:   November 3, 2018

Providence, RI

*Emily Freedman*
Emily Freedman

3