November 12, 2018

The Honorable Jesse M. Furman
Thurgood Marshall U.S. Courthouse
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      RE:    Plaintiffs' letter-motion to admit trial exhibits in *State of New York, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-2921 (JMF).

Dear Judge Furman,

    Pursuant to Paragraph 3(A) of this Court's Individual Rules and Practices, Plaintiffs submit this letter-motion to move the admission into evidence of the following trial exhibits. (Plaintiffs will also seek Defendants' consent to the admission of a final set of Plaintiffs' trial exhibits not covered by this letter-motion and on which we believe the parties should be able to agree; absent consent, Plaintiffs will seek the admission of this remaining set of exhibits by separate motion.)

    *1. Articles authored by Census Bureau employees on matters within the scope of their employment relationship.* Twelve exhibits – PX-347, PX-377, PX-382, PX-383, PX-387 (at pages stamped 173 to 192), PX-390 (at pages stamped 62 to 86), PX-392, PX-395, PX-396, PX-401, PX-413, and PX-502 – are articles and published studies authored or co-authored by Census Bureau employees. Defendants have objected on Rule 802 and Rule 805 grounds to each exhibit. The authors' Census Bureau affiliations are noted on the first page of each article, and there can be no dispute that the authors were working on matters within the scope of their employment relationship. Under Rule 801(d)(2), these exhibits are therefore not hearsay. Defendants have also lodged Rule 901 objections to four of these exhibits (PX-347, PX-377, PX-383, and PX-401), but each is a publicly-available paper published by the Census Bureau itself (three are published through the Bureau's Center for Administrative Records Research and Applications, and the fourth (PX-377) is published on the Bureau's website at https://www.census.gov/content/dam/Census/library/working-papers/2015/demo/POP-twps0103.pdf). The reports are therefore self-authenticating under Rule 902.

    Defendants object on Rule 401 and Rule 403 grounds to each exhibit as well.[1] These studies of Census Bureau methods and methodologies are directly relevant to the issues in this litigation, and are not cumulative of other evidence.

    *2. Exhibits reflecting communications between or by Department of Justice employees regarding the citizenship question.* Sixty-one exhibits reflect communications between or by Department of Justice employees regarding the citizenship question. (These exhibits are PX-

---

[1] With very few exceptions, Defendants have objected to every exhibit identified in this letter-motion on Rule 401 and Rule 403 grounds, in addition to the other bases noted. In the interest of brevity, Plaintiffs will not reiterate Defendants' assertions of Rule 401 and Rule 403 objections throughout, and instead note here our position that all exhibits briefed in this letter-motion are relevant and non-cumulative; and further note that because this is a bench trial, there is no risk of prejudicing or confusing the fact-finder.

1

156, PX-157, PX-196, PX-202 to PX-214, PX-216 to PX-219, PX-254, PX-272, PX-273, PX-505, PX-506, PX-508, PX-509, PX-525 to PX-528, PX-540, PX-541, PX-623 to PX-646, and PX-648 to PX-651.)  Defendants have objected to all of these exhibits on Rule 802 grounds; most are also objected to on Rule 901 grounds.  The Court should admit these exhibits into evidence because they are either not hearsay or fall within a hearsay exception, and because their authenticity cannot reasonably be questioned.

PX-272, PX-273, and PX-509 are the written testimony, a short video excerpt, and the full hearing transcript, respectively, of then-Acting Assistant Attorney General John Gore's testimony before the House Oversight and Government Reform Committee on May 18, 2018.  Defendants object to all three exhibits on hearsay grounds.  At the time of his testimony, Mr. Gore was Acting Assistant Attorney General for Civil Rights, and was testifying about his office's activities.  These exhibits are therefore admissible under Rule 803(8).  In the alternative, Mr. Gore's sworn Congressional testimony can be admitted under the residual exception at Rule 807.  The Court may also take judicial notice of the sworn Congressional testimony of a senior Department of Justice official.  Fed. R. Evid. 201.

The remainder of the exhibits in this category all reflect internal correspondence between Department of Justice employees, and are all also subject to Rule 802 objections.  Because Defendants have repeatedly and successfully contended that Justice Department attorneys (including Mr. Gore) were their attorneys for the purpose of asserting attorney-client privilege (*e.g.*, Docket No. 451), it cannot be disputed that these attorneys are agents of a party in this case.  Under Rule 801(d)(2)(D), their statements are therefore not hearsay.  *United States v. Margiotta*, 662 F.2d 131, 142-43 (2d Cir. 1981) ("Statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney."), *superseded by statute on other grounds as noted in United States v. Hoskins*, 902 F.3d 69, 75-76 (2d Cir. 2018); *see also Bensen v. Am. Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *9-11 (S.D.N.Y. July 29, 1996).

