

**U.S. Department of Justice**
Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530

---

**By ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York

    Re:  *State of New York, et al., v. U.S. Department of Commerce, et al.*, 18-cv-2921 (JMF)

Dear Judge Furman:

    In accordance with this Court's July 3rd, 2018 order to supplement the administrative record, *see* ECF No. 199, and in an effort to avoid needless disputes, Defendants have agreed to inclusion in the administrative record of a substantial number of documents, including deliberative, pre-decisional communications, which would not normally be included within an agency's designation of its administrative record. *See* ECF No. 523 (entry of joint stipulation designating more than 13,000 pages of material for inclusion in the administrative record, including thousands of pages of internal, deliberative emails; nonfinal, draft documents; and discussions relating to external communications with the press and Congress). But even accepting this expansive interpretation of what constitutes an administrative record, Plaintiffs' contention that summaries of focus groups should be included merely because they had been *conducted* before the Secretary's March 26, 2018 decision strains the concept of "before the agency" past its breaking point. Plaintiffs' request to include in the administrative record discrete pages reflecting some, but not all, of the analysis derived from those focus groups should be rejected.

    Although the whole record for review "consists of all documents and materials directly or indirectly considered by the agency," ECF No. 521, at 1 (quoting *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993)), Plaintiffs' interpretation of what it means for material to be "before the agency" defies both common sense and persuasive caselaw. "[A] party must show that the materials sought to be added were before the agency *decision-maker*. It is not enough to show that these materials were somewhere within the agency, because 'interpreting the word "before" so broadly as to encompass any potentially relevant document existing within the agency … would render judicial review meaningless." *Comp. Comm. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 309 (S.D.N.Y. 2012); *State of New York v. Shalala*, No. 93 Civ. 1330, 1996 WL 87240, at *6 (S.D.N.Y. Feb. 29, 1996) (rejecting state's argument that certain "disputed exhibits" should be considered part of the administrative record on the sole basis that they "were 'within the knowledge of [the] agency'"). It is not the case that any potentially relevant information possessed by any one of the Census Bureau's thousands of employees constitutes a proper candidate for inclusion in the administrative record of Secretary Ross's decision.

    Plaintiffs seek the inclusion of certain "audience summary reports" and "after action reports" made available to the Census Bureau in late August 2018 and cleared for public release by the Disclosure Review Board at the end of September 2018. *See* ECF No. 521, at 2. These reports analyze data obtained through a series of 42 focus groups conducted by a contractor, Young & Rubicam, on behalf of the Census Bureau's Center for Survey Measurement. A representative of the Census Bureau is constructively present during a focus group (whether in person or virtually) to observe and monitor its conduct. But observing a single focus group—or even a subset of them—does not equate to the production of data that can be analyzed or results capable of being acted upon by either the Census Bureau or, more importantly, Secretary Ross. Raw data obtained from a focus group are preliminary in nature and

therefore not analyzed in a vacuum. On the contrary, there were no *results* available until all 42 focus groups had been completed, the data had been collated, and analysis performed in order to produce reliable and valid findings. This means that useable information from a focus group is not available on the date the group is *conducted*; the first-hand observation of a single, or even a handful, of focus groups would be given no scientific weight because there is nothing to analyze or act upon until the full set have been completed.[1]

In pressing for inclusion in the administrative record of summary reports from 12 of the 42 focus groups, Plaintiffs divorce Dr. Abowd's deposition testimony from its context to misconstrue its meaning. Dr. Abowd did not, as Plaintiffs claim, "stat[e] on behalf of the Census Bureau that the focus group results were in fact relayed to and considered by the Census Bureau in real time." ECF No. 251, at 2. On the contrary, the discussion Plaintiffs reference—in which Dr. Abowd confirmed that "decennial" *received* results from the CBAMS focus groups directly (making no reference whatsoever to when those results were obtained)—established only that the Census Bureau would "work fast" to "process new information" and act upon the newly available findings. *Id.* Exh. 1, at 16. That discussion in no way supports Plaintiffs' conjecture that results of the focus groups were "considered by the Census Bureau in real time." *Id.*[2] On the contrary, Plaintiffs can point to no evidence to support the idea that anyone within the Census Bureau—much less anyone who directly or indirectly advised Secretary Ross during his consideration of whether to reinstate a citizenship question—"considered" in any meaningful way the first-hand observations of a small number of focus groups immediately after they took place. Such preliminary, nonscientific observations certainly would not form the basis of advice provided to the Secretary.

Because the data and analysis derived from the CBAMS focus groups, including those conducted before March 26, 2018, were not available to the agency until months after the Secretary's decision, they could not have been directly or indirectly considered and thus have no place in the administrative record. This Court should reject Plaintiffs' request to include such materials.[3]

---

[1] During his direct testimony tomorrow, Dr. Abowd will be able to attest to the ways in which the Census Bureau treats preliminary research results, should the Court find further explication useful.

[2] Plaintiffs' contention that "Defendants have represented that the CBAMS focus groups summaries contained at PX-15 are an accurate characterization of the substance of the information that was before the agency" is incomplete at best. ECF No. 521, at 3. Defendants have represented that the summaries cleared for release by the DRB contain the greatest amount of information that can be released publicly, and accurately represent the analysis presented to and available for the agency—but that information was *not* "before the agency," for record-review purposes, until the analyses were available to Census decisionmakers, including Dr. Abowd, in late August 2018.

[3] Following entry earlier today of the parties' Joint Stipulation regarding the administrative record (ECF No. 523), Defendants realized that PX-152 contains some of the same documents included in PX-15, meaning that the same objection Defendants raised to its inclusion in the Administrative Record of PX-15 applies to PX-152. Defendants inadvertently agreed to include PX-152 without recognizing the overlap. Defendants have spoken with Plaintiffs' counsel about this error and the parties have tentatively agreed to file a revised Joint Stipulation or other appropriate document that will address both PX-15 and PX-152, as necessary, after the Court rules on the present motion.

| | |
|---|---|
| Dated: November 13, 2018 | Respectfully submitted, |

JOSEPH H. HUNT
Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
Assistant Director, Federal Programs Branch

/s/   Kate Bailey
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL HALAINEN
MARTIN TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 514-9239
Email:  kate.bailey@usdoj.gov

*Counsel for Defendants*

CC:   All Counsel of Record (by ECF)