November 13, 2018

The Honorable Jesse M. Furman
Thurgood Marshall U.S. Courthouse
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

> RE: Plaintiffs' second letter-motion to admit trial exhibits in *State of New York, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-2921 (JMF).

Dear Judge Furman,

Pursuant to Paragraph 3(A) of this Court's Individual Rules and Practices, Plaintiffs submit this letter-motion to move the admission into evidence of the following trial exhibits. (The exhibits covered in this motion are in addition to those covered in the motion filed at Docket No. 522.)

*1. Exhibits to be admitted by consent.* The parties consent that the following 13 exhibits may be admitted into evidence.

Nine exhibits are cited in Plaintiffs' trial affidavits that have already been entered and filed: PX-243, PX-244, PX-245, PX-246, and PX-249 (cited in the García Affidavit, Docket No. 498-9); PX-251, PX-252, and PX-253 (cited in the Khalaf Affidavit, Docket No. 498-16); and PX-532 (cited in the Pierce Affidavit at 498-18). Four exhibits consist of calendars and calendar entries for Secretary Ross: PX-567, PX-652, PX-653, and PX-654. Defendants have represented that they do not object to the admission of these thirteen exhibits.

*2. Exhibits that served as bases for expert testimony.* Plaintiffs move the admission, for Rule 703 purposes only, of four exhibits – PX-370, PX-393, PX-394, and PX-414 – that Dr. Hillygus relied on in forming her expert opinions in this case. These four exhibits were cited in the expert disclosures, and are social science reports of the kind that experts in her field reasonably rely on. Defendants' hearsay objections should be overruled for Rule 703 purposes only.

*3. Other exhibits.* Defendants object on hearsay grounds to the admission of five newspaper publications, identified at PX-495 to PX-498 and PX-501. These exhibits are admissible because they are not offered for the truth. Two exhibits (PX-495 and PX-496) illustrate Kris Kobach's interest in adding a citizenship question to the census; they are offered to show that Defendants' articulated reason for adding a citizenship question (that it was necessary to enforce the Voting Rights Act) is false or misleading. Documents offered to demonstrate that a party's statement is false are not hearsay because they are not admitted for their own truth. *See, e.g.*, *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) (a statement offered to show that a party made false representations "obviously is not offered for the truth of the matter asserted, and therefore is non-hearsay under Rule 801(c)"); *see also Gonzalez v. Dep't of Homeland Sec.*, 678 F.3d 254, 262 (3d Cir. 2012). Two newspapers articles (PX-497 and PX-498) place Secretary Ross at Mar-a-Lago with the President and his senior advisers proximate to

1

his demand to his staff on May 2 (PX-88, AR 3710) that he was "mystified why nothing have been done in response to my months old request that we include the citizenship question." Similarly, PX-501 places Secretary Ross at Mar-a-Lago on the weekend of November 26, 2017 shortly before he sent his email to the Commerce General Counsel stating "we are out of time. Please set up a call for me tomorrow with whoever is the responsible person at Justice. We must have this resolved." PX-143 (AR 11193). All three are offered not for their truth but because, in connection with other evidence, they show that the Secretary's initial characterization of the genesis of his decisionmaking process (i.e., that he "set out to take a hard look" at the citizenship question "following receipt of the DOJ request" in December 2017) is not true. *Marin*, 669 F.3d at 84.

Defendants also object on hearsay grounds to the admission of PX-487, a statement from the Trump / Pence reelection campaign, that reads "GOOD NEWS: We are asking about citizenship. . . . President Trump has officially mandated that the 2020 United States Census ask people living in America whether or not they are citizens." As above, this document is not hearsay because it is not offered for its truth, but instead to show that Defendants' stated reasons are false. *Marin*, 669 F.3d at 84.

Defendants object on hearsay grounds to PX-531, a White House press release announcing Kris Kobach's appointment as chair of the Presidential Commission on Election Integrity. This exhibit is admissible under both the public-records and the business-records exceptions to the rule against hearsay. Fed. R. Evid. 803(6), 803(8).

Finally, Defendants object on Rule 802 and Rule 901 grounds to PX-269, a January 23, 2017 draft of an Executive Order directing (among other things) the Census Bureau to "include questions to determine U.S. citizenship and immigration status" on the decennial census. This document is not hearsay because it is not offered for the truth, but instead to show that Defendants' explanations of the genesis of and reasons for adding a citizenship question are false. The Court should also overrule Defendants' authenticity objection because it is self-authenticating under Rule 902(5).

Plaintiffs respectfully request that the Court order the admission into evidence of the exhibits identified in this letter-motion.

                                        Respectfully submitted,

                                        BARBARA D. UNDERWOOD
                                        *Attorney General of the State of New York*

                                        By: */s/ Matthew Colangelo*
                                        Matthew Colangelo, *Executive Deputy Attorney General*
                                        Elena Goldstein, *Senior Trial Counsel*
                                        Office of the New York State Attorney General
                                        28 Liberty Street
                                        New York, NY 10005
                                        Phone: (212) 416-6057
                                        matthew.colangelo@ag.ny.gov

Attorneys for the *State of New York* Plaintiffs

ARNOLD & PORTER KAYE SCHOLER LLP
AMERICAN CIVIL LIBERTIES UNION

By: */s/ John A. Freedman*

| | |
|---|---|
| Dale Ho | Andrew Bauer |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 125 Broad St. | 250 West 55th Street |
| New York, NY 10004 | New York, NY 10019-9710 |
| (212) 549-2693 | (212) 836-7669 |
| dho@aclu.org | Andrew.Bauer@arnoldporter.com |
| | |
| Sarah Brannon* | John A. Freedman |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 915 15th Street, NW | 601 Massachusetts Avenue, N.W. |
| Washington, DC 20005-2313 | Washington, DC 20001-3743 |
| 202-675-2337 | (202) 942-5000 |
| sbrannon@aclu.org | John.Freedman@arnoldporter.com |
| * *Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(3).* | |

Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601
pgrossman@nyclu.org

Attorneys for the *NYIC* Plaintiffs

3