

**U.S. Department of Justice**
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, DC 20044

**By ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York

      Re:  *State of New York, et al., v. U.S. Department of Commerce, et al.*, 18-cv-2921 (JMF)

Dear Judge Furman:

      In their second motion in as many days, Plaintiffs seek the admission of 21 documents into evidence without a sponsoring witness and, in certain circumstances, in contravention to the Federal Rules of Evidence.  ECF 528, 529.  Although Defendants do not object to the admission of the exhibits identified in the first two categories of Plaintiffs' letter, PX-242; PX-244; PX-255; PX-246; PX-249; PX-251; PX-252; PX-253; PX-532; PX-567; PX-567; PX-652; PX-653; PX-654; PX-370 (for FRE 703 purposes only); PX-393 (for FRE 703 purposes only); PX-394 (for FRE 703 purposes only); and PX-654 (for FRE 703 purposes only), as discussed in detail below, Defendants do object to the admission of exhibits in Plaintiffs' third category.

    1.  Plaintiffs seek the admission of five newspaper publications, claiming that they are not being offered for the truth of the matter asserted and thus are not hearsay.  Plaintiffs first allege that PX-495 and PX-496, which are newspaper articles concerning former Kansas Secretary of State Kris Kobach, are offered to "show that Defendants' articulated reason for adding a citizenship question (that it was necessary to enforce the voting rights act) is false or misleading."  In support of this argument, Plaintiffs rely upon a criminal case, *United States v. Marin*, 669 F.3d 73 (2d Cir. 1982).  But *Marin* does not hold that documents that purport to contradict a witness's testimony are not being offered for the truth of the matter asserted.  Rather, in *Marin*, a criminal defendant sought to introduce his own statement into evidence.  *Id.* at 84.  The Second Circuit held that the statement constituted hearsay and noted that, in contrast to what the defendant sought to do with his own statement:

> When the government offers in evidence the post-arrest statement of a defendant it commonly does so for either of two reasons.  It may wish to use the statement to establish the truth of the matter stated.  In these circumstances, under Rule 801(d)(2)(A) the statement is not hearsay, because it is simply a statement of an opposing party.  On the other hand, the government may wish to offer the statement to show that the defendant made false representations to the authorities, from which the jury could infer a consciousness of guilt, and hence guilt.  In these circumstances the statement obviously is not offered for the truth of the matter asserted, and therefore is non-hearsay under Rule 801(c), as well as non-hearsay under Rule 801(d)(2)(A).

*Id.* at 84.[1]

---

[1] Plaintiffs' reliance on *Gonzalez v. Secretary of Dep't of Homeland Sec.*, 678 F.3d 254 (3d Cir. 2012), fares no better.  In *Gonzalez*, a lawful permanent resident petitioned for the denial of application for naturalization, and challenged the government's reliance on the declaration of a USCIS officer.  *Id.* at 261.  Because Gonzalez was seeking naturalization, he had to prove, pursuant to the Immigration and Naturalization Act (INA), that he was a person of "good moral character," which the INA defined as

Here, rather than attempting to establish a consciousness of guilt, and hence guilt through the admission of statements by one of the Defendants in this case, Plaintiffs merely attempt to contradict the Secretary's stated reasons for deciding to reinstate the citizenship question through the introduction of newspaper articles quoting non-parties. In this circumstance, Plaintiffs seek to introduce newspaper articles concerning statements made by Kris Kobach (which constitute hearsay within hearsay), for the truth of the matter asserted; namely, that the idea for the citizenship question originated with Mr. Kobach. Indeed, Plaintiffs admit as much in their pretrial brief. ECF 410 at 26-27 ("Third, the evidence will show political pressure on the Commerce Department from White House staff and Presidential advisers, including Stephen K. Bannon and Kris Kobach, to add the citizenship question. This evidence of political interference independently supports setting aside Defendants' decision on arbitrary and capricious grounds.")[2]

