

**U.S. Department of Justice**
Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530

---

**By ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York

      Re:   *State of New York, et al., v. U.S. Department of Commerce, et al.*, 18-cv-2921 (JMF)

Dear Judge Furman:

      Without a sponsoring witness, and largely in contravention of the Federal Rules of Evidence, Plaintiffs seek to engage in a document dump of 80 exhibits. Although Defendants do not object to certain of Plaintiffs' exhibits, as discussed below, Plaintiffs' letter motion should in large part be denied.

      **1.   Articles authored by Census Bureau Employees.**   Plaintiffs seek the admission of twelve exhibits that were authored by Census Bureau employees. Defendants object to the admission of PX-347; PX-377; PX 383; PX-392; PX-395; PX-396; PX-401; and PX-413. Each of these exhibits has a disclaimer on the first page noting that the "views expressed are those of the author and not necessarily those of the U.S. Census Bureau" or similar language. Accordingly, the views in these articles cannot be attributed to the Census Bureau, and Rule 801(d)(2) should not apply. Furthermore, PX-382 is an article with seven co-authors, including university professors and several individuals from the Census Bureau. There is no indication that this co-authored article reflects the views of the Census Bureau or that the Census Bureau authors were writing this in their official capacity and with the authorization of the Census Bureau. Accordingly, this article is hearsay and is not subject to an exception.

      Defendants do not object to the admission of: PX-387 (pages 173-192); PX-390 (pages 62-86); and PX-502.

      **2.   DOJ Communications.**   Plaintiffs also seek to introduce 61 exhibits from individuals within the Department of Justice without a sponsoring witness and which reflect out of court statements offered for the truth of the matters asserted therein. These exhibits are thus inadmissible. *See Degelman Indus., Ltd. v. Pro-Tech Welding & Fabrication, Inc.*, No. 06-CV-6346, 2011 WL 6754040, *19 (W.D.N.Y. May 27, 2011) (Defendants introduction of invoice without sponsoring witness was not admissible).

      a.   Plaintiffs seek the admission of PX-272, PX-273, and PX-509, which reflect written testimony, an incomplete video excerpt, and a full hearing transcript of then-Acting Assistant Attorney General John Gore before the House Oversight and Government Reform Committee. Plaintiffs assert that these documents are admissible under Federal Rule 803(8), which constitutes an exception to the hearsay rule for public records. Plaintiffs cite to no authority for the proposition that a third-party's testimony before Congress constitutes a public record, and Defendants are aware of none. Nor have Plaintiffs explained why such testimony falls within the residual exception to the hearsay rule. Nevertheless, Defendants do not object to the Court taking judicial notice of these exhibits "as a public record for the fact that the statements were made," *see Muller-Paisner v. TIAA*, 289 Fed. Appx. 461, 466 n. 5 (2d Cir. 2008), but Defendants do oppose taking judicial notice for the purpose of whether the statements made establish DOJ policy. *See Ault v. J.M. Smucker Co.*, No. 13-civ-3409, 2014 WL 1998235, *2, n.1 (S.D.N.Y. May 15, 2014).

b.      Plaintiffs argue that the remainder of the DOJ documents are admissible as an exception to the hearsay rule because the "Defendants have repeatedly and successfully contended that Justice Department attorneys (including Mr. Gore) were their attorneys for purposes of asserting attorney-client privilege." Dckt. No. 522 at 2.  Plaintiffs' contention is misplaced.   As reflected in the declaration of AAG John Gore, attached to docket 451, certain documents were provided to AAG John Gore "in service of my role providing legal advice to the Attorney General of the United States, and James Uthmeier's role providing legal advice to Secretary Ross." Dkt. 451-1 at ¶ 5.  The privilege assertion was based on the "common interest in advising our agencies concerning the possibility of reinstating a citizenship question on the 2020 Census, and in enabling the Department of Commerce, as an agency of the United States, to complete its duties in a lawful fashion." *Id.*  Accordingly, Mr. Gore was not Mr. Uthmeier's attorney, and Plaintiffs' reliance on *United States v. Hoskins*, 902 F.3d 69 (2d Cir. 2018); and *Bensen v. Am. Ultramar Ltd.*, No. 92 Civ 4420, 1996, WL 422262 (S.D.N.Y. July 29, 1996), is misplaced.

