

**U.S. Department of Justice**
Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530

---

**By ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York

      Re:  *State of New York, et al., v. U.S. Department of Commerce, et al.*, 18-cv-2921 (JMF)

Dear Judge Furman:

      Defendants submit this supplemental opposition to Plaintiffs' November 12, 2018 letter-motion seeking the admission of numerous exhibits into evidence. ECF 522. Plaintiffs contend in their letter-motion that sixty-one exhibits reflect communications between or by Department of Justice (DOJ) employees, and that the majority of these statements are admissible as exceptions to the hearsay rule pursuant to Federal Rule of Evidence 801(d)(2)(D) because DOJ acted as an agent for the Department of Commerce. *Id.* at 1-2. Plaintiffs make the same argument concerning certain correspondence between DOJ officials and individuals at the Department of Commerce. *Id.* at 3.

      Plaintiffs should be estopped from taking this position in light of the positon they took in Court on November 14, 2018. During the Defendants' examination of Dr. John Abowd, Plaintiffs' counsel objected on hearsay grounds to a question that elicited a conversation between Dr. Abowd and DOJ employees. *See* Tr. 167:23-168:1 (Plaintiffs' counsel: "Objection your Honor and move to strike a portion of his testimony attempting to convey what the department, what the Department of Justice officials said during the meeting is hearsay."). The Court largely sustained the objection on hearsay grounds. *See* Tr. 168:7-11. Because Plaintiffs have successfully taken the position that statements by the DOJ constitute hearsay during the cross-examination of Dr. Abowd, they should be estopped from taking the contrary position in their letter-motion seeking the admission of numerous DOJ documents. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in legal proceedings, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.") (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)).

      Accordingly, for the reasons discussed in Defendants' initial opposition and this supplement, Plaintiffs' motion to seek the admission of dozens of documents, without a sponsoring witness and in contravention of the Federal Rules of Evidence, should be denied.

Dated: November 14, 2018          Respectfully submitted,

                                     JOSEPH H. HUNT
                                     Assistant Attorney General

                                     BRETT A. SHUMATE
                                     Deputy Assistant Attorney General

                                     JOHN R. GRIFFITHS
                                     Director, Federal Programs Branch

                                              CARLOTTA P. WELLS
Assistant Director, Federal Programs Branch

/s/   Martin M. Tomlinson
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL HALAINEN
MARTIN TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 353-4556
Email:  martin.m.tomlinson@usdoj.gov

*Counsel for Defendants*

CC:     All Counsel of Record (by ECF)