

**U.S. Department of Justice**
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005

**By ECF**                                                                 November 18, 2018

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *State of New York, et al. v. U.S. Dep't of Commerce, et al.*, No. 18-cv-2921 (JMF)

Dear Judge Furman:

      On November 16, 2018, the Supreme Court granted Defendants' petition for a writ of certiorari concerning this Court's authorization of extra-record discovery on the merits, issued a briefing schedule, and set the case for oral argument on February 19, 2019. *See* Att. 1. That is a significant change in circumstances that warrants this Court's revisiting its prior decision to proceed toward final judgment notwithstanding Defendants' then-pending petition in the Supreme Court. Indeed, at the conclusion of trial, the Court itself inquired about how to proceed in light of impending action by the Supreme Court.

      Pursuant to Local Rule 37.2 and Individual Practice 2.C., Defendants respectfully request that the Court stay further proceedings, including entry of a final decision, pending the Supreme Court's resolution of Defendants' challenge to the Court's July 3 and September 21, 2018 orders. The *New York* and *NYIC* Plaintiffs have advised that they oppose a stay.

      In light of the Supreme Court's order granting certiorari, the most prudent course would be for this Court to stay further trial proceedings, including entry of a final decision, until the Supreme Court resolves the proper scope of this Court's review. And that is particularly true because entry of final judgment could give rise to claims that the Supreme Court's review of the Second Circuit's denial of mandamus had become moot. Although Defendants would oppose any such claim, this Court should conduct its proceedings in a way that eliminates, rather than threatens, any interference with the Supreme Court's ongoing review. *See In re Dep't of Commerce*, No. 18A375, 2018 WL 5259090, at *2 (U.S. Oct. 22, 2018) (opinion of Gorsuch, J.) (noting that a "complete stay" of district court proceedings was warranted "to protect the very review [the Court] invite[d]" and now has granted). To be sure, the Supreme Court will be able to order effective relief notwithstanding this Court's entry of a final decision, but a stay would avoid the prospect of unnecessary litigation over that issue before the Supreme Court.

      "'[T]he power to stay proceedings is incidental to the inherent power in every court to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, (1936)). "A court may properly exercise this power when a higher court is close to settling an important issue of law bearing on the action." *In re Literary Works in Elec. Databases Copyright Litig.*, No. 00 CIV 6049, 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001).

Indeed, courts in this Circuit routinely exercise this inherent authority to stay proceedings pending the disposition of a case in the Supreme Court. *See, e.g.*, *Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977) (instructing the district court to stay the proceedings pending a Supreme Court decision in a closely related case which was likely to determine the question of liability); *Acton v. Intellectual Capital Mgmt., Inc.*, No. 15-CV-4004(JS)(ARL), 2015 WL 9462110, at *3 (E.D.N.Y. Dec. 28, 2015) (finding "that a stay pending the outcome of the Supreme Court Cases and the D.C. Circuit Appeals is in the interests of justice"); *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 619-22 (S.D.N.Y. 2012) (granting a stay pending the outcome of a Supreme Court case and noting that "a court may also properly exercise its staying power when a higher court is close to settling an important issue of law"); *In re Literary Works*, 2001 WL 204212 (granting a stay of proceedings pending a decision by the Supreme Court); *Jugmohan v. Zola*, No. 98–1509(DAB), 2000 WL 222186, at *5 (S.D.N.Y. Feb. 25, 2000) (stating that "[p]ostponing the final disposition of a case pending an upcoming decision by the United States Supreme Court is a practice exercised by the Second Circuit in the interest of judicial economy."). In short, as Justice Gorsuch stated, "when [the Supreme Court] grant[s] certiorari," this Court should "await further guidance." *In re Dep't of Commerce*, 2018 WL 5259090, at *2 (opinion of Gorsuch, J.).

"In deciding whether a stay is appropriate, courts typically consider five factors: '(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Sikhs for Justice*, 893 F. Supp. 2d at 621–22.

