November 20, 2018

The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Centre Street, Room 2202
New York, NY 10007

      RE:    Plaintiffs' opposition to motion for stay in *State of New York, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-2921 (JMF).

Dear Judge Furman,

Defendants have filed in this Court, the Second Circuit, or the Supreme Court an astonishing *twelve* requests to delay these proceedings in the eleven weeks since their first such motion was filed on August 31. That's an average of a request to delay filed each and every single week from Labor Day to Thanksgiving. At this point, the trial record is closed (Docket No. 538), and the only remaining steps in this litigation are the post-trial filings due tomorrow, oral argument next week, and entry of judgment on the merits. Defendants' effort to prevent this Court from reaching the merits should be rejected.

The factors this Court considers in determining whether to grant a stay are "all-too-familiar." *New York v. U.S. Dep't of Commerce*, No. 18-CV-2921 (JMF), 2018 WL 5791968, at *2 (S.D.N.Y. Nov. 5, 2018) (Amended Opinion and Order denying stay); Docket No. 362 (Sept. 30 Order denying stay); *New York v. U.S. Dep't of Commerce*, No. 18-CV-2921 (JMF), 2018 WL 4279467, at *1 (S.D.N.Y. Sept. 7, 2018) (Order denying stay).

First, Defendants must make a strong showing that they are likely to succeed on the merits of any question that would justify a stay. Defendants do not address this factor at all in their most recent stay motion, *see* Docket No. 540, and it should be rejected for the same reasons the Court thoroughly discussed in concluding that this factor was not met in its last order denying a stay. *New York*, 2018 WL 5791968, at *3-6.

Defendants' argument that "[t]he Supreme Court's forthcoming ruling will affect the scope of this Court's review, including whether extra-record evidence is admissible or instead review must take place on the administrative record," Docket No. 540 at 2, is particularly nonsensical because Defendants did not present that question to the Supreme Court. The question presented in Defendants' mandamus petition, and on which the Supreme Court granted certiorari, is extremely narrow: "whether in an action seeking to set aside agency action under the Administrative Procedure Act . . . a district court may order discovery outside the administrative record to probe the mental processes of the agency decisionmaker." Pet'n for a Writ of Mandamus, *In re U.S. Dep't of Commerce, et al.*, No. 18-557 (S. Ct. filed Oct. 29, 2018). The question for the Supreme Court's review is thus whether *discovery* regarding the decisionmaker's thought process could be ordered, not what this Court's review on the merits could consider. And that question was limited to the APA claim – saying nothing at all about extra-record discovery for the Fifth Amendment claim or any *other* allowable purposes. *See Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (extra-record evidence to explain

complex subject matter); *National Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997) (extra-record evidence to evaluate whether the agency failed to consider all relevant factors).

Defendants cannot contend that they are likely to succeed on the merits of a question on which they neither sought nor received Supreme Court review. Indeed, on the same day that Defendants filed their petition for certiorari in the Supreme Court, they sought a stay of all further trial proceedings from that Court based on the same contentions they are making now, *i.e.*, that their purported likelihood of success on the discovery question they raised in their petition warranted a stay of this court's review of the merits. The Supreme Court rejected that stay request. Order, No. 18A455 (Nov. 2, 2018). Moreover, given the overwhelming evidence at trial – from both the Administrative Record standing alone, and from extra-record evidence having nothing whatsoever to do with Secretary Ross's subjective thought process – that Defendants' decision was unlawful under the APA and the Fifth Amendment (as Plaintiffs will describe in their post-trial filings), Defendants' argument that the Supreme Court's review may be dispositive cannot be supported.

Second, Defendants must show that they will be irreparably injured. Defendants' argument that they will be injured by "preparing post-trial briefs by November 21 and proceeding with closing arguments on November 27" is foreclosed for the same reason this Court has rejected like arguments several times in the past: the ordinary burden of litigating a case is not irreparable harm. *New York*, 2018 WL 5791968, at *2 (citing "black-letter law").

Defendants also argue that they are irreparably harmed from the possibility that this Court's decision on the merits will moot the discovery question that is pending before the Supreme Court. This contention is meritless for several reasons. First, the Supreme Court has already rejected this same argument in declining to stay trial proceedings. Second, Defendants insist that they will not actually be harmed because the Supreme Court will still be able to review the current question presented and provide them with meaningful relief even if this Court issues a final judgment. Defendants cannot be irreparably harmed by an eventuality that they contend will not actually happen. Third, in any event, Defendants will not be irreparably injured even if a final judgment were to moot the pending Supreme Court case, because Defendants have many effective avenues of relief remaining. This Court might rule in defendants favor on the scope-of-review issue they claim the Supreme Court will consider. And even if Defendants lose on that argument, they may then appeal the scope-of-review issue through the normal appellate process and, if necessary, seek certiorari from the Supreme Court. The possibility that a final decision may moot the pending Supreme Court case is simply a result of Defendants' own strategic decisions to pursue interlocutory appellate review of pre-trial discovery orders rather than abide by the final-judgment rule. The consequences of Defendants' own choices do not constitute irreparable injury warranting a stay.

