UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                                                                      :

STATE OF NEW YORK, et al.,                               :

                            Plaintiffs,               :

                                                 :     18-CV-2921 (JMF)
         -v-                                     :

                                                 :      MEMORANDUM
UNITED STATES DEPARTMENT OF COMMERCE, et al.,  :    OPINION AND ORDER

                                     Defendants.             :

-------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      These consolidated cases involve a challenge to Secretary of Commerce Wilbur L. Ross, Jr.'s decision to reinstate a question about citizenship status to the 2020 census questionnaire. Defendants, through their attorneys at the Department of Justice, have tried and failed repeatedly to halt the orderly progress of this litigation.[1]  Their latest and strangest effort is a motion to stay all further proceedings, including entry of final judgment, pending the Supreme Court's

---

[1] Indeed, as Plaintiffs note, since the eve of Labor Day Weekend, Defendants have filed in this Court, the Second Circuit, or the Supreme Court "an astonishing *twelve* requests to delay these proceedings" — "an average of a request to delay filed each and every single week from Labor Day to Thanksgiving." (Docket No. 543 ("Pls.' Opp'n"), at 1).  With one narrow exception — the stay Defendants obtained from the Supreme Court of this Court's Order authorizing a deposition of Secretary Ross, *see In re Dep't of Commerce*, — S. Ct. —, No. 18A375, 2018 WL 5259090 (U.S. Oct. 22, 2018) — every one of those requests has been rejected.  *See New York v. United States Dep't of Commerce*, — F. Supp. 3d —, No. 18-CV-2921 (JMF), 2018 WL 4279467 (S.D.N.Y. Sept. 7, 2018) (denying a stay of the deposition of the Acting Assistant Attorney General and all discovery); *In re U.S. Dep't of Commerce*, No. 18-2652, 2018 WL 6006904 (2d Cir. Sept. 25, 2018) (same); *In re Dep't of Commerce*, 2018 WL 5259090 (same); *New York v. U.S. Dep't of Commerce*, No. 18-CV-2921 (JMF), 2018 WL 5307097 (S.D.N.Y. Oct. 26, 2018), *as amended*, 2018 WL 5791968 (Nov. 5, 2018) (denying a stay of pretrial proceedings and trial); *In re United States Dep't of Commerce*, Nos. 18-2856 & 2857, 2018 WL 5603576 (2d Cir. Oct. 26, 2018) (same); *In re Dep't of Commerce*, — S. Ct. —, No. 18A455, 2018 WL 5778244 (U.S. Nov. 2, 2018) (same).

resolution of their challenge this Court's discovery-related orders. (Docket No. 540 ("Defs.' Motion")). What makes the motion most puzzling, if not sanctionable, is that they sought *and were denied* virtually the same relief only weeks ago — from this Court, from the Second Circuit, and from the Supreme Court itself. *See In re Dep't of Commerce*, — S. Ct. —, No. 18A455, 2018 WL 5778244 (U.S. Nov. 2, 2018); *In re U.S. Dep't of Commerce*, Nos. 18-2856 & 2857, 2018 WL 5603576 (2d Cir. Oct. 26, 2018); *New York v. U.S. Dep't of Commerce*, No. 18-CV-2921 (JMF), 2018 WL 5307097 (S.D.N.Y. Oct. 26, 2018), *as amended*, 2018 WL 5791968 (Nov. 5, 2018). In fact, if anything, their request is significantly weaker this time around, as the trial is complete and the onus is now on the Court to issue a ruling that facilitates timely and definitive higher-court review. Moreover, Defendants themselves now concede, as they must, that a ruling from this Court will not hinder a higher court from granting full relief on appeal. (*See* Defs.' Motion 1). Unless burdening Plaintiffs and the federal courts with make-work is a feature of Defendants' litigation strategy, as opposed to a bug, it is hard to see the point. To borrow from Camus, "[o]ne must imagine Sisyphus happy." ALBERT CAMUS, THE MYTH OF SISYPHUS 123 (Alfred A. Knopf 1991).

