July 3, 2019

The Honorable Jesse M. Furman
Thurgood Marshall U.S. Courthouse
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      RE:    Request for immediate status conference in *State of New York, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-2921 (JMF).

Dear Judge Furman,

      Plaintiffs write pursuant to this Court's Rule 1.A to request that the Court schedule an immediate status conference in this action. On June 27, 2019, the Supreme Court affirmed this Court's judgment that Secretary Ross's decision to add a citizenship question to the 2020 decennial census should be set aside and remanded because it rested on a pretextual basis. *Dep't of Commerce v. New York*, No. 18-966, slip op. 23-29 (June 27, 2019). That day, the Department's counsel conceded that this Court's injunction remained in place. Ex. 1.

      On Monday, July 1, Plaintiffs sought confirmation from Defendants that the census questionnaire had been finalized without a citizenship question in light of Defendants' many representations to this Court and the Supreme Court that "the Census Bureau needs to finalize the 2020 questionnaire by June of this year." Ex. 2; Ex. 3. Defendants' counsel responded that "the decision has been made to print the 2020 Decennial Census questionnaire without a citizenship question, and . . . the printer has been instructed to begin the printing process." Ex. 3. The Commerce Secretary subsequently issued a statement that "[t]he Census Bureau has started the process of printing the decennial questionnaires without the question," and Defendants' counsel advised Judge Hazel in a status conference yesterday in *Kravitz v. U.S. Dep't of Commerce*, 18-cv-1041 (D. Md.), that the decision to proceed without a citizenship question was final. Defendants' counsel expressly affirmed that the Census Bureau would not revisit the issue after printing the census questionnaires; counsel instead assured Judge Hazel that the decision to move forward without the citizenship question had been made "once and for all."

      Today, President Trump tweeted that "News Reports about the Department of Commerce dropping its quest to put the Citizenship Question on the Census is incorrect or, to state it differently, FAKE! We are absolutely moving forward, as we must, because of the importance of the answer to this question."[1] Because this statement is not consistent with the representations Defendants' counsel made to Plaintiffs and a federal court yesterday, and because proceeding with a citizenship question at this point would violate this Court's injunction—which the Court retains jurisdiction to enforce—Plaintiffs request an immediate status conference so the Court and the parties can determine Defendants' current position and whether any emergency relief is needed.

                                Respectfully submitted,

---

[1] *See* https://twitter.com/realDonaldTrump/status/1146435093491277824.

                                    LETITIA JAMES
*Attorney General of the State of New York*

By: */s/ Matthew Colangelo*
Matthew Colangelo, *Chief Counsel for Federal Initiatives*
Elena Goldstein, *Acting Bureau Chief, Civil Rights Bureau*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
matthew.colangelo@ag.ny.gov

Attorneys for the *State of New York* Plaintiffs

ARNOLD & PORTER KAYE SCHOLER LLP
AMERICAN CIVIL LIBERTIES UNION

By: */s/ John A. Freedman*

| | |
|---|---|
| Dale Ho | Andrew Bauer |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 125 Broad St. | 250 West 55th Street |
| New York, NY 10004 | New York, NY 10019-9710 |
| (212) 549-2693 | (212) 836-7669 |
| dho@aclu.org | Andrew.Bauer@arnoldporter.com |
| | |
| Sarah Brannon* | John A. Freedman |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 915 15th Street, NW | 601 Massachusetts Avenue, N.W. |
| Washington, DC 20005-2313 | Washington, DC 20001-3743 |
| 202-675-2337 | (202) 942-5000 |
| sbrannon@aclu.org | John.Freedman@arnoldporter.com |
| * *Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(3).* | |

Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601
pgrossman@nyclu.org

                                    Attorneys for the *NYIC* Plaintiffs

# Exhibit 1

**From:** Gardner, Joshua E (CIV) <Joshua.E.Gardner@usdoj.gov>
**Sent:** Thursday, June 27, 2019 2:59 PM
**To:** Duraiswamy, Shankar <sduraiswamy@cov.com>; Ehrlich, Stephen (CIV) <Stephen.Ehrlich@usdoj.gov>
**Cc:** Duke, Benjamin <pbduke@cov.com>; Cho, Dustin <dcho@cov.com>; Denise M. Hulett <Dhulett@MALDEF.org>; Niyati Shah <nshah@advancingjustice-aajc.org>
**Subject:** RE: Kravitz / LUPE

Shankar:

Thank you for your email.  We agree that a meet and confer about discovery on the equal protection claim before today's court conference is unnecessary.  Given the Supreme Court's decision today, our view is that the injunctions in both New York and this case are still in place, and we have no plans to challenge them or seek to have them vacated.   Because the Secretary is currently in Japan, and he must be consulted, we cannot yet provide you and the Court with our definitive view about future proceedings, if any.  We will update you as soon as we have clarity on that front.

