July 8, 2019

The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      RE:    *Plaintiffs' Response to Defendants' Motion to Withdraw State of New York, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-2921 (JMF)

Dear Judge Furman

      Pursuant to Paragraph 1(A) of this Court's Individual Rules and Practices and Local Rule 1.4, Plaintiffs write to respond to Defendants' motion to withdraw and substitute counsel. By motion dated July 8, 2019, each of the attorneys that currently represents Defendants, all from the Department of Justice's Federal Programs Branch, seeks leave to withdraw as counsel for Defendants. Docket No. 618. Since August 8, 2018, and throughout discovery and trial in this Court, Defendants were "represented exclusively by attorneys from the Department of Justice, Federal Programs Branch." Docket No. 227; *see* Docket No. 233. Plaintiffs write to ensure that Defendants' withdrawal of counsel en masse does not prejudice Plaintiffs or hinder the resolution of this case.[1]

      As an initial matter, Defendants' motion fails to comply with the requirements set forth in Local Rule 1.4. This Court's local rules require that counsel seeking to withdraw demonstrate "satisfactory reasons" for withdrawal. Local Civ. R. 1.4. "[W]hen considering whether to grant a motion to withdraw under Rule 1.4, courts must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Winkfield v. Kirschenbaum & Phillips*, P.C., No. 12 CIV. 7424 JMF, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013). The court must consider whether and to what extent "the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Skyline Steel, LLC v. PilePro*, LLC, No. 13-CV-8171 JMF, 2015 WL 1000145, at *1 (S.D.N.Y. Mar. 5, 2015) (citation and brackets omitted). Defendants' motion lacks the specificity or assurances necessary to demonstrate that there are satisfactory reasons for these withdrawals or that the withdrawals will not cause further disruption, particularly in light of the history of this case and the well-documented need for expeditious resolution. *See, e.g.*, Docket No. 616; *see also* Docket No. 544 at 1 n.1 (observing "Defendants have filed in this Court, the Second Circuit, or the Supreme Court 'an astonishing twelve requests to delay these proceedings'"), *id.* at 7 ("Enough is enough.").

      Moreover, Defendants' mass withdrawal risks hindering Plaintiffs' ability to litigate matters currently or soon to be pending before the Court. Plaintiffs' pending motion to amend this Court's January 15, 2019 judgment, *see* Docket No. 616, directly implicates representations to this Court and others made by the Defendants' current attorneys and their clients. Plaintiffs'

---

[1] This is not the first time that Department of Justice attorneys have sought to withdraw from this case. *See* Docket No. 405 at 4 n.2 (noting withdrawal of attorneys from the United States Attorney's Office for the Southern District of New York).

forthcoming motion for sanctions, *see* Docket No. 605, likewise raises questions concerning discovery and candor that are uniquely within current counsels' knowledge.

  Particularly in light of Defendants' rapidly shifting representations to this Court and others,[2] the Court should not grant these motions absent a clear articulation of "satisfactory reasons" for these withdrawals and unequivocal assurances from Defendants that these withdrawals will not delay the conduct of this case.  Even if these motions are granted, Plaintiffs request that the Court retain jurisdiction over the withdrawing attorneys in connection with Plaintiffs' pending motion or any future sanctions motions.  *See Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16CV1318GBDBCM, 2017 WL 5067432, at *7 (S.D.N.Y. May 9, 2017) ("this Court may retain jurisdiction over a withdrawing attorney in connection with a pending sanctions motions"); *see, e.g.*, *Logicom Inclusive, Inc. v. W.P. Stewart & Co.,* No. 04–CV–604 (CSH)(DFE), 2008 WL 1777855, at *2 (S.D.N.Y. Apr. 16, 2008) (retaining jurisdiction over sanctions claim notwithstanding attorneys' withdrawal from case). At a minimum, Plaintiffs respectfully request that the Court require any attorneys whose representations or conduct is at issue in the pending or forthcoming motions to attend any hearings on these motions or otherwise remain available to the Court and the parties to ensure the full and fair disposition of the pending motions.

DATE: July 8, 2019     Respectfully submitted,
            ARNOLD & PORTER KAYE SCHOLER LLP
            AMERICAN CIVIL LIBERTIES UNION
            NEW YORK CIVIL LIBERTIES UNION

            By: */s/Perry Grossman*

| | |
|---|---|
| Dale Ho | Andrew Bauer |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 125 Broad St. | 250 West 55th Street |
| New York, NY 10004 | New York, NY 10019-9710 |
| (212) 549-2693 | (212) 836-7669 |
| dho@aclu.org | Andrew.Bauer@arnoldporter.com |
| | |
| Sarah Brannon* | John A. Freedman |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 915 15th Street, NW | 601 Massachusetts Avenue, N.W. |
| Washington, DC 20005-2313 | Washington, DC 20001-3743 |
| 202-675-2337 | (202) 942-5000 |
| sbrannon@aclu.org | John.Freedman@arnoldporter.com |

* *Not admitted in the District of Columbia;*

---

[2] *Compare* Docket No. 610-3, at 1 (representation that "the decision has been made to print the 2020 Decennial Census questionnaire without a citizenship question") *with* Docket No. 612-1 at 11 (Defendants will "examine whether there is a path forward" to including the citizenship question on the census).

*practice limited pursuant to D.C. App. R. 49(c)(3).*

Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601
pgrossman@nyclu.org

Attorneys for the *NYIC* Plaintiffs

LETITIA JAMES
*Attorney General of the State of New York*

By: */s/ Elena Goldstein*
Elena Goldstein, *Acting Bureau Chief, Civil Rights Bureau*
Matthew Colangelo, *Chief Counsel for Federal Initiatives*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
matthew.colangelo@ag.ny.gov

Attorneys for the *State of New York* Plaintiffs