December 3, 2019

The Honorable Jesse M. Furman
Thurgood Marshall U.S. Courthouse
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      RE:    Governmental Plaintiffs' letter regarding sanctions in *State of New York, et al. v. U.S. Dep't of Commerce, et al.,* 18-CV-2921 (JMF).

Dear Judge Furman,

      The Governmental Plaintiffs[1] submit this letter in response to the Court's November 26 Order (Docket No. 670) directing Plaintiffs to indicate their views on Defendants' letter of November 25 (Docket No. 669). The belated disclosure of additional records from the files of Census Bureau employee Christa Jones, which Defendants concede should have been included in the Administrative Record or produced in discovery (Docket No. 669-1, at 1), supports the discovery-related relief sought in the NYIC Plaintiffs' motion for sanctions.

      First, Defendants' opposition to the NYIC Plaintiffs' motion for sanctions contended that "[n]o evidence supports the claim that relevant communications of Christa Jones are absent from the administrative record." Docket No. 648, at 14. Without expressly correcting that earlier contention, Defendants have now disclosed more than two dozen previously-undisclosed communications from Ms. Jones, apparently located in response to congressional requests for information. *Id.* Defendants themselves now recognize that further investigation is warranted "to determine whether any other documents were similarly inadvertently omitted from production." Docket No. 669-1, at 2. In light of these developments, the Court should conclude that the discovery-related relief sought in the NYIC Plaintiffs' motion for sanctions is warranted. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Int'l Techs. Marketing Inc. v. Verint Sys., Ltd.*, 15-cv-2457, 2019 WL 1244493, at *6 (S.D.N.Y. Mar. 18, 2019) (quoting *Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 394 (S.D.N.Y. 2010)); *Shah v. Eclipsys Corp.*, No. 08-cv-2528, 2010 WL 2710618, at *15-16 (E.D.N.Y. July 7, 2010) (citing cases).

      Second, Defendants' belated disclosure of records from Ms. Jones's files indicates broader shortcomings in Defendants' search for or production of responsive records during this litigation. The newly-produced records include emails between Ms. Jones and numerous other Commerce Department or Census Bureau officials who were themselves identified as custodians in this litigation, including Peter Davidson, Michael Walsh, James Uthmeier, Sahra Park-Su, and Ron Jarmin. *See* Document Index & Privilege Log, Docket No. 669-1. Any inadvertent oversight in producing responsive records from Ms. Jones's files would likely have been remedied by an accurate review and production of records from the files of these additional custodians. That these records appear nowhere in the Administrative Record or in Defendants'

---

[1] Plaintiff El Paso County, Texas, does not join this letter.

responses to discovery indicates a broader failure to locate, review, and produce responsive records.

The Court earlier "accept[ed] Defendants' representations (backed by declarations from two relevant officials at the Department of Commerce) that they have now 'taken all proper and reasonable steps to ensure that the administrative record and supplemental materials are complete.'" *New York v. U.S. Dep't of Commerce*, No. 19-cv-2921, 2018 WL 5260467, at *2 (S.D.N.Y. Aug. 17, 2018); *see* Docket Nos. 253, 254. It is now apparent that those representations were not accurate. The discovery-related relief sought in the NYIC Plaintiffs' motion for sanctions is warranted to ascertain the extent of Defendants' discovery shortcomings, and to determine whether additional relief should follow.[2]

        Respectfully submitted,

        LETITIA JAMES
        *Attorney General of the State of New York*

        By: */s/ Matthew Colangelo*
        Matthew Colangelo, *Chief Counsel for Federal Initiatives*
        Elena Goldstein, *Deputy Chief, Civil Rights Bureau*
        Office of the New York State Attorney General
        28 Liberty Street
        New York, NY 10005
        Phone: (212) 416-6057
        matthew.colangelo@ag.ny.gov

        Attorneys for the Governmental Plaintiffs

---

[2] One of the declarations the Court relied upon was an August 15, 2018 declaration from Michael Cannon, Chief of the General Litigation Division in the Commerce Department's Office of General Counsel. Docket No. 254. That declaration represents that timely litigation holds were sent to Commerce Department and Census Bureau custodians, and that the Department's document search process included a requirement that "direct advisor" and "indirect advisor" custodians sign certifications regarding their compliance with email, desktop computer, and physical document searches. *See id.* ¶¶ 2, 5-9. The Court should order Defendants to produce and file all litigation hold notices and all signed certifications from direct and indirect advisors.