

**U.S. Department of Justice**

Civil Division
Federal Programs Branch

*P.O. Box 883*
*Washington, D.C. 20044*

James J. Gilligan  Telephone: (202) 514-3358
Special Litigation Counsel  E-mail: james.gilligan@usdoj.gov

December 19, 2019

**FILED BY ECF**

Hon. Jesse M. Furman
United States District Judge
United States District Court for the
  Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Re: *State of New York v. U.S. Dep't of Commerce*, No. 18-cv-2921 (JMF)

Dear Judge Furman:

Defendants respectfully submit this letter in accordance with the Court's Order of December 13, 2019, ECF No. 675. The Court directed Defendants to indicate (i) the status of their investigation into whether documents, in addition to those identified in Defendants' November 25, 2019, letter to Plaintiffs' counsel, had similarly been inadvertently omitted from production in discovery, and (ii) when Defendants expect further production of any such previously undisclosed documents to be completed.

Concerning the first inquiry, through continued investigation since Defendants' December 12, 2019, letter (ECF No. 674) was filed, we believe we have determined, to the best of our current knowledge and belief, a likely explanation as to why the 26 documents identified in our November 25 correspondence (17 e-mails and attachments) were not produced. In short, although the documents had been collected in the course of discovery and loaded into our document-review platform, most of them fell outside the electronic-search parameters to which the parties had agreed, while the rest apparently were missed due to an error in configuring those searches. We have determined, in addition, that other documents were similarly affected by this configuration error. These conclusions were reached after extensive consultation with technical staff in counsel's automated litigation support lab, and with Defendants' counsel who were involved in the production of documents in this case.

Hon. Jesse M. Furman
December 19, 2019
Page 2

Specifically, in September 2018, to resolve issues underlying Plaintiffs' Fifth Letter Motion to Compel, ECF No. 293—and to do so within the time then remaining to complete discovery—Defendants and Plaintiffs agreed that Defendants would execute six separate, narrowed searches on the records already loaded into Defendants' document-review platform. Each search would involve queries of documents collected from a specified set of custodians for those documents containing one or more specified search terms. Defendants then were to review the documents identified as meeting the agreed-on search parameters, and to produce (or identify as privileged) those responsive to Plaintiffs' document requests. When the searches were conducted, however, certain documents meeting the intended search parameters inadvertently were not captured, apparently for the following reasons.

Due to a technical error, not all documents loaded into our document-review platform were coded with all appropriate custodians, meaning that searches using the "CUSTODIAN" field might miss some documents intended to be captured. When this problem became apparent, we attempted to correct for it when conducting the agreed-on searches by searching the "TO," "FROM," and "CC:" fields of e-mails for the names of the specified custodians. In at least some cases, however, the search queries combined the "TO," "FROM," "CC:" parameter conjunctively with agreed-on search terms (i.e., with an "AND" connector). We have now come to understand that the searches configured in this way identified only those e-mails to or from specified custodians that also contained one or more search terms in the body of the e-mails, but did not capture e-mails to or from these custodians in which search terms were contained only in the attachments.

This explanation would account for the non-production of the documents identified in Defendants' November 25 letter. Eighteen of the 26 documents (nos. 2, 3 & 3A, 4, 6, 7, 9, 10, 12 & 12A, 13-14, 15 & 15A, 16 & 16A, and 17 & 17A), even though recently discovered to be responsive to Plaintiffs' document requests (*see* Defendants' November 25 letter, at 1), did not fall within the scope of the search parameters the parties had agreed to. Therefore they would not have been produced regardless of the erroneous configuration of some search queries. The remaining eight documents (nos. 1 & 1A, 5 & 5A, 8 & 8A, 11 & 11A) fall within the scope of the search parameters agreed on with Plaintiffs, but apparently were not retrieved for review and production due to the erroneous configuration of the search queries.

Having ascertained likely reasons for the non-production of the 26 documents previously identified, we ran new searches using corrected configurations to capture e-mails to or from the specified custodians meeting the intended search parameters, even if specified search terms appeared only in the attachments. These corrected searches identified approximately 480 potentially responsive e-mails not retrieved by the prior searches, which including attachments total 2,062 documents. An initial search of these approximately 480 e-mails reveals that none of the e-mails or their attachments contains the names "Hofeller" or "Oldham," and only five non-duplicative documents contain the

Hon. Jesse M. Furman
December 19, 2019
Page 3

name "Neuman" (or "Newman"). In addition, many of the 2,062 total documents are duplicates or near-duplicates (95-99 percent similar) of documents already produced.

      Concerning the Court's second inquiry, it is Defendants' intention to review the approximately 480 e-mails and their nearly 1,600 attachments—notwithstanding their apparent lack of reference to Dr. Hofeller or his associate, Dale Oldham—and to produce (or identify as privileged) any non-duplicative documents found to be responsive to Plaintiffs' discovery requests. Given the total volume of documents at issue, and current demands on the time and resources of Defendants and their counsel in other pressing litigation, Defendants estimate that they can begin a rolling production of any responsive documents by no later than January 31, 2020, to be completed by no later than February 28, 2020. Defendants are prepared, however, to discuss search parameters with Plaintiffs that would allow for a more targeted review of the documents in question and more expedited production of pertinent information, if any.

      Respectfully submitted,

      JOSEPH H. HUNT
      Assistant Attorney General

      */s/ James J. Gilligan*
      JAMES J. GILLIGAN
      Special Litigation Counsel
      United States Department of Justice
      Civil Division, Federal Programs Branch
      P.O. Box 883
      Washington, D.C. 20044

      Telephone: (202) 514-3358
      E-mail: james.gilligan@usdoj.gov

      *Counsel for Defendants*

cc: All counsel of record (via ECF)

The Court is inclined to believe that, under the circumstances (including but not limited to the pending motion for sanctions), Defendants should be required to complete their review of the new documents more quickly than they have proposed. Indeed, the Court would think that counsel could use software to immediately de-duplicate the documents and then swiftly review any unique documents without the need to even use search terms (which is part of what caused these problems in the first place). Counsel shall confer about these matters, and about whether there are "search parameters . . . that would allow for a more targeted review of the documents in question and more expedited production of pertinent information, if any," and submit a joint letter regarding next steps (and any other relevant issues) no later than **December 27, 2019**. SO ORDERED.

December 20, 2019