

                              **U.S. Department of Justice**

                              Civil Division
                              Federal Programs Branch

                              *P.O. Box 883*
                              *Washington, D.C.  20044*

---

James J. Gilligan                                                             Telephone:  (202) 514-3358
Special Litigation Counsel                                        E-mail:  james.gilligan@usdoj.gov

December 27, 2019

**FILED BY ECF**

Hon. Jesse M. Furman
United States District Judge
United States District Court for the
  Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York  10007

        Re:    *State of New York v. U.S. Dep't of Commerce*, No. 18-cv-2921 (JMF)

Dear Judge Furman:

        Defendants respectfully submit this letter in accordance with the Court's instruction in its December 20, 2019, Memo Endorsement, ECF No. 677, directing counsel for the parties to confer and report to the Court regarding search parameters that will allow for a targeted review of the approximately 2,000 potentially responsive documents identified in Defendants' December 19, 2019, letter, and an expeditious production of any pertinent information.  The parties conferred as the Court directed on December 24 and 26, 2019, but were unable to agree on parameters for targeted review of the documents.  Accordingly, the parties are responding separately to the Court's order.

        Because the merits of this case have already been decided in Plaintiffs' favor, the purpose of any review of the approximately 2,000 potentially responsive documents at issue should be to ascertain whether any of them are relevant to Plaintiffs' pending request for sanctions.  Defendants therefore propose that the review of these documents proceed as follows.[1]  As a first step, by January 10, 2020, Defendants can (consistent

---

    [1]  The Court suggested that the use of de-duplication software might reduce the number of unique documents requiring review to the point where the use of search terms might not be necessary.  ECF No. 677.  Although, as stated in Defendants' December 19, 2019, letter, the set of documents at issue contained many duplicates and near-duplicates,

Hon. Jesse M. Furman
December 27, 2019
Page 2

with their obligations in other pending litigation) review the e-mail messages obtained from six "priority" custodians identified by Plaintiffs during the parties' December 24 call, and produce the non-privileged messages (or portions of messages), if any, that are responsive to Plaintiffs' discovery requests served during the merits phase of the litigation. (The six priority custodians in question are Secretary Ross, former Chief of Staff Wendy Teramoto, Deputy Chief of Staff and Director of Policy Earl Comstock, former General Counsel Peter Davidson, current General Counsel Michael Walsh, and former Counselor James Uthmeier.)

The 257 e-mails obtained from these custodians account for approximately half of the potentially responsive e-mails at issue. They also collectively include over 1,000 attachments (comprising about half of all the documents at issue) totaling approximately 9,300 pages. It is therefore not practicable for Defendants, consistent with their other pending litigation obligations, to review and produce responsive, non-privileged information (if any) from all of these much more numerous and lengthy documents by January 10, without incurring immense and undue burden. At this first step, therefore, Defendants propose specifically that they review and produce (to the extent responsive and non-privileged) just the e-mail messages themselves, exclusive of attachments. Once Plaintiffs have reviewed the responsive e-mail messages (if any), the parties can then confer regarding appropriate parameters for a targeted review (tailored to issues raised by the Plaintiffs' sanctions motion) and expeditious production (to the extent pertinent and non-privileged) of (i) attachments to the initial set of priority custodians' e-mails, and (ii) the remaining e-mails (and attachments) in the set collected from other custodians of lesser interest (Deputy Secretary Karen Dunn Kelley, Israel Hernandez, Brooke Alexander, Macie Leach, Eric Branstad, Aaron Willard, Brian Lenihan, David Langdon, and Sahra Park-Su).

Defendants respectfully submit that this proposal effectively promotes the objectives expressed in the Court's December 20 order. It provides for expeditious production of e-mail messages obtained from the custodians of greatest interest to Plaintiffs, and a basis for informed discussion between the parties regarding specific search parameters (including search terms) to expedite review of the remaining documents and production of any information pertinent to Plaintiffs' sanctions motion.

