March 2, 2020

The Honorable Jesse M. Furman
Thurgood Marshall U.S. Courthouse
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      RE:    Governmental Plaintiffs' letter regarding sanctions in *State of New York, et al. v. U.S. Dep't of Commerce, et al.,* 18-CV-2921 (JMF).

Dear Judge Furman,

      The Governmental Plaintiffs[1] submit this letter in response to the Court's January 2, 2020 Order (Docket No. 682) directing the parties to indicate their views on what bearing, if any, Defendants' newly-produced documents have with respect to the NYIC Plaintiffs' motion for sanctions or other relief (Docket Nos. 635, 654, 665).

      On November 14 and November 22, 2019, the NYIC Plaintiffs and the Governmental Plaintiffs, respectively, advised the Court that newly disclosed evidence provided to congressional investigators and made public earlier that month identified further deficiencies in Defendants' compliance with their discovery obligations in this matter.  (Docket Nos. 663, 668.) After those filings by the Plaintiffs, on November 25, 2019, Defendants advised the Court that in the course of responding to congressional requests, Defendants had identified an additional 26 documents that were "inadvertently not produced in discovery in this matter." (Docket No. 669.) Following a Court order directing Defendants to explain the cause of this oversight (Docket No. 675), Defendants represented that these 26 documents were inadvertently excluded based on a configuration error in Defendants' document review platform. (Docket No. 676.)

      In response to further orders of the Court (Docket Nos. 677, 682), Defendants have now identified more than 1,400 additional documents that should have been produced, equivalent to about one-fifth the volume of Defendants' total production during the litigation. This supplemental production warrants the following relief in aid of the Court's consideration of the NYIC Plaintiffs' motion for sanctions.

      First, the Court should order Defendants to explain whether they are still of the view that the omitted records were excluded from production solely because of a technical error. Defendants' earlier explanation was that relevant search terms may have been applied only to email messages and not to accompanying attachments. (Doc. No. 676.) However, the documents included in Defendants' supplemental productions appear to include emails that were in fact responsive to those search terms. Defendants should be directed to explain whether they continue to believe that the omission of all newly-produced documents was the function exclusively of a technical error involving the application of search terms to attachments accompanying custodians' emails.

---

[1] Plaintiff El Paso County, Texas, does not join this letter.

1

Second, and as the Governmental Plaintiffs requested in their December 3, 2019 letter regarding sanctions (Docket No. 672), the Court should order Defendants to substantiate their attestations that proper litigation holds and document review and collection practices were followed.  During this litigation, the Court "accept[ed] Defendants' representations (backed by declarations from two relevant officials at the Department of Commerce) that they have now 'taken all proper and reasonable steps to ensure that the administrative record and supplemental materials are complete.'"  *New York v. U.S. Dep't of Commerce*, No. 19-cv-2921, 2018 WL 5260467, at *2 (S.D.N.Y. Aug. 17, 2018).  One of those declarations was an August 15, 2018 declaration from Michael Cannon, Chief of the General Litigation Division in the Commerce Department's Office of General Counsel, which represented that timely litigation holds were sent to Commerce Department and Census Bureau custodians, and that the Department's document search process included a requirement that "direct advisor" and "indirect advisor" custodians sign certifications regarding their compliance with email, desktop computer, and physical document searches.  (Docket No. 254, ¶¶ 2, 5-9.)  The Court should order Defendants to produce and file all litigation hold notices and all signed certifications from direct and indirect advisors.

Third, given the substantial irregularities in Defendants' document review and production in this litigation—as evidenced by the volume and scope of belatedly-disclosed documents—the Court should order that individuals with knowledge of the reasons for these deficiencies submit such explanation to the Court and the parties under oath.  After the submission of those sworn explanations, the Governmental Plaintiffs respectfully reserve the right to seek further fact-finding if warranted.  As the Court previously recognized, "there is a strong interest in ensuring that the census proceeds in an orderly, transparent, and fair manner—and relatedly, that it is conducted in a manner that 'bolsters public confidence in the integrity of the process and helps strengthen this mainstay of our democracy.'"  *New York v. U.S. Dep't of Commerce*, 339 F. Supp. 3d 144, 150 (S.D.N.Y. 2018) (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 818 (1992) (Stevens, J., concurring in part and concurring in the judgment)).  Sworn attestations as to the reasons for Defendants' extensive discovery shortcomings would assist in attaining the goal of restoring public confidence in the orderly, transparent, and fair administration of the census.

    Respectfully submitted,

    LETITIA JAMES
    *Attorney General of the State of New York*

    By: */s/ Matthew Colangelo*
    Matthew Colangelo, *Chief Counsel for Federal Initiatives*
    Elena Goldstein, *Deputy Chief, Civil Rights Bureau*
    Office of the New York State Attorney General
    28 Liberty Street
    New York, NY 10005
    Phone: (212) 416-6057
    matthew.colangelo@ag.ny.gov

    Attorneys for the Governmental Plaintiffs