

**U.S. Department of Justice**

Civil Division
Federal Programs Branch

*P.O. Box 883*
*Washington, D.C. 20044*

---

James J. Gilligan                                                          Telephone:  (202) 514-3358
Special Litigation Counsel                                        E-mail:  james.gilligan@usdoj.gov

March 2, 2020

**<u>FILED BY ECF</u>**

Hon. Jesse M. Furman
United States District Judge
United States District Court for the
  Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York  10007

      Re:    *State of New York v. U.S. Dep't of Commerce*, No. 18-cv-2921 (JMF)

Dear Judge Furman:

      Defendants respectfully submit this letter in accordance with the Court's January 2, 2020, Memo Endorsement, ECF No. 682, instructing the parties to "file letters indicating their views on what bearing, if any, the newly produced documents [responsive to Plaintiffs' discovery requests] have with respect to the pending motion [of the NYIC Plaintiffs] for sanctions."

      In short, the newly produced documents contain no evidence of a connection between Dr. Thomas Hofeller (or his unpublished 2015 study) and the decision of the Secretary of Commerce to reinstate a citizenship question on the 2020 decennial census questionnaire.  By the same token, the newly produced documents also furnish no evidence that Defendants knowingly withheld proof of that non-existent connection.  Thus, the newly produced documents have no bearing on Plaintiffs' motion for sanctions, except to reinforce the conclusion that Plaintiffs' allegations of misconduct are baseless, and that their motion for sanctions should be denied.

      As Defendants previously explained, the newly produced documents include e-mails and attachments thereto that inadvertently were not produced during the discovery stage of this case.  They were among the documents already loaded into counsel's document-review platform as a result of Defendants' prior document-collection efforts in the case.  Pursuant to an agreement between the parties, Defendants and their counsel were to conduct searches within the document-review platform of records

Hon. Jesse M. Furman
March 2, 2020
Page 2

collected from a specified set of custodians for documents responsive to one or more agreed-on search queries. Defendants' counsel then were to review the documents retrieved as a result of these queries, and produce (or identify as privileged) those determined to be responsive to Plaintiffs' discovery requests. But, as first came to light in November 2019, due to an inadvertent configuration error in the search queries used, the documents now at issue were not retrieved for review by counsel, or, as a result, produced. *See generally* November 25, 2019, letter from James J. Gilligan to Matthew Colangelo and John A. Freedman (ECF No. 669-1) and December 19, 2019, letter from James J. Gilligan to Hon. Jesse M. Furman (ECF No. 676) ("Defs.' Dec. 19 Letter").

After correcting for this inadvertent configuration error, Defendants' counsel conducted new searches within the document-production platform, which identified 2,545 potentially responsive documents not returned by the prior searches. A preliminary review by counsel eliminated several hundred of these as non-responsive, leaving approximately 480 potentially responsive e-mails, which, inclusive of attachments, totaled 2,062 documents. Decl. of Carol Federighi (ECF No. 689-1) ("Federighi Decl.") ¶ 4. *See also* Defs.' Dec. 19 Letter at 2. A complete review of all 2,545 newly identified documents revealed 740 documents responsive to Plaintiffs' discovery requests (266 e-mails and 474 attachments), that now have been produced in full or in part. Federighi Decl. ¶ 5(a). The remaining documents either were non-responsive, duplicative of documents previously produced, or withheld on grounds of privilege. *Id.* ¶ 5(b)-(d).

None of the newly produced (or withheld) documents supports the allegations on which Plaintiffs' motion for sanctions is based. Plaintiffs maintain that Dr. Hofeller played a "central role" in the preparation of the December 12, 2017, letter from the Department of Justice to the Census Bureau requesting reinstatement of a citizenship question (the "Gary Letter"), *see* NYIC Pls.' Sur-Reply in Supp. of Mot. for Sanctions (ECF No. 665) at 1, and further that e-mail communications between Dr. Hofeller and a career census employee, Christa Jones, may reveal "a direct connection between Hofeller and Secretary Ross's ultimate decision," NYIC Pls.' Mot. for Sanctions (ECF No. 635) at 14. Plaintiffs also accuse Defendants of withholding evidence relevant to these allegations in order to conceal Dr. Hofeller's claimed involvement with the Secretary's decision. As Defendants have shown, the evidence to which Plaintiffs previously have pointed lends no credence to any of these allegations, and that is true as well of the newly produced documents.

An electronic search of these documents by Defendants' counsel revealed none containing references either to Dr. Hofeller, to his business associate, Dale Oldham, or to their firm, Geographic Strategies, LLC. None of the documents includes or refers to communications between Dr. Hofeller and Ms. Jones. Roughly a dozen of the newly produced documents make reference to consultant Mark Neuman, but none contains new information concerning his already known involvement in events surrounding the reinstatement of a citizenship question, and none suggests any link, whether direct or indirect, between Dr. Hofeller and the Secretary's decision to restore a citizenship question to the 2020 census.

Hon. Jesse M. Furman
March 2, 2020
Page 3

      Defendants reiterate that they regret their inadvertent failure to identify and produce these documents earlier.  But the documents offer no substantiation for the allegations of misconduct underlying Plaintiffs' motion for sanctions, which for the reasons discussed herein, and in Defendants' prior submissions, should be denied.

                        Respectfully submitted,

                        JOSEPH H. HUNT
                        Assistant Attorney General

                        */s/ James J. Gilligan*
                        JAMES J. GILLIGAN
                        Special Litigation Counsel
                        United States Department of Justice
                        Civil Division, Federal Programs Branch
                        P.O. Box 883
                        Washington, D.C. 20044

                        Telephone:   (202) 514-3358
                        E-mail:      james.gilligan@usdoj.gov

                        *Counsel for Defendants*

cc:  All counsel of record (via ECF)