

**U.S. Department of Justice**

Civil Division
Federal Programs Branch

*P.O. Box 883*
*Washington, D.C. 20044*

---

James J. Gilligan                                                                                         Telephone:  (202) 514-3358
Special Litigation Counsel                                                                    E-mail:  james.gilligan@usdoj.gov

March 13, 2020

**FILED BY ECF**

Hon. Jesse M. Furman
United States District Court for the
  Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York  10007

       Re:   *State of New York v. U.S. Dep't of Commerce*, No. 18-cv-2921 (JMF)

Dear Judge Furman:

       Pursuant to Rules 3A and 3D of the Court's Individual Rules and Practices in Civil Cases, Defendants respectfully request leave to file this letter in response to the March 2, 2020, letters filed by the NYIC Plaintiffs and the State Plaintiffs, ECF No. 690 ("NYIC Pls.' Mar. 2 Ltr.") and ECF No. 691 ("State Pls.' Mar. 2 Ltr."), respectively.  While both letters effectively reinforce the conclusion that the documents newly produced by Defendants have no bearing on the NYIC Plaintiffs' motion for sanctions, for that very reason, perhaps, both letters raise new issues on which Defendants seek to be heard.

       As discussed in Defendants' March 2 letter to the Court, ECF No. 692 ("Defs.' Mar. 2 Ltr.") at 2, the newly produced documents lend no support to the central thesis of Plaintiffs' sanctions motion:  an alleged "Hofeller connection" to the citizenship question, and claimed efforts by Defendants to "obscure" Dr. Hofeller's "critical" role.  *See* NYIC Plaintiffs' Motion for Sanctions (ECF No. 635) at 4-18.  Plaintiffs try to explain away this fact by arguing that the August 2018 search terms previously agreed to by the parties, and used again for purposes of Defendants' recent productions, "do not include terms designed to capture" documents concerning Dr. Hofeller.  NYIC Pls.' Mar. 2 Ltr. at 5.  The searches conducted, however, were constructed broadly to identify documents and communications that include, *inter alia*, references to the census, apportionment, enumeration, (re)districting, or counting within 50 words of either aliens, immigrants, illegals, or non-citizens.  The fact that these expansive searches revealed no evidence of involvement by Dr. Hofeller confirms yet again that no evidence supporting Plaintiffs' baseless allegations exists.

Hon. Jesse M. Furman
March 13, 2020
Page 2

      The NYIC Plaintiffs argue that the volume of the newly produced documents itself warrants sanctions because the "failure to produce these documents during the litigation speaks to [Defendants'] candor." NYIC Pls.' Mar. Ltr at 1-2. In the first place, Plaintiffs exaggerate the volume of documents Defendants have recently produced, *id.* at 1-2, as do the State Plaintiffs, St. Pls.' Mar. 2 Ltr. at 1.[1] Plaintiffs overstate, as well, the extent to which these documents contain new information.[2] But of far greater significance, for reasons Defendants have already set forth in their letters to the Court of December 19, 2019 (ECF No. 676) ("Defs.' Dec. 19 Ltr."), and March 2, the failure to produce these documents earlier was the result of an unfortunate technical error in configuring agreed-on searches of documents *that had already been timely provided by the Commerce Department to the Department of Justice ("DOJ") for review and production by Defendants' DOJ counsel, and that had already been loaded into a document-review platform maintained by DOJ for that purpose.* See Defs.' Dec. 19 Ltr. at 2; Defs.' Mar. 2 Ltr. at 1-2.