In the alternative, these exhibits may be admitted into evidence to the extent they are not offered for the truth of the matter, but instead to show that Defendants' articulated reason for adding a citizenship question (*i.e.*, that it is "necessary to provide complete and accurate data in response to the DOJ request," PX-1 at AR 1320) is false or misleading.  It is well established that documents submitted to demonstrate a party's statement is false are not hearsay because they are not admitted for their own truth.  *See, e.g.*, *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) (a statement offered to show that a party made false representations "obviously is not offered for the truth of the matter asserted, and therefore is non-hearsay under Rule 801(c)"); *see also Gonzalez v. Dep't of Homeland Sec.*, 678 F.3d 254, 262 (3d Cir. 2012) (DHS officer's declaration regarding statements by the defendant during a naturalization interview were not hearsay because they were not offered for the matter asserted, but instead to show that the defendant made false statements); *cf. United States v. Mergen*, 764 F.2d 199, 206-07 (2d Cir. 2014) (prior inconsistent statements are not hearsay because they are not offered for their truth, but instead to discredit the inconsistent statement).

Defendants have also objected to most of the internal communications in this category on Rule 901 grounds.  All but three were produced by Defendants in response to Plaintiffs' Rule 45 subpoena in this action; the remaining three (PX-156, PX-157, PX-254) were produced by the

Justice Department in response to FOIA requests and litigation. Defendants' Rule 901 objections should therefore be overruled because these documents are either self-authenticating public records, or because having produced them in response to a subpoena or in FOIA litigation, Defendants cannot reasonably dispute their authenticity.

*3. Communications between the Census Bureau and the Justice Department.* Four exhibits (PX-197 to PX-200) consist of emails between Ron Jarmin (Acting Director of the Census Bureau) and Art Gary (General Counsel of DOJ's Justice Management Division), sometimes copying Enrique Lamas (Acting Deputy Director of the Census Bureau). Defendants object to these four exhibits on Rule 802 and Rule 901 grounds. Under Rule 801(d)(2), Dr. Jarmin's statements in these emails are not hearsay because they are the statements of an opposing party. Mr. Gary's statements are likewise admissible because (a) he was acting as an agent of the Defendants under Rule 801(d)(2)(D); or (b) in the alternative, they can be admitted for their effect on the recipient (that is, that Dr. Jarmin and Dr. Lamas understood from Mr. Gary's statements whether or not DOJ was willing to meet to discuss the Census Bureau's alternative proposals). *See Leser v. U.S. Bank Nat'l Ass'n*, No. 09-CV-2362, 2012 WL 6738402, at *5 (E.D.N.Y. Dec. 29, 2012).

The authenticity of emails between Census Bureau and Justice Department officials, produced by DOJ in response to a subpoena in this case, cannot reasonably be disputed.

*4. Official publications of the Census Bureau, GAO, and other federal government agencies.* Defendants have objected to the admission of nine exhibits that are all public reports authored by federal government agencies. These reports should be admitted.

PX-375 and PX-563 are both federal government reports published by the U.S. GAO. Defendants object on Rule 802 hearsay grounds, but GAO reports are admissible under the Rule 803(8) exception for public reports, as the Court held on the first day of trial in connection with a separate GAO report. *See* Trial Tr. 102 (overruling objection to the admission of PX-367). Defendants' hearsay objections should be overruled.

PX-529 is a memorandum opinion prepared by the Justice Department's Office of Legal Counsel for the General Counsel of the Department of Commerce, dated January 4, 2010, regarding census confidentiality. Defendants' objection on hearsay grounds should be overruled under Rule 803(8), and Defendants' authenticity objection should be overruled because, as an official government publication (available on the Justice Department's website at https://www.justice.gov/sites/default/files/olc/opinions/attachments/2016/03/18/2010-01-04-census-confidentiality.pdf), the OLC opinion memo is self-authenticating.

PX-344 is a table prepared by the Census Bureau and titled "Net Undercount and Undercount Rate for U.S. and States (1990)." Defendants object on Rule 802 and Rule 901 grounds. The table is published on the Census Bureau website at https://www.census.gov/dmd/www/pdf/understate.pdf, and is non-hearsay per Rule 801(d)(2); or in the alternative is admissible under the Rule 803(8) public records exception to the rule against hearsay. PX-344 is a self-authenticating publicly-available table that is published on the Census Bureau's website.

3

PX-373 is also a document prepared by the Census Bureau and published on the Bureau's website but that Defendants oppose on Rule 901 grounds. This document, "DS-16: Checklist for a Survey's Handling of Sensitive Topics and Very Sensitive Topics in Dependent Interviewing," is a self-authenticating document that is published by the Census Bureau online at https://www2.census.gov/foia/ds_policies/ds016_checklist.pdf.

PX-564 is another paper prepared by the Census Bureau, titled "Administrative Records Modeling Update for the Census Scientific Advisory Committee," that Defendants have objected to on Rule 802 and Rule 901 grounds. The paper is admissible under Rule 801(d)(2) and, in the alternative, under Rule 803(8); and is self-authenticating under Rule 902. The first page of the report attributes authorship to the Administrative Records Modeling Team, which is a unit with the Bureau's Decennial Statistical Studies Division. The paper is publicly available on the Census Bureau's website at https://www2.census.gov/cac/sac/meetings/2017-03/admin-records-modeling.pdf; and both the agenda and the demonstrative slides[2] for the March 2017 CSAC meeting clearly identify Census Bureau authorship.