The next three newspaper articles, PX-497, PX-498, PX-501, report upon instances when Secretary Ross visited Mar-a-Lago in early May 2017 and the weekend of November 26, 2017. Plaintiffs claim that these articles are not being offered for their truth, "but because, in connection with other evidence, they show that the Secretary's initial characterization of the genesis of his decisionmaking process (*i.e.*, that he "set out to take a hard look" at the citizenship question "following receipt of the DOJ request" in December 2017) is not true." As an initial matter, Plaintiffs' letter brief fails to explain how Secretary Ross's alleged presence at Mar-A-Lago shows that the Secretary's statements in his March 2018 memorandum were false. Moreover, as reflected in PX-298, Response No. 103, which has already been admitted into evidence, the Defendants have admitted that "[o]n or about November 26, 2017, Defendant Ross conversed with President Trump." Defendants also have denied that the Secretary discussed the citizenship question with President Trump during that meeting. *Id.* at RFA No. 104. Plaintiffs' speculation aside, there is no non-hearsay basis to admit these newspaper articles.

2. Plaintiffs also seek to admit PX-487, which purports to be an email containing a statement from the Trump/Pence reelection campaign. Plaintiffs contend that they are offering this exhibit for a non-hearsay purpose; namely, "to show that Defendants' stated reasons are false." As an initial matter, Plaintiffs do not even attempt to establish the authenticity of this document, which purports to come

---

excluding any person "who has given false testimony for the purposes of obtaining any benefit" under immigration laws. *Id.* Accordingly, the central issue in the case was whether Gonzalez gave false testimony. *Id.* The Third Circuit held that the submission of the declaration was permissible because it was offered to prove what Gonzalez said in his I-75 interview. *Id.* at 262. In so holding, the Third Circuit explained that where the significance of the statement lies solely in the fact that it was made, it is offered for the truth of the matter asserted and therefore is not hearsay. *Id.* Unlike establishing a necessary element of a claim, Plaintiffs here simply seek to contradict Secretary Ross's stated justification for reinstating a citizenship question through the use of newspaper articles concerning third parties.

[2] Plaintiffs' request to admit the statements of Mr. Kobach contained in newspaper articles also is inconsistent with this Court's prior decision precluding Mr. Kobach's deposition. ECF 303. In denying Plaintiffs' request to depose Mr. Kobach, the Court explained that "[am]ong other things, given the timing and nature of the communications between Mr. Kobach and Secretary Ross; the fact that Mr. Kobach is one of many people outside the Commerce Department who communicated with Secretary Ross about the citizenship question (*see, e.g.,* A.R. 1770 (detailing correspondence regarding the citizenship question with, among others, the Indiana and West Virginia Secretaries of State, the Louisiana Attorney General, and the Chairman of the House Judiciary Committee); the fact that the substance of Mr. Kobach's views is already reflected in the record (*see, e.g.,* A.R. 763, 1141); and the discovery that Plaintiffs have gotten, or will get directly form the Commerce and Justice Departments, the Court concludes that the discovery sought here is neither "necessary" nor "appropriate." Given that the Court found that Plaintiffs could not meet the relatively low hurdle for relevance under Federal Rule of Civil Procedure 26, they certainly cannot meet the higher burden of showing relevancy for purposes of admissibility under Federal Rule of Evidence 401. *See Lineen v. Metcalf & Eddy, Inc.*, No. 96 Civ. 2718, 1997 WL 73763, *1 (S.D.N.Y. Feb. 21, 1997) ("Relevance, for purposes of discovery, is to be broadly construed under Fed. R. Civ. P. 26(b)(1) and is thus not congruent with the standard for relevance under Fed. R. Evid. 401.") (citing *Daval Steel Prods. V. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991)).

from the website https://unityfeed.com. For this reason alone, Plaintiffs' motion should be denied. Moreover, Plaintiffs have adduced no evidence that Secretary Ross was even aware of this Trump campaign document. But more fundamentally, Plaintiffs own pretrial brief contradicts their assertion that they are not seeking to admit this for the truth of the matter asserted. *See* ECF 410 at 34 ("Additionally, President Trump's campaign claimed that President Trump 'officially mandated' that the citizenship question be added," and that "the evidence will show that the individuals who played a major role in convincing Secretary Ross to add the citizenship question did so with discriminatory motives.") For these reasons, Plaintiffs' request that PX-487 be admitted into evidence should be denied.