c.      Plaintiffs further contend that the DOJ documents may be admitted "to the extent" they are not being offered for the truth of the matter asserted, "but instead to show that Defendants' articulated reason for adding a citizenship question [] is false or misleading." Dckt. No. 522 at 2.  Plaintiffs fail to explain how *any* of the 61 proposed exhibits reflect that DOJ's articulated reason for seeking the reinstatement of a citizenship question was false or misleading.  Because Plaintiffs bear the burden of establishing the admissibility of evidence, and have failed to identify a single DOJ document that would support Plaintiffs' theory that DOJ 's requested reasons for the reinstatement of a citizenship question were not the real reasons, Plaintiffs' request for the admission of these 61 exhibits as non-hearsay should be denied.

d.      Finally, Plaintiffs contend that the DOJ exhibits are "either self-authenticating public records," or are authentic because DOJ "produced them in response to a subpoena or in FOIA litigation." Dckt. No. 522 at 3.  Plaintiffs do not identify which of the exhibits they contend are "self-authenticating public records."  Nor do Plaintiffs cite to any authority for the proposition that, in the absence of a sponsoring witness, the mere fact that documents were produced by a non-party pursuant to Rule 45 or FOIA makes the documents self-authenticating.  And Federal Rule of Evidence 902 is to the contrary.  Plaintiffs' request that the Court admit 61 exhibits from non-party Justice Department should be denied.

3.  **Communications between the Census Bureau and the Justice Department.**  Plaintiffs seek the introduction of four exhibits (PX-197 to PX-200), which reflect emails between the Acting Director of the Census Bureau Ron Jarmin and Art Gary, the General Counsel of the DOJ's Justice Management Division, concerning the scheduling of a potential meeting to discuss DOJ's request to reinstate a citizenship question on the decennial census.  Defendants do not object to the introduction of these exhibits to the extent they reflect the statements of Dr. Jarmin.  Defendants do object to these exhibits on hearsay grounds because Mr. Gary's statements are out-of-court statements offered for the truth of the matter asserted and are not subject to a hearsay exception.  First, Plaintiffs have not adduced any evidence that Mr. Gary or others in the Department of Justice were acting as agents of the Commerce Department.  Accordingly, Federal Rule of Evidence 801(d)(2)(D) is inapplicable.  Second, Plaintiffs suggestion that these exhibits are being introduced to show the effect on Dr. Jarmin is misplaced; Plaintiffs are plainly seeking to introduce these exhibits in an attempt to show that Mr. Gary was trying to schedule a meeting with the Census Bureau, which is the truth of the matter asserted.  Accordingly, the statements from Mr. Gary constitute inadmissible hearsay and should not be admitted into evidence.

4.  **Official publications of the Census Bureau, GAO and other federal government agencies.**  Plaintiffs seek to admit nine exhibits that they claim are public records:  PX-247; PX-248; PX-344; PX-

373; PX-375; PX-388; PX-529; PX-563; and PX-564.  Defendants do not object to the admission of these exhibits.

   5.  **Other exhibits.**  Finally, Plaintiffs seek the admission of four other documents.  Defendants do not object to the admission of PX-282; PX-485; and PX-604.  Defendants do object to the admission of PX-309, which is an amicus brief of four former Census Directors filed in another lawsuit.  Plaintiffs allege that they are not offering the brief for the truth of the matter assert, but instead to establish that they believed that, in their judgment "a one-by-one citizenship inquiry would invariably lead to a lower response rate to the Census in general" and would "seriously frustrate the Census Bureau's ability to conduct the only count the Constitution expressly requires."  Dckt. No. 522 at 4-5.  But that is the truth of the matter asserted, and Plaintiffs cannot meet their burden of showing either a hearsay exception or that the amicus brief constitutes non-hearsay.

Dated: November 14, 2018                   Respectfully submitted,

                                           JOSEPH H. HUNT
                                           Assistant Attorney General

                                           BRETT A. SHUMATE
                                           Deputy Assistant Attorney General

                                           JOHN R. GRIFFITHS
                                           Director, Federal Programs Branch

                                           CARLOTTA P. WELLS
                                           Assistant Director, Federal Programs Branch

                                           */s/   Martin M. Tomlinson*
                                           KATE BAILEY
                                           GARRETT COYLE
                                           STEPHEN EHRLICH
                                           CAROL FEDERIGHI
                                           DANIEL HALAINEN
                                           MARTIN TOMLINSON
                                           Trial Attorneys
                                           United States Department of Justice
                                           Civil Division, Federal Programs Branch
                                           20 Massachusetts Ave., N.W.
                                           Washington, DC  20530
                                           Tel.:  (202) 353-4556
                                           Email:  martin.m.tomlinson@usdoj.gov

                                           *Counsel for Defendants*

CC:     All Counsel of Record (by ECF)