Here, the very issue of the appropriate record on which this Court should render a decision is now before the Supreme Court, and for that reason alone it would be appropriate for the Court to stay further proceedings, including issuance of a final decision. It "would be an inefficient use of time and resources of the court and the parties to proceed in light of a pending U.S. Supreme Court decision," including where that decision "'may not settle every question of fact and law' before this Court, 'but in all likelihood it will settle many and simplify them all.'" *In re Literary Works*, 2001 WL 204212, at *3 (quoting *Landis*, 299 U.S. at 256). Indeed, preparing post-trial briefs by November 21 and proceeding with closing arguments on November 27 would be inefficient and potentially waste resources of both the parties and the Court. The Supreme Court's forthcoming ruling will affect the scope of this Court's review, including whether extra-record evidence is admissible or instead review must take place on the administrative record. The most prudent course would be to await a determination from the Supreme Court because the Supreme Court may order this Court to exclude extra-record evidence from its consideration. "[C]onsiderations of judicial economy counsel, as a general matter, against investment of court resources in proceedings that may prove to have been unnecessary." *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 644 (S.D.N.Y. 2012).

Moreover, a stay would mitigate the prejudice to Defendants by reducing any risk that the Court's consideration of extra-record evidence would affect the analysis of the record materials. To be sure, Defendants recognize that the court has already been exposed to the extra-record evidence during trial, that it intends to differentiate findings of law and fact that are based solely on the administrative record and those that are based on extra-record evidence, ECF 485 at 3, and that district courts routinely must disregard improper evidence that has been put before them. Nevertheless, the complex task of disregarding all the extra-record evidence when making findings based solely on the administrative record will be made much more difficult if the post-trial process involves this Court making alternative findings based specifically on the extra-record evidence that will require this Court to focus directly on that evidence. A stay thus would mitigate the risk by ensuring that at least the

critical post-trial process will be limited to the record that the Supreme Court holds is proper.  It will also conserve judicial resources, because the Court can avoid the need to issue alternative findings or modify its ruling based on the Supreme Court's direction regarding the permissible scope of review.

By contrast, a stay is unlikely to prejudice Plaintiffs.  "Plaintiffs' hardship is the risk that the census forms are printed before they have an opportunity to fully adjudicate their claims," ECF 485 at 13 n.10, but the Census Bureau does not need to begin printing the 2020 census questionnaire until June 2019.  Because the Supreme Court expedited its review by scheduling oral argument in this case on February 19, 2019, this Court will still be in a position to enter final judgment before the Census Bureau needs to print the questionnaire.  And conversely, it is extremely unlikely that full merits briefing and argument in the Second Circuit, let alone the Supreme Court, would be possible before that date even if this Court declined to stay proceedings.  A stay in this Court, however, would ensure that the final judgment in this Court is, indeed, final and not subject to a remand by the Second Circuit when the Supreme Court issues its ruling on the mandamus petition, thereby facilitating more-expeditious appellate proceedings.  Accordingly, staying proceedings and awaiting Supreme Court guidance best serves judicial economy, the parties' interests, and the public interest.

For these reasons, the Court should stay further proceedings pending the Supreme Court's forthcoming decision, and enter an immediate administrative stay while it considers this stay request. Should the Court disagree, Defendants respectfully request a stay so that they may seek such relief from the Second Circuit or the Supreme Court, if necessary.

Dated: November 18, 2018                    Respectfully submitted,

                                            JOSEPH H. HUNT
                                            Assistant Attorney General

                                            BRETT A. SHUMATE
                                            Deputy Assistant Attorney General

                                            JOHN R. GRIFFITHS
                                            Director, Federal Programs Branch

                                            CARLOTTA P. WELLS
                                            Assistant Branch Director

                                            */s/ Joshua E. Gardner*
                                            JOSHUA E. GARDNER
                                            Special Counsel
                                            GARRETT COYLE
                                            STEPHEN EHRLICH
                                            CAROL FEDERIGHI
                                            MARTIN M. TOMLINSON
                                            Trial Attorneys
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street NW
                                            Washington, DC 20005
                                            Tel.: (202) 305-7583

Fax: (202) 616-8470
Email: Joshua.e.gardner@usdoj.gov

*Counsel for Defendants*