Defendants make the further argument that this Court is at risk of letting extra-record evidence improperly affect the Court's judgment of the record materials. Docket No. 540, at 2; *see also* Mot. for Stay of District Court Proceedings at 1, Docket No. 79, No. 18-2856 (2d Cir. filed Nov. 19, 2018) ("A stay of further district court proceedings is warranted . . . to mitigate the possibility that the district court's consideration of extra-record evidence will improperly influence its decision on the merits."). This is a remarkable contention, and one that lacks any support. District courts are presumed to disregard improper evidence. *Gentile v. State Bar of*

*Nevada*, 501 U.S. 1030, 1077 (1991) (Rehnquist, C.J., dissenting) ("[T]rial judges often have access to inadmissible and highly prejudicial information and are presumed to be able to discount or disregard it"); *Bic Corp. v. Far E. Source Corp.*, 23 F. App'x 36, 38-39 (2d Cir. 2001) (summary order) ("[T]he trial judge is presumed to be able to exclude improper inferences from his or her own decisional analysis"); *United States v. Am. Exp. Co.*, No. 10-CV-4496, 2014 WL 2879811, at *11 (E.D.N.Y. June 24, 2014) (same). Defendants offer literally nothing to defeat that presumption. And their contention is especially meritless here, where the Court has repeatedly and clearly articulated its acute awareness of the need to differentiate between administrative record and extra-administrative record evidence, as well as the different purposes for which extra-record evidence may be considered (such as standing), and has also repeatedly instructed the parties to so distinguish in post-trial briefing.

By contrast, Plaintiffs *will* be irreparably harmed by a stay. Delaying this case increases the likelihood that the very harm Plaintiffs seek to enjoin – the addition of a citizenship question to the census – cannot be fully adjudicated before the census forms are printed in June 2019. *New York*, 2018 WL 5791968, at *6 n.10. Defendants argue that a stay will not prejudice Plaintiffs because full appellate review is unlikely to conclude before the June 2019 deadline in any event. This is a head-scratching argument: the imminence of the June 2019 deadline is reason for this Court to move faster, not slower, as Defendants themselves have urged in other settings. *See id.* (cataloging Defendants' many representations that this case "is a matter of some urgency," including the sworn Congressional testimony of Acting Census Director Ron Jarmin that the Census Bureau wants to "have everything settled for the questionnaire this fall"). Meeting the June 2019 deadline will of course become harder, not easier, if the parties and this Court are delayed in their task.

Defendants cite *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598 (S.D.N.Y. 2012), as authority for their argument that Plaintiffs will not be harmed by a stay. But in that case, the trial court granted a stay because among other reasons, "[a] stay is not likely to prejudice or cause hardship to the Plaintiffs, considering that the alleged conduct giving rise to their causes of action occurred *more than twenty-seven years ago*." *Id.* at 622 (emphasis added). It is self-evident that the facts here are different.

Finally, the public interest is not served by a stay. In addition to the public importance of resolving this case quickly and transparently, as this Court has repeatedly emphasized, the evidence at trial made clear that the harms from Defendants' decision continue to accrue and worsen each and every day. Delay ill-serves the public interest in assuring that immigrant families and communities of color are not perpetually terrorized by fear and apprehension regarding the federal government's motives – which the Census Bureau's own analyses, from as recently as a few weeks ago, prove is occurring. Delay ill-serves the public interest of states and municipal governments that are diverting resources to try to obtain a complete count, and that are trying to plan for adequate funding to meet the basic health and education needs of their communities – sovereign rights that will be jeopardized by an inaccurate and incomplete census.

Defendants' repeated efforts to evade judgment on their illegal decision should be rejected. The motion should be denied.

Respectfully submitted,

3

BARBARA D. UNDERWOOD
*Attorney General of the State of New York*

By: */s/ Matthew Colangelo*
Matthew Colangelo
  *Executive Deputy Attorney General*
Elena Goldstein, *Senior Trial Counsel*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
matthew.colangelo@ag.ny.gov

Attorneys for the *State of New York* Plaintiffs

AMERICAN CIVIL LIBERTIES UNION
ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ John A. Freedman*

Dale Ho
American Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 549-2693
dho@aclu.org

Sarah Brannon*
American Civil Liberties Union Foundation
915 15th Street, NW
Washington, DC 20005-2313
202-675-2337
sbrannon@aclu.org
*\* Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(3).*

Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601
pgrossman@nyclu.org

Andrew Bauer
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-7669
Andrew.Bauer@arnoldporter.com

John A. Freedman
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, DC 20001-3743
(202) 942-5000
John.Freedman@arnoldporter.com

Attorneys for the *NYIC* Plaintiffs

4