Defendants' stated reason for burdening Plaintiffs and the Court with the very application that three levels of federal courts only recently denied is the fact that, on November 16, 2018, the Supreme Court granted their petition for a writ of certiorari and set oral argument for February 19, 2019. (Defs.' Motion 1). But that development is not quite the "significant change in circumstances" that Defendants suggest. (*Id.*). First, as Defendants have previously noted, the Supreme Court's October 22, 2018 stay of this Court's Order authorizing a deposition of Secretary Ross had already signaled that the Supreme Court was likely to grant their petition, (Docket No. 397, at 1), and, notably, that stay did *not* disturb either of the two other discovery

orders challenged in the petition, let alone further proceedings in this Court, *see In re Dep't of Commerce*, — S. Ct. —, No. 18A375, 2018 WL 5259090, at *1 (U.S. Oct. 22, 2018).  Second, that "likelihood" was unchanged when the Supreme Court summarily denied Defendants' request for a stay of further proceedings *before* trial.  *In re Dep't of Commerce*, 2018 WL 5778244.  And finally, when it granted certiorari and set a briefing schedule, the Supreme Court knew that this Court had completed trial, and it presumably expected that the Court would enter final judgment before the date that it set for oral argument.  That is, the Supreme Court rejected Defendants' request for immediate relief, in the form of either mandamus or certiorari and reversal without further briefing and oral argument.  *See* Pet. for Writ of Mandamus 15, 33, No. 18-557 (U.S. Oct. 29, 2018).

Tellingly, this time, Defendants do not even attempt to argue that they are entitled to the extraordinary relief of a stay of all proceedings under the traditional factors.  *See New York*, 2018 WL 4279467, at *1.  That is not surprising, as Defendants cannot satisfy any of the four factors, substantially for the reasons set forth in Plaintiffs' opposition to the motion, filed earlier today.  (*See* Pls.' Opp'n 1-3).  Among other things, as the Court stressed last time, the traditional test requires that Defendants show they would suffer "irreparable harm" absent a stay.  *See New York*, 2018 WL 5791968, at *2 (quoting *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam)).  Defendants could not make that showing before trial, *see id.* at *2-3, and they certainly cannot make it now.  In fact, the words "harm" and "injury" do not appear anywhere in their motion.  That is for good reason, as the notion that they — or anyone else — would suffer "irreparable harm" without a stay is laughable.  The only "harm" Defendants suffer from denial of a stay is that they would be required to complete and file their post-trial submissions (which are due tomorrow and, presumably, almost done), and to appear for oral argument on November

27, 2018. As the Court has noted before, however, "'[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.'" *Id.* at \*2 (quoting *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974)).

Since reliance on the traditional test would obviously be unavailing, Defendants try their hand now with a new line of cases, which stand for the uncontroversial proposition that a district court has discretion to stay civil proceedings where doing so would advance the interests of the parties, the courts, and the public. (Defs.' Motion 2 (citing cases)). But here, for reasons the Court has largely explained before, a stay would undermine, rather than advance, those interests. *See New York*, 2018 WL 5791968, at \*6-7. Indeed, by Defendants' own admission, it will take extraordinary efforts *as it is* to ensure "full merits briefing and argument in the Second Circuit, let alone the Supreme Court, . . . before" the census forms need to be printed in June 2019. (Defs.' Motion 2).[2] Such review would become practically impossible if this Court were to await the Supreme Court's decision after oral argument on February 19, 2019, to get briefing from the parties (on what would, at that point, be a stale record), and then to write and issue a final decision. Compounding matters, that harmful delay would come with no corresponding benefit: As Defendants concede, "the Supreme Court will be able to order effective relief notwithstanding this Court's entry of a final decision." (Defs.' Motion 1). Indeed, a ruling from this Court would aid, not hinder, the Supreme Court's task — as the Supreme Court may be able to avoid deciding a thorny legal question altogether (if, for instance, the Court enters judgment in

---

[2] Notably, Defendants took a different position in seeking to forestall trial. Before the Second Circuit, they argued that delaying trial pending a decision by the Supreme Court on their petition did *not* risk running out the clock, citing the fact that two other courts have scheduled related trials for January 2019. *See* Mot. to Stay Pretrial and Trial Proceedings 1-2, 9, *In re U.S. Dep't of Commerce*, No. 18-2856 (2d Cir. Oct. 25, 2018), ECF No. 68.

4

favor of Defendants or enters judgment in favor of Plaintiffs without relying on evidence outside the administrative record), or would be able to decide that question and the merits together.