Josh

**From:** Duraiswamy, Shankar <sduraiswamy@cov.com>
**Sent:** Thursday, June 27, 2019 2:26 PM
**To:** Gardner, Joshua E (CIV) <jgardner@CIV.USDOJ.GOV>; Ehrlich, Stephen (CIV) <sehrlich@CIV.USDOJ.GOV>
**Cc:** Duke, Benjamin <pbduke@cov.com>; Cho, Dustin <dcho@cov.com>; Denise M. Hulett <Dhulett@MALDEF.org>; Niyati Shah <nshah@advancingjustice-aajc.org>
**Subject:** Kravitz / LUPE

Josh and Stephen,

In light of the Supreme Court's decision today and the government's previous representations as to the June 30 deadline to begin printing the 2020 Census questionnaires, we presume that the Census Bureau will move forward with printing the Census questionnaires and conducting the 2020 Census without the citizenship question. Subject to Defendants' confirmation that our understanding is correct, we do not believe there is a need to meet and confer about discovery on our equal protection claim prior to the court conference later this afternoon.

Otherwise, we are available to confer with you any time between 3:30 and 5 pm.  Below is a rough outline of what we intend to pursue in discovery.

1

- Motion practice to revisit privilege claims
- Initial list of witness depositions:
    - Wilbur Ross
    - James Uthmeier
    - Christa Jones
- Document requests to DOC and DOJ, including:
    - Drafts of the DOJ letter requesting the citizenship question and all communications regarding drafts of the letter
    - Communications and documents regarding use of citizenship data or immigration status for purposes of reapportionment or redistricting
    - Communications with individuals outside the government, including but not limited to Thomas Hofeller, Dale Oldham, Mark Neuman, and John Baker, regarding (1) the actual or potential use of a citizenship question on the decennial census questionnaire, and (2) the use of citizenship data or immigration status for purposes of reapportionment or redistricting
- Initial list of third-party document and deposition subpoenas:
    - Mark Neuman
    - Dale Oldham
    - John Baker
    - Kris Kobach

**Shankar Duraiswamy**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5273 | sduraiswamy@cov.com
www.cov.com

COVINGTON

2

# Exhibit 2



**U.S. Department of Justice**

Office of the Solicitor General

*Washington, D.C. 20530*
June 25, 2019

Honorable Scott S. Harris
Clerk
Supreme Court of the United States
Washington, D.C. 20543

      Re: <u>Department of Commerce, et. al.</u> v. <u>New York, et al.</u>, No. 18-966

Dear Mr. Harris:

      We write to alert the Court of a ruling by the Fourth Circuit in a related set of consolidated cases. Following a bench trial, the Maryland district court there entered judgment for the plaintiffs on their APA, Census Act, and Enumeration Clause claims, but ruled in favor of the government on the plaintiffs' equal-protection and related civil-conspiracy claims. *Kravitz* v. *Department of Commerce*, 366 F. Supp. 3d 681, 742-754 (D. Md. 2019). The government appealed, and the plaintiffs cross-appealed. See *La Union del Pueblo Entero (LUPE)* v. *Ross*, No. 19-1382 (4th Cir.) (lead case). Earlier today, the Fourth Circuit remanded the equal-protection and civil-conspiracy claims for further factfinding on the basis of files found in the personal effects of a deceased redistricting expert, Dr. Thomas Hofeller. See 6/25/19 Order, *LUPE*, at 3-4.

      The Fourth Circuit's order underscores the need for this Court to address the equal-protection claim and the immateriality of the Hofeller files in its disposition of the above-captioned case so that the lawfulness of the Secretary's decision can be fully and finally resolved. The government addressed that claim in its opening brief, and NYIC's recent motion to remand put before this Court the evidence from the Hofeller files. Accordingly, the equal-protection issue is squarely before this Court for resolution.

      As the government has repeatedly explained, "the Census Bureau needs to finalize the 2020 questionnaire by June of this year," Pet. App. 12a, and "changes to the paper questionnaire after June of 2019 * * * would impair the Census Bureau's ability to timely administer the 2020 census," J.A. 906. The Fourth Circuit's order jeopardizes that schedule. Indeed, Judge Wynn expressly encouraged the district court to "preliminarily enjoin the Government from placing the citizenship question on the 2020 Census questionnaire" while it conducts up to 45 days of further discovery. 6/25/19 Order, *LUPE*, at 5. Were the district court to enter such an injunction, the government would be forced to seek emergency relief from this Court with a need for resolution by June 30, just five days from now. Thus, this Court would have to address the equal-protection issue anyway, only on a highly expedited basis. To avoid that needless prospect, and as the government explained in its opposition to NYIC's motion to remand (at 16-17), this Court should address the equal-protection claim in its opinion, and make clear that the administrative record, the extra-record evidence, and the Hofeller files do not, individually or together, provide any basis for setting aside the Secretary's decision on the ground that it violates principles of equal protection.

We would appreciate your circulating this letter to Members of the Court.

Sincerely,

Noel J. Francisco
Solicitor General

encl.: 6/25/2019 Order, La Union del Pueblo Entero v. Ross, No. 19-1382 (4th Cir.)
cc:    See Attached Service List

18-0966
UNITED STATES DEPARTMENT OF COMMERCE, ETAL.
STATE OF NEW YORK, ET AL.

BARBARA UNDERWOOD
NY STATE OFFICE OF THE ATTORNEY GENERAL
28 LIBERTY STREET
23RD FLOOR
NEW YORK, NY 10005
BARBARA.UNDERWOOD@AG.NY.GOV

DALE E. HO
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 BROAD STREET
NEW YORK, NY 10004
212-549-2693
DALE.HO@ACLU.ORG

FILED: June 25, 2019

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-1382 (L)
(8:18-cv-01570-GJH)

LA UNION DEL PUEBLO ENTERO; TEXAS SENATE HISPANIC CAUCUS; TEXAS HOUSE OF REPRESENTATIVES MEXICAN AMERICAN LEGISLATIVE CAUCUS; SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT; CALIFORNIA LATINO LEGISLATIVE CAUCUS; COALITION FOR HUMANE IMMIGRANT RIGHTS; DOLORES HUERTA FOUNDATION; MI FAMILIA VOTA EDUCATION FUND; SOMOS UN PUEBLO UNIDO; GEORGIA ASSOCIATION OF LATINO ELECTED OFFICIALS; LABOR COUNCIL FOR LATIN AMERICAN ADVANCEMENT; PROMISE ARIZONA; EL PUEBLO, INC.; MARYLAND LEGISLATIVE LATINO CAUCUS; ASIAN AMERICANS ADVANCING JUSTICE-CHICAGO; ASIA SERVICES IN ACTION, INC.; ORGANIZATION OF CHINESE AMERICANS-GREATER HOUSTON; MINKWON CENTER FOR COMMUNITY ACTION, INC.; CHELSEA COLLABORATIVE; CHICANOS POR LA CAUSA; LATINO COMMUNITY FUND OF WASHINGTON; ARIZONA LATINO LEGISLATIVE CAUCUS; GENE WU; JUANITA VALDEZ-COX; CALIFORNIA LEGISLATIVE BLACK CAUSUS; CALIFORNIA ASIAN PACIFIC ISLANDER LEGISLATIVE CAUCUS; OCA-GREATER HOUSTON; FRIENDLY HOUSE; FOUR DIRECTIONS, INC.; MIA GREGERSON; RAJ MUKHERJI; CINDY RYU; SHARON SANTOS; OLIVER SEMANS, SR.

              Plaintiffs – Appellees

v.

WILBUR L. ROSS, sued in his official capacity as U.S. Secretary of Commerce; DIRECTOR RON JARMIN, sued in his official capacity as Performing the Non-Exclusive Functions and Duties of the Director, U.S. Census Bureau; U. S. CENSUS BUREAU; U. S. DEPARTMENT OF COMMERCE

              Defendants – Appellants

No. 19-1387
(8:18-cv-01041-GJH)

ROBYN KRAVITZ; MICHAEL KRAVITZ; CATHERINE NWOSU; NNABUGWU NWOSU; JOANNE WILSON; RICHARD MCCUNE; JOSE MORENO; DIANA ALEXANDER; MARTHA SANCHEZ; LAUREN RACHEL BERMAN; YAMILE LABORI; SARAH BRYAN; ALEJANDRO CHAVEZ; MICHAEL KAGAN; SONIA CASAREZ SHAFER; LAZARA YOELVIS MAGADAN; LINDA RIVAS; T. CARTER ROSS; VIRGINIA GARCIA; ELIZABETH BUCHANAN; MAEGAN ORTIZ

   Plaintiffs – Appellees

v.

UNITED STATES DEPARTMENT OF COMMERCE; U. S. CENSUS BUREAU; WILBUR L. ROSS, in his official capacity as Secretary of Commerce; KAREN DUNN KELLEY, in her official capacity as the Under Secretary for Economic Affairs, performing nonexclusive duties of the Deputy Secretary of Commerce; RON JARMIN, in his official capacity as an employee of the U.S. Census Bureau performing the non-exclusive functions and duties of the Director of the U.S. Census Bureau; DR. STEVEN DILLINGHAM, Deputy Director of the Census Bureau

   Defendants - Appellants

No. 19-1425
(8:18-cv-01570-GJH)

LA UNION DEL PUEBLO ENTERO; TEXAS SENATE HISPANIC CAUCUS; TEXAS HOUSE OF REPRESENTATIVES MEXICAN AMERICAN LEGISLATIVE CAUCUS; SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT; CALIFORNIA LATINO LEGISLATIVE CAUCUS; COALITION FOR HUMANE IMMIGRANT RIGHTS; SOMOS UN PUEBLO UNIDO; DOLORES HUERTA FOUNDATION; MI FAMILIA VOTA EDUCATION FUND; GEORGIA ASSOCIATION OF LATINO ELECTED OFFICIALS; LABOR COUNCIL FOR LATIN AMERICAN ADVANCEMENT; PROMISE ARIZONA; EL PUEBLO, INC.; MARYLAND

2

LEGISLATIVE LATINO CAUCUS; ASIAN AMERICANS ADVANCING JUSTICE-CHICAGO; ASIA SERVICES IN ACTION, INC.; ORGANIZATION OF CHINESE AMERICANS-GREATER HOUSTON; MINKWON CENTER FOR COMMUNITY ACTION, INC.; CHELSEA COLLABORATIVE; CHICANOS POR LA CAUSA; LATINO COMMUNITY FUND OF WASHINGTON; ARIZONA LATINO LEGISLATIVE CAUCUS; GENE WU; JUANITA VALDEZ-COX; CALIFORNIA LEGISLATIVE BLACK CAUSUS; CALIFORNIA ASIAN PACIFIC ISLANDER LEGISLATIVE CAUCUS; OCA-GREATER HOUSTON; FRIENDLY HOUSE; FOUR DIRECTIONS, INC.; MIA GREGERSON; RAJ MUKHERJI; CINDY RYU; SHARON SANTOS; OLIVER SEMANS, SR.

        Plaintiffs – Appellants

v.

WILBUR L. ROSS, sued in his official capacity as U.S. Secretary of Commerce; DIRECTOR RON JARMIN, sued in his official capacity as Performing the Non-Exclusive Functions and Duties of the Director, U.S. Census Bureau; U. S. CENSUS BUREAU; U. S. DEPARTMENT OF COMMERCE

        Defendants – Appellees

## ORDER

Upon consideration of submissions relative to the plaintiffs' motion for remand, this Court hereby grants the motion. More specifically, we remand for further proceedings on the Fifth Amendment equal protection claim and the 42 U.S.C. § 1985 claim, so that the district court may address and resolve the matters identified in its Indicative Ruling of June 19, 2019, and its related Memorandum Opinion of June 24, 2019. Pursuant to Rule 12.1(b) of the Federal Rules of Appellate Procedure, we will retain jurisdiction during the pendency of the remand proceedings. After the district court's entry of a final ruling on the plaintiffs' pending motion for relief from final judgment, the parties must comply with the notification requirement of

Rule 12.1(b).

Entered at the direction of Judge King with the concurrence of Judge Wynn. Judge Wynn filed a separate concurring statement. Judge Agee voted to deny the motion for remand.

For the Court

/s/ Patricia S. Connor, Clerk

WYNN, J., concurring:

I concur in the Court's decision to remand this case for further proceedings on the Fifth Amendment equal protection claim and the 42 U.S.C. § 1985 claim, so that the district court may address and resolve matters identified in its Indicative Ruling and related Memorandum Opinion.

In addressing and resolving those matters, the district court should keep in mind that "discriminatory intent *need not be proved by direct evidence.*" *Rogers v. Lodge*, 458 U.S. 613, 618 (1982) (emphasis added). Instead, when deciding whether discriminatory intent motivates a facially neutral law, courts undertake a "sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *Village of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 266 (1977) (emphasis added). Therefore, "necessarily," an "invidious discriminatory purpose may often be *inferred* from the totality of the relevant facts, including the fact, if it is true, that the law bears more heavily on one race than another." *Washington v. Davis*, 426 U.S. 229, 242 (1976) (emphasis added). To that end, even in the absence of direct evidence of invidious discriminatory intent, this Court and other courts have found such intent

4

when, for example, a governmental decisionmaker was aware that an action was likely to disproportionately impact a minority group, the decisionmaker declined to impose ameliorative measures to minimize the likely disproportionate impact, the decisionmaker's process for deciding to take the action deviated from standard practice, and the decisionmaker provided pretextual reasons for taking the action. *See N.C. State Conference of NAACP v. McCrory*, 831 F.3d 204, 221 (4th Cir. 2016); *Veasey v. Abbott*, 830 F.3d 216, 235 (5th Cir. 2016) (en banc); *United States v. Yonkers Bd. of Ed.*, 837 F.2d 1181, 1229–30 (2d Cir. 1987).

It may be prudent upon remand, for the district court to consider whether it is appropriate for the district court to preliminarily enjoin the Government from placing the citizenship question on the 2020 Census questionnaire pending the district court's and this Court's final review of Plaintiffs' equal protection and Section 1985 claims. Although U.S. Census Bureau Chief Scientist Dr. John Abowd testified that "the final date for locking down the content of the census questionnaire is October 31, 2019," J.A. 771, the Government's briefing has repeatedly represented to this Court and the Supreme Court that the 2020 Census questionnaire must be finalized by this Sunday, June 30, 2019. Thus, if the district court does not anticipate deciding this case until after June 30, 2019 (which appears highly likely, given that the district court has indicated it plans to reopen discovery and order an evidentiary hearing), a preliminary injunction may be necessary to prevent the printing of the Census questionnaire from, at least from the Government's perspective, rendering the case moot.

In any event, I believe that the district court should expeditiously address Plaintiffs' equal protection and Section 1985 claims to prevent unduly interfering with the preparation of

the Census questionnaire and interfering with appellate review of its ultimate determination as to those claims.

# Exhibit 3

| | |
|---|---|
| **From:** | Bailey, Kate (CIV) <Kate.Bailey@usdoj.gov> |
| **Sent:** | Tuesday, July 2, 2019 3:56 PM |
| **To:** | Freedman, John A.; Federighi, Carol (CIV); Ehrlich, Stephen (CIV); Coyle, Garrett (CIV); Wells, Carlotta (CIV); Gardner, Joshua E (CIV) |
| **Cc:** | DHo@aclu.org; Goldstein, Elena; Colangelo, Matthew; SBrannon@aclu.org; Gersch, David P. |
| **Subject:** | RE: New York et al v. Department of Commerce et al., SDNY 18-cv-2921 |

Counsel—

We can confirm that the decision has been made to print the 2020 Decennial Census questionnaire without a citizenship question, and that the printer has been instructed to begin the printing process.

Best,

**Kate Bailey**
Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
202.514.9239 | kate.bailey@usdoj.gov

---

**From:** Freedman, John A. <John.Freedman@arnoldporter.com>
**Sent:** Monday, July 01, 2019 3:47 PM
**To:** Bailey, Kate (CIV) <katbaile@CIV.USDOJ.GOV>; Federighi, Carol (CIV) <CFederig@CIV.USDOJ.GOV>; Ehrlich, Stephen (CIV) <sehrlich@CIV.USDOJ.GOV>; Coyle, Garrett (CIV) <gcoyle@CIV.USDOJ.GOV>; Wells, Carlotta (CIV) <CWells@CIV.USDOJ.GOV>; Gardner, Joshua E (CIV) <jgardner@CIV.USDOJ.GOV>
**Cc:** DHo@aclu.org; Goldstein, Elena <Elena.Goldstein@ag.ny.gov>; Colangelo, Matthew <Matthew.Colangelo@ag.ny.gov>; SBrannon@aclu.org; Gersch, David P. <David.Gersch@arnoldporter.com>
**Subject:** New York et al v. Department of Commerce et al., SDNY 18-cv-2921

Dear Counsel --

In light of the Defendants' repeated representations to the public, Congress, and the courts (as recently as last Tuesday) that "the Census Bureau needs to finalize the 2020 questionnaire by June of this year," and "changes to the paper questionnaire after June of 2019 . . . would impair the Census Bureau's ability to timely administer the 2020 census," *see* 6/25/19 letter from Solicitor General to Scott Harris, we are writing to confirm that the Census Bureau finalized the questionnaire over the weekend and that the final questionnaire does not include the citizenship question.

Please advise by 10 am tomorrow so that we can consider whether, if necessary, to seek further relief from the court.

Best,

John

1

_____
John A. Freedman
**Arnold & Porter**
601 Massachusetts Avenue, NW
Washington, DC 20001

Office: +1 202.942.5316
john.freedman@arnoldporter.com
www.arnoldporter.com

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly proh bited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

2