Plaintiffs nevertheless rejected Defendants' proposal for the stated reason that it does not at this time provide a date certain by which the production of pertinent e-mails and attachments would be complete. But that date necessarily depends on a further conference between the parties concerning search terms and parameters, and a determination of (i) how many resulting attachments (and pages of attachments) to the

---

Defendants have already applied de-duplication software to remove *exact* duplicates (i.e., those in which both the text and metadata are identical). Defendants also can, and will, use the document-review platform to remove from the review pool those e-mails that are exact *textual* duplicates of e-mails that have already been produced, but do not anticipate that this step will greatly reduce the number of e-mails to be reviewed.

Hon. Jesse M. Furman
December 27, 2019
Page 3

initial 250 priority-custodian e-mails must be reviewed, and (ii) how many of the remaining e-mails, and pages of attachments thereto, must also be reviewed.  Until that targeted set is known—whether it includes 10 additional documents, 100 documents, or some greater number—Defendants cannot meaningfully estimate how long it would take to review them and produce pertinent information (if any).  All that can be said now is that the more closely the agreed-on search parameters focus on information relevant to Plaintiffs' sanctions motion, the more quickly the review and any resulting production can be completed.

      Plaintiffs' counter-proposal, in contrast, would not promote the goals of the Court's December 20 order.  As Defendants understand Plaintiffs' position, they are prepared to accept production by January 10 of the approximately 250 e-mail messages obtained from their six priority custodians, but are not willing thereafter to commit to a targeted review of the remaining documents.  Rather, Plaintiffs appear to contemplate that after the January 10 production of prioritized e-mail messages, Defendants would then be required to review (and produce to the extent responsive and non-privileged) all of the approximately 9,000 pages of attachments to those e-mails, with the possible exception of any that Plaintiffs may unilaterally decide (after reviewing the initial e-mail messages) that they do not wish to inspect.  Similarly, Plaintiffs also propose that Defendants simultaneously review and, by January 24, 2020, produce to the extent responsive and non-privileged, all of the remaining, non-priority e-mails, with a right thereafter to a review and production of whichever and however many of the attachments to those e-mails they may demand.

      Plaintiffs' proposal should be rejected as inconsistent with the objectives of the Court's December 20 order.  Plaintiffs envision a process in which they can insist on individual review of the more than 2,000 documents at issue (exceeding 20,000 pages in length), and the production (to the extent non-privileged) of all documents that may be responsive to their earlier discovery requests, without regard to their pertinence to Plaintiffs' sanctions motion.  The purpose at this juncture, however, is not to identify documents that may be responsive to discovery requests bearing on issues that have already been litigated and decided in Plaintiffs' favor.[2]  It is to find out whether any of them bear on Plaintiffs' request for sanctions.  The Court should therefore instruct the parties that after Defendants' January 10 production of priority e-mail messages is complete, the parties must confer on a set of search terms and parameters for review of the remaining documents that is targeted at issues raised in Plaintiffs' sanctions motion, and will allow for the expeditious production of documents, if any, that are pertinent to those issues.

---

[2] This is a point on which Defendants have already significantly compromised, by agreeing to produce all e-mail messages obtained from custodians on Plaintiffs' priority list that are responsive to their earlier document requests, regardless of whether they have anything to do with the issues raised by Plaintiffs' sanctions motion.

Hon. Jesse M. Furman
December 27, 2019
Page 4

                Respectfully submitted,

                JOSEPH H. HUNT
                Assistant Attorney General


                */s/ James J. Gilligan*
                JAMES J. GILLIGAN
                Special Litigation Counsel
                United States Department of Justice
                Civil Division, Federal Programs Branch
                P.O. Box 883
                Washington, D.C. 20044

                Telephone:  (202) 514-3358
                E-mail:      james.gilligan@usdoj.gov

                *Counsel for Defendants*


cc:  All counsel of record (via ECF)