      Thus, Plaintiffs are wrong when they contend that the omission of these documents from Defendants' earlier productions calls into question the accuracy of representations made by then-Commerce attorney James Uthmeier, and then-General Counsel Peter Davidson, about the completeness of their productions. *See* NYIC Pls.' Mar. 2 Ltr. at 2. These individuals attested that at no time did they withhold, direct anyone to withhold, or become aware that anyone had withheld, documents or information required in this case, apart from documents withheld in full or in part on grounds of privilege. Decl. of James Uthmeier, ECF No. 648-1, Exh. 11, ¶ 14; Decl. of Peter Davidson, *id.* Exh. 26, ¶ 11. Nothing in the circumstances surrounding the delayed production of the newly discovered documents casts doubt on those representations. None of the documents was withheld by Commerce, as Plaintiffs suggest. To the contrary, during Defendants' document-collection process the documents, as explained, were timely made available to DOJ counsel and loaded into DOJ's review platform. The inadvertent error that resulted in the failure to produce the documents during the litigation of the case occurred during the review process, *after* the Commerce Department had already provided the documents to DOJ, and did not come to light until November 2019, *see* Defs.' Mar. 2 Ltr. at 2, months after Messrs. Uthmeier and Davidson had already executed their August 2019 declarations.[3]

---

[1] Since November 2019 Defendants have provided to Plaintiffs 900 previously unproduced documents, not 1,400, as Plaintiffs state. (Plaintiffs erroneously double-counted 169 documents, and counted as separate documents 354 "slip sheets" that merely note the withholding of non-responsive e-mail attachments.) These 900 documents total 3,700 pages, roughly 11 percent (not 20 percent, as Plaintiffs state) of the approximately 32,500 pages of documents that Commerce produced in the administrative record and discovery.

[2] Of the 12 unique documents Plaintiffs cite as containing new information, NYIC Pls.' Mar. 2 Ltr., Exhs. 1A-B, 6A-E, 7A-D, 8A-B, seven were previously produced or logged, and three are extensions of previously produced e-mail chains. See Exhibit A, hereto.

[3] The State Plaintiffs question this explanation because Defendants' recent productions include emails that are responsive to the erroneously configured searches, and thus should have been produced before if that error in fact explained the omissions from Defendants'

Disregarding the repeated explanations that Defendants have already given, the NYIC Plaintiffs insist that Defendants "provide a full explanation" as to why the newly discovered documents were not produced before, and in particular that three senior Commerce Department officials, former Deputy Chief of Staff Earl Comstock, Deputy Secretary Karen Dunn Kelley, and Acting General Counsel Michael Walsh, submit declarations explaining why supposedly "critical documents they received were not produced." NYIC Pls.' Mar. 2 Ltr. at 1, 4-5. The Court should reject these demands. To reiterate, the newly produced documents are materials that Commerce had provided to DOJ for purposes of review by litigation counsel and (to the extent required) production during the litigation of the case. They were not produced at that time due to a search-configuration error that was discovered only recently. The very fact that the documents have now been produced following the correction of that technical error is proof that Commerce did not withhold them. Instead, they were made available to litigation counsel for review and (so far as responsive and non-privileged) production to Plaintiffs. Plaintiffs have made no showing that Mr. Comstock, Ms. Dunn Kelley, or Mr. Walsh has anything to account for in these circumstances that would justify further prolonging these proceedings by the submission of declarations.[4]

Finally, Plaintiffs hypothesize that innocuous e-mails circulating and seeking comment on drafts of the Secretary's March 2018 decision memorandum "potentially" may reflect "improper" political influence by senior Commerce officials, that these documents somehow could have "strengthened" Plaintiffs' arguments for compelling disclosure of privileged information, and that their "concealment" somehow made Plaintiffs' (successful) litigation of this case "more difficult." NYIC Pls.' Mar. 2 Ltr. at 2-5. These vague and unsubstantiated complaints that the inadvertent failure to produce these documents earlier

---

prior productions. St. Pls.' Mar. 2 Ltr. at 1. On further review, Defendants have determined that six of the 900 recently produced documents were indeed captured by the erroneously configured searches. They were not produced earlier because when first reviewed by litigation counsel they were marked non-responsive. Four of the six are only marginally relevant, at best, and were produced now out of an abundance of caution; the fifth is non-responsive and was produced in error; and the sixth was originally marked non-responsive in error. So far as Defendants can ascertain, the omission of the remaining 894 recently discovered documents from Defendants' prior productions is explained by the technical configuration error Defendants have described. The critical point remains, moreover, that all 900 documents were in fact provided to DOJ for discovery purposes, not withheld by Commerce.

[4] The State Plaintiffs' contention that the failure to produce the newly discovered documents at an earlier time warrants disclosure of Defendants' litigation hold notices and certifications, St. Pls.' Mar. 2 Ltr. at 2, is a complete non-sequitur. Manifestly, the newly discovered documents were preserved, not destroyed; otherwise, Defendants could not have produced them as they now have done. The unfortunately belated production of these documents casts no conceivable doubt, therefore, on the sufficiency of Defendants' litigation hold notices, or their document-preservation efforts generally.

Hon. Jesse M. Furman
March 13, 2020
Page 4

may have complicated, in some unexplained way, Plaintiffs' litigation of a case in which they prevailed are not a valid basis for imposing sanctions. *See* Defs.' Opp'n to NYIC Pls.' Mot. for Sanctions (ECF No. 648) at 2-4 (discussing applicable legal standards).[5]

    The NYIC Plaintiffs' motion for sanctions should be denied.

                                       Respectfully submitted,

                                       JOSEPH H. HUNT
                                       Assistant Attorney General


                                       */s/ James J. Gilligan*
                                       JAMES J. GILLIGAN
                                       Special Litigation Counsel
                                       United States Department of Justice
                                       Civil Division, Federal Programs Branch
                                       P.O. Box 883
                                       Washington, D.C. 20044
                                       Telephone: (202) 514-3358
                                       E-mail: james.gilligan@usdoj.gov

                                       *Counsel for Defendants*

Enclosure

cc: All counsel of record (via ECF)

---

[5] So too, the Court should reject the NYIC Plaintiffs' request to compel the production of newly discovered documents withheld on grounds of privilege, on the basis that Defendants did not submit a timely privilege log. NYIC Pls.' Mar. 2 Ltr. at 5. A party's failure to timely identify withheld documents on a privilege log operates as a waiver only where the party's failure is "unjustified." *See FG Hemisphere Assocs., LLC v. Republique du Congo*, 2005 WL 545218, at *6 (S.D.N.Y. Mar. 8, 2005) (collecting cases). Here, Defendants did not previously log these newly discovered but privileged documents because they were previously unaware that the documents were responsive, and thus unaware of any corresponding obligation to identify them on Defendants' prior logs. Defendants properly served supplemental privilege logs identifying these documents simultaneously with their recent productions, and the withheld information has nothing to do with Plaintiffs' allegations concerning Dr. Hofeller. No justifiable purpose would be served by ordering its production at this juncture, only Plaintiffs' desire to continue litigating a case they have already won.

## EXHIBIT A

| NYIC Pls.' Exh. | Bates No(s). | Notes |
| --- | --- | --- |
| 1A | COM_DIS00026480 | First (*i.e.*, oldest) e-mail in the chain was previously produced at COM_DIS00018891 |
| 1B | COM_DIS00025651 | Not previously produced |
| 6A | COM_DIS00025712 | Same e-mail was previously produced at COM_DIS00017238 |
| 6B | COM_DIS00025707 | Same e-mail was previously withheld in full at AR 0001795; privilege log gives to/from, date/time, subject line, and name of attachment, the only substantive information in this e-mail |
| 6C | COM_DIS00025697 | Not previously produced |
| 6D (duplicate of 6C) | COM_DIS00025709 | Not previously produced |
| 6E | COM_DIS00026446-51 | Same e-mail was previously withheld in full at 0011280; privilege log gives to/from, date/time, and subject of most recent e-mail in chain |
| 7A | COM_DIS00025655 | Same e-mail was previously produced at COM_DIS00017002 |
| 7B | COM_DIS00025704 | The first (*i.e.*, oldest) email in this two-email chain was produced previously at COM_DIS00020698 |
| 7C | COM_DIS00026420-21 | Previously produced with slightly more redactions at AR 0011347-48 |
| 7D | COM_DIS00027269-71 | Previously produced with fewer redactions at COM_DIS00014666-68 |
| 8A | COM_DIS00025308-13 | This email and attachment were previously produced at COM_DIS00017020-24 |
| 8B | COM_DIS00026589-95 | All but the last (*i.e.*, most recent) message in the e-mail chain at COM_DIS00026589-90 was previously produced with the same attachment (COM_DIS00026591-95) at AR 0004713-4718 |