PX-388 is a report titled "Measuring Overcrowding in Housing" published by the Office of Policy Development and Research at the U.S. Department of Housing and Urban Development. Defendants object on Rule 802 and Rule 805 grounds. This HUD study is a public report admissible under Rule 803(8).

PX-247 and PX-248 are both reports published by the U.S. Department of Education. PX-247 is a November 2016 report titled "Non-Regulatory Guidance: Fiscal Changes and Equitable Services Requirements under the Elementary and Secondary Education Act of 1965, as amended by the Every Student Succeeds Act"; and PX-248 is a May 2003 report titled "State Educational Agency Procedures for Adjusting Basic, Concentration, Targeted, and Education Finance Incentive Grant Allocations Determined by the U.S. Department of Education." Defendants object to the admission of both reports on Rule 802 grounds. These Department of Education publications are records of a public office admissible under Rule 803(8).

*5. Other admissible exhibits.* Defendants object to the following four exhibits on various grounds.

PX-282 is a transcript of a May 8, 2018 hearing of the House Oversight and Government Reform Committee, titled "Progress Report on the 2020 Census," at which both Earl Comstock and Dr. Ron Jarmin testified. Defendants object on Rule 802 grounds. The sworn testimony of Defendants' senior staff at this Congressional hearing is admissible under Rule 801(d)(2).

PX-309 is the amicus brief of four former Census Directors filed in *Evenwel v. Abbott*, 136 S. Ct. 1120 (2016) (No. 14-940). Defendants object on hearsay grounds. The exhibit is not offered for the truth but to establish that four former Census Directors explained to the Supreme Court in September 2015 that in their judgment, "a one-by-one citizenship inquiry would invariably lead to a lower response rate to the Census in general," and would "seriously frustrate

---

[2] See https://www2.census.gov/cac/sac/meetings/2017-03/2017-mule.pdf; https://www2.census.gov/cac/sac/meetings/2017-03/csac-agenda.pdf.

4

the Census Bureau's ability to conduct the only count the Constitution expressly requires." The Court may also take judicial notice of the former Directors' amicus brief under Rule 201.

PX-485 is a Justice Department press release dated January 8, 2018, titled "Attorney General Sessions Announces Appointment of James McHenry as Director of the Executive Office for Immigration Review." Defendants object on Rule 802 and Rule 805 grounds. The press release is a "record of statement of a public office" admissible under the Rule 803(8) hearsay exception; and is further admissible as a record of a regularly conducted activity under Rule 803(6).

PX-604 is an email from Sahra Park-Su to Earl Comstock dated October 12, 2017, forwarding a Washington Post article titled "Republicans could lose congressional seats if Census 2020 goes wrong." Defendants object on Rule 602, Rule 802, and Rule 901 grounds. This email is not hearsay because the communication from Park-Su to Comstock is admissible under Rule 801(d)(2), and because the substance of the Washington Post article is offered not for the truth but to demonstrate that Park-Su and Comstock were emailing about the topic of partisan representation in Congress in the context of the 2020 census. Newspaper articles are self-authenticating under Rule 902(6). Defendants' Rule 602 objection should also be overruled; that Park-Su sent this article to Comstock is within her personal knowledge.

Plaintiffs respectfully request that the Court order the admission into evidence of the exhibits identified in this letter-motion.

    Respectfully submitted,

    BARBARA D. UNDERWOOD
    *Attorney General of the State of New York*

    By: */s/ Matthew Colangelo*
    Matthew Colangelo, *Executive Deputy Attorney General*
    Elena Goldstein, *Senior Trial Counsel*
    Office of the New York State Attorney General
    28 Liberty Street
    New York, NY 10005
    Phone: (212) 416-6057
    matthew.colangelo@ag.ny.gov

    Attorneys for the *State of New York* Plaintiffs

    ARNOLD & PORTER KAYE SCHOLER LLP
    AMERICAN CIVIL LIBERTIES UNION

    By: */s/ John A. Freedman*

| | |
|---|---|
| Dale Ho | Andrew Bauer |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |

| | |
|---|---|
| 125 Broad St.<br>New York, NY 10004<br>(212) 549-2693<br>dho@aclu.org | 250 West 55th Street<br>New York, NY 10019-9710<br>(212) 836-7669<br>Andrew.Bauer@arnoldporter.com |
| Sarah Brannon*<br>American Civil Liberties Union Foundation<br>915 15th Street, NW<br>Washington, DC 20005-2313<br>202-675-2337<br>sbrannon@aclu.org<br>*\* Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(3).* | John A. Freedman<br>Arnold & Porter Kaye Scholer LLP<br>601 Massachusetts Avenue, N.W.<br>Washington, DC 20001-3743<br>(202) 942-5000<br>John.Freedman@arnoldporter.com |

Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601
pgrossman@nyclu.org

Attorneys for the *NYIC* Plaintiffs