    3. Plaintiffs next seek the admission of PX-531, a White House press release announcing Kris Kobach's appointment as chair of the Presidential Commission on Election Integrity. Even assuming this exhibit falls within a hearsay exception, Plaintiffs fail to explain how this exhibit is probative of any issue in this case. And while the Defendants are cognizant of the Court's view that it can determine what is and is not relevant after the admission of evidence, Plaintiffs attempt to dump hundreds of documents into the record without a sponsoring witness or an explanation of relevancy should be rejected.

    4. Finally, Plaintiffs seek to admit into evidence PX-269, which purports to be a draft executive order. Plaintiffs claim that this exhibit is self-authenticating under Federal Rule of Evidence 902(5), which covers "official publications" such as "[a] book, pamphlet, or other publication purporting to be issued by a public authority." Plaintiffs acknowledge in their letter brief that PX-269 is a draft, and they have presented no evidence that this document was in fact "issued by a public authority." Indeed, contemporaneous news reports note that the White House "would not confirm or deny" the authenticity of the draft executive order. *See White House proposal to ask immigration status in Census could have chilling effect, experts say*, Washington Post (Feb. 1, 2017), *https://www.washingtonpost.com/local/social-issues/white-house-proposal-to-ask-immigration-status-in-census-could-have-chilling-effect-experts-say/2017/02/01/1fc51b8e-e8af-11e6-bf6f-301b6b443624_story.html?utm_term=.f71fb8cb3876*. *See also* PX-298, Response No. 42 (noting that news outlets reported that "[i]t is not clear which questionnaire is being referred to," and that the "authenticity of the draft executive order was not confirmed by the White House"). Accordingly, Plaintiffs cannot meet their burden of establishing the authenticity of this exhibit.[3]

    Nor can Plaintiffs demonstrate that PX-269 is non-hearsay. Plaintiffs allege that the exhibit is being offered to "to show that Defendants' explanations of the genesis and the reasons for adding a citizenship question are false." Critically missing from Plaintiffs argument is any suggestion, let alone evidence, that Secretary Ross or others within the Commerce Department were even aware of this exhibit. Accordingly, even if the "false" exception to the hearsay rule had a basis in the law (and for the reasons stated above, it does not), Plaintiffs cannot establish the requisite link between the Secretary's decision and this alleged draft executive order. And contrary to Plaintiffs' current position, as reflected in Plaintiffs' pretrial brief, they plainly seek to rely upon this alleged draft executive order for the truth of the matter asserted. ECF 410 at 31. For these reasons, Plaintiffs' request to admit PX-269 into evidence should be denied.

---

[3] In addition, Plaintiffs' contention that this purported draft executive order directed the Census Bureau to include a citizenship question on the "decennial census" is unfounded. As the Washington Post article identified above notes, "[i]t is not clear which questionnaire is being referred to[.]" This is yet another reason Plaintiffs' motion should be denied.

| | |
|---|---|
| Dated: November 14, 2018 | Respectfully submitted,<br><br>JOSEPH H. HUNT<br>Assistant Attorney General<br><br>BRETT A. SHUMATE<br>Deputy Assistant Attorney General<br><br>JOHN R. GRIFFITHS<br>Director, Federal Programs Branch<br><br>CARLOTTA P. WELLS<br>Assistant Director, Federal Programs Branch<br><br>*/s/   Carol Federighi*<br>KATE BAILEY<br>GARRETT COYLE<br>STEPHEN EHRLICH<br>CAROL FEDERIGHI<br>MARTIN TOMLINSON<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Ave., N.W.<br>Washington, DC  20530<br>Tel.:  (202) 514-1903<br>Email:  carol.federighi@usdoj.gov<br><br>*Counsel for Defendants* |

CC:     All Counsel of Record (by ECF)