Defendants' motion makes so little sense, even on its own terms, that it is hard to understand as anything but an attempt to avoid a timely decision on the merits altogether. That conclusion is reinforced by the fact that Defendants, once again, appealed to the Second Circuit even before this Court had heard from Plaintiffs, let alone issued this ruling on the motion. *See* Mot. to Stay District Court Proceedings, *In re U.S. Dep't of Commerce*, No. 18-2856 (2d Cir. Nov. 19, 2018), ECF No. 79.[3] If Defendants' motion in this Court comes close to the sanctionable line, that filing would sure seem to cross it. The Second Circuit has held — in a case that Defendants themselves cite (*see* Defs.' Motion 1) — that the decision to deny a stay is "so firmly within the discretion of the district court" that it "will not be disturbed . . . absent demonstrated prejudice so great that, as a matter of law, it vitiates a defendant's constitutional rights or otherwise gravely and unnecessarily prejudices the defendant's ability to defend his or her rights." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 100 (2d Cir. 2012). "Indeed, so heavy is the defendant's burden in overcoming a district court's decision to refrain from entering a stay" that it is almost impossible to find examples "in which a district court's decision to deny a stay was reversed on appeal." *Id.* (noting that the defendants had "pointed to only one" such case "and that case was decided more than thirty years ago").[4]

---

[3]   Defendants justified that step by suggesting that this Court had "implicitly den[ied]" their motion. Mot. to Stay District Court Proceedings 1 n.1, *In re U.S. Dep't of Commerce*, No. 18-2856. The Court did no such thing: It merely entered an order giving Plaintiffs one day to respond to Defendants' motion. (Docket No. 541). Unsurprisingly, the Court of Appeals did not countenance Defendants' extraordinary lack of respect for the ordinary incidents of due process and regular procedure. Earlier this afternoon, that Court summarily denied Defendants' motion as "premature." Order, *In re U.S. Dep't of Commerce*, No. 18-2856 (2d Cir. Nov. 20, 2018), ECF No. 84.

[4]   If past is prologue and Defendants seek a stay from the Supreme Court yet again, their

In the final analysis, Defendants' motion is most galling insofar as it is premised on the suggestion that granting a stay would help conserve judicial resources.  (*See* Defs.' Motion 2-3).[5]  It is plainly more efficient for this Court to rule expeditiously, while the evidence from trial (the vast majority of which pertains to standing and which Defendants concede may be considered no matter what the Supreme Court decides (Trial Tr. 1421-22)) is fresh.  It is also more efficient for this Court to create a comprehensive record that would enable a single round of higher-court review than to tee up a second round of review with almost no time remaining on the clock.  And beyond that, if Defendants were truly interested in conserving judicial resources, they could have avoided burdening this Court, the Second Circuit, and the Supreme Court with *twelve* stay applications over the last eleven weeks that, with one narrow exception, have been repeatedly rejected as meritless.  *See supra* note 1.  Instead, Defendants would have focused their attention on the ultimate issues in this case, where the attention of the parties and the Court now belongs.

---

burden will be equally high, if not higher: A request that the Supreme Court "exercise its 'supervisory authority' over" a district court's case management decisions, which is what such an application would be, "implicates a standard even more daunting than that applicable to a stay of a judgment subject to the [Supreme Court's] review."  *Gray v. Kelly*, 564 U.S. 1301, 1303 (2011) (Roberts, C.J., in chambers); *see also, e.g.*, *Ehrlichman v. Sirica*, 419 U.S. 1310, 1313 (1974) (Burger, C.J., in chambers) (rejecting a stay application and noting that "[t]he resolution of these issues should they arise after [judgment] must await the normal appellate processes").

[5]    A close second is Defendants' suggestion that "a stay would . . . reduc[e] any risk that the Court's consideration of extra-record evidence would affect the analysis of record materials."  (Defs.' Motion 2).  Putting aside the arguable insult to the Court's intelligence, Defendants themselves do not appear to believe their own suggestion.  As they acknowledge, the Court "has already been exposed to the extra-record evidence" during discovery and trial; no Supreme Court decision can undo that.  (*Id.*).  Moreover, as Defendants also acknowledge (*id.*), "district courts routinely must disregard improper evidence that has been put before them."  *See, e.g.*, *Harris v. Rivera*, 454 U.S. 339, 346 (1981) ("In bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions.").

Enough is enough. Defendants' latest motion to halt these proceedings is DENIED. Barring a stay from the Second Circuit or the Supreme Court, Defendants shall file their post-trial briefing by the Court-ordered deadline of tomorrow and appear for oral argument as directed on November 27, 2018. The Clerk of Court is directed to terminate Docket No. 540.

SO ORDERED.

Dated: November 20, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge